UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC., 570 Mount Pleasant Avenue, Dover, New Jersey 07801<br><br>Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG, Bahnhofstrasse 33, 78112 St. Georgen, Germany<br><br>Defendant. | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |
| PAPST LICENSING GMBH & CO. KG, Bahnhofstrasse 33, 78112 St. Georgen, Germany<br><br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC., 570 Mount Pleasant Avenue, Dover, New Jersey 07801, and<br>CASIO COMPUTER CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan<br><br>Counter-Defendants | |

### PAPST LICENSING GmbH & Co. KG's ANSWER, COUNTERCLAIM AND JURY DEMAND

Defendant, Papst Licensing GmbH & Co. KG ("Papst Licensing"), answers the Complaint of Plaintiff, Casio Inc., as follows:

## NATURE OF ACTION

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

ANSWER: This paragraph contains Casio Inc.'s characterization of its action and to which no answer is required, but insofar as an answer is required, denied.

## THE PARTIES

2.      Casio is a New York corporation in the business of, among other things, selling electronic goods, with its principal place of business located at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.

ANSWER: Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

3.      On information and belief, Defendant Papst Licensing is a German partnership in the business of licensing, enforcing, and commercializing U.S. Patents and other forms of intellectual property, with its principal place of business located at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

ANSWER: Papst Licensing admits that it is in the business of licensing and enforcing certain U.S. Patents and that it has a principal place of business located at Bahnhofstrasse 33, 78112 St. Georgen, Germany, but states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

ANSWER:   Admit.

5.   This Court has personal jurisdiction over Papst Licensing pursuant to 35 U.S.C. § 293.

ANSWER:   Admit.

6.   Venue is proper in this judicial district at least pursuant to 28 U.S.C. §1391(c).

ANSWER:   Admit.

## GENERAL ALLEGATIONS

7.   Casio imports, markets and sells electronic goods in the United States including digital cameras.

ANSWER:   Papst Licensing states that it is without knowledge or information sufficient to form a belief as to the truth of these averments in this paragraph.

8.   On information and belief, Papst Licensing owns various United States patents, has filed numerous patent infringement suits in the United States to enforce its rights under those patents, and has negotiated numerous license agreements with a variety of United States companies relating to those patent rights.

ANSWER:   Papst Licensing admits that it owns a number of United States patents, has filed a number of patent infringement suits in the United States to enforce its rights under those patents, and has negotiated a number of license agreements with a number of United States companies relating to those patent rights, but states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

9.   Papst Licensing claims to be the owner of U.S. Patent Nos. 6,895,449 ("the '449 patent") and 6,470,399 ("the '399 patent").

ANSWER:   Admit.

10.   Papst Licensing has accused Casio of infringing upon both the '449 and '399 patents. For example, in a letter dated March 14, 2006, Papst Licensing accused Casio of infringing the '449 and '399 patents. Papst Licensing has repeated its accusations on numerous occasions since that time.

ANSWER:   Admit.

11.   Casio responded with a detailed analysis of why it does not infringe the '449 patent or the '399 patent.

ANSWER:   Denied.

12.   Notwithstanding, Papst Licensing demanded, among other things, that Casio pay it royalties for the use of the '449 and '399 patents in Casio's digital cameras that have been sold in the United States. Papst Licensing offered to license the '449 and '399 patents to Casio. Casio has rejected Papst Licensing's demands for payment of royalties and Papst Licensing's offer to license its '449 and '399 patents.

ANSWER:   Admit.

13.   Papst Licensing has asserted and continues to assert, that the '449 and '399 patents are infringed by Casio.

ANSWER:   Admit.

COUNT ONE
DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY
OF THE '449 PATENT

14.   Casio repeats and realleges the averments of paragraphs 1-13 as if fully set forth herein.

ANSWER: Papst Licensing incorporates its responses to paragraphs 1-13 as if fully set forth herein.

15. There is an actual controversy between Casio and Papst as to the infringement and the validity of the '449 patent.

ANSWER: Admit.

16. Casio has not infringed and does not infringe the '449 patent.

ANSWER: Denied.

17. The '449 patent is invalid for failure to comply with the patent laws of the United States, including the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

ANSWER: Denied.

COUNT TWO
DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY
OF THE '399 PATENT

18. Casio repeats and realleges the averments of paragraphs 1-17 as if fully set forth herein.

ANSWER: Papst Licensing incorporates its responses to paragraphs 1-17 as if fully set forth herein.

19. There is an actual controversy between Casio and Papst as to the infringement and the validity of the '399 patent.

ANSWER: Admit.

20. Casio has not infringed and does not infringe the '399 patent.

ANSWER: Denied.

21. The '399 patent is invalid for failure to comply with the patent laws of the United States, including the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

ANSWER:   Denied.

## JURY DEMAND

22.   Casio demands a trial by jury.

ANSWER:   This paragraph contains Casio Inc.'s characterization of its jury demand and to which no answer is required.

WHEREFORE, Papst Licensing prays for relief as set forth below:

A.   Declare that Casio Inc. has infringed the '449 patent and '399 patent;

B.   Declare that the '449 patent and '399 patent are valid;

B.   Award Papst Licensing interest, costs, and attorney's fees; and

C.   Award Papst Licensing such other and further relief, as this Court deems just and appropriate.

## PAPST LICENSING'S COUNTERCLAIM

Papst Licensing for its counterclaim for patent infringement against Casio Inc. and Casio Computer Co., Ltd., states as follows:

### Parties

23.   Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

24.   Casio Inc. has alleged that it is a New York corporation in the business of, among other things, selling electronic goods, with its principal place of business located at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.

25. Upon information and belief, Casio Computer Co., Ltd. is a corporation existing under the laws of Japan, and has a principal place of business at 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.

## Jurisdiction And Venue

26. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaim arises under the patent laws of the United States. 35 U.S.C. §§ 1, et seq.

27. Venue over Casio Inc. and Casio Computer Co., Ltd. is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## Patents At Issue

28. Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to the United States Patents identified in paragraphs 29-30.

29. United States Patent No. 6,895,449 ("the '449 patent") was duly and legally issued on May 17, 2005.

30. United States Patent No. 6,470,399 ("the '399 patent") was duly and legally issued on October 22, 2002.

## Claim for Relief

31. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

32. Upon information and belief, Casio Inc. and Casio Computer Co., Ltd. have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

33. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that Casio Inc. and Casio Computer Co., Ltd. committed the said infringements willfully.

34. Upon information and belief, Casio Inc. and Casio Computer Co., Ltd. have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

35. These actions by Casio Inc. and Casio Computer Co., Ltd. have damaged Papst Licensing in an amount to be determined at trial and have caused, and will continue to cause Papst Licensing irreparable injury for which Papst Licensing has no adequate remedy at law.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

WHEREFORE, Papst Licensing prays for relief as set forth below:

A. Declare that Casio Inc. and Casio Computer Co., Ltd. have infringed the '449 patent and the '399 patent as set forth herein;

B. Order that Casio Inc. and Casio Computer Co., Ltd. and each of their employees, servants, agents, and persons in active concert with them be preliminarily and permanently enjoined from making, using, selling, or offering for sale products that infringe the '449 patent and the '399 patent;

C. Order the impounding for destruction all of Casio Inc.'s and Casio Computer Co., Ltd.'s products that infringe the '449 patent and the '399 patent;

D. Award Papst Licensing damages adequate to compensate for Casio Inc.'s and Casio Computer Co., Ltd.'s infringements;

E. Order that Papst Licensing be awarded monetary relief including:

(i) Compensatory damages in an amount to sufficiently compensate Papst Licensing for Casio Inc.'s and Casio Computer Co., Ltd.'s infringements;

(ii) All damages sustained by Papst Licensing as a result of Casio Inc.'s and Casio Computer Co., Ltd.'s acts of infringement; and

(iii) An increase of damages to three times the amount found or assessed;

F. Award Papst Licensing interest, costs, and attorney's fees; and

G. Award Papst Licensing such other and further relief, as this Court deems just and appropriate.

Dated: January 3, 2007            By: *Campbell Killefer*
Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-4000
(202) 344-8300 (fax)

*Of Counsel:*
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (fax)
**Attorneys for Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. by regular U.S. Mail, postage prepaid, this January 3, 2007:

J. Kevin Fee, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Scott D. Simpson, Esq.
Jeffrey M. Gold, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178

_____
Campbell Killefer