UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue, :
Dover, New Jersey 07801 :
: Civil Action No. 1:06 CV 01751
Plaintiff, : Judge: Gladys Kessler
:
v. :
:
PAPST LICENSING GMBH & CO. KG, :
Bahnhofstrasse 33, 78112 Georgen, :
Germany :
:
Defendant. :
---------------------------------------------------------------------X
---------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG, :
Bahnhofstrasse 33, 78112 Georgen, :
Germany :
:
: Civil Action No. 1:06 CV 01751
Counter-Plaintiff, : Judge: Gladys Kessler
:
v. :
:
CASIO INC., 570 Mount Pleasant Avenue, :
Dover, New Jersey 07801 :
:
:
Counter-Defendants. :
---------------------------------------------------------------------X

**CASIO INC.'S REPLY TO PAPST LICENSING'S COUNTERCLAIMS**

Plaintiff Casio Inc. for its Reply to defendant Papst Licensing's Counterclaims responds, in like numbered paragraphs, as follows:

## Parties

23. Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

ANSWER: Admitted.

24. Casio Inc. has alleged that it is a New York corporation in the business of, among other things, selling electronic goods, with its principal place of business located at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.

ANSWER: Admitted.

25. Upon information and belief, Casio Computer Co., Ltd. is a corporation existing under the laws of Japan, and has a principal place of business at 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.

ANSWER: Admitted.

## Jurisdiction And Venue

26. This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this counterclaim arises under the patent laws of the United States. 35 U.S.C. §§ 1, et seq.

ANSWER: With respect to Casio Inc., Admitted.

27. Venue over Casio Inc. and Casio Computer Co., Ltd. is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

ANSWER: With respect to Casio Inc., Admitted.

## Patents At Issue

28. Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to the United States Patents identified in paragraphs 29-30.

ANSWER: Casio Inc. has insufficient information to either Admit or Deny this allegation and so denies this allegation.

29. United States Patent No. 6,895,449 ("the '449 patent") was duly and legally issued on May 17, 2005.

ANSWER: Denied.

30. United States Patent No. 6,470,399 (the '399 patent") was duly and legally issued on October 22, 2002.

ANSWER: Denied.

## Claim For Relief

31. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

ANSWER: Casio Inc. incorporates by reference its response to each and every allegation of paragraphs 23 through 30 above in response to defendant Papst Licensing's counterclaims.

32. Upon information and belief, Casio Inc. and Casio Computer Co., Ltd. have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. § 271.

ANSWER: Denied.

33. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that Casio Inc. and Casio Computer Co., Ltd. committed the said infringements willfully.

ANSWER: Denied.

34. Upon information and belief, Casio Inc. and Casio Computer Co., Ltd. have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

ANSWER: Denied.

35. These actions by Casio Inc. and Casio Computer Co., Ltd. have damaged Papst Licensing in an amount to be determined at trial and have caused, and will continue to cause Papst Licensing irreparable injury for which Papst Licensing has no adequate remedy at law.

ANSWER: Denied.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

ANSWER: This demand for a jury requires no answer.

## PRAYER FOR RELIEF

ANSWER: With respect to Papst Licensing's Prayer for Relief, Casio Inc. denies that Papst Licensing is entitled to the relief requested in paragraphs A, B, B (sic) and C as set forth in the first WHEREFORE clause in its Answer and Counterclaim. Casio Inc. further denies that defendant Papst Licensing is entitled to the relief requested in paragraphs A through G of the Prayer for Relief in its Counterclaims. Casio Inc. further denies that Papst Licensing is entitled to any relief whatsoever with respect to its Counterclaims.

WHEREFORE Plaintiff Casio Inc. respectfully requests that the Court enter judgment against Papst Licensing GMbH & Co. KG, including:

a. a declaration that Casio Inc. has not infringed, and is not infringing the '449 and '399 patents;

b. a declaration that each of the claims of the '449 and '399 patents are invalid;

c. an injunction prohibiting Papst Licensing from alleging infringement of the '449 and '399 patents by Casio Inc.;

d. an award of damages Casio Inc. has sustained;

e. a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 due to, *inter alia,* the above actions of Papst Licensing;

f. an award of costs and attorneys fees and other expenses Casio Inc. has been forced to incur; and

g. such further relief as the Court may deem just and proper.

January 25, 2007                                                            Respectfully submitted:

                                                                                   _____/s/_____
                                                                                   J. Kevin Fee (Bar No. 494016)
                                                                                   MORGAN, LEWIS & BOCKIUS LLP
                                                                                   1111 Pennsylvania Avenue, NW
                                                                                   Washington, DC 20004
                                                                                   Tel.: (202) 739-3000
                                                                                   Fax: (202) 739-3001

                                                                                   Scott D. Stimpson
                                                                                   Jeffrey M. Gold
                                                                                   MORGAN, LEWIS & BOCKIUS LLP
                                                                                   101 Park Avenue
                                                                                   New York, New York 10178-0060
                                                                                   Tel.: (212) 309-6000
                                                                                   Fax: (212) 309-6001

                                                                                   Attorneys for Plaintiff
                                                                                   Casio Inc.