UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>　　　　　Defendant.<br>_____<br><br>PAPST LICENSING GMBH & CO. KG,<br>　　　　　Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>　　　　　Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**PAPST LICENSING GMBH & CO. KG'S MOTION TO CONTINUE THE MARCH 20, 2007 INITIAL STATUS CONFERENCE**

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully requests that this Court postpone the initial status conference scheduled on March 20, 2007 until May 21, 2007, or such other date as is convenient for the Court. The two month postponement is warranted to allow Papst Licensing to serve its Answer and Counterclaim on Counterclaim Defendant Casio Computer Co., Ltd. ("Casio Japan"), a Japanese company affiliated with Plaintiff Casio Inc. ("Casio U.S."). Pursuant to Local Rule 7(m), counsel for Papst has conferred with counsel for Casio US, who opposes this motion.

1

Casio US filed its Complaint under the Declaratory Judgment Act against Papst Licensing, a German company. This case concerns two patents owned by Papst Licensing covering technology used in digital cameras. On January 3, 2007, Papst Licensing filed and served its Answer and Counterclaim against Casio US. Papst Licensing's Counterclaim alleges patent infringement by both Casio US and Casio Japan.

Soon after filing its Answer and Counterclaim, counsel for Papst Licensing contacted counsel for Casio US to inquire if they would accept service on behalf of Casio Japan so that this case would not be delayed due to the time required to serve Casio Japan through the Hague Service Convention. At that time, counsel for Casio US declined to accept service.

Accordingly, Papst Licensing immediately took steps to effectuate service on Casio Japan through the Hague Service Convention. Specifically, Papst Licensing retained a foreign service specialist, Mr. Rick Hamilton, who is authorized by the United States Department of Justice to coordinate the service of foreign entities through the Hague Service Convention. (See Ex. A, Hamilton Affidavit) Mr. Hamilton caused the Answer and Counterclaim to be translated into Japanese, prepared all necessary service documents and delivered those service papers to Japan's Ministry of Foreign Affairs in Tokyo on February 7, 2007. (Hamilton Affid.) Mr. Hamilton estimates that it may take four to six months to complete service in Japan in accordance with the Hague Service Convention, and that there is no procedure prescribed by the Hague Service Convention that would compel the Japanese authorities to expedite service. (Hamilton Affid.) Therefore, this service process will assuredly *not* be completed before the initial status

conference scheduled on March 20, 2007 and it therefore appears that Casio Japan will not be a represented party at that hearing.

The critical need for Casio Japan's representation as a party in this case has already been demonstrated by counsel for Casio US's recent attempt to conduct a Rule 26(f) conference on March 2, 2007. During this telephone conference, counsel for Casio US repeatedly confirmed that he could not and would not commit to any discovery proposals in any case management proposal on behalf of Casio Japan until Casio Japan was served. Counsel for Casio US also could not and would not provide any information concerning Casio Japan's computer systems or electronic discovery, rendering any meaningful discussion on electronic discovery procedures impossible without any factual context. (Ex. B, Cwik E-mail) Therefore, not only would Casio Japan's absence render the initial case management conference unproductive, the lack of Casio Japan's presence to date has also rendered the parties unable to complete any meaningful Rule 26(f) conference. To the extent Casio US objects to this extension, Papst Licensing's extension request is made necessary by Casio US counsel's refusal to accept service on behalf of Casio Japan or discuss any discovery relating to Casio Japan.

Papst Licensing respectfully suggests that a meaningful initial status conference with the necessary discovery plan and other pretrial tasks cannot be conducted until Casio Japan is formally made a party and is represented by counsel in this case. Papst Licensing has promptly and diligently pursued service in Japan. The interests of justice will be best served and the Court's time and resources best preserved if the initial status conference is postponed approximately two months to permit overseas service to be accomplished and for Casio Japan to participate as a party at the hearing.

Accordingly, Papst Licensing respectfully requests that the Court grant this motion and reschedule the initial status conference for May 21, 2007, or such other date as is convenient for the Court.

Dated: March 6, 2007

*Campbell Killefer*
Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this March 6th, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178
**Counsel for Casio Inc.**

                                                                   _/s/ Campbell Killefer_
                                                                   Campbell Killefer

UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC., <br> Plaintiff <br><br> PAPST LICENSING GMBH & CO. KG. <br> Defendant, <br><br> PAPST LICENSING GMBH & CO. KG. <br> Counter-Plaintiff <br> vs. <br> CASIO INC. AND CASIO COMPUTER CO., <br> LTD. <br> Counter-Defendants | Cause No. 1:06 CV 01751 <br> AFFIDAIVT OF RICK HAMILTON |

State Of Washington, County of King

The undersigned, being first duly sworn on oath, deposes and says:

That I'm now, and at all times herein mentioned, a citizen of the United States and resident of the State of Washington, over the age of eighteen, not a party to nor interested in the above entitled action, and competent to be a witness therein.

That I'm Director of Operations for Process Forwarding International contracted by the United States Department of Justice to act as Central Authority in accordance with the Hague Convention on the service abroad of judicial and extra judicial documents in civil and commercial matters (Hague Service Convention) and oversee to service of process to and from other member nations including Japan.

That on January 31, 2007 I received a Summons in a Civil Case; Papst Licensing GmbH & Co. KG's Answer, Counterclaim and Jury Demand; and Certificate of Service in the above titled action with instructions to have these documents served upon Casio Computer Co., Ltd. at their address in Japan in accordance with the Hague Service Convention.

That after preparing the application for process service and causing the aforementioned documents to be translated into Japanese I submitted the application for process service and documents to the Minister of Foreign Affairs in Tokyo as prescribed by the Hague Service Convention by Federal Express, attached hereto is a copy of the application for service and translations completed.

That Federal Express confirms the application for process service and other documents were received by the Japanese authorities on February 7, 2007, attached hereto is a copy of the confirmation received from Federal Express.

That it is my belief based on my prior experiences a process service request sent to Japan in accordance with the Hague Service Convention may take four to six months to complete, and I know of no mechanism or procedure prescribed by the Hague Service Convention that would allow me to compel the foreign authorities to expedite a process service request.

_____
Rick Hamilton

Subscribed and sworn before me on March 5 2007

_____
Robin Hamilton, a Notary Public in the State of Washington, residing at Seattle

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| Rick Hamilton<br>633 Yesler Way<br>Seattle, WA 98104<br>United States of America<br><br>Authorized applicant pursuant to public law 97-351 of Feb. 26, 1983 which amended rule 4(c) 2(a) Federal Rules of Civil Procedure | The Minister of Foreign Affairs<br>2-2-1 Kasumigaseki, Chiyoda-ku<br>Tokyo 100, Japan |

The undersigned applicant has the honour to transmit-in-duplicate the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.;
(identity and address)

**CASIO COMPUTER CO., LTD.**
**6-2 HONMACHI 1-CHOME**
**SHIBUYA-KU**
**TOKYO 151-8543**

DOB:                    Phone:

☒ (a) in accordance with the provisons of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5):*
_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of aticle 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents – and of the annexes* – with a certificate as provided on the reverse side.

Hearing Date:
List of documents:
**SUMMONS IN A CIVIL CASE; PAPST LICENSING GMBH & CO. KG'S ANSWER, COUNTERCLAIM AND JURY DEMAND; CERTIFICATE OF SERVICE**

Done at Seattle, Washington USA, on Jan 30 2007

Signature and/or stamp



TRACKING #: 2406625


USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

## SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

(article 5, fourth paragraph)

Name and address of the requesting authority:  Rick Hamilton
633 Yesler Way
Seattle, WA 98104
United States of America

Particulars of the parties:

CASIO INC.,
Plaintiff

vs.  CASIO INC. AND CASIO COMPUTER CO., LTD.
Counter-Defendants

PAPST LICENSING GMBH & CO. KG.
Defendant,

PAPST LICENSING GMBH & CO. KG.
Counter-Plaintiff

## JUDICIAL DOCUMENT*

Nature of the document:
To give notice to the Counter-Defendant of the institution against them of a claim for civil and summon them to answer to the claim.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
Plaintiff is seeking a declaratory and injunctive judgment, amount to be determined in court.

Date and place for entering appearance:*
Counter-Defendant has twenty days from receipt of the Summons to answer to the claim, address is noted on the Summons.

Court which has given judgment:*
n/a

Date of judgment:*
n/a

Time limits stated in the document:*
    Hearing Date:

## EXTRAJUDICIAL DOCUMENT*

Name and purpose of the document:
n/a

Time limits stated in the document:*
n/a

TRACKING #: 2406625



USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

Track Shipments
# Detailed Results

 Quick Help

| | | | |
|---|---|---|---|
| **Tracking number** | 799082208777 | **Destination** | TOKYO JP |
| **Signed for by** | .TAKAHASHI | **Delivered to** | Mailroom |
| **Ship date** | Feb 5, 2007 | **Service type** | Priority Envelope |
| **Delivery date** | Feb 7, 2007 12:11 PM | **Weight** | 0.8 lbs. |
| **Status** | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Feb 7, 2007 | 12:11 PM | **Delivered** | TOKYO JP | |
| | 11:13 AM | On FedEx vehicle for delivery | TOKYO-KOTO-KU JP | |
| | 10:32 AM | At local FedEx facility | TOKYO-KOTO-KU JP | |
| | 8:37 AM | Int'l shipment release | NARITA-SHI JP | |
| | 8:37 AM | In transit | NARITA-SHI JP | |
| | 8:26 AM | In transit | NARITA-SHI JP | Package available for clearance |
| Feb 6, 2007 | 2:00 AM | Departed FedEx location | OAKLAND, CA | |
| Feb 5, 2007 | 10:52 PM | Arrived at FedEx location | OAKLAND, CA | |
| | 6:30 PM | Left origin | SEATTLE, WA | |
| | 5:59 PM | Package data transmitted to FedEx | | |
| | 5:27 PM | Picked up | SEATTLE, WA | |

[ Signature proof ]   [ E-mail results ]   [ Track more shipments ]

Subscribe to tracking updates (optional)

**Your Name:**                        **Your E-mail Address:**

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | | ☐ |
| | English | | ☐ |
| | English | | ☐ |
| | English | | ☐ |

**Select format:** ● HTML  ○ Text  ○ Wireless
**Add personal message:**

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

http://www.fedex.com/Tracking/Detail?ftc_start_url=&totalPieceNum=&backTo=&templat...    3/5/2007

**Killefer, Campbell**

| | |
|---|---|
| From: | Cwik, Joseph [jecwik@welshkatz.com] |
| Sent: | Tuesday, March 06, 2007 9:59 AM |
| To: | jgold@morganlewis.com |
| Cc: | Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com |
| Subject: | RE: Casio Inc. Discovery Requests |

Jeff,


Jeff,

Our telephone conference on March 2, 2007 was not a final Rule 26(f) conference given that one of the Counter-Defendants, Casio Computer Co., Ltd. refused to participate. Until we have completed the Rule 26(f) conference, it is not proper to serve discovery, and we consider Casio Inc.'s First Set of Interrogatories and First Set of Requests to Produce withdrawn.

Regards,
Joe

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501




-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Monday, March 05, 2007 2:49 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com
Subject: Re: Request to Extend Time for Case Management Conference




Joseph,

We have the following responses to your email, following our 26(f) conference on Friday:

1)     We would not oppose a two week postponement of the hearing now set
for March 20th as long you will agree to the following:

     a.     This postponement will not effect the timeframe for Papst's
responses to Casio, Inc.'s discovery requests.  They were served on your DC counsel by hand on Friday making responses due on April 2, 2007;
     b.     You will provide us with copies of the Hague convention
service
papers you claim to have served on Casio Japan so we can verify that you have actually begun the process; and
     c.     You will not seek any further postponements of the Initial
Scheduling Conference is this case.

2)     A draft 26(f) report is in the works and will be forwarded to you
in
due course.

3)     No part of any discussions we had during the 26(f) conference, or

1

since then, has been on behalf of anyone other than Casio, Inc.

4)      Regarding your requests to identify the specific details of the Casio, Inc., Casio Japan and any "related entities" computer systems, such a request is beyond the scope of a 26(f) conference.  That said, in the spirit of cooperation and with the expectation that Papst will respond with information about its systems, Casio Inc. has a Windows based email server that contains about 50 GB of emails and a Windows based file and print sharing server with about 200 GB of data from about 400 users.  It would be Casio Inc.'s position that most of this information would be completely irrelevant to this litigation.  If you believe you are entitled to any more information about Casio Inc.'s system or any specific discovery, please serve a discovery request and we will consider it.

Regards.
_____
Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113

|  |  |  |
|---|---|---|
| To |  "Cwik, Joseph" <jecwik@welshkatz.com> | jgold@morganlewis.com, sstimpson@morganlewis.com |
|  | 03/02/07 06:06 PM |  |
| cc |  | "Killefer, Campbell" <CKillefer@Venable.com>, "Sliwinski, Cynthia" <csliwinski@welshkatz.com>, "Schnayer, Jerold" <jbschnayer@welshkatz.com> |
| Subject |  | Request to Extend Time for Case Management Conference |

2

Jeff,

This will confirm the telephone conference with us today.  We asked you for a two month extension of time for the Case Management Conference given that one of the parties, Casio-Japan, is not represented and has not yet been served. You declined this extension request. When we asked if you would agree to any extension, you replied that you would need to speak to your client first and would provide us with a response by early next week.

Please let us know your client's response on this issue as soon as possible.

As for the other issues you did mention today, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio-Japan.  When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question.  You also stated that you would soon provide us with your written proposal for a Rule 26(f) report.

As we asked you today, please provide us with a detailed description of all potentially relevant computer systems and databases that are and have been used by Casio Inc., Casio Japan and all related entities so that any electronic discovery proposal can be considered in an actual factual context.  Also, please provide us with a detailed description of the size of the potentially relevant data for each of those corresponding databases or computer systems.

Regards,

Joe
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original message.