J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,**<br><br>**Plaintiff**<br><br>v.<br><br>**PAPST LICENSING GMBH & CO. KG**<br><br>**Defendant.** | Case No. 1:06-CV-01751<br><br><br><br>**Judge: Gladys Kessler** |

Plaintiff Casio Inc. ("Casio US") responds herein to Defendant Papst Licensing GMBH & Co. KG's ("Papst") Motion to Continue the March 20, 2007 Initial Status Conference.

### **RESPONSE**

This request to postpone the Initial Status Conference, now scheduled for March 20, 2007, is the second made by Papst. Papst already asked for a continuance of the Initial Status Conference that was originally set for February 1, 2007, a request that Casio US did not oppose.

1-NY/2151347.1

Service by the Hague Convention should not take four to six months, as Papst claims. Indeed, when counsel for Papst refused to accept service of the Complaint at the beginning of this action, Casio US was forced to proceed to serve by the Hague Convention and service was completed in less than six weeks. Research indicates that the process, if done correctly, should be completed in much less than the time Papst has already had to serve Casio Japan. In fact, the State Department website indicates that "central authorities generally accomplish service within two months." *See Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters,* United States Department of State, available at http://travel.state.gov/law/info/judicial/judicial_686.html (under the "Time Frame" heading -- last visited March 7, 2007).

Casio US does not object to a short postponement of the Scheduling Conference while Papst continues to try to add Casio Japan, so long as discovery proceeds in the interim. Casio US's primary concern is that Papst will use this postponement to avoid or needlessly delay discovery. Also, as the present case will involve discovery from foreign countries, including Germany where Papst and (we believe) the named inventor are located, it is important to commence this discovery sooner rather than later.

It is black letter law that once a 26(f) conference takes place, discovery can begin. U.S.C.S. Fed. R. Civ. P. 26(d); *see also Old Dominion Electric Coop. v. Ragnar Benson, Inc.*, No. 3:05CV034(JRS), 2005 U.S. Dist. LEXIS 9842, at *2 (D. Va. 2005). This is applicable whether or not all parties have been served. *See, e.g., Steppes Apt., Ltd. v. Armstrong*, 188 F.R.D. 642, 644 (D. Utah 1999); *Biocore, Inc. v. Medica Rents Co.*, No. 98-2268, 1998 U.S. Dist. LEXIS 14372, at *6 (D. Kan. 1998). Casio US and Papst have had their Rule 26(f) conference, and pursuant to Rule 26, discovery should begin. The March 2, 2007 teleconference

was set up in advance by counsel for Casio US to be the case's 26(f) conference and, during the teleconference, every item specified in this Court's local rule, LCvR 16.3, as well as electronic discovery, was addressed. Accordingly, Casio US served interrogatories and document requests on Papst on March 2, 2007 once the conference was complete.

Accordingly, Casio US respectfully request that the Court either proceed with the Scheduling Conference on March 20, or that any postponement of the Conference not be in excess of another month. Either way, Casio US requests that discovery between Casio US and Papst be allowed to proceed.

DATED: March 7, 2006

Respectfully submitted,

_____
Scott D. Stimpson, Esq. *(pro hac vice)*
Jeffrey M. Gold, Esq. *(pro hac vice)*
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Attorneys for Plaintiff
Casio Inc.