UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>　　　　　　Defendant.<br><br>―――――――――――――――――<br><br>PAPST LICENSING GMBH & CO. KG,<br>　　　　　　Counter-Plaintiff<br><br>　v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>　　　　　　Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**REPLY BRIEF IN SUPPORT OF PAPST LICENSING'S MOTION TO CONTINUE THE MARCH 20, 2007 INITIAL STATUS CONFERENCE**

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully submits this short Reply in support of Papst Licensing's motion to postpone the initial status conference scheduled on March 20 until May 21, 2007, or such other date as is convenient for the Court. Plaintiff Casio Inc.'s opposition to the motion does not undercut the reasons why a two-month postponement is warranted to allow Papst Licensing to serve its Answer and Counterclaim on Counterclaim Defendant Casio Computer Co., Ltd. ("Casio Japan"), a Japanese company affiliated with Plaintiff Casio Inc. ("Casio U.S."). We will make three short points in reply.

1

<u>First</u>, Casio U.S.'s argument that a telephone call on March 2, 2007, constituted the parties' Rule 26(f) conference does not satisfy Local Rule 16.3(a). This Court's Local Rule anticipates that, if all Defendants cannot (or will not) participate in the Rule 26(f) conference, the conference should be continued until all parties are served and are formally "Defendants" who must participate. As discussed in the attached March 7 letter to Casio U.S.'s counsel (<u>see</u> Exhibit A attached hereto), counsel for Casio U.S. would not and could not make any representations or commitments for Casio Japan. Even simple questions such as Casio Japan's electronic data and e-mail systems went unanswered. During the March 2 phone call, the chair for Casio Japan was empty.

<u>Second</u>, the evidence that Papst Licensing seeks to prove patent infringement by Casio U.S. and Casio Japan likely resides within the control of Casio Japan in Japan. On information and belief, Casio U.S. does <u>not</u> design or manufacture the infringing devices. Instead, the locus of the infringing activities is likely at Casio Japan, which is the parent/affiliate that controls the design and manufacture of the equipment, and later controls the shipment of the equipment for further distribution by Casio U.S. Proceeding with a discovery plan now, when Casio Japan has not yet been served and counsel for Casio U.S. will not and apparently cannot speak for Casio U.S., will waste the time and resources of the Court and the parties.

<u>Third</u>, what really is going on is that Casio U.S. is attempting to gain tactical advantage in discovery by claiming to have conducted a good faith Rule 26(f) conference on March 2, and immediately thereafter serving written discovery on Papst Licensing, when the phone call was missing <u>the</u> critical Defendant's counsel. (<u>See</u> March 7 letter attached hereto as Exhibit A). Casio Japan has not yet been served with the summons

and Complaint because counsel for Casio U.S. declined to accept service and Papst Licensing therefore has no choice but to proceed with the "jump through the hoops" service in Japan under the Hague Service Convention as set forth in the Affidavit of Rick Hamilton (see Exhibit A accompanying Papst Licensing's motion). Casio U.S. merely points to a State Department website, but offers no evidence to undercut Mr. Hamilton's statements under oath about Papst Licensing's prompt and diligent efforts to serve Casio Japan in Japan.

Needless to say, Papst Licensing will participate in the March 20 initial status conference if the Court so directs. With all due respect, the same "empty chair" for Casio Japan will be present in the courtroom if we proceed without counsel for Casio Japan on March 20.

Accordingly, Papst Licensing respectfully requests that the Court grant its motion and reschedule the initial status conference for May 21, 2007, or such other date as is convenient for the Court.

Dated: March 9, 2007

*Campbell Killefer*
Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this March 9th, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

**Counsel for Casio Inc.**

_____
Campbell Killefer

DC1DOCS1-#236114-v1

4

# WELSH & KATZ, LTD.

*Attorneys at Law*

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN*
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH.D.
JOSEPH E. CWIK

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

J. ARON CARNAHAN
ERIK B. FLOM, PH.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

DONALD L. WELSH (1925-1998)

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN ALABAMA

March 7, 2007

**VIA FACSIMILE AND U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re: <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

I write to address your March 6, 2006 e-mail asserting that the parties had a Rule 26(f) conference on March 2, 2007, and therefore discovery may now proceed. There was not and could not be a Rule 26(f) conference for several reasons.

First, there could not be a Rule 26(f) conference because one of the parties, Casio Computer Co., Ltd., refused to participate. At our March 2, 2007 conference, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio Japan. When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question. When we asked if you knew any of the details concerning Casio Japan's electronic information and computer systems, you stated that you could not and would not provide that information. Accordingly, there was not and could not be a Rule 26(f) conference given that the required topics for any such conference, such as the scope of each party's electronic discovery, could not be addressed. Furthermore, Local Rule 16.3(a) clearly anticipates that if all parties cannot participate at a Rule 26(f) conference, the conference should be continued until such time all parties are served. Here, Casio Japan has not yet been served because your firm has refused to accept service on behalf of Casio Japan. As a result, Papst Licensing has been forced to effectuate service through the months long Hague Service Convention procedure. Because the Affidavit of Rick Hamilton clearly demonstrates

Jeffrey Gold                                                        March 7, 2007
                                                                    Page 2

that Papst Licensing has diligently pursued its service of Casio Japan, any delays in service are the fault of your firm, not Papst Licensing.

     Second, Papst Licensing never agreed that the March 2, 2007 telephone conference would in fact be a Rule 26(f) conference. Instead, Papst Licensing participated on March 2, 2007 to listen to proposals that Casio Inc. had concerning scheduling, to ask questions related thereto, and to request a two-month extension of any Rule 26(f) conference and the initial case management conference. If Casio Inc. had actually intended for the March 2, 2007 conference to be a Rule 26(f) conference, it would have sent a proposed case management plan in advance of the conference. In fact, Papst Licensing specifically asked you by e-mail on March 1, 2007 and early on March 2, 2007 if there were any materials that you wanted Papst Licensing to review before the conference. Because Casio Inc. sent no proposed case management plan or any other materials in advance of our March 2, 2007 conference, there was clearly no expectation on behalf of the parties that anything other than a preliminary discussion would occur.

     Therefore, the parties have not yet conducted a Rule 26(f) conference, your March 2, 2007 service of discovery was premature and not permitted under the Federal Rules of Civil Procedure.

                                                                    By: _____
                                                                           Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer