UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| CASIO INC., 570 Mount Pleasant Avenue, Dover, New Jersey 07801 | : : : |
| Plaintiff, | : Civil Action No. 1:06 CV 01751 : Judge: Gladys Kessler : |
| v. | : : |
| PAPST LICENSING GMBH & CO. KG, Bahnhofstrasse 33, 78112 Georgen, Germany | : : : : |
| Defendant. | : |
| PAPST LICENSING GMBH & CO. KG, Bahnhofstrasse 33, 78112 Georgen, Germany | : : : : |
| Counter-Plaintiff, | : : |
| v. | : : |
| CASIO INC., 570 Mount Pleasant Avenue, Dover, New Jersey 07801, and CASIO COMPUTER CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan | : : : : : |
| Counter-Defendants. | : |

**CASIO COMPUTER CO., LTD.'S REPLY TO PAPST LICENSING'S COUNTERCLAIMS**

Counter-Defendant, Casio Computer Co., LTD ("Casio Computer") for its Reply to defendant Papst Licensing's Counterclaims responds, in like numbered paragraphs, as follows:

Parties

23.     Papst Licensing is a corporation existing under the laws of The Federal Republic of Germany, and has a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

ANSWER:     Admitted.

24.     Casio Inc. has alleged that it is a New York corporation in the business of, among other things, selling electronic goods, with its principal place of business located at 570 Mount Pleasant Avenue, Dover, New Jersey 07801.

ANSWER:     Admitted.

25.     Upon information and belief, Casio Computer Co., Ltd. is a corporation existing under the laws of Japan, and has a principal place of business at 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.

ANSWER:     Admitted.

Jurisdiction And Venue

26.     This Court has federal question jurisdiction of this counterclaim pursuant to 28 U.S.C. §1331 and 1338(a) because this counterclaim arises under the patent laws of the United States.  35 U.S.C. §§ 1, et seq.

ANSWER:     Admitted.

27.     Venue over Casio Inc. and Casio Computer Co., Ltd. is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

ANSWER:     Admitted.

Patents At Issue

28.     Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to the United States Patents identified in paragraphs 29-30.

ANSWER: Casio Computer has insufficient information to either admit or deny this allegation, and so denies this allegation.

29. United States Patent No. 6,895,449 ("the '449 patent") was duly and legally issued on May 17, 2005.

ANSWER: Denied.

30. United States Patent No. 6,470,399 (the '399 patent") was duly and legally issued on October 22, 2002.

ANSWER: Denied.

## Claim For Relief

31. Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

ANSWER: Casio Computer incorporates by reference its response to each and every allegation of paragraphs 23 through 30 above in response to defendant Papst Licensing's counterclaims.

32. Upon information and belief, Casio Inc. and Casio Computer Co., Ltd. have or have caused to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. § 271.

ANSWER: Denied.

33. Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that Casio Inc. and Casio Computer Co., Ltd. committed the said infringements willfully.

ANSWER: Denied.

34. Upon information and belief, Casio Inc. and Casio Computer Co., Ltd. have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

ANSWER: Denied.

35. These actions by Casio Inc. and Casio Computer Co., Ltd. have damaged Papst Licensing in an amount to be determined at trial and have caused, and will continue to cause Papst Licensing irreparable injury for which Papst Licensing has no adequate remedy at law.

ANSWER: Denied.

## JURY DEMAND

Papst demands a trial by jury on all issues triable by jury as of right.

ANSWER: This demand for a jury requires no answer.

## PRAYER FOR RELIEF

ANSWER: With respect to Papst Licensing's Prayer for Relief, Casio Computer denies that Papst Licensing is entitled to the relief requested in paragraphs A through G of the Prayer for Relief in its Counterclaims. Casio Computer further denies that Papst Licensing is entitled to any relief whatsoever with respect to its Counterclaims.

WHEREFORE Counter-Defendant Casio Computer respectfully requests that the Court enter judgment against Papst Licensing GMbH & Co. KG, including:

a. a declaration that Casio Computer has not infringed, and is not infringing the '449 and '399 patents;

b. a declaration that each of the claims of the '449 and '399 patents are invalid;

    c.    an injunction prohibiting Papst Licensing from alleging infringement of the '449 and '399 patents by Casio Computer;

    d.    an award of damages Casio Computer has sustained;

    e.    a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 due to, *inter alia,* Papst's conduct and actions.

    f.    an award of costs and attorneys fees and other expenses Casio Computer has been forced to incur; and

    g.    such further relief as the Court may deem just and proper.

April 2, 2007

Respectfully submitted:

/s/ J. Kevin Fee
J. Kevin Fee (Bar. No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson (*pro hac vice*)
Jeffrey M. Gold (*pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2007, I electronically filed Casio Computer Co., Ltd.'s Reply to Papst Licensing's Counterclaims using the ECF system, which constitutes service upon the following:

>Campbell Killefer
>Venable LLP
>575 7th Street, N.W.
>Washington, DC 20004
>
>Joseph E. Cwik
>Welsh & Katz, Ltd.
>120 South Riverside Plaza, 22nd Floor
>Chicago, IL 60606

>/s/ J. Kevin Fee
>J. Kevin Fee