J. Kevin Fee (Bar. No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Jeffrey M. Gold (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060

Scott D. Stimpson (*pro hac vice)*
The Law Office of Scott D. Stimpson
3051 Morehouse Hwy
Fairfield, CT 06824

Attorneys for Plaintiff and Counter Defendant
Casio Inc. and Counter Defendant
Casio Computer Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | Case No. 1:06-CV-01751 |
| **Plaintiff** | |
| v. | |
| **PAPST LICENSING GMBH & CO. KG** | |
| **Defendant.** | **Judge: Gladys Kessler** |
| | |
| **PAPST LICENSING GMBH & CO. KG,** | |
| **Counter-Plaintiff** | |
| v. | |
| **CASIO INC. and CASIO COMPUTER CO., LTD.** | |
| **Counter-Defendants** | |

## MOTION OF CASIO INC. TO COMPEL AND FOR SANCTIONS

Plaintiff and Counter Defendant, Casio Inc. ("Casio America"), hereby moves this Court

for an Order compelling Papst to provide full responses to the interrogatories and complete

document production and sanctioning Papst for failing to comply with this Court's March 13, 2007 Order. With respect to sanctions, Casio America requests the Court order: (1) that Papst has waived any and all objections to Casio America's discovery requests; (2) that Papst fully respond to all outstanding interrogatories and document requests within ten days from the date of the Court's order on this motion; (3) that the terms proposed by Casio America with respect to scheduling and case management be adopted for this action; and (4) that all costs and fees necessitated by this motion be borne by Papst. The reasons for this Motion are set forth in the accompanying Memorandum of Law.

In accordance with Local Rule 7(m), a meet and confer took place by telephone on April 18, 2007 between counsel for Casio Inc., Jeffrey M. Gold and counsel for Papst, Joseph Cwik. Papst maintained its position that it would not answer Casio America's discovery requests.

Respectfully submitted,

DATED: April 20, 2007

Jeffrey M. Gold (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

J. Kevin Fee (Bar. No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Stimpson (*pro hac vice*)
The Law Office of Scott D. Stimpson
3051 Morehouse Hwy
Fairfield, CT 06824

Attorneys for Plaintiff and Counter Defendant
Casio Inc. and Counter Defendant
Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,                             :
Dover, New Jersey  07801                                           :
                                                                  :    Civil Action No. 1:06 CV 01751
                                         Plaintiff,                :    Judge:  Gladys Kessler
                                                                  :
             v.                                                    :
                                                                  :
PAPST LICENSING GMBH & CO. KG,                                    :
Bahnhofstrasse 33, 78112 Georgen,                                 :
Germany                                                            :
                                                                  :
                                         Defendant.                :
-------------------------------------------------------------------X
-------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                                    :
Bahnhofstrasse 33, 78112 Georgen,                                 :
Germany                                                            :
                                                                  :
                                    Counter-Plaintiff,             :
                                                                  :
             v.                                                    :
                                                                  :
CASIO INC., 570 Mount Pleasant Avenue,                            :
Dover, New Jersey 07801, and CASIO COMPUTER                       :
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo              :
151-8543, Japan                                                   :
                                                                  :
                                  Counter-Defendants.  :
-------------------------------------------------------------------X
```

## [PROPOSED] ORDER

Upon consideration of the Motion of Plaintiff and Counter-Defendant, Casio, Inc. to

Compel and for Sanctions, it is hereby

**ORDERED**, that the Motion to Compel is **granted,** in that all Papst objections to

Casio Inc.'s outstanding Interrogatories and Document Requests are waived, and Papst shall

provide full responses to the Interrogatories and a complete document production within ten (10) days of the date of this Order; and it is further

**ORDERED** that Casio Inc.'s Request for Sanctions is **granted** in that 1) the terms proposed by Casio Inc. with respect to scheduling and case management are adopted for this action, including the bifurcation of discovery and trial on the issues of willfulness and damages until such a time as liability is determined; 2) Casio Inc.'s proposed case schedule will be adopted; 3) Papst shall pay all of Casio Inc.'s attorneys' fees and costs associated with this motion; and 4) Counsel for Casio Inc. is directed to submit a proposed Scheduling Order consistent with the provisions of this Order, and a schedule of expenses and fees within ten (10) days of this Order.

DATED:_____

_____
Gladys Kessler
United States District Judge

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of April 2007, copies of this MOTION OF CASIO INC. TO

COMPEL AND FOR SANCTIONS, the accompanying MEMORANDUM OF LAW IN

SUPPORT OF CASIO INC.'S MOTION TO COMPEL AND FOR SANCTIONS, and

PROPOSED ORDER were served on counsel for defendant PAPST LICENSING GMBH & CO.

KG, as follows:

**VIA ELECTRONIC MAIL**

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
--------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,          :
Dover, New Jersey  07801                        :
                                                :    Civil Action No. 1:06 CV 01751
                Plaintiff,                      :    Judge:  Gladys Kessler
                                                :
        v.                                      :
                                                :
PAPST LICENSING GMBH & CO. KG,                  :
Bahnhofstrasse 33, 78112 Georgen,               :
Germany                                         :
                                                :
                Defendant.                      :
--------------------------------------------------------X
--------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                  :
Bahnhofstrasse 33, 78112 Georgen,               :
Germany                                         :
                                                :    Civil Action No. 1:06 CV 01751
                Counter-Plaintiff,              :    Judge:  Gladys Kessler
                                                :
        v.                                      :
                                                :
        v.                                      :
                                                :
CASIO INC. and                                  :
CASIO COMPUTER CO., LTD.                        :
                                                :
                Counter-Defendants              :
--------------------------------------------------------X
```

## DECLARATION OF JEFFREY M. GOLD, ESQ.

I, Jeffrey M. Gold, hereby declare as follows:

1.     I am a partner at the law firm of Morgan, Lewis & Bockius LLP in the New York Office located at 101 Park Avenue, New York, New York 10178.

2.     I have been admitted to practice law in the State of New York since 1997.  I am further admitted to practice in the Southern and Eastern Districts of New York, the Federal Circuit Court of Appeals and before the Patent and Trademark Office.

3.      Attached hereto as Exhibit A, is a true and correct copy of Plaintiff Casio Inc.'s First Set of Interrogatories (Nos. 1-6) to Defendant Papst Licensing GMBH & Co. KG, served on counsel for Papst on March 2, 2007 after the 26(f) Conference held that day.

4.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff Casio Inc.'s First Set of Requests For The Production Of Documents And Things (Nos. 1-21), served on counsel for Papst on March 2, 2007 after the 26(f) Conference held that day.

5.      Attached hereto as Exhibit C is a true and correct copy of Papst Licensing GMBH & Co. KG's Motion To Continue The March 20, 2007 Initial Status Conference served on counsel for Casio on March 6, 2007.

6.      Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' Response to Defendant Papst Licensing GMBH & Co. KG's Motion To Continue The March 20, 2007 Initial Status Conference filed with this Court and served on counsel for Papst on March 7, 2006.

7.      Attached hereto as Exhibit E is true and correct copy of Defendant Papst Licensing GMBH & Co. KG's Reply Brief In Support Of Papst Licensing's Motion To Continue The March 20, 2007 Initial Status Conference served on counsel for Casio on March 9, 2007.

8.      Attached hereto as Exhibit F is a true and correct copy of this Court's Order dated March 13, 2007.

9.      Attached hereto as Exhibit G are true and correct copies electronic mail dated February 28, 2007 and two dated March 1, 2007 exchanged between counsel for Casio and counsel for Papst regarding the scheduling of this case's 26(f).  The February 28, 2007 email accurately memorializes telephone messages I left for attorneys for Papst.

10.     Attached hereto as Exhibit H is a true and correct copy of a chain of four electronic correspondences between counsel for Papst and counsel for Casio beginning on March 2, 2007 and ending on March 6, 2007.

11.     Attached hereto as Exhibit I is a true and correct copy of a correspondence from counsel for Papst to counsel for Casio dated March 28, 2007.

12.     Attached hereto as Exhibit J is a true and correct copy of a correspondence from counsel for Casio to counsel for Papst dated March 30, 2007.

13.     Attached hereto as Exhibit K is a true and correct copy of a correspondence from counsel for Papst to counsel for Casio dated April 2, 2007.

14.     Attached hereto as Exhibit L is a true and correct copy of a correspondence from counsel for Casio to counsel for Papst dated April 4, 2007.

15.    Attached hereto as Exhibit M is a true and correct copy an electronic mail sent from counsel for Casio to counsel for Papst on March 9, 2007 transmitting the draft Proposed Rule 16 Scheduling Order (exhibit N below) and the draft 26(f) Conference Report (exhibit O below).

16.    Attached hereto as Exhibit N is a true and correct copy of the draft Proposed Rule 16 Scheduling Order provided to counsel for Papst on March 9, 2007.

17.    Attached hereto as Exhibit O is a true and correct copy of the draft 26(f) Conference Report provided to counsel for Papst on March 9, 2007.  This document accurately represents the topics that were addressed during the 26(f) Conference held on March 2, 2007, the proposals made by Casio Inc. and demonstrates the lack of preparation and general failure by Papst's counsel to meaningfully address the topics with any depth.

18.    During the March 2, 2007 26(f) Conference, at the beginning of the call and throughout, counsel for Papst refused to agree that the call was the formal 26(f) Conference despite the correspondence in advance of the call where it was referred to as such.

19.    Attached hereto as Exhibit P is a true and correct copy of the letter sent to counsel for Papst on April 18, 2007 after a follow-up teleconference that took place on April 6, 2007. Casio participated in the April 6, 2007 call in an effort to advance discussions toward the submission of a joint case management report, a jointly proposed schedule and to address electronic discovery issues.  Papst has still not provided any guidance whatsoever with respect to scheduling or case management proposals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  April 20, 2007                    By: _____
                                                           Jeffrey M. Gold

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of April 2007, a copy of this Declaration of Jeffrey M.

Gold., Esq., was served on counsel for defendant PAPST LICENSING GMBH & CO. KG, as

follows:

**VIA ELECTRONIC MAIL**

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622

_____

J. Kevin Fee
**Morgan, Lewis & Bockius LLP**
(A Pennsylvania Limited Liability Company)
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | **Case No. 1:06-CV-01751** |
| **Plaintiff** | |
| **v.** | |
| **PAPST LICENSING GMBH & CO. KG** | **CASIO INC.'S FIRST SET OF INTERROGATORIES TO PAPST LICENSING GMBH & CO. KG** |
| **Defendant.** | |

### PLAINTIFF CASIO INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO DEFENDANT PAPST LICENSING GMBH & CO. KG

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Casio, Inc.

("Casio"), hereby requests Defendant Papst Licensing GMBH & Co. KG, ("Papst"), to respond

to the interrogatories set forth herein and to serve these answers on Morgan, Lewis & Bockius

LLP, 1111 Pennsylvania Avenue, NW, Washington, D.C. 20004, in writing and under oath

within thirty (30) days after service hereof.

1-NY/2128226.3

## DEFINITIONS AND INSTRUCTIONS

A.     As used herein, the term "defendant" or "Papst" refers to the named defendant in this action, and includes any parents, predecessors companies, subsidiaries, divisions and/or associated organizations, and present and former officers, directors, trustees, employees, staff members, agents and/or representatives, including counsel.

B.     As used herein, the term "document" includes any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed or memorialized in any way by any means regardless of form.  Any such document bearing on any sheet (front or back), margin, attachment or enclosure thereof, any marks, such as, without limitation, initials, stamped initials, comments, or notations of any character, which are not part of the original text or reproduction thereof, is to be considered and produced as a separate document.

C.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment and title.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.     When referring to documents, "identify" means to identify the document with particularity, including providing, to the extent known:

       1)     the type of document;

       2)     the general subject matter;

       3)     the date of the document;

       4)     the author(s), addressee(s), and recipient(s); and

       5)     the production number(s) of the document if it is being produced or has been produced in this action.

E.    When referring to proceeding, "identify" means to give, to the extent known:

    1)    the title of each proceeding;

    2)    the identity of the court or tribunal presiding over each proceeding;

    3)    the date on which each proceeding was initiated;

    4)    the identification number assigned to each proceeding;

    5)    the claim(s) alleged to be infringed, unpatentable, invalid or unenforceable in each proceeding;

    6)    the judgment rendered, or the present status of each proceeding;

    7)    the name and address of each and every adverse entity in each proceeding; and

    8)    whether a written record, including trial transcripts, deposition transcripts, minutes of Oral Proceeding or written decisions, exists for each proceeding.

F.    When an interrogatory calls upon a party to explain or otherwise identify the basis of or for a particular claim, assertion, allegation, or contention, the party shall at a minimum:

    1)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    2)    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; and

3)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

G.    Insofar as any of the terms below are used herein, the following definitions apply:

1)    "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of an interrogatory all responses that might otherwise be construed to be outside of its scope;

2)    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise);

3)    The "'449 patent" shall refer to U.S. Patent No. 6,895,449;

4)    The "'399 patent" shall refer to U.S. Patent No. 6,470,399;

5)    "Patents-in-suit" shall refer to the '449 and '399 patents collectively;

6)    "Person" is defined as any natural person or any business, legal or governmental entity of association;

7)    Any evaluation, study, analysis, report, opinion or commentary is collectively referred to as an "opinion";

8)    Any inquiries, searches or investigations are collectively referred to as a "search";

9)    The use of the singular forum of any form of any form of any word includes the plural form and vice versa;

10)    A "foreign equivalent" of a U.S. patent or patent application is a foreign patent or patent application relating to the same subject matter as the U.S. Patent or patent application.

H.     The following requests are deemed to be continuing so that with respect to any request herein, or part thereof, as to which Papst, after responding, discovers additional information responsive thereto, Casio requests that Papst provide such information and/or documents to Casio within thirty (30) days after acquiring such knowledge or advise Casio in writing as to why such additional information cannot be provided within the specified period.

I.     If defendant contends that any of the following interrogatories is objectionable in whole or in part, defendant shall state with particularity each objection, the basis for it and the categories of information to which the objection is applied, and defendant shall respond to the interrogatory insofar as it is not objectionable.

## INTERROGATORIES

### INTERROGATORY NO. 1

Separately with respect to each claim of the patents-in-suit asserted by Papst to be infringed (directly or indirectly), and for each accused product, state in full and complete detail the bases for such charge of infringement including, but not limited to, how Papst contends that each element of each such claim should be interpreted and provide a detailed element-by-element comparison for each claim with each such product (identifying where in each accused product each element is allegedly found, or otherwise specifically identifying which feature of each accused product is alleged to meet each claim element). For each element allegedly met under the doctrine of equivalents, specifically state all reasons why Papst contends the element in the accused product is insubstantially different.

### INTERROGATORY NO. 2

Identify all prior art, including but not limited to prior art that has been asserted by others relating to one or both patents-in-suit.

### INTERROGATORY NO. 3

Identify all alleged secondary considerations or other objective evidence that defendant contends evidence non-obviousness of any one or more of the claims of the '449 and '399 patents, state all supporting facts including all evidence attributing the secondary considerations to the claims, identify all persons having knowledge of such facts, and identify all documents relating to, referring to, describing or constituting any response hereto.

### INTERROGATORY NO. 4

Identify all persons with or to whom Papst or any other person, has discussed a license, offered a license, negotiated a license or agreed to a license under the patents-in-suit (or any claim thereof), including, but not limited to, the identity of each person communicated with, the

date of such communication, the financial terms of such discussion, offer, negotiation or license, the identity of all documents and things concerning each such discussion, offer, negotiation or license, and the identity of persons most knowledgeable about each such discussion, offer, negotiation or license.

INTERROGATORY NO. 5

State the art area and level of ordinary skill in the art pertaining to the patents-in-suit and state in detail all bases for each such contention.

INTERROGATORY NO. 6

Separately for each claim of the patents-in-suit that Papst asserts is infringed by Casio, describe in full and complete detail the facts concerning the conception and reduction to practice of the alleged invention. To be complete, your response should state the specific dates of such conception and reduction to practice, identify each person involved in such conception and reduction to practice, describe the location and circumstances of the conception and reduction to practice, and identify all documents and things tending to establish, refute or identify the dates, locations, individuals or circumstances sought in this interrogatory and any alleged corroboration.

Respectfully submitted,

DATED: March 2, 2007

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP

101 Park Avenue
New York, New York 1018-0060


Attorney for Plaintiff
Casio Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I caused a true and correct copy of the attached

document to be served on the following as described below:

**By Hand Delivery**
Campbell Killefer
Venable LLP
575 7th Street, N.W.
Washington, DC 20004

**By First-Class Mail**

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

J. Kevin Fee

J. Kevin Fee
**Morgan, Lewis & Bockius LLP**
(A Pennsylvania Limited Liability Company)
1111 Pennsylvania Avenue, NW
Washington. D.C  20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,**<br><br>**Plaintiff**<br><br>v.<br><br>**PAPST LICENSING GMBH & CO. KG**<br><br>**Defendant.** | **Case No. 1:06-CV-01751**<br><br><br>**CASIO INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PAPST LICENSING GMBH & CO. KG** |

## PLAINTIFF CASIO INC.'S FIRST SET OF REQUESTS
## FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-21)

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure,

Plaintiff Casio Inc. ("Casio"), requests that Defendant, Papst Licensing GMBH & Co. KG

("Papst"), produce for inspection and copying at the offices of Morgan, Lewis & Bockius LLP,

1111 Pennsylvania Avenue, NW, Washington, D.C. 20004, the documents and things in Papst's

possession, custody or control designated in the following requests within thirty (30) days after

service hereof.

## INSTRUCTIONS

A.     Documents shall be produced in the form in which the documents have been kept

in the usual course of business, including any folders or other file materials in or with which the

documents have been maintained.

B.     A schedule of documents withheld from production by reason of any privilege or

other immunity from discovery shall accompany the production.  For each withheld document,

the schedule shall specify:

1)     the type of document;

2)     the basis for the privilege or other immunity asserted;

3)     the name, title or job description, if any, and address of the author;

4)     addressee and each recipient of a copy of the document;

5)     the date of the document;

6)     the organization, if any, with which the author, addressee, and each recipient of a
copy of the document were then connected;

7)     the general subject matter of the document; and

8)     the location of the files where the original and each copy are kept.

Each withheld document shall be given an index number for simplification of

identification.  The schedule shall be sufficiently detailed to permit Casio to determine whether

to take further steps to require its production.

C.     The following requests shall be deemed to be continuing so that with respect to

any request herein, or part thereof, as to which defendant, after responding, discovers additional

information and/or documents responsive thereto, Casio requests that defendant provide such

information and/or documents to Casio within thirty (30) days after acquiring knowledge of their existence or advise Casio in writing as to why such additional information and/or documents cannot be provided within the specified period.

D.     If defendant contends that any of the following requests is objectionable in whole or in part, defendant shall state with particularity each objection, the basis for it and the categories of information and documents and things to which the objection applied, and defendant shall respond to the request insofar as it is not deemed objectionable.

## DEFINITIONS

A.     As used herein, the term "defendant" or "Papst" refers to the named defendant in this action, and includes any parents, predecessor companies, subsidiaries, divisions and/or associated organizations, and present and former officers, directors, trustees, employees, staff members, agents, and/or representatives, including counsel.

B.     As used herein, the term "document" includes any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed or memorialized in any way by any means regardless of form.  Any such document bearing on any sheet (front or back), margin, attachment or enclosure thereof, any marks, such as, without limitation, initials, stamped initials, comments, or notations of any character, which are not part of the original text or reproduction thereof, is to be considered and produced as a separate document.

C.     The term "'449 patent" refers to U.S. Patent No. 6,895,449.

D.     The term "'399 patent" refers to U.S. Patent No. 6,470,339.

E.     "Patents-in-suit" shall refer to the '449 and '399 patents collectively.

F.     The term "Patent Office" means and refers to the United States Patent and Trademark Office.

G.    The phrase "Papst's patents and applications" means and refers to patent applications (including abandoned, prospective, and pending applications) and patents, foreign and domestic (expressly including but not limited to, the '449 and '399 patents and all foreign counterpart patents and applications) related in any way to data communication devices or digital camera technology.

**REQUESTED DOCUMENTS**

**DOCUMENT REQUEST NO. 1:**

With regard to Papst's patents and applications related to data communication devices or digital camera technology.

    a)    Each and every patent and application, and copies of their prosecution histories;

    b)    Each and every document and thing provided to the prosecuting attorney(s) or agent(s), including but not limited to, all draft applications, comments, prior art and/or notes;

    c)    Each and every document and thing which was furnished to a U.S. Patent Examiner or analogous foreign authority in connection with the prosecution;

    d)    Each and every document and thing relating to, referring to, describing, evidencing or constituting any interviews with a U.S. Patent Examiner or analogous foreign authority;

    e)    Each and every document and thing relating to, referring to, describing, evidencing or constituting any request, written or oral, to provide evidence, information, or an affidavit or declaration in connection with the prosecution;

    f)    Each and every document and thing relating to, referring to, describing, evidencing or constituting the ownership of, or assignment or other transfer of, any right, title, or interest in such application or patent; and

    g)    Each and every document and thing relating to, referring to, describing, evidencing or constituting any consideration of who should be named as inventor(s).

**DOCUMENT REQUEST NO. 2:**

Each and every paper or report (whether accepted for publication or not, and including any drafts or preprints) relating to, referring to, describing, evidencing or constituting any subject matter described or claimed in Papst's patents and applications.

**DOCUMENT REQUEST NO. 3:**

All documents related to the alleged conception and reduction to practice of the subject matter described and/or claimed in Papst's patents and applications, including but not limited to:

    a)    Each and every document and thing containing any information relating to, referring to, describing, evidencing or constituting invention disclosures and the first written description thereof;

    b)    Each and every document and thing relating to, referring to, describing, evidencing or constituting the conception and/or actual reduction to practice thereof;

    c)    Each and every document and thing relating to, referring to, describing, evidencing or constituting any corroboration of the conception and/or actual reduction to practice thereof; and

    d)    Each and every notebook and other record of the work, research, results, speculations, or conclusions relating to, referring to, describing, evidencing or constituting any subject matter claimed or disclosed in each of Papst's patents and applications.

**DOCUMENT REQUEST NO. 4:**

Each and every document and thing relating to, referring to, describing, or evidencing the strength, coverage, legal significance, or business significance of each Papst patent and application.

**DOCUMENT REQUEST NO. 5:**

Each and every document and thing which addresses, analyzes, assesses or otherwise concerns the potential infringement, patentability, validity and/or enforceability of one or more claims of Papst's patents and applications.

**DOCUMENT REQUEST NO. 6:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any consideration, negotiation or execution of any license, covenant not to sue, or other agreement relating to, referring to, describing, evidencing or constituting any subject matter claimed or disclosed in each of Papst's patents and applications.

**DOCUMENT REQUEST NO. 7:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any communication with third parties regarding any subject matter claimed or disclosed in each of Papst's patents and applications.

**DOCUMENT REQUEST NO. 8:**

Any and all models and prototypes of the subject matter disclosed or claimed in one or more of Papst's patents and applications.

**DOCUMENT REQUEST NO. 9:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting one or more of the Casio products accused of infringement.

**DOCUMENT REQUEST NO. 10:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any testing, experimentation, research, or development conducted or being conducted relating to the subject matter of one or more of Papst's patents and applications.

**DOCUMENT REQUEST NO. 11:**

All prior art to the '449 or '399 patents of which defendant is aware, including but not limited to any art that describes or otherwise discloses, individually or in combination with other items of prior art, data communication devices or digital camera technology and any prior art identified by third parties.

**DOCUMENT REQUEST NO. 12:**

Each and every document and thing relating to, referring to, describing, evidencing or constituting any allegations made by or on behalf of defendant that anyone has infringed one or more claims of any Papst patent and/or application.

**DOCUMENT REQUEST NO. 13:**

All documents and things that discuss, comment upon, refer to or otherwise relate to the '399 patent and/or the '449 patent or any foreign counterpart.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to demonstrate whether defendant has complied with the marking or notice provision under 35 U.S.C. § 287.

**DOCUMENT REQUEST NO. 15:**

Each and every document and thing supporting or contradicting any Papst allegation or argument in this case, including, but not limited to, all documents and things supporting or contradicting allegations and arguments relating to the alleged infringement and willfulness, and any allegations and arguments related to secondary considerations of non-obviousness and conception/reduction to practice dates.

**DOCUMENT REQUEST NO. 16:**

Documents sufficient to describe any and all (past, present, or possible future) Papst document retention policies.

**DOCUMENT REQUEST NO. 17:**

Documents which state or describe the business purpose and corporate structure of Papst including, but not limited to the limited and general partners, the number of people employed and the ownership structure.

**DOCUMENT REQUEST NO. 18:**

All documents and things concerning or relating to other cases filed by defendant relating to the '399 or '449 patents, including but not limited to all deposition transcripts, pleading and other documents exchanged by or between the parties.

**DOCUMENT REQUEST NO. 19:**

Each and every document and thing identified in, responsive to, used in responding to, or relating in any way to Plaintiff's First Set of Interrogatories.

**DOCUMENT REQUEST NO. 20:**

All documents defendant intends to rely upon or use at trial in this case.

**DOCUMENT REQUEST NO. 21:**

All documents and things supporting or refuting any alleged secondary considerations.

Respectfully submitted,

DATED:  March 2, 2007

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP

9

101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I caused a true and correct copy of the attached

document to be served on the following as described below:

**By Hand Delivery**
Campbell Killefer
Venable LLP
575 7th Street, N.W.
Washington, DC 20004

**By First-Class Mail**

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

J. Kevin Fee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC. | |
| Plaintiff, | |
| v. | Civil Action No. 1:06 CV 01751 |
| PAPST LICENSING GMBH & CO. KG, | Judge: Gladys Kessler |
| Defendant. | |
| PAPST LICENSING GMBH & CO. KG, | |
| Counter-Plaintiff | |
| v. | |
| CASIO INC. and | |
| CASIO COMPUTER CO., LTD. | |
| Counter-Defendants | |

**PAPST LICENSING GMBH & CO. KG'S MOTION TO CONTINUE THE
MARCH 20, 2007 INITIAL STATUS CONFERENCE**

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully requests that this Court postpone the initial status conference scheduled on March 20, 2007 until May 21, 2007, or such other date as is convenient for the Court. The two month postponement is warranted to allow Papst Licensing to serve its Answer and Counterclaim on Counterclaim Defendant Casio Computer Co., Ltd. ("Casio Japan"), a Japanese company affiliated with Plaintiff Casio Inc. ("Casio U.S."). Pursuant to Local Rule 7(m), counsel for Papst has conferred with counsel for Casio US, who opposes this motion.

1

Casio US filed its Complaint under the Declaratory Judgment Act against Papst Licensing, a German company. This case concerns two patents owned by Papst Licensing covering technology used in digital cameras. On January 3, 2007, Papst Licensing filed and served its Answer and Counterclaim against Casio US. Papst Licensing's Counterclaim alleges patent infringement by both Casio US and Casio Japan.

Soon after filing its Answer and Counterclaim, counsel for Papst Licensing contacted counsel for Casio US to inquire if they would accept service on behalf of Casio Japan so that this case would not be delayed due to the time required to serve Casio Japan through the Hague Service Convention. At that time, counsel for Casio US declined to accept service.

Accordingly, Papst Licensing immediately took steps to effectuate service on Casio Japan through the Hague Service Convention. Specifically, Papst Licensing retained a foreign service specialist, Mr. Rick Hamilton, who is authorized by the United States Department of Justice to coordinate the service of foreign entities through the Hague Service Convention. (See Ex. A, Hamilton Affidavit) Mr. Hamilton caused the Answer and Counterclaim to be translated into Japanese, prepared all necessary service documents and delivered those service papers to Japan's Ministry of Foreign Affairs in Tokyo on February 7, 2007. (Hamilton Affid.) Mr. Hamilton estimates that it may take four to six months to complete service in Japan in accordance with the Hague Service Convention, and that there is no procedure prescribed by the Hague Service Convention that would compel the Japanese authorities to expedite service. (Hamilton Affid.) Therefore, this service process will assuredly not be completed before the initial status

2

conference scheduled on March 20, 2007 and it therefore appears that Casio Japan will not be a represented party at that hearing.

The critical need for Casio Japan's representation as a party in this case has already been demonstrated by counsel for Casio US's recent attempt to conduct a Rule 26(f) conference on March 2, 2007. During this telephone conference, counsel for Casio US repeatedly confirmed that he could not and would not commit to any discovery proposals in any case management proposal on behalf of Casio Japan until Casio Japan was served. Counsel for Casio US also could not and would not provide any information concerning Casio Japan's computer systems or electronic discovery, rendering any meaningful discussion on electronic discovery procedures impossible without any factual context. (Ex. B, Cwik E-mail) Therefore, not only would Casio Japan's absence render the initial case management conference unproductive, the lack of Casio Japan's presence to date has also rendered the parties unable to complete any meaningful Rule 26(f) conference. To the extent Casio US objects to this extension, Papst Licensing's extension request is made necessary by Casio US counsel's refusal to accept service on behalf of Casio Japan or discuss any discovery relating to Casio Japan.

Papst Licensing respectfully suggests that a meaningful initial status conference with the necessary discovery plan and other pretrial tasks cannot be conducted until Casio Japan is formally made a party and is represented by counsel in this case. Papst Licensing has promptly and diligently pursued service in Japan. The interests of justice will be best served and the Court's time and resources best preserved if the initial status conference is postponed approximately two months to permit overseas service to be accomplished and for Casio Japan to participate as a party at the hearing.

Accordingly, Papst Licensing respectfully requests that the Court grant this motion and reschedule the initial status conference for May 21, 2007, or such other date as is convenient for the Court.

Dated: March 6, 2007

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500
**Attorneys     for     Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this March 6th, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178
**Counsel for Casio Inc.**

Campbell Killefer
Campbell Killefer

5

Exhibit A

UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.,<br>Plaintiff<br><br>PAPST LICENSING GMBH & CO. KG.<br>Defendant,<br><br>PAPST LICENSING GMBH & CO. KG.<br>Counter-Plaintiff<br>vs.<br>CASIO INC. AND CASIO COMPUTER CO.,<br>LTD.<br>Counter-Defendants | Cause No. 1:06 CV 01751<br>AFFIDAIVT OF RICK HAMILTON |

State Of Washington, County of King

The undersigned, being first duly sworn on oath, deposes and says:

That I'm now, and at all times herein mentioned, a citizen of the United States and resident of the State of Washington, over the age of eighteen, not a party to nor interested in the above entitled action, and competent to be a witness therein.

That I'm Director of Operations for Process Forwarding International contracted by the United States Department of Justice to act as Central Authority in accordance with the Hague Convention on the service abroad of judicial and extra judicial documents in civil and commercial matters (Hague Service Convention) and oversee to service of process to and from other member nations including Japan.

That on January 31, 2007 I received a Summons in a Civil Case; Papst Licensing GmbH & Co. KG's Answer, Counterclaim and Jury Demand; and Certificate of Service in the above titled action with instructions to have these documents served upon Casio Computer Co., Ltd. at their address in Japan in accordance with the Hague Service Convention.

That after preparing the application for process service and causing the aforementioned documents to be translated into Japanese I submitted the application for process service and documents to the Minister of Foreign Affairs in Tokyo as prescribed by the Hague Service Convention by Federal Express, attached hereto is a copy of the application for service and translations completed.

That Federal Express confirms the application for process service and other documents were received by the Japanese authorities on February 7, 2007, attached hereto is a copy of the confirmation received from Federal Express.

That it is my belief based on my prior experiences a process service request sent to Japan in accordance with the Hague Service Convention may take four to six months to complete, and I know of no mechanism or procedure prescribed by the Hague Service Convention that would allow me to compel the foreign authorities to expedite a process service request.

Rick Hamilton

Subscribed and sworn before me on March 5 2007

Robin Hamilton, a Notary Public in the State of Washington, residing at Seattle

Welsh & Katz, Ltd.                    Affidavit of Rick Hamilton            Process Forwarding International
                                                                            Tracking # 2406625

Page 2 of 2   3/5/2007 1:35 PM

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| **Rick Hamilton**<br>**633 Yesler Way**<br>**Seattle, WA 98104**<br>**United States of America**<br><br>Authorized applicant pursuant to public law 97-351 of Feb. 26, 1983 which amended rule 4(c) 2(a) Federal Rules of Civil Procedure | The Minister of Foreign Affairs<br>2-2-1 Kasumigaseki, Chiyoda-ku<br>Tokyo 100, Japan |

The undersigned applicant has the honour to transmit-in-duplicate the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:
        (identity and address)

**CASIO COMPUTER CO., LTD.**
**6-2 HONMACHI 1-CHOME**
**SHIBUYA-KU**
**TOKYO 151-8543**
DOB:                    Phone:

☒ (a) in accordance with the provisons of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5):*
_____
_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of aticle 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents – and of the annexes* – with a certificate as provided on the reverse side.

Hearing Date:

List of documents:
        SUMMONS IN A CIVIL CASE;  PAPST LICENSING GMBH & CO. KG'S ANSWER, COUNTERCLAIM AND JURY DEMAND; CERTIFICATE OF SERVICE

Done at Seattle, Washington USA, on Jan 30 2007

Signature and/or stamp



TRACKING #: 2406625

USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

# SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

## (article 5, fourth paragraph)

Name and address of the requesting authority:     **Rick Hamilton**
**633 Yesler Way**
**Seattle, WA 98104**
**United States of America**

Particulars of the parties:

**CASIO INC.,**
**Plaintiff**                    vs.     **CASIO INC. AND CASIO COMPUTER CO., LTD.**
                                         **Counter-Defendants**

**PAPST LICENSING GMBH & CO. KG.**
**Defendant,**

**PAPST LICENSING GMBH & CO. KG.**
**Counter-Plaintiff**

## JUDICIAL DOCUMENT*

Nature of the document:
To give notice to the Counter-Defendant of the institution against them of a claim for civil and summon them to answer to the claim.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
Plaintiff is seeking a declaratory and injunctive judgment, amount to be determined in court.

Date and place for entering appearance:*
Counter-Defendant has twenty days from receipt of the Summons to answer to the claim, address is noted on the Summons.

Court which has given judgment:*
n/a

Date of judgment:*
n/a

Time limits stated in the document:*
     Hearing Date:

## EXTRAJUDICIAL DOCUMENT*

Name and purpose of the document:
n/a

Time limits stated in the document:*
n/a

TRACKING #: 2406625



USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

FedEx | Track

Track Shipments
**Detailed Results**

(?) Quick Help

| Tracking number | 799082208777 | **Destination** | TOKYO JP |
| Signed for by | .TAKAHASHI | **Delivered to** | Mailroom |
| Ship date | Feb 5, 2007 | **Service type** | Priority Envelope |
| Delivery date | Feb 7, 2007 12:11 PM | **Weight** | 0.8 lbs. |

**Status**          Delivered

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Feb 7, 2007 | 12:11 PM | **Delivered** | TOKYO JP | |
| | 11:13 AM | On FedEx vehicle for delivery | TOKYO-KOTO-KU JP | |
| | 10:32 AM | At local FedEx facility | TOKYO-KOTO-KU JP | |
| | 8:37 AM | Int'l shipment release | NARITA-SHI JP | |
| | 8:37 AM | In transit | NARITA-SHI JP | |
| | 8:26 AM | In transit | NARITA-SHI JP | Package available for clearance |
| Feb 6, 2007 | 2:00 AM | Departed FedEx location | OAKLAND, CA | |
| Feb 5, 2007 | 10:52 PM | Arrived at FedEx location | OAKLAND, CA | |
| | 6:30 PM | Left origin | SEATTLE, WA | |
| | 5:59 PM | Package data transmitted to FedEx | | |
| | 5:27 PM | Picked up | SEATTLE, WA | |

[ Signature proof ]   [ E-mail results ]   [ Track more shipments ]

Subscribe to tracking updates (optional)

**Your Name:**                         **Your E-mail Address:**

**E-mail address**     **Language**              **Exception updates**    **Delivery updates**

English                                                    ☐
English                                                    ☐
English                                                    ☐
English                                                    ☐

**Select format:** ◉ HTML ○ Text ○ Wireless
**Add personal message:**

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Exhibit B

**Killefer, Campbell**

| | |
|---|---|
| **From:** | Cwik, Joseph [jecwik@welshkatz.com] |
| **Sent:** | Tuesday, March 06, 2007 9:59 AM |
| **To:** | jgold@morganlewis.com |
| **Cc:** | Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com |
| **Subject:** | RE: Casio Inc. Discovery Requests |

Jeff,


Jeff,

Our telephone conference on March 2, 2007 was not a final Rule 26(f) conference given that
one of the Counter-Defendants, Casio Computer Co., Ltd. refused to participate. Until we
have completed the Rule 26(f) conference, it is not proper to serve discovery, and we
consider Casio Inc.'s First Set of Interrogatories and First Set of Requests to Produce
withdrawn.

Regards,
Joe

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501


-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Monday, March 05, 2007 2:49 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com
Subject: Re: Request to Extend Time for Case Management Conference




Joseph,

We have the following responses to your email, following our 26(f) conference on Friday:

1)    We would not oppose a two week postponement of the hearing now set
for March 20th as long you will agree to the following:

        a.    This postponement will not effect the timeframe for Papst's
responses to Casio, Inc.'s discovery requests.  They were served on your DC counsel by
hand on Friday making responses due on April 2, 2007;
        b.    You will provide us with copies of the Hague convention
service
papers you claim to have served on Casio Japan so we can verify that you have actually
begun the process; and
        c.    You will not seek any further postponements of the Initial
Scheduling Conference is this case.

2)    A draft 26(f) report is in the works and will be forwarded to you
in
due course.

3)    No part of any discussions we had during the 26(f) conference, or

1

since then, has been on behalf of anyone other than Casio, Inc.

4)    Regarding your requests to identify the specific details of the
Casio, Inc., Casio Japan and any "related entities" computer systems, such a request is
beyond the scope of a 26(f) conference.  That said, in the spirit of cooperation and with
the expectation that Papst will respond with information about its systems, Casio Inc. has
a Windows based email server that contains about 50 GB of emails and a Windows based file
and print sharing server with about 200 GB of data from about 400 users.  It would be
Casio Inc.'s position that most of this information would be completely irrelevant to this
litigation.  If you believe you are entitled to any more information about Casio Inc.'s
system or any specific discovery, please serve a discovery request and we will consider
it.

Regards.

Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113

|  |  |  |
|---|---|---|
| To | "Cwik, Joseph" <jecwik@welshkat z.com> 03/02/07 06:06 PM | jgold@morganlewis.com, sstimpson@morganlewis.com |
| cc |  | "Killefer, Campbell" <CKillefer@Venable.com>, "Sliwinski, Cynthia" <csliwinski@welshkatz.com>, "Schnayer, Jerold" <jbschnayer@welshkatz.com> |
| Subject |  | Request to Extend Time for Case Management Conference |

2

Jeff,

This will confirm the telephone conference with us today.  We asked you
for a two month extension of time for the Case Management Conference given that one of the
parties, Casio-Japan, is not represented and has not yet been served. You declined this
extension request. When we asked if you would agree to any extension, you replied that you
would need to speak to your client first and would provide us with a response by early
next week.

Please let us know your client's response on this issue as soon as possible.


As for the other issues you did mention today, you stated that you could not and would not
speak on behalf of one of the parties in this case, Casio-Japan.  When we asked if Casio
Japan agreed to each of your case management proposals, you indicated that you could not
and would not answer that question.  You also stated that you would soon provide us with
your written proposal for a Rule 26(f) report.

As we asked you today, please provide us with a detailed description of all potentially
relevant computer systems and databases that are and have been used by Casio Inc., Casio
Japan and all related entities so that any electronic discovery proposal can be considered
in an actual factual context.  Also, please provide us with a detailed description of the
size of the potentially relevant data for each of those corresponding databases or
computer systems.

Regards,

Joe
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501




DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original message.

3

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | **Case No. 1:06-CV-01751** |
| **Plaintiff** | |
| **v.** | |
| **PAPST LICENSING GMBH & CO. KG** | **Judge: Gladys Kessler** |
| **Defendant.** | |

Plaintiff Casio Inc. ("Casio US") responds herein to Defendant Papst Licensing GMBH & Co. KG's ("Papst") Motion to Continue the March 20, 2007 Initial Status Conference.

## RESPONSE

This request to postpone the Initial Status Conference, now scheduled for March 20, 2007, is the second made by Papst. Papst already asked for a continuance of the Initial Status Conference that was originally set for February 1, 2007, a request that Casio US did not oppose.

1-NY/2151347.1

Service by the Hague Convention should not take four to six months, as Papst claims. Indeed, when counsel for Papst refused to accept service of the Complaint at the beginning of this action, Casio US was forced to proceed to serve by the Hague Convention and service was completed in less than six weeks. Research indicates that the process, if done correctly, should be completed in much less than the time Papst has already had to serve Casio Japan. In fact, the State Department website indicates that "central authorities generally accomplish service within two months." *See Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters,* United States Department of State, available at http://travel.state.gov/law/info/judicial/judicial_686.html (under the "Time Frame" heading -- last visited March 7, 2007).

Casio US does not object to a short postponement of the Scheduling Conference while Papst continues to try to add Casio Japan, so long as discovery proceeds in the interim. Casio US's primary concern is that Papst will use this postponement to avoid or needlessly delay discovery. Also, as the present case will involve discovery from foreign countries, including Germany where Papst and (we believe) the named inventor are located, it is important to commence this discovery sooner rather than later.

It is black letter law that once a 26(f) conference takes place, discovery can begin. U.S.C.S. Fed. R. Civ. P. 26(d); *see also Old Dominion Electric Coop. v. Ragnar Benson, Inc.*, No. 3:05CV034(JRS), 2005 U.S. Dist. LEXIS 9842, at *2 (D. Va. 2005). This is applicable whether or not all parties have been served. *See, e.g., Steppes Apt., Ltd. v. Armstrong*, 188 F.R.D. 642, 644 (D. Utah 1999); *Biocore, Inc. v. Medica Rents Co.*, No. 98-2268, 1998 U.S. Dist. LEXIS 14372, at *6 (D. Kan. 1998). Casio US and Papst have had their Rule 26(f) conference, and pursuant to Rule 26, discovery should begin. The March 2, 2007 teleconference

was set up in advance by counsel for Casio US to be the case's 26(f) conference and, during the

teleconference, every item specified in this Court's local rule, LCvR 16.3, as well as electronic

discovery, was addressed. Accordingly, Casio US served interrogatories and document requests

on Papst on March 2, 2007 once the conference was complete.

     Accordingly, Casio US respectfully request that the Court either proceed with the

Scheduling Conference on March 20, or that any postponement of the Conference not be in

excess of another month. Either way, Casio US requests that discovery between Casio US and

Papst be allowed to proceed.


Respectfully submitted,

DATED: March 7, 2006

_____
Scott D. Stimpson, Esq. *(pro hac vice)*
Jeffrey M. Gold, Esq. *(pro hac vice)*
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Attorneys for Plaintiff
Casio Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>Defendant.<br>───────────────────<br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**REPLY BRIEF IN SUPPORT OF PAPST LICENSING'S MOTION TO
CONTINUE THE MARCH 20, 2007 INITIAL STATUS CONFERENCE**

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully submits this short Reply in support of Papst Licensing's motion to postpone the initial status conference scheduled on March 20 until May 21, 2007, or such other date as is convenient for the Court. Plaintiff Casio Inc.'s opposition to the motion does not undercut the reasons why a two-month postponement is warranted to allow Papst Licensing to serve its Answer and Counterclaim on Counterclaim Defendant Casio Computer Co., Ltd. ("Casio Japan"), a Japanese company affiliated with Plaintiff Casio Inc. ("Casio U.S."). We will make three short points in reply.

1

First, Casio U.S.'s argument that a telephone call on March 2, 2007, constituted the parties' Rule 26(f) conference does not satisfy Local Rule 16.3(a). This Court's Local Rule anticipates that, if all Defendants cannot (or will not) participate in the Rule 26(f) conference, the conference should be continued until all parties are served and are formally "Defendants" who must participate. As discussed in the attached March 7 letter to Casio U.S.'s counsel (see Exhibit A attached hereto), counsel for Casio U.S. would not and could not make any representations or commitments for Casio Japan. Even simple questions such as Casio Japan's electronic data and e-mail systems went unanswered. During the March 2 phone call, the chair for Casio Japan was empty.

Second, the evidence that Papst Licensing seeks to prove patent infringement by Casio U.S. and Casio Japan likely resides within the control of Casio Japan in Japan. On information and belief, Casio U.S. does not design or manufacture the infringing devices. Instead, the locus of the infringing activities is likely at Casio Japan, which is the parent/affiliate that controls the design and manufacture of the equipment, and later controls the shipment of the equipment for further distribution by Casio U.S. Proceeding with a discovery plan now, when Casio Japan has not yet been served and counsel for Casio U.S. will not and apparently cannot speak for Casio U.S., will waste the time and resources of the Court and the parties.

Third, what really is going on is that Casio U.S. is attempting to gain tactical advantage in discovery by claiming to have conducted a good faith Rule 26(f) conference on March 2, and immediately thereafter serving written discovery on Papst Licensing, when the phone call was missing the critical Defendant's counsel. (See March 7 letter attached hereto as Exhibit A). Casio Japan has not yet been served with the summons

and Complaint because counsel for Casio U.S. declined to accept service and Papst

Licensing therefore has no choice but to proceed with the "jump through the hoops"

service in Japan under the Hague Service Convention as set forth in the Affidavit of Rick

Hamilton (see Exhibit A accompanying Papst Licensing's motion).  Casio U.S. merely

points to a State Department website, but offers no evidence to undercut Mr. Hamilton's

statements under oath about Papst Licensing's prompt and diligent efforts to serve Casio

Japan in Japan.

     Needless to say, Papst Licensing will participate in the March 20 initial status

conference if the Court so directs.  With all due respect, the same "empty chair" for Casio

Japan will be present in the courtroom if we proceed without counsel for Casio Japan on

March 20.

     Accordingly, Papst Licensing respectfully requests that the Court grant its motion

and reschedule the initial status conference for May 21, 2007, or such other date as is

convenient for the Court.

Dated:  March 9, 2007

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this March _9th_, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

**Counsel for Casio Inc.**

Campbell Killefer

DC1DOCS1-#236114-v1

4

Exhibit A

# WELSH & KATZ, LTD.

*Attorneys at Law*

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN*
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN ALABAMA

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

March 7, 2007

**VIA FACSIMILE AND U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:     <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

I write to address your March 6, 2006 e-mail asserting that the parties had a Rule 26(f) conference on March 2, 2007, and therefore discovery may now proceed. There was not and could not be a Rule 26(f) conference for several reasons.

First, there could not be a Rule 26(f) conference because one of the parties, Casio Computer Co., Ltd., refused to participate. At our March 2, 2007 conference, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio Japan. When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question. When we asked if you knew any of the details concerning Casio Japan's electronic information and computer systems, you stated that you could not and would not provide that information. Accordingly, there was not and could not be a Rule 26(f) conference given that the required topics for any such conference, such as the scope of each party's electronic discovery, could not be addressed. Furthermore, Local Rule 16.3(a) clearly anticipates that if all parties cannot participate at a Rule 26(f) conference, the conference should be continued until such time all parties are served. Here, Casio Japan has not yet been served because your firm has refused to accept service on behalf of Casio Japan. As a result, Papst Licensing has been forced to effectuate service through the months long Hague Service Convention procedure. Because the Affidavit of Rick Hamilton clearly demonstrates

Jeffrey Gold

March 7, 2007
Page 2

that Papst Licensing has diligently pursued its service of Casio Japan, any delays in service are the fault of your firm, not Papst Licensing.

Second, Papst Licensing never agreed that the March 2, 2007 telephone conference would in fact be a Rule 26(f) conference. Instead, Papst Licensing participated on March 2, 2007 to listen to proposals that Casio Inc. had concerning scheduling, to ask questions related thereto, and to request a two-month extension of any Rule 26(f) conference and the initial case management conference. If Casio Inc. had actually intended for the March 2, 2007 conference to be a Rule 26(f) conference, it would have sent a proposed case management plan in advance of the conference. In fact, Papst Licensing specifically asked you by e-mail on March 1, 2007 and early on March 2, 2007 if there were any materials that you wanted Papst Licensing to review before the conference. Because Casio Inc. sent no proposed case management plan or any other materials in advance of our March 2, 2007 conference, there was clearly no expectation on behalf of the parties that anything other than a preliminary discussion would occur.

Therefore, the parties have not yet conducted a Rule 26(f) conference, your March 2, 2007 service of discovery was premature and not permitted under the Federal Rules of Civil Procedure.

By: _____
Joseph E. Cwik

JEC/pm
cc:     Jerold B. Schnayer

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CASIO, INC.,                              :
                                          :
    **Plaintiff & Counter-Defendant,**     :
                                          :
         **v.**                          :          **Civil Action No. 06-1751 (GK)**
                                          :
**PAPST LICENSING GMBH & CO., KG,** :
                                          :
    **Defendant & Counter-Plaintiff,**     :

## <u>ORDER</u>

Upon consideration of the Motion of Defendant and Counter-Plaintiff, Papst Licensing GMBH & Co., KG, to continue the March 20, 2007 Initial Scheduling Conference, the Opposition, and the Reply, it is hereby

    **ORDERED**, that the Motion is **granted**; and it is further

    **ORDERED**, that the Initial Scheduling Conference is continued until **May 14, 2007 at 10:15 a.m.**; and it is further

    **ORDERED**, that no further continuances of the Initial Scheduling Conference will be granted; and it is further

    **ORDERED**, that discovery between Plaintiff and Defendant is to proceed; and it is further

    **ORDERED**, that <u>all counsel</u> are to comply with LCvR 7(c), which they do not seem to be aware of.

March 13, 2007                          /s/_____
                                        Gladys Kessler
                                        United States District Judge

**Copies via ECF to all counsel of record**



**Jeffrey M. Gold/NY/MLBLaw**
02/28/07 05:48 PM

To    "Killefer, Campbell" <CKillefer@Venable.com>,
       jbschnayer@welshkatz.com
cc    Scott D. Stimpson/NY/MLBLaw@MorganLewis
bcc
Subject   26(f) Conference

Gentlemen:

I called you both yesterday in an effort to schedule the Fed.R.Civ.P. 26(f) Conference that must be held in light of the March 20th Conference before Judge Kessler.  You have not responded.  Please provide me with a time when you will be available this week to hold the 26(f) Conference so that our report can be submitted to the court in a timely fashion.

Regards.

_____
Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113



"Cwik, Joseph"
<jecwik@welshkatz.com>

03/01/07 01:41 PM

To    jgold@morganlewis.com
cc    "Schnayer, Jerold" <jbschnayer@welshkatz.com>, "Killefer,
      Campbell" <CKillefer@Venable.com>, "Sliwinski, Cynthia"
      <csliwinski@welshkatz.com>
bcc

Subject   Your messages  Casio v. Papst

History:          🖅 This message has been replied to.

Jeff,

We have been tied up with a couple emergencies here.  We intend to call you later today or early
tomorrow morning.  If there are any materials you want us to review now before our phone call, please
pass them along.

Regards
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**



**Jeffrey M. Gold/NY/MLBLaw**
03/01/07 02:09 PM

To    "Cwik, Joseph" <jecwik@welshkatz.com>
cc    "Killefer, Campbell" <CKillefer@Venable.com>, "Sliwinski,
      Cynthia" <csliwinski@welshkatz.com>, "Schnayer, Jerold"
      <jbschnayer@welshkatz.com>, Scott D.
      Stimpson/NY/MLBLaw@MorganLewis
bcc
Subject   Re: Your messages  Casio v. Papst

Dear Joseph:

Please provide us with a definite time tomorrow when you will be available.  We have people who need to
be notified so they can participate.

Regards.
_____
Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113

"Cwik, Joseph" <jecwik@welshkatz.com>



**"Cwik, Joseph"**
**<jecwik@welshkatz.com>**
03/01/07 01:41 PM

To    jgold@morganlewis.com
cc    "Schnayer, Jerold" <jbschnayer@welshkatz.com>, "Killefer,
      Campbell" <CKillefer@Venable.com>, "Sliwinski, Cynthia"
      <csliwinski@welshkatz.com>
Subject   Your messages  Casio v. Papst

Jeff,

We have been tied up with a couple emergencies here.  We intend to call you later today or early
tomorrow morning.  If there are any materials you want us to review now before our phone call, please
pass them along.

Regards
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**



**Jeffrey M. Gold/NY/MLBLaw**
03/06/2007 10:34 AM

To    "Cwik, Joseph" <jecwik@welshkatz.com>

cc    "Killefer, Campbell" <CKillefer@Venable.com>, "Sliwinski, Cynthia" <csliwinski@welshkatz.com>, "Schnayer, Jerold" <jbschnayer@welshkatz.com>, sstimpson@morganlewis.com

bcc

Subject  RE: Casio Inc. Discovery Requests

Joe:

Casio Inc. does not withdraw its discovery requests.  We had our 26(f) conference, and such discovery is appropriate now.  Casio Computer is not a party to this case.

Jeff

_____

Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113


"Cwik, Joseph" <jecwik@welshkatz.com>



**"Cwik, Joseph"**
**<jecwik@welshkatz.com>**
03/06/07 09:58 AM

To    jgold@morganlewis.com

cc    "Killefer, Campbell" <CKillefer@Venable.com>, "Sliwinski, Cynthia" <csliwinski@welshkatz.com>, "Schnayer, Jerold" <jbschnayer@welshkatz.com>, sstimpson@morganlewis.com

Subject  RE: Casio Inc. Discovery Requests


Jeff,


Jeff,

Our telephone conference on March 2, 2007 was not a final Rule 26(f)
conference given that one of the Counter-Defendants, Casio Computer Co.,
Ltd. refused to participate. Until we have completed the Rule 26(f)
conference, it is not proper to serve discovery, and we consider Casio
Inc.'s First Set of Interrogatories and First Set of Requests to Produce
withdrawn.

Regards,
Joe

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501

-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Monday, March 05, 2007 2:49 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold;
sstimpson@morganlewis.com
Subject: Re: Request to Extend Time for Case Management Conference

Joseph,

We have the following responses to your email, following our 26(f)
conference on Friday:

1)    We would not oppose a two week postponement of the hearing now set
for March 20th as long you will agree to the following:

      a.    This postponement will not effect the timeframe for Papst's
responses to Casio, Inc.'s discovery requests.  They were served on your
DC
counsel by hand on Friday making responses due on April 2, 2007;
      b.    You will provide us with copies of the Hague convention
service
papers you claim to have served on Casio Japan so we can verify that you
have actually begun the process; and
      c.    You will not seek any further postponements of the Initial
Scheduling Conference is this case.

2)    A draft 26(f) report is in the works and will be forwarded to you
in
due course.

3)    No part of any discussions we had during the 26(f) conference, or
since then, has been on behalf of anyone other than Casio, Inc.

4)    Regarding your requests to identify the specific details of the
Casio, Inc., Casio Japan and any "related entities" computer systems,
such
a request is beyond the scope of a 26(f) conference.  That said, in the
spirit of cooperation and with the expectation that Papst will respond
with
information about its systems, Casio Inc. has a Windows based email
server
that contains about 50 GB of emails and a Windows based file and print
sharing server with about 200 GB of data from about 400 users.  It would
be
Casio Inc.'s position that most of this information would be completely
irrelevant to this litigation.  If you believe you are entitled to any
more
information about Casio Inc.'s system or any specific discovery, please
serve a discovery request and we will consider it.

Regards.
_____
Jeffrey M. Gold, Esq.

Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113


| | "Cwik, Joseph" | |
| To | <jecwik@welshkatz.com> | jgold@morganlewis.com, |
| | 03/02/07 06:06 | sstimpson@morganlewis.com |
| | PM | |
| cc | | "Killefer, Campbell" |
| | | <CKillefer@Venable.com>, |
| "Sliwinski, | | Cynthia" |
| <csliwinski@welshkatz.com>, | | "Schnayer, Jerold" |
| | | <jbschnayer@welshkatz.com> |
| Subject | | Request to Extend Time for Case |
| | | Management Conference |


Jeff,

This will confirm the telephone conference with us today.  We asked you
for a two month extension of time for the Case Management Conference
given that one of the parties, Casio-Japan, is not represented and has
not yet been served. You declined this extension request. When we asked
if you would agree to any extension, you replied that you would need to

speak to your client first and would provide us with a response by early
next week.

Please let us know your client's response on this issue as soon as
possible.


As for the other issues you did mention today, you stated that you could
not and would not speak on behalf of one of the parties in this case,
Casio-Japan.  When we asked if Casio Japan agreed to each of your case
management proposals, you indicated that you could not and would not
answer that question.  You also stated that you would soon provide us
with your written proposal for a Rule 26(f) report.

As we asked you today, please provide us with a detailed description of
all potentially relevant computer systems and databases that are and
have been used by Casio Inc., Casio Japan and all related entities so
that any electronic discovery proposal can be considered in an actual
factual context.  Also, please provide us with a detailed description of
the size of the potentially relevant data for each of those
corresponding databases or computer systems.

Regards,

Joe
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501




DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, PH.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

March 28, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

      Re:    <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

      On March 13, 2007, the Court granted Papst Licensing's Motion to Continue that argued that there could not be a proper Rule 26(f) conference until Casio Japan participated. Because a proper Rule 26(f) conference has not yet occurred, Casio Inc.'s previous discovery requests served on March 2, 2007 were premature, not proper, and ineffective.

      To the extent the Court ordered that discovery is to proceed, we request that the parties schedule a Rule 26(f) conference soon after Casio Japan has filed its responsive pleading on April 2, 2007. We further request that your firm forward to us a proposed case management plan applicable to all parties at least two days before our Rule 26(f) conference.

      We further request that a knowledgeable person from Casio Japan and Casio US attend the Rule 26(f) conference to discuss all potential electronic discovery issues. Please note that Rule 26(f) states the parties should discuss "any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced." In particular, we request that a knowledgeable person from Casio Japan and Casio US attend to discuss (1) the details of each party's information systems, (2) the types of potentially relevant electronic information stored on each system, (3) the volume of potentially relevant electronic information stored on each system, (4) the applications that have run and/or displayed each type

Jeffrey Gold                                                    March 28, 2007
                                                                    Page 2

of potentially relevant electronic information, (5) the forms in which each type of electronic information might be produced, (6) the identification of those individuals potentially possessing relevant electronic information, and (7) the identification of those individuals at Casio Japan and Casio US with specialized knowledge of their respective computer systems. *See,* Advisory Committee Notes to Rule 26(f) noting the need address the above topics.

    Accordingly, please advise as to your availability for a Rule 26(f) conference addressing each of the issues above on some date after Casio Japan has filed its responsive pleading on April 2, 2007.

                                              By:

                                                    Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
        Campbell Killefer

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jeffrey M. Gold**
212.309.2113
jgold@morganlewis.com

March 30, 2007

## VIA ELECTRONIC MAIL

Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL  60606-3912

Re:    Casio Inc. v. Papst

Dear Joe:

In response to your letter of March 28, we believe that your continued efforts to delay discovery are completely off base and unsupported.  The court ordered that discovery proceed, despite Papst's request that it not proceed.  We held the required 26(f) Conference on March 2, 2007, and our discovery was properly served thereafter.  We expect full and appropriate responses on April 2, 2007 and if we do not receive them we will take appropriate action.

With respect to the case management report and schedule we proposed two weeks ago after the 26(f) Conference, to which you have not responded, Casio Japan will agree to the proposed dates, content and discovery related terms.  Please provide your comments so we can submit the documents as required in a timely fashion in advance of the May 14, 2007 Initial Scheduling Conference.

To the extent you wish to further discuss electronic discovery, we are amenable to doing so in an effort to agree on mutually acceptable terms.  We note that we proposed several electronic discovery procedures at the 26(f) Conference and followed up with information you requested regarding Casio Inc. and have received no response from you.  Regardless, no one from Casio will participate in such a discussion, nor is there any requirement that they do so.  We will be able to provide the information required under the rules.  Further, until we know what you intend to request in this litigation, we can not estimate the volume of electronic material that will be responsive and/or relevant.

1-NY/2161087.1

**Morgan Lewis**
COUNSELORS AT LAW

Joseph E. Cwik
March 30, 2007
Page 2

Additionally, in an effort to advance discovery, please inform us whether you intend to take the position that Tasler's and/or LTT's documents are not within your custody and control. We would also like to know whether you intend to produce them in response to our requests.

Finally, as a house keeping matter, please direct all future correspondence to the following email addresses:

      SStimpson@MorganLewis.com
      JGold@MorganLewis.com
      JKFee@MorganLewis.com
      LKrawczyk@MorganLewis.com

Sincerely,

Jeffrey M. Gold

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, PH.D.
JAMES B RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

————

OF COUNSEL

LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

————

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 2, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

      Re:    <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

      In response to your letter of March 30, 2007, we believe it is improper for Casio US and Casio Japan to continue to refuse to participate in a Rule 26(f) conference. Given that it is our understanding that Casio Japan will be filing a responsive pleading today and that Papst Licensing will require time to review that pleading, we again request that all parties participate in a preliminary Rule 26(f) conference soon and suggest that this conference occur on Friday, April 6, 2007 at 10:00 a.m., Chicago time. If this date is unacceptable, please provide us with alternative dates on which Casio US and Casio Japan would both be available for a preliminary Rule 26(f) conference.

      As for Casio US's discovery requests, they are premature without a proper Rule 26(f) conference, and Papst Licensing considers them not served until the day the parties complete a proper Rule 26(f) conference.

      We are also confused by your argument that Casio US and Casio Japan cannot discuss certain electronic issues until Papst Licensing first issues its discovery requests. By rule, discovery cannot issue until the Rule 26(f) conference is first completed. Furthermore, as a well experienced patent litigation law firm, your firm must be aware of the types of discovery that are typically sought in patent litigation. This discovery includes documents concerning validity,

Jeffrey Gold

April 2, 2007
Page 2

infringement, enforceability, willfulness, damages, potentially accused products, sales of accused products, Casio's alleged prior art, etc. Accordingly, we again request that Casio Japan and Casio US agree to participate, and be fully prepared at the Rule 26(f) conference to discuss all potential electronic discovery issues. In particular, we request that Casio Japan and Casio US be fully prepared to discuss (1) the details of each party's information systems, (2) the types of potentially relevant electronic information stored on each system, (3) the volume of potentially relevant electronic information stored on each system, (4) the applications that have run and/or displayed each type of potentially relevant electronic information, (5) the forms in which each type of electronic information might be produced, (6) the identification of those individuals potentially possessing relevant electronic information, and (7) the identification of those individuals at Casio Japan and Casio US with specialized knowledge of their respective computer systems. *See,* Advisory Committee Notes to Rule 26(f) noting the need address the above topics.

Accordingly, please advise as to your availability for a preliminary Rule 26(f) conference this Friday, April 6, 2007 at 10:00 a.m., Chicago time.

Finally, as a house keeping matter, please direct all future correspondence to the following e-mail addresses:

jbschnayer@welshkatz.com
jecwik@welshkatz.com
csliwinski@welshkatz.com
ckillefer@venable.com

By: _____
Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
       Campbell Killefer

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**Jeffrey M. Gold**
212.309.2113
jgold@morganlewis.com

April 4, 2007

**VIA ELECTRONIC MAIL**

Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL  60606-3912

Re:    <u>Casio Inc. v. Papst</u>

Dear Joe:

Further to your letter of April 2, 2007, the Rule 26(f) conference in this case took place on March 2, 2007.  As such, Papst's continued failure to respond to Casio Inc.'s discovery requests is in violation of Federal Rules and the Court's March 13, 2007 Order.

With respect to your request that we continue to discuss electronic discovery, we will make ourselves available on April 6, 2007 as you request, though we ask that the teleconference be set for the afternoon rather than the morning.  Let us know what time is convenient for you.

We would ask that during the teleconference we go through the draft materials we provided to you on March 9, 2007.

Sincerely,

Jeffrey M. Gold

|  |  |  |
|---|---|---|
| Laura E. Krawczyk/NY/MLBLaw | To | jbschnayer@welshkatz.com, jecwik@welshkatz.com, ckillefer@venable.com |
| 03/09/07 03:36 PM | cc | Jeffrey M. Gold/NY/MLBLaw@MorganLewis |
|  | bcc |  |
|  | Subject | Casio Inc. v. Papst Licensing GMBH & Co.: Proposed Report and Schedule |

Counselors,

Attached please find our proposed 26(f) Conference Report and our proposed Scheduling Order for Papst's consideration.  Pursuant to the Federal Rules, the parties must submit a joint report on Tuesday, March 13.  Please give us your comments as soon as possible so that the report can be submitted in a timely fashion.

Sincerely,
Laura

   

Proposed 26(f) Report.pdf   Proposed Scheduling Order.pdf

_____
Laura E. Krawczyk
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
212.309.6233
fax: 212.309.6001
lkrawczyk@morganlewis.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.,<br><br>Plaintiff<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG<br><br>Defendant. | Case No. 1:06-CV-01751<br><br><br><br>**PROPOSED RULE 16 SCHEDULING ORDER**<br><br>Judge Gladys Kessler |

Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.  A summary of the proposed scheduled events set forth below is attached at Exhibit A.  Where the parties have differing proposals, and/or are unable to agree, it is so noted, and their differing proposals are set forth separately.  Plaintiff Casio Inc.'s ("Casio") proposal is listed first followed by Defendant Papst Licensing GMBH & Co. KG's ("Papst") proposal in brackets.  The parties request that the Court hear the differing proposals during the Rule 16 Conference on March 20, 2007, and decide those differences at that time.

  A.  All proceedings concerning this case shall be in accordance with the Federal Rules of Civil Procedure.

  B.  All Initial Disclosures, as defined in FRCP 26(a)(1), shall be made on **March 30, 2007 [_____].**

  C.  Procedural motions including Motions to Amend the Complaint or Answer, and Motions to Join Additional Parties shall be filed no later than **April 30, 2007**

1-NY/2149671.2

1    [_____].  All Motions to Amend shall attach a copy of the proposed complaint

2    or answer.

3        D.    The party bearing the burden of proof on an issue shall disclose the identity

4    of all persons who may be used at trial to present evidence under Federal Rules of

5    Evidence (FRE) 701,702, 703, 704, and 705 no later than **February 15, 2008**

6    [_____] for all such issues.  The party not bearing the burden of proof on an

7    issue shall disclose the identity of all persons who may be used at trial to present

8    evidence under FRE 701, 702, 703, 704, or 705 no later than **March 17, 2008**

9    [_____] for all such issues.  No deposition of any expert witness shall occur

10   before the disclosures concerning expert witnesses mandated by this Order have been

11   made.

12       The disclosures of the identities of all persons who may be used at trial to present

13   evidence under FRE 701,702,703,704, or 705 shall also include all of the disclosures

14   required by FRCP 26(a)(2)(B) if the witness is either (1) retained or specifically

15   employed to provide expert testimony in the case, or (2) is an agent or employee of the

16   party offering the testimony whose duties regularly involve giving expert testimony.[1]

17       E.    All fact discovery, including answers to interrogatories, production of

18   documents, depositions and requests to admit shall be completed by **December 11, 2007**

19   [_____].  All expert discovery, including answers to interrogatories,

20   production of documents, depositions and requests to admit shall be completed by **June**

21   **16, 2008** [_____].

22       F.    Discovery by interrogatory shall be limited to 30 interrogatories per party,

23   including all discrete subparts, with the right to revisit this number later during discovery,

24   if necessary.  Interrogatories shall otherwise be governed by the national uniform

25   requirements set forth in FRCP 33.

26

27

---

[1] The parties are on notice that this Order requires disclosure different than that required by FRCP 26(a)(2).

28

1    G.    Depositions shall be limited by the national uniform requirements set forth

2  in Rules 30, 31, and 32 of the FRCP.

3    H.    This Order contemplates that each party will conduct discovery to permit

4  completion within the deadlines.  Any discovery which results in insufficient time to

5  undertake necessary additional discovery and which requires an extension of the

6  discovery deadline will be met with disfavor, will only be granted for good cause or only

7  to prevent manifest injustice pursuant to FRCP 16(b) and (e), and may result in denial of

8  an extension, exclusion of evidence, or the imposition of other serious sanctions pursuant

9  to FRCP 37(b),(c),(d).

10    I.    All dispositive motions shall be filed no later than **September 10, 2008**

11  [_____].

12    J.    The parties shall keep the Court apprised of settlement negotiations and the

13  progress of discovery.

14    K.    **A Joint Proposed Pretrial Order, all Motions in Limine, a Joint**

15  **Statement of the Case, Joint Jury Instructions, Verdict Form, and Stipulated *Voir***

16  ***Dire* Questions** to be added to the Court's standard Jury Questionnaire shall be lodged

17  and filed by **September 12, 2008** [_____].  If dispositive motions have been

18  filed, the Joint Proposed Pretrial Order and Motions in Limine and other documents shall

19  be due either on the above date or 30 days following resolution of the dispositive

20  motions, whichever is later.

21    L.    If the case will be tried to the Court, rather than to a jury, in addition to

22  filing a **Joint Proposed Pretrial Order,** each party shall file **Proposed Findings of Fact**

23  **and Conclusions of Law** on the same date the Joint Proposed Pretrial Order is due.

24    M.    The attorneys who will be trying the case for each of the parties shall

25  appear before the Court at the **Final Pretrial Conference** on **September 15, 2008**

26  [_____].  The attorneys appearing at the conference shall be prepared to

27  address the merits of all issues raised in the Joint Proposed Pretrial Order and fully

28

-3-

1  briefed Motions in Limine.  Unless one has already been established, the Court will set a

2  firm trial date at the **Pretrial Conference,** and will sign the **Final Pretrial Order** with

3  any additional instructions for trial preparation.

4       N.       Any other final pretrial matters required pursuant to FRCP 26(a)(3) are due

5  in accordance with this Order prior to the preparation and filing of the **Joint Proposed**

6  **Pretrial Order.**

7       DATED:_____.

8

9                                    _____

10                                   Gladys Kessler
                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        -4-

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,**<br><br>**Plaintiff**<br><br>v.<br><br>**PAPST LICENSING GMBH & CO. KG**<br><br>**Defendant.** | **Case No. 1:06-CV-01751**<br><br><br>**Judge Gladys Kessler** |

## 26(f) CONFERENCE REPORT

This report summarizes the March 2, 2007 teleconference held between Plaintiff Casio Inc. and

Papst Licensing GMBH & Co. KG. Pursuant to the Court's local rule LCvR 16.3, the parties

discussed the following items and reached the following agreements:

1.         Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The parties agree that this case is not likely to be disposed of by dispositive motion at least until fact discovery can be completed.

2.        The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

Casio Inc. proposes that procedural motions, including motions to amend the pleadings and motions to join additional parties must be filed no later than April 30, 2007, unless good cause is shown.  In addition, Casio Inc. proposes that the legal and factual issues cannot be narrowed.

3.        Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties preliminarily agree that this case should not be assigned to a magistrate judge for any purpose, including trial.

4.        Whether there is a realistic possibility of settling the case.

The parties are very far apart with respect to settlement at this time.

5.        Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:

(i)  the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)  whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Casio Inc. proposes Mediation after the close of discovery.  Casio Inc. further proposes that an independent mediator be used.  Both parties agree that the case is not amenable to arbitration.

6.        Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Casio Inc. proposes that this case could be resolved by summary judgment after the close of fact discovery.

7.        Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.F.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Casio Inc. proposes that initial disclosures are necessary and that these be served on March 30, 2007.  Casio Inc. does not propose any changes to the scope, form or timing of these disclosures.

8.        The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Casio Inc. proposes that discovery is needed on all the separate causal actions in this case (*e.g.*, invalidity and non-infringement).  Casio Inc. proposes that fact discovery close on December 11, 2007 and that expert discovery close on June 16, 2008.  Casio Inc. further

proposes that a Protective Order is necessary and appropriate to govern confidentiality matters in the case. Casio Inc. will provide a draft protective order to Papst for consideration in advance of the March 20, 2007 Scheduling Conference.

9.　　　　Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

　　　　Casio Inc. proposes that opening expert reports are due on February 15, 2008 and that rebuttal expert reports are due on March 17, 2008. All experts will be deposed and expert discovery will close on June 16, 2008.

10.　　　　N/A

11.　　　　Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

　　　　The parties disagree as to whether damages and willfulness should be bifurcated from the liability phase of trial.

　　　　Casio Inc. proposes that (a) there be a separate trial on the issue of damages and willfulness, after liability is decided; and (b) that the Court stay discovery as to damages and willfulness pending a determination of liability.

　　　　Papst Licensing GMBH & Co. KG proposes that damages and willfulness should not be bifurcated from the liability phase of discovery and trial.

12.　　　　The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

　　　　Casio Inc. proposes that the pretrial conference take place on September 15, 2008.

13.        Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

Casio Inc. proposes that the court shall set a trial date at the pretrial conference

that will be 30 to 60 days after that conference.


14.        Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

See list of additional matters below.

## ADDITIONAL MATTERS DISCUSSED AT 26(f) CONFERENCE

1.     **DISCOVERY:**  Casio Inc. proposes that attorney-work product and attorney-client privileged materials created by counsel after the Complaint was filed by Casio Inc. are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests.

2.     **SCHEDULING**:  Casio Inc. proposes that this case be considered a complex litigation due to the involvement of foreign entities and that the case will require approximately 18 months to be ready for trial.

3.     **SERVICE:**  Casio Inc. proposes e-mail service of documents, excluding large appendices.  In order for e-mail service to be effective on the day after receipt, the e-mail must be sent on or before 11:59 p.m. of the previous day.  Casio Inc. proposes that documents be served in PDF format except for any documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format.  Any large appendices will be sent by Federal Express for next day delivery.

4.     **EXPERT REPORTS**: Casio Inc. proposes that no draft expert reports will be discoverable.

7.     **EDISCOVERY**:  The parties discussed ediscovery.  Casio Inc. suggested two options for production of documents, TIFF format or native format.  Casio Inc. proposes that the parties produce Bates numbered TIFF images of native files.  Files that are not amenable to TIFF format will be produced in native format.  In order to produce the TIFF images, the parties will give a reputable vendor their native files burned to a DVD and the vendor will create the images,

consecutively Bates number the documents and keep track of document breaks and source information. Such information will be produced by each party with the corresponding TIFF images. If a printout is unreadable, it will be produced in native format. Production in TIFF format is more efficient since the bates numbers allow the parties to track where a file came from. The parties can also choose to create a searchable database which can be imported into Concordance or other document viewing software.

      8.     Papst Licensing GMBH & Co. KG stated that Casio Japan's position needed to be discussed at the 26(f) conference and that counsel for Casio Inc. would not speak on behalf of Casio Japan at the 26(f) Conference.

      Casio Inc. states that Casio Japan is not yet a party to this litigation as they remain unserved and therefore, Casio Japan's position did not need to be discussed at the 26(f) Conference that took place on March 2, 2007.

Dated this _____ day of _____, 2007

_____

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

_____

Attorneys for Defendant Papst
Licensing GMBH & Co. KG

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
C O U N S E L O R S   A T   L A W

**Jeffrey M. Gold**
212.309.2113
jgold@morganlewis.com

April 18, 2007

## VIA ELECTRONIC MAIL AND U.S. MAIL

Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606-3912

Re:    Casio Inc. v. Papst

Dear Joe:

This letter memorializes our teleconference of earlier today and addresses the requests for information you raised in part during our teleconference of April 6, 2007 and then followed up with in your letter of April 9, 2007.

First, I note that the parties have already exchanged information relating to the parties' electronic discovery issues. With respect to the other information you seek, as I told you during our April 6 teleconference, such information should be sought per the Federal Rules in formal discovery requests, not through informal means. That said, in response to your questions, we expect that the relevant information in this case is in the possession of Casio Inc. and Casio Japan.

Considering Papst's failure and refusal to answer Casio's formal discovery requests, Casio will not entertain any further informal discovery requests. Submit your interrogatories as set forth in the Federal Rules and we will respond in due course.

Further, I noted that we still have no comments from you on our proposed 26(f) Report or our proposed Scheduling Order, though you promised during our April 6 teleconference that you would provide us with comments prior to our next call, which was set for today. Further, you were not even able to tell me when you would provide comments. There is no point continuing discussions until we see your proposed changes to our proposed submissions. You have had them since March 12, 2007 when we sent them to you in an effort to provide the Court with a timely joint 26(f) Report and now, more than a month later, we still have no idea what Papst's positions are with respect to a case management plan.

1-NY/2168495.1



Joseph E. Cwik
April 18, 2007
Page 2

Finally, I asked you once and for all whether you plan to answer the Interrogatories and Document Requests that Casio served on March 2, 2007. You responded that you maintain that a 26(f) Conference has not taken place and that you would not respond until you believe that one has. I told you that given that position, we intend to move to compel your answers and seek sanctions, to which you had no response.

Sincerely,

Jeffrey M. Gold