Jeffrey M. Gold (*pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060

J. Kevin Fee (Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson (*pro hac vice)*
The Law Office of Scott D. Stimpson
3051 Morehouse Hwy
Fairfield, CT 06824

Attorneys for Plaintiff and Counter Defendant
Casio Inc. and Counter Defendant
Casio Computer Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC., <br> **Plaintiff** <br> v. <br> **PAPST LICENSING GMBH & CO. KG** <br> **Defendant.** | Case No. 1:06-CV-01751 <br><br> **Judge: Gladys Kessler** |
| **PAPST LICENSING GMBH & CO. KG,** <br> **Counter-Plaintiff** <br> v. <br> **CASIO INC. and CASIO COMPUTER CO., LTD.** <br> **Counter-Defendants** | |

### MEMORANDUM OF LAW IN SUPPORT OF
### CASIO INC.'S MOTION TO COMPEL AND FOR SANCTIONS

On March 13, 2007, this Court ordered that discovery in this case proceed. Despite this clear and unequivocal order, Papst has steadfastly refused to respond to any interrogatories or

1-NY/2163038.7

document requests. Papst continues to hide behind a contrived argument that a "proper" Rule 26(f) Conference has not occurred. Papst does so despite the fact that when Papst's attorneys finally and belatedly made themselves available for the required 26(f) Conference, every single topic required by the Rules was addressed by Casio Inc.'s ("Casio America") counsel. The fact that counsel for Papst, on the other hand, was completely (and obviously deliberately) unprepared to address the 26(f) topics, is no excuse to avoid the progress of discovery, particularly given that this Court ordered discovery to proceed.

Casio America respectfully requests that the Court Order: (1) that Papst has waived any and all objections to Casio America's discovery requests due to its failure to timely serve objections, and for its failure to comply with this Court's March 13, 2007 Order; (2) that Papst fully respond to all outstanding interrogatories and document requests within ten (10) days from the date of the Court's Order on this motion; (3) that as a sanction for Papst's refusal to comply in good faith with its Rule 26(f) and discovery obligations, the Court accept the terms proposed by Casio America with respect to scheduling and case management; and (4) that all costs and fees necessitated by this motion be borne by Papst.

**I.      BACKGROUND**

On Friday, March 2, 2007, after numerous efforts to get counsel for Papst to participate, counsel for Casio America and counsel for Papst held a 26(f) Conference. After the conference, on the same day, Casio America served its first sets of interrogatories and document requests. (Gold Declaration ¶¶ 1-2 and Exhibits A and B, respectively). Papst has not responded to either of these discovery requests, and has not produced a single document.

Counsel for Papst has made every effort to avoid discovery. Papst's primary argument has been that there was not a "proper" 26(f) Conference because Casio Computer Company, Ltd.

("Casio Japan") did not participate in the conference between Casio America and Papst. That argument was presented to the Court in Papst's March 6, 2007 Motion to Continue the Initial Status Conference in this case. (Gold Declaration Exhibit C, p. 3). In the Casio America Response on March 7, 2007, Casio America advised the Court that its concern was that Papst was trying to "avoid or needlessly delay discovery," and that Casio America had no objection to a continuance of the status conference "so long as discovery proceeds in the interim." (Gold Declaration Exhibit D, p. 2). In its Reply, Papst again argued that no 26(f) Conference had taken place. (Gold Declaration Exhibit E, p. 2).

On March 13, 2007, this Court issued an order in favor Casio America, specifically holding that "discovery between Plaintiff and Defendant is to proceed." (Gold Declaration Exhibit F, emphasis added). Despite the Court's clear and unequivocal March 13, 2007 Order, Papst has steadfastly refused to proceed with discovery. Responses to Casio America's document requests and interrogatories were due on April 2, 2007. Papst, on full notice of the Court's order, has simply refused to respond.

This is not the only Court Order that has been ignored by counsel for Papst. On January 29, 2007, the Court issued its order that a scheduling conference be held on March 20, 2007. As is clear from the applicable Federal Rules, the parties were required to have a full Rule 26(f) Conference by February 28, 2007. See Fed. R. Civ. P. 26(f) ("parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held...confer to consider the nature and basis of the claims."). Casio America tried to get counsel for Papst to timely comply with this Court order (Gold Declaration ¶9 and Exhibit G), but counsel for Papst did not comply. When they finally did make themselves available for the Conference two days late on March 2, 2007, they were completely unprepared and in fact refused to recognize that the

teleconference was in fact the required 26(f) Conference. (Gold Declaration ¶¶ 17-18 and Exhibit O). Nonetheless, every single topic required by Fed.R.Civ.P. 26(f) and Local Rules for the U.S. District Court for the District of Columbia, LCvR 16.3, was raised and proposals were provided by Casio America's counsel. (See Gold Declaration ¶ 17 and Exhibit O).

Papst and its counsel have been using Rule 26(f) as a shield to protect themselves from legitimate discovery, constantly claiming that a "proper" Rule 26(f) Conference has not been held. (*See, e.g.,* Gold Declaration Exhibit H). The fact that Papst was unprepared to address the required 26(f) topics does not negate that the Federal Rules <u>required</u> that it be the 26(f) Conference. Incredibly, Papst continues to improperly apply Rule 26(f) to even though this Court Ordered that discovery proceed. According to counsel for Papst, despite this Court's Order, the Casio America discovery requests were "premature, not proper and ineffective" because "a proper Rule 26(f) conference has not yet occurred." (Gold Declaration Exhibit I, ¶ 1). Regardless of Papst's position, the Federal Rules are clear that a Court may order discovery to proceed even without a Rule 26(f) conference. Fed.R.Civ.P. 26(d).

Casio America sent counsel for Papst a proposed 26(f) Report (Gold Declaration, Exhibit O) and proposed Scheduling Order (Gold Declaration, Exhibit N) memorializing the March 2 26(f) Conference and setting forth Casio's proposals over a month ago, on March 9, 2007 (Gold Declaration, Exhibit M). To date, Papst has still not responded nor provided any guidance whatsoever with respect to its scheduling or case management proposals. (Gold Declaration ¶ 19 and Exhibit P). Misusing the Rule 26(f) requirements and ignoring Court orders, in a blatant effort to avoid legitimate discovery, is now prejudicing Casio America by delaying resolution of this matter, thus necessitating this motion.

## II.  THE REQUESTED ORDER TO COMPEL

Responses to Casio America's document requests and interrogatories were due on April 2, 2007. Papst failed to respond or provide any objections, despite Casio America's repeated requests that they do so. Accordingly, Casio America respectfully requests an Order that all objections by Papst are waived, and that Papst promptly provide full responses to the interrogatories and complete document production. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *see also, Kurz v. Mairone*, Civ. Action No. 86-5587, 1988 U.S. Dist. LEXIS 5258, at *5 (D.Pa. June 7, 1988) (court found defendants' objections were "out of time" and ordered them to supplement their responses with full and complete answers).

## III.  THE REQUESTED ORDER FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 37, Casio America also respectfully requests an order that the terms proposed by Casio America with respect to scheduling and case management be adopted, and that Papst pay all of Casio America's attorneys fees and costs associated with this motion.

### A.  Adoption of Casio America's Case Schedule And Case Management Proposal

While Casio America recognizes that the more serious sanctions enumerated in Federal Rule 37 (such as striking claims or defenses, and dismissal) may be too drastic for this situation, it respectfully submits that a simple award of fees and costs for Casio America is insufficient to deter Papst and its counsel from continuing to flaunt discovery obligations and this Court's

orders. A fitting sanction for the games Papst has played in misusing the Rule 26 procedures is for the Court to adopt Casio America's Case Schedule and Case Management Proposals.

Casio America's schedule is reasonable given that discovery from foreign countries will be required. Also, in order to avoid needless discovery into the potentially unnecessary and the burdensome damages and willfulness issues, Casio America proposed at the March 2, 2007 26(f) Conference that these issues be bifurcated both from discovery and trial.[1] (Gold Declaration Exhibit O, ¶11). An order accepting these Casio proposals is consistent with the wide latitude of sanctions allowed under Federal Rule 37. *National Lawyers Guild v. Attorney General*, 94 F.R.D. 600, 615 (S.D.N.Y. 1982) (warning defendant that a failure to comply with a court order would result in sanctions and adoption of the discovery schedule proposed by plaintiffs; "Rule 37(b) provides a court with wide discretion in selecting an appropriate sanction."); *In re Heritage Bond Litigation*, 223 F.R.D. 527, 533 (C.D. Cal. 2004) (court granted plaintiff's motion for monetary contempt sanctions under Rule 37(b)(2)(D) and plaintiff's motion for evidentiary or issue preclusion sanctions under Rule 37(b)(2)(B)); *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)."; Second Circuit affirmed the district court's imposition of sanctions pursuant to Rule 37(b)(2), which prohibited defendant from presenting evidence on the issue of "alter ego" liability.); *Albert v.*

---

[1] *Novopharm Limited v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998) (court granted plaintiff's motion for bifurcation and ordered that liability be tried separately from damages and willfulness; factual discovery on willfulness and damages was stayed); *see Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 261 (D.N.J. 1997) (trial on liability was bifurcated from the trial on willfulness and damages and the court stayed discovery on these issues until a determination of liability was reached); *see also Lemelson v. Apple Computer Inc.*, No. CV-N-92-665-HDM (PHA), 1993 U.S. Dist. LEXIS, at *6-*10 (D. Nev. June 4, 1993); *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, No. SA CV 00-549 DOC (EEx), 2001 U.S. Dist. LEXIS 10738, at *8-*11 (C.D. Cal. May 4, 2001).

*Starbucks Coffee Co.*, 2007 U.S. App. LEXIS 196 (D.C. Cir. 2007) (unpublished) ("Fed. R. Civ. P. 37(b)(2) authorizes a number of sanctions for not complying with discovery orders...."; district court's dismissal of plaintiff's suit as a sanction under Rule 37(b)(2) affirmed.)

### B.  Casio America Fees And Costs

Casio America further respectfully requests an award of the fees and costs for the preparation of this motion under Federal Rule 37(b). That Rule provides that, if a party "fails to obey an order to provide or permit discovery" the court may "make such orders in regard to the failure as are just . . . ." Fed. R. Civ. P. 37(b)(2). It further provides that in addition to other sanctions, "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys' fees, caused by the failure," unless the failure was substantially justified or other circumstances make such an award unjust. *Id.*

Fees and costs are also appropriate under Federal Rule of Civil Procedure 37(a), which states that a Court "shall" require the party whose conduct necessitated a successful motion to compel to pay the moving party its reasonable expenses incurred in making the motion, including attorneys' fees, unless there was no good faith effort to obtain the disclosure without court action or the failure to respond was substantially justified. Fed. R. Civ. P. 37(a).

Casio America expended substantial time and effort attempting to get Papst and its counsel to respond to these discovery requests, but they have steadfastly refused, despite the Court's clear order. Accordingly, an award of attorneys' fees and costs to Casio America is also appropriate.

IV. **CONCLUSION**

For all the foregoing reasons, we respectfully request that the Court order: (1) that Papst has waived any and all objections to Casio America's discovery requests; (2) that Papst fully respond to all outstanding interrogatories and document requests within ten (10) days from the date of the Court's order on this motion; (3) that the terms proposed by Casio America with respect to scheduling and case management be adopted for this action; and (4) that all costs and fees necessitated by this motion be borne by Papst.

Respectfully submitted,

DATED: April 20, 2007

_____
Jeffrey M. Gold *(pro hac vice)*
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

J. Kevin Fee (Bar. No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Stimpson *(pro hac vice)*
The Law Office of Scott D. Stimpson
3051 Morehouse Hwy
Fairfield, CT 06824

Attorneys for Plaintiff and Counter Defendant
Casio Inc. and Counter Defendant
Casio Computer Co., Ltd.