UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

Plaintiff,

v.

PAPST LICENSING GMBH & CO. KG,
Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

**PAPST LICENSING GMBH & CO. KG'S MEMORANDUM IN OPPOSIITON
TO CASIO INC.'S MOTION TO COMPEL AND FOR SANCTIONS**

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully requests that this Court deny Casio Inc.'s ("Casio USA") Motion to Compel and for Sanctions. Casio USA's motion gives the word "overreaching" a new meaning and should be denied.

I.    INTRODUCTION

The underlying premise of Casio USA's motion is that the parties engaged in an alleged Rule 26(f) conference via telephone call on March 2, 2007 even though one of the parties in this case, Casio Computer Co., Ltd. ("Casio Japan"), refused to participate in

1

the conference call and even though Papst Licensing never agreed to such a conference. (Casio USA and Casio Japan are referred to collectively as "Casio" at appropriate points in this legal memorandum.)  Instead of waiting for a proper Rule 26(f) conference to occur with Casio Japan as a participant, Casio USA jumped the gun on March 2, 2007 by purporting to serve Interrogatories and Requests for Production of Documents by hand delivery that same day on counsel for Papst Licensing.  The March 2 conference call was a mere trick to allow Casio USA to serve improper written discovery without a full and complete Rule 26(f) conference.

Ever since March 2, 2007, Papst Licensing has diligently sought informal discovery from both Casio USA and Casio Japan so that a meaningful and proper Rule 26(f) conference could occur as soon as possible.  In response to Papst Licensing's requests for informal discovery, Casio USA and Casio Japan have refused to provide the basic information logically needed to determine how long discovery will take in this case and from whom discovery will be required (e.g., information concerning their computer systems that will affect e-discovery).  Rather than meet and confer with Papst Licensing in a good faith basis to determine whether agreements can be made regarding scheduling and the scope of discovery, Casio USA now steadfastly refuses by claiming that a proper Rule 26(f) conference took place on March 2, 2007, and nothing else needs to be accomplished.

The parties' *joint* case management plan is now due to the Court no later than May 7, 2007.  Papst Licensing submits that the parties should be focusing their efforts on providing thoughtful proposals to the Court rather than briefing a meritless motion to compel discovery and for sanctions.  Therefore, Papst Licensing respectfully requests that

this Court deny Casio USA's motion, and order both Casio USA and Casio Japan to participate, in good faith, in a Rule 26(f) conference within the next three days. If the Court were to find that Papst Licensing should provide responses to Casio USA's written discovery requests, Papst Licensing is prepared to do so within seven days of any such Court order. Any such discovery responses, however, would be incomplete and preliminary because of Casio's failure to conduct a proper and complete Rule 26(f) conference.

II.    **FACTUAL BACKGROUND**

Casio USA filed its Complaint under the Declaratory Judgment Act against Papst Licensing, a German company. This case concerns two patents owned by Papst Licensing covering technology used in digital cameras. On January 3, 2007, Papst Licensing filed and served its Answer and Counterclaim against Casio USA. Papst Licensing's Counterclaim alleges patent infringement by both Casio USA and Casio Japan.

Soon after filing its Answer and Counterclaim, counsel for Papst Licensing contacted counsel for Casio USA to inquire if they would accept service of a summons and the counterclaim on behalf of Casio Japan so that this case would not be delayed due to the time required to serve Casio Japan through the Hague Service Convention. Counsel for Casio USA declined to accept service for Casio Japan despite the fact that Casio USA and Casio Japan are represented by the same law firm, Morgan Lewis and Bockius, LLP. Accordingly, Papst Licensing immediately took steps to effectuate service on Casio Japan through the Hague Service Convention.

Before Casio Japan could be served, Casio USA demanded that Papst Licensing hold a Rule 26(f) conference on March 2, 2007.   Without ever agreeing that a Rule 26(f) conference could or would occur without participation by Casio Japan, Papst Licensing received Casio USA's phone call on March 2, 2007 in an attempt to discuss an exchange of informal discovery on Rule 26(f) issues, and how a Rule 26(f) conference could occur without the participation of one of the three named parties to the case.   At that time, Papst Licensing informed Casio USA that a meaningful Rule 26(f) conference could not occur until Casio Japan participated in the Rule 26(f) conference, and requested that any Rule 26(f) conference be postponed until all the named parties were ready to meaningfully participate. (Ex. A)   Papst Licensing had no expectation that a Rule 26(f) conference would actually occur on March 2, 2007.   Id. Furthermore, Papst Licensing received no scheduling proposals from Casio USA prior to that March 2, 2007 conference despite Papst Licensing's request for a scheduling proposal before any Rule 26(f) conference.   Id.

The need for Casio Japan's participation in any Rule 26(f) conference demonstrated itself on March 2, 2007.   During a conference call, counsel for Casio USA confirmed that he could not and would not commit to any discovery proposals in any case management proposal on behalf of Casio Japan.   Counsel for Casio USA also could not and would not provide any information concerning Casio Japan's computer systems or electronic discovery, thereby rendering any meaningful discussion on electronic discovery procedures impossible without any factual context.   Therefore, the lack of Casio Japan's participation on March 2, 2007 rendered the parties unable to address the Rule 26(f) topics in the thoughtful manner that Rule 26(f) anticipates.

When it became apparent that Casio Japan would likely not yet be served with the summons and counterclaim and therefore would not attend the Court's initial case management conference set for March 20, 2007, Papst Licensing filed a Motion to Continue the initial case management conference on the grounds that Casio Japan's absence from the case rendered the parties unable to complete any meaningful Rule 26(f) conference and would render the initial case management conference unproductive. [Docket #12]  In its response brief, Casio USA argued that the motion should be denied because "Casio U.S. and Papst have had their Rule 26(f) conference..." [Docket #13] This Court granted Papst Licensing's motion and continued the initial case management conference until May 14, 2007.  [Docket #16]    This Court's Order was also silent on whether a Rule 26(f) conference had actually occurred.  *Id*. While this Court's Order did state that "discovery is to proceed," that Order was consistent with Papst Licensing Motion to Continue, which argued that the parties needed informal discovery on Rule 26(f) issues before any meaningful Rule 26(f) proposals could be discussed. [Docket #12].

Since this Court's ruling on March 13, 2007, Papst Licensing has diligently sought to obtain informal discovery from both Casio USA and Casio Japan so that a meaningful Rule 26(f) conference could occur.  Specifically, Papst Licensing requested details on the computer systems and electronic information possessed by Casio USA and Casio Japan.  Recognizing that such information was indeed relevant to Rule 26(f) scheduling issues, Casio USA and Casio Japan later agreed to exchange some of the requested electronic systems information on April 13, 2007.  (Ex. B).   When Casio previously represented that it would need to know the types of discovery that Papst

Licensing would request to fully consider the Rule 26(f) issues, Papst Licensing informally provided that information in its letter dated April 2, 2007. (Ex. C)  Papst Licensing also provided Casio with formal discovery requests on April 20, 2007, with the stated understanding that such requests would only be considered as having been formally served when the parties completed their Rule 26(f) conference. (Ex. D).

Despite Papst Licensing's requests informally to exchange discovery on Rule 26(f) issues, Casio has essentially ignored those requests.  For example, on April 6, 2007, counsel for each party met and conferred to discuss the Rule 26(f) issues on a preliminary basis. (Ex.   E) At that time, Casio USA and Casio Japan were unable to provide information on several issues that are logically needed by Papst Licensing to determine from whom discovery will be sought and how long discovery will take.  Specifically, Papst Licensing asked:

1.    What are the names of all the Casio companies (or third-parties) that were involved in the design and development of each Casio Digital Camera?

2.    What are the names of all the Casio companies (or third-parties) that were involved in the manufacture of each Casio Digital Camera.

3.    What are the names of all the Casio companies (or third-parties) that were involved in the sale or offer for sale of each Casio Digital Camera worldwide?

4.    Are both Casio Japan and Casio U.S. wiling to voluntarily (and without third-party subpoena) produce relevant information and witnesses from all of their parent companies, sister companies, subsidiaries, predecessors, successors in interest, related entities, any person employed by any of these entities, and all of Casio's agents and representatives (including but not limited to its attorneys, accountants, and consultants)?

5.    Is all of Casio Japan's and Casio U.S's potentially relevant electronic information "reasonably accessible" as that term is used in Fed.R.Civ.P. 26?

6.    What are the names, titles and employers of those individuals at Casio Japan and Casio U.S. who have specialized knowledge of each respective party's computer systems, applications and potentially relevant electronic information?

(Ex. E)

Answers to these questions would significantly assist the parties and the Court in determining for how long discovery should be scheduled, and how discovery should be handled in this case. *See,* Rule 26(f)(requiring discussion on "the subjects on which discovery may be needed, when discovery should be completed, and …issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced" Fed.R.Civ.P. 26(f)(1). Because neither Casio USA nor Casio Japan could provide answers to these questions, the parties agreed to continue the Rule 26(f) conference to April 18, 2007. (Ex. E). Papst Licensing again provided these requests by letter to Casio USA and Casio Japan on April 18, 2007. (Ex. E).

Notwithstanding their agreement for a continued conference, Casio USA's counsel called the morning the April 18, 2007 to inform Papst Licensing that they were unilaterally cancelling the conference scheduled for later that day, and informed Papst Licensing for the first time that Casio USA would not provide any information on the Rule 26(f) issues stated above. (Ex. F). Casio USA's purported reason for cancelling the conference was that Casio USA had not yet received Papst Licensing's written proposals for the Rule 26(f) report, even though the report was not due to the Court until several weeks later on May 7, 2007. Nonetheless, in yet another effort to move the Rule 26(f) process along, Papst Licensing provided Casio with its written proposals for a Rule 26(f) report on April 25, 2006, a full twelve days before the report was even due to the Court. (Ex. G).

Unfortunately, Papst Licensing was forced to provide its Rule 26(f) proposals in a vacuum without the informal information previously requested from Casio and without Casio's willingness to even talk about the issues in the previously scheduled conference set for April 18, 2006.  As a result, Casio has reached the point where it is refusing to participate in any further Rule 26(f) conference, and is instead steadfastly sticking to its misguided belief that a phone call on March 2, 2007 constituted a complete and proper Rule 26(f) conference despite the lack of participation by Casio Japan.

### III.    CASIO'S MOTION TO COMPEL SHOULD BE DENIED AS NO PROPER RULE 26(f) CONFERENCE OCCURRED.

As provided in Fed.R.Civ.P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Furthermore, "Without leave of court or written stipulation, a request [for production] may not be served before the time specified in Rule 26(d)."  Fed.R.Civ.P. 34(b).  Similarly, "Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d)."  Fed.R.Civ.P. 33(a).

This Court's Local Civil Rules contemplate that the time for the parties to confer in accordance with Fed.R.Civ.P. 26(f) runs from the time "the defendant who is given the longest time to answer. . . ." (i.e., Casio Japan).  See LCvR 16.3(a)(3).  In this case, the parties have not completed their Rule 26(f) conference due to Casio's games-playing.  Therefore, Casio's discovery requests were served prematurely, were ineffective, and should not be the basis of a motion to compel.

**IV.    CASIO'S MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE PAPST LICENSING'S CONDUCT HAS BEEN PROPER AT ALL TIMES**

Because Papst Licensing's conduct has been proper at all times, Casio's request for sanctions is particularly overreaching in this case. Casio's first request that Papst Licensing be deemed to have waived all potential objections to Casio's discovery requests should be denied as there is no authority for such a drastic remedy in a case such as this one. Specifically, Casio's citation to *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992) has no application here because the Chinese corporation in that case declined to provide answers to discovery after the Court issued two orders directing that specific discovery be answered. Here, Papst Licensing has not violated any Court orders that discovery be answered. Similarly, the case of *Kurz v. Mairone*, 1998 U.S.Dist.LEXIS 5258, *5 (E.D.Pa. 1988) is not applicable because there was no dispute in that case that discovery requests were issued after a Rule 26(f) conference.

Casio's request for fees and the adoption of Casio's proposals for the case schedule should also be denied. As a preliminary manner, the parties' *joint* case management plan is not even due until May 7, 2007. In accordance with that deadline, Papst Licensing submitted its written proposals to Casio's counsel on April 25, 2007, and further requested a continued Rule 26(f) conference so that additional agreements on Rule 26(f) issues could be reached by the parties. (Ex. G). Rather than accept Papst Licensing's offer to meet and confer in accordance with Rule 26(f), Casio apparently concluded that it would be more disruptive to file its sanctions motion.

Casio's additional citations to case law only demonstrate how overreaching its requests for sanctions are in this case. The case of *In Re Heritage Bond Litigation*, 223

F.R.D. 527, 533 (C.D.Cal. 2004) is distinguishable because the at-issue party in that case willfully disobeyed a previous court order to turn over specific documents and pay a certain fine. Here, there is no such previous order to answer specific discovery, or a finding that Casio's discovery requests were properly served in the first place. Casio's other cases suffer from the same flaws. *See,e.g. Daval Steel v. M/V Fakredine*, 951 F.2d 1357, 1366 (2nd Cir. 1991)(seeking sanctions after only after one party violated "an unequivocal order of the court requiring it to produce a witness for a deposition, and to produce documents relating to that deposition."); *Albert v. Starbucks Coffee Co.*, 2007 U.S.App.LEXIS 196, *2 (D.C.Cir. 2007)(seeking sanctions only after the plaintiff refused to attend a deposition previously ordered by the Court and after being warned by the Court that the case would be dismissed if he did not attend); *National Lawyers Guild v. Attorney General*, 94 F.R.D. 600, 602 (S.D.N.Y. 1982)(seeking sanctions only after failing to comply with two specific court orders).

<u>CONCLUSION</u>

For all the reasons discussed above, Papst Licensing respectfully requests that this Court deny Casio USA's Motion to Compel and For Sanctions, and further Order Casio USA and Casio Japan to participate in and complete the parties Rule 26(f) conference within three (3) days.

Dated:  May 1, 2007

_____
Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
(312) 655-1500
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. Mail, postage prepaid, this May 1, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Simpson
Jeffrey M. Gold
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178
**Counsel for Casio Inc.**

_____
Campbell Killefer

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN*
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN

RICHARD J GURAK
DANIEL H. GURFINKEL
NICHELE S. KATZ*
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN ALABAMA

March 7, 2007

**VIA FACSIMILE AND U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

I write to address your March 6, 2006 e-mail asserting that the parties had a Rule 26(f) conference on March 2, 2007, and therefore discovery may now proceed. There was not and could not be a Rule 26(f) conference for several reasons.

First, there could not be a Rule 26(f) conference because one of the parties, Casio Computer Co., Ltd., refused to participate. At our March 2, 2007 conference, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio Japan. When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question. When we asked if you knew any of the details concerning Casio Japan's electronic information and computer systems, you stated that you could not and would not provide that information. Accordingly, there was not and could not be a Rule 26(f) conference given that the required topics for any such conference, such as the scope of each party's electronic discovery, could not be addressed. Furthermore, Local Rule 16.3(a) clearly anticipates that if all parties cannot participate at a Rule 26(f) conference, the conference should be continued until such time all parties are served. Here, Casio Japan has not yet been served because your firm has refused to accept service on behalf of Casio Japan. As a result, Papst Licensing has been forced to effectuate service through the months long Hague Service Convention procedure. Because the Affidavit of Rick Hamilton clearly demonstrates



EXHIBIT
A

Jeffrey Gold                                                        March 7, 2007
                                                                   Page 2

that Papst Licensing has diligently pursued its service of Casio Japan, any delays in service are the fault of your firm, not Papst Licensing.

Second, Papst Licensing never agreed that the March 2, 2007 telephone conference would in fact be a Rule 26(f) conference. Instead, Papst Licensing participated on March 2, 2007 to listen to proposals that Casio Inc. had concerning scheduling, to ask questions related thereto, and to request a two-month extension of any Rule 26(f) conference and the initial case management conference. If Casio Inc. had actually intended for the March 2, 2007 conference to be a Rule 26(f) conference, it would have sent a proposed case management plan in advance of the conference. In fact, Papst Licensing specifically asked you by e-mail on March 1, 2007 and early on March 2, 2007 if there were any materials that you wanted Papst Licensing to review before the conference. Because Casio Inc. sent no proposed case management plan or any other materials in advance of our March 2, 2007 conference, there was clearly no expectation on behalf of the parties that anything other than a preliminary discussion would occur.

Therefore, the parties have not yet conducted a Rule 26(f) conference, your March 2, 2007 service of discovery was premature and not permitted under the Federal Rules of Civil Procedure.

By: _____
    Joseph E. Cwik

JEC/pm
cc:     Jerold B. Schnayer

## Killefer, Campbell

| | |
|---|---|
| **From:** | Cwik, Joseph [jecwik@welshkatz.com] |
| **Sent:** | Tuesday, March 06, 2007 9:59 AM |
| **To:** | jgold@morganlewis.com |
| **Cc:** | Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com |
| **Subject:** | RE: Casio Inc. Discovery Requests |

Jeff,


Jeff,

Our telephone conference on March 2, 2007 was not a final Rule 26(f) conference given that
one of the Counter-Defendants, Casio Computer Co., Ltd. refused to participate. Until we
have completed the Rule 26(f) conference, it is not proper to serve discovery, and we
consider Casio Inc.'s First Set of Interrogatories and First Set of Requests to Produce
withdrawn.

Regards,
Joe

Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501


-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Monday, March 05, 2007 2:49 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; sstimpson@morganlewis.com
Subject: Re: Request to Extend Time for Case Management Conference




Joseph,

We have the following responses to your email, following our 26(f) conference on Friday:

1)     We would not oppose a two week postponement of the hearing now set
for March 20th as long you will agree to the following:

.      a.     This postponement will not effect the timeframe for Papst's
responses to Casio, Inc.'s discovery requests.  They were served on your DC counsel by
hand on Friday making responses due on April 2, 2007;
       b.     You will provide us with copies of the Hague convention
service
papers you claim to have served on Casio Japan so we can verify that you have actually
begun the process; and
       c.     You will not seek any further postponements of the Initial
Scheduling Conference is this case.

2)     A draft 26(f) report is in the works and will be forwarded to you
in
due course.

3)     No part of any discussions we had during the 26(f) conference, or

1

since then, has been on behalf of anyone other than Casio, Inc.

4)    Regarding your requests to identify the specific details of the
Casio, Inc., Casio Japan and any "related entities" computer systems, such a request is
beyond the scope of a 26(f) conference.  That said, in the spirit of cooperation and with
the expectation that Papst will respond with information about its systems, Casio Inc. has
a Windows based email server that contains about 50 GB of emails and a Windows based file
and print sharing server with about 200 GB of data from about 400 users.  It would be
Casio Inc.'s position that most of this information would be completely irrelevant to this
litigation.  If you believe you are entitled to any more information about Casio Inc.'s
system or any specific discovery, please serve a discovery request and we will consider
it.

Regards.

_____
Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113


            "Cwik, Joseph"

            <jecwik@welshkat

            z.com>
To
                                    jgold@morganlewis.com,

            03/02/07 06:06          sstimpson@morganlewis.com

            PM
cc
                                    "Killefer, Campbell"

                                    <CKillefer@Venable.com>, "Sliwinski,
                                    Cynthia" <csliwinski@welshkatz.com>,
                                    "Schnayer, Jerold"

                                    <jbschnayer@welshkatz.com>


Subject

                                    Request to Extend Time for Case

                                    Management Conference


2

Jeff,

This will confirm the telephone conference with us today.   We asked you
for a two month extension of time for the Case Management Conference given that one of the
parties, Casio-Japan, is not represented and has not yet been served. You declined this
extension request. When we asked if you would agree to any extension, you replied that you
would need to speak to your client first and would provide us with a response by early
next week.

Please let us know your client's response on this issue as soon as possible.


As for the other issues you did mention today, you stated that you could not and would not
speak on behalf of one of the parties in this case, Casio-Japan.  When we asked if Casio
Japan agreed to each of your case management proposals, you indicated that you could not
and would not answer that question.  You also stated that you would soon provide us with
your written proposal for a Rule 26(f) report.

As we asked you today, please provide us with a detailed description of all potentially
relevant computer systems and databases that are and have been used by Casio Inc., Casio
Japan and all related entities so that any electronic discovery proposal can be considered
in an actual factual context.  Also, please provide us with a detailed description of the
size of the potentially relevant data for each of those corresponding databases or
computer systems.

Regards,

Joe
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Direct Phone: (312) 526-1622
Fax (312) 655-1501




DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original message.

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**Jeffrey M. Gold**
212.309.2113
jgold@morganlewis.com

April 12, 2007

<u>**VIA ELECTRONIC MAIL**</u>

Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL  60606-3912

Re:    <u>Casio Inc. v. Papst</u>

Dear Joe:

This letter addresses the exchange of information the parties agreed to at the teleconference of April 6, 2007.  As we have discussed in the past, it is Casio's position that the 26(f) Conference was held in this case on March 2, 2007 and that Papst's continued failure to respond to our discovery requests is in direct violation of the Court's Order and the Federal Rules of Civil Procedure.

That said, we provide the following information in the spirit of cooperation in hopes that Papst will finally provide comments to our proposed 26(f) Report, which we first forwarded to you on March 9, 2007.  Further inquiries may be addressed in formal interrogatories and document requests.

<u>Casio Japan's Electronic Documents:</u>

The following sets forth our general understanding about how Casio Japan stores its electronic information.

1)    There is no set email system used by all Casio Japan personnel. The design personnel generally use "AL-Mail" and most others use MS Outlook.

2)    The Digital Camera division has its own server, and documents on that server are shared with personnel in that division.  Most documents are created using Microsoft applications, such as Word, Excel, etc.

1-NY/2166543.1



**Morgan Lewis**
COUNSELORS AT LAW

Joseph E. Cwik
April 12, 2007
Page 2

3)    There are no backup tapes for the Casio servers, but instead there are multiple servers (one serving as a backup in case the primary server runs into trouble).

<u>Casio Inc's Electronic Documents:</u>

The following sets forth our general understanding of how Casio Inc. stores its electronic information.

1)    Casio Inc. has a Windows based email server that contains about 50 GB of emails

2)    Casio Inc. has a Windows based file and print-sharing server with about 200 GB of data from about 400 users.

Sincerely,

Jeffrey M. Gold

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 13, 2007

<u>VIA E-MAIL & U.S. MAIL</u>
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:  <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

Pursuant to our previous agreement to exchange information today regarding each party's computer systems and applications, please be advised that Papst Licensing possesses a small number of personal computers that may contain electronic information relevant to the current litigation. The applications existing on these personal computers are Microsoft Windows XP, Word, Excel, Outlook, Internet Explorer and Vista. Potentially relevant information may also exist on a Papst Licensing server. Papst Licensing estimates that there may be around 5 gigabytes of potentially relevant electronic information.

By:  *Joseph E. Cwik*

Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
       Campbell Killefer

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, PH.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM. PH.D.
JAMES B. RADEN
———
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 2, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

      Re:   <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

    In response to your letter of March 30, 2007, we believe it is improper for Casio US and Casio Japan to continue to refuse to participate in a Rule 26(f) conference. Given that it is our understanding that Casio Japan will be filing a responsive pleading today and that Papst Licensing will require time to review that pleading, we again request that all parties participate in a preliminary Rule 26(f) conference soon and suggest that this conference occur on Friday, April 6, 2007 at 10:00 a.m., Chicago time. If this date is unacceptable, please provide us with alternative dates on which Casio US and Casio Japan would both be available for a preliminary Rule 26(f) conference.

    As for Casio US's discovery requests, they are premature without a proper Rule 26(f) conference, and Papst Licensing considers them not served until the day the parties complete a proper Rule 26(f) conference.

    We are also confused by your argument that Casio US and Casio Japan cannot discuss certain electronic issues until Papst Licensing first issues its discovery requests. By rule, discovery cannot issue until the Rule 26(f) conference is first completed. Furthermore, as a well experienced patent litigation law firm, your firm must be aware of the types of discovery that are typically sought in patent litigation. This discovery includes documents concerning validity,

WASHINGTON OFFICE
CRYSTAL PLAZA ONE · SUITE 311 · 2001 JEFFERSON DAVIS HIGHWAY · ARLINGTON, VIRGINIA 22202-3603 · TELEPHONE (703) 415-4777



EXHIBIT

C

Jeffrey Gold                                                          April 2, 2007
                                                                        Page 2

infringement, enforceability, willfulness, damages, potentially accused products, sales of accused products, Casio's alleged prior art, etc.   Accordingly, we again request that Casio Japan and Casio US agree to participate, and be fully prepared at the Rule 26(f) conference to discuss all potential electronic discovery issues.  In particular, we request that Casio Japan and Casio US be fully prepared to discuss (1) the details of each party's information systems, (2) the types of potentially relevant electronic information stored on each system, (3) the volume of potentially relevant electronic information stored on each system, (4) the applications that have run and/or displayed each type of potentially relevant electronic information, (5) the forms in which each type of electronic information might be produced, (6) the identification of those individuals potentially possessing relevant electronic information, and (7) the identification of those individuals at Casio Japan and Casio US with specialized knowledge of their respective computer systems.  *See,* Advisory Committee Notes to Rule 26(f) noting the need address the above topics.

        Accordingly, please advise as to your availability for a preliminary Rule 26(f) conference this Friday, April 6, 2007 at 10:00 a.m., Chicago time.

        Finally, as a house keeping matter, please direct all future correspondence to the following e-mail addresses:

        jbschnayer@welshkatz.com
        jecwik@welshkatz.com
        csliwinski@welshkatz.com
        ckillefer@venable.com

                                        By:

                                            Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
        Campbell Killefer

# WELSH & KATZ, LTD.

*Attorneys at Law*

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

120 South Riverside Plaza · 22nd Floor
Chicago, Illinois 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN
———
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
———
OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.
———
DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 20, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

You previously indicated that it would be helpful to the parties' Rule 26(f) conference if Casio understood the types of discovery that Papst Licensing intended to pursue. Accordingly, we hereby submit to you Papst Licensing's requests with the understanding that they will not be considered served until such time as the parties complete the Rule 26(f) conference.

By:    Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
       Campbell Killefer

EXHIBIT

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN
—
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 9, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

Thank you for your phone call on April 6, 2007 wherein the parties were able to discuss the Rule 26(f) issues on a preliminary basis. As we agreed, the parties will exchange further information regarding each party's computer systems and programs on April 12, 2007. This information should further aid the parties in carefully developing a litigation schedule. We have further agreed to reconvene the Rule 26(f) conference on April 16, 2007 at 2:00 p.m., Chicago time.

At the conference, we asked you several questions relevant to developing a carefully considered litigation schedule. At that time, you were unable to provide answers to several of our questions. We ask that you please provide us with answers to these questions before our next meeting on April 16, 2007:

1.    What are the names of all the Casio companies (or third-parties) that were involved in the design and development of each Casio Digital Camera?

2.    What are the names of all the Casio companies (or third-parties) that were involved in the manufacture of each Casio Digital Camera?

EXHIBIT
E

Jeffrey Gold                                                    April 9, 2007
                                                               Page 2

3.    What are the names of all the Casio companies (or third-parties) that were involved in the sale or offer for sale of each Casio Digital Camera worldwide?

4.    Are both Casio Japan and Casio U.S. willing to voluntarily (and without third-party subpoena) produce relevant information and witnesses from all of their parent companies, sister companies, subsidiaries, predecessors, successors in interest, related entities, any person employed by any of these entities, and all of Casio's agents and representatives (including but not limited to its attorneys, accountants, and consultants)?

5.    Is all of Casio Japan's and Casio U.S's potentially relevant electronic information "reasonably accessible" as that term is used in Fed.R.Civ.P. 26?

6.    What are the names, titles and employers of those individuals at Casio Japan and Casio U.S. who have specialized knowledge of each respective party's computer systems, applications and potentially relevant electronic information?

We appreciate your anticipated cooperation on this issue, and are still hopeful that this process can result in a good faith attempt to agree on most, if not all, Rule 26(f) issues.

We look forward to your response.

By: _____

Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
       Campbell Killefer

## Cwik, Joseph

| | |
|---|---|
| **From:** | Cwik, Joseph |
| **Sent:** | Monday, April 09, 2007 11:34 AM |
| **To:** | 'jgold@morganlewis.com'; 'sstimpson@morganlewis.com'; 'lkrawczyk@morganlewis.com'; 'jkfee@morganlewis.com' |
| **Cc:** | Schnayer, Jerold; Sliwinski, Cynthia; Killefer, Campbell |
| **Subject:** | RE: Casio v. Papst |
| **Attachments:** | gold4-9.pdf |

Jeff,

Please note that our next meeting is scheduled for April 18, 2007 at 2:00 p.m., Chicago time.  Not April 16, 2007 as indicated in my letter.

Sorry for the confusion.

Regards,
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**

**From:** Cwik, Joseph
**Sent:** Monday, April 09, 2007 11:16 AM
**To:** 'jgold@morganlewis.com'; sstimpson@morganlewis.com; lkrawczyk@morganlewis.com; jkfee@morganlewis.com
**Cc:** Schnayer, Jerold; Sliwinski, Cynthia
**Subject:** Casio v. Papst

Please see attached.

Regards,
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, PH.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL H. VARGO, PH.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, PH.D.
JAMES B. RADEN
———
RICHARD J. GURAK
DANIEL H. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, PH.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
———
OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, PH.D.
LAURA A. LABEOTS, PH.D.
———
DONALD L. WELSH (1928-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 18, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re: <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

We are disappointed that you called this morning to state that you were unilaterally cancelling our previously agreed upon continuation of the Rule 26(f) conference scheduled to occur today. As we understand it, you are unwilling to participate in today's conference because you have not yet received Papst Licensing's formal proposals for the Rule 26(f) report.

However, at this time, you also indicated that you are unwilling to discuss many of the Rule 26(f) issues that will help the parties develop a carefully developed scheduling plan. Specifically, you told me for the first time that you are unwilling to discuss the following questions that we previously proposed be discussed at today's conference:

1. What are the names of all the Casio companies (or third-parties) that were involved in the design and development of each Casio Digital Camera?

2. What are the names of all the Casio companies (or third-parties) that were involved in the manufacture of each Casio Digital Camera?



Jeffrey Gold

April 18, 2007
Page 2

3.    What are the names of all the Casio companies (or third-parties) that were involved in the sale or offer for sale of each Casio Digital Camera worldwide?

4.    Are both Casio Japan and Casio U.S. wiling to voluntarily (and without third-party subpoena) produce relevant information and witnesses from all of their parent companies, sister companies, subsidiaries, predecessors, successors in interest, related entities, any person employed by any of these entities, and all of Casio's agents and representatives (including but not limited to its attorneys, accountants, and consultants)?

5.    Is all of Casio Japan's and Casio U.S's potentially relevant electronic information "reasonably accessible" as that term is used in Fed.R.Civ.P. 26?

6.    What are the names, titles and employers of those individuals at Casio Japan and Casio U.S. who have specialized knowledge of each respective party's computer systems, applications and potentially relevant electronic information?

As we discussed with you previously, answers to each of these questions are needed to provide you with an informed proposal as to how long discovery should take and how electronic discovery will be handled in this case.

Since you refuse to provide us with the requested information, we have no choice but to try to prepare a plan without your information. We will do so in the next few days, send it to you and then ask for a further meeting to try to amicably resolve our differences.

By:    Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
       Campbell Killefer

## Cwik, Joseph

| | |
|---|---|
| **From:** | Cwik, Joseph |
| **Sent:** | Wednesday, April 25, 2007 1:55 PM |
| **To:** | jgold@morganlewis.com; sstimpson@morganlewis.com; lkrawczyk@morganlewis.com; jkfee@morganlewis.com |
| **Cc:** | Schnayer, Jerold; Sliwinski, Cynthia; Killefer, Campbell |
| **Subject:** | Casio v. Papst |
| **Attachments:** | 26_f_ Report-Papst-4-25-tracked.pdf |

Jeff,

Attached are Papst Licensing's current proposals for the Rule 26(f) report.

Please advise as to when you could be available next week for a teleconference to see if we can reach further agreements pursuant to Rule 26(f).

Regards,
Joe

**Joseph E. Cwik**
**Welsh & Katz, Ltd.**
**120 S. Riverside Plaza, 22nd Floor**
**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**



EXHIBIT

G

4/30/2007

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

Attorneys for Plaintiff
Casio Inc.

Campbell Killefer
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Attorneys for Papst Licensing GmbH & Co. KG

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | **Case No. 1:06-CV-01751** |
| **Plaintiff** | |
| **v.** | |
| **PAPST LICENSING GMBH & CO. KG** | **Judge Gladys Kessler** |
| **Defendant.** | |
| PAPST LICENSING GMBH & CO. KG, Counter-Plaintiff | |
| v. | |
| CASIO INC. and CASIO COMPUTER CO., LTD. | |
| Counter-Defendants | |

## 26(f) CONFERENCE REPORT

This report summarizes the Rule 26(f) ~~March 2, 2007~~ teleconferences held between ~~Plaintiff~~ Casio Inc., Casio Computer Co., Ltd. (hereinafter collectively "Casio") and Papst

Licensing GMBH & Co. KG ("Papst Licensing"). Pursuant to the Court's local rule LCvR 16.3,

the parties discussed the following items and reached the following agreements:

1.          Whether the case is likely to be disposed of by dispositive motion; and whether, if
a dispositive motion has already been filed, the parties should recommend to the court that
discovery or other matters should await a decision on the motion.

          Casio proposesThe parties agree that this case is not likely to be disposed of by

dispositive motion at least until fact discovery can be completed. Papst Licensing proposes that

this case is not likely to be disposed of by dispositive motion at any time.

2.          The date by which any other parties shall be joined or the pleadings amended, and
whether some or all the factual and legal issues can be agreed upon or narrowed.

          Casio Inc. proposes that procedural motions, including motions to amend the

pleadings and motions to join additional parties must be filed no later than April 30, 2007, unless

good cause is shown. Papst Licensing proposes that the parties shall be free to join parties and

amend their pleadings at any time upon appropriate motion before the Court. Papst Licensing

respectfully submits that setting a deadline is particularly inappropriate in this case given that

fact discovery will likely lead to information demonstrating that additional Casio entities are

liable for patent infringement and should be parties to this action. In addition, The parties agree

Casio Inc. proposes that the legal and factual issues cannot be narrowed at this time.

3.          Whether the case should be assigned to a magistrate judge for all purposes,
including trial.

          The parties preliminarily agree that this case should not be assigned to a

magistrate judge for any purpose, including trial.

4.          Whether there is a realistic possibility of settling the case.

Casio's position: The parties are very far apart with respect to settlement at this time.

Papst Licensing's position: Papst Licensing believes that this can be settled soon. Papst Licensing provided a written settlement offer to Casio U.S. and Casio Japan, but received no written response in return.

5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i)  the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)  whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Casio ~~Inc.~~ proposes Mediation after the close of discovery.  Casio ~~Inc.~~ further proposes that an independent mediator be used.  Papst Licensing proposes Mediation as soon as possible.  Both parties agree that the case is not amenable to arbitration.

6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Casio ~~Inc.~~ proposes that this case could be resolved by summary judgment after the close of fact discovery.  Papst Licensing proposes that this case is not likely to be disposed of by dispositive motion at any time.  Papst Licensing proposes that no deadline for dispositive motions is required.

7.        Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.F.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Casio ~~Inc.~~ proposes that initial disclosures are necessary and that these be served on March 30, 2007.  Casio ~~Inc.~~ does not propose any changes to the scope, form or timing of these disclosures.   Papst Licensing agrees that Rule 26(a)(1) disclosures are necessary, but proposes that they be exchanged on June 4, 2007.

8.        The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree ~~Casio Inc. proposes~~ that discovery is needed on all the separate causal actions in this case (*e.g.*, invalidity and non-infringement).  Casio ~~Inc.~~ proposes that fact discovery close on December 11, 2007 and that expert discovery close on June 16, 2008.  Casio ~~Inc.~~ further proposes that a Protective Order is necessary and appropriate to govern confidentiality matters in the case.  Casio ~~Inc.~~ will provide a draft protective order to Papst for consideration in advance of the March 20, 2007 Scheduling Conference.

    Papst Licensing proposes that fact discovery close on June 9, 2008.  This is a complex case that will extensive international discovery from Papst Licensing located in Germany, the inventor is located in Germany, and Casio Japan and its related entities are located in Japan and other countries in the Far East.  It has been difficult for Papst Licensing to determine an

appropriate fact discovery deadline because Casio has been unwilling to provide Papst Licensing with many details regarding potential discovery from Casio in this action.     Thus, Papst Licensing reserves the right to request additional time for fact discovery should it become necessary. Papst Licensing agrees that a Protective Order is appropriate to govern confidentiality matters in the case.

9.          Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

Casio ~~Inc.~~ proposes that opening expert reports are due on February 15, 2008 and that rebuttal expert reports are due on March 17, 2008.  All experts will be deposed and expert discovery will close on June 16, 2008.

Papst Licensing proposes the following schedule with respect to experts:

(a).     the party bearing the burden of proof with respect to any claims and defenses shall disclose the name, address, and curriculum vita of all expert witnesses, and shall serve the reports required by Fed. R. Civ. P. 26(a)(2) no later than August 8, 2008.  To avoid any uncertainty on the patent validity issue, Casio US and Casio Japan will serve any expert reports relating to any objective indicia of non-obviousness at this time.

(b.)     The name, address, and curriculum vita of any expert witnesses offering opinions in response  to any reports described in paragraph (a.) above and the corresponding responsive report(s) governed by  Fed. R. Civ. P. 26(a)(2), shall be served no later than September 8, 2008. Papst Licensing will serve any expert reports relating to Casio US' and Casio Japan's alleged objective indicia of non-obviousness at this time.

(c.)     The name, address, and curriculum vita of all expert witnesses offering opinions solely to rebut evidence  raised in response to the responsive reports discussed in paragraph (b.)

above, as well as the corresponding rebuttal report(s) governed by Fed. R. Civ. P. 26(a)(2), shall be served no later than October 8, 2008.

(d)    The depositions of all experts shall begin on October 8, 2008, and be completed by November 7, 2008.

10.        Class Actions: N/A

11.        Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties disagree as to whether damages and willfulness should be bifurcated from the liability phase of trial.

Casio Inc. proposes that (a) there be a separate trial on the issue of damages and willfulness, after liability is decided; and (b) that the Court stay discovery as to damages and willfulness pending a determination of liability.

Casio has failed to satisfy its burden that bifurcation of this action is necessary. More importantly, Papst Licensing will be greatly prejudiced if bifurcation is granted. Among other things, the final and complete resolution of this matter will be delayed, and Papst Licensing will be forced to incur substantial additional cost and time to conduct two separate phases of discovery and two separate trials before two separate juries. This is especially true in this case where the vast majority of potential fact witnesses reside overseas.

The decision whether to bifurcate a patent case is left to the discretion of the trial court, and the party seeking bifurcation has the burden of showing bifurcation is appropriate. *Innovative Office Products. v. SpaceCo.* 2006 U.S.Dist.LEXIS 29439, *3 (E.D.Pa. 2006); *Mellon*

*v. Beecham Group PLC*, 17 U.S.P.Q.2d 1149, 1154 (D.N.J. 1989)("The parties seeking bifurcation have the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.") Indeed, bifurcation "is not the usual course that should be followed." *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D.Ga. 1989)

Bifurcation is not appropriate when issues and evidence overlap. *Monaghan v. SZS 33 Assocs.*, 827 F.Supp. 233, 245 (S.D.N.Y. 1993). Here, several issues in this case overlap rendering bifurcation inappropriate. In *THK Am. v. Nippon Seiko KK.*, 141 F.R.D. 463, 464 (N.D.Ill. 1991), the court specifically addressed the concern about overlapping liability and damages issues and the resulting need to present evidence twice to two separate juries:

> Plaintiff correctly argues that the damages trial cannot be conducted in an evidentiary vacuum. A jury will have to be familiar with the patents at issue, the products, and the linear guide industry itself. Therefore, much of the evidence that can be expected to be introduced in a trial on damages will duplicative of the evidence that can be expected to be presented in a trial on liability. If the case were bifurcated, it would be necessary to revisit the testimony and demonstrative evidence that previously had been used to explain to the liability jury, *to-wit*, what linear guides are, how they operate, how they are made, used, sold and other basic information. It goes without saying that if proof overlaps substantially, the parties, the witnesses, and the Court would be inconvenienced by the presentation of the same evidence several times.

*THK Am. Inc. v. NSK Co.*, 151 F.R.D. 625, 630 (N.D.Ill. 1993).

Here, as in the *THK Am. (NSK)* case, having two separate trials before two separate juries would require substantial duplication in terms of presenting evidence at trial and offering testimony of the same witnesses. Furthermore, given that two of the three parties in this action are foreign companies whose factual witnesses reside overseas (plus a third-party inventor in Germany), bifurcation would result in multiple depositions and trial appearances of the same foreign witnesses which will greatly burden the parties and counsel in terms of costs and time.

There is simply no need to travel overseas to depose the same individuals on multiple occasions. The most efficient course is for all the foreign factual witnesses to be deposed once. Furthermore, given the fact that discovery of third-party fact witness will likely have to achieved through the Hague Convention and the like, it is very possible that the parties will only be permitted by the international authorities to depose a third-party fact witness once.

Several other factual issues overlap in this action. Casio has alleged that each patent-in-suit is invalid under 35 U.S.C. § 103, or in other words, obvious in view of the prior art. Accordingly, evidence of commercial success may be used in liability phases of litigation to rebut Casio's defense of obviousness. To establish commercial success, Papst Licensing will need to rely upon the "the sales data of the infringing products, size of the market involved, market share, market share growth, and the extent to which market share is attributable to the merits of the claimed invention as opposed to extraneous factors, such as advertising and product promotion." *IPPV Enters. v. Cable/Home Commc'n Corp*, 26 U.S.P.Q.2d 1714, 1715 (S.D.Cal. 1993).

Evidence of commercial success is equally relevant to the issue of damages. Commercial success is one of the primary factors in determining a reasonable royalty. *See, Willemijn Houderstermaatschapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1434 (D.Del. 1989). The court in *THK Am. (NSK)* noted the substantial overlap, stating that:

> Evidence regarding commercial success of plaintiff's patented [invention] will be the same in significant respects as the evidence relating to damages and, therefore, ought to be presented once rather than twice. *THK Am. (NSK)*, 151 F.R.D. at 629.

There is also an overlap between liability and willfulness issues and evidence in this case. Courts have held that the question of whether an infringement was willful touches upon *both*

liability and damages. *See Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F.Supp. 374, 375 (N.D.Ill. 1991). For instance, evidence of copying is relevant to both validity and willfulness. *THK Am. (NSK)*, 151 F.R.D. at 630.

Moreover, only the fact finder concerning liability issues can appropriately put the nature of Casio's infringement in the proper context to determine if that infringement was willful. *See Kimberly-Clark*, 131 F.R.D. at 609. ("[T]he willfulness determination, *i.e.*, the defendant's state of mind when it infringed the patent, is a finding of fact inextricably bound to the facts underlying the alleged infringement.")(citing *Smith v. Aleyska Pipeline Serv. Co.*, 538 F.Supp. 977, 986 (D.Del. 1982), *aff'd.*, 758 F.2d 668 (Fed.Cir. 1984); *Keyes Fibre*, 763 F.Supp. at 375 ("The evidence relating to [defendant's] state of mind when it committed the infringement, which is clearly relevant to damages, cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place.") Indeed, as one court has observed:

> Merely apprising the damages jury of the liability jury's determination that a particular party's conduct was willful will not inform them of the degree of willfulness. Consequently, the damages jury will be without the necessary factual predicate upon which to assess damages for willful conduct. And if the parties were required to provide the necessary factual predicate to the damages jury, wasteful duplication of evidence and effort would occur, and the parties' litigation expenses would concurrently be increased.

*THK Am. (Nippon)*, 141 F.R.D. at 465. Having a single trial on all issues, including liability and willfulness, would avoid the inefficient and costly duplication of two separate trials before two different juries.

Considering whether separate trials will unduly prejudice the nonmoving party is paramount. *See. H.B. Fuller Co. v. Nat'l Starch & Chem. Corp.*, 595 F.Supp. 622, 625

(D.Del. 1984); *Calmar v. Emson Research Inc.*, 850 F.Supp. 861, 866 (C.D.Cal. 1994); *Keyes Fibre*, 763 F.Supp. at 375.  Indeed, "[e]ven when bifurcation has been found to promote judicial economy, courts have refused to order separate trials if bifurcation would result in unnecessary delay, additional expenses, or some other form of prejudice. *See Willemijin*, 707 F.Supp. at 1433.

Casio's proposed bifurcation will severely prejudice Papst Licensing because it would unnecessarily delay a final resolution of Papst Licensing's claims.  The *Willemijin* court stated, "[a]s plaintiff has correctly indicated, prejudice under these circumstances may simply amount to unfair delay of the final disposition of the matter." *Id.*  This prejudice would be further exacerbated if Casio appeals an adverse decision on liability, because final resolution of the case will be further delayed.  *See* 28 U.S.C. § 1292(c)(2). The delay alone establishes prejudice to Papst Licensing.  Therefore, for all the reasons discussed above, Casio has not and cannot meet its burden to demonstrate that bifurcation is appropriate.

~~Papst Licensing GMBH & Co. KG proposes that damages and willfulness should not be bifurcated from the liability phase of discovery and trial.~~

12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Casio ~~Inc.~~ proposes that the pretrial conference take place on September 15, 2008.

Papst Licensing proposes that the pretrial conference take place on January 8, 2009.

13.        Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree~~Casio Inc. proposes~~ that the court shall set a trial date at the pretrial conference that will be 30 to 60 days after that conference.

14.        Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

See list of additional matters below.

**ADDITIONAL MATTERS DISCUSSED AT 26(f) CONFERENCE**

1.    **DISCOVERY:** The parties agree~~Casio Inc. proposes~~ that attorney-work product and attorney-client privileged materials created by counsel after the Complaint was filed by Casio Inc. are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests, except for those materials addressed in paragraph 6 below~~.~~

2.    **SCHEDULING:** Casio Inc. proposes that this case be considered a complex litigation due to the involvement of foreign entities and that the case will require approximately 18 months to be ready for trial. Papst Licensing agrees that this case should be considered a complex litigation and that the case will approximately be ready for trial approximately 8 months after the close of fact discovery~~.~~

3.    **SERVICE:** The parties agree on ~~Casio Inc. proposes~~ e-mail service of documents, excluding large appendices. ~~In order for e-mail service to be effective on the day after receipt, the e-mail must be sent on or before 11:59 p.m. of the previous day. Casio Inc. proposes~~ The parties agree that documents will~~be~~ served in PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format. Any large appendices will be sent by overnight delivery~~Federal Express~~ for next day delivery. Service will not be considered achieved until the date the complete document, including all appendices and exhibits, is actually received by both local and trial counsel for the opposing party.

4.    **EXPERT REPORTS:** Casio ~~Inc.~~ proposes that no draft expert reports will be discoverable.

Papst Licensing proposes the following stipulation concerning expert discovery:

a.    The parties agree the following categories of information are protected, outside the permissible scope of discovery and not a proper subject or basis of questions during deposition:

1.    Except as provided below, any correspondence or other communications (whether oral or written) between the expert and attorneys for the party offering the testimony of such expert witness, except the nature of the compensation arrangement with the expert witness.

2.    Preliminary, intermediate or draft opinions prepared by, for or at the direction of an expert witness.

3.    Except as provided below, notes of the expert that are not part of the expert report.

b.    Notes, writings, documents, and oral or written communications that are relied on by the expert in connection with the expert's opinions in this matter are not outside the scope of permissible discovery.

c.    To the extent that any part of this Stipulation waives disclosure requirements under Fed. R. Civ. P. 26(a)(2)(B), the parties agree to such waiver.

5~~7~~.    **EDISCOVERY:** Casio's Statement: The parties discussed ediscovery. Casio Inc. suggested two options for production of documents, TIFF format or native format. Casio

Inc. proposes that the parties produce Bates numbered TIFF images of native files. Files that are not amenable to TIFF format will be produced in native format. In order to produce the TIFF images, the parties will give a reputable vendor their native files burned to a DVD and the vendor will create the images, consecutively Bates number the documents and keep track of document breaks and source information. Such information will be produced by each party with the corresponding TIFF images. If a printout is unreadable, it will be produced in native format. Production in TIFF format is more efficient since the bates numbers allow the parties to track where a file came from. The parties can also choose to create a searchable database which can be imported into Concordance or other document viewing software.

Papst Licensing's Position:

Papst Licensing proposes the following:

I.    Format of Production

(a).    The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation or Concordance load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

(b).    Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files the documents are located. The parties

shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf"
format.

   (c).    Each page of a produced document shall have a legible, unique page identifier
("Bates Number") and confidentiality legend (where applicable) on the face of the image at a
location that does not obliterate, conceal, or interfere with any information from the source
documents.  No other legend or stamp will be placed on the document image other than the Bates
Number, confidentiality legend (where applicable), and redactions addressed above.

   (d).    For redacted documents, the metadata for each document will indicate the basis
for the redaction at the time the redacted document is produced.

   II.    Metadata

   To the extent possible and practicable, the parties will provide the following metadata
fields:

   (a)    Electronic document type;
   (b)    Create date;
   (c)    File name;
   (d)    File location;
   (e)    Source location;
   (f)    Starting production number;
   (g)    Ending production number;
   (h)    Custodian;
   (i)    Last date modified;
   (j)    Author;
   (k)    Recipient(s);
   (l)    Document date (if different from create date);
   (m)    cc(s);
   (n)    bcc(s);
   (o)    Subject;
   (p)    Title; and
   (q)    Attachment information (for e-mails).

   If a party determines that it is impossible to produce certain metadata fields for a type or
types of documents, the party shall so inform opposing counsel.  If a party determines that the

production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

~~8.    Papst Licensing GMBH & Co. KG stated that Casio Japan's position needed to be discussed at the 26(f) conference and that counsel for Casio Inc. would not speak on behalf of Casio Japan at the 26(f) Conference.~~

~~Casio Inc. states that Casio Japan is not yet a party to this litigation as they remain unserved and therefore, Casio Japan's position did not need to be discussed at the 26(f) Conference that took place on March 2, 2007.~~

6.    Papst Licensing proposes that no later than June 2, 2007, Casio Japan and Casio U.S. will inform Papst Licensing in writing if each of them elects either that they (1) they will rely on an opinion of counsel concerning the issue of willful infringement; or (2) will contend that they are not liable to Papst Licensing concerning the issue of inducement of patent infringement.

This procedure is required because the opinions of counsel received by Casio Japan and Casio U.S. may be discoverable as a result of defenses that Casio Japan and Casio U.S. may pose regarding willful infringement.   Generally, where a potential infringer has actual notice of another's patents rights, he has an affirmative duty of due care to respect those rights.  *Ryco Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1428 (Fed.Cir. 1988).  The duty of care often involves the potential infringer obtaining complete legal advice before engaging or continuing allegedly

infringing activities. *Ryco*, 857 F.2d at 1428. A party that seeks and follows advice of counsel may assert reliance on that advice as evidence that it did not breach its duty to respect the patent rights.

When good faith reliance on advice of counsel is asserted to defend against a charge of willful infringement, the assertion waives any attorney client privilege with respect to that advice. *Abbott Labs v. Baxter Travenol Lab*, 676 F.Supp. 831, 832 (N.D.Ill. 1987). Moreover, a party cannot claim reliance on advice of counsel and, at the same time, conceal the full nature and extent of that advice. *Id.* at 833. Therefore, when reliance on advice of counsel is asserted, the waiver is complete, and extends to all communications on that subject matter. *Id.* at 832. Therefore, if Casio Japan or Casio U.S. injects into this case an allegation that it relied on advice of counsel, it must be done on June 2, 2007, so that all communications and/or privilege logs on the same subject may be discovered during fact discovery. *Belmont Textile Mach. v. Superba, S.A.*, 48 F.Supp.2d 521, 523-24 (W.D.N.C. 1999).

Also at issue in this case is whether Casio Japan or Casio U.S. actively induced other to infringe the patents in suit. Active inducement occurs when one party, who does not directly infringe the patent, nevertheless induces another to directly infringe the patent with knowledge that it is inducing actual infringement. *DSU Medical v. JMS Co.*, 471 F.3d 1293 (Fed.Cir. 2006)("[t]he plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.") Therefore, Casio Japan's and Casio U.S.'s knowledge of the at-issue patents, and its understanding of whether the actions that induced its customers to make would infringe the patents at issue, are highly relevant to this case.

Allowing Casio Japan and Casio U.S. to withhold this discoverable information until the end of the discovery period would add to the cost of the litigation. If opinions are first disclosed after the depositions of fact witnesses have been completed, Papst Licensing will likely be forced to conduct a second round of depositions, at least including the recipients of the opinions, or those who are alleged to have acted in reliance on the opinions. To avoid re-deposing witnesses, Casio Japan and Casio U.S. should be required to make its election before depositions begin. Furthermore, given the need in this case for international discovery through the Hague Convention and the like, it is very possible that the parties will be allowed to only depose third-party fact witnesses once, which further supports an early election in this case.

Further, delaying discovery on these issues will have the effect of cutting Papst Licensing off from any follow-up discovery, such as deposing the persons who requested, prepared, and received the opinions. Once again, the issue is the state of the mind of the corporations, which is determined by discovering the state of mind of the persons within the corporation. Documents may go a long way toward establishing the state of mind of Casio Japan and Casio U.S., but documents are unlikely to tell the full story. Papst Licensing should be allowed to take discovery on the issue of Casio Japan's and Casio U.S.'s state of mind throughout the discovery process. To achieve this end, it is respectfully requested that this Court require that no later than June 2, 2007, Casio Japan and Casio U.S. will inform Papst Licensing in writing if each of them elects either that they (1) they will rely on an opinion of counsel concerning the issue of willful infringement; or (2) will contend that they are not liable to Papst Licensing concerning the issue of inducement of patent infringement.

Dated this _____ day of _____, 2007

| | |
|---|---|
| J. Kevin Fee, Esq. | Campbell Killefer |
| Morgan, Lewis & Bockius LLP | ~~Attorneys for Defendant Papst~~ |
| 1111 Pennsylvania Avenue, NW | ~~Licensing GMBH & Co. KG~~ |
| Washington, D.C. 20004 | VENABLE LLP |
| Tel.: (202) 739-3000 | 575 7TH Street, N.W. |
| | Washington, D.C. 20004 |
| Scott D. Stimpson, Esq. (*pro hac vice*) | (202) 344-4000 |
| Jeffrey M. Gold, Esq. (*pro hac vice*) | |
| Morgan Lewis & Bockius LLP | Jerold B. Schnayer |
| 101 Park Avenue | Joseph E. Cwik. |
| New York, New York 1018-0060 | WELSH & KATZ, LTD |
| | 120 S. Riverside Plaza, 22nd Floor |
| Attorneys for Plaintiff | Chicago IL 60606 |
| Casio Inc. | Attorneys for Defendant/Counter-Plaintiff |
| | Papst Licensing GmbH & Co. KG |