J. Kevin Fee, Esq.
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 1018-0060
Tel.: (212) 309-6000

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel. 203-258-8412

Attorneys for Plaintiff and Counter- Defendant
Casio Inc. and Counter-Defendant Casio
Computer Co., Ltd

Campbell Killefer
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Attorneys for Papst Licensing GmbH & Co. KG

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**PAPST LICENSING GMBH & CO. KG**<br><br>**Defendant.**<br><br>————————————————<br>**PAPST LICENSING GMBH & CO. KG,**<br>**Counter-Plaintiff**<br>**v.**<br><br>**CASIO INC. and**<br>**CASIO COMPUTER CO., LTD.**<br><br>**Counter-Defendants** | **Case No. 1:06-CV-01751**<br><br><br><br>**Judge Gladys Kessler** |

## JOINT MEET AND CONFER STATEMENT

This report summarizes the meet and confer teleconferences held between Casio Inc.,

Casio Computer Co., Ltd. (hereinafter collectively "Casio") and Papst Licensing GMBH & Co.

KG ("Papst Licensing").  Pursuant to the Court's local rule LCvR 16.3, the parties discussed the

following items and reached the following agreements and disagreements:

1.      Whether the case is likely to be disposed of by dispositive motion; and whether, if a
        dispositive motion has already been filed, the parties should recommend to the court that
        discovery or other matters should await a decision on the motion.

        Casio believes that this case will be disposed of by dispositive motion.  Papst Licensing

proposes that this case is not likely to be disposed of by dispositive motion at any time.

2.      The date by which any other parties shall be joined or the pleadings amended, and
        whether some or all the factual and legal issues can be agreed upon or narrowed.

        The parties agree that the parties shall be free to join parties and amend their pleadings at

any time upon appropriate motion before the Court showing good cause.  The parties agree that

the legal and factual issues cannot be narrowed at this time.

3.      Whether the case should be assigned to a magistrate judge for all purposes, including
        trial.

        The parties preliminarily agree that this case should not be assigned to a magistrate judge

for any purpose.

4.      Whether there is a realistic possibility of settling the case.

        Casio's position: The parties are worlds apart with respect to settlement.  Casio

responded to Papst's proposed license agreement with a counter-proposal suggesting that it

would consider a royalty free license under Papst's patents.  At this point, Casio believes that

Papst's patents are being improperly asserted, and intends to vigorously pursue fees and costs.

<u>Papst Licensing's position:</u> Papst Licensing believes that this can be settled soon. Papst Licensing provided a written settlement offer to Casio U.S. and Casio Japan. In response, Casio raised the issue of a royalty free license, but never provided a written response to the offer. Papst Licensing believes that its patents are being infringed, and intends to pursue its counterclaims for infringement against Casio U.S. and Casio Japan.

5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

      (i)      the client's goals in bringing or defending the litigation;

      (ii)     whether settlement talks have already occurred and, if so, why they did not produce an agreement;

      (iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

      (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

      (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

      (iv)     whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

      (v)      whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Casio proposes that the case is more easily resolved by dispositive motion, as mediation is unlikely to provide any benefit at this time given how far apart the parties are on settlement. If the case is not resolved by dispositive motion, then mediation may make more sense at that time, at the close of fact discovery, or after the patent claims are construed by the Court.

Papst Licensing proposes Mediation as soon as possible.

Both parties agree that the case is not amenable to arbitration.

3

6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Casio proposes that this case can be resolved by summary judgment of non-infringement and/or patent invalidity.  This is particularly true in light of the new decision by the United States Supreme Court in *KSR Int'l Co. v. Teleflex Inc., et. al.*, No. 04–1350, 550 U.S. ___ (April 30, 2007).

Papst Licensing proposes that this case is not likely to be disposed of by dispositive motion at any time.

Papst Licensing and Casio propose that no deadline for dispositive motions is required.

7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree that initial disclosures are necessary, and have agreed to exchange them on June 4, 2007.  The parties do not propose any changes to the scope, form or timing of the initial disclosures.

8.       The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Casio proposal regarding scheduling:  Casio proposes that fact discovery should be scheduled to close on December 11, 2007 and that expert discovery close on June 16, 2008.  This is a relatively standard patent case, and contrary to the Papst position we see no reason why "international discovery" should make it any more complex, as most discovery will be from

4

parties to the case. While extensive discovery will be required from the alleged inventors, who are not parties, if Papst expects to bring the inventor to trial it should also provide discovery from him as needed, and so there should be no need for obtaining discovery through international treaties.

Papst proposal regarding scheduling:  Papst Licensing proposes that fact discovery close on June 9, 2008.  This is a complex case that will involve extensive international discovery from Papst Licensing located in Germany, the inventor is located in Germany, and Casio Japan and its related entities are located in Japan and other countries in the Far East.  It has been difficult for Papst Licensing to determine an appropriate fact discovery deadline because Casio has been unwilling to provide Papst Licensing with many details regarding potential discovery from Casio in this action.  Thus, Papst Licensing reserves the right to request additional time for fact discovery should it become necessary.

Protective order and scope of discovery:  Both parties agree that a Protective Order is necessary and appropriate to govern confidentiality matters in the case.  Casio will provide a draft protective order to Papst for consideration in advance of the May 14, 2007 Scheduling Conference.  The parties also agree that discovery is needed on all the separate causes of actions in this case (*e.g.*, invalidity and non-infringement), but disagree on whether damages and willfulness issues should be bifurcated (addressed below).

9.      Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

Casio's proposal regarding experts:  Casio proposes that opening expert reports be due on February 15, 2008 and that rebuttal expert reports be due on March 17, 2008.  All experts would be deposed and expert discovery would close on June 16, 2008.  Casio agrees with Papst's

5

proposals (a), (b), and (d) below, with the exception of the timing and the need for Casio to first provide a report on secondary considerations, although Casio is willing to provide secondation considerations of obviousness (not non-obviousness) at that time. Part (c) regarding rebuttal reports below is unnecessary and will needlessly extend the time for expert discovery.

Papst Licensing's proposal regarding experts: Papst Licensing proposes the following schedule with respect to experts:

(a).     the party bearing the burden of proof with respect to any claims and defenses shall disclose the name, address, and curriculum vita of all expert witnesses, and shall serve the reports required by Fed. R. Civ. P. 26(a)(2) no later than August 8, 2008. To avoid any uncertainty on the patent validity issue, Casio US and Casio Japan will serve any expert reports relating to any objective indicia of non-obviousness at this time.

(b.)     The name, address, and curriculum vita of any expert witnesses offering opinions in response to any reports described in paragraph (a.) above and the corresponding responsive report(s) governed by  Fed. R. Civ. P. 26(a)(2), shall be served no later than September 8, 2008. Papst Licensing will serve any expert reports relating to Casio US' and Casio Japan's alleged objective indicia of non-obviousness at this time.

(c.)     The name, address, and curriculum vita of all expert witnesses offering opinions solely to rebut evidence raised in response to the responsive reports discussed in paragraph (b.) above, as well as the corresponding rebuttal report(s) governed by Fed. R. Civ. P. 26(a)(2), shall be served no later than October 8, 2008.

(d.)     The depositions of all experts shall begin on October 8, 2008, and be completed by November 7, 2008.

6

10.    Class Actions: N/A

11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Casio's position:

Pursuant to Fed. R. Civ. P. 42(b), Casio proposes that the damages and willfulness issues be bifurcated for discovery and trial such that, in the event Papst proves liability and the case has not settled, then discovery will be had on these issues.  Casio has requested, in its co-pending motion to compel and for sanctions, that the Court order bifurcation as a sanction for Papst misusing the 26(f) procedures, and Casio believes that sanction is entirely appropriate.[1]

Casio further requests that the Court consider the subsequent discovery misconduct of Papst.  Papst has repeatedly warned Casio and its counsel that if settlement is not forthcoming, the litigation will be very expensive, even mentioning a recent case where their opponents allegedly spent $60 million in fees.   Papst is now ensuring that will be the case, and using the damages and willfulness issues as two of its most potent weapons.  Papst recently served a ridiculously overbroad set of document requests on both Casio companies, in plain violation of Federal Rule of Civil Procedure 26(g).   These requests show the discovery nightmare that Papst intends to inflict on Casio and the Court if damages and willfulness are not bifurcated.[2]

---

[1] Indeed, bifurcation can granted by courts pursuant to Fed. R. Civ. P. 42(b) when the circumstances dictate it is appropriate, as it is here, not necessarily as a sanction.  *See, e.g., Paine, Webber v. Merrill Lynch*, 587 F. Supp. 1112, 1115-1117; 38 Fed.R.Serv. 2d 1070 (D. Del. 1984).

[2] The Papst document requests served on Casio Japan are attached as Exhibit A.   They demand documents from not just Casio Japan, but also from every company or person having any relation to Casio Japan anywhere in the world (see definition 1).   As just a small sampling of the comically overbroad Papst damages and willfulness document requests, they seek: (a) every document that has any relation to any Casio digital camera (Request 6); (b) every document having any relation to a communication with any digital camera customer (Request 7); (c) every document having any relation to shipments or receipts of Casio digital cameras (Requests 8 and 9); (d) every document relating in any way

The damages and willfulness issues, if not bifurcated, will also create a host of other problems. For example, counsel for Papst, Jerold Schnayer and very likely other Welsh & Katz attorneys, have been deeply involved with, and in fact largely running, the business dealings of Papst and attempting to license these patents all over the world. It is believed that the discovery Papst is refusing to produce and that is subject to our motion to compel will show the depth of involvement of the Welsh & Katz firm in the business dealings of Papst, particularly regarding licensing efforts on these patents with many different companies, and these are all highly relevant to the damages issues.[3] If the damages issues are not bifurcated, certainly Mr. Schnayer,

---

to any characteristic, property, advantage or disadvantage of any Casio digital camera (Request 10); (e) all agreements relating in any way to a Casio digital camera (Requests 13, 14, 15, 24, 25, 31); (f) every document and pleading relating to every legal proceeding anywhere in the world relating to any Casio digital camera (Requests 16, 17, 18); (g) every document relating to revenue derived from any digital camera made or sold anywhere in the world (Request 28); (h) every document relating in any way to Casio's digital camera costs and profits all over the world (Requests 29, 30); (i) every document relating to any advertisement, price list, or promotional material for Casio digital cameras from every country of the world (Requests 35, 36, 37); (j) every document related to every communication on every Papst patent anywhere in the world, specifically not limited to the patents-in-suit (Request 55); and (k) every document ever exchanged with any manufacturer of any Casio digital camera (Request 59). Similar requests were served on Casio America. While we intend to ask that these requests be stricken in their entirety, and appropriate sanctions be ordered by the Court pursuant to Rule 26(g), the manner in which Papst intends to use the damages and willfulness issues – to drive up Casio expenses and thus improperly coerce Casio to settle – is clear from their actions to date. *Compare, Chapman & Co. v. Itel Container Int'l v. B.V.*, 865 F.2d 676, 685 (5 Cir. 1989) (upholding sanctions where the discovery requested was "unreasonable, unnecessary, and unduly burdensome," and where it was found that the defendant was attempting to "inundate [the plaintiff] with unnecessary discovery requests to raise the costs of litigation to a point that [the plaintiff] would be forced to 'give up without a fight because of the expense.'").]

[3]    *Stickle v. Heublein, Inc.,*716 F.2d 1550, 1561 (Fed. Cir. 1983) (the Federal Circuit criticized the district court for not considering the actual license negotiations of the parties in determining royalties); *Integra Lifesciences I, Ltd. v. Merck KGaA* , 2004 U.S. Dist. LEXIS 20725, *32-33 (S.D. Cal. 2004) ("back and forth negotiation regarding a license, which provides some factual basis to assist this Court in determining a reasonable royalty."; *Dragan v. L.D. Caulk Co.* , 1989 U.S. Dist. LEXIS 13966 at *29 (D.Del. 1989) (evidence of actual negotiations for a license relevant to damages analysis).

8

and possibly other attorneys in his firm, will be primary witnesses, requiring immediate disqualification of the Welsh & Katz firm.[4]

Moreover, as counsel for Papst has made clear, if the willfulness issue is not bifurcated, they will use that to seek production from the files of Casio's <u>litigation counsel</u>, claiming that these documents will be relevant to the willfulness issue. *See, e.g.,* document request 64 (calling for "all legal opinions, conclusions, and work product" about the patents); see also requests 44 and 45. The disruption this would create is self-evident.

Papst has written a full brief on bifurcation, below. Casio does not believe that briefing should be required (see our pending motion to compel and for sanctions), nor does Casio believe the Court desires full briefing in this report. Suffice it to say that we disagree very much with the Papst brief, and we will submit full briefing on this issue should the Court request it. Bifurcation, while not granted in every case, is the norm, especially in complex patent cases. *See, e.g., Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997) (bifurcating willfulness and damages: "Courts have found that concerns of prejudice, complexity, expedition, and judicial economy are particularly significant in patent cases….").[5]

<u>Papst's position:</u>

Casio's speculative and inflamatory statements regarding Papst Licensing's motives in this lawsuit are untrue, unsupported, and only create animosity between the parties at a time

---

[4]    *Personalized Mass Media Corp. v. The Weather Channel, Inc.*, 899 F. Supp. 239, 243-244 (E.D. Va. 1995) (Counsel disqualified in a patent action because counsel was "the expert on all aspects of the Company's patent position.")

[5]    See also the following patent cases where the issues of willfulness and damages were bifurcated at both the discovery and trial phases: *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 2001 U.S. Dist. LEXIS 10738 at *8-*11 (C.D. Cal. May 4, 2001); *Novopharm Limited v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998); *Lemelson v. Apple Computer Inc.*, 1993 U.S. Dist. LEXIS at *6-*10, *20 (D. Nev. June 4, 1993).

9

when the parties should be working together.  Papst Licensing merely informed Casio that it previously successfully defended itself against another plaintiff who pursued its case against Papst Licesning.  Papst Licensing also informed Casio that the plaintiff was seeking over 500 million dollars from Papst Licensing and that after an eleven weeks bench trial the District Court overwhelmingly ruled in Papst's Licensing's favor on all counts.  Papst Licensing is not using damages and willfulness issues as "weapons."  Documents concerning these issues are overlapping with other issues in this case and are significant issues in almost every patent infringment case.  Casio's statement that Welsh & Katz, Ltd.'s previous attempts to settle this lawsuit somehow disqualifies Welsh & Katz, Ltd. lacks legal and factual support, and if true, would also disqualify Casio's own counsel Morgan Lewis & Bockius, who also participated in the prior settlement discussions. Finally, the scope of Papst Licensing's discovery requests have been carefully tailored to match the scope of discovery needed by a patentee in any patent litigation which, by definition, addresses a broad number of topics.  For example, Papst Licensing's requests for sales data on the accused products relates not only to Papst Licensing's damages claim, but also to the issue of commercial success which is a factor considered in connection with Casio's own invalidity claims.  Papst Licensing's requests are also no broader in scope than Casio's own requests.  Papst Licensing further submits that any objections to Papst Licensing's discovery requests should first be discussed in the context of a meet and confer between counsel, and not raised for the very first time in the context of this joint scheduling statement.

Papst Licensing proposes that Casio has failed to satisfy its burden that bifurcation of this action is necessary.  More importantly, Papst Licensing will be greatly prejudiced if bifurcation is granted.  Among other things, the final and complete resolution of this matter will be delayed,

and Papst Licensing will be forced to incur substantial additional cost and time to conduct two separate phases of discovery and two separate trials before two separate juries. This is especially true in this case where the vast majority of potential fact witnesses reside overseas.

The decision whether to bifurcate a patent case is left to the discretion of the trial court, and the party seeking bifurcation has the burden of showing bifurcation is appropriate. *Innovative Office Products. v. SpaceCo.* 2006 U.S.Dist.LEXIS 29439, *3 (E.D.Pa. 2006); *Mellon v. Beecham Group PLC,* 17 U.S.P.Q.2d 1149, 1154 (D.N.J. 1989)("The parties seeking bifurcation have the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.") Indeed, bifurcation "is not the usual course that should be followed." *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D.Ga. 1989)

Bifurcation is not appropriate when issues and evidence overlap. *Monaghan v. SZS 33 Assocs.*, 827 F.Supp. 233, 245 (S.D.N.Y. 1993). Here, several issues in this case overlap rendering bifurcation inappropriate. In *THK Am. v. Nippon Seiko KK.*, 141 F.R.D. 463, 464 (N.D.Ill. 1991), the court specifically addressed the concern about overlapping liability and damages issues and the resulting need to present evidence twice to two separate juries:

> Plaintiff correctly argues that the damages trial cannot be conducted in an evidentiary vacuum. A jury will have to be familiar with the patents at issue, the products, and the linear guide industry itself. Therefore, much of the evidence that can be expected to be introduced in a trial on damages will duplicative of the evidence that can be expected to be presented in a trial on liability. If the case were bifurcated, it would be necessary to revisit the testimony and demonstrative evidence that previously had been used to explain to the liability jury, *to-wit*, what linear guides are, how they operate, how they are made, used, sold and other basic information. It goes without saying that if proof overlaps substantially, the parties, the witnesses, and the Court would be inconvenienced by the presentation of the same evidence several times.

*THK Am. Inc. v. NSK Co.*, 151 F.R.D. 625, 630 (N.D.Ill. 1993).

11

Here, as in the *THK Am. (NSK)* case, having two separate trials before two separate juries would require substantial duplication in terms of presenting evidence at trial and offering testimony of the same witnesses. Furthermore, given that two of the three parties in this action are foreign companies whose factual witnesses reside overseas (plus a third-party inventor in Germany), bifurcation would result in multiple depositions and trial appearances of the same foreign witnesses which will greatly burden the parties and counsel in terms of costs and time. There is simply no need to travel overseas to depose the same individuals on multiple occasions. The most efficient course is for all the foreign factual witnesses to be deposed once. Furthermore, given the fact that discovery of third-party fact witness will likely have to achieved through the Hague Convention and the like, it is very possible that the parties will only be permitted by the international authorities to depose a third-party fact witness once.

Several other factual issues overlap in this action. Casio has alleged that each patent-in-suit is invalid under 35 U.S.C. § 103, or in other words, obvious in view of the prior art. Accordingly, evidence of commercial success may be used in liability phases of litigation to rebut Casio's defense of obviousness. To establish commercial success, Papst Licensing will need to rely upon the "the sales data of the infringing products, size of the market involved, market share, market share growth, and the extent to which market share is attributable to the merits of the claimed invention as opposed to extraneous factors, such as advertising and product promotion." *IPPV Enters. v. Cable/Home Commc'n Corp*, 26 U.S.P.Q.2d 1714, 1715 (S.D.Cal. 1993).

Evidence of commercial success is equally relevant to the issue of damages. Commercial success is one of the primary factors in determining a reasonable royalty. *See, Willemijn*

12

*Houderstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1434 (D.Del. 1989). The court in *THK Am. (NSK)* noted the substantial overlap, stating that:

> Evidence regarding commercial success of plaintiff's patented [invention] will be the same in significant respects as the evidence relating to damages and, therefore, ought to be presented once rather than twice. *THK Am. (NSK)*, 151 F.R.D. at 629.

There is also an overlap between liability and willfulness issues and evidence in this case. Courts have held that the question of whether an infringement was willful touches upon *both* liability and damages. *See Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F.Supp. 374, 375 (N.D.Ill. 1991). For instance, evidence of copying is relevant to both validity and willfulness. *THK Am. (NSK)*, 151 F.R.D. at 630.

Moreover, only the fact finder concerning liability issues can appropriately put the nature of Casio's infringement in the proper context to determine if that infringement was willful. *See Kimberly-Clark*, 131 F.R.D. at 609. ("[T]he willfulness determination, *i.e.*, the defendant's state of mind when it infringed the patent, is a finding of fact inextricably bound to the facts underlying the alleged infringement.")(citing *Smith v. Aleyska Pipeline Serv. Co.,* 538 F.Supp. 977, 986 (D.Del. 1982), *aff'd.*, 758 F.2d 668 (Fed.Cir. 1984); *Keyes Fibre*, 763 F.Supp. at 375 ("The evidence relating to [defendant's] state of mind when it committed the infringement, which is clearly relevant to damages, cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place.") Indeed, as one court has observed:

> Merely apprising the damages jury of the liability jury's determination that a particular party's conduct was willful will not inform them of the degree of willfulness. Consequently, the damages jury will be without the necessary factual predicate upon which to assess damages for willful conduct. And if the parties were required to provide the necessary factual predicate to the damages jury, wasteful duplication of evidence and effort would occur, and the parties' litigation expenses would concurrently be increased.

*THK Am. (Nippon),* 141 F.R.D. at 465.  Having a single trial on all issues, including liability and willfulness, would avoid the inefficient and costly duplication of two separate trials before two different juries.

Considering whether separate trials will unduly prejudice Papst Licensing as the nonmoving party is paramount.  *See. H.B. Fuller Co. v. Nat'l Starch & Chem. Corp.*, 595 F.Supp. 622, 625 (D.Del. 1984); *Calmar v. Emson Research Inc.*, 850 F.Supp. 861, 866 (C.D.Cal. 1994); *Keyes Fibre,* 763 F.Supp. at 375.  Indeed, "[e]ven when bifurcation has been found to promote judicial economy, courts have refused to order separate trials if bifurcation would result in unnecessary delay, additional expenses, or some other form of prejudice.  *See Willemijin*, 707 F.Supp. at 1433.

Casio's proposed bifurcation will severely prejudice Papst Licensing because it would  unnecessarily delay a final resolution of Papst Licensing's claims.  The *Willemijin* court stated, "[a]s plaintiff has correctly indicated, prejudice under these circumstances may simply amount to unfair delay of the final disposition of the matter." *Id.*  This prejudice would be further exacerbated if Casio appeals an adverse decision on liability, because final resolution of the case will be further delayed.  *See* 28 U.S.C. § 1292(c)(2). The delay alone establishes prejudice to Papst Licensing.  Therefore, for all the reasons discussed above, Casio has not and cannot meet its burden to demonstrate that bifurcation is appropriate.

.

12.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Casio  proposes that the pretrial conference take place on September 15, 2008.

14

Papst Licensing proposes that the pretrial conference take place on January 8, 2009.

13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that the court should set a trial date at the pretrial conference that will be 30 to 60 days after that conference.

14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

See list of additional matters below.

15

## ADDITIONAL MATTERS DISCUSSED

1.     **DISCOVERY:**  The parties agree that attorney-work product and attorney-client privileged materials created by counsel after the Complaint was filed by Casio Inc. are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests.  The exception to this agreement are those documents related to opinions of counsel addressed in paragraph 6 below.

2.     **SCHEDULING**:   Casio proposes that this case be considered a complex litigation due to the involvement of foreign entities and that the case will require approximately 18 months to be ready for trial.  Papst Licensing agrees that this case should be considered a complex litigation and that the case will approximately be ready for trial approximately 8 months after the close of fact discovery.

3.     **SERVICE:**  The parties agree on e-mail service of documents, excluding large appendices.  The parties agree that documents will be served in PDF format except for any discovery documents requiring a response (for example, but not limited to, discovery requests) which will be served in both PDF and word format.  Any large appendices will be sent by overnight delivery for next day delivery.  Service will not be considered achieved until the date the complete document, including all appendices and exhibits, is actually received by both local and trial counsel for the opposing party.

4.     **EXPERT REPORTS**: Casio proposes that no draft expert reports will be discoverable and that otherwise, expert discovery should proceed per the Federal Rules.

Papst Licensing proposes the following stipulation concerning expert discovery:

16

a.    The following categories of information are protected, outside the permissible scope of discovery and not a proper subject or basis of questions during deposition:

1.    Except as provided below, any correspondence or other communications (whether oral or written) between the expert and attorneys for the party offering the testimony of such expert witness, except the nature of the compensation arrangement with the expert witness.

2.    Preliminary, intermediate or draft opinions prepared by, for or at the direction of an expert witness.

3.    Except as provided below, notes of the expert that are not part of the expert report.

b.    Notes, writings, documents, and oral or written communications that are relied on by the expert in connection with the expert's opinions in this matter are not outside the scope of permissible discovery.

c.    To the extent that any part of this proposal waives disclosure requirements under Fed. R. Civ. P. 26(a)(2)(B), Papst proposes that the Court deem any such waiver to have occurred. .

5.    **EDISCOVERY**:

Format of Production

(a)    The parties agree to produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation or Concordance load file.  To the extent available, the load file shall contain for each document the beginning Bates number, the ending Bates number, a description of the source from which the

17

document came, a description of the computer from which the document came, the associated file name, and the associated directory path for the document.

(b)      Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.

(c)      Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents.  No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions.

Each party will bear the burden and cost of any OCR post-processing.  The parties agree that during the first round of exchanging documents the parties need not exchange metadata, except as referenced  above.  If any party should later desire to obtain additional metadata, the parties will attempt to work it out amicably.

Papst further proposes that an extracted text file of electronic documents be part of the load file associated with each electronic document.

6.      **WILLFULNESS/INDUCEMENT.**

Casio proposal:  As set forth above, Casio proposes that the issue of willful infringement be bifurcated with the damages issues until such a time as infringement is determined.  As such, any decision with respect to a waiver the privilege associated with any opinions of counsel would be untimely as well as prejudicial before a finding of liability.  Regardless, what Papst seeks by proposing that Casio decide whether or not it will rely on a privileged opinion of counsel so early in the discovery process is a road map to Casio's case against Papst's patent.

18

The issue of willfulness is applicable almost exclusively to damages, and then only after liability is found. Demanding that Casio decide whether to waive its privilege before Casio has even advanced its non-infringement contentions is premature and prejudicial. *See, e.g., Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 34 (D. Del. 1995); *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. at 260 citing *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 643-44 (Fed. Cir. 1991)[6]. Casio proposes that to the extent the case is not bifurcated, its decision whether or not to rely on its opinion of counsel be considered after the close of fact discovery.

With respect to Papst's proposal regarding Casio's contention that it has never induced infringement, that issue has no bearing on the timing of the production of opinions of counsel.

Papst proposal: Papst Licensing proposes that no later than June 2, 2007, Casio Japan and Casio U.S. will inform Papst Licensing in writing if each of them elects that they will rely on an opinion of counsel concerning the issue of willful infringement. At that time, all previously requested documents relating to any opinion of counsel must also be produced. To the extent that Casio claims that any document relating to any opinion of counsel is protected by any privilege or doctrine, any and all such documents, including documents created after commencement of this litigation, must be identified on a privilege log in accordance with the Federal Rules of Civil Procedure on June 2, 2007. Because Casio is now denying Papst Licensing's allegations of infringement by inducement, Papst proposes that discovery concerning

---

[6]    "An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court in camera, reveal that the defendant is indeed confronted with this dilemma."

the opinions of counsel provided to Casio should proceed now as those opinions relate to the state of mind of Casio which is evidence of Casio's infringement by inducement. To the extent that Casio asserts that it need notto disclose documents related to opinons of counsel, those documents, including any documents created after this litigation commenced, should be placed on a privilege log on June 2, 2007.

This procedure is required because the opinions of counsel received by Casio Japan and Casio U.S. may be discoverable as a result of defenses that Casio Japan and Casio U.S. may pose regarding willful infringement. Generally, where a potential infringer has actual notice of another's patents rights, he has an affirmative duty of due care to respect those rights. *Ryco Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1428 (Fed.Cir. 1988). The duty of care often involves the potential infringer obtaining complete legal advice before engaging or continuing allegedly infringing activities. *Ryco*, 857 F.2d at 1428. A party that seeks and follows advice of counsel may assert reliance on that advice as evidence that it did not breach its duty to respect the patent rights.

When good faith reliance on advice of counsel is asserted to defend against a charge of willful infringement, the assertion waives any attorney client privilege with respect to that advice. *Abbott Labs v. Baxter Travenol Lab,* 676 F.Supp. 831, 832 (N.D.Ill. 1987). Moreover, a party cannot claim reliance on advice of counsel and, at the same time, conceal the full nature and extent of that advice. *Id.* at 833. Therefore, when reliance on advice of counsel is asserted, the waiver is complete, and extends to all communications on that subject matter. *Id.* at 832. Therefore, if Casio Japan or Casio U.S. injects into this case an allegation that it relied on advice of counsel, it must be done on June 2, 2007, so that all communications and/or privilege logs on

20

the same subject may be discovered during fact discovery.  *Belmont Textile Mach. v. Superba, S.A.*, 48 F.Supp.2d 521, 523-24 (W.D.N.C. 1999).

Also at issue in this case is whether Casio Japan or Casio U.S. actively induced others to infringe the patents in suit.  Active inducement occurs when one party, who does not directly infringe the patent, nevertheless induces another to directly infringe the patent with knowledge that it is inducing actual infringement.  *DSU Medical v. JMS Co.*, 471 F.3d 1293 (Fed.Cir. 2006)("[t]he plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.").  Therefore, Casio Japan's and Casio U.S.'s knowledge of the at-issue patents, and its understanding of whether the actions that induced its customers to make would infringe the patents at issue, are highly relevant to this case.  Because opinions of counsel will provide direct evidence of Casio's statement of mind and its understanding of its inducement actions, discovery on those opinions should proceed now.

Allowing Casio Japan and Casio U.S. to withhold this discoverable information until the end of the discovery period would add to the cost of the litigation.  If opinions are first disclosed after the depositions of fact witnesses have been completed, Papst Licensing will likely be forced to conduct a second round of depositions, at least including the recipients of the opinions, or those who are alleged to have acted in reliance on the opinions.  To avoid re-deposing witnesses, Casio Japan and Casio U.S. should be required to make its election before depositions begin. Furthermore, given the need in this case for international discovery through the Hague Convention and the like, it is very possible that the parties will be allowed to only depose third-party fact witnesses once, which further supports an early election in this case.

Further, delaying discovery on these issues will have the effect of cutting off Papst Licensing from any follow-up discovery, such as deposing the persons who requested, prepared, and received the opinions. Once again, the issue is the state of the mind of the corporations, which is determined by discovering the state of mind of the persons within the corporation. Documents may go a long way toward establishing the state of mind of Casio Japan and Casio U.S., but documents are unlikely to tell the full story. Papst Licensing should be allowed to take discovery on the issue of Casio Japan's and Casio U.S.'s state of mind throughout the discovery process. To achieve this end, Papst Licensing requests that this Court require that no later than June 2, 2007, Casio Japan and Casio U.S. will inform Papst Licensing in writing if each of them elects that (they will rely on an opinion of counsel concerning the issue of willful infringement. Papst Licensing further requests that discovery move forward on opinions of counsel relevant to the issue of infringement by inducement. To the extent, that Casio is not willing to disclose documents related to opinons of counsel, those documents, including any documents created after this litigation commenced, must be placed on a privilege log on June 2, 2007.

22

Dated this 7th day of May, 2007

_____

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000


Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060
Tel.: (212) 309-6000

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue, 11th Floor
White Plains, New York 10601
Tel. 203-258-8412

Attorneys for Plaintiff and Counter
Defendant Casio Inc. and Counter Defendant
Casio Computer Co., Ltd

_____

Campbell Killefer
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Attorneys for Papst Licensing GmbH & Co. KG

23

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC., <br><br>     **Plaintiff** <br><br>     **v.** <br><br> PAPST LICENSING GMBH & CO. KG <br><br>     **Defendant.** <br> _____ <br> PAPST LICENSING GMBH & CO. KG, <br>       **Counter-Plaintiff** <br>   **v.** <br><br> CASIO INC. and <br> CASIO COMPUTER CO.,  LTD. <br><br><br>     **Counter-Defendants** | **Case No. 1:06-CV-01751** <br><br><br><br> **Judge Gladys Kessler** |

SUBMISSION OF PROPOSED
JOINT MEET AND CONFER STATEMENT

  Submitted concurrently herewith is a Meet and Confer Statement signed by Counsel for Papst.  Casio is in agreement with the entire content of this document, with the exception of the first phrase of Section 5(a), which Casio requests begin as follows:   "Papst proposes, and to the extent that a reasonable number of documents are produced Casio agrees, to produce all responsive..."

After receiving the signed document from counsel for Papst, we were unable to reach them to make this one change.   A similar change was in an earlier draft but was inadvertently left out of the draft signed by Papst.

Dated this 7th day of May, 2007

/s/ jeffrey m. gold /s/
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060
Tel.: (212) 309-6000

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue, 11th Floor
White Plains, New York 10601
Tel. 203-258-8412

Attorneys for Plaintiff and Counter
Defendant Casio Inc. and Counter Defendant
Casio Computer Co., Ltd

2