UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PAPST LICENSING GMBH & CO. KG<br>　　　　　　Defendant.<br>―――――――――――――――――<br>PAPST LICENSING GMBH & CO. KG<br><br>　　　　　　Counter-Plaintiff<br><br>　　v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>　　　　　　Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**PAPST LICENSING GMBH & CO. KG'S**
**FIRST SET OF INTERROGATORIES TO CASIO COMPUTER CO., LTD.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG ("Papst"), through counsel, requests Plaintiff/Counter-Defendant, Casio Computer Co., Ltd. ("Casio Japan"), to respond to each of the Interrogatories below.

**DEFINITIONS**

1.　　"Counter-Defendant," "you," "your," and "Casio Japan" means (a) Casio Computer Co., Ltd., Casio Inc. and all of their parent corporations, predecessor corporations, successor corporations, subsidiary corporations, affiliated or related

companies, and groups and divisions thereof; (b) Casio Japan's present or past directors, officers, employees, agents, consultants, accountants, attorneys and independent contractors that have contractual relations with it; and (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf Casio Japan or anyone under its control, direction or instruction.

2. "Document" shall be construed in it broadest sense and shall mean all written, printed, typed, recorded, graphic, stenographic, computer-generated, computer-stored and electronically stored matter of every kind and description, however and by whomever produced, prepared, reproduced, disseminated, or made, including all originals, copies and drafts thereof and all attachments and appendices thereto, and shall also include audiovisual works and magnetic recordings of any type such as video tape recordings, slides, floppy and hard disks, audio recordings and photographic pictures or movies. A copy of any document that contains notes, sketches, annotations, highlighting, underlining or other markings, comments or modification on or of another document shall be considered a separate document.

3. "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in Your possession, custody or control.

4. A request for a Document shall be deemed to include a request for a Thing. A request for a Thing shall be deemed to include a request for a Document.

5. "Or" is inclusive referring to any one or more of the disjoined words or phrases listed.

6. "Relating to," "relate to," "relation to," or "relating" means constituting,

discussing or referring to, analyzing, embodying, evidencing, consulting, recording, communicating, involving, describing, pertaining to, concerning, or containing, directly or indirectly in any way, the subject matter of the particular request.

      7.     "Communication," "communicate" or "communicating" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, telex, facsimile, personal delivery or otherwise.

      8.     The term "Lawsuit" means any type of legal action including but not limited to lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and international cases filed in any tribunal.

      9.     The terms "identify" or "identity" or "identification" when used in connection with an individual means: state the individual's full name; his or her home and business addresses; his or her last known employer; his or her position, title, or job description; and if employed by You, the individual's dates and regular places of employment and general duties.

      10.     The terms "identify" or "identity" or "identification" when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person means; state its full name and type of organization or entity; state the address of its principal place of business, its date and place of incorporation; and identify its officers, directors, and managing agents.

      11.     The terms "identify" or "identity" or "identification" when used in connection with an oral statement or discussion means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to

whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or mechanical or other recording, state the date and present location of said recording.

12. The terms "identify" or "identity" or "identification" when used in connection with a written document or statement means; state the name of the author, the type of document or writing, the date, the addressee, or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed, the subject matter, and the present location. In lieu of such identification, You may attach a copy of the written containing said written statement and refer thereto in Your answer.

13. As used herein, "Casio Digital Camera" shall mean all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device.

14. "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

**INSTRUCTIONS**

1. Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your agents, representatives, and attorneys. Whenever an answer to these interrogatories contains information that is not based upon Your personal knowledge, state the source and the nature of such information.

2. Answer all of the interrogatories completely. If You contend that the answer to any interrogatory is privileged in whole or in part, state all facts supporting such privilege,

and identify each person having knowledge of the factual basis on which the privilege is asserted. Answer should be made of all knowledge and information which is not privileged.

3. If You have no knowledge or information responsive to a particular interrogatory, please state such.

4. These interrogatories shall be deemed continuing and Casio Japan shall supplement and seasonably amend its responses as required under the Federal Rules.

5. If an objection is made to any interrogatory, answer should be made of all knowledge and information to which the objection does not relate.

6. If Casio Japan finds the meaning of any term in these interrogatories unclear, Casio Japan shall assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory according to the assumed meaning.

7. Unless otherwise specified, the interrogatories below are not limited to the knowledge or information in the United States. Instead, they relate to any such knowledge or information in any country.

8. The phrase "Identify any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for sale, licensed or imported into the United States" shall mean:

    a. For each entity or person identified, describe what each entity or individual did in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each

        Casio Digital Camera; the corresponding time period(s) in which each entity or person was involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera; and each individual's title and employer during those corresponding time period(s);

b.    Identify all documents (by Bates Number) showing the identity of any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera.

# PAPST'S INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for sale, licensed or imported into the United States after October 22, 2002.

**INTERROGATORY NO. 2:** Separately with respect to each of the Patents-In-Suit, state:

    (A)    The dates upon which, and the circumstances under which, Casio first became aware of the Patents-In-Suit, and the persons who became aware of them;

    (B)    Whether Casio received legal advice at any time, including after the filing of the Complaint, that it did not infringe each of the patents in suit, or that each of the Patents-In-Suit was invalid or unenforceable and, if so, identify the date upon which, and the circumstances under which Casio obtained such legal advice, or caused any studies relating to such advice to be made, as well as any oral or written opinion of legal counsel, with respect to:

        (i)    the infringement or non-infringement of the Patents-In-Suit; and/or

        (ii)    the validity, invalidity, enforceability or unenforceability of the Patents-In-Suit;

(C) Identify all persons having knowledge of the subject matter of Casio's response to this interrogatory, and locate and identify all documents pertaining to the subject matter of Casio's response to this interrogatory; and

(D) Identify all discussions, communications, events or documents that relate to or refer to any legal advice received by Casio with respect to:

  (i) the infringement or non-infringement of the Patents-In-Suit; and/or

  (ii) the validity, invalidity, enforceability or unenforceability of the Patents-In-Suit.

Dated: April 20, 2007

  /s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys for Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF INTERROGATORIES TO CASIO COMPUTER CO., LTD. was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**VIA U.S. MAIL And E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co. KG