UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC., <br>                    **Plaintiff** <br> v. <br> PAPST LICENSING GMBH & CO. KG <br>                    **Defendant.** | Case No. 1:06-CV-01751 <br><br> Judge: Gladys Kessler |
| PAPST LICENSING GMBH & CO. KG, <br>                    **Counter-Plaintiff** <br> v. <br> CASIO INC. and CASIO COMPUTER CO., LTD. <br>                    **Counter-Defendants** | |

## CASIO COMPUTER CO., LTD. AND CASIO INC.'S STATEMENT OF THE CASE

Pursuant to the Court's Order Setting Initial Scheduling Conference of January 3, 2007, Casio Computer Co., Ltd. and Casio Inc. ("Casio") herein submit their brief statement of the case.

Casio Inc. brought this action for Declaratory Judgment of invalidity and non-infringement of United States Patents Nos. 6,470,399 and 6,895,449, in response to threats by Papst Licensing GMBH & Co. KG ("Papst") that it would bring suit to enforce them if Casio did not take a license under the patents for Casio's digital cameras. The action arises under the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202 and the patent laws of the United States, Title 35 U.S.C. §1 et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1338 and personal jurisdiction over Papst pursuant to 35 U.S.C. §293. Venue is

proper in this district pursuant to 28 U.S.C. §1391(c). Papst has filed counterclaims for infringement of both patents, asserting them against Casio Inc. and its parent company, Casio Computer Co., Ltd. ("Casio Japan ").

Casio Japan is an international corporation with its headquarters in Tokyo, Japan and it employs over twelve thousand people. The company is committed to contributing to society by offering original and useful products, and it is a leader in the fields of electronics and consumer products. Casio Inc. is Casio Japan's United States subsidiary.

Papst, a German-based corporation, sells no products, and it did not sponsor any research that resulted in the patents-in-suit. Rather, Papst is in the business of acquiring the intellectual property of others and then attempting to procure revenue through licensing or litigation. In this capacity, Papst, through its litigation counsel, has approached numerous companies in the digital camera market and has sought to procure outrageous license fees.

Neither patent-in-suit covers digital cameras. Indeed, "camera" is not mentioned anywhere in either patent. Papst is attempting to stretch the scope of these patents beyond anything the inventor ever contemplated. Further, digital cameras already existed before the patent applications were filed for either of these patents. Accordingly, even if these patents could be stretched to the extremes Papst seeks, the existence of these prior art cameras would invalidate them both under 35 U.S.C. §102 and §103.

Because these patents plainly do not cover digital cameras, and because the prior art would invalidate the patents under any interpretation that could cover digital cameras, Casio intends to vigorously pursue attorneys fees and costs in this litigation pursuant to 35 U.S.C. §285 and Fed.R.Civ.P. Rule 54(d).

DATED: May 10, 2007

Respectfully submitted,

_____
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel.: (212) 309-6000

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel. (203) 258-8412

Attorneys for Plaintiff and Counter- Defendant Casio Inc. and Counter-Defendant Casio Computer Co., Ltd.