UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

               Plaintiff,

      v.

PAPST LICENSING GMBH & CO. KG,
               Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
               Counter-Plaintiff

      v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

               Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

Magistrate Judge: Deborah A Robinson

## PAPST LICENSING GMBH & CO. KG'S REQUEST FOR CLARIFICATION OF MAGISTRATE JUDGE ROBINSON'S MAY 31, 2007 ORDER

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst Licensing") respectfully requests clarification of Magistrate Judge Robinson's May 31, 2007 Order to state (1) that Papst Licensing has not waived its protections under the work product doctrine, the attorney-client privilege and other privileges recognized by law, and (2) that Papst Licensing has not waived its right to protect information as confidential under a future protective order, or by agreement of the parties.

On May 31, 2007, U.S. Magistrate Judge Robinson heard oral argument on Casio Inc.'s Motion to Compel and for Sanctions. A copy of the Court's Minute Entry and the

transcript from this hearing are attached hereto as Exhibit A.  In its oral ruling, the Court stated "First, the Court orders that complete responses – that is, without objections, which have been waived by the failure to respond in a timely fashion – be served within 10 calendar days of today's date."  (Ex. A, p. 27.)

Papst Licensing is diligently assembling the information to comply with this Court's Order.   However, it is not clear to Papst Licensing whether this Court also ordered that Papst Licensing should produce information that is protected by the work product doctrine, the attorney-client privilege or any other privilege recognized by law such as the Rule 26(b)(4)(B) consulting expert privilege.  These privileges and the work product doctrine are not specifically mentioned by the Court in its ruling.  Such a ruling on waiver of privilege would inflict a disproportionate punishment on Papst Licensing. Therefore, Papst Licensing respectfully requests that this Court clarify its order to reflect whether it intended that Papst Licensing has also waived its protections under the work product doctrine, the attorney-client privilege and other privileges recognized by law.

It is also not clear to Papst Licensing whether this Court ordered that Papst Licensing has waived its right to protect information that is confidential to Papst Licensing or third-parties under a future protective order. The parties are currently discussing a potential protective order, and Casio has already agreed in an e-mail attached hereto as Exhibit B that Papst Licensing may "produce its confidential documents to Casio on an outside counsel only basis until the protective order issues are resolved by the Court."  (See Ex. B).

On June 5, 2007, counsel for Papst Licensing, Joseph E. Cwik, and counsel for Casio, Scott Stimpson, conferred on this issue pursuant to Local Rule 7(m).   Casio

opposes this motion because it believes that the Court intended to rule that Papst Licensing has waived its protections under the work product doctrine, the attorney-client privilege and all other privileges recognized by law.

WHEREFORE, Papst Licensing respectfully requests that this Court clarify its May 31, 2007 Order to state (1) that Papst Licensing has not waived its protections under the work product doctrine, the attorney-client privilege and other privileges recognized by law, and (2) that Papst Licensing has not waived the right to protect documents as confidential under a future protective order, or by agreement of the parties. A proposed Order accompanies this motion.

Dated: June 6, 2007             Respectfully submitted,

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this June 6, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc.**

Campbell Killefer

Exhibit A

**Cwik, Joseph**

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Friday, June 01, 2007 9:35 AM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01751-GK-DAR CASIO INC v. PAPST LICENSING GMBH & CO. KG Motion Hearing |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/1/2007 at 10:34 AM and filed on 5/31/2007
**Case Name:**        CASIO INC v. PAPST LICENSING GMBH & CO. KG
**Case Number:**    1:06-cv-1751
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Minute Entry. Proceedings held before Magistrate Judge Deborah A. Robinson : Motion Hearing held on 5/31/2007 re [24] MOTION for Sanctions filed by CASIO INC and [22] MOTION to Compel Discovery and for Sanctions is granted for reasons set forth on the record. (Court Reporter Pro-typists.) (lm )


**1:06-cv-1751 Notice has been electronically mailed to:**
Campbell Killefer ckillefer@venable.com, docket@welshkatz.com, mamarkowska@venable.com, mhbelayneh@venable.com, wjkawula@welshkatz.com
J. Kevin Fee jkfee@morganlewis.com
Scott D. Stimpson stimpsonlaw@gmail.com
Jeffrey M. Gold jgold@morganlewis.com
Joseph E. Cwik jecwik@welshkatz.com

**1:06-cv-1751 Notice will be delivered by other means to::**

Jerold B. Schnayer
WELSH & KATZ, LTD.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
                              :
In the Matter of:             :
                              :
CASIO, INC.,                  :
                              :
     Plaintiff,               :
                              :
          vs.                 :    Civil Action No. 06-1751
                              :
PAPST LICENSING GMBH & CO.,   :
                              :
     Defendant.               :
                              :    Washington, D.C.
- - - - - - - - - - - - - - x     May 31, 2007


TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:        J. KEVIN FE, ESQ.
                          SCOTT D. STIMPSON, ESQ.

For the Defendant:        JEROLD B. SCHNAYER, ESQ.
                          DAMON W.D. WRIGHT, ESQ.


Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
M1837V/bf

```
 1                    P R O C E E D I N G S
 2          THE CLERK:  Civil Case Number 06-1751.  This is
 3    in the matter of Casio, Inc. versus Papst Licensing GMBH &
 4    Company.  I don't know what the "KG" is.  I have that on our
 5    archive.  Kevin Fe and Scott D. Stimpson for the Plaintiffs;
 6    Jerold B. --
 7          MR. SCHNAYER:  "Schnayer."
 8          THE CLERK:  -- Schnayer and Damon Wright for the
 9    Defendant.  This is set for a motions hearing.
10          THE MAGISTRATE JUDGE:  Now, good afternoon to all
11    of you.  This matter was scheduled for a hearing on the
12    motion filed by Casio, to compel and for sanctions.
13          The issue presented by the motion is a relatively
14    straightforward one, and the Court indeed considered ruling
15    on the motion without scheduling a hearing.  But recognizing
16    that the status of the issue presented might have changed
17    as of the time the Court made a ruling had there been no
18    hearing, the Court thought it prudent for counsel to come in
19    and address the matter.
20          I understand, based upon your informal discussion
21    off the record my law clerk before the case was called, that
22    it may be the case that some responses to the outstanding
23    interrogatories have been served.  However, recognizing that
24    that may not fully address the pending motion, the Court
25    will hear first from Plaintiff's counsel, then from counsel
```

1   for the Defendant, regarding these issues.

2          Now, who will address the matter on behalf of

3   the Plaintiff?

4          MR. STIMPSON:  I will, Your Honor.  Scott

5   Stimpson.

6          THE MAGISTRATE JUDGE:  Mr. Stimpson, good

7   afternoon.

8          MR. STIMPSON:  Good afternoon, and thank you.

9   I will be brief.

10         We were served last night with responses to

11  interrogatories and document requests.  There are many

12  objections.  We still have not received a single document

13  in document production.

14         I think it would help just to have a very short

15  recitation of the chronology as things have played out here.

16         On March 2 we had what we believed to be our 26(f)

17  conference and we served our discovery requests.  We served

18  a proposed discovery plan on the other side on March 9.  It

19  was more than six weeks later before we got any comments

20  from the other side after this motion was filed.

21         On March 13, Judge Kessler issued an order that

22  discovery proceed.

23         Exhibit J to our motion is a letter we sent to

24  opposing counsel shortly before their responses were due,

25  which I think is instructive here.  We were getting wind

1    that -- it's "J," Your Honor.  We were getting wind that

2    perhaps they were not going to respond on time, and we sent

3    a letter telling them that Judge Kessler has ordered

4    discovery to proceed and we expect full and appropriate

5    responses, and if we don't get them we are going to take

6    appropriate action.

7          So counsel for Papst took the risks they were

8    taking with their eyes wide open to what might happen here.

9          It is now May 31.  We are about three months since

10   we served our discovery requests.  We are two-and-a-half

11   months after Judge Kessler ordered discovery to proceed.

12   We do not have a single document.  And the responses we

13   received last night are riddled with objections.

14         THE MAGISTRATE JUDGE:  May I ask you to state the

15   substance of some of the objections.  In other words, what

16   sort of objections were raised.

17         MR. STIMPSON:  I only received them last night,

18   so I went over them briefly today, Your Honor.

19         The objections to the document requests -- they

20   have objections on a protective order, they have objections

21   on over-breadth, they have, you know, your typical

22   objections you'd expect, privilege and work product.

23         Some of the document requests, they say they will

24   give us some documents at some unspecified date.  Some of

25   the document requests, they simply -- if I remember

1  correctly, they simply say, "No," or "We'll think about it.

2  We'll talk to you at some other time."  Or, "We'll have a

3  meet and confer, and discuss it."

4         But as I say, we have yet to receive a single

5  document, and the case has been going for three months now -

6  discovery has been going for three months.

7         THE MAGISTRATE JUDGE:  What is your proffer

8  regarding whether or not any agreement was reached with

9  respect to objections?

10        MR. STIMPSON:  I believe no agreement was reached

11  -- absolutely none.

12        THE MAGISTRATE JUDGE:  Very well, you may

13  continue.

14        MR. STIMPSON:  So, Your Honor, my opponent is

15  trying to make this into a 26(f) issue.  26(f) is long since

16  done, and this is not a 26(f) issue.  This is a 26(d) issue.

17  This is about a failure to respond to the Court order.

18  26(d) says that discovery can proceed regardless of whether

19  there's been a 26(f) conference if the Court orders it, and

20  unquestionably the Court ordered it.

21        So the question, I think, or the consequences of

22  what's happened here, it's very clear that the Court order

23  has been -- they have not complied with the Court order.

24  And so we request basically four remedies for that.

25        One is, since the objections are untimely, they

1    are waived.  That we get prompt discovery, including all the

2    documents that should have been produced.  We also request

3    our fees and costs under 37(a) and (b).

4            THE MAGISTRATE JUDGE:  And by "fees and costs,"

5    may I assume you mean fees and costs associated with the

6    filing of the motion?

7            MR. STIMPSON:  Correct.  Correct.  And lastly,

8    Your Honor, I think an appropriate sanction in this

9    situation would be entry of an order bifurcation.  I think,

10   for one thing, it's going to avoid another motion which may

11   be coming, and bifurcation is particularly appropriate in

12   this case.

13           Judge Kessler has asked that fact discovery be

14   completed by December, December of this year.  We've now had

15   three months of our fact discovery period go by.  We haven't

16   received a single document.  We've now just got six months

17   left.  And if damages and willfulness are left in this case,

18   it is going to be darn near impossible to get this done

19   pursuant to Judge Kessler's order.  And it's a particularly

20   appropriate sanction here, Your Honor, because they're

21   effectively using the 26(f) procedures as a shield to

22   prevent themselves from having to comply with the CRA.

23           So if there are no questions, I'll turn it over to

24   my opponent.

25           THE MAGISTRATE JUDGE:  Well, I do have one

1    additional question, Mr. Stimpson.  Is your request for what

2    you term "bifurcation" a request for a sanction or is it

3    simply your view that, given the delay in making discovery

4    that discovery cannot be completed in the time for which the

5    Court already provided.

6           MR. STIMPSON:  Well, it's both actually, Your

7    Honor.  We've cited cases where, in fact, one Court

8    specifically mentioned entering a scheduling order by

9    opposing party if they didn't comply with the Court orders.

10   It's certainly an appropriate sanction for what's happened

11   here.

12           But stepping back and just looking at where we are

13   now, and we've got six more months of fact discovery, it's a

14   very complicated case, even liability-wise.  We've got two

15   patents, we've got many accused products, we've got lots and

16   lots of prior art.  I assume there will be many accused

17   claims of each patent that are alleged to be infringed.

18   It is going to be a mountain for a jury.  And if you add

19   damages and willfulness to that, it is going to be a very

20   lengthy trial and I can't see how we can really get it done

21   in time.

22           So there are many reasons for bifurcation.  I will

23   leave that argument for another day, if it's needed.  But a

24   short answer to your question is, as a sanction and because

25   it's appropriate, we request bifurcation.

```
 1              THE MAGISTRATE JUDGE:  Very well.  Thank you very

 2   much, Mr. Stimpson.

 3              MR. STIMPSON:  Thank you.

 4              THE MAGISTRATE JUDGE:  Mr. Schnayer?

 5              MR. SCHNAYER:  Yes, Your Honor.

 6              THE MAGISTRATE JUDGE:  Very well.  Good afternoon.

 7              MR. SCHNAYER:  Good afternoon.  Nice to see you

 8   again.

 9         Your Honor, first of all, let me make it clear we

10   did serve discovery responses, and I would like to point out

11   that the -- I'm going to hand up a copy -- they only have

12   one copy, but I'd like to point out --

13              THE MAGISTRATE JUDGE:  Let me interrupt you just

14   one moment.

15              MR. SCHNAYER:  Sure.

16              THE MAGISTRATE JUDGE:  I don't believe that I need

17   to see the responses.  Let me ask whether you concede that

18   service of any responses last night was well beyond the time

19   in which --

20              MR. SCHNAYER:  No, Your Honor.

21              THE MAGISTRATE JUDGE:  -- the responses were due.

22              MR. SCHNAYER:  Your Honor -- no.

23              THE MAGISTRATE JUDGE:  When were you served with

24   the discovery requests?

25              MR. SCHNAYER:  We were served with the discovery
```

1    requests -- maybe I should go back and give you my version

2    of what happened.

3              THE MAGISTRATE JUDGE:  Well, let me ask when you

4    were served with the discovery requests.

5              MR. SCHNAYER:  On March 2nd, we were served with

6    the discovery responses, Your Honor.  And --

7              THE MAGISTRATE JUDGE:  Discovery "requests."

8              MR. SCHNAYER:  Discovery requests.

9              THE MAGISTRATE JUDGE:  Very well.  You may

10   continue.

11             MR. SCHNAYER:  Your Honor, in this case originally

12   we had been having discussions about infringement charges.

13   I'm going to go back to the beginning, because I think it

14   needs to be understood.  We've had discussions with Casio

15   about charges of infringement we made against them

16   concerning two patents that are involved in this lawsuit.

17   They concern digital cameras.  We had one meeting with them,

18   never with their client, and my normal experience is we

19   usually have five, ten meetings with companies and we

20   discuss the issues.  They decided to sue Papst, to bring a

21   DJ action.  So this case started as a DJ action.

22             We filed a counterclaim against them, and

23   originally it was Casio USA involved, and we also sued Casio

24   Japan.  And when we sued Casio Japan we did so because it's

25   our understanding that they manufacture the infringing goods

1   here.

2           And we had meetings with counsel before the

3   Rule 26(f) conference that they claim happened, and we said

4   to them, "Lookit, do you represent Casio Japan?  Would you

5   accept service of process for Casio Japan?"

6           And we were told, "We don't represent Casio Japan

7   and we won't accept service of process for Casio Japan."

8           So we were forced to go through the Hague

9   Convention.  What that means is, since it's a foreign

10  company we have to file a request with the Court, the Court

11  files a request with the Justice Department, the Justice

12  Department here files a request in Japan, and they serve the

13  company, and eventually they got served.

14          And so a lot of delay that was caused in this case

15  was caused by the Plaintiff in this case.  They could have

16  accepted services of process.

17          Now, we have this meeting, and we asked them to

18  provide us with a draft before the meeting.  We also asked

19  them whether they represented Casio Japan.  Because Casio

20  Japan is a party.  And they come to the meeting, we never

21  got a draft of a proposal for the 26(f) scheduling order

22  that we had to present to the Court -- they're the

23  Plaintiff.  And they come to the meeting and they say,

24  "We don't represent Casio Japan."

25          So I said, "Well, how could we have a 26(f)

1    conference if you don't represent Casio Japan?"

2          And they said, "Well, we don't represent them.

3    And we're not going to accept service of process."

4          Counsel wasn't at that conference.  It lasted for

5    about 15 minutes.

6          THE MAGISTRATE JUDGE:  Do you agree, Mr. Schnayer,

7    that there's no authority which holds that even the complete

8    absence of a meet and confer session relieves a party of

9    the time limits which otherwise apply to the service of

10   responses to interrogatories and requests for production of

11   documents?

12         MR. SCHNAYER:  I don't.  I think the rule is

13   clear.  I think you have --

14         THE MAGISTRATE JUDGE:  What portion of the rule

15   is it --

16         MR. SCHNAYER:  26(f) --

17         THE MAGISTRATE JUDGE:  -- on which you rely?

18         MR. SCHNAYER:  Okay.  Yes.  It says --

19         THE MAGISTRATE JUDGE:  What portion are you

20   reading?

21         MR. SCHNAYER:  I'm in 26(d), Timing and Sequence

22   of Discovery.  "Except in categories of proceedings exempt

23   from initial disclosure under Rule 26(a)(1)(E) or when

24   authorized under these rules or by order of agreement of

25   the parties, a party may not seek discovery from any source

 1   before the parties have conferred as required by Rule

 2   26(f)."

 3            And then, Your Honor --

 4            THE MAGISTRATE JUDGE:  Doesn't the order of Judge

 5   Kessler, which directed that discovery proceed, mean that

 6   your reliance on that rule is misplaced?

 7            MR. SCHNAYER:  I don't think so, Your Honor,

 8   at all.  It's not how I read the Judge's order.

 9            Counsel asked that discovery be allowed to go

10   forward.  After we had that 15-minute conference, this

11   so-called 26(f) conference, we met numerous times for many

12   hours on the phone.

13            And when I saw the Judge's order, it was my

14   understanding that we had to -- that discovery would go

15   forward, but the Judge never said that you don't have to

16   comply with 26(d).  26(d) is very specific.  It says you

17   have to have a 26(f) conference.  That doesn't mean meet for

18   15 minutes and discovery goes forward.  It means you're

19   supposed to prepare a discovery plan.  You're supposed to

20   discuss the issues.  And I have a section of the statute

21   that -- I'm going to hand up a copy of this, if I may, Your

22   Honor?

23            THE MAGISTRATE JUDGE:  You need not hand up the

24   statute or the rule.  We have it here.

25            MR. SCHNAYER:  Well, these are the notes for the -

1    - committee notes for that, that were part of it, describing

2    what was contemplated under new twenty -- or, 26(f), and

3    what it basically talks about is -- these were recently

4    passed.  It talks about electronic discovery, it talks about

5    the requirement to talk about electronic discovery, to

6    exchange information; that the committee now wants these

7    initial conferences to be significant, to exchange

8    information, for the parties to cooperate.

9         And the first conference we had, one of the

10    parties wasn't even present at that conference.  Because

11    they wouldn't agree -- the same attorneys that represent

12    them now wouldn't agree to talk on their behalf.  We

13    couldn't have had a conference.

14         I asked them to provide me with information about

15    electronic discovery.  The new rules say this is an

16    important issue that must be addressed, and we had hours of

17    conversations after this.  Right up until the time we filed

18    the 26(f) statement.  And we -- we -- took the initiative

19    on that.

20         We asked them to provide us with a bunch of

21    information.  If you look at the letters attached to my

22    motion, we sent out letters and we show you a list of

23    questions we asked them, that they never complied with.

24         So, for example -- we were trying to hone the

25    issues down.  This is a complicated case.  Understand,

1   there's a Japanese company and a U.S. company.  This is not

2   easy.  There might be additional companies involved here.

3   If we don't get the parties that we need involved or find

4   out about the electronic data, it's hard for us to comply

5   with Rule 26(f) as contemplated by the rules.  And we had

6   conversation after conversation with them.  And they

7   wouldn't provide us with the information.  Their answer was,

8   "We're not going to give you free discovery."

9          Serve formal requests.  Well, the rule

10  contemplates the parties are going to cooperate.  We hoped

11  to get a 26(l) conference completed pretty quickly, but we

12  couldn't until the very last day because the parties were

13  exchanging extensive drafts, because we weren't getting

14  cooperation.  In the end, I finally threw up my hands and

15  said, "Okay, I have to move forward, I have to agree on

16  something," and we submitted a joint report to the Court.

17         THE MAGISTRATE JUDGE:  Do you agree that in the

18  joint report this issue which -- when I say the "joint

19  report," I mean the joint report which you also signed  --

20  does not raise this issue at all?

21         MR. SCHNAYER:  No, it doesn't really address it at

22  all.  They filed a separate motion.  It doesn't address it.

23  And it does not --

24         THE MAGISTRATE JUDGE:  Do you also acknowledge

25  that you did not file a motion to extend the deadline for

1   serving your answers to these discovery requests until a

2   more meaningful meet and confer session could take place?

3           MR. SCHNAYER:  Your Honor, I didn't -- the rule is

4   specific.  It says you have to have one beforehand.

5           You know, I feel like I'm getting set up here.

6   You know, they complain my answers aren't sufficient.  Your

7   Honor, they gave me nothing in their answers.  They gave me

8   nothing.  They objected to everything.  I provided them with

9   substantive responses.  You know, we walk into this case --

10          THE MAGISTRATE JUDGE:  Is there a motion pending

11   regarding your client's concerns about the sufficiency of

12   the responses served by Casio?

13          MR. SCHNAYER:  I haven't had a chance to meet and

14   confer with them.  We were preparing for this motion, and

15   we'll deal with it.  We have to meet and confer.  I was only

16   -- he comes in and he says my responses aren't good.  I was

17   responding to that.  And I was pointing out to you and I was

18   going to show you, here's a several-page response showing

19   how the claims read on their device.

20          We gave them substantive responses.  They didn't

21   give us substantive responses.  They wouldn't provide us

22   with the information we needed for the 26(f) conference.

23   It's my view that it never occurred until the day we

24   finalized, signed off on the agreement, and sent it to the

25   Court, and the answers aren't due until -- they're not even

1    due today.  We served them early.  By serving him yesterday,

2    we served him early.

3            THE MAGISTRATE JUDGE:  What is your contention

4    regarding when the answers to discovery requests served on

5    March 2nd, 2007, are due?

6            MR. SCHNAYER:  They won't be due until a couple

7    of days from now.  They're not due, because we never had a

8    26(f) conference.

9            THE MAGISTRATE JUDGE:  What is the basis of your

10   determination that they're not due until two days from

11   today?

12           MR. SCHNAYER:  Because we took the exact date when

13   the parties did have a completed 26(f) conference, after

14   several substantive meetings, and the parties came to a

15   proposal to submit to the Court and we submitted the

16   scheduling proposal.  That's the day that we had our 26(f)

17   conference and finalized it.  And it's my position that's --

18   according to the rules, that's the only date that makes

19   sense.

20           If I'm wrong, I apologize.  We did this in good

21   faith.  We did not do this to delay anything.  This is a

22   complicated case.  There's complicated issues.  We have been

23   looking into getting documents, we've got a client from

24   Germany, we've got a -- the patentee doesn't work for our

25   company, so it's not such an easy issue, but we have been

1  gathering documents.  And we put together a very substantive

2  charge of infringement here.  Your Honor, they don't have

3  anything like this in their discovery responses.  So this

4  took time to put together.

5       But they complain that I delayed everything.  It's

6  not true.  We tried to get the 26(f) conference done sooner.

7  We couldn't get any responses from them.  They didn't give

8  us the information.  I'll point out the letters to you,

9  because I think those are important.

10       If you look at our brief --

11       THE MAGISTRATE JUDGE:  I have it here.

12       MR. SCHNAYER:  And if you look at Exhibit A.

13  This is an interesting one.  Exhibit A, in the back two

14  pages, is a letter from opposing counsel.  It starts out

15  as a -- the bottom part is an e-mail from J. Gold, who is

16  Plaintiff's counsel, and Mr. Swick, Joseph Swick, who is the

17  top part, this is a response to a e-mail, is on the part --

18  is the top part.

19       But if you look at the second page -- and this is

20  the letter that Mr. Gold sent after that supposed

21  conference.  It says, "With regard --" on the last page of

22  this.  Second to last page, I'm sorry.  Second to last page,

23  point 4 of Exhibit A, it says -- Point 4 on there?  Second

24  line?

25       THE MAGISTRATE JUDGE:  I have it.

1        MR. SCHNAYER:  Okay.  "Regarding your request to
2   identify the specific details of Casio Inc., Casio Japan,
3   and any related entities' computer systems, such a request
4   is beyond the scope of the 26(f) conference."  Then he goes
5   on and gives us a little bit of information about it, but
6   he says -- and this is the important part -- bottom line,
7   last line, "If you believe you are entitled to any more
8   information about Casio Inc.'s system or any specific
9   discovery, please serve a discovery request and we'll
10  consider it."  That was their attitude.  We're not going to
11  give you free discovery.  As the rules contemplate, parties
12  should cooperate.
13       Then if you look at my letter, if you look at
14  Exhibit  -- look at Exhibit, if you would, please, Your
15  Honor, E.  First page.
16       THE MAGISTRATE JUDGE:  I have it.
17       MR. SCHNAYER:  This discusses a conference that
18  Mr. Swick in my office had with Mr. Gold, and Mr. Gold
19  represents the Plaintiff.  And you can see the second
20  paragraph.  It says, "At the conference we asked you several
21  questions relevant to developing a carefully considered
22  litigation schedule.  At the time, you weren't able to
23  provide any answers to several of our questions.  We ask
24  that you please provide us with answers to these questions
25  before our next meeting on April 16th."  So these were part

1    of the continuing meetings.

2            And you can see we're asking questions about the

3    name of the companies that were involved in the design and

4    development, so we can decide if we have the right parties

5    and know how long discovery is going to take -- reasonable

6    questions.  "What are the names of the companies that were

7    involved in the manufacture of the cameras.  What are the

8    names --" 3, "What are the names of all Casio companies that

9    were involved in the sale of the cameras."  That's also

10   relevant.  "Are both Casio Japan and Casio USA willing to

11   voluntarily produce relevant information and witnesses from

12   all their parent companies?"  So we're trying to find out

13   how much foreign discovery we have to do.  That's a

14   reasonable request.

15           Five, "Is Casio Japan and Casio US potentially

16   relevant electronic information reasonably accessible?"

17   The rules require you to talk about reasonable accessibility

18   in the 26(f) conference.  That is something you must

19   discuss.  Or you should discuss.  And that is, is the

20   information reasonably accessible because electronic

21   discovery is very complicated and if it's not reasonably

22   accessible, then you have to talk about shifting costs and

23   who should pay for it.  And that's important, according to

24   the new rules, to deal with electronic discovery.  We asked

25   them questions about that and we got no answers.

1          And then we asked, "Who are the names of the --
2    names, titles and employers of those individuals at Casio
3    Japan and Casio US who have special knowledge about each
4    respective party's computer system."  If you read the
5    section of the rule, the notes on it, it says that that's
6    the kind of information you're supposed to talk about.
7    In fact, they discuss and some Courts have said you've got
8    to bring somebody knowledgeable about it from the company
9    and have a real significant exchange.  So we tried to do
10   that with them.
11          And now look, if you would, at Exhibit F.
12   Exhibit F is April 18th, a further letter from Mr. Swick to
13   Mr. Gold.  "We are disappointed that you called this morning
14   to state you were unilaterally canceling our previously
15   agreed to upon continuation of the Rule 26(f) conference
16   scheduled to occur today.  As we understand it, you are
17   unwilling to participate because you have not received
18   _____ proposal.  However, at this time you also
19   indicated you were unwilling to discuss many of the
20   Rule 26(f) issues that will help parties develop a carefully
21   developed scheduling plan.  Specifically, you told me, for
22   the first time, you're unwilling to discuss the following
23   questions," and those are the same questions that we had
24   listed in our other letter to them.  And there's no letter
25   that says, "Yes, we were willing to discuss these with you."

1          So a lot of the delay here was caused in having

2     the final Rule 26(f) conference by counsel for Plaintiff not

3     giving us, quote, "free discovery," which is the kind of

4     cooperation you need in a case to formulate a reasonable

5     discovery plan.

6          THE MAGISTRATE JUDGE:  Am I correct, Mr. Schnayer,

7     that the sole basis of your client's determination to serve

8     no answers until last night has to do with the manner in

9     which the conference was conducted?

10         MR. SCHNAYER:  The fact that there was no

11    conference.  There was no conference.  And --

12         THE MAGISTRATE JUDGE:  Very well.

13         MR. SCHNAYER:  There was none.  That's not a

14    conference.  And it didn't occur until we signed the papers

15    after many discussions, and trying to do it in a quick

16    fashion.

17         I also have one other point I'd like to make.

18         THE MAGISTRATE JUDGE:  Yes.

19         MR. SCHNAYER:  Counsel has raised an issue, and

20    this is sort of a side point, but I want to make this clear

21    because I think it's important.

22         He said one of the sanctions we want is that you

23    should segregate out the damages issue and willfulness

24    issue.  And I'd like to point out that at the hearing that

25    occurred with the Judge, the scheduling hearing that we had,

1   the one hearing, the Judge -- that issue was before the

2   Court because both parties addressed it in the papers they

3   filed, this big paper we put together finally which listed

4   the parties' positions.  And they asked the Judge for

5   bifurcation.  They asked the Judge for bifurcation.

6          And the Judge, at the end of the hearing, issued

7   an order and that's -- of the record, and she ordered the

8   schedule.  And there's nothing in the order that talks about

9   bifurcation.  And after she read the order -- she read it

10  out loud, and then she issued it in writing after the

11  hearing, she said, "Are there any more questions?"  She

12  turned to Plaintiff first.  Counsel didn't raise any

13  questions.  He didn't raise this issue with the Judge.

14         Bifurcation was already considered by the Court --

15  by the District Court Judge -- and denied.  It was denied.

16  And now they're saying, we want the sanction of bifurcation.

17  Well, they have it -- it's already been ruled on.  And

18  second, it's not a proper -- there's no authority to say

19  that this is a proper sanction under the rules.  There's no

20  authority for it.  it's just like, we want it because we

21  want it.  It's not proper.  So it's already been ruled on.

22         So, Your Honor, we did believe that the Judge's

23  order -- they have the ability to ask the Judge -- and they

24  never did in the papers they filed -- to address the issue

25  of the Rule 26(f) conference.  They never said to the Judge,

1   "You know, we want a specific ruling that discovery should

2   be considered served as of that day."  They never asked for

3   it in their pleading.  And the Judge never ruled on it.  If

4   you look at the paper they filed, it doesn't ask for that.

5   So they never asked for it, the Judge never ruled on it, and

6   we proceeded with that understanding.

7        If I'm wrong, I apologize.  We served our

8   discovery requests.  But it's not sanctionable, Your Honor.

9        THE MAGISTRATE JUDGE:  Very well, thank you,

10  Mr. Schnayer.

11        MR. SCHNAYER:  Thank you, Your Honor.

12        THE MAGISTRATE JUDGE:  Mr. Stimpson, if you wish

13  a brief reply I will hear you.

14        MR. STIMPSON:  Your Honor, I don't (inaudible)

15  have 30 seconds.

16        THE MAGISTRATE JUDGE:  My expectation was that one

17  of you would address the issue -- do you need a moment to

18  confer with Mr. Schnayer?  If so, you certainly may do so

19  and I'm happy to take a brief recess if you need more than a

20  moment or two to huddle.

21        MR. STIMPSON:  Not a problem.

22        MR. SCHNAYER:  Your Honor?

23        THE MAGISTRATE JUDGE:  Mr. Schnayer, yes.

24        MR. SCHNAYER:  If I may, please.  Thank you.

25  Counsel points out to me, co-counsel, that the committee

1    notes _____ -- Subsection (f) of the committee notes

2    points out and it talks about Rule 26(f) as amended to

3    direct the parties to discuss discovery electronically

4    stored information during their discovery planning

5    conference.  And the rule focuses on the issues relating to

6    disclosure or discovery of electronically stored

7    information.  Discussion is not required in cases which

8    involve -- don't involve electronic discovery.  In this

9    case, of course, it does.

10           And it goes on in the committee notes, it says,

11   it talks extensively about how this is important to focus

12   the issues, to focus the issues so that you can have a good

13   proposal to the Judge and focus the discovery in the case.

14           To have a 15-minute discussion where the parties

15   haven't done anything is not a local rule conference.  It's

16   not consistent with these guidelines that are set out in the

17   committee notes.  It really contemplates that you -- and it

18   goes through, and if Your Honor would care to read it after

19   the hearing, it goes through and it says you're supposed to

20   discuss these issues and narrow the issues.

21           THE MAGISTRATE JUDGE:  The Court is eminently

22   familiar with the committee notes.

23           MR. SCHNAYER:  Thank you, Your Honor.

24           THE MAGISTRATE JUDGE:  Very well.  Thank you.

25   You may have a seat.

1    MR. SCHNAYER:  Appreciate it.  Thank you.

2    MR. STIMPSON:  Your Honor, 30 seconds.  Just on

3  the last point that Mr. Schnayer raised, about this being

4  already -- bifurcation already being decided by Judge

5  Kessler.  And that meet and confer statement, I believe --

6  I don't have it in front of me, but I believe the very first

7  thing we said was we're asking for this as a sanction, and

8  Judge Kessler said she's passing this motion on to Your

9  Honor.  She certainly did not rule on bifurcation.

10    The rest of Mr. Schnayer's argument was all about

11  26(f), and I don't believe this is about 26(f).  This is

12  about noncompliance with Judge Kessler's order.

13    If you don't have any further questions, I'll sit

14  down.

15    THE MAGISTRATE JUDGE:  Very well.  Thank you.

16  You may have a seat.

17    MR. STIMPSON:  Thank you.

18    THE MAGISTRATE JUDGE:  As the Court indicated at

19  the outset, the Court reviewed the motion, the opposition

20  and the reply in advance of the hearing, and the Court has

21  now considered the proffers and arguments of counsel during

22  the course of the hearing.  Having done so, the Court will

23  grant the motion, largely for the reasons offered by the

24  Movant, both orally and in writing.

25    More specifically, the Court finds that what Papst

1  urges upon the Court is a novel way of counting the number

2  of days in which a party must serve responses to written

3  discovery requests.  The Court uses the term, quote,

4  "novel," close quote, because there is simply no authority

5  which supports this method of calculating the deadline.

6          The rules make plain when it is that a party is to

7  serve responses to written discovery requests.  There was no

8  motion for enlargement of time filed by Papst.  Papst did

9  not seek any clarification of the due date in the meet and

10  confer report that counsel, along with opposing counsel,

11  filed in this matter, and appears to have unilaterally taken

12  the position that because Papst was displeased with the

13  manner in which the Rule 26(f) meeting or conference was

14  conducted that the responses to the written discovery

15  requests would be withheld.

16          However, there is no authority that suggests

17  that a party may unilaterally alter the rule which would

18  otherwise apply, particularly in an instance such as this

19  where the Court ordered that discovery proceed, simply

20  because of a concern regarding the sufficiency of the 26(f)

21  conference.

22          For these reasons, the Court finds that the

23  opposition to the motion to compel and for sanctions was not

24  substantially justified and that there are no circumstances

25  which would make the imposition of sanctions unjust.

1    The Court therefore orders the following.

2    First, the Court orders that complete responses --

3    that is, without objections, which have been waived by the

4    failure to respond in a timely fashion -- be served within

5    10 calendar days of today's date.

6    Second, the Court imposes as a sanction the costs

7    to Casio, including reasonable attorney's fees, of moving to

8    compel and for sanctions.  The Court will order that such

9    costs be paid within 30 days of today's date and that

10   counsel work cooperatively to share and comment upon the

11   reasonableness of those costs.  This is not a matter that

12   should entail the filing of a motion, because the Court

13   expects that you will work cooperatively to determine what

14   the reasonable costs are.

15   To the extent that there is an additional sanction

16   that Casio requests, the motion for any additional sanction

17   other than the fees and costs, is denied.

18   The Clerk will prepare a minute entry which will

19   indicate that the motion to compel and for sanctions was

20   granted for the reasons set forth on the record at the

21   hearing.  There is no order, no written order, that will

22   follow.  The minute entry will also indicate that complete

23   responses without objection are to be served within ten days

24   of today's date, and that Papst is to pay Casio's costs

25   within 30 calendar days of today's date.

```
 1            Now, is there anything further in this matter
 2    this afternoon?  Mr. Stimpson or Mr. Fe?
 3            MR. STIMPSON:  Not that's pending before Your
 4    Honor right now, nothing (inaudible).
 5            THE MAGISTRATE JUDGE:  Very well, thank you.
 6    Mr. Schnayer, Mr. Wright?
 7            MR. SCHNAYER:  Nothing further, Your Honor.
 8    Thank you.
 9            THE MAGISTRATE JUDGE:  Very well.  Thank you
10    very much.
11            There is nothing scheduled for the courtroom for
12    the rest of the day, so if you wish to stay and continue
13    your efforts to confer before you return to your respective
14    destinations, you are welcome to do so.
15            COUNSEL:  Thank you.
16            THE MAGISTRATE JUDGE:  Very well.  Thank you
17    very much.
18            (Whereupon, proceedings were concluded.)
19
20
21
22
```

UNITED STATES OF AMERICA )
                        ) Civil Action No. 06-1751
DISTRICT OF COLUMBIA    )

      I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

_____
           PAUL R. CUTLER

      I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

_____
           BONNIE FURLONG

*Exhibit B*

## Cwik, Joseph

| | |
|---|---|
| **From:** | Scott Stimpson [stimpsonlaw@gmail.com] |
| **Sent:** | Tuesday, June 05, 2007 12:13 PM |
| **To:** | Cwik, Joseph |
| **Cc:** | Jeffrey Gold; lkrawczyk@morganlewis.com; jkfee@morganlewis.com; Schnayer, Jerold; Killefer, Campbell |
| **Subject:** | Re: Conference Today |

Joe:

Correct, with the qualifier that people regularly employed by MLB may see the documents. As for Casio documents, ordinarily we would make a reciprocal arrangement, but here your firm is prosecuting applications and trying to cover products that would be in our confidential documents and information, and so we first need to get that issue resolved.

As for the order on waiver, we think the order was very clear that privilege and work product are waived.

Scott


On 6/5/07, **Cwik, Joseph** <jecwik@welshkatz.com> wrote:

Scott,


     Confirming our conversation today, you have agreed that Papst Licensing will be allowed to produce its confidential documents to Casio on an outside counsel only basis until the protective order issues are resolved by the Court. Nonetheless, Casio does not agree to produce confidential Casio documents to Papst Licensing on the same basis. You have further confirmed your interpretation of the Magistrate's Order is that Papst Licensing's attorney-client privilege and work product protections have been waived.


     Please let me know if I have misstated your positions in any way.


Regards,

Joe


## Joseph E. Cwik
## Welsh & Katz, Ltd.
## 120 S. Riverside Plaza, 22nd Floor

**Chicago, IL 60606**
**Direct Phone: (312) 526-1622**
**Fax (312) 655-1501**

--
Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
email: stimpsonlaw@gmail.com
phone: 203-258-8412

Disclaimer: This email is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy, or distribute this message. If you have received this communication in error, please notify me immediately by email and delete the original message.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

                    Plaintiff,

         v.

PAPST LICENSING GMBH & CO. KG,
                    Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
                    Counter-Plaintiff

         v.

CASIO INC. and
CASIO COMPUTER CO.,  LTD.

                    Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge:  Gladys Kessler

Magistrate Judge: Deborah A. Robinson

---

**[PROPOSED] ORDER ON PAPST LICENSING GMBH & CO. KG'S  MOTION
FOR CLARIFICATION**

Upon consideration of Defendant and Counter-Plaintiff Papst Licensing GmbH &

Co. KG's ("Papst Licensing") Motion for Reconsideration of Magistrate Judge Robinson's

May 31, 2007 Order, the Opposition thereto of Plaintiff and Counterclaim-Defendant

Casio Inc. and Counterclaim-Defendant Casio Computer Co., Ltd., and the record in this

case, it is hereby

ORDERED that Papst Licensing's motion for clarification is GRANTED, and it is

FURTHER ORDERED that the Court's oral ruling at the May 31 hearing is modified to

clarify: (1) that Papst Licensing has not waived its protections under the work product

doctrine, the attorney-client privilege and other privileges recognized by law; and (2) that Papst Licensing has not waived its right to protect information as confidential under a future protective order, or by agreement of the parties.

SO ORDERED

Dated: June ___, 2007

_____
Deborah A. Robinson
U.S. Magistrate Judge