Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | **Case No. 1:06-CV-01751** |
| **Plaintiff** | |
| **v.** | |
| **PAPST LICENSING GMBH & CO. KG** | |
| **Defendant.** | **Judge: Gladys Kessler** |
| | **Magistrate Judge: Deborah Robinson** |
| **PAPST LICENSING GMBH & CO. KG,** | **Next status conference: December 4, 2007** |
| **Counter-Plaintiff** | |
| **v.** | |
| **CASIO INC. and CASIO COMPUTER CO., LTD.** | |
| **Counter-Defendants** | |

## CASIO'S OPPOSITION TO PAPST'S MOTION FOR CLARIFICATION

1-NY/2188285.3

## I.    NO CLARIFICATION IS NEEDED

The Court's Order on waiver of objections needs no clarification.  Casio's Proposed

Order was very clear that it was requesting "that all Papst objections to Casio, Inc.'s outstanding

Interrogatories and Document Requests are waived . . . ."  Proposed Order (emphasis added).

The Court granted this request.  Hearing Transcript, pp. 25 ("the Court will grant the motion,

largely for the reasons offered by the Movant, both orally and in writing.").

Moreover, at the hearing, the Court specifically asked what objections had been made,

and the Court was advised that Papst had made objections of privilege and work product.  *Id*. at

4.  The Court then ruled that Papst must provide "complete responses – that is, without

objections, which have been waived by the failure to respond in a timely fashion…."  *Id.* at 27.[1]

## II.    PAPST SEEKS RECONSIDERATION, WHICH SHOULD BE DENIED

The Papst motion is, in reality, a request for reconsideration.  Judge Kessler

addressed motions for reconsideration in her Scheduling Order:

> Motions for reconsideration are greatly disfavored . . . The Court assumes that
> counsel have made their best and most convincing arguments in their first round
> of briefing, and presumes that motions for reconsideration are simply a repetition
> and reframing of those original arguments.  "Only if the moving party presents
> new facts or a clear error of law which 'compel' a change in the Court's ruling
> will the motion to reconsider be granted".  *New York v. United States*, 880 F.
> Supp. 37, 38 (D.D.C. 1995).

5/14/07 Scheduling Order ¶14 (emphasis by Judge Kessler); *see also Zyko v. DOD*, 180 F. Supp.

2d 89, 91 (D.D.C. 2001) ("the reconsideration and amendment of a previous order is an

extraordinary measure."); *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (a

motion to reconsider is not "a vehicle for presenting theories or arguments that could have been

advanced earlier.").

---

[1]    Casio does not object to Papst's request for reasonable confidentiality restrictions under a Protective Order.

It is well-established that untimely objections to discovery requests waive the work product and attorney-client privileges.  *See United States v. British Am. Tobacco Ltd.*, 387 F.3d 884, 887 (D.D.C. 2004) (affirming holding that untimely objection waived privilege); *Schalk v. Teledyne, Inc.*, 1991 U.S. Dist. LEXIS 1974, *3 (W.D. Mich. Feb. 15, 1991) (untimely objection to discovery request resulted in the waiver of the attorney-client privilege); *Applied Sys. v. Northern Ins. Co.*, 1997 U.S. Dist. LEXIS 16014, *8 (D. Ill. Oct. 7, 1997) ("[I]t is firmly established that failure to object to a discovery request in a timely fashion may constitute waiver of the [work-product] objection."); *Layman v. Combs*, 1988 U.S. Dist. LEXIS 18517, *2-3 (N.D. Cal. Feb. 23, 1988) ("The law is well established that one who fails to timely object to discovery requests waives all objections including those based on privilege.").

Counsel for Papst presumably read our Proposed Order, and listened at the hearing while the Court asked about the nature of the objections and the response that identified privilege and work product, but Papst never attempted to carve out those objections in its briefing or during the hearing.  Their time to do so has past.

There are neither new facts nor any clear error of law justifying reconsideration, as required by Judge Kessler's Scheduling Order.  Accordingly, we respectfully request that the Court decline to reconsider this issue.

## III.    CONCLUSION

For all the foregoing reasons, we respectfully request that the Court deny the Papst

motion for reconsideration/clarification, and again rule that all objections are waived.


                                    Respectfully submitted,

DATED:  June 7, 2007                /s/ Jeffrey M. Gold
                                    Jeffrey M. Gold, Esq. (*pro hac vice*)
                                    Morgan, Lewis & Bockius, LLP
                                    101 Park Avenue
                                    New York, New York 10178-0060
                                    Tel: (212) 309-6000
                                    Fax: (212) 309-6001

                                    J. Kevin Fee, Esq. (D.C. Bar No. 494016)
                                    Morgan, Lewis & Bockius, LLP
                                    1111 Pennsylvania Avenue, NW
                                    Washington, D.C. 20004
                                    Tel.: (202) 739-3000
                                    Fax: (202) 739-3001

                                    Scott D. Stimpson, Esq. (*pro hac vice*)
                                    The Law Office of Scott D. Stimpson
                                    Suite 1102
                                    445 Hamilton Avenue
                                    White Plains, New York 10601
                                    Tel: (203) 258-8412

                                    Attorneys for Plaintiff and Counter-Defendant Casio Inc.
                                    and Counter-Defendant Casio Computer Co., Ltd.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
------------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,           :
Dover, New Jersey  07801                         :
                                                 : Civil Action No. 1:06 CV 01751
                                    Plaintiff,   : Judge: Gladys Kessler
                                                 : Magistrate Judge: Deborah Robinson
        v.                                       : Next status conference: 12/4/07
                                                 :
PAPST LICENSING GMBH & CO. KG,                   :
Bahnhofstrasse 33, 78112 Georgen,                :
Germany                                          :
                                                 :
                                    Defendant.   :
------------------------------------------------------------------------X
------------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                   :
Bahnhofstrasse 33, 78112 Georgen,                :
Germany                                          :
                                                 :
                            Counter-Plaintiff,   :
                                                 :
        v.                                       :
                                                 :
CASIO INC., 570 Mount Pleasant Avenue,           :
Dover, New Jersey 07801, and CASIO COMPUTER      :
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo :
151-8543, Japan                                  :
                                                 :
                        Counter-Defendants.  :
------------------------------------------------------------------------X
```

**[PROPOSED] ORDER**

Upon consideration of the Request of Papst Licensing GMBH & Co. KG ("Papst") for

Clarification, it is hereby

**ORDERED**, that Papst's Request for Clarificiation is **denied**.

1-NY/2188109.2

**ORDERED** that all of Papst's objections to Casio's discovery requests are waived,

including all privilege and work product objections.


DATED:_____                    _____

                                                  Deborah Robinson
                                                  United States Magistrate Judge