UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>                    Defendant.<br>────────────────────────────<br><br>PAPST LICENSING GMBH & CO. KG,<br>                    Counter-Plaintiff<br><br>          v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO.,  LTD.<br><br>                    Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge:  Gladys Kessler<br><br> Magistrate Judge: Deborah A<br> Robinson<br><br>Next court deadline: June 15, 2007 –<br>Exchange of Witness Lists |

**PAPST LICENSING GMBH & CO. KG'S  MOTION FOR EXTENSION OF
TIME TO PRODUCE ADDITIONAL DOCUMENTS**

Defendant  and  Counter-Plaintiff  Papst  Licensing  GmbH  &  Co.  KG  ("Papst

Licensing")  will  be  producing  extensive  documents  beginning  on  Monday,  June  11,

2007.   Additional  documents  will  need  to  be  obtained  from  Germany,  reviewed  and

processed.   Therefore,  Papst  Licensing  respectfully  moves  for  an  extension  of  time  to

produce  additional  documents  pursuant  to  Magistrate  Judge  Robinson's  May  31,  2007

Order.  In support thereof, Papst Licensing states as follows:

On May 31, 2007, U.S. Magistrate Judge Robinson heard oral argument on Casio

Inc.'s Motion to Compel and for Sanctions.  A copy of the transcript from this hearing

and the Court's related Minute Entry are attached hereto as Exhibit A.  In its oral ruling, the Court stated "First, the Court orders that complete responses – that is, without objections, which have been waived by the failure to respond in a timely fashion – be served within 10 calendar days of today's date."  (Ex. A, p. 27.)

Although the Order is not clear as to whether Papst Licensing has also been ordered to produce its responsive documents within the same 10 calendar days (as opposed to only responding in writing to Casio's written discovery requests), Papst Licensing is diligently assembling documents and plans to produce as many as  10,200 pages of documents on June 11, 2007 that are responsive the Casio's very wide scope of requested documents.  Papst Licensing will also serve its supplemental responses to Casio's document requests and interrogatories on June 11, 2007.  However, because it will be physically impossible to produce all of Papst Licensing's responsive documents by June 11, 2007, Papst Licensing respectfully requests an extension of time of fourteen days, until June 25, 2007.  Should Papst Licensing be ready to produce additional documents before June 25, 2007, those documents will be produced as soon as they are ready on a rolling basis.

Many reasons exist why Papst Licensing is unable to produce each and every responsive document by Monday, June 11, 2007.  First, Papst Licensing is a German company and many of its responsive documents are written in German and are located in Germany.  While Papst Licensing's counsel has already assembled some documents from Papst Licensing, other Papst Licensing documents were only recently shipped from Germany and are not due to arrive until Friday, June 8, 2007 at the earliest.  Once the German documents are received, Papst Licensing's attorneys must determine which

documents are responsive to Casio's requests, conduct a privilege and a confidentiality review, and then work with a third-party document management vendor to process the documents into the agreed to electronic format of production. Specifically, the Joint Case Management Plan states that:

> (a)    The parties agree to produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation or Concordance load file. To the extent available, the load file shall contain for each document the beginning Bates number, the ending Bates number, a description of the source from which the document came, a description of the computer from which the document came, the associated file name, and the associated directory path for the document.

[Docket # 28, pp. 17-18]

Despite this complicated and time consuming process, Papst Licensing expects that it will still produce as many as 10,200 pages of documents on June 11, 2007. However, given that many other documents still need to be reviewed and processed, Papst Licensing expects that it will take up to fourteen additional days to produce its additional responsive documents.

On June 8, 2007, counsel for Papst Licensing, Joseph E. Cwik, attempted to reach counsel for Casio, Jeffrey Gold, by both telephone and e-mail in an attempt to meet and confer on this issue pursuant to Local Rule 7(m). As of the time of drafting this motion, Casio has not yet responded with its position on the motion.

WHEREFORE, Papst Licensing respectfully requests that this Court enter an order granting Papst Licensing an extension of time of fourteen days, until June 25, 2007, to produce its additional responsive documents.

Dated: June 8, 2007

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000


Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this June 8, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc.**

_____
Campbell Killefer

*Exhibit A*

## Cwik, Joseph

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Friday, June 01, 2007 9:35 AM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01751-GK-DAR CASIO INC v. PAPST LICENSING GMBH & CO. KG Motion Hearing |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 6/1/2007 at 10:34 AM and filed on 5/31/2007
**Case Name:**       CASIO INC v. PAPST LICENSING GMBH & CO. KG
**Case Number:**     1:06-cv-1751
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Minute Entry. Proceedings held before Magistrate Judge Deborah A. Robinson : Motion Hearing held on 5/31/2007 re [24] MOTION for Sanctions filed by CASIO INC and [22] MOTION to Compel Discovery and for Sanctions is granted for reasons set forth on the record. (Court Reporter Pro-typists.) (lm )

**1:06-cv-1751 Notice has been electronically mailed to:**
Campbell Killefer ckillefer@venable.com, docket@welshkatz.com, mamarkowska@venable.com, mhbelayneh@venable.com, wjkawula@welshkatz.com
J. Kevin Fee jkfee@morganlewis.com
Scott D. Stimpson stimpsonlaw@gmail.com
Jeffrey M. Gold jgold@morganlewis.com
Joseph E. Cwik jecwik@welshkatz.com

**1:06-cv-1751 Notice will be delivered by other means to::**

Jerold B. Schnayer
WELSH & KATZ, LTD.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
                              :
In the Matter of:            :
                              :
CASIO, INC.,                  :
                              :
     Plaintiff,               :
                              :
          vs.                 :     Civil Action No. 06-1751
                              :
PAPST LICENSING GMBH & CO.,   :
                              :
     Defendant.               :
                              :     Washington, D.C.
- - - - - - - - - - - - - - x     May 31, 2007


TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:        J. KEVIN FE, ESQ.
                          SCOTT D. STIMPSON, ESQ.

For the Defendant:        JEROLD B. SCHNAYER, ESQ.
                          DAMON W.D. WRIGHT, ESQ.


Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
M1837V/bf

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  Civil Case Number 06-1751.  This is
 3  in the matter of Casio, Inc. versus Papst Licensing GMBH &
 4  Company.  I don't know what the "KG" is.  I have that on our
 5  archive.  Kevin Fe and Scott D. Stimpson for the Plaintiffs;
 6  Jerold B. --
 7           MR. SCHNAYER:  "Schnayer."
 8           THE CLERK:  -- Schnayer and Damon Wright for the
 9  Defendant.  This is set for a motions hearing.
10           THE MAGISTRATE JUDGE:  Now, good afternoon to all
11  of you.  This matter was scheduled for a hearing on the
12  motion filed by Casio, to compel and for sanctions.
13           The issue presented by the motion is a relatively
14  straightforward one, and the Court indeed considered ruling
15  on the motion without scheduling a hearing.  But recognizing
16  that the status of the issue presented might have changed
17  as of the time the Court made a ruling had there been no
18  hearing, the Court thought it prudent for counsel to come in
19  and address the matter.
20           I understand, based upon your informal discussion
21  off the record my law clerk before the case was called, that
22  it may be the case that some responses to the outstanding
23  interrogatories have been served.  However, recognizing that
24  that may not fully address the pending motion, the Court
25  will hear first from Plaintiff's counsel, then from counsel
```

1    for the Defendant, regarding these issues.

2           Now, who will address the matter on behalf of

3    the Plaintiff?

4           MR. STIMPSON:  I will, Your Honor.  Scott

5    Stimpson.

6           THE MAGISTRATE JUDGE:  Mr. Stimpson, good

7    afternoon.

8           MR. STIMPSON:  Good afternoon, and thank you.

9    I will be brief.

10           We were served last night with responses to

11   interrogatories and document requests.  There are many

12   objections.  We still have not received a single document

13   in document production.

14           I think it would help just to have a very short

15   recitation of the chronology as things have played out here.

16           On March 2 we had what we believed to be our 26(f)

17   conference and we served our discovery requests.  We served

18   a proposed discovery plan on the other side on March 9.  It

19   was more than six weeks later before we got any comments

20   from the other side after this motion was filed.

21           On March 13, Judge Kessler issued an order that

22   discovery proceed.

23           Exhibit J to our motion is a letter we sent to

24   opposing counsel shortly before their responses were due,

25   which I think is instructive here.  We were getting wind

1    that -- it's "J," Your Honor.  We were getting wind that

2    perhaps they were not going to respond on time, and we sent

3    a letter telling them that Judge Kessler has ordered

4    discovery to proceed and we expect full and appropriate

5    responses, and if we don't get them we are going to take

6    appropriate action.

7         So counsel for Papst took the risks they were

8    taking with their eyes wide open to what might happen here.

9         It is now May 31.  We are about three months since

10   we served our discovery requests.  We are two-and-a-half

11   months after Judge Kessler ordered discovery to proceed.

12   We do not have a single document.  And the responses we

13   received last night are riddled with objections.

14        THE MAGISTRATE JUDGE:  May I ask you to state the

15   substance of some of the objections.  In other words, what

16   sort of objections were raised.

17        MR. STIMPSON:  I only received them last night,

18   so I went over them briefly today, Your Honor.

19        The objections to the document requests -- they

20   have objections on a protective order, they have objections

21   on over-breadth, they have, you know, your typical

22   objections you'd expect, privilege and work product.

23        Some of the document requests, they say they will

24   give us some documents at some unspecified date.  Some of

25   the document requests, they simply -- if I remember

1  correctly, they simply say, "No," or "We'll think about it.

2  We'll talk to you at some other time."  Or, "We'll have a

3  meet and confer, and discuss it."

4       But as I say, we have yet to receive a single

5  document, and the case has been going for three months now -

6  discovery has been going for three months.

7       THE MAGISTRATE JUDGE:  What is your proffer

8  regarding whether or not any agreement was reached with

9  respect to objections?

10      MR. STIMPSON:  I believe no agreement was reached

11  -- absolutely none.

12      THE MAGISTRATE JUDGE:  Very well, you may

13  continue.

14      MR. STIMPSON:  So, Your Honor, my opponent is

15  trying to make this into a 26(f) issue.  26(f) is long since

16  done, and this is not a 26(f) issue.  This is a 26(d) issue.

17  This is about a failure to respond to the Court order.

18  26(d) says that discovery can proceed regardless of whether

19  there's been a 26(f) conference if the Court orders it, and

20  unquestionably the Court ordered it.

21      So the question, I think, or the consequences of

22  what's happened here, it's very clear that the Court order

23  has been -- they have not complied with the Court order.

24  And so we request basically four remedies for that.

25      One is, since the objections are untimely, they

1    are waived.  That we get prompt discovery, including all the

2    documents that should have been produced.  We also request

3    our fees and costs under 37(a) and (b).

4            THE MAGISTRATE JUDGE:  And by "fees and costs,"

5    may I assume you mean fees and costs associated with the

6    filing of the motion?

7            MR. STIMPSON:  Correct.  Correct.  And lastly,

8    Your Honor, I think an appropriate sanction in this

9    situation would be entry of an order bifurcation.  I think,

10    for one thing, it's going to avoid another motion which may

11    be coming, and bifurcation is particularly appropriate in

12    this case.

13            Judge Kessler has asked that fact discovery be

14    completed by December, December of this year.  We've now had

15    three months of our fact discovery period go by.  We haven't

16    received a single document.  We've now just got six months

17    left.  And if damages and willfulness are left in this case,

18    it is going to be darn near impossible to get this done

19    pursuant to Judge Kessler's order.  And it's a particularly

20    appropriate sanction here, Your Honor, because they're

21    effectively using the 26(f) procedures as a shield to

22    prevent themselves from having to comply with the CRA.

23            So if there are no questions, I'll turn it over to

24    my opponent.

25            THE MAGISTRATE JUDGE:  Well, I do have one

1    additional question, Mr. Stimpson.  Is your request for what

2    you term "bifurcation" a request for a sanction or is it

3    simply your view that, given the delay in making discovery

4    that discovery cannot be completed in the time for which the

5    Court already provided.

6         MR. STIMPSON:  Well, it's both actually, Your

7    Honor.  We've cited cases where, in fact, one Court

8    specifically mentioned entering a scheduling order by

9    opposing party if they didn't comply with the Court orders.

10   It's certainly an appropriate sanction for what's happened

11   here.

12        But stepping back and just looking at where we are

13   now, and we've got six more months of fact discovery, it's a

14   very complicated case, even liability-wise.  We've got two

15   patents, we've got many accused products, we've got lots and

16   lots of prior art.  I assume there will be many accused

17   claims of each patent that are alleged to be infringed.

18   It is going to be a mountain for a jury.  And if you add

19   damages and willfulness to that, it is going to be a very

20   lengthy trial and I can't see how we can really get it done

21   in time.

22        So there are many reasons for bifurcation.  I will

23   leave that argument for another day, if it's needed.  But a

24   short answer to your question is, as a sanction and because

25   it's appropriate, we request bifurcation.

```
 1              THE MAGISTRATE JUDGE:  Very well.  Thank you very

 2    much, Mr. Stimpson.

 3              MR. STIMPSON:  Thank you.

 4              THE MAGISTRATE JUDGE:  Mr. Schnayer?

 5              MR. SCHNAYER:  Yes, Your Honor.

 6              THE MAGISTRATE JUDGE:  Very well.  Good afternoon.

 7              MR. SCHNAYER:  Good afternoon.  Nice to see you

 8    again.

 9              Your Honor, first of all, let me make it clear we

10    did serve discovery responses, and I would like to point out

11    that the -- I'm going to hand up a copy -- they only have

12    one copy, but I'd like to point out --

13              THE MAGISTRATE JUDGE:  Let me interrupt you just

14    one moment.

15              MR. SCHNAYER:  Sure.

16              THE MAGISTRATE JUDGE:  I don't believe that I need

17    to see the responses.  Let me ask whether you concede that

18    service of any responses last night was well beyond the time

19    in which --

20              MR. SCHNAYER:  No, Your Honor.

21              THE MAGISTRATE JUDGE:  -- the responses were due.

22              MR. SCHNAYER:  Your Honor -- no.

23              THE MAGISTRATE JUDGE:  When were you served with

24    the discovery requests?

25              MR. SCHNAYER:  We were served with the discovery
```

1    requests -- maybe I should go back and give you my version

2    of what happened.

3              THE MAGISTRATE JUDGE:  Well, let me ask when you

4    were served with the discovery requests.

5              MR. SCHNAYER:  On March 2nd, we were served with

6    the discovery responses, Your Honor.  And --

7              THE MAGISTRATE JUDGE:  Discovery "requests."

8              MR. SCHNAYER:  Discovery requests.

9              THE MAGISTRATE JUDGE:  Very well.  You may

10   continue.

11             MR. SCHNAYER:  Your Honor, in this case originally

12   we had been having discussions about infringement charges.

13   I'm going to go back to the beginning, because I think it

14   needs to be understood.  We've had discussions with Casio

15   about charges of infringement we made against them

16   concerning two patents that are involved in this lawsuit.

17   They concern digital cameras.  We had one meeting with them,

18   never with their client, and my normal experience is we

19   usually have five, ten meetings with companies and we

20   discuss the issues.  They decided to sue Papst, to bring a

21   DJ action.  So this case started as a DJ action.

22             We filed a counterclaim against them, and

23   originally it was Casio USA involved, and we also sued Casio

24   Japan.  And when we sued Casio Japan we did so because it's

25   our understanding that they manufacture the infringing goods

1    here.

2         And we had meetings with counsel before the

3    Rule 26(f) conference that they claim happened, and we said

4    to them, "Lookit, do you represent Casio Japan?  Would you

5    accept service of process for Casio Japan?"

6         And we were told, "We don't represent Casio Japan

7    and we won't accept service of process for Casio Japan."

8         So we were forced to go through the Hague

9    Convention.  What that means is, since it's a foreign

10   company we have to file a request with the Court, the Court

11   files a request with the Justice Department, the Justice

12   Department here files a request in Japan, and they serve the

13   company, and eventually they got served.

14        And so a lot of delay that was caused in this case

15   was caused by the Plaintiff in this case.  They could have

16   accepted services of process.

17        Now, we have this meeting, and we asked them to

18   provide us with a draft before the meeting.  We also asked

19   them whether they represented Casio Japan.  Because Casio

20   Japan is a party.  And they come to the meeting, we never

21   got a draft of a proposal for the 26(f) scheduling order

22   that we had to present to the Court -- they're the

23   Plaintiff.  And they come to the meeting and they say,

24   "We don't represent Casio Japan."

25        So I said, "Well, how could we have a 26(f)

1    conference if you don't represent Casio Japan?"

2         And they said, "Well, we don't represent them.

3    And we're not going to accept service of process."

4         Counsel wasn't at that conference.  It lasted for

5    about 15 minutes.

6         THE MAGISTRATE JUDGE:  Do you agree, Mr. Schnayer,

7    that there's no authority which holds that even the complete

8    absence of a meet and confer session relieves a party of

9    the time limits which otherwise apply to the service of

10   responses to interrogatories and requests for production of

11   documents?

12        MR. SCHNAYER:  I don't.  I think the rule is

13   clear.  I think you have --

14        THE MAGISTRATE JUDGE:  What portion of the rule

15   is it --

16        MR. SCHNAYER:  26(f) --

17        THE MAGISTRATE JUDGE:  -- on which you rely?

18        MR. SCHNAYER:  Okay.  Yes.  It says --

19        THE MAGISTRATE JUDGE:  What portion are you

20   reading?

21        MR. SCHNAYER:  I'm in 26(d), Timing and Sequence

22   of Discovery.  "Except in categories of proceedings exempt

23   from initial disclosure under Rule 26(a)(1)(E) or when

24   authorized under these rules or by order of agreement of

25   the parties, a party may not seek discovery from any source

1   before the parties have conferred as required by Rule

2   26(f)."

3            And then, Your Honor --

4            THE MAGISTRATE JUDGE:  Doesn't the order of Judge

5   Kessler, which directed that discovery proceed, mean that

6   your reliance on that rule is misplaced?

7            MR. SCHNAYER:  I don't think so, Your Honor,

8   at all.  It's not how I read the Judge's order.

9            Counsel asked that discovery be allowed to go

10  forward.  After we had that 15-minute conference, this

11  so-called 26(f) conference, we met numerous times for many

12  hours on the phone.

13           And when I saw the Judge's order, it was my

14  understanding that we had to -- that discovery would go

15  forward, but the Judge never said that you don't have to

16  comply with 26(d).  26(d) is very specific.  It says you

17  have to have a 26(f) conference.  That doesn't mean meet for

18  15 minutes and discovery goes forward.  It means you're

19  supposed to prepare a discovery plan.  You're supposed to

20  discuss the issues.  And I have a section of the statute

21  that -- I'm going to hand up a copy of this, if I may, Your

22  Honor?

23           THE MAGISTRATE JUDGE:  You need not hand up the

24  statute or the rule.  We have it here.

25           MR. SCHNAYER:  Well, these are the notes for the -

1    - committee notes for that, that were part of it, describing

2    what was contemplated under new twenty -- or, 26(f), and

3    what it basically talks about is -- these were recently

4    passed.  It talks about electronic discovery, it talks about

5    the requirement to talk about electronic discovery, to

6    exchange information; that the committee now wants these

7    initial conferences to be significant, to exchange

8    information, for the parties to cooperate.

9             And the first conference we had, one of the

10   parties wasn't even present at that conference.  Because

11   they wouldn't agree -- the same attorneys that represent

12   them now wouldn't agree to talk on their behalf.  We

13   couldn't have had a conference.

14            I asked them to provide me with information about

15   electronic discovery.  The new rules say this is an

16   important issue that must be addressed, and we had hours of

17   conversations after this.  Right up until the time we filed

18   the 26(f) statement.  And we -- we -- took the initiative

19   on that.

20            We asked them to provide us with a bunch of

21   information.  If you look at the letters attached to my

22   motion, we sent out letters and we show you a list of

23   questions we asked them, that they never complied with.

24            So, for example -- we were trying to hone the

25   issues down.  This is a complicated case.  Understand,

1   there's a Japanese company and a U.S. company.  This is not

2   easy.  There might be additional companies involved here.

3   If we don't get the parties that we need involved or find

4   out about the electronic data, it's hard for us to comply

5   with Rule 26(f) as contemplated by the rules.  And we had

6   conversation after conversation with them.  And they

7   wouldn't provide us with the information.  Their answer was,

8   "We're not going to give you free discovery."

9           Serve formal requests.  Well, the rule

10  contemplates the parties are going to cooperate.  We hoped

11  to get a 26(l) conference completed pretty quickly, but we

12  couldn't until the very last day because the parties were

13  exchanging extensive drafts, because we weren't getting

14  cooperation.  In the end, I finally threw up my hands and

15  said, "Okay, I have to move forward, I have to agree on

16  something," and we submitted a joint report to the Court.

17          THE MAGISTRATE JUDGE:  Do you agree that in the

18  joint report this issue which -- when I say the "joint

19  report," I mean the joint report which you also signed  --

20  does not raise this issue at all?

21          MR. SCHNAYER:  No, it doesn't really address it at

22  all.  They filed a separate motion.  It doesn't address it.

23  And it does not --

24          THE MAGISTRATE JUDGE:  Do you also acknowledge

25  that you did not file a motion to extend the deadline for

1   serving your answers to these discovery requests until a

2   more meaningful meet and confer session could take place?

3                MR. SCHNAYER:  Your Honor, I didn't -- the rule is

4   specific.  It says you have to have one beforehand.

5                You know, I feel like I'm getting set up here.

6   You know, they complain my answers aren't sufficient.  Your

7   Honor, they gave me nothing in their answers.  They gave me

8   nothing.  They objected to everything.  I provided them with

9   substantive responses.  You know, we walk into this case --

10               THE MAGISTRATE JUDGE:  Is there a motion pending

11  regarding your client's concerns about the sufficiency of

12  the responses served by Casio?

13               MR. SCHNAYER:  I haven't had a chance to meet and

14  confer with them.  We were preparing for this motion, and

15  we'll deal with it.  We have to meet and confer.  I was only

16  -- he comes in and he says my responses aren't good.  I was

17  responding to that.  And I was pointing out to you and I was

18  going to show you, here's a several-page response showing

19  how the claims read on their device.

20               We gave them substantive responses.  They didn't

21  give us substantive responses.  They wouldn't provide us

22  with the information we needed for the 26(f) conference.

23  It's my view that it never occurred until the day we

24  finalized, signed off on the agreement, and sent it to the

25  Court, and the answers aren't due until -- they're not even

1   due today.  We served them early.  By serving him yesterday,

2   we served him early.

3              THE MAGISTRATE JUDGE:  What is your contention

4   regarding when the answers to discovery requests served on

5   March 2nd, 2007, are due?

6              MR. SCHNAYER:  They won't be due until a couple

7   of days from now.  They're not due, because we never had a

8   26(f) conference.

9              THE MAGISTRATE JUDGE:  What is the basis of your

10  determination that they're not due until two days from

11  today?

12             MR. SCHNAYER:  Because we took the exact date when

13  the parties did have a completed 26(f) conference, after

14  several substantive meetings, and the parties came to a

15  proposal to submit to the Court and we submitted the

16  scheduling proposal.  That's the day that we had our 26(f)

17  conference and finalized it.  And it's my position that's --

18  according to the rules, that's the only date that makes

19  sense.

20             If I'm wrong, I apologize.  We did this in good

21  faith.  We did not do this to delay anything.  This is a

22  complicated case.  There's complicated issues.  We have been

23  looking into getting documents, we've got a client from

24  Germany, we've got a -- the patentee doesn't work for our

25  company, so it's not such an easy issue, but we have been

1    gathering documents.  And we put together a very substantive

2    charge of infringement here.  Your Honor, they don't have

3    anything like this in their discovery responses.  So this

4    took time to put together.

5         But they complain that I delayed everything.  It's

6    not true.  We tried to get the 26(f) conference done sooner.

7    We couldn't get any responses from them.  They didn't give

8    us the information.  I'll point out the letters to you,

9    because I think those are important.

10        If you look at our brief --

11        THE MAGISTRATE JUDGE:  I have it here.

12        MR. SCHNAYER:  And if you look at Exhibit A.

13   This is an interesting one.  Exhibit A, in the back two

14   pages, is a letter from opposing counsel.  It starts out

15   as a -- the bottom part is an e-mail from J. Gold, who is

16   Plaintiff's counsel, and Mr. Swick, Joseph Swick, who is the

17   top part, this is a response to a e-mail, is on the part --

18   is the top part.

19        But if you look at the second page -- and this is

20   the letter that Mr. Gold sent after that supposed

21   conference.  It says, "With regard --" on the last page of

22   this.  Second to last page, I'm sorry.  Second to last page,

23   point 4 of Exhibit A, it says -- Point 4 on there?  Second

24   line?

25        THE MAGISTRATE JUDGE:  I have it.

1       MR. SCHNAYER:  Okay.  "Regarding your request to

2  identify the specific details of Casio Inc., Casio Japan,

3  and any related entities' computer systems, such a request

4  is beyond the scope of the 26(f) conference."  Then he goes

5  on and gives us a little bit of information about it, but

6  he says -- and this is the important part -- bottom line,

7  last line, "If you believe you are entitled to any more

8  information about Casio Inc.'s system or any specific

9  discovery, please serve a discovery request and we'll

10  consider it."  That was their attitude.  We're not going to

11  give you free discovery.  As the rules contemplate, parties

12  should cooperate.

13       Then if you look at my letter, if you look at

14  Exhibit  -- look at Exhibit, if you would, please, Your

15  Honor, E.  First page.

16       THE MAGISTRATE JUDGE:  I have it.

17       MR. SCHNAYER:  This discusses a conference that

18  Mr. Swick in my office had with Mr. Gold, and Mr. Gold

19  represents the Plaintiff.  And you can see the second

20  paragraph.  It says, "At the conference we asked you several

21  questions relevant to developing a carefully considered

22  litigation schedule.  At the time, you weren't able to

23  provide any answers to several of our questions.  We ask

24  that you please provide us with answers to these questions

25  before our next meeting on April 16th."  So these were part

1    of the continuing meetings.

2         And you can see we're asking questions about the

3    name of the companies that were involved in the design and

4    development, so we can decide if we have the right parties

5    and know how long discovery is going to take -- reasonable

6    questions.  "What are the names of the companies that were

7    involved in the manufacture of the cameras.  What are the

8    names --" 3, "What are the names of all Casio companies that

9    were involved in the sale of the cameras."  That's also

10   relevant.  "Are both Casio Japan and Casio USA willing to

11   voluntarily produce relevant information and witnesses from

12   all their parent companies?"  So we're trying to find out

13   how much foreign discovery we have to do.  That's a

14   reasonable request.

15        Five, "Is Casio Japan and Casio US potentially

16   relevant electronic information reasonably accessible?"

17   The rules require you to talk about reasonable accessibility

18   in the 26(f) conference.  That is something you must

19   discuss.  Or you should discuss.  And that is, is the

20   information reasonably accessible because electronic

21   discovery is very complicated and if it's not reasonably

22   accessible, then you have to talk about shifting costs and

23   who should pay for it.  And that's important, according to

24   the new rules, to deal with electronic discovery.  We asked

25   them questions about that and we got no answers.

```
 1              And then we asked, "Who are the names of the --
 2    names, titles and employers of those individuals at Casio
 3    Japan and Casio US who have special knowledge about each
 4    respective party's computer system."  If you read the
 5    section of the rule, the notes on it, it says that that's
 6    the kind of information you're supposed to talk about.
 7    In fact, they discuss and some Courts have said you've got
 8    to bring somebody knowledgeable about it from the company
 9    and have a real significant exchange.  So we tried to do
10    that with them.
11              And now look, if you would, at Exhibit F.
12    Exhibit F is April 18th, a further letter from Mr. Swick to
13    Mr. Gold.  "We are disappointed that you called this morning
14    to state you were unilaterally canceling our previously
15    agreed to upon continuation of the Rule 26(f) conference
16    scheduled to occur today.  As we understand it, you are
17    unwilling to participate because you have not received
18    _____ proposal.  However, at this time you also
19    indicated you were unwilling to discuss many of the
20    Rule 26(f) issues that will help parties develop a carefully
21    developed scheduling plan.  Specifically, you told me, for
22    the first time, you're unwilling to discuss the following
23    questions," and those are the same questions that we had
24    listed in our other letter to them.  And there's no letter
25    that says, "Yes, we were willing to discuss these with you."
```

 1          So a lot of the delay here was caused in having

 2    the final Rule 26(f) conference by counsel for Plaintiff not

 3    giving us, quote, "free discovery," which is the kind of

 4    cooperation you need in a case to formulate a reasonable

 5    discovery plan.

 6          THE MAGISTRATE JUDGE:  Am I correct, Mr. Schnayer,

 7    that the sole basis of your client's determination to serve

 8    no answers until last night has to do with the manner in

 9    which the conference was conducted?

10          MR. SCHNAYER:  The fact that there was no

11    conference.  There was no conference.  And --

12          THE MAGISTRATE JUDGE:  Very well.

13          MR. SCHNAYER:  There was none.  That's not a

14    conference.  And it didn't occur until we signed the papers

15    after many discussions, and trying to do it in a quick

16    fashion.

17          I also have one other point I'd like to make.

18          THE MAGISTRATE JUDGE:  Yes.

19          MR. SCHNAYER:  Counsel has raised an issue, and

20    this is sort of a side point, but I want to make this clear

21    because I think it's important.

22          He said one of the sanctions we want is that you

23    should segregate out the damages issue and willfulness

24    issue.  And I'd like to point out that at the hearing that

25    occurred with the Judge, the scheduling hearing that we had,

1    the one hearing, the Judge -- that issue was before the

2    Court because both parties addressed it in the papers they

3    filed, this big paper we put together finally which listed

4    the parties' positions.  And they asked the Judge for

5    bifurcation.  They asked the Judge for bifurcation.

6            And the Judge, at the end of the hearing, issued

7    an order and that's -- of the record, and she ordered the

8    schedule.  And there's nothing in the order that talks about

9    bifurcation.  And after she read the order -- she read it

10   out loud, and then she issued it in writing after the

11   hearing, she said, "Are there any more questions?"  She

12   turned to Plaintiff first.  Counsel didn't raise any

13   questions.  He didn't raise this issue with the Judge.

14           Bifurcation was already considered by the Court --

15   by the District Court Judge -- and denied.  It was denied.

16   And now they're saying, we want the sanction of bifurcation.

17   Well, they have it -- it's already been ruled on.  And

18   second, it's not a proper -- there's no authority to say

19   that this is a proper sanction under the rules.  There's no

20   authority for it.  it's just like, we want it because we

21   want it.  It's not proper.  So it's already been ruled on.

22           So, Your Honor, we did believe that the Judge's

23   order -- they have the ability to ask the Judge -- and they

24   never did in the papers they filed -- to address the issue

25   of the Rule 26(f) conference.  They never said to the Judge,

1    "You know, we want a specific ruling that discovery should

2    be considered served as of that day."  They never asked for

3    it in their pleading.  And the Judge never ruled on it.  If

4    you look at the paper they filed, it doesn't ask for that.

5    So they never asked for it, the Judge never ruled on it, and

6    we proceeded with that understanding.

7         If I'm wrong, I apologize.  We served our

8    discovery requests.  But it's not sanctionable, Your Honor.

9         THE MAGISTRATE JUDGE:  Very well, thank you,

10   Mr. Schnayer.

11        MR. SCHNAYER:  Thank you, Your Honor.

12        THE MAGISTRATE JUDGE:  Mr. Stimpson, if you wish

13   a brief reply I will hear you.

14        MR. STIMPSON:  Your Honor, I don't (inaudible)

15   have 30 seconds.

16        THE MAGISTRATE JUDGE:  My expectation was that one

17   of you would address the issue -- do you need a moment to

18   confer with Mr. Schnayer?  If so, you certainly may do so

19   and I'm happy to take a brief recess if you need more than a

20   moment or two to huddle.

21        MR. STIMPSON:  Not a problem.

22        MR. SCHNAYER:  Your Honor?

23        THE MAGISTRATE JUDGE:  Mr. Schnayer, yes.

24        MR. SCHNAYER:  If I may, please.  Thank you.

25   Counsel points out to me, co-counsel, that the committee

1  notes _____ -- Subsection (f) of the committee notes

2  points out and it talks about Rule 26(f) as amended to

3  direct the parties to discuss discovery electronically

4  stored information during their discovery planning

5  conference.  And the rule focuses on the issues relating to

6  disclosure or discovery of electronically stored

7  information.  Discussion is not required in cases which

8  involve -- don't involve electronic discovery.  In this

9  case, of course, it does.

10        And it goes on in the committee notes, it says,

11  it talks extensively about how this is important to focus

12  the issues, to focus the issues so that you can have a good

13  proposal to the Judge and focus the discovery in the case.

14        To have a 15-minute discussion where the parties

15  haven't done anything is not a local rule conference.  It's

16  not consistent with these guidelines that are set out in the

17  committee notes.  It really contemplates that you -- and it

18  goes through, and if Your Honor would care to read it after

19  the hearing, it goes through and it says you're supposed to

20  discuss these issues and narrow the issues.

21        THE MAGISTRATE JUDGE:  The Court is eminently

22  familiar with the committee notes.

23        MR. SCHNAYER:  Thank you, Your Honor.

24        THE MAGISTRATE JUDGE:  Very well.  Thank you.

25  You may have a seat.

1          MR. SCHNAYER:  Appreciate it.  Thank you.

2          MR. STIMPSON:  Your Honor, 30 seconds.  Just on

3    the last point that Mr. Schnayer raised, about this being

4    already -- bifurcation already being decided by Judge

5    Kessler.  And that meet and confer statement, I believe --

6    I don't have it in front of me, but I believe the very first

7    thing we said was we're asking for this as a sanction, and

8    Judge Kessler said she's passing this motion on to Your

9    Honor.  She certainly did not rule on bifurcation.

10         The rest of Mr. Schnayer's argument was all about

11   26(f), and I don't believe this is about 26(f).  This is

12   about noncompliance with Judge Kessler's order.

13         If you don't have any further questions, I'll sit

14   down.

15         THE MAGISTRATE JUDGE:  Very well.  Thank you.

16   You may have a seat.

17         MR. STIMPSON:  Thank you.

18         THE MAGISTRATE JUDGE:  As the Court indicated at

19   the outset, the Court reviewed the motion, the opposition

20   and the reply in advance of the hearing, and the Court has

21   now considered the proffers and arguments of counsel during

22   the course of the hearing.  Having done so, the Court will

23   grant the motion, largely for the reasons offered by the

24   Movant, both orally and in writing.

25         More specifically, the Court finds that what Papst

1    urges upon the Court is a novel way of counting the number

2    of days in which a party must serve responses to written

3    discovery requests.  The Court uses the term, quote,

4    "novel," close quote, because there is simply no authority

5    which supports this method of calculating the deadline.

6            The rules make plain when it is that a party is to

7    serve responses to written discovery requests.  There was no

8    motion for enlargement of time filed by Papst.  Papst did

9    not seek any clarification of the due date in the meet and

10   confer report that counsel, along with opposing counsel,

11   filed in this matter, and appears to have unilaterally taken

12   the position that because Papst was displeased with the

13   manner in which the Rule 26(f) meeting or conference was

14   conducted that the responses to the written discovery

15   requests would be withheld.

16           However, there is no authority that suggests

17   that a party may unilaterally alter the rule which would

18   otherwise apply, particularly in an instance such as this

19   where the Court ordered that discovery proceed, simply

20   because of a concern regarding the sufficiency of the 26(f)

21   conference.

22           For these reasons, the Court finds that the

23   opposition to the motion to compel and for sanctions was not

24   substantially justified and that there are no circumstances

25   which would make the imposition of sanctions unjust.

1          The Court therefore orders the following.

2          First, the Court orders that complete responses --

3    that is, without objections, which have been waived by the

4    failure to respond in a timely fashion -- be served within

5    10 calendar days of today's date.

6          Second, the Court imposes as a sanction the costs

7    to Casio, including reasonable attorney's fees, of moving to

8    compel and for sanctions.  The Court will order that such

9    costs be paid within 30 days of today's date and that

10   counsel work cooperatively to share and comment upon the

11   reasonableness of those costs.  This is not a matter that

12   should entail the filing of a motion, because the Court

13   expects that you will work cooperatively to determine what

14   the reasonable costs are.

15         To the extent that there is an additional sanction

16   that Casio requests, the motion for any additional sanction

17   other than the fees and costs, is denied.

18         The Clerk will prepare a minute entry which will

19   indicate that the motion to compel and for sanctions was

20   granted for the reasons set forth on the record at the

21   hearing.  There is no order, no written order, that will

22   follow.  The minute entry will also indicate that complete

23   responses without objection are to be served within ten days

24   of today's date, and that Papst is to pay Casio's costs

25   within 30 calendar days of today's date.

1          Now, is there anything further in this matter

2    this afternoon?  Mr. Stimpson or Mr. Fe?

3          MR. STIMPSON:  Not that's pending before Your

4    Honor right now, nothing (inaudible).

5          THE MAGISTRATE JUDGE:  Very well, thank you.

6    Mr. Schnayer, Mr. Wright?

7          MR. SCHNAYER:  Nothing further, Your Honor.

8    Thank you.

9          THE MAGISTRATE JUDGE:  Very well.  Thank you

10   very much.

11         There is nothing scheduled for the courtroom for

12   the rest of the day, so if you wish to stay and continue

13   your efforts to confer before you return to your respective

14   destinations, you are welcome to do so.

15         COUNSEL:  Thank you.

16         THE MAGISTRATE JUDGE:  Very well.  Thank you

17   very much.

18         (Whereupon, proceedings were concluded.)

19

20

21

22

UNITED STATES OF AMERICA )
                        ) Civil Action No. 06-1751
DISTRICT OF COLUMBIA    )

      I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

                                      _____
                                        PAUL R. CUTLER

      I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

                                        _____
                                        BONNIE FURLONG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>          Plaintiff,<br><br>    v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>          Defendant.<br>_____<br><br>PAPST LICENSING GMBH & CO. KG,<br>          Counter-Plaintiff<br><br>    v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO.,  LTD.<br><br>          Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge:  Gladys Kessler<br><br>Magistrate Judge: Deborah A. Robinson<br><br>Next court deadline: June 15, 2007 – Exchange of Witness Lists |

**[PROPOSED] ORDER ON PAPST LICENSING'S MOTION FOR EXTENSION OF TIME TO PRODUCE ADDITIONAL DOCUMENTS**

Upon consideration of Defendant and Counter-Plaintiff Papst Licensing's ("Papst Licensing") Motion for Extension of Time to Produce Additional Documents, the Opposition thereto of Plaintiff and Counterclaim-Defendant Casio Inc. and Counterclaim-Defendant Casio Computer Co., Ltd., and the record in this case, it is hereby

ORDERED that Papst Licensing's motion is GRANTED, and it is

FURTHER ORDERED that the time within which Papst Licensing shall complete the production of its documents responsive to Casio's requests for production of documents is extended until June 25, 2007.

SO ORDERED

Dated: June ___, 2007

_____
Deborah A. Robinson
U.S. Magistrate Judge