UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>            Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>            Defendant.<br><br>PAPST LICENSING GMBH & CO. KG,<br>            Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>           Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>*Next Scheduled Court Deadline:*<br>*June 15, 2007, for Exchange of*<br>*Witness Lists*<br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Deborah A Robinson |

## PAPST'S REPLY IN SUPPORT OF REQUEST FOR CLARIFICATION

In this Circuit, waiver of privilege is not automatic, as Casio suggests, but is a "serious sanction" most suitable for cases of "unjustified delay, inexcusable conduct, and bad faith." *United States v. British American Tobacco*, 387 F.3d 884, 892 (D.C. Cir. 2004). Before the serious sanction of waiver of privilege is imposed, the Court should determine whether, on the facts of the case, waiver would be an unduly harsh sanction. Where, as here, (1) the sanctioned conduct was based on a good faith (although mistaken) interpretation of a court order; (2) it occurred early in the case; (3) the party seeking discovery can show no prejudice, and (4) the discovery process has not been seriously disrupted, the harsh sanction of waiver should not be imposed.

Papst seeks this clarification not in an attempt to go over old ground, but out of an abundance of caution, so as to avoid any unintended violation of this Court's Order in connection with its upcoming discovery responses. This Court did not state that "all" objections were waived, as Casio's Proposed Order requested, but instead stated that Papst must provide "complete responses—that is, with out objections, which have been waived . . ." (Hearing Transcript, p. 27.) Since it is not clear whether this Court intended to include privilege within its ruling, Papst filed this motion.

### 1. Papst's Ability To Maintain The Confidentiality Of Its Documents Is Not Disputed

Casio "does not object to Papst's request for reasonable confidentiality restrictions under a Protective Order." (Casio's Opposition to Papst's Motion for Clarification, p. 1 n.1.) Accordingly, that portion of the Proposed Order referencing confidentiality should be allowed. (*See* item (2) of Papst's Proposed Order, p. 2.)

### 2. Papst's Conduct Does Not Warrant The Harsh Sanction Of Waiver Of Privilege

Casio's claim that this Court's order includes waiver of privilege is not supported by the case law cited by Casio and is not justified under the facts of this case. Casio cites *British American Tobacco* to support its claim that privilege was waived, but this opinion in fact supports Papst's position of non-waiver. In *British American Tobacco*, the D.C. Circuit did not, as Casio contends, affirm a holding that an untimely objection waived privileged. (Casio's Opposition, p. 2.) Instead, the D.C. Circuit reversed the lower court's imposition of sanctions: "We conclude that the court should not have imposed privilege waiver as a sanction." 387 F.3d at 892. The Court stated that waiver of

privilege is "not automatic" but is "a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *Id.*

Another case relied on by Casio, *Layman v. Combs*, 1988 U.S. Dist. LEXIS 18517 (N.D. Cal. Feb. 23, 1988), similarly supports Papst's position. In that case, the defendants moved to compel responses to interrogatories and document requests because plaintiff failed to timely respond to discovery and did not file a privilege log until over eight months after it was due. Although the court noted that the plaintiff had technically waived all objections to the interrogatories and document requests for failure to respond in a timely fashion, the court concluded that "the consequences to plaintiffs of enforcing a waiver of attorney-client and work product privileges would be disproportionate to the prejudice caused by plaintiffs' untimely responses." *Id.* at *4. The court declined to enforce waiver of these privileges because the discovery cutoff was six months away from the untimely response, and discovery was not "unduly disrupted" by the plaintiff's belated assertion of the privilege. *Id.*

Similarly, the court in *Applied Systems, Inc. v. Northern Ins. Co. of New York*, 1997 U.S. Dist. LEXIS 16014 (N.D. Ill. October 3, 1997) (also cited by Casio) stated:

> The discovery rules do not automatically require waiver upon a party's failure to object. Rather, waiver of a privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations." *Id.* at *5-6. "The critical issue to address is whether, on the facts of this case, waiver would be an unduly harsh sanction." *Id.* at *8.

Papst respectfully submits that the conduct of Papst in this case does not merit the sanction of waiver of privilege. When Papst and Casio had a disagreement concerning whether the Rule 26(f) conference had occurred, Papst brought the matter to the Court's attention in its Motion to Continue the Initial Scheduling Conference (Docket No. 12),

which Judge Kessler granted and resulted in the Order that discovery go forward. (Docket No. 16.) Although it turns out that Papst was incorrect in its interpretation of the Court Order, it should be remembered that Papst responded to the interrogatories and document requests on May 30, 2007, which was less than two months after they were initially due. Also, at the time Papst responded, the discovery process had just begun; the Court had just held the Initial Scheduling Conference a few weeks prior (on May 14, 2007); and the close of fact discovery was still over six months away (December 11, 2007). It should also be noted that as a further show of good faith, Papst is making every effort to comply with this Court's Order, and on June 11, 2007, Papst will provide Casio with updated answers to its interrogatories and over 10,000 pages of documents, with production to continue over the next two weeks (with the consent of Casio's counsel). Under these circumstances, the waiver of privilege should not be imposed.

In the two cases cited by Casio where the sanction of waiver of privilege was upheld, the waiving party acted in a much more egregious manner than Papst here. *See Applied Systems, Inc. v. Northern Ins. Co. of New York*, 1997 U.S. Dist. LEXIS 16014 (N.D. Ill. October 3, 1997) (privilege waived where the defendants "conclusory and insufficient assertion of privilege came six days before the discovery deadline and was wholly uninformative and unsupported with a privilege log."); *Schalk v. Teledyne, Inc.*, 1991 U.S. Dist. LEXIS 1974 (W.D. Mi. Feb. 14, 1991) (party did not formally raise objection based on privilege until six months after document request was served, and there were two motions to compel discovery responses). Accordingly, these cases do not support a finding of waived privilege.

## **CONCLUSION**

For the reasons stated herein and in its moving brief, Papst respectfully requests that this Court rule that (1) Papst has not waived attorney client, work product, or any other privileges recognized by law; and (2) Papst has not waived its ability to protect the confidentiality of its information under a future protective order, by agreement of the parties.

Dated: June 8, 2007

*/s/ Campbell Killefer*
Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 8th day of June, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc.**

_____
Campbell Killefer