UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

               Plaintiff,

     v.

PAPST LICENSING GMBH & CO. KG,
               Defendant.
_____

PAPST LICENSING GMBH & CO. KG,
               Counter-Plaintiff

     v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

               Counter-Defendants

Civil Action No. 1:06 CV 01751

*Next Scheduled Court Deadline:
June 15, 2007, for Exchange of
Witness Lists*

Judge: Gladys Kessler

Magistrate Judge: Deborah A Robinson

**PAPST'S OBJECTIONS TO AND MOTION TO RECONSIDER PORTIONS
OF MAGISTRATE JUDGE ROBINSON'S MAY 31, 2007 ORDER**

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

**Attorneys for Defendant/Counter-Plaintiff Papst
Licensing GmbH & Co. KG**

## MOTION AND INTRODUCTION

Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst"), pursuant to Fed.R.Civ.P. 72 and Local Rule 72.2(b), respectfully objects to and requests this Court to reconsider that portion of Magistrate Judge Robinson's May 31, 2007 Order granting Plaintiff's motion for sanctions, which was based on a 60-day difference of opinion as to when discovery responses were due.  On June 7, 2007, Papst filed a Request for Clarification of the Order with Magistrate Judge Robinson seeking clarification whether Papst was deemed to have waived the attorney-client privilege, consulting expert privilege, attorney work product protections, and objections based on relevance.  No ruling on the request for clarification has been issued.

If Papst is deemed to have waived its applicable privileges, such sanctions, as well as the award of costs and fees, would be unduly severe under the circumstances of this case.  Where, as here, (1) Papst's sanctioned conduct was based on a good faith (although possibly mistaken) interpretation of a court order; (2) the conduct occurred early in the case; (3) the party seeking discovery can show no prejudice, and (4) the discovery process has not been seriously disrupted, the sanctions imposed would be overly harsh.

Pursuant to Local Rule 7(m), counsel for Papst has conferred with counsel for Plaintiff and Counter-Defendants Casio Inc. and Casio Computer Co. Ltd. (collectively "Casio"), who opposes this motion.

## STATEMENT OF FACTS

Casio Inc. ("Casio US") brought this suit against Papst seeking a declaration of noninfringement and invalidity of two patents owned by Papst.  The patents relate to technology used in digital cameras.  (*See* Docket No. 1.)  Papst filed its Answer and Counterclaim on January 3, 2007, alleging patent infringement by Casio US and also alleging infringement by

Casio Computer Company, Ltd., a Japanese corporation ("Casio Japan"). (Docket No. 4.) Counsel for Casio US declined to accept service of the summons and counterclaim on behalf of Casio Japan, so Papst took steps to serve Casio Japan through the Hague Service Convention. Due to the delays inherent in that international process, Papst could not obtain service on Casio Japan until March 13, 2007.

In the meantime, this Court issued an Order Setting the Initial Scheduling Conference for February 1, 2007. (Docket No. 8.) Papst filed an unopposed motion to continue the February 1, 2007 Conference because Casio Japan had not yet been served. (Docket No. 10.) The unopposed motion was granted and the Initial Scheduling Conference was postponed until March 20, 2007. (1/29/07 Minute Order.)

On March 2, 2007, counsel for Papst and counsel for Casio U.S. spoke on the telephone for about fifteen minutes concerning discovery matters (Casio Japan was not represented during this initial call). The parties, however, disagreed as to whether this brief two-party conversation constituted a Rule 26(f) conference, which is generally required between all parties before discovery can proceed in a case. *See* Fed.R.Civ.P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"); and Local Rule 16.3(a) (recognizing that a party may move to extend the deadline for holding a Rule 26(f) conference if a defendant has not been served or appeared in the case). Casio US contended that this two-party call without input from Casio Japan nevertheless was a complete a Rule 26(f) conference, and then immediately proceeded to serve Papst with interrogatories and document request after the conversation. (*See* 4/12/07 Letter to J. Cwik from J. Gold, Ex. A.) Papst, on the other hand, understood that the brief call was <u>not</u> a proper Rule 26(f) conference because Casio Japan had not yet been served and did not participate in the conversation, and counsel for Casio U.S. would

provide little or no information concerning discovery from Casio US or Casio Japan.  (3/7/07 Letter to J. Gold from J. Cwik, Ex. B.)

On March 6, 2007, Papst filed a Motion to Continue the March 20, 2007 Initial Scheduling Conference for at least two months because Casio Japan had not been served, and because the parties could not hold a proper Rule 26(f) conference or initial case management conference without Casio Japan.  (Docket No. 12, p. 3.)  Casio US responded to the motion, stating that "Casio US and Papst have had their Rule 26(f) conference, and pursuant to Rule 26, discovery should begin."  (Docket No. 13, p. 2.)

A week later, on March 13, 2007, Papst notified the Court that Casio Japan had been served that day, and Papst would only need a one-month extension of the Initial Scheduling Conference, rather than the previously-requested two month extension.  This shorter extension would give Casio Japan time to serve an Answer and participate in the discovery plan.  (Docket No. 15.)  That same day, this Court granted Papst's Motion to Continue and ordered that the Initial Scheduling Conference be held on May 14, 2007.  The Court also ordered "that discovery between Plaintiff and Defendant is to proceed . . ."  (Docket No. 16.)

The parties disagreed about the implications of the Court's March 13 Order that "discovery" is to "proceed."  Papst believed that the Order meant that all three parties should proceed with a Rule 26(f) conference before Papst was required to respond to the interrogatories and document requests.  (*See* 4/2/07 Letter to J. Gold from J. Cwik, Ex. C.)  On the other hand, Casio US construed the Order to mean that the time for response to its interrogatories and document requests began on March 2nd, when it served its discovery requests, and that Papst's responses to the discovery was due on April 2, 2007.  (*See* 4/12/07 Letter to J. Cwik from J. Gold, Ex. A.)  Thirty-eight days after this Court's March 13 Order, on April 20, 2007, Casio US

moved for an order compelling Papst to respond to the written discovery and for sanctions, which Papst opposed.  (Docket Nos. 22, 23 and 24.)

Meanwhile, Casio Japan filed its Answer to the Counterclaim on April 2, 2007 (Docket No. 18), and all three parties engaged in several hours of Rule 26(f) discussions and exchanges of draft reports for the Court, the last of which took place on May 3, 2007.  (Ex. D.)  The parties filed their Joint Meet and Confer statement pursuant to Local Rule LCvR 16.3 on May 7, 2007 (Docket No. 28).  Papst believed this filing completed the Rule 26(f) process, and started the discovery clock running.  (5/7/07 Letter to J. Gold from J. Cwik, Ex. E.)  This Court conducted the Initial Scheduling Conference on May 14, 2007 and, among other things, referred the pending Motion to Compel to Magistrate Judge Robinson.  (Docket No. 34, p. 2.)

On May 30, 2007, Papst served Casio with Papst's responses to the interrogatories and document requests that Papst believed were due on June 6, 2007 (30 days after the filing of the Joint Meet and Confer Statement on May 7th).

On May 31, 2007, Magistrate Judge Robinson heard oral argument on Casio US's Motion to Compel and for Sanctions.  (A copy of the transcript from this hearing and the Court's related Minute Entry are attached hereto as Exhibit F.)  In her ruling, the Magistrate Judge ordered "that complete responses – that is, without objections, which have been waived by the failure to respond in a timely fashion – be served within 10 calendar days of today's date."  (Ex. F, p. 27.)  The Court also imposed as a sanction the costs to Casio, including reasonable attorney's fees, of moving to compel and for sanctions.  (*Id*.)

On June 6, 2007, Papst filed a Request for Clarification of the Magistrate Judge's May 31st Order to clarify whether, under the Order, Papst was deemed to have waived its protections under the work product doctrine, attorney-client and other privileges, and the confidentiality of

any documents disclosed.  (Docket No. 35.)  Casio US did not object to maintaining the

confidentiality of the documents produced, but took the position that all privileges had been

waived.  (Docket No. 37.) The Magistrate Judge has not yet ruled on the Request for

Clarification.

On June 11, 2007, Papst provided Casio with updated answers to its interrogatories and

over 10,000 pages of documents.  Also, with the consent of Casio's counsel, production will

continue over the next few weeks.  Papst was unable to produce all of the responsive documents

on June 11th because Papst is a German company and many of its responsive documents are

written in German and located in Germany.  Many of these documents have just recently arrived

from Germany, and counsel needs to review them; conduct a privilege and confidentiality

review; then work with a third-party vendor to process the documents into Tagged Image File

Format ("TIFF"), which is the form of production agreed upon by the parties.  (Docket No. 28,

pp. 17-18.)

## ARGUMENT

Papst does not object to that portion of the May 31st Order requiring Papst to provide

answers to Casio's discovery requests.  Papst does, however, object to the ruling that Papst has

waived its objections to the discovery requests, and that Papst is liable for monetary sanctions,

because these rulings are "clearly erroneous" and "contrary to law."  Fed.R.Civ.P. 72.

### I.    THE SERIOUS SANCTION OF WAIVER IS DISPROPORTIONATE TO ANY PREJUDICE CAUSED BY PAPST'S CONDUCT

To the extent that the Order imposing sanctions includes waiver of the attorney-client

privilege, the Rule 26(b)(4)(B) consulting expert privilege, the protections under the work

product doctrine, and objections based on relevance, such a ruling is clearly erroneous and

contrary to law, because there is no evidence of bad faith on the part of Papst or prejudice to

Casio US or Casio Japan.  In short, the sanction is disproportionate to the offense.

### A.     Waiver of Privilege Is Unduly Harsh

The law of this Circuit is clear that waiver of privilege as a sanction is "not automatic"

but is "a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and

bad faith."  *United States v. British American Tobacco*, 387 F.3d 884, 890-91 (D.C. Cir. 2004)

(reversing the lower court's imposition of waiver of privilege as a sanction).  *Barnett v. PA*

*Consulting Group, Inc.*, No. 04-1245 (RWR), 2007 U.S. Dist. LEXIS 18945, *8 (D.D.C. March

9, 2007) (upholding Magistrate Judge's refusal to find a waiver of privilege where responding

party did not provide written objections to document requests or produce a privilege log:

"[W]aiver of a privilege is a serious sanction most suitable for cases of unjustified delay,

inexcusable conduct, and bad faith.").

Moreover, "[t]he central requirement of Rule 37 is that any sanction must be just."

*Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (quotations omitted).  The

choice of sanction "should be guided by the 'concept of proportionality' between the offense and

the sanction," and "[i]n determining whether a severe sanction is justified, the district court may

consider the resulting prejudice to the other party, any prejudice to the judicial system, and the

need to deter similar misconduct in the future."  *Id*. (citations omitted).

Papst respectfully submits that Papst's conduct does not merit the severe sanction of

waiver of attorney-client or Rule 26(b)(4)(B) consulting expert privileges, or the protections

under attorney work product.  First, there is no indication that Papst's conduct was "inexcusable"

or in "bad faith."  *British American Tobacco*, 387 F.3d at 890-91.  In fact, when Papst and Casio

had a disagreement concerning whether the Rule 26(f) conference had occurred, Papst brought

the matter to the Court's attention in its Motion to Continue the Initial Scheduling Conference

(Docket No. 12), and even updated the Court when Casio Japan was served, seeking a shorter

extension period for the Scheduling Conference.  (Docket No. 15.)

Later, at the hearing on the Motion to Compel, counsel for Papst was asked why Papst

did not respond to Casio U.S.'s discovery after this Court directed that discovery was to proceed.

Counsel for Papst explained that he did not respond to the interrogatories and document requests

because when he saw the Court's order that discovery is to proceed, it was his understanding that

all three parties still had to comply with Rule 26(d) and have a good faith, complete Rule 26(f)

conference, and that this was what the Court was referring to when she said that "discovery" was

to "proceed."  (*See* Transcript p. 12, Ex. F.)  This interpretation of the ruling was substantially

justified, because the issue of whether the March 2nd conference between two of the three parties

was a proper Rule 26(f) conference was raised by both parties in connection with the Motion to

Continue the Initial Status Conference, and the Court's ruling that "discovery" was to "proceed"

(without specifically mentioning Casio US's interrogatories or document requests) could have

meant that the three parties should "proceed" with the Rule 26(f) process, which was part of

"discovery."  Papst's good faith conduct was consistent with the Advisory Committee notes

summarizing the 2006 amendments to Rule 26(f), which describe in detail the extensive

discovery planning that is to be discussed at the Rule 26(f) conference, including electronic

discovery.

Papst's conduct was also consistent with its interpretation of this Court's ruling.  After

the Initial Status Conference was continued by the Court for two months, the three parties went

on to engage in many hours of Rule 26(f) discussions from which they produced a Joint Report

pursuant to Rule 16 on May 7, 2007.  (*See* Docket No. 28.)  Even if it turns out that Papst was

incorrect in its interpretation of the Court Order, it should be remembered that at the time Papst responded to the interrogatories and document requests on May 30, 2007, which was less than 30 days after the final Rule 26(f) discussion between counsel (held on May 3, 2007) and less than 30 days after the Joint Report was filed (May 7, 2007). Even apart from Rule 26(f) considerations, Papst's responses were served less than two months after the interrogatories and document requests were received by Papst.

In addition, at the time Papst served its discovery responses on May 30th, the discovery process had just begun; the Court had held the Initial Scheduling Conference only a few weeks prior (on May 14, 2007); and the close of fact discovery was still over six months away (December 11, 2007). Papst is making every effort to comply with the Magistrate Judge's Order, and on June 11, 2007, provided Casio with updated answers to its interrogatories and upwards of 10,000 pages of documents. If it turns out that Papst misinterpreted this Court's Order that discovery should proceed, Papst apologizes for the misunderstanding, and asks this Court's intercession in order to avoid the serious consequences that would attend a finding of privilege waiver at this point in the proceedings.

Under the circumstances, the waiver of privilege should not be imposed. *See Layman v. Combs*, No. C-86-1692 CAL, 1988 U.S. Dist. LEXIS 18517, *3-*4 (N.D. Cal. Feb. 23, 1988) (declining to enforce waiver of attorney-client and work product privileges because the discovery cutoff was six months away from the untimely response, and discovery was not "unduly disrupted" by the plaintiff's belated assertion of the privilege); *United Steelworkers of America v. Ivaco, Inc*., No. 1:01-CV-0426, 2003 U.S. Dist. LEXIS 10008, *14 (N.D. Ga. January 13, 2003) ("minor procedural violations, good faith attempts at compliance, and other mitigating circumstances will militate against finding waiver [of attorney-client privilege]."); and *Geico*

8

*Casualty Co. v. Beauford*, No. 8:05-CV-697-T-24EAJ, 2006 U.S. Dist. LEXIS 76081, *6 (M.D. Fla. October 19, 2006) (no waiver of attorney-client privilege where there was good cause for failing to timely respond to discovery request, and discovering party failed to show that it suffered any prejudice from the delay).

**B.**    **Any Waiver Of Relevance Would Be Inconsistent With The Federal Rules**

It is not clear whether the Magistrate Judge ordered that any objections as to relevance have been waived.  However, as a point of clarification, Papst seeks an order from this Court that any relevance objections have not been waived, since this should not be an automatic discovery sanction:

> [w]hile irrelevance is easily the most common objection to an interrogatory or a request for production of documents, *concluding that it is invariably waived whenever it is not timely asserted would lead to absurd results*.  If a plaintiff was asked to explain her genealogy back to Eve, it would be absurd to state that a federal court was obliged to compel plaintiff to answer that interrogatory merely because the objection to its relevance was a day late.

*Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855, *15 (D.D.C. Feb. 12, 1998) (emphasis added). Moreover, "[a]ccepting the proposition that a federal court must order an interrogatory answer no matter how irrelevant the information it seeks mocks the true purpose of the Federal Rules of Civil Procedure as stated in Rule 1, *i.e.* that the rules be 'construed and administered to secure the just, speedy, and inexpensive determination of every action.'"  *Id.* (citations omitted). Accordingly, to the extent that the Magistrate Judge's ruling includes a waiver of objections as to relevance, the ruling should be reversed because it is contrary to law, and could lead to potentially "absurd results."  *Id.*

## II.    AN AWARD OF EXPENSES IS UNJUST UNDER THE CIRCUMSTANCES

Under Fed.R.Civ.P. 37(a)(4)(A), if a motion to compel discovery is granted, the Court may require the responding party to pay the moving party's reasonable expenses in making the motion, unless "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust."  As demonstrated above, Papst's decision not to respond to the discovery requests until after the Rule 26(f) process was completed, even if mistaken, was substantially justified, and the circumstances surrounding this dispute make the waiver of objections and the imposition of expenses an unjust and disproportionate sanction.

## CONCLUSION

For the reasons stated above, Papst respectfully requests that those portions of the May 31, 2007 Order of the Magistrate Judge ordering the sanction of waiver of objections and the imposition of costs and fees be overturned.  A proposed Order accompanies this motion.

Dated:  June 14, 2007

/s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 14th day of June, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc.**

/s/ Joseph E. Cwik
Joseph E. Cwik

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler


**Exhibit A**
**To Papst's Motion To Reconsider Magistrate**
**Judge Robinson's May 31, 2007 Order**

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel:  212.309.6000
Fax:  212.309.6001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

Jeffrey M. Gold
212.309.2113
jgold@morganlewis.com

April 12, 2007

## VIA ELECTRONIC MAIL

Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, IL  60606-3912

Re:     Casio Inc. v. Papst

Dear Joe:

This letter addresses the exchange of information the parties agreed to at the teleconference of April 6, 2007.  As we have discussed in the past, it is Casio's position that the 26(f) Conference was held in this case on March 2, 2007 and that Papst's continued failure to respond to our discovery requests is in direct violation of the Court's Order and the Federal Rules of Civil Procedure.

That said, we provide the following information in the spirit of cooperation in hopes that Papst will finally provide comments to our proposed 26(f) Report, which we first forwarded to you on March 9, 2007.  Further inquiries may be addressed in formal interrogatories and document requests.

Casio Japan's Electronic Documents:

The following sets forth our general understanding about how Casio Japan stores its electronic information.

1)      There is no set email system used by all Casio Japan personnel. The design personnel generally use "AL-Mail" and most others use MS Outlook.

2)      The Digital Camera division has its own server, and documents on that server are shared with personnel in that division.  Most documents are created using Microsoft applications, such as Word, Excel, etc.

**Morgan Lewis**
COUNSELORS AT LAW

Joseph E. Cwik
April 12, 2007
Page 2

3)      There are no backup tapes for the Casio servers, but instead there are multiple servers (one serving as a backup in case the primary server runs into trouble).

Casio Inc's Electronic Documents:

The following sets forth our general understanding of how Casio Inc. stores its electronic information.

1)      Casio Inc. has a Windows based email server that contains about 50 GB of emails

2)      Casio Inc. has a Windows based file and print-sharing server with about 200 GB of data from about 400 users.

Sincerely,

Jeffrey M. Gold

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

**Exhibit B**
**To Papst's Motion To Reconsider Magistrate**
**Judge Robinson's May 31, 2007 Order**

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHERLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN
———
RICHARD J GURAK
DANIEL H. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT H. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.
———
DONALD L. WELSH (1928-1999)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

March 7, 2007

**VIA FACSIMILE AND U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    Casio Inc. v. Papst Licensing, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

I write to address your March 6, 2006 e-mail asserting that the parties had a Rule 26(f) conference on March 2, 2007, and therefore discovery may now proceed. There was not and could not be a Rule 26(f) conference for several reasons.

First, there could not be a Rule 26(f) conference because one of the parties, Casio Computer Co., Ltd., refused to participate. At our March 2, 2007 conference, you stated that you could not and would not speak on behalf of one of the parties in this case, Casio Japan. When we asked if Casio Japan agreed to each of your case management proposals, you indicated that you could not and would not answer that question. When we asked if you knew any of the details concerning Casio Japan's electronic information and computer systems, you stated that you could not and would not provide that information. Accordingly, there was not and could not be a Rule 26(f) conference given that the required topics for any such conference, such as the scope of each party's electronic discovery, could not be addressed. Furthermore, Local Rule 16.3(a) clearly anticipates that if all parties cannot participate at a Rule 26(f) conference, the conference should be continued until such time all parties are served. Here, Casio Japan has not yet been served because your firm has refused to accept service on behalf of Casio Japan. As a result, Papst Licensing has been forced to effectuate service through the months long Hague Service Convention procedure. Because the Affidavit of Rick Hamilton clearly demonstrates

Jeffrey Gold                                                    March 7, 2007
                                                               Page 2

that Papst Licensing has diligently pursued its service of Casio Japan, any delays in service are
the fault of your firm, not Papst Licensing.

     Second, Papst Licensing never agreed that the March 2, 2007 telephone conference
would in fact be a Rule 26(f) conference. Instead, Papst Licensing participated on March 2,
2007 to listen to proposals that Casio Inc. had concerning scheduling, to ask questions related
thereto, and to request a two-month extension of any Rule 26(f) conference and the initial case
management conference. If Casio Inc. had actually intended for the March 2, 2007 conference to
be a Rule 26(f) conference, it would have sent a proposed case management plan in advance of
the conference. In fact, Papst Licensing specifically asked you by e-mail on March 1, 2007 and
early on March 2, 2007 if there were any materials that you wanted Papst Licensing to review
before the conference. Because Casio Inc. sent no proposed case management plan or any other
materials in advance of our March 2, 2007 conference, there was clearly no expectation on
behalf of the parties that anything other than a preliminary discussion would occur.

     Therefore, the parties have not yet conducted a Rule 26(f) conference, your March 2,
2007 service of discovery was premature and not permitted under the Federal Rules of Civil
Procedure.

By: _____
       Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

**Exhibit C**
**To Papst's Motion To Reconsider Magistrate**
**Judge Robinson's May 31, 2007 Order**

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

April 2, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:    <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

In response to your letter of March 30, 2007, we believe it is improper for Casio US and Casio Japan to continue to refuse to participate in a Rule 26(f) conference. Given that it is our understanding that Casio Japan will be filing a responsive pleading today and that Papst Licensing will require time to review that pleading, we again request that all parties participate in a preliminary Rule 26(f) conference soon and suggest that this conference occur on Friday, April 6, 2007 at 10:00 a.m., Chicago time. If this date is unacceptable, please provide us with alternative dates on which Casio US and Casio Japan would both be available for a preliminary Rule 26(f) conference.

As for Casio US's discovery requests, they are premature without a proper Rule 26(f) conference, and Papst Licensing considers them not served until the day the parties complete a proper Rule 26(f) conference.

We are also confused by your argument that Casio US and Casio Japan cannot discuss certain electronic issues until Papst Licensing first issues its discovery requests. By rule, discovery cannot issue until the Rule 26(f) conference is first completed. Furthermore, as a well experienced patent litigation law firm, your firm must be aware of the types of discovery that are typically sought in patent litigation. This discovery includes documents concerning validity,

Jeffrey Gold

April 2, 2007
Page 2

infringement, enforceability, willfulness, damages, potentially accused products, sales of accused products, Casio's alleged prior art, etc.   Accordingly, we again request that Casio Japan and Casio US agree to participate, and be fully prepared at the Rule 26(f) conference to discuss all potential electronic discovery issues.  In particular, we request that Casio Japan and Casio US be fully prepared to discuss (1) the details of each party's information systems, (2) the types of potentially relevant electronic information stored on each system, (3) the volume of potentially relevant electronic information stored on each system, (4) the applications that have run and/or displayed each type of potentially relevant electronic information, (5) the forms in which each type of electronic information might be produced, (6) the identification of those individuals potentially possessing relevant electronic information, and (7) the identification of those individuals at Casio Japan and Casio US with specialized knowledge of their respective computer systems.  *See,* Advisory Committee Notes to Rule 26(f) noting the need address the above topics.

Accordingly, please advise as to your availability for a preliminary Rule 26(f) conference this Friday, April 6, 2007 at 10:00 a.m., Chicago time.

Finally, as a house keeping matter, please direct all future correspondence to the following e-mail addresses:

jbschnayer@welshkatz.com
jecwik@welshkatz.com
csliwinski@welshkatz.com
ckillefer@venable.com

By:  Joseph E. Cwik

JEC/pm
cc:   Jerold B. Schnayer
Campbell Killefer

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

**Exhibit D**
**To Papst's Motion To Reconsider Magistrate**
**Judge Robinson's May 31, 2007 Order**

**Cwik, Joseph**

| | |
|---|---|
| **From:** | Cwik, Joseph |
| **Sent:** | Tuesday, May 01, 2007 2:53 PM |
| **To:** | 'jgold@morganlewis.com' |
| **Cc:** | Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; jkfee@morganlewis.com; lkrawczyk@morganlewis.com; stimpsonlaw@gmail.com |
| **Subject:** | RE: Casio v. Papst |

Jeff,

2:00 p.m. on May 3, 2007 should be fine to discuss Rule 26(f) issues.

We will call you.

Regards,
Joe


-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Tuesday, May 01, 2007 1:45 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold; jkfee@morganlewis.com;
lkrawczyk@morganlewis.com; stimpsonlaw@gmail.com
Subject: RE: Casio v. Papst




We can be available at 2:00 on May 3 to advance the preparation of a joint
submission to the court.
_____
Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113



|  |  |  |
|---|---|---|
| "Cwik, Joseph" <jecwik@welshkatz .com> | | To |
| | jgold@morganlewis.com, | |
| 05/01/07 02:07 PM | stimpsonlaw@gmail.com, lkrawczyk@morganlewis.com, jkfee@morganlewis.com | |
| | | cc |
| | "Schnayer, Jerold" <jbschnayer@welshkatz.com>, "Sliwinski, Cynthia" <csliwinski@welshkatz.com>, "Killefer, Campbell" <CKillefer@Venable.com> | |
| | | Subject |
| | RE: Casio v. Papst | |

1

Jeff,

        I have an out-of-state court hearing on May 2. Are you available
to discuss the Rule 26(f) issues on Thursday, May 3, 2007?  If so, what
time?

Regards,

Joe

-----Original Message-----
From: jgold@morganlewis.com [mailto:jgold@morganlewis.com]
Sent: Thursday, April 26, 2007 1:42 PM
To: Cwik, Joseph
Cc: Killefer, Campbell; Sliwinski, Cynthia; Schnayer, Jerold;
stimpsonlaw@gmail.com
Subject: RE: Casio v. Papst



Please see the attachment.

---

Jeffrey M. Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113

(See attached file: Document.pdf)
DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.


DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler


**Exhibit E**
**To Papst's Motion To Reconsider Magistrate**
**Judge Robinson's May 31, 2007 Order**

# WELSH & KATZ, LTD.

*Attorneys at Law*

A. SIDNEY KATZ·
RICHARD L. WOOD·
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN·
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B. RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ·
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.··
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

· ALSO ADMITTED IN DISTRICT OF COLUMBIA
·· ALSO ADMITTED IN ALABAMA

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

May 7, 2007

**VIA E-MAIL & U.S. MAIL**
Jeffrey Gold, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

Re:  <u>Casio Inc. v. Papst Licensing</u>, Case No. 1:06 CV 011751 (GK)

Dear Jeffrey:

   With the finalization and filing of the Joint Meet and Confer Statement today, the Rule 26(f) conference is now complete, and Papst Licensing considers all pending discovery requests to be served as of today's date.

By:  Joseph E. Cwik

JEC/pm
cc:   Jerold B. Schnayer
      Campbell Killefer

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler


**Exhibit F**
**To Papst's Motion To Reconsider Magistrate**
**Judge Robinson's May 31, 2007 Order**

**Cwik, Joseph**

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Friday, June 01, 2007 9:35 AM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01751-GK-DAR CASIO INC v. PAPST LICENSING GMBH & CO. KG Motion Hearing |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 6/1/2007 at 10:34 AM and filed on 5/31/2007
**Case Name:**        CASIO INC v. PAPST LICENSING GMBH & CO. KG
**Case Number:**      1:06-cv-1751
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Minute Entry. Proceedings held before Magistrate Judge Deborah A. Robinson : Motion Hearing held on 5/31/2007 re [24] MOTION for Sanctions filed by CASIO INC and [22] MOTION to Compel Discovery and for Sanctions is granted for reasons set forth on the record. (Court Reporter Pro-typists.) (lm )

**1:06-cv-1751 Notice has been electronically mailed to:**
Campbell Killefer ckillefer@venable.com, docket@welshkatz.com, mamarkowska@venable.com, mhbelayneh@venable.com, wjkawula@welshkatz.com
J. Kevin Fee jkfee@morganlewis.com
Scott D. Stimpson stimpsonlaw@gmail.com
Jeffrey M. Gold jgold@morganlewis.com
Joseph E. Cwik jecwik@welshkatz.com

**1:06-cv-1751 Notice will be delivered by other means to::**

Jerold B. Schnayer
WELSH & KATZ, LTD.
120 South Riverside Plaza
22nd Floor
Chicago, IL 60606

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - x
                                    :
In the Matter of:                   :
                                    :
CASIO, INC.,                        :
                                    :
        Plaintiff,                  :
                                    :
            vs.                     :   Civil Action No. 06-1751
                                    :
PAPST LICENSING GMBH & CO.,         :
                                    :
        Defendant.                  :
                                    :   Washington, D.C.
- - - - - - - - - - - - - - x       May 31, 2007


TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For the Plaintiff:          J. KEVIN FE, ESQ.
                            SCOTT D. STIMPSON, ESQ.

For the Defendant:          JEROLD B. SCHNAYER, ESQ.
                            DAMON W.D. WRIGHT, ESQ.




Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
M1837V/bf

2

|  |  |
|---|---|
| 1 | **P R O C E E D I N G S** |
| 2 | THE CLERK:  Civil Case Number 06-1751.  This is |
| 3 | in the matter of Casio, Inc. versus Papst Licensing GMBH & |
| 4 | Company.  I don't know what the "KG" is.  I have that on our |
| 5 | archive.  Kevin Fe and Scott D. Stimpson for the Plaintiffs; |
| 6 | Jerold B. -- |
| 7 | MR. SCHNAYER:  "Schnayer." |
| 8 | THE CLERK:  -- Schnayer and Damon Wright for the |
| 9 | Defendant.  This is set for a motions hearing. |
| 10 | THE MAGISTRATE JUDGE:  Now, good afternoon to all |
| 11 | of you.  This matter was scheduled for a hearing on the |
| 12 | motion filed by Casio, to compel and for sanctions. |
| 13 | The issue presented by the motion is a relatively |
| 14 | straightforward one, and the Court indeed considered ruling |
| 15 | on the motion without scheduling a hearing.  But recognizing |
| 16 | that the status of the issue presented might have changed |
| 17 | as of the time the Court made a ruling had there been no |
| 18 | hearing, the Court thought it prudent for counsel to come in |
| 19 | and address the matter. |
| 20 | I understand, based upon your informal discussion |
| 21 | off the record my law clerk before the case was called, that |
| 22 | it may be the case that some responses to the outstanding |
| 23 | interrogatories have been served.  However, recognizing that |
| 24 | that may not fully address the pending motion, the Court |
| 25 | will hear first from Plaintiff's counsel, then from counsel |

1    for the Defendant, regarding these issues.

2         Now, who will address the matter on behalf of

3    the Plaintiff?

4         MR. STIMPSON:  I will, Your Honor.  Scott

5    Stimpson.

6         THE MAGISTRATE JUDGE:  Mr. Stimpson, good

7    afternoon.

8         MR. STIMPSON:  Good afternoon, and thank you.

9    I will be brief.

10         We were served last night with responses to

11    interrogatories and document requests.  There are many

12    objections.  We still have not received a single document

13    in document production.

14         I think it would help just to have a very short

15    recitation of the chronology as things have played out here.

16         On March 2 we had what we believed to be our 26(f)

17    conference and we served our discovery requests.  We served

18    a proposed discovery plan on the other side on March 9.  It

19    was more than six weeks later before we got any comments

20    from the other side after this motion was filed.

21         On March 13, Judge Kessler issued an order that

22    discovery proceed.

23         Exhibit J to our motion is a letter we sent to

24    opposing counsel shortly before their responses were due,

25    which I think is instructive here.  We were getting wind

4

1    that -- it's "J," Your Honor.  We were getting wind that

2    perhaps they were not going to respond on time, and we sent

3    a letter telling them that Judge Kessler has ordered

4    discovery to proceed and we expect full and appropriate

5    responses, and if we don't get them we are going to take

6    appropriate action.

7         So counsel for Papst took the risks they were

8    taking with their eyes wide open to what might happen here.

9         It is now May 31.  We are about three months since

10   we served our discovery requests.  We are two-and-a-half

11   months after Judge Kessler ordered discovery to proceed.

12   We do not have a single document.  And the responses we

13   received last night are riddled with objections.

14        THE MAGISTRATE JUDGE:  May I ask you to state the

15   substance of some of the objections.  In other words, what

16   sort of objections were raised.

17        MR. STIMPSON:  I only received them last night,

18   so I went over them briefly today, Your Honor.

19        The objections to the document requests -- they

20   have objections on a protective order, they have objections

21   on over-breadth, they have, you know, your typical

22   objections you'd expect, privilege and work product.

23        Some of the document requests, they say they will

24   give us some documents at some unspecified date.  Some of

25   the document requests, they simply -- if I remember

1    correctly, they simply say, "No," or "We'll think about it.

2    We'll talk to you at some other time."  Or, "We'll have a

3    meet and confer, and discuss it."

4         But as I say, we have yet to receive a single

5    document, and the case has been going for three months now -

6    discovery has been going for three months.

7         THE MAGISTRATE JUDGE:  What is your proffer

8    regarding whether or not any agreement was reached with

9    respect to objections?

10        MR. STIMPSON:  I believe no agreement was reached

11   -- absolutely none.

12        THE MAGISTRATE JUDGE:  Very well, you may

13   continue.

14        MR. STIMPSON:  So, Your Honor, my opponent is

15   trying to make this into a 26(f) issue.  26(f) is long since

16   done, and this is not a 26(f) issue.  This is a 26(d) issue.

17   This is about a failure to respond to the Court order.

18   26(d) says that discovery can proceed regardless of whether

19   there's been a 26(f) conference if the Court orders it, and

20   unquestionably the Court ordered it.

21        So the question, I think, or the consequences of

22   what's happened here, it's very clear that the Court order

23   has been -- they have not complied with the Court order.

24   And so we request basically four remedies for that.

25        One is, since the objections are untimely, they

1    are waived.  That we get prompt discovery, including all the

2    documents that should have been produced.  We also request

3    our fees and costs under 37(a) and (b).

4           THE MAGISTRATE JUDGE:  And by "fees and costs,"

5    may I assume you mean fees and costs associated with the

6    filing of the motion?

7           MR. STIMPSON:  Correct.  Correct.  And lastly,

8    Your Honor, I think an appropriate sanction in this

9    situation would be entry of an order bifurcation.  I think,

10   for one thing, it's going to avoid another motion which may

11   be coming, and bifurcation is particularly appropriate in

12   this case.

13          Judge Kessler has asked that fact discovery be

14   completed by December, December of this year.  We've now had

15   three months of our fact discovery period go by.  We haven't

16   received a single document.  We've now just got six months

17   left.  And if damages and willfulness are left in this case,

18   it is going to be darn near impossible to get this done

19   pursuant to Judge Kessler's order.  And it's a particularly

20   appropriate sanction here, Your Honor, because they're

21   effectively using the 26(f) procedures as a shield to

22   prevent themselves from having to comply with the CRA.

23          So if there are no questions, I'll turn it over to

24   my opponent.

25          THE MAGISTRATE JUDGE:  Well, I do have one

1    additional question, Mr. Stimpson.  Is your request for what

2    you term "bifurcation" a request for a sanction or is it

3    simply your view that, given the delay in making discovery

4    that discovery cannot be completed in the time for which the

5    Court already provided.

6        MR. STIMPSON:  Well, it's both actually, Your

7    Honor.  We've cited cases where, in fact, one Court

8    specifically mentioned entering a scheduling order by

9    opposing party if they didn't comply with the Court orders.

10    It's certainly an appropriate sanction for what's happened

11    here.

12        But stepping back and just looking at where we are

13    now, and we've got six more months of fact discovery, it's a

14    very complicated case, even liability-wise.  We've got two

15    patents, we've got many accused products, we've got lots and

16    lots of prior art.  I assume there will be many accused

17    claims of each patent that are alleged to be infringed.

18    It is going to be a mountain for a jury.  And if you add

19    damages and willfulness to that, it is going to be a very

20    lengthy trial and I can't see how we can really get it done

21    in time.

22        So there are many reasons for bifurcation.  I will

23    leave that argument for another day, if it's needed.  But a

24    short answer to your question is, as a sanction and because

25    it's appropriate, we request bifurcation.

8

1          THE MAGISTRATE JUDGE:  Very well.  Thank you very

2    much, Mr. Stimpson.

3          MR. STIMPSON:  Thank you.

4          THE MAGISTRATE JUDGE:  Mr. Schnayer?

5          MR. SCHNAYER:  Yes, Your Honor.

6          THE MAGISTRATE JUDGE:  Very well.  Good afternoon.

7          MR. SCHNAYER:  Good afternoon.  Nice to see you

8    again.

9          Your Honor, first of all, let me make it clear we

10   did serve discovery responses, and I would like to point out

11   that the -- I'm going to hand up a copy -- they only have

12   one copy, but I'd like to point out --

13          THE MAGISTRATE JUDGE:  Let me interrupt you just

14   one moment.

15          MR. SCHNAYER:  Sure.

16          THE MAGISTRATE JUDGE:  I don't believe that I need

17   to see the responses.  Let me ask whether you concede that

18   service of any responses last night was well beyond the time

19   in which --

20          MR. SCHNAYER:  No, Your Honor.

21          THE MAGISTRATE JUDGE:  -- the responses were due.

22          MR. SCHNAYER:  Your Honor -- no.

23          THE MAGISTRATE JUDGE:  When were you served with

24   the discovery requests?

25          MR. SCHNAYER:  We were served with the discovery

1    requests -- maybe I should go back and give you my version

2    of what happened.

3            THE MAGISTRATE JUDGE:  Well, let me ask when you

4    were served with the discovery requests.

5            MR. SCHNAYER:  On March 2nd, we were served with

6    the discovery responses, Your Honor.  And --

7            THE MAGISTRATE JUDGE:  Discovery "requests."

8            MR. SCHNAYER:  Discovery requests.

9            THE MAGISTRATE JUDGE:  Very well.  You may

10   continue.

11           MR. SCHNAYER:  Your Honor, in this case originally

12   we had been having discussions about infringement charges.

13   I'm going to go back to the beginning, because I think it

14   needs to be understood.  We've had discussions with Casio

15   about charges of infringement we made against them

16   concerning two patents that are involved in this lawsuit.

17   They concern digital cameras.  We had one meeting with them,

18   never with their client, and my normal experience is we

19   usually have five, ten meetings with companies and we

20   discuss the issues.  They decided to sue Papst, to bring a

21   DJ action.  So this case started as a DJ action.

22           We filed a counterclaim against them, and

23   originally it was Casio USA involved, and we also sued Casio

24   Japan.  And when we sued Casio Japan we did so because it's

25   our understanding that they manufacture the infringing goods

1   here.

2          And we had meetings with counsel before the

3   Rule 26(f) conference that they claim happened, and we said

4   to them, "Lookit, do you represent Casio Japan?  Would you

5   accept service of process for Casio Japan?"

6          And we were told, "We don't represent Casio Japan

7   and we won't accept service of process for Casio Japan."

8          So we were forced to go through the Hague

9   Convention.  What that means is, since it's a foreign

10  company we have to file a request with the Court, the Court

11  files a request with the Justice Department, the Justice

12  Department here files a request in Japan, and they serve the

13  company, and eventually they got served.

14         And so a lot of delay that was caused in this case

15  was caused by the Plaintiff in this case.  They could have

16  accepted services of process.

17         Now, we have this meeting, and we asked them to

18  provide us with a draft before the meeting.  We also asked

19  them whether they represented Casio Japan.  Because Casio

20  Japan is a party.  And they come to the meeting, we never

21  got a draft of a proposal for the 26(f) scheduling order

22  that we had to present to the Court -- they're the

23  Plaintiff.  And they come to the meeting and they say,

24  "We don't represent Casio Japan."

25         So I said, "Well, how could we have a 26(f)

1    conference if you don't represent Casio Japan?"

2         And they said, "Well, we don't represent them.

3    And we're not going to accept service of process."

4         Counsel wasn't at that conference.  It lasted for

5    about 15 minutes.

6         THE MAGISTRATE JUDGE:  Do you agree, Mr. Schnayer,

7    that there's no authority which holds that even the complete

8    absence of a meet and confer session relieves a party of

9    the time limits which otherwise apply to the service of

10   responses to interrogatories and requests for production of

11   documents?

12        MR. SCHNAYER:  I don't.  I think the rule is

13   clear.  I think you have --

14        THE MAGISTRATE JUDGE:  What portion of the rule

15   is it --

16        MR. SCHNAYER:  26(f) --

17        THE MAGISTRATE JUDGE:  -- on which you rely?

18        MR. SCHNAYER:  Okay.  Yes.  It says --

19        THE MAGISTRATE JUDGE:  What portion are you

20   reading?

21        MR. SCHNAYER:  I'm in 26(d), Timing and Sequence

22   of Discovery.  "Except in categories of proceedings exempt

23   from initial disclosure under Rule 26(a)(1)(E) or when

24   authorized under these rules or by order of agreement of

25   the parties, a party may not seek discovery from any source

1    before the parties have conferred as required by Rule

2    26(f)."

3              And then, Your Honor --

4              THE MAGISTRATE JUDGE:  Doesn't the order of Judge

5    Kessler, which directed that discovery proceed, mean that

6    your reliance on that rule is misplaced?

7              MR. SCHNAYER:  I don't think so, Your Honor,

8    at all.  It's not how I read the Judge's order.

9              Counsel asked that discovery be allowed to go

10   forward.  After we had that 15-minute conference, this

11   so-called 26(f) conference, we met numerous times for many

12   hours on the phone.

13             And when I saw the Judge's order, it was my

14   understanding that we had to -- that discovery would go

15   forward, but the Judge never said that you don't have to

16   comply with 26(d).  26(d) is very specific.  It says you

17   have to have a 26(f) conference.  That doesn't mean meet for

18   15 minutes and discovery goes forward.  It means you're

19   supposed to prepare a discovery plan.  You're supposed to

20   discuss the issues.  And I have a section of the statute

21   that -- I'm going to hand up a copy of this, if I may, Your

22   Honor?

23             THE MAGISTRATE JUDGE:  You need not hand up the

24   statute or the rule.  We have it here.

25             MR. SCHNAYER:  Well, these are the notes for the -

1  - committee notes for that, that were part of it, describing

2  what was contemplated under new twenty -- or, 26(f), and

3  what it basically talks about is -- these were recently

4  passed.  It talks about electronic discovery, it talks about

5  the requirement to talk about electronic discovery, to

6  exchange information; that the committee now wants these

7  initial conferences to be significant, to exchange

8  information, for the parties to cooperate.

9        And the first conference we had, one of the

10  parties wasn't even present at that conference.  Because

11  they wouldn't agree -- the same attorneys that represent

12  them now wouldn't agree to talk on their behalf.  We

13  couldn't have had a conference.

14        I asked them to provide me with information about

15  electronic discovery.  The new rules say this is an

16  important issue that must be addressed, and we had hours of

17  conversations after this.  Right up until the time we filed

18  the 26(f) statement.  And we -- we -- took the initiative

19  on that.

20        We asked them to provide us with a bunch of

21  information.  If you look at the letters attached to my

22  motion, we sent out letters and we show you a list of

23  questions we asked them, that they never complied with.

24        So, for example -- we were trying to hone the

25  issues down.  This is a complicated case.  Understand,

1  there's a Japanese company and a U.S. company.  This is not

2  easy.  There might be additional companies involved here.

3  If we don't get the parties that we need involved or find

4  out about the electronic data, it's hard for us to comply

5  with Rule 26(f) as contemplated by the rules.  And we had

6  conversation after conversation with them.  And they

7  wouldn't provide us with the information.  Their answer was,

8  "We're not going to give you free discovery."

9        Serve formal requests.  Well, the rule

10 contemplates the parties are going to cooperate.  We hoped

11 to get a 26(l) conference completed pretty quickly, but we

12 couldn't until the very last day because the parties were

13 exchanging extensive drafts, because we weren't getting

14 cooperation.  In the end, I finally threw up my hands and

15 said, "Okay, I have to move forward, I have to agree on

16 something," and we submitted a joint report to the Court.

17        THE MAGISTRATE JUDGE:  Do you agree that in the

18 joint report this issue which -- when I say the "joint

19 report," I mean the joint report which you also signed  --

20 does not raise this issue at all?

21        MR. SCHNAYER:  No, it doesn't really address it at

22 all.  They filed a separate motion.  It doesn't address it.

23 And it does not --

24        THE MAGISTRATE JUDGE:  Do you also acknowledge

25 that you did not file a motion to extend the deadline for

1    serving your answers to these discovery requests until a

2    more meaningful meet and confer session could take place?

3         MR. SCHNAYER:  Your Honor, I didn't -- the rule is

4    specific.  It says you have to have one beforehand.

5         You know, I feel like I'm getting set up here.

6    You know, they complain my answers aren't sufficient.  Your

7    Honor, they gave me nothing in their answers.  They gave me

8    nothing.  They objected to everything.  I provided them with

9    substantive responses.  You know, we walk into this case --

10        THE MAGISTRATE JUDGE:  Is there a motion pending

11   regarding your client's concerns about the sufficiency of

12   the responses served by Casio?

13        MR. SCHNAYER:  I haven't had a chance to meet and

14   confer with them.  We were preparing for this motion, and

15   we'll deal with it.  We have to meet and confer.  I was only

16   -- he comes in and he says my responses aren't good.  I was

17   responding to that.  And I was pointing out to you and I was

18   going to show you, here's a several-page response showing

19   how the claims read on their device.

20        We gave them substantive responses.  They didn't

21   give us substantive responses.  They wouldn't provide us

22   with the information we needed for the 26(f) conference.

23   It's my view that it never occurred until the day we

24   finalized, signed off on the agreement, and sent it to the

25   Court, and the answers aren't due until -- they're not even

1    due today.  We served them early.  By serving him yesterday,

2    we served him early.

3            THE MAGISTRATE JUDGE:  What is your contention

4    regarding when the answers to discovery requests served on

5    March 2nd, 2007, are due?

6            MR. SCHNAYER:  They won't be due until a couple

7    of days from now.  They're not due, because we never had a

8    26(f) conference.

9            THE MAGISTRATE JUDGE:  What is the basis of your

10   determination that they're not due until two days from

11   today?

12           MR. SCHNAYER:  Because we took the exact date when

13   the parties did have a completed 26(f) conference, after

14   several substantive meetings, and the parties came to a

15   proposal to submit to the Court and we submitted the

16   scheduling proposal.  That's the day that we had our 26(f)

17   conference and finalized it.  And it's my position that's --

18   according to the rules, that's the only date that makes

19   sense.

20           If I'm wrong, I apologize.  We did this in good

21   faith.  We did not do this to delay anything.  This is a

22   complicated case.  There's complicated issues.  We have been

23   looking into getting documents, we've got a client from

24   Germany, we've got a -- the patentee doesn't work for our

25   company, so it's not such an easy issue, but we have been

1  gathering documents.  And we put together a very substantive

2  charge of infringement here.  Your Honor, they don't have

3  anything like this in their discovery responses.  So this

4  took time to put together.

5          But they complain that I delayed everything.  It's

6  not true.  We tried to get the 26(f) conference done sooner.

7  We couldn't get any responses from them.  They didn't give

8  us the information.  I'll point out the letters to you,

9  because I think those are important.

10          If you look at our brief --

11          THE MAGISTRATE JUDGE:  I have it here.

12          MR. SCHNAYER:  And if you look at Exhibit A.

13  This is an interesting one.  Exhibit A, in the back two

14  pages, is a letter from opposing counsel.  It starts out

15  as a -- the bottom part is an e-mail from J. Gold, who is

16  Plaintiff's counsel, and Mr. Swick, Joseph Swick, who is the

17  top part, this is a response to a e-mail, is on the part --

18  is the top part.

19          But if you look at the second page -- and this is

20  the letter that Mr. Gold sent after that supposed

21  conference.  It says, "With regard --" on the last page of

22  this.  Second to last page, I'm sorry.  Second to last page,

23  point 4 of Exhibit A, it says -- Point 4 on there?  Second

24  line?

25          THE MAGISTRATE JUDGE:  I have it.

1          MR. SCHNAYER:  Okay.  "Regarding your request to

2     identify the specific details of Casio Inc., Casio Japan,

3     and any related entities' computer systems, such a request

4     is beyond the scope of the 26(f) conference."  Then he goes

5     on and gives us a little bit of information about it, but

6     he says -- and this is the important part -- bottom line,

7     last line, "If you believe you are entitled to any more

8     information about Casio Inc.'s system or any specific

9     discovery, please serve a discovery request and we'll

10    consider it."  That was their attitude.  We're not going to

11    give you free discovery.  As the rules contemplate, parties

12    should cooperate.

13          Then if you look at my letter, if you look at

14    Exhibit  -- look at Exhibit, if you would, please, Your

15    Honor, E.  First page.

16          THE MAGISTRATE JUDGE:  I have it.

17          MR. SCHNAYER:  This discusses a conference that

18    Mr. Swick in my office had with Mr. Gold, and Mr. Gold

19    represents the Plaintiff.  And you can see the second

20    paragraph.  It says, "At the conference we asked you several

21    questions relevant to developing a carefully considered

22    litigation schedule.  At the time, you weren't able to

23    provide any answers to several of our questions.  We ask

24    that you please provide us with answers to these questions

25    before our next meeting on April 16th."  So these were part

1    of the continuing meetings.

2         And you can see we're asking questions about the

3    name of the companies that were involved in the design and

4    development, so we can decide if we have the right parties

5    and know how long discovery is going to take -- reasonable

6    questions.  "What are the names of the companies that were

7    involved in the manufacture of the cameras.  What are the

8    names --" 3, "What are the names of all Casio companies that

9    were involved in the sale of the cameras."  That's also

10   relevant.  "Are both Casio Japan and Casio USA willing to

11   voluntarily produce relevant information and witnesses from

12   all their parent companies?"  So we're trying to find out

13   how much foreign discovery we have to do.  That's a

14   reasonable request.

15        Five, "Is Casio Japan and Casio US potentially

16   relevant electronic information reasonably accessible?"

17   The rules require you to talk about reasonable accessibility

18   in the 26(f) conference.  That is something you must

19   discuss.  Or you should discuss.  And that is, is the

20   information reasonably accessible because electronic

21   discovery is very complicated and if it's not reasonably

22   accessible, then you have to talk about shifting costs and

23   who should pay for it.  And that's important, according to

24   the new rules, to deal with electronic discovery.  We asked

25   them questions about that and we got no answers.

1          And then we asked, "Who are the names of the --

2    names, titles and employers of those individuals at Casio

3    Japan and Casio US who have special knowledge about each

4    respective party's computer system."  If you read the

5    section of the rule, the notes on it, it says that that's

6    the kind of information you're supposed to talk about.

7    In fact, they discuss and some Courts have said you've got

8    to bring somebody knowledgeable about it from the company

9    and have a real significant exchange.  So we tried to do

10   that with them.

11          And now look, if you would, at Exhibit F.

12   Exhibit F is April 18th, a further letter from Mr. Swick to

13   Mr. Gold.  "We are disappointed that you called this morning

14   to state you were unilaterally canceling our previously

15   agreed to upon continuation of the Rule 26(f) conference

16   scheduled to occur today.  As we understand it, you are

17   unwilling to participate because you have not received

18   _____ proposal.  However, at this time you also

19   indicated you were unwilling to discuss many of the

20   Rule 26(f) issues that will help parties develop a carefully

21   developed scheduling plan.  Specifically, you told me, for

22   the first time, you're unwilling to discuss the following

23   questions," and those are the same questions that we had

24   listed in our other letter to them.  And there's no letter

25   that says, "Yes, we were willing to discuss these with you."

1      So a lot of the delay here was caused in having

2  the final Rule 26(f) conference by counsel for Plaintiff not

3  giving us, quote, "free discovery," which is the kind of

4  cooperation you need in a case to formulate a reasonable

5  discovery plan.

6      THE MAGISTRATE JUDGE:  Am I correct, Mr. Schnayer,

7  that the sole basis of your client's determination to serve

8  no answers until last night has to do with the manner in

9  which the conference was conducted?

10      MR. SCHNAYER:  The fact that there was no

11  conference.  There was no conference.  And --

12      THE MAGISTRATE JUDGE:  Very well.

13      MR. SCHNAYER:  There was none.  That's not a

14  conference.  And it didn't occur until we signed the papers

15  after many discussions, and trying to do it in a quick

16  fashion.

17      I also have one other point I'd like to make.

18      THE MAGISTRATE JUDGE:  Yes.

19      MR. SCHNAYER:  Counsel has raised an issue, and

20  this is sort of a side point, but I want to make this clear

21  because I think it's important.

22      He said one of the sanctions we want is that you

23  should segregate out the damages issue and willfulness

24  issue.  And I'd like to point out that at the hearing that

25  occurred with the Judge, the scheduling hearing that we had,

1    the one hearing, the Judge -- that issue was before the

2    Court because both parties addressed it in the papers they

3    filed, this big paper we put together finally which listed

4    the parties' positions.  And they asked the Judge for

5    bifurcation.  They asked the Judge for bifurcation.

6         And the Judge, at the end of the hearing, issued

7    an order and that's -- of the record, and she ordered the

8    schedule.  And there's nothing in the order that talks about

9    bifurcation.  And after she read the order -- she read it

10   out loud, and then she issued it in writing after the

11   hearing, she said, "Are there any more questions?"  She

12   turned to Plaintiff first.  Counsel didn't raise any

13   questions.  He didn't raise this issue with the Judge.

14        Bifurcation was already considered by the Court --

15   by the District Court Judge -- and denied.  It was denied.

16   And now they're saying, we want the sanction of bifurcation.

17   Well, they have it -- it's already been ruled on.  And

18   second, it's not a proper -- there's no authority to say

19   that this is a proper sanction under the rules.  There's no

20   authority for it.  it's just like, we want it because we

21   want it.  It's not proper.  So it's already been ruled on.

22        So, Your Honor, we did believe that the Judge's

23   order -- they have the ability to ask the Judge -- and they

24   never did in the papers they filed -- to address the issue

25   of the Rule 26(f) conference.  They never said to the Judge,

1    "You know, we want a specific ruling that discovery should

2    be considered served as of that day."  They never asked for

3    it in their pleading.  And the Judge never ruled on it.  If

4    you look at the paper they filed, it doesn't ask for that.

5    So they never asked for it, the Judge never ruled on it, and

6    we proceeded with that understanding.

7           If I'm wrong, I apologize.  We served our

8    discovery requests.  But it's not sanctionable, Your Honor.

9           THE MAGISTRATE JUDGE:  Very well, thank you,

10   Mr. Schnayer.

11          MR. SCHNAYER:  Thank you, Your Honor.

12          THE MAGISTRATE JUDGE:  Mr. Stimpson, if you wish

13   a brief reply I will hear you.

14          MR. STIMPSON:  Your Honor, I don't (inaudible)

15   have 30 seconds.

16          THE MAGISTRATE JUDGE:  My expectation was that one

17   of you would address the issue -- do you need a moment to

18   confer with Mr. Schnayer?  If so, you certainly may do so

19   and I'm happy to take a brief recess if you need more than a

20   moment or two to huddle.

21          MR. STIMPSON:  Not a problem.

22          MR. SCHNAYER:  Your Honor?

23          THE MAGISTRATE JUDGE:  Mr. Schnayer, yes.

24          MR. SCHNAYER:  If I may, please.  Thank you.

25   Counsel points out to me, co-counsel, that the committee

1    notes _____ -- Subsection (f) of the committee notes

2    points out and it talks about Rule 26(f) as amended to

3    direct the parties to discuss discovery electronically

4    stored information during their discovery planning

5    conference.  And the rule focuses on the issues relating to

6    disclosure or discovery of electronically stored

7    information.  Discussion is not required in cases which

8    involve -- don't involve electronic discovery.  In this

9    case, of course, it does.

10          And it goes on in the committee notes, it says,

11   it talks extensively about how this is important to focus

12   the issues, to focus the issues so that you can have a good

13   proposal to the Judge and focus the discovery in the case.

14          To have a 15-minute discussion where the parties

15   haven't done anything is not a local rule conference.  It's

16   not consistent with these guidelines that are set out in the

17   committee notes.  It really contemplates that you -- and it

18   goes through, and if Your Honor would care to read it after

19   the hearing, it goes through and it says you're supposed to

20   discuss these issues and narrow the issues.

21          THE MAGISTRATE JUDGE:  The Court is eminently

22   familiar with the committee notes.

23          MR. SCHNAYER:  Thank you, Your Honor.

24          THE MAGISTRATE JUDGE:  Very well.  Thank you.

25   You may have a seat.

```
 1              MR. SCHNAYER:  Appreciate it.  Thank you.

 2              MR. STIMPSON:  Your Honor, 30 seconds.  Just on

 3    the last point that Mr. Schnayer raised, about this being

 4    already -- bifurcation already being decided by Judge

 5    Kessler.  And that meet and confer statement, I believe --

 6    I don't have it in front of me, but I believe the very first

 7    thing we said was we're asking for this as a sanction, and

 8    Judge Kessler said she's passing this motion on to Your

 9    Honor.  She certainly did not rule on bifurcation.

10              The rest of Mr. Schnayer's argument was all about

11    26(f), and I don't believe this is about 26(f).  This is

12    about noncompliance with Judge Kessler's order.

13              If you don't have any further questions, I'll sit

14    down.

15              THE MAGISTRATE JUDGE:  Very well.  Thank you.

16    You may have a seat.

17              MR. STIMPSON:  Thank you.

18              THE MAGISTRATE JUDGE:  As the Court indicated at

19    the outset, the Court reviewed the motion, the opposition

20    and the reply in advance of the hearing, and the Court has

21    now considered the proffers and arguments of counsel during

22    the course of the hearing.  Having done so, the Court will

23    grant the motion, largely for the reasons offered by the

24    Movant, both orally and in writing.

25              More specifically, the Court finds that what Papst
```

1    urges upon the Court is a novel way of counting the number

2    of days in which a party must serve responses to written

3    discovery requests.  The Court uses the term, quote,

4    "novel," close quote, because there is simply no authority

5    which supports this method of calculating the deadline.

6          The rules make plain when it is that a party is to

7    serve responses to written discovery requests.  There was no

8    motion for enlargement of time filed by Papst.  Papst did

9    not seek any clarification of the due date in the meet and

10   confer report that counsel, along with opposing counsel,

11   filed in this matter, and appears to have unilaterally taken

12   the position that because Papst was displeased with the

13   manner in which the Rule 26(f) meeting or conference was

14   conducted that the responses to the written discovery

15   requests would be withheld.

16         However, there is no authority that suggests

17   that a party may unilaterally alter the rule which would

18   otherwise apply, particularly in an instance such as this

19   where the Court ordered that discovery proceed, simply

20   because of a concern regarding the sufficiency of the 26(f)

21   conference.

22         For these reasons, the Court finds that the

23   opposition to the motion to compel and for sanctions was not

24   substantially justified and that there are no circumstances

25   which would make the imposition of sanctions unjust.

1      The Court therefore orders the following.

2      First, the Court orders that complete responses --

3 that is, without objections, which have been waived by the

4 failure to respond in a timely fashion -- be served within

5 10 calendar days of today's date.

6      Second, the Court imposes as a sanction the costs

7 to Casio, including reasonable attorney's fees, of moving to

8 compel and for sanctions.  The Court will order that such

9 costs be paid within 30 days of today's date and that

10 counsel work cooperatively to share and comment upon the

11 reasonableness of those costs.  This is not a matter that

12 should entail the filing of a motion, because the Court

13 expects that you will work cooperatively to determine what

14 the reasonable costs are.

15      To the extent that there is an additional sanction

16 that Casio requests, the motion for any additional sanction

17 other than the fees and costs, is denied.

18      The Clerk will prepare a minute entry which will

19 indicate that the motion to compel and for sanctions was

20 granted for the reasons set forth on the record at the

21 hearing.  There is no order, no written order, that will

22 follow.  The minute entry will also indicate that complete

23 responses without objection are to be served within ten days

24 of today's date, and that Papst is to pay Casio's costs

25 within 30 calendar days of today's date.

1          Now, is there anything further in this matter

2    this afternoon?  Mr. Stimpson or Mr. Fe?

3          MR. STIMPSON:  Not that's pending before Your

4    Honor right now, nothing (inaudible).

5          THE MAGISTRATE JUDGE:  Very well, thank you.

6    Mr. Schnayer, Mr. Wright?

7          MR. SCHNAYER:  Nothing further, Your Honor.

8    Thank you.

9          THE MAGISTRATE JUDGE:  Very well.  Thank you

10   very much.

11         There is nothing scheduled for the courtroom for

12   the rest of the day, so if you wish to stay and continue

13   your efforts to confer before you return to your respective

14   destinations, you are welcome to do so.

15         COUNSEL:  Thank you.

16         THE MAGISTRATE JUDGE:  Very well.  Thank you

17   very much.

18         (Whereupon, proceedings were concluded.)

19

20

21

22

UNITED STATES OF AMERICA )
                        ) Civil Action No. 06-1751
DISTRICT OF COLUMBIA    )

    I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

_____

               PAUL R. CUTLER

    I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

_____

               BONNIE FURLONG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

                    Plaintiff,

          v.

PAPST LICENSING GMBH & CO. KG,
                    Defendant.
_____

PAPST LICENSING GMBH & CO. KG,
                    Counter-Plaintiff

          v.

CASIO INC. and
CASIO COMPUTER CO.,  LTD.

                    Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge:  Gladys Kessler

 Magistrate Judge: Deborah A Robinson

**[PROPOSED] ORDER GRANTING MOTION TO RECONSIDER**

Upon consideration of the objections and motion of Defendant and Counter-Plaintiff

Papst Licensing GMBH & Co, KG, to Reconsider Portions of Magistrate Judge Robinson's May

31, 2007 Order, it is hereby

**ORDERED** that the Motion to Reconsider is **granted**, and the May 31, 2007 Order is

reversed in part.  In particular, it is ordered that:

(1)        Papst has not waived its discovery objections relating to attorney client

           privilege, consulting expert privilege, and attorney work product protections;

(2)        Papst has not waived its objections relating to relevance;  and

(3)      Papst is not required to pay Plaintiff's costs and attorney's fees in connection

with its motion to compel.


DATED: _____           _____

           Gladys Kessler
           United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 14th day of June, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc.**


/s/ Joseph E. Cwik
Joseph E. Cwik