Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter- Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.,<br><br>    Plaintiff<br><br>  v.<br><br>PAPST LICENSING GMBH & CO. KG<br><br>    Defendant. | Case No. 1:06-CV-01751<br><br><br>Judge: Gladys Kessler<br>Magistrate Judge: Deborah Robinson |
| PAPST LICENSING GMBH & CO. KG,<br>    Counter-Plaintiff<br><br>  v.<br><br>CASIO INC. and CASIO COMPUTER<br>CO., LTD.<br>    Counter-Defendants | Next scheduled Court deadline: December 4,<br>2007 Status Conference |

### CASIO'S OPPOSITION TO PAPST'S OBJECTIONS TO MAGISTRATE ROBINSON'S MAY 31, 2007 ORDER

I.  **THE FACTS**

On March 6, 2007, Papst filed a Motion to Continue the Initial Status Conference. In connection with that motion, Papst argued that there had not been a proper 26(f) conference. Exhibit A, p. 3 (all Exhibits are attached to the Gold declaration). In Casio America's March 7, 2007 Response, it advised the Court of its concern that Papst was trying to "avoid or needlessly delay discovery," and that Casio had no objection to a continuance of the status conference "so long as discovery proceeds in the interim." Exhibit B, p. 2. In its Reply, Papst again argued that no 26(f) Conference had taken place. Exhibit C, p.2.

In response to these filings, on March 13, 2007, this Court issued an Order specifically holding that "discovery between Plaintiff and Defendant is to proceed." Exhibit D (emphasis added).

On March 30, 2007, three days before the Papst responses and objections were due, we wrote to counsel for Papst and reminded them of their obligations with regard to our pending interrogatories and document requests. We stated "[t]he court ordered discovery to proceed," and that "[w]e expect full and appropriate responses on April 2, 2007 and if we do not receive them we will take appropriate action." Exhibit E.

Despite the Court's clear Order, and warnings from counsel for Casio at a time when Papst could still file objections, Papst did nothing. It refused to proceed with discovery, and did so with its eyes wide open to the risks.

It was not until May 30, nearly three months after the requests were served, 2 ½ months after this Court ordered discovery to proceed, and the night before the hearing with Magistrate-Judge Robinson, that Papst served any objections or responses. Not a single document was produced until mid-June, and still Papst has not produced many documents.

From the oral hearing and briefing before Magistrate-Judge Robinson, both parties plainly understood the waiver that Casio was requesting, and that this included all objections, including privilege and work product. The Papst opposition memorandum itself stated the issue as follows: "Casio's first request [is] that Papst Licensing be deemed to have waived <u>all potential objections</u>. . . ." Exhibit F, p. 9 (emphasis added). And at the hearing, Magistrate-Judge Robinson expressly inquired as to the objections Papst had made the night before, and she was advised that there were objections based on privilege and work product. Exhibit G, p. 4. At no time did counsel for Papst ever argue that privilege, work product, or relevancy objections should be excluded from any waiver ruling.

Magistrate-Judge Robinson sanctioned Papst for its failure to abide by the Court's March 13 Order, and unequivocally held that Papst must now respond "without objections." Her sound reasoning is provided at pages 25-27 of the hearing transcript. Exhibit G, pp. 25-27.

Papst now argues it is not clear whether privilege and work product objections have been waived. But the Order states that Papst's responses must be "<u>without objections</u>" (Exhibit G, p.27, emphasis added). This ruling was made after Magistrate-Judge Robinson inquired as to the nature of the objections raised and was advised that they included privilege and work product.

Papst also now argues that it is "not clear whether the Magistrate-Judge ordered that any objections as to relevance have been waived" (Papst Mem. at 9). But this alleged confusion also flies in the face of the Order itself, which required responses without objections. Exhibit G, p. 27.

## II.  THE STANDARDS FOR OBJECTIONS

To overturn Magistrate Robinson's decision, Papst must show that the decision at issue is "clearly erroneous" and "contrary to law." Fed. R. Civ. P. 72(a). "On review, the magistrate

judge's decision is entitled to great deference...." *Neuder v. Battelle Pacific Northwest National Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000). The decision should stand unless the Court is left with the "definite and firm conviction" that the decision is in error.[1]

New arguments may not be raised for the first time in Objections to a Magistrate-Judge's Order. Rule 72(a) "is not a *de novo* review permitting a 'second shot' based on new arguments." *Claytor v. Computer Assocs., Int'l, Inc.,* 211 F.R.D. 665, 667 (D. Kan. 2003).

### III. THE NEW PAPST ARGUMENTS ON APPEAL

#### A. Papst may not now, for the first time, try to carve out specific objections

Prior to the May 31 Order, counsel for Papst never briefed or argued to Magistrate-Judge Robinson that any objections should be carved out of a waiver ruling. Never did counsel for Papst even mention privilege, work product, or relevance objections, or argue that they somehow deserved special consideration. Rather, Papst argued that its conduct was proper, and that argument was rejected. Exhibits F and G.

Counsel for Papst was well-aware that Casio sought waiver of "all objections" as that was requested in our Proposed Order and our supporting memoranda, and Papst itself confirmed that Casio was requesting that Papst be "deemed to have <u>waived all potential objections</u>...." Exhibit F, p. 9 (emphasis added). Moreover, Magistrate-Judge Robinson specifically inquired about the nature of the objections, and she was advised that Papst had made objections of privilege and

---

[1] Papst also seeks "reconsideration" of Magistrate-Judge Robinson's decision, which is somewhat confusing since Judge Kessler has never considered it in the first place, and indeed many of the Papst arguments have never been considered by even Magistrate-Judge Robinson. The local rules make clear this is not a reconsideration motion. "The Rule is intended to make clear that objections to the magistrate judge's proposed findings and recommendations should not be called motions for reconsideration ..." *COMMENT TO LCvR 72.2* In any event, the standards for reconsideration are very stringent. 5/14/07 Scheduling Order ¶14 ("Motions for reconsideration are greatly disfavored...."). *See New York v. United States,* 880 F. Supp. 37, 38 (D.D.C. 1995) (new facts or clear error of law required for reconsideration).

work product. Exhibit G, p. 4. Despite this exchange, counsel for Papst never requested that these objections be excluded from a waiver ruling.

Having failed to argue these issues before Magistrate-Judge Robinson, Papst should not be allowed to argue them here. *Claytor*, 211 F.R.D. at 667.

### B. The other new Papst arguments should not be allowed

Papst also argues that sanctions should not be imposed because its misconduct occurred early in the case, because Casio can show no prejudice, and because the discovery process has not been seriously disrupted. *See, e.g.*, Papst Mem. at 1. But we can find no such arguments made to Magistrate-Judge Robinson. Papst should not be allowed to make these arguments here, either. *Claytor*, 211 F.R.D. at 667.

### IV. PAPST'S CONDUCT WAS NOT JUSTIFIED

Notwithstanding the cropped quote provided by Papst at page 2 of its memorandum, Federal Rule 26(d) actually states that Rule 26(f) conferences are required before discovery may proceed, <u>unless</u> authorized by Court order. The Court did order discovery to proceed in its March 13, 2007 Order. Thus, no Rule 26(f) conference was required, and so we will not here again debate whether or not there was a 26(f) conference. Papst was ordered to proceed with discovery and simply refused to do so.

Papst next argues that it did not understand the March 13 Order. Papst claims that it understood "that the Order meant that all three parties should proceed with a Rule 26(f) conference. . . ." Papst Mem. at 3. According to Papst, the Court's Order was unclear because it did not "specifically mention Casio US's interrogatories or document requests" and it "could have meant that the three parties should 'proceed' with the Rule 26(f) process...." *Id.* at 7.

This explanation is not believable, as no one could read the March 13 Order in the manner suggested by Papst.[2]

## V. THE WAIVER RULING SHOULD STAND

### A. Privilege and Work Product

Should the Court decide to consider Papst's new arguments that privilege and work product should be carved out of Magistrate-Judge Robinson's waiver ruling, the ruling should still stand.

It is well-established that untimely objections to discovery requests can waive the work product and attorney-client privileges when there is conduct such as that demonstrated by Papst. *See United States v. British Am. Tobacco Ltd.*, 387 F.3d 884, 891 (D.C. Cir. 2004) (untimely objection can waive privilege); *Schalk v. Teledyne, Inc.*, No. 1:90-cv-460, 1991 U.S. Dist. LEXIS 1974, at *3-4 (W.D. Mich. Feb. 15, 1991) (untimely objection to discovery request resulted in the waiver of the attorney-client privilege); *Applied Sys. v. Northern Ins. Co.*, No. 97 C 1565, 1997 U.S. Dist. LEXIS 16014, at *8 (D. Ill. Oct. 7, 1997) ("[I]t is firmly established [that] failure to object to a discovery request in a timely fashion may constitute waiver of the [work-product] objection."); *Layman v. Combs*, No. C-86-1692 CAL, 1988 U.S. Dist. LEXIS 18517, at *2-3 (N.D. Cal. Feb. 23, 1988) ("The law is well established that one who fails to timely object to discovery requests waives all objections, including those based on privilege.").

The cases cited by Papst are easily distinguishable. In none of those cases had the party waived the right to argue that the privilege and work product objections should be carved out by

---

[2] There is a pattern of counsel for Papst claiming that they do not understand Court orders that are crystal clear. They claimed that they did not understand that discovery was to proceed when the Court ordered that "discovery between Plaintiff and Defendant is to proceed"; and now they question whether Magistrate-Judge Robinson's Order that responses must be served "without objection" means that relevance objections are waived; and they claim the same Order is not clear as to whether privilege and work product is waived, even despite those objections being expressly discussed at the hearing before magistrate-Judge Robinson ruled. Counsel for Papst are very experienced litigators – they understand these Court Orders.

failing to argue it to the Magistrate, nor had any of the parties in those cases refused compliance with a Court order. *Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996) (considering sanction of effective dismissal); *Barnett v. PA Consulting Group, Inc.*, No. 04-1245 (RWR), 2007 U.S. Dist LEXIS 18945, at *8-9 (D.D.C. Mar. 19, 2007) (privilege issue specifically argued to the Magistrate-Judge, who found privilege preserved by objection to another request seeking identical information and failure was only due to "carelessness"); *Layman*, 1998 U.S. Dist. LEXIS 18517, at *4 (no court order violated, no undue disruption of discovery); *United Steel Workers of Am. v. Ivaco, Inc.*, No. 1.01-cv-0426-CAP, 2003 U.S. Dist. LEXIS 10008, at *14 (N.D. Ga. Jan. 13, 2003) (no waiver of privilege with minor procedural violations, good faith attempts, or other mitigating circumstances); *Gieco Casualty Co. v. Beauford*, 8:05-cv-697-T-24EAJ, 2006 U.S. Dist. LEXIS 76081, at *6 (M.D. Fla. Oct. 19, 2006) (good cause for failure to timely respond, and only a short delay in the discovery).

In its memorandum at page 9, Papst also cites *Byrd v. Reno*, No. 96-2375 (CKK) (JMF), 1998 U.S. Dist. LEXIS 11855, at *15 (D.D.C. Feb. 12, 1998), in which this Court found a waiver of privilege and work product due to a failure to file timely objections. *Id.* at *23 ("Defendants objections [to interrogatories] as to . . . attorney-client or work-product privilege . . . are waived because they were not timely asserted"; and see *29 holding same for document requests).

Papst's conduct, in refusing to comply with a clear Court Order, withholding any responses and objections until the night before the hearing on our motion three months after our requests and 2 ½ months after this Court ordered discovery to proceed and withholding document production such that it is still not done, easily justifies a finding of waiver of all objections, including privilege and work product.

**B.    Relevance**

Papst also argues, for the first time ever, that relevance objections should be carved out of the waiver ruling. Like the privilege and work product objection, it should not be considered now because Papst failed to make the argument to Magistrate-Judge Robinson. *Claytor,* 211 F.R.D. at 667.

Even if Papst had made this argument before Magistrate-Judge Robinson, it would not be successful as it lacks any specifics -- Papst points to nothing in the Casio interrogatories or document requests that allegedly are irrelevant. Papst cites to one case saying only that waiver of the objection could lead to absurd results if "invariably waived," and which gave an example of a request for genealogy back to Eve when the objections are only a day late. Papst Mem. at 9. That Court explained that the irrelevancy objection would not be waived if the information sought is "patently irrelevant." *Byrd,* 1998 U.S. Dist. LEXIS 11855, at *16. It merely held, therefore, that there should not be "automatic waivers of an objection as to relevance…." *Id.* at *30.

Here, Papst does not claim that Casio requested anything "patently irrelevant," and Papst was not a day late, but instead violated a Court Order and served its objections two months late despite express warnings from counsel for Casio. If Papst had any specific relevancy objections it wanted to preserve, that argument should have been presented both to Magistrate-Judge Robinson, and in its Principal Memorandum here.[3]

---

[3]    Papst should not be allowed to argue specific relevancy objections in its reply, when Casio has no opportunity to respond. *See, Hebert v. National Academy of Sciences,* 974 F.2d 192, 196 (D.C. Cir. 1992) ("To consider an argument discussed for the first time in a reply would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response."); *Flynn v. Veazey Construction Corp. et. al.,* 310 F. Supp. 2d 186, 189 (D.D.C. 2004) (court will ignore new reply arguments or provide opportunity for sur-reply). Papst is in no position to argue that anything Casio requested is irrelevant. The patents-in-suit allegedly cover only one of many, many functions and features of the Casio cameras, but the 74 Papst document requests we received from Papst are not even remotely tailored to the issues in the case. They demand, for example, production of every document ever written, created, received, or generated by any Casio-related entity

### C.     Papst's new argument that the sanctions are too harsh

Papst now argues that the sanctions are too harsh for its misconduct. But Papst's conduct was inexcusable – no reasonable person could believe the March 13 Order meant only that the parties should have a 26(f) conference; nor was it reasonable to believe that a 26(f) conference was required when the Court had expressly ordered that discovery proceed. All the evidence points to conduct that was "inexcusable" and in "bad faith." *United States v. British Am. Tobacco Ltd.*, 387 F.3d 884, 891 (D.C. Cir. 2004); s*ee also National Hockey League et. al. v. Metropolitan Hockey Club, et. al.*, 427 U.S. 639, 643 (1976) (sanctions are not "merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"); *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d. Cir. 1988) (sanctions are "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger") (internal quotations omitted).

The interrogatory responses and document production of Papst were both due on April 2, and according to Papst many documents will not be produced for weeks. Thus, Papst's conduct has unilaterally sliced three months from the period Casio was allowed to pursue its discovery – leaving Casio six months from the date of document production to complete fact discovery, instead of the nine months it would have had but for the Papst misconduct.

---

anywhere in the world that has any relation to a Casio Digital Camera (Request 6), every document related to Casio's sales in every country of the world (as drafted, not even limited to cameras) (Request 19), every document related to costs and profits for Casio Digital Cameras for every Casio-related company world-wide (Requests, 29, 30), every document related to every shipment and receipt of every Casio Digital Camera all over the world (Requests 8, 9), etc. *See* Exhibits H and I. Our motion for sanctions under Rule 26(g) will be filed shortly.

## VI. **CONCLUSION**

For all the foregoing reasons, we respectfully request that the Court affirm Magistrate-Judge Robinson's Order in all respects. Casio further seeks its reasonable attorneys fees under Fed. R. Civ. P. 37 associated with the preparation of this opposition, in the ongoing effort to get responses to its discovery requests.

DATED: June 20, 2007

Respectfully submitted,

_____
Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel: (203) 258-8412
Attorneys for Plaintiff and Counter-Defendant Casio Inc. and Counter-Defendant Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,  :
Dover, New Jersey 07801  :
 : **Civil Action No. 1:06 CV 01751**
              Plaintiff,  : Judge: Gladys Kessler
 : Magistrate Judge: Deborah Robinson
     v.  :
 : Next status conference: 12/4/07
PAPST LICENSING GMBH & CO. KG,  :
Bahnhofstrasse 33, 78112 Georgen,  :
Germany  :
 :
              Defendant.  :
------------------------------------------------------------X
------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,  :
Bahnhofstrasse 33, 78112 Georgen,  :
Germany  :
 :
              Counter-Plaintiff,  :
 :
     v.  :
 :
CASIO INC., 570 Mount Pleasant Avenue,  :
Dover, New Jersey 07801, and CASIO COMPUTER  :
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo  :
151-8543, Japan  :
 :
              Counter-Defendants.  :
------------------------------------------------------------X

## [PROPOSED] ORDER

Upon consideration of Defendant and Counter Plaintiff Papst Licensing GmbH & Co. KG's ("Papst") Objections to and Motion to Reconsider Portions of Magistrate Judge Robinson's May 31, 2007 Order, it is hereby

**ORDERED** that Papst's Motion to Reconsider is **denied**.

1-NY/2192985.1

**ORDERED** that Magistrate Judge Robinson's May 31, 2007 Order is **affirmed** in all respects.

**ORDERED** that Papst pay all of Casio's costs and fees associated with this motion.

DATED:_____

                                                     Hon. Gladys Kessler
                                                    United States District Judge