## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,**<br>**Plaintiff**<br>v.<br>**PAPST LICENSING GMBH & CO. KG**<br>**Defendant.** | **Case No. 1:06-CV-01751** |
| **PAPST LICENSING GMBH & CO. KG,**<br>**Counter-Plaintiff**<br>v.<br>**CASIO INC. and CASIO COMPUTER CO., LTD.**<br>**Counter-Defendants** | **Judge: Gladys Kessler**<br>**Magistrate Judge: Deborah A. Robinson**<br><br>**Next status conference: December 4, 2007** |

## MOTION OF CASIO INC. AND CASIO COMPUTER CO., LTD. TO STRIKE PAPST'S DISCOVERY REQUESTS AND FOR SANCTIONS

Plaintiff and Counter Defendant, Casio Inc. and Counter-Defendant Casio Computer Co., Ltd. (collectively, "Casio"), hereby move this Court for an Order striking Papst's discovery requests in their entirety and sanctioning Papst for failing to serve these discovery requests in good faith. With respect to sanctions, Casio requests that Papst not be allowed to serve further document requests, but instead that the Court allow Papst only limited documentary discovery as set forth in the accompanying Memorandum of Law and Proposed Order. Casio also seeks its costs and fees associated in any way with these discovery requests.

In accordance with Local Rule 7(m), a meet and confer took place by telephone on June 5 and June 13, 2007 between counsel for Casio, Scott Stimpson and counsel for Papst, Joseph Cwik. Papst maintained its position and did not withdraw its discovery requests.

Respectfully submitted,

DATED:  June 22, 2007

/s/  Scott D. Stimpson
Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel: (203) 258-8412

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

Attorneys for Plaintiff and Counter-Defendant
Casio Inc. and Counter-Defendant Casio
Computer Co., Ltd.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
----------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,                    :
Dover, New Jersey 07801                                   :
                                                          : Civil Action No. 1:06 CV 01751
                                          Plaintiff,      : Judge: Gladys Kessler
                                                          : Magistrate Judge: Deborah A. Robinson
                                                          :
         v.                                               : Next status conference: 12/4/07
                                                          :
PAPST LICENSING GMBH & CO. KG,                            :
Bahnhofstrasse 33, 78112 Georgen,                         :
Germany                                                   :
                                                          :
                                          Defendant.      :
----------------------------------------------------------------------X
----------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                            :
Bahnhofstrasse 33, 78112 Georgen,                         :
Germany                                                   :
                                                          :
                                    Counter-Plaintiff,    :
                                                          :
         v.                                               :
                                                          :
CASIO INC., 570 Mount Pleasant Avenue,                    :
Dover, New Jersey 07801, and CASIO COMPUTER              :
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo      :
151-8543, Japan                                           :
                                                          :
                                  Counter-Defendants.     :
----------------------------------------------------------------------X
```

## [PROPOSED] ORDER

Upon consideration of the Motion of Plaintiff and Counter Defendant, Casio Inc. ("Casio America") and Counter-Defendant Casio Computer Co., Ltd. ("Casio Japan") (collectively, "Casio") to Strike Papst's Discovery Requests and for Sanctions, it is hereby

**ORDERED**, that the Motion is granted and that Papst's discovery requests are stricken in their entirety.

**ORDERED** that Papst is not allowed to serve further document requests, and instead Papst is allowed only the following documentary discovery:

Liability documents:

      a.      Documents sufficient to demonstrate the commercialized designs, function, and operation of all the accused Casio cameras.

      b.      Summary United States sales information for the accused cameras from both Casio America and Casio Japan.

      c.      Subject to privilege, work product, or other immunities, any documents addressing the patents-in-suit.

      d.      All prior art and other documents that Casio or its experts will rely upon in the litigation.

      e.      Document retention policies.

      f.      Any documents showing praise or criticism of the patents-in-suit.

2.      Additional Documents for the Damages and Willfulness Issues:

      g.      Casio America summary sales, costs, and profit information for all accused Casio cameras, with primary back-up documents (Casio America ledgers);

      h.      Documents sufficient to show when Casio America first learned of the patents-in-suit.

      i.      Documents sufficient to show when Casio Japan first learned of the patents-in-suit.

      j.      Advertisements and promotional materials for the accused cameras in the United States.

      k.      Subject to applicable case law and Casio's right to determine whether or not to waive privilege, work product, or other immunities, documents addressing the patents-in-suit.

      l.      Any documents regarding any attempt to design around the patents-in-suit.

**ORDERED** that Casio is awarded all its costs and fees associated in any way with addressing Papst's discovery requests.

DATED:_____

_____
Deborah Robinson
United States Magistrate Judge

Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter- Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,** | **Case No. 1:06-CV-01751** |
| **Plaintiff** | |
| v. | |
| **PAPST LICENSING GMBH & CO. KG** | |
| **Defendant.** | **Judge: Gladys Kessler**<br>**Magistrate Judge: Deborah A. Robinson** |
| | |
| **PAPST LICENSING GMBH & CO. KG,**<br>**Counter-Plaintiff** | **Next status conference: December 4, 2007** |
| v. | |
| **CASIO INC. and CASIO COMPUTER**<br>**CO., LTD.**<br>**Counter-Defendants** | |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE MOTION OF CASIO, INC. AND CASIO COMPUTER CO., LTD. TO STRIKE
## PAPST'S DISCOVERY REQUESTS AND FOR SANCTIONS

## I. **INTRODUCTION**

In this patent action, Papst has accused Casio of infringing two patents by manufacture and sale of its digital cameras. The patents allegedly relate to transfer of data from one device to another, and so only the mechanism by which the Casio cameras download pictures to a computer is the instrumentality that Papst accuses of infringement.

On April 20, counsel for Papst served on both Casio Japan and Casio America separate sets of 74 document requests. Among other things, the requests sought literally every document related to Casio Digital Cameras that was ever written, created, received, or generated; every document related to costs and profits on Casio Digital Cameras for every Casio-related company anywhere in the world; and every communication with every Casio Digital Camera customer regardless of whether those communications relate to cameras. The document requests as a whole are outrageously overbroad. Similar interrogatories were served on each Casio company.

Federal Rule 26(g) requires that every discovery request be signed by an attorney, and that the signature will constitute a certification that, among other things, the requests are not interposed for any improper purpose. If this Rule is violated without substantial justification, the Rule states that the Court "shall impose" appropriate sanctions.

We respectfully request the following sanctions: 1) the Papst discovery requests be stricken in their entirety; 2) Papst be limited to the documentary discovery set forth in the attached Proposed Order; and 3) Casio be awarded all its costs and fees associated with these discovery requests.[1]

---

[1] Pursuant to Local Rule LCvR 7(m), a meet and confer teleconference about these discovery requests and this motion was held on June 5, and again on June 13, 2007. Counsel for Papst acknowledged that the requests read literally sought irrelevant information and documents, but refused to withdraw the requests. Indeed, counsel suggested the possibility of moving to compel full responses to the vast majority of the requests.

## II. **THE PAPST DISCOVERY REQUESTS**

### A. **Background Facts: The Papst Warnings Of High Expense**

Since prior to commencement of this litigation, counsel for Papst has sought a settlement, and has repeatedly mentioned the high litigation costs if the parties do not settle.  In February of 2007, for example, a representative of Papst sent a letter directly to Casio Japan, including to its President and CEO, Mr. Kazuo Kashio.  Exhibit A.  The letter implicitly questions whether Casio should trust its American attorneys (page 1, second paragraph), and later mentions "60 million U.S. dollars in attorney's fees and expenses" allegedly spent by its opponent in a recent litigation (emphasis added).

Papst's references about the high costs of litigation are, standing alone, acceptable comments.  But in light of the discovery requests served by Papst and its other conduct in this case, they provide an important backdrop to this motion.  Counsel for Papst has never stated that they will deliberately increase litigation costs to force a settlement, and we will not directly opine on that issue here.  Instead, we provide the facts and leave this important question for the Court's judgment.  *Cf. St. Paul Reinsurance Co., Ltd. et. al. v. Commercial Financial Corp., et. al.*, 198 F.R.D. 508, 516 (D. Iowa 2000) (no requirement of bad faith for 26(g) sanctions, but conduct showing possible improper purpose may be considered in sanctions determination).

### B. **The Document Requests, Exhibits B and C**

The breadth of all 74 of the Papst document requests cannot possibly be addressed in a memorandum limited to ten pages, but we provide some examples here.  The Court is respectfully encouraged to review all the requests, and to please consider the fact that even under the Papst analysis, the patents relate to only one of the many, many functions and features of the Casio cameras.

By way of example, the requests seek the following:

- Every document having anything to do with "research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras." Requests 2, 4, and see Definitions 1, 4.

- "All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operation manuals, user manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras." Request 5; see also Requests 11, 12, and see Definitions 1, 4.

- Every document ever written, created, received, or generated by any Casio-related entity anywhere in the world, that refers or relates to any Casio Digital Camera, or any part of such a camera, or any method related to such a camera. Request 6 and Definitions 1, 4, and 10.

- All documents concerning every communication with every Digital Camera customer of every Casio related company anywhere in the world. This request as drafted is not only unlimited with regard to geography, it is also not limited to communications related to Casio Digital Cameras -- it covers every communication on any product with customers who also purchase cameras. For example, a letter from Casio Singapore to Wal-Mart Singapore, about a change in prices on Casio watches, is covered under the Papst requests. Request 7, Definition 1.

- Every document related to every shipment and every receipt of every Casio Digital Camera and camera part all over the world. Requests 8, 9, Definitions 1, 4, and 10.

- All documents at every Casio-related company world-wide that has any relation to any property or characteristic of any Casio Digital Camera. Request 10, Definition 4.

- Every document relating to every agreement concerning Casio Digital Cameras made by any Casio-related company world-wide, including all documents related to events that led to the agreement. Request 13, Definitions 1, 4.

- Every document and pleading relating to every legal proceeding in every country of the world that relates to Casio Digital Cameras. Requests 15-18, Definitions 1, 4.

- Every document that relates to Casio's sales in every country of the world (as drafted, this request is not even limited to camera sales). Requests 19-22, Definitions 1, 4.

- Every document related to Casio's Digital Camera costs and profits for every Casio-related company in every country of the world. Requests 29, 30.

The list goes on and on, with virtually every one of the 74 requests seeking a similarly ridiculous and thoughtless scope of production.   Please see Exhibits B and C.

### C.     <u>Interrogatories to Casio Japan, Exhibit D</u>

Papst Interrogatory 1 requests the name, home address, business address, last employer, position, dates of employment, regular places of employment, and a description of general duties for every person that has ever been involved with any of the "research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation" of every Casio Digital Camera.  There is no geographical limitation on any of these topics (except "importation" is into the United States), and thus the request seeks this information for people at Casio-related companies all over the world.  Exhibit D, see Interrogatory 1 in connection with Definitions 1, 9, 10, and 13.

This request is facially ridiculous. It requests this information for hundreds, and perhaps thousands of people, and requests information that could not possibly be relevant to this litigation. Why, for example, did Papst feel the need for this information for every secretary at every Casio related company in the world who has ever processed a camera purchase order or invoice, for every person who has ever been involved in any way with development of camera features unrelated to this case, for every Casio truck driver anywhere in the world who has delivered Casio cameras, etc.?

The interrogatory also seeks identification of every "entity" involved in any of these topics, and for each entity Casio must state its date and place of incorporation and "identify" every one of its officers, directors, and managing agents. See Definition 10. So, this information is required for every United States retailer of Casio cameras, for every company that supplies any camera part to Casio, for every company that is involved with advertising or marketing of Casio cameras, etc.

### D.    Interrogatories to Casio America, Exhibit E

The Casio America interrogatories are a trap for the unwary -- objections would be easily waived without careful scrutiny.

Interrogatory 1 sounds harmless enough: "Describe in full and complete detail how each Casio Digital Camera does not infringe each of the Patents-in-Suit." Exhibit E. But the jig is up when one looks more closely at the entire document. The exact phrasing of Interrogatory 1 is defined in Instruction 8.

The definition of this interrogatory is much broader than the interrogatory reads, and is not even limited to the infringement issue:

Part (a): This definition subpart requires that every document concerning the interpretation of any claim element be produced or "identified" (see Definition 12), thus an unwary responder may waive privilege and work product.

Part (b): Part b is perhaps the most egregious subpart. It demands a "full and complete identification and description of each Casio Digital Camera," including every part and function regardless of whether it has any relation to this lawsuit. It also demands "identification" (see Definition 12) of every document from every Casio-related company all over the world that concerns the operation or construction of a Casio Digital Camera.

Part (d): This subpart is not limited to the infringement issue at all, but instead demands identification of every document supporting Casio's Complaint and Affirmative Defenses.

A similar definition to Interrogatory 2 is provided in Instruction 9.

If these definitions were not tricks to obtain inadvertent waivers of objections, then what possible purpose could Papst have for drafting seemingly simple interrogatories, but defining them elsewhere to be wildly overbroad? Why wasn't the definition simply made to be the interrogatory itself?

## III.    **FEDERAL RULES 1 AND 26(g)**

Federal Rule of Civil Procedure 1 states that the Federal Rules of Civil procedure "shall be construed and administered to secure the just, speedy and _inexpensive_ determination of every action." Fed. R. Civ. P. 1 (emphasis added).

Federal Rule 26(g) imposes a duty similar to Federal Rule 11 to make a reasonable inquiry into the bases for discovery requests. Rule 26(g)(2) requires that every discovery request be signed by one attorney of record, which shall serve as a "certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry," the request is:

(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal or existing law;

(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C) not unreasonable or unduly burdensome or expensive. . . .

The Rule "imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision . . . obliges each attorney to stop and think about the legitimacy of a discovery request. . . ." Fed. R. Civ. P. 26(g), Advisory Committee Notes to the 1983 Amendments. *See also Chapman & Cole v. Itel Container Int'l B.V., et. al.*, 865 F.2d 676, 685-86 (5th Cir. 1989) (affirming 26(g) sanctions where the record reflected an "attempt to inundate Chapman with unnecessary discovery requests to raise the cost of the litigation to a point that Chapman would be forced to 'give up without a fight' because of the expense.").

## IV.    <u>**REQUESTED SANCTIONS**</u>

Counsel for Papst has already been sanctioned once for discovery-related misconduct. See this Court's June 1, 2007 Order. And despite this Court's June 1 Order that "complete responses" to interrogatories be provided, Papst refused to do so and thus continues to flaunt this Court's Orders and the discovery procedures generally. Please see our co-pending motion for sanctions for non-compliance with the Court's June 1 Order.

For the discovery abuse addressed in this motion, Casio respectfully requests the following sanctions:

**A.    Striking The Discovery Requests**:  We request that the Papst discovery requests be stricken in their entirety.  This is an appropriate sanction, since Papst failed to serve these discovery requests in good faith.

**B.    Limits On Documentary Discovery**:  We request that Papst <u>not</u> be allowed to serve further document requests, but instead that the Court allow Papst only the following documentary discovery:

    1.   <u>Liability documents</u>:

        a.   Documents sufficient to demonstrate the commercialized designs, function, and operation of all the accused Casio cameras.

        b.   Summary United States sales information for the accused cameras from both Casio America and Casio Japan.

        c.   Subject to privilege, work product, or other immunities, any documents addressing the patents-in-suit.

        d.   All prior art and other documents that Casio or its experts will rely upon in the litigation.

        e.   Document retention policies.

        f.   Any documents showing praise or criticism of the patents-in-suit.

    2.   <u>Additional Documents for the Damages and Willfulness Issues</u>:

        g.   Casio America summary sales, costs, and profit information for all accused Casio cameras, with primary back-up documents (Casio America ledgers);

        h.   Documents sufficient to show when Casio America first learned of the patents-in-suit.

        i.   Documents sufficient to show when Casio Japan first learned of the patents-in-suit.

        j.   Advertisements and promotional materials for the accused cameras in the United States.

        k.   Subject to applicable case law and Casio's right to determine whether or not to waive privilege, work product, or other immunities, documents addressing the patents-in-suit.

l.    Any documents regarding any attempt to design around the patents-in-suit.

**C.**    <u>**Costs And Fees**</u>:  We request that Casio be awarded all its costs and fees associated in any way with these discovery requests.

**V.**    <u>**CONCLUSION**</u>

For all the foregoing reasons, we respectfully request entry of our Proposed Order.

Respectfully submitted,

DATED:  June 22, 2007        /s/ Scott D. Stimpson
          Scott D. Stimpson, Esq. (pro hac vice)
          The Law Office of Scott D. Stimpson
          Suite 1102
          445 Hamilton Avenue
          White Plains, New York 10601
          Tel: (203) 258-8412

          Jeffrey M. Gold, Esq. (pro hac vice)
          Morgan, Lewis & Bockius, LLP
          101 Park Avenue
          New York, New York 10178-0060
          Tel: (212) 309-6000
          Fax: (212) 309-6001

          J. Kevin Fee, Esq. (D.C. Bar No. 494016)
          Morgan, Lewis & Bockius, LLP
          1111 Pennsylvania Avenue, NW
          Washington, D.C. 20004
          Tel.: (202) 739-3000
          Fax: (202) 739-3001

          Attorneys for Plaintiff and Counter- Defendant Casio Inc.
          and Counter-Defendant Casio Computer Co., Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,          :
Dover, New Jersey  07801                        :
                                                : Civil Action No. 1:06 CV 01751
            Plaintiff,                          : Judge:  Gladys Kessler
                                                : Magistrate Judge: Deborah Robinson
       v.                                       : Next status conference: December 4, 2007
                                                :
PAPST LICENSING GMBH & CO. KG,                  :
Bahnhofstrasse 33, 78112 Georgen,               :
Germany                                         :
                                                :
            Defendant.                          :
-----------------------------------------------------------X
-----------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                  :
Bahnhofstrasse 33, 78112 Georgen,               :
Germany                                         :
                                                : Civil Action No. 1:06 CV 01751
            Counter-Plaintiff,                  : Judge:  Gladys Kessler
                                                : Magistrate Judge: Deborah Robinson
       v.                                       : Next status conference: December 4, 2007
                                                :
                                                :
CASIO INC. and                                  :
CASIO COMPUTER CO., LTD.                         :
                                                :
            Counter-Defendants                  :
-----------------------------------------------------------X
```

**DECLARATION OF JEFFREY M. GOLD, ESQ.**

I, Jeffrey M. Gold, hereby declare as follows:

1.      I am a partner at the law firm of Morgan, Lewis & Bockius LLP in the New York Office located at 101 Park Avenue, New York, New York 10178.

2.      I have been admitted to practice law in the State of New York since 1997.  I am further admitted to practice in the Southern and Eastern Districts of New York, the Federal Circuit Court of Appeals and before the Patent and Trademark Office.  I am also currently admitted pro hac vice before this court as part of this action.

3.      Attached hereto as Exhibit A is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's February 8, 2007 letter to Counter-Defendant Casio Computer Co. Ltd.

4.      Attached hereto as Exhibit B is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's First Set of Requests For The Production Of Documents And Things (Nos. 1-74) to Casio Computer Co. Ltd., served on April 20, 2007.

5.      Attached hereto as Exhibit C is a true and correct copy of Papst Licensing GMBH & Co. KG's First Set of Requests For The Production Of Documents And Things (Nos. 1-74) to Casio Inc., served on April 20, 2007.

6.      Attached hereto as Exhibit D is a true and correct copy of Defendant Papst Licensing GMBH & Co. KG's First Set of Interrogatories (Nos. 1-2), to Casio Computer Co. Ltd., served on April 20, 2007.

7.      Attached hereto as Exhibit E is true and correct copy of Defendant Papst Licensing GMBH & Co. KG's First Set of Interrogatories (Nos. 1-3) to Casio Inc., served on April 20, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 22, 2007          By:_____
                                              Jeffrey M. Gold





LICENSING

<table>
<tr><td>

**via facsimile 0081-3-5334-4717**

Mr. Kazuo Kashio
President & CEO
Casio Computer Co., Ltd.
6-2, Hon-machi 1-chome
Shibuya-ku, Tokyo 151-8543
JAPAN

</td><td>

**via facsimile 0081-3-5334-4717
and e-mail okumurah@casio.co.jp**

Mr. Hiroshi Okumura
Manager
Casio Computer Co., Ltd.
6-2, Hon-machi 1-chome
Shibuya-ku, Tokyo 151-8543
JAPAN

</td></tr>
</table>

February 8, 2007

Casio's Infringement of Papst Licensing's Patents

Dear Mr. Okumura:

I am the president of Papst Licensing GmbH & Co. KG, a company located in Germany. Papst Licensing has patents which cover various aspects of digital cameras. Last year Papst Licensing charged your company with infringement of these patents. My United States attorneys attempted to set up a meeting between representatives of Papst Licensing and employees of your company to try to discuss an amicable resolution of this controversy. They were advised by your United States attorneys that my attorneys instead should meet with Casio's US attorneys. Such a meeting took place at your US attorney's offices in New York. After this meeting, my attorneys told your US attorneys that Papst employees wanted to meet in Japan with employees of Casio to discuss an amicable resolution of the controversy, but were advised that Casio did not want to have such a meeting.

Then, Casio sued Papst Licensing by filing a lawsuit in Washington, D.C. alleging that Papst Licensing's patents were invalid and/or not infringed. Recently, at my request my attorneys contacted your US attorneys to again try to set up a meeting in Japan so that employees and representatives of Papst Licensing and Casio could personally meet to try to reach an amicable resolution. It has been my experience that having employees of the companies meet directly, instead of only having meetings between the attorneys, results in a much better chance of resolving the controversies in an amicable way. It is also my understanding that this is the Japanese way of trying to resolve controversies. An additional problem of only having attorneys meet is that information typically gets filtered by the attorneys. This may occur intentionally or unintentionally since attorneys make substantially more money if controversies are decided by lawsuits as opposed to negotiations.

We were advised by your attorneys that Casio refused our recent request for a meeting in Japan between principals and attorneys. They also advised us that your company would agree to such a meeting only if Papst Licensing dropped its counterclaim against your company.

PAPST LICENSING GmbH & Co. KG          Telefon  +49 77 24 – 91 71-0          Kreissparkasse Tuttlingen
Bahnhofstrasse 33                                    Telefax  +49 77 24 – 91 71-99        BLZ 643 500 70, Konto-Nr. 454 003
78112 St. Georgen, Germany                  e-mail   info@papstlicensing.com     HSBC Trinkaus & Burkhardt Düsseldorf
Geschäftsführer: Georg F. Papst            HRA 2678 Villingen-Schwenningen   BLZ 300 308 80, Konto-Nr. 050 0639 008



February 8, 2007
Page 2

Papst Licensing would agree to such a proposal only if Casio dropped its claim against Papst Licensing. We understand from comments from your attorneys that Casio would not do this. Of course, the dropping of claims by both parties would be without prejudice to refile the claims. We point out that Casio first sued Papst Licensing, and then Papst Licensing filed a counterclaim against Casio. Papst Licensing's preference always is to first proceed in the Japanese style to try to meet and work out an amicable resolution.

Papst Licensing has over 130 license agreements, many of them with significant Japanese companies such as Toshiba, Hitachi, Fujitsu, NEC, and many others. Most of these licenses have been reached through Japanese style negotiations. That is the way Papst Licensing prefers dealing with issues such as this, and that is the way Papst Licensing would prefer dealing with Casio.

While Papst Licensing by far prefers to try to resolve controversies through Japanese style negotiations, when forced to do so, Papst Licensing has used the legal system to enforce its patent rights. See the attached news article which describes the fact that Papst Licensing won an overwhelming victory in a seven week trial in the United States. Our opponent spent over 60 million U.S. dollars in attorney's fees and expenses in connection with this lawsuit.

I ask you to personally intercede in this matter to set up a meeting in Japan with representative of our companies so that we can discuss these issues and see if we can reach an amicable resolution.

Thank you for your attention to this matter. I appreciate your anticipated cooperation.

Sincerely,

PAPST LICENSING GmbH & Co. KG

Georg Papst
President


Enclosure



Portfolio Media, Inc. | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com

Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

## Papst Defeats Minebea In Long-Running Patent Dispute

*Wednesday, August 23, 2006* --- A federal judge has dismissed $500 million in claims against Papst Licensing GmbH & Co. KG, which was sued by one-time partner Minebea Co. Ltd. on charges of conversion, breach of contract, patent exhaustion and patent misuse.

In a 276-page decision, Judge Paul L. Friedman of the U.S. District Court in Washington, D.C., ruled that Papst, a German company with a number of patents related to computer hard disk drives and hard disk drive spindle motors, used proper licensing practices in its dealings with Japan-based Minebea.

"Minebea has failed to prove its case on each claim by a preponderance of the evidence," Friedman wrote in his Aug. 17 opinion. "Furthermore...in some cases Minebea's legal theories are far-fetched and have either little or no basis in law or no relevance to the contracts, agreements and understandings of the parties in this case."

The case goes back to 1990, when the two companies entered into a joint venture to design, manufacture and sell improved hard disk drive motors. As part of the deal, Papst granted licenses to Minebea and agreed not to sue if Minebea violated any of Papst's patents.

When the joint venture dissolved in 1993, the two sides then entered into numerous written agreements. Minebea first sued Papst in 1997 in the Washington, D.C., district court, alleging that Papst "misled Minebea and its customers to believe that Papst would not enforce its so called drive patents against Minebea's customers."

Due to consolidations, added and dropped claims and switches of venue, the case dragged on until this month, when Friedman ruled in Papst's favor.

"The court finds...that Minebea's claims are overblown and not supported by the language of the agreement," Friedman wrote.

After the decision was announced, Papst founder and president Georg Papst said, "This is as much a personal victory as it is a victory for our company. Minebea tried to destroy our licensing program and called into question almost every aspect of my business life in the past 15 years. To receive such an overwhelmingly positive ruling from the judge is complete vindication."

"We thoroughly defeated all of Minebea's claims even though Minebea threw an army of lawyers against us and spent tens of millions of dollars on its case," added Jerold B. Schnayer, Papst's principal outside attorney. "This



was a long and bruising seven-week trial that was incredibly international in scope, involving testimony on three continents."

Previously, Papst had sued all the major hard disk drive manufacturers, including IBM, Seagate, Western Digital, Hitachi, Fujitsu and Toshiba, for patent infringement. Since then, it has entered into licensing agreements with most of them.

Minebea, on the other hand, supplies the major hard disk manufactures with hard disk drive spindle motors.

Papst is represented in the case by Welsh & Katz, Ltd.

Minebea is represented by Schulte, Roth & Zabell LLP.

The case is Minebea Co. Ltd. et al. v. Papst et al., case number 1:97-cv-00590, in the U.S. District Court for the District of Columbia.

--By Jesse Greenspan
jesse.greenspan@portfoliomedia.com

EXHIBIT

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

          Plaintiff,

      v.

PAPST LICENSING GMBH & CO. KG,
          Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
          Counter-Plaintiff

      v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

          Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

**PAPST LICENSING GMBH & CO. KG'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
AND THINGS TO CASIO COMPUTER CO., LTD.**

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Counter-Defendant Casio Computer Co., Ltd. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, "Casio" shall include, but is not limited to, Casio Computer Co., Ltd., Casio Inc. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2.  As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

2

3. If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4. As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5. In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

6. As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7. In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8. As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9. As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, versions, and revisions of any and all products, or methods, relating to any part of any Casio Digital Camera capable of transferring picture data to another device.

11.    "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12.    Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

13. These document requests are continuing in nature. If after making its initial response hereto (and up until the time of any hearing or trial), Casio  or its attorneys,

agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

14.     Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

15.     The methods and format of Casio's production shall be as follows:

I.     Format of Production

A.     The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B.     Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files the documents are located. The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

C.     Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document

5

image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

        D.    For redacted documents, the metadata for each document will indicate the basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time the redacted document is produced.

        II.    <u>Metadata</u>

To the extent possible and practicable, the parties will provide the following metadata fields:

    (a)    Electronic document type;
    (b)    Create date;
    (c)    File name;
    (d)    File location;
    (e)    Source location;
    (f)    Starting production number;
    (g)    Ending production number;
    (h)    Custodian;
    (i)    Last date modified;
    (j)    Author;
    (k)    Recipient(s);
    (l)    Document date (if different from create date);
    (m)    cc(s);
    (n)    bcc(s);
    (o)    Subject;
    (p)    Title; and
    (q)    Attachment information (for e-mails).

If a party determines that it is impossible to produce certain metadata fields for a type or types of documents, the party shall so inform opposing counsel. If a party determines that the production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should

be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1.  One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3.  All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

5.  All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user

manuals, technical publications, technical documentation, white papers, or technical

bulletins relating to any and all Casio Digital Cameras.

6. All documents written, created, received, and/ or generated by Casio that refer

or relate to any and all Casio Digital Cameras.

7. All documents concerning communications with Casio's customers for any

and all Casio Digital Cameras.

8. All documents referring or relating to the shipment and receiving of any and

all Casio Digital Cameras.

9. All documents referring or relating to the shipment of any and all Casio

Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties,

characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture,

operation, use, intended use or potential use of any and all Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating

instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts,

which comprise or which refer or relate to (a.) any agreements between Casio and any

other individual(s) and/or entity(ies), and (b.) and all events leading up to any such

agreements, which concern any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts,

which comprise or which refer or relate to any indemnity agreements, subrogation

agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease, distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45. All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46. All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47. All documents relating to any attempt to design around the Patents-in-Suit.

12

48.     All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.     All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.     All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.     All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world.  This request shall have no time limitation.

52.     All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.     All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.     All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

55.     All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56.     All documents which set forth the officers and directors of Casio from 1997 to the present date.

57.     All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58.     All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59.     All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60.     All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61.     All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62.     As to each person Casio expects to call as an expert witness at the trial in this action:

(a).     All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).     All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c).    All documents provided to each such expert and all documents provided by the expert to Casio.

63.    All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries, treatises and the like.

66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).    a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)    an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)     an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)     any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)     the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)     any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)     the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)     Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)     any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.     All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.     All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

70.     All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those

systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.    All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.    Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.    All documents which refer or relate to the Papst Licensing.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

Dated:  April 20, 2007

    /s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys      for      Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO COMPUTER CO., LTD. was served on this the 20th day of April, 2007 upon the attorneys for Casio Computer Co., Ltd. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc. and Casio Computer Co.,Ltd.

**VIA U.S. MAIL AND E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co. KG



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

        Plaintiff,

        v.

PAPST LICENSING GMBH & CO. KG,
        Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
        Counter-Plaintiff

        v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

        Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

## PAPST LICENSING GMBH & CO. KG'S
## FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
## AND THINGS TO CASIO INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Plaintiff/Counter-Defendant Casio Inc. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

1

**DEFINITIONS AND INSTRUCTIONS**

1.  As used herein, "Casio" means (a) Casio Inc., Casio Computer Co., Ltd. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2.  As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

2

3.  If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4.  As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5.  In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

6. As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7. In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8. As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9. As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device, that have been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

11. As used herein, "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12. As used herein, "Lawsuit" means any type of legal action where Casio was a party or participant of any kind including, but not limited to, lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and any international cases or proceedings filed in any tribunal.

4

13.     Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

14. These document requests are continuing in nature.  If after making its initial response hereto (and up until the time of any hearing or trial), Casio or its attorneys, agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

15.     Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

16.     The methods and format of Casio's production shall be as follows:

I.      <u>Format of Production</u>

A.      The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B.      Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.  The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations.  The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files

the documents are located. The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

      C.    Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

      D.    For redacted documents, the metadata for each document will indicate the basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time the redacted document is produced.

      II.    <u>Metadata</u>

To the extent possible and practicable, the parties will provide the following metadata fields:

(a) Electronic document type;
(b) Create date;
(c) File name;
(d) File location;
(e) Source location;
(f) Starting production number;
(g) Ending production number;
(h) Custodian;
(i) Last date modified;
(j) Author;
(k) Recipient(s);
(l) Document date (if different from create date);
(m) cc(s);
(n) bcc(s);
(o) Subject;
(p) Title; and
(q) Attachment information (for e-mails).

If a party determines that it is impossible to produce certain metadata fields for a type or types of documents, the party shall so inform opposing counsel.  If a party determines that the production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1.  One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3.  All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

5.   All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

6.   All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

7.   All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

8.   All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

9.   All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) and all events leading up to any such agreements, which concern any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease,

distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45.    All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46.    All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47.    All documents relating to any attempt to design around the Patents-in-Suit.

48.    All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.    All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.    All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.    All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world.  This request shall have no time limitation.

52.    All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.    All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.    All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

13

55.    All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56.    All documents which set forth the officers and directors of Casio from 1997 to the present date.

57.    All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58.    All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59.    All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60.    All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61.    All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62.    As to each person Casio expects to call as an expert witness at the trial in this action:

(a).    All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring

to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).    All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c).    All documents provided to each such expert and all documents provided by the expert to Casio.

63.    All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries,  treatises and the like.

66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).   a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)   an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)   an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)   any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)   the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)   any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)   the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)   Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)   any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.   All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.   All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

16

70.    All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.    All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.    Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.    All documents which refer or relate to the Papst Licensing.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

Dated: April 20, 2007                    /s/ Joseph E. Cwik
                                         Jerold B. Schnayer
                                         Joseph E. Cwik
                                         WELSH & KATZ, LTD.
                                         120 South Riverside Plaza • 22nd Floor
                                         Chicago, Illinois 60606
                                         (312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO INC. was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**VIA U.S. MAIL AND E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co. KG



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC. | |
| Plaintiff, | |
| v. | Civil Action No. 1:06 CV 01751 |
| PAPST LICENSING GMBH & CO. KG Defendant. | Judge: Gladys Kessler |
| PAPST LICENSING GMBH & CO. KG | |
| Counter-Plaintiff | |
| v. | |
| CASIO INC. and CASIO COMPUTER CO., LTD. | |
| Counter-Defendants | |

**PAPST LICENSING GMBH & CO. KG'S**
**FIRST SET OF INTERROGATORIES TO CASIO COMPUTER CO., LTD.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG ("Papst"), through counsel, requests Plaintiff/Counter-Defendant, Casio Computer Co., Ltd. ("Casio Japan"), to respond to each of the Interrogatories below.

**DEFINITIONS**

1.      "Counter-Defendant," "you," "your," and "Casio Japan" means (a) Casio Computer Co., Ltd., Casio Inc. and all of their parent corporations, predecessor corporations, successor corporations, subsidiary corporations, affiliated or related

companies, and groups and divisions thereof; (b) Casio Japan's present or past directors, officers, employees, agents, consultants, accountants, attorneys and independent contractors that have contractual relations with it; and (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf Casio Japan or anyone under its control, direction or instruction.

2.    "Document" shall be construed in it broadest sense and shall mean all written, printed, typed, recorded, graphic, stenographic, computer-generated, computer-stored and electronically stored matter of every kind and description, however and by whomever produced, prepared, reproduced, disseminated, or made, including all originals, copies and drafts thereof and all attachments and appendices thereto, and shall also include audiovisual works and magnetic recordings of any type such as video tape recordings, slides, floppy and hard disks, audio recordings and photographic pictures or movies. A copy of any document that contains notes, sketches, annotations, highlighting, underlining or other markings, comments or modification on or of another document shall be considered a separate document.

3.    "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in Your possession, custody or control.

4.    A request for a Document shall be deemed to include a request for a Thing. A request for a Thing shall be deemed to include a request for a Document.

5.    "Or" is inclusive referring to any one or more of the disjoined words or phrases listed.

6.    "Relating to," "relate to," "relation to," or "relating" means constituting,

2

discussing or referring to, analyzing, embodying, evidencing, consulting, recording, communicating, involving, describing, pertaining to, concerning, or containing, directly or indirectly in any way, the subject matter of the particular request.

7.     "Communication," "communicate" or "communicating" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, telex, facsimile, personal delivery or otherwise.

8.     The term "Lawsuit" means any type of legal action including but not limited to lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and international cases filed in any tribunal.

9.     The terms "identify" or "identity" or "identification" when used in connection with an individual means: state the individual's full name; his or her home and business addresses; his or her last known employer; his or her position, title, or job description; and if employed by You, the individual's dates and regular places of employment and general duties.

10.     The terms "identify" or "identity" or "identification" when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person means; state its full name and type of organization or entity; state the address of its principal place of business, its date and place of incorporation; and identify its officers, directors, and managing agents.

11.     The terms "identify" or "identity" or "identification" when used in connection with an oral statement or discussion means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to

whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or mechanical or other recording, state the date and present location of said recording.

12.    The terms "identify" or "identity" or "identification" when used in connection with a written document or statement means; state the name of the author, the type of document or writing, the date, the addressee, or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed, the subject matter, and the present location.  In lieu of such identification, You may attach a copy of the written containing said written statement and refer thereto in Your answer.

13.    As used herein, "Casio Digital Camera" shall mean all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device.

14.    "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

## INSTRUCTIONS

1.    Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your agents, representatives, and attorneys.  Whenever an answer to these interrogatories contains information that is not based upon Your personal knowledge, state the source and the nature of such information.

2.    Answer all of the interrogatories completely.  If You contend that the answer to any interrogatory is privileged in whole or in part, state all facts supporting such privilege,

and identify each person having knowledge of the factual basis on which the privilege is asserted. Answer should be made of all knowledge and information which is not privileged.

3.    If You have no knowledge or information responsive to a particular interrogatory, please state such.

4.    These interrogatories shall be deemed continuing and Casio Japan shall supplement and seasonably amend its responses as required under the Federal Rules.

5.    If an objection is made to any interrogatory, answer should be made of all knowledge and information to which the objection does not relate.

6.    If Casio Japan finds the meaning of any term in these interrogatories unclear, Casio Japan shall assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory according to the assumed meaning.

7.    Unless otherwise specified, the interrogatories below are not limited to the knowledge or information in the United States. Instead, they relate to any such knowledge or information in any country.

8.    The phrase "Identify any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for sale, licensed or imported into the United States" shall mean:

   a.    For each entity or person identified, describe what each entity or individual did in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each

5

Casio Digital Camera; the corresponding time period(s) in which each entity or person was involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera; and each individual's title and employer during those corresponding time period(s);

b.   Identify all documents (by Bates Number) showing the identity of any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera.

## PAPST'S INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing,  commercial production, sale, offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for sale, licensed or imported into the United States after October 22, 2002.

**INTERROGATORY NO. 2:**        Separately with respect to each of the Patents-In-Suit, state:

 (A) The dates upon which, and the circumstances under which, Casio first became aware of the Patents-In-Suit, and the persons who became aware of them;

 (B) Whether Casio received legal advice at any time, including after the filing of the Complaint, that it did not infringe each of the patents in suit, or that each of the Patents-In-Suit was invalid or unenforceable and, if so, identify the date upon which, and the circumstances under which Casio obtained such legal advice, or caused any studies relating to such advice to be made, as well as any oral or written opinion of legal counsel, with respect to:

  (i) the infringement or non-infringement of the Patents-In-Suit; and/or

  (ii) the validity, invalidity, enforceability or unenforceability of the Patents-In-Suit;

(C)     Identify all persons having knowledge of the subject matter of Casio's

response to this interrogatory, and locate and identify all documents

pertaining to the subject matter of Casio's response to this interrogatory;

and

(D)     Identify all discussions, communications, events or documents that relate

to or refer to any legal advice received by Casio with respect to:

(i)      the infringement or non-infringement of the Patents-In-Suit; and/or

(ii)     the validity, invalidity, enforceability or unenforceability of the

Patents-In-Suit.

Dated:  April 20, 2007

    /s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys      for      Defendant/Counter-
Plaintiff, Papst Licensing GmbH & Co.
KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF INTERROGATORIES TO CASIO COMPUTER CO., LTD. was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**VIA U.S. MAIL And E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co.
KG

9



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

            Plaintiff,

    v.

PAPST LICENSING GMBH & CO. KG
           Defendant.

_____

PAPST LICENSING GMBH & CO. KG

            Counter-Plaintiff

    v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

           Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

**PAPST LICENSING GMBH & CO. KG'S**
**FIRST SET OF INTERROGATORIES TO CASIO INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG ("Papst"), through counsel, requests Plaintiff/Counter-Defendant, Casio Inc. ("Casio"), to respond to each of the Interrogatories below.

## DEFINITIONS

1.       "Plaintiff," "you," "your," and "Casio" means (a) Casio Inc., Casio Computer Co., Ltd. and all of their parent corporations, predecessor corporations, successor corporations, subsidiary corporations, affiliated or related companies, and

groups and divisions thereof; (b) Casio's present or past directors, officers, employees, agents, consultants, accountants, attorneys and independent contractors that have contractual relations with it; and (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf Casio or anyone under its control, direction or instruction.

2.     "Document" shall be construed in it broadest sense and shall mean all written, printed, typed, recorded, graphic, stenographic, computer-generated, computer-stored and electronically stored matter of every kind and description, however and by whomever produced, prepared, reproduced, disseminated, or made, including all originals, copies and drafts thereof and all attachments and appendices thereto, and shall also include audiovisual works and magnetic recordings of any type such as video tape recordings, slides, floppy and hard disks, audio recordings and photographic pictures or movies.  A copy of any document that contains notes, sketches, annotations, highlighting, underlining or other markings, comments or modification on or of another document shall be considered a separate document.

3.     "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in Your possession, custody or control.

4.     A request for a Document shall be deemed to include a request for a Thing. A request for a Thing shall be deemed to include a request for a Document.

5.     "Or" is inclusive referring to any one or more of the disjoined words or phrases listed.

6.     "Relating to," "relate to," "relation to," or "relating" means constituting,

2

discussing or referring to, analyzing, embodying, evidencing, consulting, recording, communicating, involving, describing, pertaining to, concerning, or containing, directly or indirectly in any way, the subject matter of the particular request.

7.    "Communication," "communicate" or "communicating" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, telex, facsimile, personal delivery or otherwise.

8.    The term "Lawsuit" means any type of legal action including but not limited to lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and international cases filed in any tribunal.

9.    The terms "identify" or "identity" or "identification" when used in connection with an individual means: state the individual's full name; his or her home and business addresses; his or her last known employer; his or her position, title, or job description; and if employed by You, the individual's dates and regular places of employment and general duties.

10.    The terms "identify" or "identity" or "identification" when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person means; state its full name and type of organization or entity; state the address of its principal place of business, its date and place of incorporation; and identify its officers, directors, and managing agents.

11.    The terms "identify" or "identity" or "identification" when used in connection with an oral statement or discussion means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to

whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or mechanical or other recording, state the date and present location of said recording.

12.    The terms "identify" or "identity" or "identification" when used in connection with a written document or statement means; state the name of the author, the type of document or writing, the date, the addressee, or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed, the subject matter, and the present location.  In lieu of such identification, You may attach a copy of the written containing said written statement and refer thereto in Your answer.

13.    As used herein, "Casio Digital Camera" shall mean all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device, that have been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

14.    "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

## INSTRUCTIONS

1.    Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your agents, representatives, and attorneys.  Whenever an answer to these interrogatories contains information that is not based upon Your personal knowledge, state the source and the nature of such information.

2.    Answer all of the interrogatories completely.  If You contend that the answer

to any interrogatory is privileged in whole or in part, state all facts supporting such privilege, and identify each person having knowledge of the factual basis on which the privilege is asserted. Answer should be made of all knowledge and information which is not privileged.

3.  If You have no knowledge or information responsive to a particular interrogatory, please state such.

4.  These interrogatories shall be deemed continuing and Casio shall supplement and seasonably amend its responses as required under the Federal Rules.

5.  If an objection is made to any interrogatory, answer should be made of all knowledge and information to which the objection does not relate.

6.  If Casio finds the meaning of any term in these interrogatories unclear, Casio shall assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory according to the assumed meaning.

7.  Unless otherwise specified, the interrogatories below are not limited to the knowledge or information in the United States. Instead, they relate to any such knowledge or information in any country.

8.  The phrase "Describe in full and complete detail how each Casio Digital Camera does not infringe each of the Patents-in-Suit" shall mean:

   a.  Describe in full and complete detail the meaning of each term and each claim element in each claim and the basis for Casio's alleged meaning of each term and each claim element, including, but not limited to, an identification and explanation of all documents and other evidence that concerns and/or supports the interpretation of each phrase and each claim element;

b.  Provide a full and complete identification and description of each Casio Digital Camera, including a full and complete identification of all documents that concern or describe the operation and/or construction of each Casio Digital Camera;

c.  Provide a full and complete explanation of how any and all claim elements do not read on each Casio Digital Camera; and

d.  Provide an identification of all documents and things that support in any way Casio's Complaint, Answer or Affirmative Defenses and a full and complete explanation of how they support Casio's Complaint, Answer or Affirmative Defenses.

e.  Describe, for each and every claim element, whether any non-infringement is literal non-infringement and/or non-infringement under the doctrine of equivalents.

9.  The phrase "Describe in full and complete detail the bases for the allegations in Casio's Complaint that the Patents-in-Suit are invalid for failing to comply with the patent laws of the United States" shall mean:

a.  Describe in full and complete detail the meaning of each term and each claim element in each claim and the basis for Casio's alleged meaning of each term and each claim element, including, but not limited to, an identification and explanation of all documents and other evidence that concerns and/or supports the interpretation of each phrase and each claim element;

b.  Provide a full and complete identification and description of each

alleged prior art reference, including a full and complete identification of all documents that concern or describe each prior art reference, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world;

c.    Provide a full and complete explanation of how any and all prior art reference(s), in combination or alone, read on each element of each claim of the Patents-In-Suit;

d.    Provide an identification of all documents and things that support in any way Casio's Complaint, Answer or Affirmative Defenses and a full and complete explanation of how it supports Casio's Complaint, Answer or Affirmative Defenses;

e.    For any invalidity assertion under 35 U.S.C. § 103, provide a full and complete explanation how each prior art reference teaches, suggests or otherwise provides a motivation to combine with any other prior art reference;

f.    Provide a full and complete explanation of why the Patents-In-Suit are invalid for failing to comply with 35 U.S.C. § 112.

## PAPST'S INTERROGATORIES

**INTERROGATORY NO. 1:**     Describe in full and complete detail how each Casio Digital Camera does not infringe each of the Patents-in-Suit.

**INTERROGATORY NO. 2:**     Describe in full and complete detail the bases for the allegations in Casio's Complaint that the Patents-in-Suit are invalid for failing to comply with the patent laws of the United States.

**INTERROGATORY NO. 3:**     Separately with respect to each of the Patents-In-Suit, state:

    (A)    The dates upon which, and the circumstances under which, Casio first became aware of the Patents-In-Suit, and the persons who became aware of them;

    (B)    Whether Casio received legal advice at any time, including after the filing of the Complaint, that it did not infringe each of the patents in suit, or that each of the Patents-In-Suit was invalid or unenforceable and, if so, identify the date upon which, and the circumstances under which Casio obtained such legal advice, or caused any studies relating to such advice to be made, as well as any oral or written opinion of legal counsel, with respect to:

        (i)    the infringement or non-infringement of the Patents-In-Suit; and/or

        (ii)    the validity, invalidity, enforceability or unenforceability of the

8

Patents-In-Suit;

(C)    Identify all persons having knowledge of the subject matter of Casio's response to this interrogatory, and locate and identify all documents pertaining to the subject matter of Casio's response to this interrogatory; and

(D)    Identify all discussions, communications, events or documents that relate to or refer to any legal advice received by Casio with respect to:

    (i)    the infringement or non-infringement of the Patents-In-Suit; and/or

    (ii)    the validity, invalidity, enforceability or unenforceability of the Patents-In-Suit.

Dated:  April 20, 2007

<u>/s/ Joseph E. Cwik</u>
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
 (312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys for Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST
LICENSING GMBH & CO. KG'S FIRST SET OF INTERROGATORIES TO CASIO
INC.was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as
follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**VIA U.S. MAIL AND E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178


/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co.
KG

10