UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

              Plaintiff,

        v.

PAPST LICENSING GMBH & CO. KG,
           Defendant.

---

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge:  Gladys Kessler

Magistrate Judge: Deborah A. Robinson

Next Court Deadline:  Written Discovery
Requests by July 2, 2007

## MEMORANDUM IN SUPPORT OF PAPST'S MOTION FOR ENTRY OF A PROTECTIVE ORDER

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500

*Attorneys for Papst Licensing GmbH & Co. KG*

## I.    INTRODUCTION

Papst Licensing GmbH & Co. ("Papst") has moved for the entry of the Protective Order attached hereto as Exhibit A.  The parties agree that a Protective Order is required, yet Casio insists that Welsh & Katz, Ltd. (long time trial counsel for Papst) should be denied access to all Casio confidential information in this case.  Casio is using this untenable position as a weapon to delay producing its confidential documents and information.  It was not until June 22, 2007 that Casio first produced any confidential information on a limited basis (for review by outside counsel only), and even then, Casio has refused to produce any critical information regarding the confidential technical aspects of the at-issue digital cameras.

As this Court is well-aware, when it comes to Casio's efforts to obtain documents and information from Papst, Casio has spent a tremendous amount of energy making allegations that Papst has not been forthcoming with its discovery responses.  (See, Docket Nos. 22 and 47.)  In truth, Casio is dragging its feet in moving the discovery process forward, by taking indefensible positions in response to legitimate discovery requests by Papst. If Casio truly believed that Welsh & Katz is not entitled to review its confidential information, it should have moved for a Rule 26 Protective Order, rather than indefinitely delay its response to Papst's discovery.  Casio has failed to bring this issue to the attention of the Court, and Papst therefore makes this motion in an effort to resolve this issue.

Casio's sole reason for seeking to preclude the *entire* law firm of Welsh & Katz, Ltd. from confidential information is that a single Welsh & Katz, Ltd. attorney, Mr. Salmon, is prosecuting three continuation patent applications related to the Patents-In-Suit.   However, given that the attorneys at Welsh & Katz have long represented Papst and have specialized knowledge concerning the subject matter of this case, their participation is indispensable.

1

Because Papst's proposed Protective Order specifically addresses any legitimate Casio concern by precluding Mr. Salmon from any access to the relevant Casio confidential information, Casio's concern has no merit, and Papst's proposed Protective Order should be entered without delay. Otherwise, Casio will continue to use its proposed Protective Order as a weapon to deny Papst its entitled discovery.

## II.    THE PARTIES' COMPETING PROTECTIVE ORDERS

### A.    Papst's Proposed Protective Order

Papst has proposed a two-tier protective order attached hereto as Exhibit A. In the first less-confidential tier, a party may designate certain confidential information as "Confidential Information." The individuals permitted to see "Confidential Information" include (1) each party's outside counsel of record, (2) two in-house counsel designated by each party, (3) experts cleared for disclosure by the parties or the Court, (4) the Court, (5) outside contractors performing litigation support functions, (6) court reporters, and (7) any deponents to whom it is necessary to disclose confidential information. (Ex. A, pp. 5-7)  In the second more-confidential tier, a party may designate certain confidential information as "Prosecution Bar Information." The individuals permitted to see "Prosecution Bar Information" include all those who can see "Confidential Information," with two exceptions: (1) any in-house counsel and (2) "those outside attorneys directly involved in the prosecution of Papst Licensing's patents-in-suit or their related continuation applications during the pendency of the Litigation and for one calendar year after its conclusion." (Ex. A, pp. 7-9). Papst has agreed to preclude Papst's patent prosecutors to accommodate Casio's concerns that Papst's patent prosecution attorneys might be able to use Casio's confidential product information to draft patent claims to cover those devices.

Papst's compromise is significant given that many Courts have ruled that no such protections are required because patent prosecuting attorneys can be assumed to understand and comply with their ethical obligations. *See e.g., Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*, 1997 U.S.Dist.LEXIS 24130 at 19, 26 (S.D.Cal. July 15, 1997), *affd.;* 1997 U.S.App.LEXIS 31828 at *9 (Fed. Cir. Oct. 22, 1997) (refusing to include provision in protective order that barred party's patent prosecutor and litigator from access to opposing party's confidential information); *AFP Advanced Food Products. LLC v. Snyder's of Hanover Mfg., Inc.*, 2006 U.S.Dist.LEXIS 426, *7 (E.D.Penn. 2006)(refusing to include provision in protective order "[b]arring [plaintiff's] attorneys from prosecuting similar patents for two years following suit, without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials").

In order to prevent Casio from using the "Prosecution Bar Information" designation as a litigation weapon (rather than as its intended use as a shield), Papst has narrowly tailored the "Prosecution Bar Information" category to specifically address the concerns in this case. Specifically, "Prosecution Bar Information" is defined as:

> Confidential Information that (1) contains each of the limitations of the Confidential Information described above, (2) concerns only the technical aspects of those Casio Digital Cameras that have been on sale anywhere in the world for less than two years, (3) is of the type of information relevant to the scope of coverage of the patents-in-suit, (4) is a trade secret, and (5) that may be disclosed only to those persons listed in paragraph 7 below. "Prosecution Bar Information" shall not apply to information (i) independently developed and rightfully in the possession of a party, (ii) legally obtained from third parties; or (iii) is publicly available.

(Ex. A, pp. 2-3)  This narrowly tailored definition is required because Casio has already begun to abuse its confidentiality designations by recently designating, for example, a public map of the Mandalay Hotel in Las Vegas as confidential-outside counsel only at Bates No. CAP-024666.

B.     Casio's Proposed Protective Order

Casio has also proposed a two tier protective order attached hereto as Exhibit B.  Casio's two-tier protective order is similar to Papst's proposed "Confidential Information" with one major exception.  Specifically, Casio's proposed protective order seeks to preclude the entire law firm of Welsh & Katz, Ltd. from seeing both tiers of confidential information because a  single lawyer at Welsh & Katz, Ltd., Mr. Jeffrey Salmon, is involved in three continuation patent applications related to the Patents-In-Suit.  (Ex. B, p. 4, par. 4, 5(a))(Ex. C, Schnayer Decl.).  Neither Welsh & Katz, Ltd. nor Mr. Salmon has had any involvement in the prosecution of the previously issued Patents-In-Suit.  (Ex. C)  Rather the Patents-In-Suit were prosecuted by attorneys at different law firms.  Mr. Salmon has not entered an appearance in this case, and has not been given any access to any confidential Casio information.  (Id.)

In light of the facts that Welsh & Katz, Ltd. is Papst's current trial counsel of record and has been Papst's principal litigation firm for over 10 years, it would be grossly unfair for Casio to deny Papst's entire group of trial lawyers at Welsh & Katz, Ltd. access to Casio's confidential information.   Welsh & Katz, Ltd.'s lead trial counsel, Mr. Schnayer, has specialized knowledge on the complex scientific technology at issue, has extensively educated himself on the at-issue technology, and thus is indispensable to this litigation.  (Id.)  Forcing Papst to rely on newly retained litigation counsel would create an extreme and unnecessary hardship to Papst in terms of time and expense, and cause significant delays to this case.  To the extent Casio has a concern about Mr. Salmon accessing Casio's relevant confidential information, Papst has agreed that Mr. Salmon will be precluded from seeing any such information.  Mr. Salmon has not had any access to Casio's alleged confidential information, and Welsh & Katz, Ltd has already taken steps to ensure that Mr. Salmon will not have access to Casio's confidential information.  (Ex. C).

**III.    CASIO HAS NOT MET ITS BURDEN OF DEMONSTRATING THAT THE ENTIRE LAW FIRM OF WELSH & KATZ, LTD. SHOULD BE PRECLUDED FROM CONFIDENTIAL INFORMATION**

Rule 26(c)(7) of the Federal Rules of Civil Procedure allows a district court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Rule 26(c) requires that the party seeking to protect allegedly confidential information show good cause for such an order. *Papst Licensing Patent Litigation,* MDL Docket Number 1298, 2000 U.S.Dist.LEXIS 6374, *15 (E.D.La. May 4, 2000). Here, the parties agree that there is a general need for a Protective Order, but disagree as to whether *all* attorneys at Welsh & Katz, Ltd. should be precluded from accessing Casio's confidential information.

A.    Casio's Request to Bar All Attorneys and Employees At Welsh & Katz, Ltd. Is Too Broad.

Casio's request that the entire law firm of Welsh & Katz, Ltd. be precluded from accessing Casio's confidential information is overly broad. The Courts have consistently made Protective Order decisions on an individual-by-individual attorney basis for good reason. A denial of access "cannot rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order." *U.S. Steel v. United States*, 730 F.2d 1465, 1468 (Fed.Cir. 1984). Rather, the "factual circumstances surrounding *each individual counsel's* activities, association, and relationship with a party … must govern any concern for inadvertent or accidental disclosure." *Id.*(emphasis added).

Accordingly, many Courts have found that it is proper for the same law firm to act as trial counsel and patent prosecution counsel for the same client so long as the specific prosecuting

attorneys do not use certain confidential information to pursue additional patents.  In *Papst Licensing Patent Litigation, supra,* the Court permitted the law firm of Welsh & Katz, Ltd. to act as both prosecution and trial counsel for Papst so long as any attorney with access to certain confidential information would not prosecute certain patents for a limited period of time.  The Court also found that "the Court is confident that counsel for the Papst parties maintains the highest ethical and professional standards…" and "the parties have operated under an identical restriction in the District of Columbia Court for many months."  In *Motorola v. Interdigital Technology*, 1994 U.S.Dist.LEXIS 20714, * 19 (D.Del. Dec. 19, 1994), the Court permitted a single law firm to act as both prosecution and trial counsel for its client so long as those with access to certain confidential information did not prosecute certain patents.  Therefore, Papst's proposed Protective Order properly addresses the specific interests of this case, while Casio's proposed Order is being used as an overreaching litigation weapon to deny Papst its discovery.

     B.    <u>Casio's Request Would Create An Undue and Unnecessary Hardship to Papst .</u>

Casio's proposed Protective Order is also improper because it would effectively preclude the entire law firm of Welsh & Katz, Ltd. from participating in this lawsuit.  As demonstrated in each party's Answers to Interrogatories, the claims of the Patents-In-Suit are largely focused on the internal operation of the electronic circuits of the Casio digital cameras.  Because Casio has already stated that the internal operation of its cameras is confidential, a significant amount of the discovery in this case will concern Casio's confidential information.  Without access to this confidential information, Papst's trial counsel at Welsh & Katz, Ltd. will have no way of preparing Papst's case for trial or trying its case.  Moreover, given that Welsh & Katz, Ltd. has been Papst' long time patent law firm, it would be undue and unnecessary hardship for Papst to bring a different law firm up to speed on all of its legal matters. *See, U.S. Steel Corp. v. United*

*States*, 730 F.2d 1465, 1469 (Fed.Cir. 1984)("forcing [client] to rely on newly retained counsel would create an extreme and unnecessary hardship"); *Motorola, supra* (same).

C.  Because The Parties Are Not Competitors, Confidential Information Cannot Cause Casio Competitive Harm

Casio's proposed Protective Order should also be rejected because Casio has not met its burden of demonstrating that disclosure of confidential information to Welsh & Katz, Ltd.'s trial attorneys would cause competitive harm.  In order for a party to protect any confidential or trade secret information under Fed.R.Civ.P. 26(c)(7), a party must first demonstrate that competitive harm would befall it by virtue of disclosure to the opponent. *Centurion Indus. Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981)(party seeking to resist disclosure under Rule 26(c)(7) must demonstrate that its disclosure might be harmful); *MGP Ingredients v. Mars Inc.*, 2007 U.S.Dist.LEXIS 30969, *13 (D.Kan. April 25, 2007)("It is well settled that defendants have the burden of proving competitive harm that would befall them by virtue of plaintiff's disclosure…").  Casio must further show good cause for its requested Order to preclude access to discovery. *Papst Licensing, supra.*

In this case, Casio cannot demonstrate the necessary competitive harm or "good cause" because the parties are not competitors in the first place.  Papst is in the business of licensing its patent portfolio and does not design, develop, manufacture or sell any type of products.  In contrast, Casio focuses its business on designing, developing, manufacturing and selling a variety of consumer electronic products such as digital cameras, timepieces and cell phones. (Ex. D, p. 6)  Therefore, Casio's concern that Papst will misuse Casio's confidential information is unfounded because Papst simply does not sell any of the same products or services that Casio sells.  To the extent that Casio may license some of its patents, Casio cannot demonstrate that those patents concern the same subject matter claimed in Papst's patents and thus, those Casio

7

patents do not compete with Papst's patents for licensees. Thus, no potential competitive harm

exists for Casio, and Casio's proposed protective order should be rejected in favor Papst's

proposed Protective Order.

## CONCLUSION

The parties met and conferred on the competing protective orders on June 20, 2007. At

that time, Casio indicated it would oppose any motion for entry of Papst's proposed Protective

Order. Therefore, Papst respectfully requests that this Court grant this Motion by entering

Papst's proposed Protective Order attached hereto as Exhibit A.

Date: June 26, 2007                          Respectfully submitted,

                                             Campbell Killefer (Bar No. 268433)
                                             VENABLE LLP
                                             575 7th Street, N.W.
                                             Washington, D.C. 20004
                                             (202) 344-4000

                                             Jerold B. Schnayer
                                             Joseph E. Cwik
                                             WELSH & KATZ, LTD.
                                             120 South Riverside Plaza,
                                             22nd Floor
                                             Chicago, IL 60606
                                             (312) 655-1500

                                             *Attorneys for Papst Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 26th day of June, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc. and Casio Computer Co., Ltd.**

Campbell Killefer

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

          Plaintiff,

       v.

PAPST LICENSING GMBH & CO. KG,
          Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

Magistrate Judge: Robinson

## [PROPOSED] PROTECTIVE ORDER

    Whereas the parties hereto are engaged in discovery which will involve the disclosure by these parties, as well as by third-parties, of confidential, trade secret, proprietary, technical, business and financial information, which information is subject to protection under the applicable state trade secret law or otherwise;

    Accordingly, it is hereby ordered as follows:

1.    As used herein:

        a.    "Document" means any written, printed, typed, graphic, electronic or otherwise recorded matter of any kind, however produced or reproduced, including but not limited to:

# EXHIBIT A

      i.      all originals, nonidentical copies, intermediate drafts and revisions of any written matter; and

      ii.     all deposition transcripts, exhibits, affidavits, interrogatories, answers to interrogatories or other litigation materials;

b.      "Confidential Information" means trade secret or other sensitive or proprietary non-public information, regardless of whether in a Document, electronically stored or orally communicated, and includes all information extracted from Documents containing such trade secret or other sensitive or proprietary non-public information and includes information or documents that contain or refer to trade secrets or other confidential information and that, if disclosed to a business competitor or other party, would tend to damage the disclosing party's competitive position or violate a non-disclosure agreement.

c.      "Prosecution Bar Information" as used herein means Confidential Information that (1) contains each of the limitations of the Confidential Information described above, (2) concerns only to the technical aspects of those Casio Digital Cameras that have been on sale anywhere in the world for less than two years, (3) is of the type of information relevant to the scope of coverage of the patents-in-suit, (4) is a trade secret, and (5) that may be disclosed only to those persons listed in paragraph 7 below. "Prosecution Bar Information" shall not apply to information (i) independently developed and rightfully in the possession of a party, (ii) legally obtained from third parties; or (iii) is publicly available.

# EXHIBIT A

d.    "Person" means an individual, corporation, partnership, association, unincorporated organization, governmental entity, quasi-governmental entity or any other entity, including, without limitation, each party to this action, experts and consultants for any Party;

e.    "Party" or "Parties" means the parties to this Protective Order, individually and collectively, and includes their officers, employees, and attorneys and their parents and affiliates and their officers, employees, and attorneys;

f.    "Produce" means providing documents or information to a party whether pursuant to settlement discussions or in response to discovery requests;

g.    "Disclose" means to furnish, divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate documents or information received from any other party or third-party witness to any other person or party, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether pursuant to the Federal Rules of Civil Procedure or otherwise;

h.    The "Litigation" refers to the above-captioned litigation;

i.    "Expert" refers to a person retained or specially employed by a Party to assist in preparation for trial or to testify at trial of this Litigation. The term also includes all employees of such person.

j.    "Third Party" refers to any Person who Produces information as part of this Litigation, whether pursuant to Subpoena or otherwise.

# EXHIBIT A

2.      Any Document that a Party or Third Party Produces or information that a Party or Third Party Discloses in the course of the Litigation, whether voluntarily or in response to an order of this Court, which the producing or disclosing counsel for a party believes in good faith contains or reflects Confidential Information or Prosecution Bar Information may be so designated by that party and shall be governed by the provisions of this Protective Order. To be afforded protections pursuant to this Protective Order, all such Confidential Information or Prosecution Bar Information shall be designated as follows: by stamping each page thereof which contains information the party wishes to protect, with the words, as appropriate, "CONFIDENTIAL," "PROSECUTION BAR," or if in non-tangible form, by stating on the record at the deposition or at time of disclosure (or by so designating any transcript made within 30 days of the receipt by the parties) that the statements or testimony contains Confidential Information or Prosecution Bar Information, pursuant to this Protective Order or, if at a hearing before the Court, by requesting the Court to designate that portion of the transcript that contains Confidential Information or Prosecution Bar Information as protected pursuant to this Protective Order.

3.      Confidential Information or Prosecution Bar Information, including any information contained therein or extracted therefrom, shall be treated as Confidential Information or Prosecution Bar Information and shall be used only for the purposes of the settlement, prosecution or defense of this Litigation, subject to the terms of this Protective Order. Persons to whom any Confidential Information or Prosecution Bar Information is disclosed under the circumstances set forth above shall not disclose any such material to any other person unless permitted by this Protective Order.

# EXHIBIT A

4.      If a designating party inadvertently omits to designate Confidential Information or

Prosecution Bar Information as Confidential, that party shall notify the other parties that such

documents or information should be treated as though it were properly marked in accordance

with this Protective Order, and the Parties in possession of such documents and information shall

treat them or it accordingly.  Parties in possession of such documents will also make reasonable

efforts to retrieve the newly designated material that had been sent to persons who do not have

access to the material under the newly requested designation.  Provided these reasonable efforts

are made, no Party shall be liable for disclosure of a document or information not marked as

Confidential Information or Prosecution Bar Information before receiving notice of its

confidentiality.  Inadvertent disclosure or misdesignation by a producing party will not be

deemed a waiver of confidentiality.

5.      All Confidential Information or Prosecution Bar Information and any transcript,

chart, brief, affidavit, exhibit, or other document containing any such Confidential Information or

Prosecution Bar Information which a party hereto wishes or is required to file in connection with

this Litigation, but only such portion of any such filing, shall be filed with Clerk of the Court in a

sealed envelope or other sealed container in accordance with Local Rule 5(j).  All such

documents shall be maintained by the Clerk separate from the public records in this action and

shall not be released or made public except upon further Order of the Court.

6.      Subject to the use restrictions and notification requirements set forth herein,

Confidential Information produced or disclosed by a party pursuant to this Protective Order may

be disclosed only to the following Persons, and in the manner described below:

        a.      Outside counsel of record representing a Party hereto in this Litigation and

               their attorneys and support staff, including but not limited to stenographic,

# EXHIBIT A

paralegal and clerical employees to whom disclosure is deemed necessary by said counsel of record;

b.  Two in-house counsel designated by each Party hereto in this Litigation to whom disclosure is deemed necessary by said in-house counsel; the designated in-house counsel for Papst Licensing are Tobias Kessler and Daniel Papst; the designated in-house counsel for Casio Inc. and Casio Computer Co., Ltd. are _____ and _____;

c.  Any non-party expert who is consulted or retained by a Party or its counsel in order to assist in the conduct of this Litigation including without limitation accountants and economists, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance; provided however that the requirements of Paragraph 21 are first complied with;

d.  This Court (using the procedures specified herein);

e.  Outside contractors and their employees performing one or more litigation support aspects of organizing, filing, coding, converting, storing, copying or retrieving data or otherwise providing computerized litigation support to any Party;

f.  Court reporters transcribing, and videographers recording, a deposition or hearing at which the document or information is disclosed; and

g.  Any deponent in this action (who is not otherwise within one of the above categories) and to whom it is necessary to disclose Confidential Information for the purpose of his or her deposition, provided however

# EXHIBIT A

*before* such disclosure is made, each of the following conditions must be met: (1) any such person to whom disclosure is to be made has been given a copy of this Protective Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit A; (2) notice (either oral or written) has been provided to the other Party(ies) of the specific information to be given a particular deponent; and (3) the producing party consents or such disclosure is ordered by the Court. If notice of the disclosure is made at the deposition immediately before the proposed disclosure is to be made, in addition to the other requirements, all Parties must consent to the disclosure (to prevent surprise).

7.    Confidential Information designated as "Prosecution Bar Information" shall be disclosed only to the following persons, and in the manner described below:

a.    Outside counsel of record representing a Party hereto in this Litigation and their attorneys and support staff, including but not limited to stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel of record, but not those outside attorneys directly involved in the prosecution of Papst Licensing's patents-in-suit or their related continuation applications during the pendency of this Litigation and for one calendar year after its conclusion;

b.    Any non-party expert who is consulted or retained by a Party or its counsel in order to assist in the conduct of this Litigation including without limitation accountants and economists, but only to the extent that, and for the time during which, such disclosure is necessary for the

# EXHIBIT A

performance of such assistance; provided however that the requirements of Paragraph 21 are complied with first;

c.     This Court (using the procedures specified herein);

d.     Outside contractors and their employees performing one or more litigation support aspects of organizing, filing, coding, converting, storing, copying or retrieving data or otherwise providing computerized litigation support to any Party;

e.     Court reporters transcribing, and videographers recording, a deposition or hearing at which the document or information is disclosed; and

f.     Any deponent in this action (who is not otherwise within one of the above categories) and to whom it is necessary to disclose Prosecution Bar Information for the purpose of his or her deposition, provided however *before* such disclosure is made, each of the following conditions must be met:  (1) any such person to whom disclosure is to be made has been given a copy of this Agreed Protective Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit A; (2) notice (either oral or written) has been provided to the other Party(ies) of the specific information to be given a particular deponent; and (3) the producing party consents or such disclosure is ordered by the Court.  If notice of the disclosure is made at the deposition immediately before the proposed disclosure is to be made, in addition to the other requirements, all Parties must consent to the disclosure (to prevent surprise).

# EXHIBIT A

8.     In the case of disclosures to specific persons other than those covered by paragraphs 6 and 7 above, the disclosure of Confidential Information or Prosecution Bar Information may be made only upon seven business days advance notice in writing to the party which designated the material pursuant to this Protective Order, so as to provide the designating party with an opportunity to object to the proposed disclosure.  The notice of intent to disclose shall contain the name, title, and business address of the person to whom the information is proposed to be disclosed, a description of the documents and/or information to be disclosed, and the reason for the disclosure.  Documents and information shall be disclosed to such person(s) only if the designating party consents in writing to the proposed disclosure.  If an objection to disclosure is received or the designating party does not consent to disclosure, the party seeking the disclosure may then apply to the Court for an order permitting disclosure.  Nothing in this paragraph shall prevent the party objecting to the disclosure from filing a motion opposing the disclosure or shall prevent the parties from agreeing that the matter may be brought before a court in any other manner.  Regardless of which party is the moving party, the party requesting permission for disclosure will bear the burden for disclosure.  If the parties are unable to resolve the matter informally, the intended disclosure shall not be made until the matter is resolved by a court.

9.     Nothing in this Protective Order will be construed as preventing a party from opposing a designation of materials made pursuant to this Order.  Acceptance by a party of any information, document, or thing designated as Confidential Information or Prosecution Bar Information will not constitute a concession that the information, document or thing is confidential or otherwise appropriately designated.  Similarly, failure to object to a designation will not constitute an admission that the material was properly designated.

# EXHIBIT A

10.    A party wishing to object to a designation made pursuant to this Protective Order will serve a written objection, including a statement of the grounds for the objection, on the Parties, and to the extent the designating party was a Third Party, on such party.  Following service of the written objection, the designating party has fourteen  days from the receipt of the objection to modify or withdraw the designation(s) at issue.  If the designation is not modified or withdrawn within that fourteen day period, the objecting party may move the Court for an order modifying or removing the designation(s).  Any party may move the Court for an order confirming the designation at any time after receipt of service of the objection.  Regardless of which party is the moving party, the designating party will bear the burden of proof to justify the disputed designation.  If the parties are unable to resolve the matter informally, the intended disclosure shall not be made until the matter is resolved by a court.

11.    Upon a motion of a party to this Protective Order, a court of competent jurisdiction may at any time examine and review in camera any document governed by the terms of this Protective Order.

12.    In the event that a Person subject to this Protective Order receives any subpoena or other legal process relating to Confidential Information or Prosecution Bar Information received pursuant to this Protective Order, such Person shall be obligated to provide timely notice to the party who produced such documents or information and shall object to the production of such records or information unless directed otherwise by the producing party.  Thereafter, the party receiving the subpoena may only produce any Confidential Information or Prosecution Bar Information requested by subpoena only if specifically so ordered by the court from which the subpoena was issued, after notice has been provided to all counsel of record.  At

# EXHIBIT A

all times, the party receiving the subpoena shall take reasonable precautions to maintain the confidentiality of the Confidential Information or Prosecution Bar Information.

13.     The final determination or settlement of the Litigation shall not relieve any person who has received Confidential Information or Prosecution Bar Information from the obligations imposed by this Protective Order.  Within fourteen days following the final determination or settlement, all such Confidential Information or Prosecution Bar Information in the possession of a Party shall be returned to the producing party or, to the extent it contains attorney work product, such information shall be destroyed and counsel shall certify to its destruction, unless a Party is otherwise under a legal obligation to retain such Confidential Information or Prosecution Bar Information.  Each Party and its outside counsel will be responsible for retrieving and destroying all designated materials provided to consultants, experts, and other outside assistants.  By agreement among the Parties, outside counsel for a Party may retain documents or information designated Confidential Information or Prosecution Bar Information to the extent that the designated document or information comprises or is included in: pleadings; court filings; correspondence; demonstratives and exhibits used in court; court transcripts; written discovery responses; expert reports; and attorney notes or drafts.

14.     This Protective Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Protective Order.

15.     Nothing in this Protective Order shall limit the right of a Party to use any document or information derived therefrom at a hearing or trial of the merits of the Litigation,

# EXHIBIT A

nor does this Order limit the right of any party or person to seek from a court Confidential treatment or other limited disclosure of any document or information derived therefrom.

16.    If any designated material is inadvertently disclosed to any person other than as authorized by this Protective Order, the Party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party. The Party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

17.    If information, including without limitation any computerized media, subject to a claim of attorney-client privilege, work product or any other privilege or immunity is nevertheless inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of the privilege or immunity. If a claim of inadvertent production is made with respect to information then in the custody of another party, such other party shall promptly return the original and all copies of the information to the producing party. The recipient of such inadvertent production shall not use such information for any purpose other than in connection with a motion to compel, which shall be filed under seal, provided that the fact of inadvertent production may not be argued in support of such a motion. The party claiming the privilege or immunity will bear the burden of establishing the applicability of that privilege or immunity.

18.    In the event that a party produces computerized media, including without limitation hard drives, diskettes, CD-ROMs, DVDs, and other media, that contains information subject to a claim of attorney-client privilege, work product or any other ground on which

# EXHIBIT A

production of such information should not be made, the producing party may produce a copy of such computerized media without the protected information, provided, however, that counsel for the producing party maintains an unaltered electronic copy of such information that will be available for review by an appropriate third-party expert if needed, and provide a written log to the non-producing party containing a list of all such redactions.

19.    This Protective Order will not prejudice the rights of any Party to oppose production of any information on grounds other than confidentiality.

20.    This Court shall retain jurisdiction after final determination or settlement of this action to enforce or modify the provisions of this Protective Order unless jurisdiction over this Litigation is transferred by order or agreement to another court, in which case this Court shall retain jurisdiction until such other court has assumed jurisdiction over this matter and entered an order identical to this Order or in a form agreeable to all parties.  All disputes concerning the designation of documents or other information as protected pursuant to this Order may be brought before this Court or such other court to the extent jurisdiction over this Litigation has been transferred (a) upon proper notice and (b) after a good faith effort to resolve such disputes has been made.  Any party may, on notice, move this Court or such other court to the extent jurisdiction over this Litigation has been transferred for relief from, or modification of, any of the provisions of this Protective Order.

21.    Any Party proposing to disclose Confidential Information or Prosecution Bar Information to a non-party expert or consultant retained by a Party or its counsel to assist in the conduct of this Litigation shall, before disclosing the Confidential Information or Prosecution Bar Information, provide such person with a copy of this Protective Order and require him or her to sign a copy of the Confidentiality Agreement attached hereto as Exhibit A, thereby agreeing to

# EXHIBIT A

be bound by the terms of this Order, and shall submit a statement to counsel for the opposing Parties identifying the expert or consultant, providing a current curriculum vitae and describing all employment of or consulting by the expert or consultant in the last five (5) years. Unless an objection is made by the opposing counsel in writing to any expert or consultant proposed under this paragraph, including the grounds of the objection, within fourteen (14) days after submission of this statement, counsel may disclose Confidential Information or Prosecution Bar Information to that person. If an objection is asserted, disclosure of the Confidential Information or Prosecution Bar Information to the expert or consultant shall not be made without leave of Court. The party seeking to prevent disclosure shall have the burden of establishing good cause to support its objection and shall file the appropriate motion to prevent disclosure within two weeks of submitting an objection.

Dated: June __, 2007

_____
U.S. Dist. Court Judge Gladys Kessler

# EXHIBIT A

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC. | |
|         Plaintiff, | |
|     v. | Civil Action No. 1:06 CV 01751 |
| PAPST LICENSING GMBH & CO. KG, | Judge: Gladys Kessler |
|         Defendant. | Magistrate Judge: Robinson |
| PAPST LICENSING GMBH & CO. KG, | |
| Counter-Plaintiff | |
| v. | |
| CASIO INC. and | |
| CASIO COMPUTER CO., LTD. | |
| Counter-Defendants | |

## CONFIDENTIALITY AGREEMENT

      I, _____, have read and understood the Protective Order entered in the above-captioned action and hereby agree to be bound by its terms and provisions.

                                                   _____

Dated: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,                             :
Dover, New Jersey  07801                                           :
                                                                   :       Civil Action No. 1:06 CV 01751
                                        Plaintiff,                 :       Judge:  Gladys Kessler
                                                                   :
       v.                                                          :
                                                                   :
PAPST LICENSING GMBH & CO. KG,                                     :
Bahnhofstrasse 33, 78112 Georgen,                                  :
Germany                                                            :
                                                                   :
                                        Defendant.                 :
-------------------------------------------------------------------X
-------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                                     :
Bahnhofstrasse 33, 78112 Georgen,                                  :
Germany                                                            :
                                                                   :       Civil Action No. 1:06 CV 01751
                                 Counter-Plaintiff,                :       Judge:  Gladys Kessler
                                                                   :
       v.                                                          :
                                                                   :
CASIO INC., 570 Mount Pleasant Avenue,                             :
Dover, New Jersey 07801, and CASIO COMPUTER                        :
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo                :
151-8543, Japan                                                    :
                                                                   :
                                 Counter-Defendants.               :
-------------------------------------------------------------------X
```

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff and Counter-Defendant Casio Inc. ("Casio US"),
Counter-Defendant Casio Computer Co., LTD. ("Casio Japan") and Defendant and Counter-Plaintiff
Papst Licensing GMBH & Co. KG ("Papst") respectfully move this Court for entry of the
Stipulation and Confidentiality Order attached hereto.  The parties have consulted and agreed to the
terms in the attached Stipulation and Confidentiality Order.  There will be no objection to this
Motion by either party.

# EXHIBIT B

Dated this __ day of May, 2007

_____
J. Kevin Fee, Esq. (D.C. Bar #494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
Tel.: (212) 309-6000

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue, 11th Floor
White Plains, New York 10601
Tel. 203-258-8412

Attorneys for Plaintiff and Counter
Defendant Casio Inc. and Counter Defendant
Casio Computer Co., Ltd

_____
Campbell Killefer
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Attorneys for Papst Licensing GmbH & Co. KG

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,                             :
Dover, New Jersey  07801                                           :
                                                                   :
                                       Plaintiff,                  :
                                                                   :
         v.                                                        :
                                                                   :
PAPST LICENSING GMBH & CO. KG,                                     :
Bahnhofstrasse 33, 78112 Georgen,                                  :
Germany                                                            :
                                                                   :
                                       Defendant.                  :
-------------------------------------------------------------------X
-------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                                     :
Bahnhofstrasse 33, 78112 Georgen,                                  :
Germany                                                            :
                                                                   :
                                  Counter-Plaintiff,               :
                                                                   :
         v.                                                        :
                                                                   :
CASIO INC., 570 Mount Pleasant Avenue,                             :
Dover, New Jersey 07801, and                                       :
CASIO COMPUTER CO., LTD., 6-2,                                     :
Honmachi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan                :
                                                                   :
                               Counter-Defendants.                 :
-------------------------------------------------------------------X
```

Civil Action No. 1:06 CV 01751
Judge:  Gladys Kessler

Civil Action No. 1:06 CV 01751
Judge:  Gladys Kessler

## [PROPOSED] STIPULATION AND CONFIDENTIALITY ORDER

1.      This Stipulation and Order shall govern the handling of all documents (whether in
writing, in any electronic form, or otherwise), testimony and other information, or the substance
thereof in any form, including but not limited to all copies, excerpts, extracts and summaries thereof
produced, given or filed during discovery and other proceedings in the above-captioned action, and
designated "Confidential" or "Highly Confidential" as set forth below (collectively, "Material").

# EXHIBIT B

2.      Any party or other person agreeing to be bound hereby (including non-parties) producing or disclosing Material may designate as "Confidential" or "Highly Confidential" any portions of any Material, subject to paragraphs 4, 5 and 6 below.

3.      Any person obtaining information from any Material designated "Confidential" or "Highly Confidential" shall (a) maintain such information and Material as "Confidential" or "Highly Confidential," as the case may be, in accordance with this Stipulation and Order, (b) shall not disclose such Material or information to any person, entity, organization or agency except as expressly provided below, and (c) shall use such information solely for the purpose of preparing for and conducting the above-captioned action. Neither Material designated "Confidential" or "Highly Confidential," nor the contents thereof, shall be used for any other purpose or disclosed to any persons other than those authorized herein.

4.      Nothwithstanding any other provision of this Protective Order, under no circumstances may any "Confidential" or "Highly Confidential" information be made available to any person employed, or otherwise directly or indirectly affiliated with, any firm that is involved with prosecution of patent applications in any way related to the patents-in-suit.

5.      A party may designate as "Confidential" any Material that is not publicly available and kept in confidence by the producing party. Material designated "Confidential" shall not, without the consent of the person producing it or further Order of the Court, be disclosed to anyone other than the following:

(a)      Outside Counsel for a party in the above-captioned action. No Confidential Materials shall be made available to any person employed, directly or indirectly, at any firm that is involved with the ongoing prosecution of patents in any way related to the patents-in-suit in this matter;

(b)      Persons regularly members of, employed by or associated with the law firms qualified under section 4(a) above that are retained by a party, or lawyers or paralegals engaged in whole or in part to assist such law firms;

(c)      Expert witnesses and consultants retained in connection with the above-captioned action, to the extent such disclosure is necessary for the preparation for trial or trial of the action, but only after the procedures specified in Section 7;

# EXHIBIT B

(d)      Deponents noticed or subpoenaed by the parties, so long as that deponent (i) is an employee, partner, director, officer or agent of the producing party, or (ii) is an expert retained for the purposes of this litigation, but only after the procedures specified in Section 7;

(e)      Up to two regular employees of a party, and up to two members of each parties' in-house legal department, to the extent such disclosure is necessary for the trial or preparation for trial of the above-captioned action and to the extent such designated employees are not involved with the ongoing prosecution of patents in any way related to the patents-in-suit.  Such designees may see Confidential Materials only after the procedures specified in Section 7;

(f)      The Court (including court reporters, stenographic reporters and court personnel). Disclosure of any "Confidential" Material at trial or in any other proceeding herein shall be made in camera unless the Court orders otherwise or the parties otherwise agree.  In the event that "Confidential" Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take steps reasonably available to protect its confidentiality during such use;

(g)      Any person or persons who have prepared the particular documents produced;

(h)      Any person or persons to whom copies of any documents were addressed or delivered; or

(i)      Other persons who may be specifically designated by advanced written consent of the producing party or pursuant to Court Order, but only after such persons have executed the Confidentiality Agreement attached hereto as Exhibit A.

6.      A party may designate as "Highly Confidential" Materials that counsel in good faith believes contains or constitutes that party's sensitive confidential information or other such proprietary information.  Material designated "Highly Confidential" shall be disclosed only to the people set forth in Section 5 above, with the exception of the employees of a party under Section 5(e).

7.      Any person who is to be given access to "Confidential" or "Highly Confidential" discovery material pursuant to paragraphs 5 (c)-(e) shall read this order and sign the Confidentiality Agreement attached as Exhibit A, indicating that he/she had read this order and will abide by its terms.  A copy of the signed Confidentiality Agreement shall be served on opposing counsel and counsel for any third party that has produced "Confidential" or "Highly Confidential" discovery material, along with a resume or curriculum vitae for the person who is to be given the material, by

# EXHIBIT B

email and first-class mail at least ten (10) business days prior to the disclosure of the Material.  If an objection is made and served by facsimile and first-class mail within the ten (10) day period, disclosure is not permitted until the matter is resolved by the parties or the Court.  The objecting party carries the burden to show cause why the material should not be disclosed to such person under the terms of this Order.

8.     The designation or lack of designation of Materials by any party as "Confidential" or "Highly Confidential" does not thereby cause such materials to be confidential, proprietary or trade secret information of that party or otherwise diminish, denude, or deprive the confidential, proprietary or trade secret status of the Materials.  Such a designation may not be introduced into evidence as an admission by a party and shall not be admissible in evidence for any other purpose.

9.     When any party uses "Confidential" or "Highly Confidential" Material at the deposition of any person, the transcript of that deposition (or, where feasible, the "Confidential" or "Highly Confidential" portion thereof) shall be filed, if at all, under seal, and when used in connection with any motion, hearing or trial, shall be treated as "Confidential" or "Highly Confidential" under, respectively, paragraphs 5 and 6, above.

10.     "Confidential" and "Highly Confidential" Material shall be designated as follows:

(a)     In the case of documents, designation shall be made prior to production by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be, on each page of any such document.

(b)     Documents may be produced for inspection prior to their designation as "Confidential" or "Highly Confidential" but shall be designated as "Confidential" or "Highly Confidential," as the case may be, prior to the transmission of a physical copy of the document to the party requesting the document.  The contents of such documents shall be treated as "Highly Confidential" during their inspection and in the interim prior to their designation upon production of said physical copy.

(c)     In the case of interrogatory answers, designation shall be made by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be, on each page containing such answers, with the relevant portion of any such answer bracketed.

(d)     In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "Confidential" or "Highly Confidential" Material shall be made either (1) by a statement to such effect on the record during the course of the deposition or (2) within thirty

# EXHIBIT B

(30) days of receipt of the transcript of the deposition by counsel for the party claiming confidentiality. If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and "Confidential" or "Highly Confidential" Material, and the reporter shall write or stamp the word "Confidential" or "Highly Confidential," as the case may be, on the cover of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall do so by identifying the page and line numbers corresponding to the portions of testimony the party wishes to designate Confidential or Highly Confidential. Between the date of the deposition and thirty days after the transcript has been received by the parties, the entire transcript is to be treated as if designated Highly Confidential. If no party has designated any portion of a deposition transcript Confidential or Highly Confidential thirty days after receipt of the transcript, the entire transcript may be treated as non-confidential but only after written notice to counsel for the deponent and the passage of five (5) business days from the notice. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or after the deposition and in writing, without further court order.

(e)    All briefs, pleadings or other filings with the Court which incorporate or disclose "Confidential" or "Highly Confidential" Material shall be appropriately labeled on the cover page and filed under seal.

11.    If any party objects to the designation of any Material as "Confidential" or "Highly Confidential," the party shall so state the objection by letter. Any such written notice shall specifically identify the Material to which the objection is directed. Counsel shall confer in good faith in an attempt to resolve any disputes concerning such designation. If the status of the challenged Materials cannot be resolved, the party objecting to the designation may file an appropriate motion requesting that the Court rule that the challenged Materials should not be subject to the protection invoked. The party claiming confidentiality shall bear the burden of proof that the materials are confidential.

12.    The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action. Upon final termination of this case, counsel for the parties shall each be permitted to retain one copy of the pleadings, the transcripts of any hearings or trials, and the exhibits introduced or otherwise used in any such hearings or trials, not

# EXHIBIT B

under seal. Counsel for the parties shall destroy or assemble and return to each other all other Material and all copies or summaries of the same.

13.      Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Order or to present a motion to the court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. Nor do the parties waive any right to seek relief from the Court from any provision of this Stipulation and Order at any time, by order or by stipulation.

14.      Each person to whom "Confidential" or "Highly Confidential" Material is disclosed after executing pursuant to this Stipulation and Order or Exhibit A hereto thereby submits himself or herself to the jurisdiction of this Court over his or her person, wherever he or she shall be, for the enforcement of this Stipulation and Order.

15.      If a party in possession of Materials designated "Confidential" or "Highly Confidential" receives a subpoena from a non-party to this Stipulation and Order seeking production or other disclosure of any "Confidential" or "Highly Confidential" Material, he or she shall promptly give written and telephonic notice to counsel for the party who designated the Material "Confidential" or "Highly Confidential," stating the "Confidential" or "Highly Confidential" Material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days' notice before production or other disclosure thereof should be given. In no event shall production or disclosure be made before notice is given.

16.      Nothing in this Stipulation and Order shall prevent any party from disclosing its own information which it has designated "Confidential" or "Highly Confidential," as it deems appropriate and any such disclosure shall not be deemed a waiver of any other parties' obligations under this Stipulation and Order, except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

17.      The inadvertent production or disclosure of any documents or other information or materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify the receiving party in writing when inadvertent

# EXHIBIT B

production or disclosure is discovered. The parties will attempt to amicably resolve the situation before involving the court.

18.     The failure of a party to designate information as "Confidential" or "Highly Confidential" at the time of its production or disclosure shall not preclude that party from later designating said information as "Confidential" or "Highly Confidential" by promptly notifying all counsel of record of such designation.

19.     If material or information designated "Confidential" or "Highly Confidential" is disclosed by a receiving party to any person other than in the manner authorized by this Stipulation and Order, the receiving party responsible for the disclosures must immediately bring all facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of such information or material.

20.     The parties hereby stipulate that this Court has jurisdiction over this Stipulation and Order for all purposes including enforcement, and that the Court's jurisdiction shall survive the termination of the underlying cause of action.


Dated this __ day of May, 2007

_____          _____

# EXHIBIT B

J. Kevin Fee, Esq. (D.C. Bar #494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
Tel.: (212) 309-6000

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue, 11th Floor
White Plains, New York 10601
Tel. 203-258-8412

Attorneys for Plaintiff and Counter
Defendant Casio Inc. and Counter Defendant
Casio Computer Co., Ltd

Campbell Killefer
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Attorneys for Papst Licensing GmbH & Co. KG

### <u>ORDER</u>

IT IS SO ORDERED.

Date: _____          _____

                                Honorable Gladys Kessler

# EXHIBIT B

## EXHIBIT A

### CONFIDENTIALITY AGREEMENT
### CASIO INC. AND PAPST LICENSING GMBH & CO. KG
### NO. 06 C 01751

The undersigned has read the annexed Stipulation and Confidentiality Order (the "Stipulation and Order").  The undersigned agrees to be bound by each of the terms thereof, and not to disclose or otherwise use any "Confidential" or "Highly Confidential" Material (as those terms are defined therein) made available or produced in connection with this matter other than as provided for in the Stipulation and Order.  The undersigned agrees to submit to the jurisdiction of this Court for the purposes of enforcement of this Agreement.  Nothing in this Agreement shall be construed as precluding any other court or judicial body from exercising jurisdiction over the undersigned for purposes of enforcement of this Agreement.

_____
Signature

_____
Name (Please print or type)

Business Address:                                    Residence Address:

_____        _____
_____        _____
_____        _____

## EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>Defendant.<br>_____<br><br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Robinson<br><br>Next Court Deadline: Written<br>Discovery Requests by July 1, 2007 |

### DECLARATION OF JEROLD B. SCHNAYER

I, Jerold B. Schnayer, state:

     1.     I am a principal with Welsh & Katz, Ltd. in Chicago, Illinois.

     2.     I have appeared in this matter as lead trial counsel on behalf of Papst Licensing GmbH & Co. KG. ("Papst").

     3.     Only one attorney or patent agent at Welsh & Katz, Ltd., Mr. Jeffrey Salmon, is involved in three continuation patent applications related to the Patents-In-Suit, U.S. Patent Nos. 6,470,399 and 6,895,449.

     4.     Neither Welsh & Katz, Ltd. nor Mr. Salmon had any involvement in the prosecution of the previously issued Patents-In-Suit.

# EXHIBIT C

5.      Mr. Salmon has not entered an appearance in this case, and has not been given any access to any confidential Casio information.

6.      Welsh & Katz, Ltd. is Papst's current trial counsel of record and has been Papst's principal litigation firm for at least the past 10 years.

7.      I have specialized knowledge on the complex scientific technology at-issue having extensively educated myself on the at-issue technology, and thus am indispensable to my client's pursuit of its patent infringement claims.

8.      Welsh & Katz, Ltd has already taken reasonable steps to ensure that Mr. Salmon does not and will not have access to Casio's confidential information.

I declare under the penalty of perjury that upon information and belief, including information known by me and information supplied by others, that the foregoing is true and correct.

Jerold B. Schnayer

EXHIBIT D



# CASIO.

**Annual Report 2006**
For the year ended March 31, 2006

# Toward
# ultimate evolution
# beyond imagination



# EXHIBIT D
## CASIO at a Glance

## BUSINESS SEGMENT

### Electronics

Sales
(%)



System Equipment 8.4%

Consumer 36.8%

81.6%

Mobile Network Solutions (MNS) 24.1%

Timepieces 12.3%

**Sales and Operating Income**
(Billions of yen)

■ Sales (left scale)
■ Operating income (right scale)

### Electronic Components and Others

Sales
(%)



Electronic Components 12.7%

Others 5.7%

18.4%

**Sales and Operating Income**
(Billions of yen)

■ Sales (left scale)
✕ Operating income (right scale)

## PRODUCT CATEGORY



● Stable Business    ◉ Expansive Business

### Electronics

#### Consumer



Principal Products
- ● Electronic Calculators
- ● Electronic Dictionaries
- ● Label Printers
- ● Visual-related Products
- ◉ Digital Cameras
- ● Electronic Musical Instruments

#### Timepieces

Principal Products
- ● Digital Watches
- ● Analog Watches
- ● Clocks

#### Mobile Network Solutions (MNS)

Principal Products
- ◉ Cellular Phones
- ◉ Handy Terminals

#### System Equipment

Principal Products
- ● Electronic Cash Registers (including POS)
- ● Office Computers
- ● Page Printers
- ◉ Data Projectors

### Electronic Components and Others

#### Electronic Components



Principal Products
- ◉ LCDs
- ◉ Bump Processing Consignments
- ◉ TCP Assembly and Processing Consignments
- ◉ Carrier Tape

#### Others

Principal Products
- ● Molds
- ● Toys
- ◉ Factory Automation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

              Plaintiff,

      v.

PAPST LICENSING GMBH & CO. KG,
              Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
              Counter-Plaintiff

      v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

              Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge:  Gladys Kessler

Magistrate Judge: Deborah A Robinson

**[PROPOSED] ORDER GRANTING PAPST'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Upon consideration of the motion of Defendant and Counter-Plaintiff Papst

Licensing GMBH & Co, KG, for entry of a protective order, it is hereby

**ORDERED** that Papst's Motion for Entry of Protective Order is **granted**.  In

particular, it is ordered that, Papst [Proposed] Protective Order attached hereto as Exhibit

A is entered.

DATED: June ____, 2007

_____
Deborah A. Robinson
United States Magistrate Judge