UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>    Plaintiff,<br><br> v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>    Defendant.<br><br>PAPST LICENSING GMBH & CO. KG,<br>    Counter-Plaintiff<br><br> v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>    Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>*Next Scheduled Court Deadline:*<br>*July 1, 2007, for Written Discovery*<br>*Requests*<br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Deborah A Robinson |

**PAPST'S REPLY IN SUPPORT OF ITS OBJECTIONS TO
MAGISTRATE JUDGE ROBINSON'S MAY 31, 2007 ORDER**

         Campbell Killefer (Bar. No. 268433)
         VENABLE LLP
         575 7th Street, N.W.
         Washington, D.C. 20004
         (202) 344-4000

         Jerold B. Schnayer
         Joseph E. Cwik
         WELSH & KATZ, LTD.
         120 South Riverside Plaza • 22nd Floor
         Chicago, Illinois 60606
         (312) 655-1500
         **Attorneys for Defendant/Counter-Plaintiff Papst**
         **Licensing GmbH & Co. KG**

**INTRODUCTION**

In response to Papst's Objections to the Magistrate Judge's imposition of sanctions, Casio does not deny that waiver of privilege is not automatic in this Circuit, but is an extreme sanction that should be limited to cases of unjustified delay, inexcusable conduct, and bad faith. *United States v. British American Tobacco*, 387 F.3d 884, 890-91 (D.C. Cir. 2004). Instead, Casio claims that Papst has forfeited its right to object to the sanction of waiver and that this case merits the extreme sanctions imposed in any event. Neither argument has merit. Papst in fact objected to waiver of "all potential objections" as being too "drastic" under the facts of this case, which is the basis of Papst objections now before this Court. Papst has also demonstrated that the sanctions imposed are unduly severe under the circumstances, and Casio's claims to the contrary are not persuasive.

**ARGUMENT**

**I.    Papst Did Not Waive Its Right To Object To The Sanctions Imposed**

Casio's claim that Papst waived its right to object to the sanctions imposed by the Magistrate Judge is simply not true. First, it should be noted that Casio itself did not specifically seek waiver of privilege as part of its request for sanctions, but only sought two specific sanctions: adoption of Casio's case schedule and case management proposal; and (2) its costs and fees. (Docket No. 23 pp. 5-6, Exhibit A attached.) Casio's discussion of waiver was in that section of the brief addressing its requested order to compel: "Casio America respectfully requests an Order that all objections by Papst are waived, and that Papst promptly provide full responses to the interrogatories and complete document production." *Id.* p. 5. Moreover, the two waiver cases cited by Casio in its Motion to Compel did not involve a waiver of attorney client privilege or any other privilege. *See Richmark Corp. v. Timber Falling Consultants*, 959

1

F.2d 1468, 1473 (9th Cir. 1992) (defendant waived objection based on the secrecy laws of the PRC); and *Kurz v. Mairone*, Civ. Action No. 86-5587, 1988 U.S. Dist. LEXIS 5258 at *5 (D.Pa. June 7, 1988) (Defendants' specific objections of "irrelevance, excessively burdensome, oppressive, vexatious, not calculated to lead to discovery of admissible evidence" were "without merit and out of time." Nothing was said about the waiver of any privileges). Since the law of this Circuit is clear that waiver of privilege is not automatic, Casio was obligated to present evidence and authority supporting such an extreme sanction. Papst cannot be faulted for its alleged failure to go into specific detail concerning the waiver of privilege in response to Casio's motion for sanctions, where Casio itself did not even mention the word "privilege" in its memorandum supporting its motion.

In any event, Papst's Opposition to Casio's Motion to Compel and for Sanctions did in fact argue that Casio's request that Papst be deemed to have waived "all potential objections" to Casio's discovery requests should be denied because "there is no authority for such a drastic remedy in a case such as this one." (Doc. No. 25 p. 9, Ex. F to Casio's Response.)

The one case cited by Casio to support its claim that Papst waived its privilege-related objections is distinguishable in any event. In *Claytor v. Computer Assocs., Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003), the court refused to hear new factual arguments to support the party's motion to extend the discovery deadline because they were not made before the Magistrate Judge. The plaintiff argued for the first time that Plaintiff had relocated its law office; that plaintiff was experiencing staffing difficulties; and that Plaintiff had personal health issues. The District Court would not consider these additional facts because they were not raised before the Magistrate Judge. *Id*. at *6. By contrast, in the case at bar Papst is making the same arguments it made before the Magistrate Judge—that the sanction of waiver of all objections is too drastic

2

under the circumstances of this case, and that it acted in good faith based on its belief that this Court's reference to discovery proceeding was to the Rule 26(f) conferences.

For all of these reasons, Papst has not relinquished its right to ask this Court to preserve its objections based on privilege.

## II. Casio Has Presented No Argument Or Authority Warranting Severe Sanctions Against Papst

In its Moving Brief, Papst presented governing authority from the D.C. Circuit that the waiver of privilege is "not automatic" but is a "serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." Moving Brief p. 6, citing *United States v. British American Tobacco*, 387 F.3d 884, 890-91 (D.C. Cir. 2004). Casio makes no effort to dispute this principle—it merely attempts to distinguish the cases cited by Papst by claiming that in those cases the party had not waived the right to argue that the privilege should not be waived, and that none of the parties in the cases cited had refused compliance with a Court order. (Casio's Response pp. 5-6.) However, as illustrated above, Papst here did **not** waive its arguments concerning waiver of privilege, and as explained in Papst's Moving Brief, it was unclear to Papst whether the Court Order was referencing a Rule 26(f) conference or Casio's outstanding discovery requests. (Moving Brief p. 7.) Accordingly, Casio has not effectively distinguished the cases relied on by Papst.

The additional cases Casio cites in its Response do not compel a different conclusion, because in those cases, the waiving party acted in a much more egregious manner than Papst here. *See Applied Systems, Inc. v. Northern Ins. Co. of New York*, 1997 U.S. Dist. LEXIS 16014 (N.D. Ill. October 3, 1997) (privilege waived where the defendants "conclusory and insufficient assertion of privilege came six days before the discovery deadline and was wholly uninformative and unsupported with a privilege log."); *Schalk v. Teledyne, Inc.*, 1991 U.S. Dist. LEXIS 1974

3

(W.D. Mi. Feb. 14, 1991) (party did not formally raise objection based on privilege until six months after document request was served, and there were two motions to compel discovery responses). As pointed out in Papst's Moving Brief, Papst's discovery responses were served at the beginning of the discovery process in this case, just weeks after the Court's Initial Scheduling Conference, and six months before the close of discovery. As a further show of good faith, Papst to date has produced over 22,000 pages of documents in response to Casio's discovery requests.

In addition, Casio has been unable to demonstrate any prejudice resulting from Papst's delayed response. Casio complains that Papst has "unilaterally sliced three months" from Casio's discovery period, but Casio fails to mention that Casio itself has obstructed the discovery process and delayed discovery when it comes to producing its own documents in response to Papst's discovery requests. In fact, Papst has been forced to file its own Motion for Protective Order (Doc. Nos. 49-50) and a Motion to Compel the Production of Documents (filed as of today's date) to compel responses due to Casio's uncooperative stance. This being the case, Casio is hardly in a position to claim prejudice due to any delays caused by Papst.

### III.  Relevance Objections Cannot Be Waived

Papst has requested an Order from this Court that any waiver of objections as to relevance not be waived. In response, Casio attempts to downplay the significance of the *Byrd* case by stating that the case merely held that there should not be automatic waivers of an objection as to relevance. (Response p. 7.) This, however, is not true. In *Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855, *15 (D.D.C. Feb. 12, 1998), this District unequivocally stated that "relevance objections **may not be waived**." *Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855, *17 (D.D.C. Feb. 12, 1998) (emphasis added). Papst seeks the ruling concerning relevance so that in the event Casio attempts to interpret its interrogatories and document requests in a manner that

4

will call for clearly irrelevant material, Papst will not be deemed to have waived its right to object on the basis of relevancy because of the Magistrate Judge's May 31st ruling.

## **CONCLUSION**

For the reasons stated herein and in its Moving Brief, Papst respectfully requests that those portions of the May 31, 2007 Order of the Magistrate Judge ordering the sanction of waiver of objections and the imposition of costs and fees be overturned.

Dated: June 27, 2007

/s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service, postage prepaid, this 27th day of June, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc. and Casio Computer Co., Ltd.**

              /s/ Joseph E. Cwik
              Joseph E. Cwik

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler


**Exhibit A**

**To Papst's Reply In Support Of Its Objections
To Magistrate Judge Robinson's May 31, 2007 Order**

Jeffrey M. Gold (*pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060

J. Kevin Fee (Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson (*pro hac vice*)
The Law Office of Scott D. Stimpson
3051 Morehouse Hwy
Fairfield, CT 06824

Attorneys for Plaintiff and Counter Defendant
Casio Inc. and Counter Defendant
Casio Computer Co., Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC., <br> **Plaintiff** <br> v. <br> **PAPST LICENSING GMBH & CO. KG** <br> **Defendant.** | Case No. 1:06-CV-01751 <br><br> **Judge: Gladys Kessler** |
| **PAPST LICENSING GMBH & CO. KG,** <br> **Counter-Plaintiff** <br> v. <br> **CASIO INC. and CASIO COMPUTER CO., LTD.** <br> **Counter-Defendants** | |

## MEMORANDUM OF LAW IN SUPPORT OF
## CASIO INC.'S MOTION TO COMPEL AND FOR SANCTIONS

On March 13, 2007, this Court ordered that discovery in this case proceed. Despite this clear and unequivocal order, Papst has steadfastly refused to respond to any interrogatories or

document requests. Papst continues to hide behind a contrived argument that a "proper" Rule 26(f) Conference has not occurred. Papst does so despite the fact that when Papst's attorneys finally and belatedly made themselves available for the required 26(f) Conference, every single topic required by the Rules was addressed by Casio Inc.'s ("Casio America") counsel. The fact that counsel for Papst, on the other hand, was completely (and obviously deliberately) unprepared to address the 26(f) topics, is no excuse to avoid the progress of discovery, particularly given that this Court ordered discovery to proceed.

Casio America respectfully requests that the Court Order: (1) that Papst has waived any and all objections to Casio America's discovery requests due to its failure to timely serve objections, and for its failure to comply with this Court's March 13, 2007 Order; (2) that Papst fully respond to all outstanding interrogatories and document requests within ten (10) days from the date of the Court's Order on this motion; (3) that as a sanction for Papst's refusal to comply in good faith with its Rule 26(f) and discovery obligations, the Court accept the terms proposed by Casio America with respect to scheduling and case management; and (4) that all costs and fees necessitated by this motion be borne by Papst.

I.    **BACKGROUND**

On Friday, March 2, 2007, after numerous efforts to get counsel for Papst to participate, counsel for Casio America and counsel for Papst held a 26(f) Conference. After the conference, on the same day, Casio America served its first sets of interrogatories and document requests. (Gold Declaration ¶¶ 1-2 and Exhibits A and B, respectively). Papst has not responded to either of these discovery requests, and has not produced a single document.

Counsel for Papst has made every effort to avoid discovery. Papst's primary argument has been that there was not a "proper" 26(f) Conference because Casio Computer Company, Ltd.

("Casio Japan") did not participate in the conference between Casio America and Papst. That argument was presented to the Court in Papst's March 6, 2007 Motion to Continue the Initial Status Conference in this case. (Gold Declaration Exhibit C, p. 3). In the Casio America Response on March 7, 2007, Casio America advised the Court that its concern was that Papst was trying to "avoid or needlessly delay discovery," and that Casio America had no objection to a continuance of the status conference "so long as discovery proceeds in the interim." (Gold Declaration Exhibit D, p. 2). In its Reply, Papst again argued that no 26(f) Conference had taken place. (Gold Declaration Exhibit E, p. 2).

On March 13, 2007, this Court issued an order in favor Casio America, specifically holding that "discovery between Plaintiff and Defendant is to proceed." (Gold Declaration Exhibit F, emphasis added). Despite the Court's clear and unequivocal March 13, 2007 Order, Papst has steadfastly refused to proceed with discovery. Responses to Casio America's document requests and interrogatories were due on April 2, 2007. Papst, on full notice of the Court's order, has simply refused to respond.

This is not the only Court Order that has been ignored by counsel for Papst. On January 29, 2007, the Court issued its order that a scheduling conference be held on March 20, 2007. As is clear from the applicable Federal Rules, the parties were required to have a full Rule 26(f) Conference by February 28, 2007. See Fed. R. Civ. P. 26(f) ("parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held…confer to consider the nature and basis of the claims."). Casio America tried to get counsel for Papst to timely comply with this Court order (Gold Declaration ¶9 and Exhibit G), but counsel for Papst did not comply. When they finally did make themselves available for the Conference two days late on March 2, 2007, they were completely unprepared and in fact refused to recognize that the

teleconference was in fact the required 26(f) Conference. (Gold Declaration ¶¶ 17-18 and Exhibit O). Nonetheless, every single topic required by Fed.R.Civ.P. 26(f) and Local Rules for the U.S. District Court for the District of Columbia, LCvR 16.3, was raised and proposals were provided by Casio America's counsel. (See Gold Declaration ¶ 17 and Exhibit O).

Papst and its counsel have been using Rule 26(f) as a shield to protect themselves from legitimate discovery, constantly claiming that a "proper" Rule 26(f) Conference has not been held. (*See, e.g.,* Gold Declaration Exhibit H). The fact that Papst was unprepared to address the required 26(f) topics does not negate that the Federal Rules required that it be the 26(f) Conference. Incredibly, Papst continues to improperly apply Rule 26(f) to even though this Court Ordered that discovery proceed. According to counsel for Papst, despite this Court's Order, the Casio America discovery requests were "premature, not proper and ineffective" because "a proper Rule 26(f) conference has not yet occurred." (Gold Declaration Exhibit I, ¶ 1). Regardless of Papst's position, the Federal Rules are clear that a Court may order discovery to proceed even without a Rule 26(f) conference. Fed.R.Civ.P. 26(d).

Casio America sent counsel for Papst a proposed 26(f) Report (Gold Declaration, Exhibit O) and proposed Scheduling Order (Gold Declaration, Exhibit N) memorializing the March 2 26(f) Conference and setting forth Casio's proposals over a month ago, on March 9, 2007 (Gold Declaration, Exhibit M). To date, Papst has still not responded nor provided any guidance whatsoever with respect to its scheduling or case management proposals. (Gold Declaration ¶ 19 and Exhibit P). Misusing the Rule 26(f) requirements and ignoring Court orders, in a blatant effort to avoid legitimate discovery, is now prejudicing Casio America by delaying resolution of this matter, thus necessitating this motion.

II.     **THE REQUESTED ORDER TO COMPEL**

Responses to Casio America's document requests and interrogatories were due on April 2, 2007. Papst failed to respond or provide any objections, despite Casio America's repeated requests that they do so. Accordingly, Casio America respectfully requests an Order that all objections by Papst are waived, and that Papst promptly provide full responses to the interrogatories and complete document production. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *see also*, *Kurz v. Mairone*, Civ. Action No. 86-5587, 1988 U.S. Dist. LEXIS 5258, at *5 (D.Pa. June 7, 1988) (court found defendants' objections were "out of time" and ordered them to supplement their responses with full and complete answers).

III.    **THE REQUESTED ORDER FOR SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 37, Casio America also respectfully requests an order that the terms proposed by Casio America with respect to scheduling and case management be adopted, and that Papst pay all of Casio America's attorneys fees and costs associated with this motion.

   A.   **Adoption of Casio America's Case Schedule And Case Management Proposal**

While Casio America recognizes that the more serious sanctions enumerated in Federal Rule 37 (such as striking claims or defenses, and dismissal) may be too drastic for this situation, it respectfully submits that a simple award of fees and costs for Casio America is insufficient to deter Papst and its counsel from continuing to flaunt discovery obligations and this Court's

orders. A fitting sanction for the games Papst has played in misusing the Rule 26 procedures is for the Court to adopt Casio America's Case Schedule and Case Management Proposals.

Casio America's schedule is reasonable given that discovery from foreign countries will be required. Also, in order to avoid needless discovery into the potentially unnecessary and the burdensome damages and willfulness issues, Casio America proposed at the March 2, 2007 26(f) Conference that these issues be bifurcated both from discovery and trial.[1] (Gold Declaration Exhibit O, ¶11). An order accepting these Casio proposals is consistent with the wide latitude of sanctions allowed under Federal Rule 37. *National Lawyers Guild v. Attorney General*, 94 F.R.D. 600, 615 (S.D.N.Y. 1982) (warning defendant that a failure to comply with a court order would result in sanctions and adoption of the discovery schedule proposed by plaintiffs; "Rule 37(b) provides a court with wide discretion in selecting an appropriate sanction."); *In re Heritage Bond Litigation*, 223 F.R.D. 527, 533 (C.D. Cal. 2004) (court granted plaintiff's motion for monetary contempt sanctions under Rule 37(b)(2)(D) and plaintiff's motion for evidentiary or issue preclusion sanctions under Rule 37(b)(2)(B)); *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)."; Second Circuit affirmed the district court's imposition of sanctions pursuant to Rule 37(b)(2), which prohibited defendant from presenting evidence on the issue of "alter ego" liability.); *Albert v.*

---

[1] *Novopharm Limited v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998) (court granted plaintiff's motion for bifurcation and ordered that liability be tried separately from damages and willfulness; factual discovery on willfulness and damages was stayed); *see Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 261 (D.N.J. 1997) (trial on liability was bifurcated from the trial on willfulness and damages and the court stayed discovery on these issues until a determination of liability was reached); *see also Lemelson v. Apple Computer Inc.*, No. CV-N-92-665-HDM (PHA), 1993 U.S. Dist. LEXIS, at *6-*10 (D. Nev. June 4, 1993); *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, No. SA CV 00-549 DOC (EEx), 2001 U.S. Dist. LEXIS 10738, at *8-*11 (C.D. Cal. May 4, 2001).

*Starbucks Coffee Co.*, 2007 U.S. App. LEXIS 196 (D.C. Cir. 2007) (unpublished) ("Fed. R. Civ. P. 37(b)(2) authorizes a number of sanctions for not complying with discovery orders...."; district court's dismissal of plaintiff's suit as a sanction under Rule 37(b)(2) affirmed.)

### B.    Casio America Fees And Costs

Casio America further respectfully requests an award of the fees and costs for the preparation of this motion under Federal Rule 37(b). That Rule provides that, if a party "fails to obey an order to provide or permit discovery" the court may "make such orders in regard to the failure as are just . . . ." Fed. R. Civ. P. 37(b)(2). It further provides that in addition to other sanctions, "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys' fees, caused by the failure," unless the failure was substantially justified or other circumstances make such an award unjust. *Id.*

Fees and costs are also appropriate under Federal Rule of Civil Procedure 37(a), which states that a Court "shall" require the party whose conduct necessitated a successful motion to compel to pay the moving party its reasonable expenses incurred in making the motion, including attorneys' fees, unless there was no good faith effort to obtain the disclosure without court action or the failure to respond was substantially justified. Fed. R. Civ. P. 37(a).

Casio America expended substantial time and effort attempting to get Papst and its counsel to respond to these discovery requests, but they have steadfastly refused, despite the Court's clear order. Accordingly, an award of attorneys' fees and costs to Casio America is also appropriate.

IV.     **CONCLUSION**

For all the foregoing reasons, we respectfully request that the Court order: (1) that Papst has waived any and all objections to Casio America's discovery requests; (2) that Papst fully respond to all outstanding interrogatories and document requests within ten (10) days from the date of the Court's order on this motion; (3) that the terms proposed by Casio America with respect to scheduling and case management be adopted for this action; and (4) that all costs and fees necessitated by this motion be borne by Papst.

Respectfully submitted,

DATED: April 20, 2007

_____
Jeffrey M. Gold *(pro hac vice)*
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178

J. Kevin Fee (Bar. No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Stimpson *(pro hac vice)*
The Law Office of Scott D. Stimpson
3051 Morehouse Hwy
Fairfield, CT 06824

Attorneys for Plaintiff and Counter Defendant
Casio Inc. and Counter Defendant
Casio Computer Co., Ltd.