UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>        Plaintiff,<br><br>   v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>        Defendant.<br>_____<br><br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge:  Gladys Kessler<br><br>Magistrate Judge: Robinson<br><br>Next Court Deadline:  Written Discovery<br>Requests by July 1, 2007 |

## **PAPST 'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500
*Attorneys for Papst Licensing GmbH & Co. KG*

# I. MOTION

Papst Licensing GmbH & Co. KG ("Papst"), pursuant to Fed.R.Civ.P. 37(a), moves this

Court for an order compelling Casio Inc. ("Casio US") and Casio Computer Company, Ltd.

("Casio Japan") to respond to Papst's first set of document requests served upon Casio US and

Casio Japan.  Casio should be compelled to produce documents in response to the following

document requests in connection with the Casio Digital Cameras (as that term has been defined

by Papst):

| Request Nos. | General Subject Matter[1] |
|---|---|
| 1, 12 | Identity of potentially infringing products |
| 13-14 | Agreements relating to the cameras |
| 2-5, 10-12 | Technical aspects, properties and development of the cameras |
| 15, 17-18 | Prior litigation involving the cameras |
| 23-26 | Licensing of the cameras |
| 7, 19-22, 27-30 | Revenues, purchase, sales, costs, profits, and customer communications concerning the cameras |
| 31-33 | Transfer of rights, financial impact, and market studies relating to the cameras |
| 34 | Employees involved with patent work related to cameras |
| 35-37 | Marketing and advertising relating to the cameras |
| 38-9, 44, 47-52, 55, 74 | The patents in suit |
| 40-43 | Casio's claims and defenses |
| 45-46, 50-54, 63-65 | Casio's infringement and potential liability; validity of patents |
| 56-58, 66-67 | Casio's corporate structure and involvement of related companies |
| 62 | Expert testimony |
| 68-69 | Casio's document retention policies |
| 70 | Casio's information systems |
| 71-73 | First set of interrogatories, joint defense agreements, Papst |

# II. FACTS

On April 20, 2007, Papst served its First Set of Requests for Production of Documents

and Things upon Casio US and Casio Japan. (Exs. A and B.)  On May 21, 2007, Casio US and

Casio Japan served their objections and responses to the document requests.  (Exs. C and D.)

(Because the document requests and responses thereto are virtually identical for both Casio

---

[1] For a much more detailed explanation as to how each individual Document Request relates to the issues in this lawsuit, *see* Exhibit G.

1

entities, Casio US and Casio Japan will be treated as a single entity ("Casio") for purposes of this motion.)  Casio objected to the discovery responses on the basis of relevance, undue burden, privilege, work product and confidentiality, among others.  For example, Casio refuses to produce documents because Casio has interpreted the requests in the broadest possible sense in order to render the requests "overly broad;" will only produce very limited categories of technical documents; will only produce documents relating to Casio cameras "specifically accused of infringement by Papst;" and will not produce other categories of documents because it "may" move to disqualify Welsh & Katz and may move to bifurcate.  The parties have had multiple discovery conferences and Papst has further narrowed its requests in order to resolve this issue, but to date, Casio has provided relatively few documents, consisting of publicly-available user manuals for its cameras, and some marketing and advertising materials.

### III. ARGUMENT

By way of background, Casio attempts to evade its discovery obligations by placing the broadest possible interpretation on the document requests, then refusing to answer the requests on the grounds that they are overly broad and unduly burdensome.  In fact, Casio outright refused to produce any documents in response to Request nos. 14-15, 17-18, 21-23, 25-26, 30-32, 34, 37, 48, 55-60, 62-64, and 66-67 even though these requests sought the production of relevant documents.  However, as stated by the Advisory Committee on the 1993 amendments to Rule 37, "requests for production should not be read or interpreted in an artificially restrictive or hyper technical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions . . .."  Fed.R.Civ.P. 37(a) advisory committee's note (1993).  Casio's blanket refusal to provide clearly relevant documents on manufactured claims of over breadth should be rejected by this Court, especially where Papst has refined its requests in discovery conferences.  It should not be forgotten that Casio is the party

that instituted this patent infringement suit, and having done so, Casio should be prepared to spend the time that will be required to locate and produce the documents properly requested by Papst. Casio's refusal to produce even the most basic documents required in any patent infringement suit should not be countenanced.

> **A.**   **Casio Must Produce Discovery On The Research, Development, Design, Testing, Manufacturing, And Operation Of The Casio Digital Cameras (Request Nos. 2-5, 10-12)**

Papst asked Casio to produce documents relating to research, design, development, testing, manufacturing, and operation of the Casio Digital Cameras. (Document Request Nos. 2-5, 11-12, Exs. A, B.) During discovery negotiations, Papst further narrowed these requests to the following aspects of the Casio Digital Cameras that directly concern the subject matter of the claim elements of claim 1 of Patent No. 6,470,399 ("'399 Patent"):

1. The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images.
2. The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory.
3. The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list.
4. The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera.
5. The interconnection of a camera to a personal computer.
6. The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera.
7. The process by which a camera communicates with and transfers information to or from a personal computer.
8. The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer.

(Attached Exhibit E. *See also* Exhibit F, which contains examples of how the above-listed categories directly relate to the claims of the '399 patent in suit.) Casio, however, still refuses to

produce the requested documents, and will only produce "documents sufficient to show the

**designs** and **operations** of the Casio Cameras that Papst specifically accuses of infringement, as

well as all user and service manuals for those cameras."  (Response to Request No. 2, Ex. C.)

Case law is clear that Casio must provide all relevant documents in response to the requests for

technical information of the subject cameras.  *Ropak Corp. v. John W. Von Holdt*, 2006 U.S.

LEXIS 19912, * 9-10 (N.D. Ill. April 17, 2006 ("Documents relating to the concept, design and

manufacturing of allegedly infringing products are relevant …product features are defined

during the concept, design and manufacturing process… the Court grants [the patentee's] motion

to compel…."); *Alloc, Inc. v. Unilin Beheer B.V.*, 2006 U.S. Dist. LEXIS 24148 (D. Wis.

2006)(granting motion to compel research and development documents). Accordingly, Casio

should be ordered to produce documents responsive to Request Nos. 2-5 and 11-12, as further

narrowed by Papst.

### B.    Casio Must Produce Documents For Products That May Yet Be Accused Of Infringement (Request Nos. 2-7, 11-12, 19-20, 28-29, 35-36, 40, 46, 52)

In its document requests, Papst seeks discovery relating "Casio's Digital Cameras."  This

term has been defined by Papst (in its requests and subsequent discussions with Casio) as all

Casio digital cameras "capable of transferring picture data to another device" (the technology

disclosed in the patents in suit), which were used, manufactured, sold, offered for sale, licensed

or imported into the United States since October 22, 2002.  (Ex. A p. 4 par. 10.)  Casio, however,

has only agreed to produce discovery in connection with six Casio cameras "specifically accused

of infringement by Papst."  Responses to Request Nos. 2-7, 11-12, 19-20, 28-29, 35-36, 40, 46,

52 (Ex. C).  Because the patents-in-suit are directed, in part, toward the internal operation of the

camera, which is not apparent from a physical inspection, full discovery is required on the

internal operation of each **potentially** infringing Casio Digital Cameras to verify infringement.

4

*E.I. Dupont De Nemours v. Phillips Petroleum Co.*, 24 F.R.D. 416, 426 (D.Del. 1959) ("plaintiff is entitled to know which products the defendants or its licensees manufacture which ***may*** infringe.") (emphasis added); *IP Innovation L.L.C. v. Sharp Corp.*, 219 F.R.D. 427, 429 (D. Ill. 2003)("The information sought by plaintiffs is relevant to their infringement allegations and specifically, to determining whether additional Sharp products or systems infringe."). Therefore, Casio should be ordered to produce all responsive documents concerning **all** Casio Digital Cameras as that term has been defined—not just those "specifically accused of infringement."

      **C.**     **Casio Cannot Refuse To Produce Documents Pending Some Future Motion To Bifurcate (Request Nos. 19-22, 27-34, 36-45, 47-51, 53-57, 62-67, 71, 73-74)**

Casio has refused to produce documents in connection with several topics (sales, profits, revenues, marketing, the patents in suit, Casio's claims and defenses, Casio's corporate structure, etc.) because, among other reasons, the documents sought "are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate." Casio Responses to Nos. 19-22, 27-34, 36-45, 47-51, 53-57, 62-67, 71, 73-74, Ex. C. Absent an Order from this Court, Casio is obligated to comply with its discovery obligations, and it may not refuse discovery on these numerous topics because it may someday seek bifurcation on the issue of damages. Moreover, Casio has already sought to bifurcate twice and has been twice denied by the Court. Judge Kessler declined to adopt Casio's requested bifurcation in the Case Management Plan (Docket No. 28), and Magistrate Judge Robinson declined to adopt Casio's requested bifurcation at the May 31, 2007 hearing. (Docket No. 36). Accordingly, Casio should be ordered to respond to Request Nos. 19-22, 27-34, 36-45, 47-51, 53-57, 62-67, 71, 73-74.

      **D.**     **Casio Must Produce Documents Relating To Activities Outside of the U.S. (Request Nos. 7, 19, 20, 28, 29, 35, 36)**

In response to Papst's requests for documents relating to communications with customers, sales, revenues, profits, and marketing materials, Casio will only provide information

for certain activities within the United States.  (See Response to Request Nos. 7, 19-20, 28, 29, 35, 36, Ex. C.)  However, information concerning activities outside of the United States is still relevant and must be produced because Casio is liable for infringing products even if they are first sold outside the United States, if there is an expectation that the products will eventually be indirectly sold to the United States market in any infringing manner.  *See, Wing Shing Products, Ltd. v. Simatelex Manufactory Co., Ltd.*, 479 F.Supp.2d 388, 409 (S.D.N.Y. 2007) (defendant's knowledge that some infringing products manufactured outside of U.S. are destined for the U.S. establishes the intent element of induced infringement); *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed.Cir. 2005)(Japanese manufacturer could be liable for inducement where it sold accused product to its Japanese subsidiary which in turn sold it to its American subsidiary).

This evidence is also relevant because it bears on the issue of commercial success *Amsted Industries, Inc. v. National Castings, Inc.*, 1989 U.S. Dist. LEXIS 7718, 2-3 (D. Ill. 1989)(*company wide* financial data should be compelled because it was relevant to the issue of commercial success of the infringing products in relation to all other products).  Therefore, Casio must make a complete search and production of those documents that are responsive to Papst 's Request to Produce Nos. 7, 19-20, 28, 29, 35, and 36.

**E.    Casio Cannot Withhold Documents On The Basis Of Confidentiality (Request Nos. 2-34, 36-67, 69-74)**

In response to virtually all of Papst's document requests, Casio objected "to providing any confidential documents to Welsh & Katz (**ever**) . . ."  (Response Nos. 2-34, 36-67, 69-74, emphasis added.)   According to Casio, Welsh & Katz is "prosecuting patent applications it intends to assert against the camera industry upon issuance," and Casio "**may** move to disqualify the Welsh & Katz firm for this and other reasons."  (Response p. 2, emphasis added.)  However,

the bulk of documents that Casio is withholding on the basis of confidentiality have nothing to do with prosecution of the patents in suit, so there is no reason to withhold them based on the reasons stated.  And as for those confidential documents that do relate to patent prosecution, Welsh & Katz has agreed to isolate the single attorney dealing with the prosecution of relevant patents at its firm from documents that could have any relevance to the prosecution of the patents.  In fact, Papst has moved for the entry of a Protective Order that addresses Casio's concerns in this regard (even though Casio, as the objecting party, should have brought the issue to this Court's attention.  (*See* Doc. Nos. 49-50.)  Casio may not refuse to produce documents by claiming that it "may" some day move to disqualify counsel for Papst.

> **F.     Casio Must Produce The Requested Documents On A Date Certain  (Request Nos. 38-39, 44-51, 53-55 and 74)**

In response to Papst Request Nos. 38-39, 44-51, 53-55 and 74, Casio has agreed to produce all responsive and non-privileged documents concerning the patents-in-suit, but has not agreed to a date for a production.  Papst requests this Court order that all documents that Casio has agreed to produce in its response and its meet and confer sessions or that Casio is ordered to produce should be produced within 10 calendar days of this Court's order.

> **G.     Casio Must Produce All Other Relevant Documents**

Casio has refused to produce a number of categories of documents on the basis of relevance.  Hoever, "[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant…The objecting party bears the burden of demonstrating why a particular discovery request is improper."  *Alloc, Inc.,* 2006 U.S. Dist. LEXIS 24148 at 5-6.  As shown below, Casio must produce documents on the following categories, all of which are relevant and properly requested:

*Casio's Financial Documents (Request Nos. 19-22, 27-30).*  To date, Casio has produced relatively few and certainly not all relevant documents regarding the sales, revenues, profits, costs or licensing information for the Casio Digital Cameras, and it only offered to eventually produce "summary records of sales to customers in the United States, for those products specifically accused of infringement."  (*See* Response to Request Nos. 19-22, 27-30). Casio's financial documents are relevant because Papst is entitled to compensation to account for Casio's alleged infringement and in no event less than a reasonable royalty. 35 U.S.C. § 284. Among the factors that must be considered in determining a reasonably royalty (the so-called "Georgia-Pacific" factors) are all of the sales *and* profitability information concerning the at-issue products.[2]  These materials should be produced.

*Documents from all Casio entities (Request Nos. 24-25).* Casio seeks to limit its discovery to the named Casio parties. However, discovery is required from all Casio entities who possess relevant information.  Casio's 2006 Annual Report states that Casio Japan is in control of Yamagata Casio Co., Ltd., which is involved in the "production of digital cameras."  (Ex. G p. 41.)  This report also demonstrates that Casio Japan is in control of twenty-seven other Casio entities that likely possess relevant information.  *Id*;  *See also* 7-34 Moore's Federal Practice - Civil § 34.14 ("The courts have frequently required a business entity party to produce documents in the possession of its parent company, and conversely have required the parent to produce documents possessed by its subsidiary.")  Papst has requested documents on the "legal control"

---

[2] *See, Georgia-Pacific Corp. v. U.S. Plywood*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970) (listing the relevant factors for determining a patent royalty, such as rates paid by the licensee for use of comparable patents; nature and scope of any license; licensor's policy and marketing program; commercial relationship between licensor and licensee; effect of selling patented specialty in promoting sales of licensee's other products; established profitability of product made under patent; utilitarian advantages of patent property over old modes or devices; nature of patented invention; extent to which infringer made use of the invention; portion of profit or selling price customary to allow for use of invention; portion of profit that should be credited to the invention, expert opinions, and amount a willing licensor would agree to pay for a license.); and *Parental Guide of Texas, Inc. v. Thomson, Inc.*, 446 F.3d 1265, 1270 (Fed. Cir. 2006) (*Georgia-Pacific* factors are proper standard for determining a reasonable royalty).

issue to show Casio Japan and Casio USA do have control over other Casio entities to produce documents, but Casio has improperly refused to produce any such documents.  (*See* Response to Request No. 67, Ex. C.).  All such documents should be produced.

**Documents regarding Casio computer information systems (Request No. 70 ).**  Casio has agreed to only produce "a general overview of its electronic systems."  (Ex. C., Request No. 70, p. 47-48).  Casio is required, however, to describe the details of Casio's information systems, the types of electronic files that exist in its 250 gigabytes of potential electronic discovery, and those individuals with relevant knowledge of this information.  This information is "reasonably calculated to lead to the discovery of admissible evidence," and should be produced.  Rule 26(b)(1).

**Documents regarding other lawsuits (Request Nos. 15, 17-18).**  Casio claims that documents relating to other lawsuits concerning Casio Digital Cameras are irrelevant.  However, this discovery is relevant to, among other things, Casio's previous admissions on claim interpretations and the operation of its cameras, damages, and the existence of other relevant documents. *See, Alloc, supra* (granting motion to compel documents from the infringing party's other patent lawsuit concerning same products at issue).  Indeed, there is at least one other lawsuit in which Casio was sued for patent infringement in connection with the Casio Digital Cameras at issue in this suit, in *St. Clair Property v. Canon Inc. et al.,* Case No. 03-00241-JJF (D. Del.). These documents should also be produced.

**Prior Art (Request No. 50, 51, 53).**  In response to requests for information concerning prior art and other publications relating to the patents in suit and Casio's infringement of the patents in suit, Casio has only agreed to produce "prior art on which it intends to rely."  (*See* Response to Request Nos. 50, 51, 53.)  However, Casio may not restrict its responses just to those documents on which it intends to rely, but must produce all relevant responsive documents.

9

*See Rohm and Haas Co. v. Brotech Corp.*, 1990 U.S.Dist. LEXIS 20117 at *20 (D.Del. 1990) ("[A] defendant cannot simply claim noninfringement and limit discovery according to its view of the case.")

***Documents concerning Casio's communications with customers (Request No. 7).***
Communications with Casio's customers concerning the Casio digital cameras are relevant on several issues and should also be produced. *See e.g., Alloc, supra* ("Customers' experiences, complaints, praises and/or returns may be indicative of the product's capabilities and limitations.")(granting motion to compel).

***Documents demonstrating the identity of individuals and businesses involved in Casio's infringing activities (Request Nos. 56-58, 66) and relating to First Set of Interrogatories (Request No. 71).*** Casio refuses to produce any documents that will identify those businesses and individuals involved in Casio's infringing activities. (Responses to Request Nos. 56-58, 66 (Ex. C, pp. 39-40, 45).) Rule 26(b)(1) permits this discovery stating that "Parties may obtain discovery regarding any matter, … *including…the identity and location of persons having knowledge of any discoverable matter.*" Casio's further refusal to produce any documents relating to its interrogatory responses is also untenable. (Response to Request No. 71, Ex. C.) All responsive documents should be produced.

The page restraints do not permit Papst to go into detail describing the relevance of all of the document requests, but Papst has attached as Exhibit H a chart showing the areas of relevance of the different document requests, all of which should be responded to.

## IV.  CONCLUSION

On June 5 and 13, 2007, counsel for Papst  met and conferred with counsel for Casio to discuss the above issues.  Casio has stated that it will oppose any motion to compel.  Therefore, Papst  respectfully request this Court enter the Proposed Order attached hereto to this Motion.

10

Dated:  June 27, 2007

/s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Campbell Killefer (Bar. No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

*Attorneys for Defendant/Counter-Plaintiff Papst*
*Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service, this 27th day of June, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc. and Casio Computer Co., Ltd.**

/s/ Joseph E. Cwik
Joseph E. Cwik

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit A**

**To Papst's Motion to Compel the Production of Documents**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

             Plaintiff,

     v.

PAPST LICENSING GMBH & CO. KG,
             Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
             Counter-Plaintiff

     v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

             Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler



## PAPST LICENSING GMBH & CO. KG'S
## FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
## AND THINGS TO CASIO INC.

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Plaintiff/Counter-Defendant Casio Inc. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

1

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, "Casio" means (a) Casio Inc., Casio Computer Co., Ltd. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2.  As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

2

3. If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4. As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5. In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

3

6. As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7. In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8. As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9. As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device, that have been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

11. As used herein, "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12. As used herein, "Lawsuit" means any type of legal action where Casio was a party or participant of any kind including, but not limited to, lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and any international cases or proceedings filed in any tribunal.

13.     Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

14. These document requests are continuing in nature.  If after making its initial response hereto (and up until the time of any hearing or trial), Casio or its attorneys, agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

15.     Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

16.     The methods and format of Casio's production shall be as follows:

I.     <u>Format of Production</u>

A.     The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B.     Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.  The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations.  The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files

the documents are located.  The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

    C.    Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents.  No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

    D.    For redacted documents, the metadata for each document will indicate the basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time the redacted document is produced.

    II.    <u>Metadata</u>

To the extent possible and practicable, the parties will provide the following metadata fields:

    (a)    Electronic document type;
    (b)    Create date;
    (c)    File name;
    (d)    File location;
    (e)    Source location;
    (f)    Starting production number;
    (g)    Ending production number;
    (h)    Custodian;
    (i)    Last date modified;
    (j)    Author;
    (k)    Recipient(s);
    (l)    Document date (if different from create date);
    (m)    cc(s);
    (n)    bcc(s);
    (o)    Subject;
    (p)    Title; and
    (q)    Attachment information (for e-mails).

If a party determines that it is impossible to produce certain metadata fields for a type or types of documents, the party shall so inform opposing counsel. If a party determines that the production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1. One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2. All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3. All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4. All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

5.  All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

6.  All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

7.  All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

8.  All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

9.  All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) and all events leading up to any such agreements, which concern any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease,

distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45. All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46.     All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47.     All documents relating to any attempt to design around the Patents-in-Suit.

48.     All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.     All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.     All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.     All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world.  This request shall have no time limitation.

52.     All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.     All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.     All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

55.    All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56.    All documents which set forth the officers and directors of Casio from 1997 to the present date.

57.    All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58.    All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59.    All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60.    All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61.    All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62.    As to each person Casio expects to call as an expert witness at the trial in this action:

(a).    All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring

to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).    All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c).    All documents provided to each such expert and all documents provided by the expert to Casio.

63.    All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries, treatises and the like.

66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).    a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)    an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)    an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)    any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)    the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)    any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)    the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)    Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)    any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.    All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.    All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

70.    All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.    All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.    Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.    All documents which refer or relate to the Papst Licensing.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

Dated: April 20, 2007                /s/ Joseph E. Cwik
                                      Jerold B. Schnayer
                                      Joseph E. Cwik
                                      WELSH & KATZ, LTD.
                                      120 South Riverside Plaza • 22nd Floor
                                      Chicago, Illinois 60606
                                      (312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO INC. was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**VIA U.S. MAIL AND E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co. KG

19

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit B**

**To Papst's Motion to Compel the Production of Documents**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

           Plaintiff,

      v.

PAPST LICENSING GMBH & CO. KG,
           Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
           Counter-Plaintiff

      v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

           Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler



RECEIVED
DOCKETING
APR 2 3 2007
By_____

**PAPST LICENSING GMBH & CO. KG'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
AND THINGS TO CASIO COMPUTER CO., LTD.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Counter-Defendant Casio Computer Co., Ltd. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

1

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, "Casio" shall include, but is not limited to, Casio Computer Co., Ltd., Casio Inc. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2.  As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

2

3.  If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4.  As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5.  In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

3

6. As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7. In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8. As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9. As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, versions, and revisions of any and all products, or methods, relating to any part of any Casio Digital Camera capable of transferring picture data to another device.

11. "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12. Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

13. These document requests are continuing in nature. If after making its initial response hereto (and up until the time of any hearing or trial), Casio or its attorneys,

agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

14.    Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

15.    The methods and format of Casio's production shall be as follows:

I.    Format of Production

A.    The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B.    Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files the documents are located. The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

C.    Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document

5

image other than the Bates Number, confidentiality legend (where applicable), and

redactions addressed above.

      D.     For redacted documents, the metadata for each document will indicate the

basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time

the redacted document is produced.

      II.    <u>Metadata</u>

     To the extent possible and practicable, the parties will provide the following

metadata fields:

    (a)     Electronic document type;
    (b)     Create date;
    (c)     File name;
    (d)     File location;
    (e)     Source location;
    (f)     Starting production number;
    (g)     Ending production number;
    (h)     Custodian;
    (i)     Last date modified;
    (j)     Author;
    (k)     Recipient(s);
    (l)     Document date (if different from create date);
    (m)    cc(s);
    (n)     bcc(s);
    (o)     Subject;
    (p)     Title; and
    (q)     Attachment information (for e-mails).

     If a party determines that it is impossible to produce certain metadata fields for a

type or types of documents, the party shall so inform opposing counsel.  If a party

determines that the production of certain metadata fields for a type or types of documents

would be impracticable, unduly burdensome or unduly expensive, the party shall so

inform opposing counsel, and the parties shall promptly meet and confer on what should

be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1.  One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3.  All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4.  All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

5.  All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user

7

manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

6.   All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

7.   All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

8.   All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

9.   All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) and all events leading up to any such agreements, which concern any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation

agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease, distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

11

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45.    All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46.    All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47.    All documents relating to any attempt to design around the Patents-in-Suit.

48.    All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.    All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.    All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.    All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world.  This request shall have no time limitation.

52.    All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.    All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.    All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

55.    All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56.     All documents which set forth the officers and directors of Casio from 1997 to the present date.

57.     All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58.     All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59.     All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60.     All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61.     All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62.     As to each person Casio expects to call as an expert witness at the trial in this action:

(a).     All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).     All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

14

(c).    All documents provided to each such expert and all documents provided by the expert to Casio.

63.    All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries, treatises and the like.

66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).    a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)    an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)    an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)    any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)    the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)    any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)    the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)    Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)    any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.    All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.    All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

70.    All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those

systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.    All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.    Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.    All documents which refer or relate to the Papst Licensing.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.


Dated:  April 20, 2007              _/s/ Joseph E. Cwik
                                    Jerold B. Schnayer
                                    Joseph E. Cwik
                                    WELSH & KATZ, LTD.
                                    120 South Riverside Plaza • 22nd Floor
                                    Chicago, Illinois 60606
                                    (312) 655-1500

                                    Campbell Killefer (Bar No. 268433)
                                    VENABLE LLP
                                    575 7th Street, N.W.
                                    Washington, D.C. 20004
                                    (202) 344-4000
                                    **Attorneys    for    Defendant/Counter-
                                    Plaintiff Papst Licensing GmbH & Co.
                                    KG**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO COMPUTER CO., LTD. was served on this the 20th day of April, 2007 upon the attorneys for Casio Computer Co., Ltd. as follows:

**VIA U.S. MAIL and E-MAIL**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc. and Casio Computer Co.,Ltd.

**VIA U.S. MAIL AND E-MAIL**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co. KG

18

# EXHIBIT C – PART I

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit C**

**To Papst's Motion to Compel the Production of Documents**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------x
CASIO INC.                                :
                                          :
                 Plaintiff,               :
      v.                                  :      Civil Action No. 1:06 CV 01751
                                          :
PAPST LICENSING GMBH & CO. KG             :      Judge: Gladys Kessler
                                          :
                 Defendant.               :
                                          :
------------------------------------------
PAPST LICENSING GMBH & CO. KG             :
                                          :
                 Counter-Plaintiff        :
      v.                                  :
                                          :
CASIO INC. and                            :
CASIO COMPUTER CO., LTD.                  :
                                          :
                 Counter-Defendants.      :
                                          :
------------------------------------------x
```

### CASIO INC.'S OBJECTIONS AND RESPONSES TO PAPST LICENSING GMBH & CO. KG'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO INC.

Casio Inc. ("Casio America") objects to the entirety of these document requests, as they were not served in good faith and clearly were prepared in violation of Federal Rule of Civil Procedure 26(g). The only possible purpose for Papst serving discovery requests of this nature is to increase the expense to Casio America in an attempt to force it to settle. Papst is hereby put on notice that Casio America intends to seek sanctions for this discovery abuse, and that these document requests will be used as evidence to support Casio America's vigorous pursuit of attorney fees and costs in this litigation. Casio America will produce some documents to Papst, but in doing so does not in any way agree that any portion of these document requests were

proper. Rather, as a way of advancing discovery, and until the Court rules on Casio America's

planned motion for sanctions, Casio America indicates in this response the documents it intends

to produce.

Casio America has been forced to object to the majority of these document requests. In

the event Casio America produces documents responsive to some or all of these document

requests, it reserves the right to seek payment of associated fees and costs from Papst and/or its

counsel.

## GENERAL OBJECTIONS

1.      Casio America objects to the Requests or parts thereof to the extent they call for

the disclosure of confidential, sensitive, or proprietary information. Welsh & Katz is prosecuting

patent applications it intends to assert against the camera industry upon issuance, as Welsh &

Katz has expressly advised the United States Patent & Trademark Office. Even a Protective

Order cannot protect Casio America from the dangers associated with providing its highly

confidential technical information into the hands of a law firm that is prosecuting patent

applications intended to cover that information, and so Casio America may move to disqualify

the Welsh & Katz firm for this and other reasons.

2.      Casio America objects to the Requests or parts thereof to the extent they may be

interpreted to seek material protected by the attorney-client privilege, work product doctrine, or

any other privilege recognized by law. While we have provided these objections to specific

requests below based upon our understanding of what they request, should Papst or the Court

take a broader view of other requests such that they could encompass such information, we

hereby provide that objection.

3.    Casio America objects to the Requests to the extent they seek confidential documents or information that is subject to a protective order from another proceeding, or other confidentiality restriction.

4.    Casio America's responses to the Requests or parts thereof are made without waiver to objections with respect to further Requests directed to the same or similar subject matter and without waiver of any objections to admissibility at trial.

5.    By responding or objecting to the Requests or parts thereof, or by production of any document, Casio America does not admit or concede any allegation(s) or assertion(s) contained in such Requests.

6.    Casio America's objections are based on its interpretations of these requests. To the extent Papst or the Court should have a broader interpretation, we preserve objections based on over breadth, undue burden, relevance, privilege, work product or other immunity, bifurcation, and all other objections that might be made based on that broader interpretation.

7.    Casio America objects to the timing of the requested production of documents, as production cannot be completed in that time frame, but Casio America will undertake to provide a substantial document production by the requested date and complete the production in a reasonable time.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Instruction 1:  Casio America objects to the definition of "Casio" as overly broad and unduly burdensome.  Casio America will produce documents in its possession, custody, and control, and not otherwise.

Instruction 2:  Casio America objects to the definition of "document" as it is overbroad and unduly burdensome.  Casio America will employ the definition of document contemplated by Federal Rule of Civil Procedure 34.

Instruction 3:  Casio America objects to this instruction, which in effect is a set of interrogatories.  Casio America will not respond to interrogatories that are couched as document requests, and objects to them as overly broad, unduly burdensome, and as calling for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

Instruction 5:  Casio America objects to this instruction as overbroad and unduly burdensome.  Should documents be withheld on grounds of privilege or other immunity, Casio America will provide the information required by the Federal Rules, and not otherwise.

Instruction 7:  Casio America objects to this instruction, which in effect is a set of interrogatories.  Casio America will not respond to interrogatories that are couched as document requests, and objects to them as overly broad, unduly burdensome, and as calling for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

Instruction 10:  Casio America objects to this definition as overly broad and unduly burdensome.

Format of production:  The parties will need to reach agreement on the format of production, and Casio America objects to this instruction.  The proposed format is overly broad,

unduly burdensome, and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

Metadata: Casio America objects to this instruction as overly broad, unduly burdensome, calling for irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to the interrogatories buried in this instruction. Casio America will not respond to interrogatories that are couched as document requests, and objects to them as overly broad, unduly burdensome, and as calling for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

All responses below are expressly subject to General and specific objections.

1.    One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

Objection: Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.

Response: Subject to the objections, Casio America will produce samples, or provide for inspection, all Casio cameras specifically accused of infringement by Papst, and prior art cameras that Casio America will rely upon in this litigation.   Samples will only be provided upon advance payment of the camera costs.

2.    All documents referring or relating to the research, development, design, redesign, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce documents sufficient to show the designs and operations of the Casio cameras that Papst specifically accuses of infringement, as well as all user and service manuals for those cameras.

3.    All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this

request as calling for documents and information that are only relevant to the damages and

willfulness issues, which will be subject to Casio America 's motion to bifurcate. Casio America

also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to

coerce Casio America to settle.

**Response:** See response to Request 2.

4.    All documents referring or relating to the research, development, design, redesign,
prototype production, testing, manufacturing or commercial production of any and all Casio
Digital Cameras done by any persons or entities retained or consulted by Casio.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that are subject to the attorney-client privilege,

work product immunity, or other applicable immunity. Casio America also objects to this

request as calling for documents and information that are only relevant to the damages and

willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America

also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to

coerce Casio America to settle.

**Response:** See response to Request 2.

5.    All engineering specifications, assembly drawings, production drawings, parts
drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes,
specification sheets, sales manuals, brochures, instruction or operating manuals, user manuals,

technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** See response to Request 2.

6.    All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce documents as indicated in responses to other document requests.

7.    All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce summary records of sales to customers in the United States, for products specifically accused of infringement.

8.    All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

9.    All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that is only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate.  Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

10.    All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence.  Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also

objects to this request as calling for documents that are subject to the attorney-client privilege,

work product immunity, or other applicable immunity.  Casio America also objects to this

request as calling for documents and information that is only relevant to the damages and

willfulness issues, which will be subject to Casio America's motion to bifurcate.  Casio America

also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to

coerce Casio America to settle.

11.    All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence.  Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle. This request is also vague and ambiguous in that it refers to "any and Casio Digital cameras."

**Response:** See response to Request 2.

12.     All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** See response to Request 2.

13.    All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a) any agreements between Casio and any other individual(s) and/or entity(ies), and (b) and all events leading up to any such agreements, which concern any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate (Casio America recognizes and agrees with Papst that negotiations relating to the patents in suit are relevant to the damages issues, and will produce such documents to the extent they exist should a damages phase be necessary). Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

14.    All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

      15.     All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

      **Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

16.    All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

Objection: Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

17.    All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

Objection: Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that is only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

18.    All interrogatory responses from any Lawsuit relating to any and all Casio Digital
Cameras between Casio and any third party.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions. Casio America also objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that is only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

19.    Documents that relate to or show Casio's sales (in units and revenues), by year
and month.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce summary records of sales to customers in the United States, for those products specifically accused of infringement.

20.     Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (documents "relating" to sales summaries could include every document having anything to do with sales, see Papst definitions). Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents

and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce summary records of sales to customers in the United States, for those products specifically accused of infringement.

21.     Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

22.    Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio and deliberately driving up the Casio America expenses in order to coerce Casio America to settle. This request is also vague and ambiguous. Casio America is interpreting this request as asking, for each Casio America camera, what percentage of the total Casio America sales are to the United States.

23.    Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality

EXHIBIT C – PART II

restrictions. Casio America also objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that are only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

     24.     Documents the relate to or show which companies Casio has licensed to sell
Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly
amount of revenue under each license.

     **Objection:** Subject to objections, Casio America objects to this request as overly broad,

unduly burdensome, and as calling for irrelevant documents and things that are not reasonably

calculated to lead to the discovery of admissible evidence. Casio America also objects to

providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective

order. Casio America also objects to this request as calling for documents that may be subject to

third party confidentiality restrictions. Casio America also objects to this request as calling for

documents that are subject to the attorney-client privilege, work product immunity, or other

applicable immunity. Casio America also objects to this request as calling for documents and

information that are only relevant to the damages and willfulness issues, which will be subject to

Casio America's motion to bifurcate. Casio America also objects to this request as violating

Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and

deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

This request is also vague and ambiguous in that it says "documents the relate to" but Casio

America will interpret this as "documents that relate to".

I-NY/2172486.2

**Response:**  Subject to objections, Casio America will produce any agreements between Casio Computer Company, Ltd., and Casio Inc. relating to the sale of digital cameras.

-    25.    All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.  Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

26.    All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents and information

that are only relevant to the damages and willfulness issues, which will be subject to Casio

America's motion to bifurcate. Casio America also objects to this request as violating Federal

Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately

driving up the Casio America expenses in order to coerce Casio America to settle.

27.    Documents that relate to and show Casio's purchases, including the number of
units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio
Digital Cameras.

**Objection**: Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions. Casio America also objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that are only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

**Response**: Subject to objections, Casio America will produce documents sufficient to

show the units and amounts paid for sales between Casio America and Casio Japan, for products

specifically accused of infringement.

28.    All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions. Casio America also objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that are only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce summary records of sales

to customers in the United States, for products specifically accused of infringement.

29.    All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce summary records of sales to customers in the United States, for products specifically accused of infringement.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease, distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion

I-NY/2172486.2                          24

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

    31.    All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

    32.    All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that are subject to the attorney-client privilege,

work product immunity, or other applicable immunity. Casio America also objects to this

request as calling for documents and information that are only relevant to the damages and

willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America

also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to

coerce Casio America to settle.

33.    Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that are subject to the attorney-client privilege,

work product immunity, or other applicable immunity. Casio America also objects to this

request as calling for documents and information that are only relevant to the damages and

willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America

also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to

coerce Casio America to settle.

**Response:** Subject to the objections, Casio America will produce documents, if any, directed to the patents-in-suit.

34.    All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

35.    All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this

request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:**  Subject to the objections, Casio America will produce advertisements and promotional materials in the United States, for products specifically accused of infringement.

36.    A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:**  Subject to the objections, Casio America will produce advertisements and promotional materials in the United States, for products specifically accused of infringement.

37.    All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions. Casio America also objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that are only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

38.    All documents which refer or relate to Casio's knowledge or awareness of the
Patents-in-Suit.

**Objection**: Casio America objects to this request as calling for documents that are

subject to the attorney-client privilege, work product immunity, or other applicable immunity.

Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and

prior to entry of a protective order. Casio America also objects to this request as calling for

documents and information that are only relevant to the damages and willfulness issues, which

will be subject to Casio America's motion to bifurcate.

39.    All documents which refer or relate to the Patents-in-Suit.

**Objection**: Casio America objects to this request to the extent Papst might interpret it

broadly to include anything relating to the same technology in the patents, and so the request

would thus be overly broad, unduly burdensome, and as calling for irrelevant documents and

things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio

America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.  Casio America also objects to this request in that the phrase "refer or relate to the Patents-in-Suit" is vague and ambiguous.  How, for example, does this phrase differ from the phrase used in request 44?

**Response:**  Subject to the objections, Casio America will produce documents, if any, directed to the patents-in-suit.

40.    All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

**Objection:**  Casio America objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.

**Response:**  Subject to the objections, Casio America will produce documents sufficient to show the operation and design of the Casio cameras specifically accused of infringement by Papst, user and service manuals, and documents supporting or contradicting its other defenses.

41.    All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

**Objection:** Casio America objects to this request calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.

**Response:** Subject to the objections, Casio America will produce documents, if any, directed to the patents-in-suit, and other documents supporting, contradicting, or otherwise providing a basis for its claims and defenses in this action.

42.    All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

**Objection:** Casio America objects to this request calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.

43.    All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

**Objection**: Casio America objects to this request calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.

**Response**: Subject to the objections, Casio America will produce documents, if any, directed to the patents-in-suit, and other documents supporting, contradicting, or otherwise providing a basis for its claims and defenses in this action.

44.    All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

**Objection**: Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (to the extent Papst broadly reads "subject matter" of the patents). Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to

settle. Casio America also objects to this request in that the phrase "refer, relate and/or describe,

in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or

claimed therein, whether or not the Patents-in-Suit, are expressly named in any such documents"

is vague and ambiguous and there are no "inventions" in the patents in suit.

**Response**: Subject to the objections, Casio America will produce documents, if any,

directed to the patents-in-suit.

45.    All documents, including all legal opinions of counsel, recording, evidencing or
referring to Casio having ever made a study of the infringement, patentability, validity or claim
scope of the Patents-in-Suit.

**Objection**: Casio America objects to this request as calling for documents that are

subject to the attorney-client privilege, work product immunity, or other applicable immunity.

Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and

prior to entry of a protective order. Casio America also objects to this request as calling for

documents and information that are only relevant to the damages and willfulness issues, which

will be subject to Casio America's motion to bifurcate.

46.    All documents which establish or tend to establish that Casio has or has not
induced others to infringe or contributed to others' infringement of any claim of the Patents-in-
Suit.

**Objection**: Casio America objects to this request to the extent it calls for documents that

are subject to the attorney-client privilege, work product immunity, or other applicable

immunity. Casio America also objects to providing any confidential documents to Welsh &

Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as

it calls for a legal conclusion as to what might or might not "tend to establish" these things, and the request is vague and ambiguous for the same reasons.

**Response:** Subject to the objections, Casio America will produce advertisements and promotional materials in the United States, for products specifically accused of infringement.

47.     All documents relating to any attempt to design around the Patents-in-Suit.

**Objection:** Casio America objects to the extent that this might be interpreted as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America 's motion to bifurcate.

48.     All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (to the extent Papst broadly reads "subject matter" of the patents). Casio America objects to this as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to

Casio America's motion to bifurcate.   Casio America also objects to this request as the phrase "subject matter of the present lawsuit" is vague and ambiguous.

49.    All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also object to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.  Casio America also objects to this request in that the phrase "disclose or claim subject matter falling within the scope of the Patents-in-Suit" is vague and ambiguous.

**Response:** Subject to objections, Casio America will produce prior art on which it intends to rely and documents directed to the patents-in-suit.

50.    All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also

objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request in that the phrase "the subject matter of the Patents-in-Suit" is vague and ambiguous.

**Response:** Subject to the objections, Casio America will produce prior art on which it intends to rely, and documents directed to the patents-in-suit.

51.    All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world. This request shall have no time limitation.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (for example, Casio America's own products are prior art, and this request calls for every document related to that prior art). Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.

**Response:** Subject to the objections, Casio America will produce prior art on which it intends to rely.

52.    All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

**Objection:**  Casio America objects to this request as it could be interpreted in such a way that it is overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request to the extent it might be interpreted as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to this request as Papst has not "alleged" any secondary considerations.

**Response:**  Subject to the objections, sale summaries for the United States will be produced, for products specifically accused of infringement.

53.    All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

**Objection:**  Casio America objects to this request as it could be interpreted in such a way that it is overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to this request to the extent it might be interpreted as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.

1-NY/2172486.2                                37

**Response:** Subject to the objections, Casio America will produce documents, if any, directed to the patents-in-suit, and other documents supporting, contradicting, or otherwise providing a basis for its claims and defenses in this action.

54.    All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America 's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** The prior art on which Casio America intends to rely will be produced.

55.    All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (although Casio America does agree with Papst that

communications relating to licensing of the patents-in-suit are relevant to the damages issues). Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.

56.    All documents which set forth the officers and directors of Casio from 1997 to the present date.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as possibly calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

57.    All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

**EXHIBIT C – PART III**

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

58.    All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

59.    All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions. Casio America also objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that are only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the

Casio America expenses in order to coerce Casio America to settle.

     60.    All documents of any kind exchanged between Casio and any manufacturer
relating to the Patents-in-Suit.

    **Objection:** Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions. Casio America also objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

America also objects to this request as calling for documents and information that are only

relevant to the damages and willfulness issues, which will be subject to Casio America's motion

to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

61.    All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions.  Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.  Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

62.    As to each person Casio expects to call as an expert witness at the trial in this action:

(a)    All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b)    All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c)    All documents provided to each such expert and all documents provided by the expert to Casio.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (e.g., every document related to the subject matter, regardless of whether the expert has ever seen it). Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as calling for expert information prior to the time that will be established by the Court.

63. All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.  Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries, treatises and the like.

**Objection:**  Casio America objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for

documents and information that are only relevant to the damages and willfulness issues, which

will be subject to Casio America's motion to bifurcate.

**Response:** Subject to the objections, responsive documents will be produced.

66.    All documents that show any involvement of Casio's parent companies, sister
companies or related entities that are or were involved in the conception, design, research,
development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital
Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome,

and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also

objects to this request as calling for documents that are subject to the attorney-client privilege,

work product immunity, or other applicable immunity. Casio America also objects to this

request as calling for documents and information that are only relevant to the damages and

willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America

also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to

coerce Casio America to settle.

67.    All documents relating to whether Casio has any control over or has the ability to
obtain documents from its parent companies, sister companies or related entities that are or were
involved with any and all Casio Digital Cameras, including any documents that show:

(a)    a common ownership between Casio and any Casio parent company, sister
company, subsidiary or related entity;

(b)    an exchange or intermingling of board of directors between Casio and any
Casio parent company, sister company, subsidiary or related entity;

(c)    an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)    any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(e)    the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(f)    any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(g)    the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(h)    Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(i)    any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

68.    All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

**Objection:** Casio America objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.

**Response:** Subject to the objections, Casio America will produce document management or retention policies to the extent they exist.

69.    All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

70.    All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to

the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request to the extent it calls for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to the objections, Casio America will produce documents providing a general overview of the Casio America electronic systems, to the extent they exist.

71.    All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

**Objection:** Casio America incorporates by reference all objections to the interrogatories. Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence, at least to the extent the request seeks documents and things "relating in any way to" the interrogatories. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to the request for production of any document "relating" to the Papst interrogatories (e.g., each and every document "that constitutes, contains, embodies, evidences, concerns,

reflects, identifies, states, refers directly or indirectly to, or is any way relevant to" "the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale, licensed, or imported into the United States after October 22, 2002"), as being served in plain violation of Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle. It is very clear that the only thought that went into this and so many others of these requests was the benefit they provided Papst in making the case unreasonably expensive and burdensome for Casio America to fight.

72. Any and all joint defense agreements that refer or relate to (1) the Patents-in-Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not unreasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to this request to the extent it calls for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio American and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

73. All documents which refer or relate to the Papst Licensing.

**Objection:**  Casio America objects to this request to the extent Papst might interpret it to call for anything other than documents directly mentioning Papst or otherwise unrelated to the patents-in-suit, as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate.

**Response:**  Subject to the objections, Casio America will produce documents, if any, directed to the patents-in-suit and Papst.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In- Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

**Objection:**  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America 's motion to bifurcate.  Casio America

1-NY/2172486.2                                    50

also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose

of harassing Casio America and deliberately driving up the Casio America expenses in order to

coerce Casio America to settle.

DATED: May 21, 2007

Jeffrey M. Gold *(pro hac vice)*
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

J. Kevin Fee (Bar. No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Stimpson, Esq. *(pro hac vice)*
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel. 203-258-8412

Attorneys for Plaintiff and Counter- Defendant
Casio Inc. and Counter-Defendant Casio
Computer Co., Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing CASIO INC.'S OBJECTIONS TO PAPST LICENSING GMBH & CO. KG'S FIRST SET OF DOCUMENT REQUESTS TO CASIO INC. was served on this, the 21st day of May, 2007, upon the attorneys for Papst as follows:

**VIA U.S. MAIL and E-MAIL**
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Attorneys for Defendant/Counter-Plaintiff,
Papst Licensing GmbH & Co. KG

_____

# EXHIBIT D – PART I

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit D**

**To Papst's Motion to Compel the Production of Documents**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------x

CASIO INC.

             Plaintiff,         :

                      :

     v.                 :     Civil Action No. 1:06 CV 01751

                      :     Judge: Gladys Kessler

PAPST LICENSING GMBH & CO. KG  :

            Defendant.     :

PAPST LICENSING GMBH & CO. KG

           Counter-Plaintiff  :

     v.                 :

CASIO INC. and              :
CASIO COMPUTER CO., LTD.     :

          Counter-Defendants. :

------------------------------------------------x

### CASIO COMPUTER CO., LTD.'S OBJECTIONS AND RESPONSES TO PAPST LICENSING GMBH & CO. KG'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO COMPUTER CO., LTD.

    Casio Computer Co., Ltd. ("Casio Japan") objects to the entirety of these document requests, as they were not served in good faith and clearly were prepared in violation of Federal Rule of Civil Procedure 26(g). The only possible purpose for Papst serving discovery requests of this nature is to increase the expense to Casio Japan in an attempt to force it to settle. Papst is hereby put on notice that Casio Japan intends to seek sanctions for this discovery abuse, and that these document requests will be used as evidence to support Casio Japan's vigorous pursuit of attorney fees and costs in this litigation. Casio Japan will produce some documents to Papst, but in doing so does not in any way agree that any portion of these document requests were proper.

1-NY/2173300.3

Rather, as a way of advancing discovery, and until the Court rules on Casio Japan's planned motion for sanctions, Casio Japan indicates in this response the documents it intends to produce.

Casio Japan has been forced to object to the majority of these document requests. In the event Casio Japan produces documents responsive to some or all of these document requests, it reserves the right to seek payment of associated fees and costs from Papst and/or its counsel.

## GENERAL OBJECTIONS

1.      Casio Japan objects to the Requests or parts thereof to the extent they call for the disclosure of confidential, sensitive, or proprietary information. Welsh & Katz is prosecuting patent applications it intends to assert against the camera industry upon issuance, as Welsh & Katz has expressly advised the United States Patent & Trademark Office. Even a Protective Order cannot protect Casio Japan from the dangers associated with providing its highly confidential technical information into the hands of a law firm that is prosecuting patent applications intended to cover that information, and so Casio Japan may move to disqualify the Welsh & Katz firm for this and other reasons.

2.      Casio Japan objects to the Requests or parts thereof to the extent they may be interpreted to seek material protected by the attorney-client privilege, work product doctrine, or any other privilege recognized by law. While we have provided these objections to specific requests below based upon our understanding of what they request, should Papst or the Court take a broader view of other requests such that they could encompass such information, we hereby provide that objection.

I-NY/2173300.3                                      2

3.    Casio Japan objects to the Requests to the extent they seek confidential documents or information that is subject to a protective order from another proceeding, or other confidentiality restriction.

4.    Casio Japan's responses to the Requests or parts thereof are made without waiver to objections with respect to further Requests directed to the same or similar subject matter and without waiver of any objections to admissibility at trial.

5.    By responding or objecting to the Requests or parts thereof, or by production of any document, Casio Japan does not admit or concede any allegation(s) or assertion(s) contained in such Requests.

6.    Casio Japan's objections are based on its interpretations of these requests.  To the extent Papst or the Court should have a broader interpretation, we preserve objections based on over breadth, undue burden, relevance, privilege, work product or other immunity, bifurcation, and all other objections that might be made based on that broader interpretation.

7.    Casio Japan objects to the timing of the requested production of documents, as production cannot be completed in that time frame, but Casio Japan will undertake to provide a substantial document production by the requested date and complete the production in a reasonable time.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Instruction 1:  Casio Japan objects to the definition of "Casio" as overly broad and unduly burdensome.  Casio Japan will produce documents in its possession, custody, and control, and not otherwise.

Instruction 2:  Casio Japan objects to the definition of "document" as it is overbroad and unduly burdensome.  Casio Japan will employ the definition of document contemplated by Federal Rule of Civil Procedure 34.

Instruction 3:  Casio Japan objects to this instruction, which in effect is a set of interrogatories.  Casio Japan will not respond to interrogatories that are couched as document requests, and objects to them as overly broad, unduly burdensome, and as calling for irrelevant information not reasonably calculated to lend to the discovery of admissible evidence.

Instruction 5:  Casio Japan objects to this instruction as overbroad and unduly burdensome.  Should documents be withheld on grounds of privilege or other immunity, Casio Japan will provide the information required by the Federal Rules, and not otherwise.

Instruction 7:  Casio Japan objects to this instruction, which in effect is a set of interrogatories.  Casio Japan will not respond to interrogatories that are couched as document requests, and objects to them as overly broad, unduly burdensome, and as calling for irrelevant information not reasonably calculated to lend to the discovery of admissible evidence.

Format of production:  The parties will need to reach agreement on the format of production, and Casio Japan objects to this instruction.  The proposed format is overly broad,

unduly burdensome, and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

Metadata:  Casio Japan objects to this instruction as overly broad, unduly burdensome, calling for irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to the interrogatories buried in this instruction. Casio Japan will not respond to interrogatories that are couched as document requests, and objects to them as overly broad, unduly burdensome, and as calling for irrelevant information not reasonably calculated to lend to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

All responses below are expressly subject to General and specific objections.

1.      One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

Objection:  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.

Response:  Subject to objections, Casio Japan will produce samples, or provide for inspection, all Casio Cameras specifically accused of infringement by Papst, and prior art cameras that Casio Japan will rely upon in this litigation.  Samples will only be provided upon advance payment of the camera costs.

2.      All documents referring or relating to the research, development, design, redesign, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** Subject to objections, Casio Japan will produce documents sufficient to show the designs and operation of the Casio Cameras that Papst specifically accuses of infringement, as well as all user and service manuals for those cameras.

3.     All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request

as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** See response to Request 2.

4.    All documents referring or relating to the research, development, design, redesign, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio Japan.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** See response to Request 2.

5.     All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** See response to request 2.

6.     All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan

also objects to this request as calling for documents and information that are only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

**Response:**  Subject to objections, Casio Japan will produce documents as indicated in

responses to other document requests.

7.    All documents concerning communications with Casio's customers for any and
all Casio Digital Cameras.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan

also objects to this request as calling for documents and information that are only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

**Response:**  Subject to objections, Casio Japan will produce summary records of sales to customers in the United States, for products specifically accused of infringement.

8.    All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

9.    All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

I-NY/2173300.3

10

objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

10.     All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

11.     All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle. This request is also vague and ambiguous in that it refers to "any and Casio Digital Cameras."

**Response:** See response to request 2.

12.    All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this

request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio

Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to

settle.

      **Response:**  See response to request 2.

      13.    All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) and all events leading up to any such agreements, which concern any and all Casio Digital Cameras.

      **Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan

also objects to this request as calling for documents and information that is only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate (Casio Japan

recognizes and agrees with Papst that negotiations relating to the patents in suit are relevant to

the damages issues, and will produce such documents to the extent they exist should a damages

phase be necessary).  Casio Japan also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio Japan and deliberately driving up the

Casio Japan expenses in order to coerce Casio Japan to settle.

14.    All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

Objection:  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan

also objects to this request as calling for documents and information that is only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

15.    All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

Objection:  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan

also objects to this request as calling for documents and information that is only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

16.     All documents relating to any Lawsuit relating to any and all Casio Digital
Cameras between Casio (as a party or participant) and any third party in any forum in any
country of the world.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.   Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.   Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.   Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.   Casio Japan

also objects to this request as calling for documents and information that is only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

17.     All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in

any country between Casio and any third party.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

18.    All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that is only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

      19.    Documents that relate to or show Casio's sales (in units and revenues), by year

and month.

      **Objection**:  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan

also objects to this request as calling for documents and information that are only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

      **Response**:  Subject to objections, Casio Japan will produce summary records of sales to

customers in the United States, for those products specifically accused of infringement.

      20.    Documents that relate to or show summaries of Casio's sales for any and all Casio

Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (documents "relating" to sales summaries could include every document having anything to do with sales, see Papst definitions). Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** Subject to objections, Casio Japan will produce summary records of sales to customers in the United States, for those products specifically accused of infringement.

21.    Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle. This request is also vague and ambiguous. Casio Japan is interpreting this request as asking, for each Casio Japan camera, what percentage of the total Casio Japan sales are to the United States.

**EXHIBIT D – PART II**

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan

also objects to this request as calling for documents and information that are only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.  This request is also vague and ambiguous in that it says

"documents the relate to" but Casio Japan will interpret this as "documents that relate to".

**Response:**  Subject to objections, Casio Japan will produce any agreements between

Casio Computer Company, Ltd., and Casio, Inc. relating to the sale of digital cameras.

25.    All of Casio's license agreements related to the purchase, sale, manufacture and
distribution of any and all Casio Digital Cameras in the United States and throughout the world.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents and information

that are only relevant to the damages and willfulness issues, which will be subject to Casio's

motion to bifurcate.  Casio Japan also objects to this request as violating Federal Rule 26(g) as

interposed for the improper purpose of harassing Casio Japan and deliberately driving up the

Casio Japan expenses in order to coerce Casio Japan to settle.

26.    All royalty reports provided to Casio for all license agreements related to the
purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United
States and throughout the world.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

27.    Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

**Response**: Subject to objections, Casio Japan will produce documents sufficient to show

the units and amounts paid for sales between Casio Japan and Casio America, for products

specifically accused of infringement.

28.    All documents and things relating to revenues Casio has received from the
manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States
or any other country of any and all Casio Digital Cameras.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request as calling for documents that are subject to

the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan

also objects to this request as calling for documents and information that are only relevant to the

damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper

purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order

to coerce Casio Japan to settle.

**Response:**  Subject to objections, Casio Japan will produce summary records of sales to

customers in the United States, for products specifically accused of infringement.

29.    All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:**  Subject to objections, Casio Japan will produce summary records of sales to customers in the United States, for products specifically accused of infringement.

30.    All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease, distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

31.    All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

**Objection**: Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

32.    All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

33.    Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness

issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** Subject to the objections, Casio Japan will produce documents, if any, directed to the patents-in-suit.

34.    All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

35.    All advertisements, brochures, bulletins, and other advertising or promotional materials Casio Japan has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** Subject to the objections, Casio Japan will produce advertisements and promotional materials in the United States, for products specifically accused of infringement.

36.    A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** Subject to the objections, Casio Japan will produce advertisements and promotional materials in the United States, for products specifically accused of infringement.

37.    All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

38.    All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

**Objection:**  Casio Japan objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

39.    All documents which refer or relate to the Patents-in-Suit.

<u>Objection</u>:  Casio Japan objects to this request to the extent Papst might interpret it broadly to include anything relating to the same technology in the patents, and so the request would thus be overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio Japan also objects to this request in that the phrase "refer or relate to the Patents-in-Suit" is vague and ambiguous.  How, for example, does this phrase differ from the phrase used in request 44?

<u>Response</u>:  Subject to the objections, Casio Japan will produce documents, if any, directed to the patents-in-suit.

40.    All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

<u>Objection</u>:  Casio Japan objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

<u>Response</u>: Subject to the objections, Casio Japan will produce documents sufficient to show the operation and design of the Casio cameras specifically accused of infringement by Papst, user and service manuals, and documents supporting or contradicting its other defenses.

41.    All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

<u>Objection</u>:  Casio Japan objects to this request calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

<u>Response</u>:  Subject to the objections, Casio Japan will produce documents, if any, directed to the patents-in-suit, and other documents supporting, contradicting, or otherwise providing a basis for its claims and defenses in this action.

42.    All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

<u>Objection</u>:  Casio Japan objects to this request calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions.  Casio Japan also objects to this request as

calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

43.    All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

**Objection:** Casio Japan objects to this request calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

**Response:** Subject to the objections, Casio Japan will produce documents, if any, directed to the patents-in-suit, and other documents supporting, contradicting, or otherwise providing a basis for its claims and defenses in this action.

44.    All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (to the extent Papst broadly reads "subject matter" of the patents). Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other

applicable immunity. Casio Japan also objects to this request as calling for documents and

information that are only relevant to the damages and willfulness issues, which will be subject to

Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule

26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving

up the Casio Japan expenses in order to coerce Casio Japan to settle. Casio Japan also objects to

this request in that the phrase "refer, relate and/or describe, in whole or in part, the subject matter

of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-

in-Suit, are expressly named in any such documents" is vague and ambiguous, and there are no

"inventions" in the Patents-in-Suit.

**Response**: Subject to the objections, Casio Japan will produce documents, if any,

directed to the patents-in-suit.

45.    All documents, including all legal opinions of counsel, recording, evidencing or
referring to Casio having ever made a study of the infringement, patentability, validity or claim
scope of the Patents-in-Suit.

**Objection**: Casio Japan objects to this request as calling for documents that are subject

to the attorney-client privilege, work product immunity, or other applicable immunity. Casio

Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to

entry of a protective order. Casio Japan also objects to this request as calling for documents and

information that are only relevant to the damages and willfulness issues, which will be subject to

Casio's motion to bifurcate.

46.    All documents which establish or tend to establish that Casio has or has not
induced others to infringe or contributed to others' infringement of any claim of the Patents-in-
Suit.

**Objection:** Casio Japan objects to this request to the extent it calls for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio also objects to this request as it calls for a legal conclusion as to what might or might not "tend to establish" these things, and the request is vague and ambiguous for the same reasons.

**Response:** Subject to the objections, Casio Japan will produce advertisements and promotional materials in the United States, for products specifically accused of infringement.

47.    All documents relating to any attempt to design around the Patents-in-Suit.

**Objection:** Casio Japan objects to the extent this might be interpreted as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

48.    All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (to the extent Papst broadly reads "subject matter" of the patents). Casio Japan objects to this as calling for documents that are subject to the attorney-

client privilege, work product immunity, or other applicable immunity. Casio Japan also objects

to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a

protective order. Casio Japan also objects to this request as calling for documents and

information that are only relevant to the damages and willfulness issues, which will be subject to

Casio's motion to bifurcate. Casio Japan also objects to this request as the phrase "subject matter

of the present lawsuit" is vague and ambiguous.

49.     All documents constituting, recording, evidencing or referring to each United
States or foreign patent known to Casio which disclose or claim subject matter falling within the
scope of the Patents-in-Suit.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence. Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also

objects to this request as calling for documents that are subject to the attorney-client privilege,

work product immunity, or other applicable immunity. Casio Japan also objects to this request

as calling for documents and information that are only relevant to the damages and willfulness

issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this

request in that the phrase "disclose or claim subject matter falling within the scope of the

Patents-in-Suit" is vague and ambiguous.

**Response:** Subject to objections, Casio Japan will produce prior art on which it intends

to rely, and documents directed to the patents in suit.

50.     All documents, articles or publications concerning the subject matter of the
Patents-in-Suit.

<u>Objection</u>:  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio Japan also objects to this request in that the phrase "the subject matter of the Patents-in-Suit" is vague and ambiguous.

<u>Response</u>:  Subject to the objections, Casio Japan will produce prior art on which it intends to rely, and documents directed to the patents in suit.

51.     All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world. This request shall have no time limitation.

<u>Objection</u>:  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (for example, Casio Japan's own products are prior art, and this request calls for every document related to that prior art).  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.

**Response:** Subject to the objections, Casio Japan will produce prior art on which it intends to rely.

52.     All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

**Objection:** Casio Japan objects to this request as it could be interpreted in such a way that it is overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request to the extent it might be interpreted as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as Papst has not "alleged" any secondary considerations.

**Response:** Subject to the objections, sale summaries for the United States will be produced, for products specifically accused of infringement.

53.     All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

**Objection:** Casio Japan objects to this request as it could be interpreted in such a way that it is overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.

Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

**Response:** Subject to the objections, Casio Japan will produce documents, if any, directed to the patents-in-suit, and other documents supporting, contradicting, or otherwise providing a basis for its claims and defenses in this action.

54.    All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** The prior art on which Casio Japan intends to rely will be produced.

55.    All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

1-NY/2173300.3                                          38

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (although Casio Japan does agree with Papst that communications relating to licensing of the patents in suit are relevant to the damages issues). Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

56.    All documents which set forth the officers and directors of Casio from 1997 to the present date.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**EXHIBIT D – PART III**

57.    All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

**Objection**: Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

58.    All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

**Objection**: Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

59.    All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

**Objection**: Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

60.     All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

**Objection**: Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio

Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

61.    All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that may be subject to third party confidentiality restrictions.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio and deliberately driving up the Casio expenses in order to coerce Casio to settle.

62.    As to each person Casio expects to call as an expert witness at the trial in this action:

(a)    All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b)    All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c)     All documents provided to each such expert and all documents provided by the expert to Casio.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence (e.g., every document related to the subject matter, regardless of whether the expert has ever seen it). Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio Japan also objects to this request as calling for expert information prior to the time that will be established by the Court.

63.     All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio

Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries, treatises and the like.

**Objection:** Casio Japan objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents and

information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

    **Response:**  Subject to the objections, responsive documents will be produced.

    66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

    **Objection:**  Casio objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

    67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

    (a)    a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

    (b)    an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)      an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)      any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)      the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)      any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)      the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)      Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)      any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio

Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

68.    All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

**Objection:**  Casio Japan objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.

**Response:**  Subject to the objections, Casio Japan will produce document management or retention policies to the extent they exist.

69.    All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

**Objection:**  Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.  Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity.  Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

70.    All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

1-NY/2173300.3                                    47

**Objection:** Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request to the extent it calls for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

**Response:** Subject to the objections, Casio Japan will produce documents providing a general overview of the Casio Japan electronic systems, to the extent they exist.

71.     All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

**Objection:** Casio Japan incorporates by reference all objections to the interrogatories. Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence, at least to the extent this request seeks documents and things "related in any way to" the interrogatories. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate. Casio Japan also objects to the request for

1-NY/2173300.3                          48

production of any document "relating" to the Papst interrogatories (e.g., each and every

document "that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states,

refers directly or indirectly to, or is any way relevant to" "the research, development, design, re-

design, prototype production, testing, licensing, manufacturing, commercial production, sale,

offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for

sale, licensed, or imported into the United States after October 22, 2002"), as being served in

plain violation of Federal Rule 26(g) as interposed for the improper purpose of harassing Casio

Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to

settle.  It is very clear that the only thought that went into this and so many others of these

requests was the benefit they provided Papst in making the case unreasonably expensive and

burdensome for Casio Japan to fight.

    72.    Any and all joint defense agreements that refer or relate to (1) the Patents in Suit,
(2) any and all Casio Digital Cameras, or (3) Papst Licensing.

    **Objection**:  Casio Japan objects to this request as overly broad, unduly burdensome, and

as calling for irrelevant documents and things that are not reasonably calculated to lead to the

discovery of admissible evidence.  Casio Japan also objects to producing any confidential

documents to Welsh & Katz (ever), and prior to entry of a protective order.  Casio Japan also

objects to this request as calling for documents that may be subject to third party confidentiality

restrictions.  Casio Japan also objects to this request to the extent it calls for documents that are

subject to the attorney-client privilege, work product immunity, or other applicable immunity.

Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the

improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses

in order to coerce Casio Japan to settle.

73.    All documents which refer or relate to the Papst Licensing.

**Objection**: Casio Japan objects to this request to the extent Papst might interpret it to call for anything other than documents directly mentioning Papst or otherwise unrelated to the patents in suit, as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.

**Response:**  Subject to the objections, Casio Japan will produce documents, if any, directed to the patents-in-suit and Papst.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In- Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

**Objection**: Casio Japan objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio Japan also objects to producing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio Japan also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio Japan also objects to this request

as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio's motion to bifurcate.   Casio Japan also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio Japan and deliberately driving up the Casio Japan expenses in order to coerce Casio Japan to settle.

DATED:  May 21, 2007

_____
Jeffrey M. Gold (*pro hac vice*)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-2113

J. Kevin Fee (Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
(203) 258-8412

Attorneys for Plaintiff and Counter- Defendant
Casio Inc. and Counter-Defendant Casio
Computer Co., Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing CASIO COMPUTER CO., LTD.'S OBJECTIONS TO PAPST LICENSING GMBH & CO. KG'S FIRST SET OF DOCUMENT REQUESTS TO CASIO COMPUTER CO. LTD was served on this, the 21st day of May, 2007, upon the attorneys for Papst as follows:

**VIA U.S. MAIL and E-MAIL**
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Attorneys for Defendant/Counter-Plaintiff,
Papst Licensing GmbH & Co. KG

_____

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit E**

**To Papst's Motion to Compel the Production of Documents**

## Cwik, Joseph

---

**From:** Cwik, Joseph
**Sent:** Tuesday, June 12, 2007 5:09 PM
**To:** Scott Stimpson; Jeffrey Gold; lkrawczyk@morganlewis.com; Kevin He; jkfee@morganlewis.com
**Cc:** Schnayer, Jerold; Sliwinski, Cynthia; Killefer, Campbell
**Subject:** Insufficient Casio Discovery Responses

Scott,

We are available for a phone conference tomorrow, June 13 at 10:00 a.m. (Chicago time) 11:00 a.m. (NYC time). Also, in another good faith effort to move the discovery ball forward, we propose that Casio's initial round of discovery answers and document productions, to the extent those answers and document productions relate to technical subjects concerning Casio's digital cameras, be focused on the following technical subjects:

1. The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images.

2. The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory.

3. The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list.

4. The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera.

5. The interconnection of a camera to a personal computer.

6. The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera.

7. The process by which a camera communicates with and transfers information to or from a personal computer.

8. The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer.

To the extent that any of the documents in Casio's possession relate in any way to these subjects, even if they also relate to other subjects, we expect Casio to produce those documents to us.

This proposal is not intended in any way to be a withdrawal of any Papst Licensing discovery request. Each of Papst Licensing's requests is proper and remains pending. Should Casio's production of information and documents on these topics still be insufficient, Papst Licensing reserves the right to seek additional information responsive to its requests.

Please confirm that you are available discuss tomorrow, and identify the phone number we should call into. We look forward to your response.

Regards,
Joe

## Joseph E. Cwik

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit F**

**To Papst's Motion to Compel the Production of Documents**

**Papst Document Categories and Corresponding Exemplary Claim Language**

| Papst Document Categories | Corresponding Exemplary Claim Language |
|---|---|
| 1. The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images. | See, for example, Patent 6,470,399 Claim 1; "a data transmit/receive device, the data transmit/receive being arranged for providing analog data"   The Casio Infringing Products include a first "data transmit/receive device" formed at least in part by a lens and the diode array formed in a CCD chip that converts light into analog data that is representative of an image. |
| 2. The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory. | See, for example, Patent 6,470,399 Claim 1 "an analog-to-digital converter for converting data sampled by the sampling circuit into digital data, wherein the interface device is configured by the processor and memory…" |
| 3. The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list. | See, for example, Patent 6,895,399 Claim 1 "wherein the interface device is configured by the processor and the memory to include a first command interpreter and a second command interpreter…" This claim element reads on, for example, a set of program instructions that is stored in memory of a device in accordance with the other claim elements that are executed by a processor of the device to cause the device to operate in a certain way as described later in the claim. |
| 4. The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera. | See, for example, Patent 6,895,399 Claim 1 "a memory" The Casio Infringing Products include an on-chip memory that is located on the camera and audio chip and a memory card that can be located in a socket.   "wherein the interface device is configured by the processor and the memory to include a first command interpreter and a second command interpreter…" This claim element reads on, for example, a set of program instructions that is stored in memory of a device in accordance with the other claim elements that are executed by a processor of the device to cause the device to operate in a certain way as described later in the claim. |

| Papst Document Categories | Corresponding Exemplary Claim Language |
|---|---|
| 5. The interconnection of a camera to a personal computer. | See, for example, Patent 6,470,399 Claim 1 at Col. 12 Lines 53-57 "a first connecting device for interfacing the host device with the interface device via the multi-purpose interface of the host device; and a second connecting device for interfacing the interface device with the data transmit/receive device". The Casio Infringing Products include a USB socket that can be connected to a USB port of a personal computer by a USB cable. The Casio Infringing Products also include a USB interface that is located on the camera and audio chip. The "first connecting device" is formed by at least the USB socket, the USB interface on the camera and audio chip, and the electrical connections between the two. |
| 6. The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera. | See, for example, Patent 6,470,399 Claim 1 "the first command interpreter is configured in such a way that the command interpreter, when receiving an inquiry from the host device as to a type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device which signals to the host device that it is an input/output device customary in a host device, whereupon the host device communicates with the interface device by means of the driver for the input/output device customary in a host device". "the second command interpreter is configured to interpret a data request command from the host device to the type of input/output device signaled by the first command interpreter as a data transfer command for initiating a transfer of the digital data to the host device." |
| 7. The process by which a camera communicates with and transfers information to or from a personal computer. | See, for example, Patent 6,470,399 Claim 1 a "the first command interpreter is configured in such a way that the command interpreter, when receiving an inquiry from the host device as to a type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device which signals to the host device that it is an |

| Papst Document Categories | Corresponding Exemplary Claim Language |
|---|---|
|  | input/output device customary in a host device, whereupon the host device communicates with the interface device by means of the driver for the input/output device customary in a host device". "the second command interpreter is configured to interpret a data request command from the host device to the type of input/output device signaled by the first command interpreter as a data transfer command for initiating a transfer of the digital data to the host device." |
| 8. The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer. | See, for example, Patent 6,470,399 Claim 1. All of the above citations relating to the acquisition, processing, conversion, storage and transfer of light images are repeated herein as they also apply to sound waves. |

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit G**

**To Papst's Motion to Compel the Production of Documents**



**CASIO.**

Annual Report 2006
For the year ended March 31, 2006

# Toward
# ultimate evolution
# beyond imagination











## Principal Subsidiaries

(As of March 31, 2006)

**Overseas Subsidiaries**

**Europe**

- *Casio Europe GmbH*
  Germany
  Sales of Casio products

- *Casio Electronics Co., Ltd.*
  U.K.
  Sales of Casio products

- *Casio France S.A.*
  France
  Sales of Casio products

**Asia**

- *Casio Computer (Hong Kong) Ltd.*
  Hong Kong
  Production of electronic calculators

- *Casio Korea Co., Ltd.*
  The Republic of Korea
  Production of electronic timepieces

- *Casio Taiwan Ltd.*
  Taiwan
  Production of timepiece cases

- *Casio Singapore Pte., Ltd.*
  Singapore
  Production of electronic components and sales of Casio products

- *Casio India Co., Pvt. Ltd.*
  India
  Production and sales of electronic calculators and electronic timepieces

- *Casio Electronic Technology (Zhongshan) Co., Ltd.*
  The People's Republic of China
  Production and sales of electronic calculators, electronic dictionaries and electronic musical instruments

- *Casio Electronics (Shenzhen) Co., Ltd.*
  The People's Republic of China
  Production of electronic timepieces

- *Casio Electronics (Guangzhou) Co., Ltd.*
  The People's Republic of China
  Production and sales of electronic timepieces

- *Casio (Thailand) Co., Ltd.*
  Thailand
  Production of electronic timepieces

- *Casio (Shanghai) Co., Ltd.*
  The People's Republic of China
  Sales of Casio products

- *Taiwan Casio Marketing Co., Ltd.*
  Taiwan
  Sales of Casio products

**North America**

- *Casio, Inc.*
  U.S.A.
  Sales of Casio products

- *Casio Canada Ltd.*
  Canada
  Sales of Casio products

- *Casio Holdings, Inc.*
  U.S.A.
  Holding company

**Domestic Subsidiaries**

- *Yamagata Casio Co., Ltd.*
  Production of digital cameras, electronic time-pieces, and cellular phones

- *Casio Micronics Co., Ltd.*
  Production and sales of electronic components

- *Casio Electronic Manufacturing Co., Ltd.*
  Production of page printers

- *Kochi Casio Co., Ltd.*
  Production of LCDs

- *Kofu Casio Co., Ltd.*
  Production of handy terminals, system equipments, and LCDs

- *Casio Hitachi Mobile Communications Co., Ltd.*
  Development, design, and production of cellular phones

- *Casio Techno Co., Ltd.*
  Customer service for Casio products

- *Casio Information Systems Co., Ltd.*
  Sales of system equipment

- *Casio Electronic Devices Co., Ltd.*
  Sales of electronic components

- *CCP Co., Ltd.*
  Production and sales of toys and home appliances

(56 consolidated subsidiaries and 4 equity-method affiliates)

* On April 1, 2006, Casio Taiwan Ltd. and Taiwan Casio Marketing Co., Ltd. merged to form Casio Taiwan Co., Ltd.

## Directors and Corporate Auditors

(As of June 29, 2006)    *Corporate officers

*Chairman and Representative Director*

Toshio Kashio

*President and CEO*

Kazuo Kashio*

*Executive Vice President and Representative Director*

Yukio Kashio*

*Managing Directors*

Yozo Suzuki*
Akinori Takagi*
Yoshio Ono*
Fumitsune Murakami*

*Directors*

Tadashi Takasu*
Atsushi Mawatari*
Kouichi Takeichi*
Akira Kashio*
Susumu Takashima*

*Corporate Auditors*

Takeshi Honda
Yoshinobu Yamada
Hironori Daitoku

*Corporate Officers*

Naomitsu Satoh
Tomimoto Umeda
Eiichi Takeuchi
Harunori Fukase
Isamu Shimozato
Ichiro Ohno
Yuichi Masuda
Osamu Ohno
Atsushi Yazawa

## Corporate Data

(As of March 31, 2006)

| | |
|---|---|
| **Established:** | June 1957 |
| **Paid-in Capital:** | ¥41,549 million |
| **Employees:** | 12,673 |
| **Home Page Address:** | http://world.casio.com/ |

**Domestic Offices**

**Head Office**

6-2, Hon-machi 1-chome,
Shibuya-ku, Tokyo 151-8543

**Accounting Department**

Tel: (03) 5334-4852

**R&D Centers**

**Hamura Research & Development Center**

3-2-1, Sakae-cho,
Hamura City, Tokyo 205-8555
Tel: (042) 579-7111

**Hachioji Research & Development Center**

2951-5, Ishikawa-cho,
Hachioji City, Tokyo 192-8556
Tel: (042) 639-5111

**Overseas Offices**

**Casio, Inc.**

570 Mt. Pleasant Avenue,
Dover, New Jersey 07801,
United States
Tel: 973-361-5400

**Casio Europe GmbH**

Bornbarch 10,
22848 Norderstedt, Germany
Tel: 040-528-65-0

Casio Inc.
v.
Papst Licensing GMBH

No. 06 C 1751

Judge Kessler

Magistrate-Judge Robinson

**Exhibit H**

**To Papst's Motion to Compel the Production of Documents**

List of Some of The Issues To Which Each Papst Document Request Pertains

| | No. 1 | No. 2 | No. 3 | No. 4 | No. 5 | No. 6 | No. 7 | No. 8 | No. 9 | No. 10 | No. 11 | No. 12 | No. 13 | No. 14 | No. 15 | No. 16 | No. 17 | No. 18 | No. 19 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | X | X | X | X | X | X | | | | | | | | | X | X | X | X | |
| Direct Infringement | X | X | X | X | X | X | X | | | X | X | X | X | X | X | X | X | X | |
| Infringement by Inducement | X | X | X | X | X | X | X | X | X | | X | X | X | X | X | X | X | X | |
| Willful Infringement | X | X | X | X | X | X | X | | | | | | | X | | | | | |
| Operation of Cameras | X | X | X | X | X | X | X | | | X | X | X | | | X | X | X | X | |
| Research and Development of Cameras | | X | X | X | X | X | | | | X | X | X | | | X | X | X | X | |
| Validity | X | X | X | X | X | X | X | X | X | | | | | | X | X | X | X | |
| Commercial Success Factor for Validity | | | | | | | X | X | X | | | | | | | | | | X |
| Damages | | | | | | X | X | X | X | | | | X | | X | X | X | X | X |
| Reasonable Royalty Factors | | | | | | X | X | X | X | | | | X | | X | X | X | X | X |

| | No. 20 | No. 21 | No. 22 | No. 23 | No. 24 | No. 25 | No. 26 | No. 27 | No. 28 | No. 29 | No. 30 | No. 31 | No. 32 | No. 33 | No. 34 | No. 35 | No. 36 | No. 37 | No. 38 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | | | | | | | | | | | | | | | X | | | | |
| Direct Infringement | | X | | X | X | X | | | | | | X | | X | | X | X | X | |
| Infringement by Inducement | | X | | X | X | X | | | | | | X | | X | | X | X | X | |
| Willful Infringement | | | | | | | | | | | | | | X | X | | | | X |
| Operation of Cameras | | | | | | | | | | | | | | | | X | X | X | |
| Research and Development of Cameras | | | | | | | | | | | | | | | | | | | |
| Validity | | | | | | | | | | | | | | | | | | | |
| Commercial Success Factor for Validity | X | X | X | X | X | X | X | X | X | X | X | | X | X | | | | | |
| Damages | X | X | X | X | X | X | X | X | X | X | X | | X | X | | | | | |
| Reasonable Royalty Factors | X | X | X | X | X | X | X | X | X | X | X | | X | X | | | | | |

| | No. 39 | No. 40 | No. 41 | No. 42 | No. 43 | No. 44 | No. 45 | No. 46 | No. 47 | No. 48 | No. 49 | No. 50 | No. 51 | No. 52 | No. 53 | No. 54 | No. 55 | No. 56 | No. 57 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | X | X | X | | X | | X | | | | X | X | X | | X | X | X | | |
| Direct Infringement | X | X | X | | X | | X | | X | X | | | | | X | X | X | X | X |
| Infringement by Inducement | X | X | X | | X | X | X | X | X | X | | | | | X | X | X | X | X |
| Willful Infringement | X | X | X | | X | X | X | X | X | X | | | | | X | X | X | X | |
| Operation of Cameras | | | | | X | | X | | | | | | | | X | | | X | X |
| Research and Development of Cameras | | | X | | X | | | | | | | | | | | | | | X |
| Validity | X | | X | | X | X | X | | | X | X | X | X | X | X | X | X | | |
| Commercial Success Factor for Validity | | | X | | X | | | | | | | | | | | | | | X |
| Damages | | | X | X | X | | | | | | | | | | | | | X | X |
| Reasonable Royalty Factors | | | X | X | X | | | | | | | | | | | | | X | X |

| | No. 58 | No. 59 | No. 60 | No. 61 | No. 62 | No. 63 | No. 64 | No. 65 | No. 66 | No. 67 | No. 68 | No. 69 | No. 70 | No. 71 | No. 72 | No. 73 | No. 74 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | | | | | X | X | X | X | | | | | | X | | | X |
| Direct Infringement | X | X | X | X | X | X | | X | X | | | | | X | X | X | X |
| Infringement by Inducement | X | X | X | X | X | X | | X | X | | | | | X | X | X | |
| Willful Infringement | | | X | | X | X | X | X | X | | | | | X | X | X | |
| Operation of Cameras | X | X | | X | X | X | | X | X | | | | | X | | | |
| Research and Development of Cameras | X | | | X | X | | | X | X | | | | | | | | |
| Validity | | | X | | X | | X | X | | | | | | X | | X | X |
| Commercial Success Factor for Validity | X | X | | | X | | | X | X | | | | | | | X | |
| Damages | X | X | | | X | | | X | X | | | | | | X | | |
| Reasonable Royalty Factors | X | X | | | X | | | X | X | X | X | X | | | | | |
| Corporate Control; e-discovery; or spoliation | | | | | | | | | | | | | X | | | | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>              Plaintiff,<br><br>       v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>              Defendant.<br>─────────────────────────<br><br>PAPST LICENSING GMBH & CO. KG,<br>             Counter-Plaintiff<br><br>       v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>           Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Deborah A<br>Robinson |

**[PROPOSED] ORDER GRANTING MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS**

Upon consideration of the motion of Defendant and Counter-Plaintiff Papst

Licensing GMBH & Co, KG, to compel discovery the production of documents from

Casio Inc. and Casio Computer Co., Ltd. (collectively "Casio"), it is hereby

**ORDERED** that the Motion to Compel The Production of Documents is **granted**.

In particular, it is ordered that:

     1.      All documents and materials hereby ordered shall be produced within 10
calendar days of this Court order.

     2.      Casio shall respond to discovery request Nos. 1-5, 7, 10-15, 17-58, 62-74,
as further explained below.

3.      For purposes of this Order, the term "Casio Digital Cameras" shall be defined as Casio digital cameras capable of transferring picture data to another device, which were used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

4.      Casio must produce all non-privileged documents in response to Request Nos. 2-5 and 10-12 in connection with the following aspects of the Casio Digital Cameras:

1.      The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images.
2.      The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory.
3.      The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list.
4.      The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera.
5.      The interconnection of a camera to a personal computer.
6.      The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera.
7.      The process by which a camera communicates with and transfers information to or from a personal computer.
8.      The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer.

5.      Casio shall respond to all discovery requests with respect to each of its Casio Digital Cameras, and Casio's discovery responses shall not be limited to only those cameras specifically accused of infringement at this time.

6.      Casio shall produce all non-privileged materials relating to the research, design, development, testing, manufacturing, marketing, operation and commercial production of the at-issue Casio digital cameras. In particular, Casio shall produce all non-privileged materials responsive to Papst Licensing Document Request Nos. 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 35, 36, 37, 44, 53, 59, 60, 61 and 66.

7.      Casio shall not withhold any documents on the basis that they may be subject to a motion to bifurcate or a motion to disqualify counsel.

8.      Casio shall produce responsive documents relating to activities outside of the United States as well as within the United States.

9.      Casio shall produce all documents regarding the sales, profits, costs, licensing and reasonable royalty information for the at-issue Casio Digital Cameras.    In particular, Casio shall produce all non-privileged materials responsive to Papst Licensing Document Request Nos. 7, 19 to 33.

10.      Responsive documents from all Casio entities shall be produced, not just those named in this litigation. All documents responsive to Papst Doc. Request No. 67 shall be produced.

11.      Casio shall produce the requested documents regarding Casio's computer information systems.  Specifically, all documents responsive to Papst Doc. Request No. 70 shall be produced.

12.      Casio shall produce the requested documents regarding other lawsuits concerning Casio Digital Cameras. Specifically, all documents responsive to Papst Doc. Request Nos. 15, 17-18 shall be produced.

13.      Casio shall produce the requested documents concerning the Patents-In-Suit.  Specifically, all documents responsive to Papst Doc. Request Nos. 38, 39, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55 and 74 shall be produced.

14.      Casio shall produce the requested documents demonstrating the names of individuals and businesses involved in Casio's infringing activities.  Specifically, all documents responsive to Papst Doc. Request Nos. 56-58, 66 shall be produced.

15.      Casio shall produce the requested documents relating to prior art and related subject matter, and not just the prior art on which Casio intends to rely. Specifically, all documents responsive to Papst Doc. Request Nos. 50, 51 and 53.

16.      Casio shall produce the requested documents identified in, responsive to, used in responding to, or relating to Papst's First Set of Interrogatories.  Specifically, all documents responsive to Papst Doc. Request No. 71 shall be produced.

17.      No Casio documents shall be withheld on the basis of confidentiality given that Papst Licensing has agreed to keep any Casio confidential documents on an outside counsel only basis until the protective order issues are resolved.

DATED: _____        _____
                                      Deborah Robinson
                                      United States Magistrate Judge