UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

Plaintiff,

v.

PAPST LICENSING GMBH & CO. KG,
Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

Magistrate Judge: Robinson

Next Court Deadline: Discovery Hearing:
July 19, 2007

**PAPST'S MEMORANDUM IN OPPOSITION TO CASIO'S MOTION TO STRIKE
PAPST'S DISCOVERY REQUESTS AND FOR SANCTIONS**

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500
*Attorneys for Papst Licensing GmbH & Co. KG*

# I. INTRODUCTION

On April 20, 2007, Papst Licensing GmbH & Co. KG ("Papst"), properly served its First

Set of Document Requests and Interrogatories upon Casio US and Casio Japan. (Exs. A, B, C,

and D).[1]    Casio objected to Papst's discovery on the basis of relevance, undue burden, privilege,

work product and confidentiality, among others, despite the fact that Casio initiated this litigation

by filing Casio's broad declaratory judgment action against Papst.  Specifically, Casio refuses to

produce documents and information because Casio has interpreted Papst's requests in an

unreasonably broad sense in order to render the requests "overly broad."   Papst has since

voluntarily narrowed its requests in order to resolve this issue, but Casio has still provided

relatively few documents.

Casio thus attempts to evade its discovery obligations by placing the broadest possible

interpretation on Papst's requests and then filing Casio's Motion to Strike.  However, as stated

by the Advisory Committee on the 1993 amendments to Rule 37, "requests for production should

not be read or interpreted in an artificially restrictive or hyper technical manner to avoid

disclosure of information fairly covered by the discovery request, and to do so is subject to

appropriate sanctions . . .." Fed.R.Civ.P. 37(a) advisory committee's note (1993).  Casio's

blanket refusal to provide unquestionably relevant documents and information on contrived

claims of overbreadth should be rejected by this Court, especially where Papst has refined its

requests in discovery conferences.  Casio is the party that instituted this patent infringement suit,

and having done so, Casio should be prepared to spend the time that will be required to locate

and produce the documents and information properly requested by Papst.  Casio was well aware

at the time it filed this lawsuit that Casio had shipped at least 1,310,000 potentially infringing

---

[1] Because the discovery requests and responses thereto are virtually identical for both Casio entities, Casio US and
Casio Japan will be referred to collectively as "Casio" for purposes of this motion.

1

digital cameras in 2005 and 2006 alone, and that Papst could recover damages on its patents for

Casio sales dating as far back as 2002.   Thus, Papst's discovery requests are proper in the

context of this complex patent infringement lawsuit that concerns a variety of issues

domestically and overseas, and has a significant amount damages in controversy.

## II. ARGUMENT

Casio's Motion to Strike should be denied as every Papst discovery request was issued in

good faith to obtain relevant information from Casio.  Addressed below is Papst's opposition to

each concern raised by Casio in its Motion:

### A.    Discovery On The Research, Development, Design, Testing, Manufacturing, And Operation Of The Casio Digital Cameras Is Relevant.  (Papst Document Request Nos. 2-5, 10-12)

Papst's requests that Casio produce documents relating to research, design, development,

testing, manufacturing, and operation of the Casio Digital Cameras are reasonably calculated to

lead to the discovery of admissible evidence and are proper.  (Document Request Nos. 2-5, 11-

12, Exs. C, D.)  Papst narrowly defined the potentially infringing "Casio Digital Cameras" as

those Casio Digital Cameras used, manufactured, sold, offered for sale, licensed or imported into

the United States since October 22, 2002.  During discovery negotiations, Papst further narrowed

these requests to the following aspects of the Casio Digital Cameras that directly concern the

subject matter of the claim elements of claim 1 of Patent No. 6,470,399 ("'399 Patent"):

1.    The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images.
2.    The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory.
3.    The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list.
4.    The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera.
5.    The interconnection of a camera to a personal computer.

2

6.    The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera.

7.    The process by which a camera communicates with and transfers information to or from a personal computer.

8.    The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer.

(Attached Exhibit E. *See also* Exhibit F, which contains examples of how the above-listed categories directly relate to the claims of the '399 patent in suit.) Despite the relevance of each Papst request , Casio has improperly dug in its heels on Papst's requests and will only produce "documents sufficient to show the designs and operations of the Casio Cameras that Papst specifically accuses of infringement, as well as all user and service manuals for those cameras." (See e.g, Casio Response to Doc. Request No. 2, Ex. G.)

Casio's unilateral limitation on the scope of discovery is improper. Case law confirms that Papst is entitled to *all* relevant documents in response to the requests for technical information of the subject cameras, not simply a narrow scope self-servingly defined by Casio. *Ropak Corp. v. John W. Von Holdt*, 2006 U.S. LEXIS 19912, * 9-10 (N.D. Ill. April 17, 2006 ("Documents relating to the concept, design and manufacturing of allegedly infringing products are relevant …product features are defined during the concept, design and manufacturing process… the Court grants [the patentee's] motion to compel…."); *Alloc, Inc. v. Unilin Beheer B.V.*, 2006 U.S. Dist. LEXIS 24148 (D. Wis. 2006)(granting motion to compel research and development documents). Thus, Papst's requests concerning the technical subject matters of Casio's cameras seek relevant information and are proper.

Similarly, Casio's Motion complains that Papst's requests for engineering specifications, drawings, and other information concerning the properties and characteristic of the at-issue cameras are too broad. However, Casio's specifications and the like will inform Papst and the

3

Court exactly how the Casio digital cameras operate in ways that are relevant to the patent claims. For example, one claim element from the '399 patent generally requires a set of computer program instructions to perform certain functions. (Ex. I, pp. 8-10). Casio denies infringement of this element on the basis that Casio's program instructions do <u>not</u> perform the functions Papst claims they do. (Ex. J, pp. 22-23) Thus, the potentially most relevant evidence of infringement for this claim element will be Casio's specifications and block diagrams for its computer program instructions to see what exactly the programs do. Accordingly, Papst's requests for all technical documents on the at-issue Casio cameras, as further narrowed by Papst, are proper.

Similarly, Casio's Motion complains that Papst's catch-all request for documents referring or relating to Casio Digital Cameras is too broad. (Papst Request No. 6) However, Papst has narrowed this request to the eight specific technical aspects of the Casio Digital Cameras, identified above, that directly concern the subject matter of the claim elements of claim 1 of the '399 Patent. As such, the request is specifically relevant to the patent claims at-issue and should be produced.

**B.    Documents Concerning Casio's Communications with Customers Are Relevant. (Papst Document Request No. 7)**

Communications with Casio's customers concerning the Casio digital cameras are relevant on several issues and should also be produced. Customers from all parts of the world often comment on the capabilities and limitations of the accused products, and thus are relevant. *See e.g., Alloc, supra* ("Customers' experiences, complaints, praises and/or returns may be indicative of the product's capabilities and limitations."). Casio cannot seriously dispute that "[a]ll request[s] for discovery should be considered relevant if there is any possibility that the

4

information sought may be relevant…The objecting party bears the burden of demonstrating why a particular discovery request is improper." *Id.*  Thus, Papst's request is proper.

Casio's secondary complaint that Papst seeks information from Casio Singapore concerning Casio watches is unfounded because Casio's watches do not relate to the eight technical subject matters already defined by Papst above.

## C.    Documents Relating To Casio's Activities Outside of the U.S. Are Relevant and Should Be Produced.  (Request Nos. 7, 19, 20, 28, 29, 35, 36)

With respect to documents relating to Casio's communications with customers, sales, revenues, profits, and marketing materials outside the United States, Casio complains Papst's requests are too broad.  However, information concerning activities outside of the United States is still relevant and must be produced because Casio is liable for infringing products even if they are first sold outside the United States, if there is an expectation that the products will eventually be indirectly sold to the United States market in any infringing manner.  *See, Wing Shing Products, Ltd. v. Simatelex Manufactory Co., Ltd.*, 479 F.Supp.2d 388, 409 (S.D.N.Y. 2007) (defendant's knowledge that some infringing products manufactured outside of U.S. are destined for the U.S. establishes the intent element of induced infringement); *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed.Cir. 2005)(Japanese manufacturer could be liable for inducement where it sold accused product to its Japanese subsidiary which in turn sold it to its American subsidiary).

Papst's requested information is also relevant because it bears on the issue of Casio's commercial success. *Amsted Industries, Inc. v. National Castings, Inc.*, 1989 U.S. Dist. LEXIS 7718, 2-3 (D. Ill. 1989)(*company wide* financial data should be compelled because it was relevant to the issue of  commercial success of the infringing products in relation to all other

products).  Therefore, Papst's Request to Produce Nos. 7, 19-20, 28, 29, 35, and 36 are proper to

the extent they seek information outside the United States.

### D.     Casio's Financial Documents Are Relevant (Papst Document Request Nos. 13, 19-22, 27-30)

Casio objects to producing financial documents.  Casio has, to date, produced relatively

few and certainly not all relevant documents regarding the sales, revenues, profits, costs or

licensing information for the Casio Digital Cameras, and Casio only offers eventually to

"produce summary sales, costs, and profit information for cameras sold in the United States"

(Ex. K).  Casio's financial documents are relevant because Papst is entitled to compensation to

account for Casio's alleged infringement and, in no event, less than a reasonable royalty. 35

U.S.C. § 284.  Among the factors that must be considered in determining a reasonably royalty

(the so-called "Georgia-Pacific" factors) are all of the sales *and* profitability information

concerning the at-issue products.[2]  Thus, Papst's requests are relevant and should be produced.

### E.     Documents From All Casio Entities Are Relevant

Casio complains that Papst seeks information from all Casio entities. By commencing

its declaratory judgment action in the name of only Casio Inc., a U.S. subsidiary of the parent

Casio Japan, Casio cannot insulate itself from Papst's relevant and proper discovery from those

Casio entities that possess relevant information.  Casio's 2006 Annual Report states that Casio

Japan is in control of Yamagata Casio Co., Ltd., which is involved in the "production of digital

---

[2] *See, Georgia-Pacific Corp. v. U.S. Plywood*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970) (listing the relevant factors for determining a patent royalty, such as rates paid by the licensee for use of comparable patents; nature and scope of any license; licensor's policy and marketing program; commercial relationship between licensor and licensee; effect of selling patented specialty in promoting sales of licensee's other products; established profitability of product made under patent; utilitarian advantages of patent property over old modes or devices; nature of patented invention; extent to which infringer made use of the invention; portion of profit or selling price customary to allow for use of invention; portion of profit that should be credited to the invention, expert opinions, and amount a willing licensor would agree to pay for a license.); and *Parental Guide of Texas, Inc. v. Thomson, Inc.*, 446 F.3d 1265, 1270 (Fed. Cir. 2006) (*Georgia-Pacific* factors are proper standard for determining a reasonable royalty).

cameras." (Ex. L, p. 41.)  This report also demonstrates that Casio Japan is in control of twenty-seven other Casio entities that likely possess relevant information. *Id*; *See also* 7-34 Moore's Federal Practice - Civil § 34.14 ("The courts have frequently required a business entity party to produce documents in the possession of its parent company, and conversely have required the parent to produce documents possessed by its subsidiary.")  Thus, the scope of Papst's request are proper.

F.    **Documents Regarding Other Lawsuits Are Relevant  (Papst Document Request Nos. 15, 17-18)**

Papst's requests for documents relating to other lawsuits concerning Casio Digital Cameras are relevant to, among other things, Casio's previous admissions on claim interpretations, the operation of its cameras, damages, and the existence of other relevant documents. *See, Alloc, supra* (granting motion to compel documents from the infringing party's other patent lawsuit concerning same products at issue).  Indeed, there is at least one other lawsuit in which Casio was sued for patent infringement in connection with the Casio Digital Cameras at issue in this suit, in *St. Clair Property v. Canon Inc. et al.,* Case No. 03-00241-JJF (D. Del.). These documents should also be produced to Papst.

G.    **Papst's Request for Casio's Agreements Concerning the Casio Digital Cameras Are Proper**

Papst's requests for agreements concerning its digital cameras are relevant to, among other things, previous licensing agreements which would be evidence of a reasonable royalty on the damages issues. *Multi-Tech Sys., Inc. v. Dialpad.com, Inc.*, 2001 U.S. Dist. LEXIS 23575 (D. Minn. 2001)("we find that the licensing agreements, as well as the underlying negotiations, are relevant to this [patent] action")  Indeed, Casio has agreed that the subject matter of this request is generally proper by agreeing to produce "documents sufficient to show licenses related to the Casio Digital Cameras." (Ex. K).  Casio's unilateral limitation is improper, however,

because Papst is entitled to **_all_** of Casio's documents on this subject. "[A] defendant cannot simply claim noninfringement and limit discovery according to its view of the case." *Rohm and Haas Co. v. Brotech Corp.*, 1990 U.S.Dist.LEXIS 20117 at *20 (D.Del. 1990). Casio's agreements with its suppliers and customers will also demonstrate who else is involved in Casio's infringing activities and how other entities may be involved, which is relevant to at least Papst's infringement by inducement claim.

### H. Papst's Requests for Shipping Documents are Proper.

Casio has conceded that shipping documents are proper by agreeing to produce the "reasonable backup" that may verify its sales and costs summary. (Ex. K). However, Papst's request for *all* documents is proper because Casio is not entitled just to produce the "reasonable backup" documents Casio believes are helpful to Casio's case. Instead, Papst is entitled to test the veracity of Casio's summary by seeing the actual shipping documents. Thus, Papst's requests are proper.

### I. All Other Papst Document Requests Are Relevant

The page restraints do not permit Papst to go into detail describing the relevance of all of the document requests, but Papst has attached as Exhibit H a chart showing the areas of relevance of the different document requests, all of which are proper.

### J. Interrogatory No. 1 to Casio Japan is Proper

This interrogatory requesting Casio Japan to identify those businesses and individuals involved in Casio's infringing activities is proper. Rule 26(b)(1) permits this discovery stating that "Parties may obtain discovery regarding any matter, … *including…the identity and location of persons having knowledge of any discoverable matter.*" Casio's false concern about the identities of certain secretary and truck drivers is all bluster, and no substance, because Papst previously informed Casio it was not seeking that information (Ex. M, pp. 3-4), and because

Casio's interpretation of the request is the type of hyper-technical interpretation prohibited under the Rule 37. *See*, Fed.R.Civ.P. 37(a) advisory committee's note (1993).

### K.    <u>Interrogatory No. 1 to Casio USA is Proper</u>

Interrogatory 1 to Casio USA requests "an identification and explanation of all documents and other evidence that concerns and/or supports the interpretation of each phrase and each claim element [by Casio];" This type of information on claim construction is specifically permitted by Rule 26(b)(1) stating that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, *including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things.*" Papst's request for a "full and complete identification and description of each Casio Digital Camera" is also proper because Casio's Declaratory Judgment Complaint seeks an *unrestricted* "declaration that Casio Inc. has not infringed, and is not infringing the '449 patent and '399 patents;" [Docket No. 1] Thus, if Casio is seeking a declaration on *all* Casio cameras, then Papst is entitled to discovery on all Casio cameras. Papst's requests for an identification of documents supporting its claims and defenses is also supported by Rule 26(b)(1). Finally, Casio's allegation that Papst attempted to "trick" Casio by using Instructions to obtain further details is unfounded because using instructions within Papst's Interrogatories is a common practice, and even Casio uses instructions in a similar manner. (Ex. N, Instruction F, p. 3)(requesting Papst to identify all documents supporting its contentions addressed in the interrogatories).

### L.    <u>CASIO'S REQUESTED SANCTIONS ARE IMPROPER</u>

The sole case cited in support of Casio's requested sanctions, *Chapman & Cole v. Itel*, 865 F.2d 676, 685-86 (5th Cir. 1989) is inapposite. The awarded sanctions in that case were not principally based on any discovery request found to be overbroad. Instead, the sanctions were

awarded after the Court found that the defendant failed to file a counterclaim in compliance with Rule 11, "improperly failed to disclose the existence of a taped telephone conversation," and "found other internal reports [of Defendant] that were improperly withheld, [and] evidence of attempted intimidation of witnesses."   The Court also did not rule that discovery should be limited to the scope deemed relevant by the Plaintiff.  In this case, because Casio does not even attempt to allege that Papst's counterclaim does not comply with Rule 11 or that Papst has intentionally withheld evidence or intimidated witnesses, Rule 26(g) sanctions are inappropriate. Furthermore, Casio's request that discovery be limited to those documents and information it *unilaterally* deems relevant is improper.  A determination of patent infringement and validity on the merits can only be achieved in this case if Casio produces all of its responsive documents and information, including the good and the bad.  Casio's request that it only be required to produce documents "sufficient to show" almost guarantees that this Court and Papst will only see Casio's own biased side of the evidence in this case.  Therefore, Casio's Motion should be denied.

## CONCLUSION

Papst's discovery responses are in full compliance with Rule 26(g) in that they are (1) consistent with the Federal Rules of Civil Procedure and warranted by existing law, (2) not interposed for any improper purpose, (3) and not unreasonable or unduly burdensome given the needs of the case and the amount in controversy.  Thus, Papst respectfully requests this Court deny Casio's Motion to Strike and For Sanctions.


Dated:  July 3, 2007                              Respectfully submitted,

                                                  Campbell Killefer (Bar. No. 268433)
                                                  VENABLE LLP
                                                  575 7th Street, N.W.
                                                  Washington, D.C. 20004
                                                  (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

*Attorneys for Defendant/Counter-Plaintiff Papst
Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 3rd day of July, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc. and Casio Computer Co., Ltd.**

Campbell Killefer

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

Plaintiff,

v.

PAPST LICENSING GMBH & CO. KG
Defendant.

_____

PAPST LICENSING GMBH & CO. KG

Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

_____

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

### PAPST LICENSING GMBH & CO. KG'S
### FIRST SET OF INTERROGATORIES TO CASIO COMPUTER CO., LTD.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG ("Papst"), through counsel, requests Plaintiff/Counter-Defendant, Casio Computer Co., Ltd. ("Casio Japan"), to respond to each of the Interrogatories below.

### DEFINITIONS

1.      "Counter-Defendant," "you," "your," and "Casio Japan" means (a) Casio Computer Co., Ltd., Casio Inc. and all of their parent corporations, predecessor corporations, successor corporations, subsidiary corporations, affiliated or related

companies, and groups and divisions thereof; (b) Casio Japan's present or past directors, officers, employees, agents, consultants, accountants, attorneys and independent contractors that have contractual relations with it; and (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf Casio Japan or anyone under its control, direction or instruction.

2.      "Document" shall be construed in it broadest sense and shall mean all written, printed, typed, recorded, graphic, stenographic, computer-generated, computer-stored and electronically stored matter of every kind and description, however and by whomever produced, prepared, reproduced, disseminated, or made, including all originals, copies and drafts thereof and all attachments and appendices thereto, and shall also include audiovisual works and magnetic recordings of any type such as video tape recordings, slides, floppy and hard disks, audio recordings and photographic pictures or movies.  A copy of any document that contains notes, sketches, annotations, highlighting, underlining or other markings, comments or modification on or of another document shall be considered a separate document.

3.      "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in Your possession, custody or control.

4.      A request for a Document shall be deemed to include a request for a Thing. A request for a Thing shall be deemed to include a request for a Document.

5.      "Or" is inclusive referring to any one or more of the disjoined words or phrases listed.

6.      "Relating to," "relate to," "relation to," or "relating" means constituting,

discussing or referring to, analyzing, embodying, evidencing, consulting, recording, communicating, involving, describing, pertaining to, concerning, or containing, directly or indirectly in any way, the subject matter of the particular request.

7.    "Communication," "communicate" or "communicating" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, telex, facsimile, personal delivery or otherwise.

8.    The term "Lawsuit" means any type of legal action including but not limited to lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and international cases filed in any tribunal.

9.    The terms "identify" or "identity" or "identification" when used in connection with an individual means: state the individual's full name; his or her home and business addresses; his or her last known employer; his or her position, title, or job description; and if employed by You, the individual's dates and regular places of employment and general duties.

10.    The terms "identify" or "identity" or "identification" when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person means; state its full name and type of organization or entity; state the address of its principal place of business, its date and place of incorporation; and identify its officers, directors, and managing agents.

11.    The terms "identify" or "identity" or "identification" when used in connection with an oral statement or discussion means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to

whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or mechanical or other recording, state the date and present location of said recording.

12.    The terms "identify" or "identity" or "identification" when used in connection with a written document or statement means; state the name of the author, the type of document or writing, the date, the addressee, or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed, the subject matter, and the present location.  In lieu of such identification, You may attach a copy of the written containing said written statement and refer thereto in Your answer.

13.    As used herein, "Casio Digital Camera" shall mean all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device.

14.    "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

## INSTRUCTIONS

1.    Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your agents, representatives, and attorneys.  Whenever an answer to these interrogatories contains information that is not based upon Your personal knowledge, state the source and the nature of such information.

2.    Answer all of the interrogatories completely.  If You contend that the answer to any interrogatory is privileged in whole or in part, state all facts supporting such privilege,

and identify each person having knowledge of the factual basis on which the privilege is asserted. Answer should be made of all knowledge and information which is not privileged.

3. If You have no knowledge or information responsive to a particular interrogatory, please state such.

4. These interrogatories shall be deemed continuing and Casio Japan shall supplement and seasonably amend its responses as required under the Federal Rules.

5. If an objection is made to any interrogatory, answer should be made of all knowledge and information to which the objection does not relate.

6. If Casio Japan finds the meaning of any term in these interrogatories unclear, Casio Japan shall assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory according to the assumed meaning.

7. Unless otherwise specified, the interrogatories below are not limited to the knowledge or information in the United States. Instead, they relate to any such knowledge or information in any country.

8. The phrase "Identify any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for sale, licensed or imported into the United States" shall mean:

      a. For each entity or person identified, describe what each entity or individual did in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each

5

Casio Digital Camera; the corresponding time period(s) in which each entity or person was involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing,  commercial production, sale, offer for sale or importation for each Casio Digital Camera; and each individual's title and employer during those corresponding time period(s);

b.     Identify all documents (by Bates Number) showing the identity of any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera.

## PAPST'S INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing,  commercial production, sale, offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for sale, licensed or imported into the United States after October 22, 2002.

**INTERROGATORY NO. 2:**    Separately with respect to each of the Patents-In-Suit, state:

    (A)    The dates upon which, and the circumstances under which, Casio first became aware of the Patents-In-Suit, and the persons who became aware of them;

    (B)    Whether Casio received legal advice at any time, including after the filing of the Complaint, that it did not infringe each of the patents in suit, or that each of the Patents-In-Suit was invalid or unenforceable and, if so, identify the date upon which, and the circumstances under which Casio obtained such legal advice, or caused any studies relating to such advice to be made, as well as any oral or written opinion of legal counsel, with respect to:

        (i)    the infringement or non-infringement of the Patents-In-Suit; and/or

        (ii)    the validity, invalidity, enforceability or unenforceability of the Patents-In-Suit;

(C)     Identify all persons having knowledge of the subject matter of Casio's

response to this interrogatory, and locate and identify all documents

pertaining to the subject matter of Casio's response to this interrogatory;

and

(D)     Identify all discussions, communications, events or documents that relate

to or refer to any legal advice received by Casio with respect to:

(i)      the infringement or non-infringement of the Patents-In-Suit; and/or

(ii)     the validity, invalidity, enforceability or unenforceability of the

Patents-In-Suit.


Dated:  April 20, 2007


        _/s/ Joseph E. Cwik
       Jerold B. Schnayer
       Joseph E. Cwik
       WELSH & KATZ, LTD.
       120 South Riverside Plaza • 22nd Floor
       Chicago, Illinois 60606
       (312) 655-1500

       Campbell Killefer (Bar No. 268433)
       VENABLE LLP
       575 7th Street, N.W.
       Washington, D.C. 20004
       (202) 344-4000
       **Attorneys for Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG**

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF INTERROGATORIES TO CASIO COMPUTER CO., LTD. was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as follows:

**<u>VIA U.S. MAIL and E-MAIL</u>**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**<u>VIA U.S. MAIL And E-MAIL</u>**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

 

                          /s/ Joseph E. Cwik
                          Attorney for Papst Licensing GmbH & Co. KG

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

               Plaintiff,

     v.

PAPST LICENSING GMBH & CO. KG
               Defendant.

_____

PAPST LICENSING GMBH & CO. KG

               Counter-Plaintiff

     v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

               Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

**PAPST LICENSING GMBH & CO. KG'S
FIRST SET OF INTERROGATORIES TO CASIO INC.**

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff, Papst Licensing GmbH & Co. KG ("Papst"), through counsel, requests Plaintiff/Counter-Defendant, Casio Inc. ("Casio"), to respond to each of the Interrogatories below.

## **DEFINITIONS**

    1.     "Plaintiff," "you," "your," and "Casio" means (a) Casio Inc., Casio Computer Co., Ltd. and all of their parent corporations, predecessor corporations, successor corporations, subsidiary corporations, affiliated or related companies, and

groups and divisions thereof; (b) Casio's present or past directors, officers, employees, agents, consultants, accountants, attorneys and independent contractors that have contractual relations with it; and (c) any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf Casio or anyone under its control, direction or instruction.

2.      "Document" shall be construed in it broadest sense and shall mean all written, printed, typed, recorded, graphic, stenographic, computer-generated, computer-stored and electronically stored matter of every kind and description, however and by whomever produced, prepared, reproduced, disseminated, or made, including all originals, copies and drafts thereof and all attachments and appendices thereto, and shall also include audiovisual works and magnetic recordings of any type such as video tape recordings, slides, floppy and hard disks, audio recordings and photographic pictures or movies.  A copy of any document that contains notes, sketches, annotations, highlighting, underlining or other markings, comments or modification on or of another document shall be considered a separate document.

3.      "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in Your possession, custody or control.

4.      A request for a Document shall be deemed to include a request for a Thing. A request for a Thing shall be deemed to include a request for a Document.

5.      "Or" is inclusive referring to any one or more of the disjoined words or phrases listed.

6.      "Relating to," "relate to," "relation to," or "relating" means constituting,

discussing or referring to, analyzing, embodying, evidencing, consulting, recording, communicating, involving, describing, pertaining to, concerning, or containing, directly or indirectly in any way, the subject matter of the particular request.

7.      "Communication," "communicate" or "communicating" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, telex, facsimile, personal delivery or otherwise.

8.      The term "Lawsuit" means any type of legal action including but not limited to lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and international cases filed in any tribunal.

9.      The terms "identify" or "identity" or "identification" when used in connection with an individual means: state the individual's full name; his or her home and business addresses; his or her last known employer; his or her position, title, or job description; and if employed by You, the individual's dates and regular places of employment and general duties.

10.     The terms "identify" or "identity" or "identification" when used in connection with a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person means; state its full name and type of organization or entity; state the address of its principal place of business, its date and place of incorporation; and identify its officers, directors, and managing agents.

11.     The terms "identify" or "identity" or "identification" when used in connection with an oral statement or discussion means: state the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to

whom the statement was addressed, if practicable, and otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was memorialized in writing or mechanical or other recording, state the date and present location of said recording.

12.     The terms "identify" or "identity" or "identification" when used in connection with a written document or statement means; state the name of the author, the type of document or writing, the date, the addressee, or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed, the subject matter, and the present location.  In lieu of such identification, You may attach a copy of the written containing said written statement and refer thereto in Your answer.

13.     As used herein, "Casio Digital Camera" shall mean all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device, that have been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

14.     "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

## **INSTRUCTIONS**

1.     Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your agents, representatives, and attorneys.  Whenever an answer to these interrogatories contains information that is not based upon Your personal knowledge, state the source and the nature of such information.

2.     Answer all of the interrogatories completely.  If You contend that the answer

to any interrogatory is privileged in whole or in part, state all facts supporting such privilege, and identify each person having knowledge of the factual basis on which the privilege is asserted. Answer should be made of all knowledge and information which is not privileged.

3.      If You have no knowledge or information responsive to a particular interrogatory, please state such.

4.      These interrogatories shall be deemed continuing and Casio shall supplement and seasonably amend its responses as required under the Federal Rules.

5.      If an objection is made to any interrogatory, answer should be made of all knowledge and information to which the objection does not relate.

6.      If Casio finds the meaning of any term in these interrogatories unclear, Casio shall assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory according to the assumed meaning.

7.      Unless otherwise specified, the interrogatories below are not limited to the knowledge or information in the United States. Instead, they relate to any such knowledge or information in any country.

8.      The phrase "Describe in full and complete detail how each Casio Digital Camera does not infringe each of the Patents-in-Suit" shall mean:

      a.      Describe in full and complete detail the meaning of each term and each claim element in each claim and the basis for Casio's alleged meaning of each term and each claim element, including, but not limited to, an identification and explanation of all documents and other evidence that concerns and/or supports the interpretation of each phrase and each claim element;

      b.      Provide a full and complete identification and description of each Casio Digital Camera, including a full and complete identification of all documents that concern or describe the operation and/or construction of each Casio Digital Camera;

      c.      Provide a full and complete explanation of how any and all claim elements do not read on each Casio Digital Camera; and

      d.      Provide an identification of all documents and things that support in any way Casio's Complaint, Answer or Affirmative Defenses and a full and complete explanation of how they support Casio's Complaint, Answer or Affirmative Defenses.

      e.      Describe, for each and every claim element, whether any non-infringement is literal non-infringement and/or non-infringement under the doctrine of equivalents.

9.      The phrase "Describe in full and complete detail the bases for the allegations in Casio's Complaint that the Patents-in-Suit are invalid for failing to comply with the patent laws of the United States" shall mean:

      a.      Describe in full and complete detail the meaning of each term and each claim element in each claim and the basis for Casio's alleged meaning of each term and each claim element, including, but not limited to, an identification and explanation of all documents and other evidence that concerns and/or supports the interpretation of each phrase and each claim element;

      b.      Provide a full and complete identification and description of each

alleged prior art reference, including a full and complete identification of all documents that concern or describe each prior art reference, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world;

c.      Provide a full and complete explanation of how any and all prior art reference(s), in combination or alone, read on each element of each claim of the Patents-In-Suit;

d.      Provide an identification of all documents and things that support in any way Casio's Complaint, Answer or Affirmative Defenses and a full and complete explanation of how it supports Casio's Complaint, Answer or Affirmative Defenses;

e.      For any invalidity assertion under 35 U.S.C. § 103, provide a full and complete explanation how each prior art reference teaches, suggests or otherwise provides a motivation to combine with any other prior art reference;

f.      Provide a full and complete explanation of why the Patents-In-Suit are invalid for failing to comply with 35 U.S.C. § 112.

## PAPST'S INTERROGATORIES

**INTERROGATORY NO. 1:**     Describe in full and complete detail how each Casio Digital Camera does not infringe each of the Patents-in-Suit.

**INTERROGATORY NO. 2:**     Describe in full and complete detail the bases for the allegations in Casio's Complaint that the Patents-in-Suit are invalid for failing to comply with the patent laws of the United States.

**INTERROGATORY NO. 3:**     Separately with respect to each of the Patents-In-Suit, state:

    (A)    The dates upon which, and the circumstances under which, Casio first became aware of the Patents-In-Suit, and the persons who became aware of them;

    (B)    Whether Casio received legal advice at any time, including after the filing of the Complaint, that it did not infringe each of the patents in suit, or that each of the Patents-In-Suit was invalid or unenforceable and, if so, identify the date upon which, and the circumstances under which Casio obtained such legal advice, or caused any studies relating to such advice to be made, as well as any oral or written opinion of legal counsel, with respect to:

        (i)    the infringement or non-infringement of the Patents-In-Suit; and/or

        (ii)    the validity, invalidity, enforceability or unenforceability of the

Patents-In-Suit;

(C)     Identify all persons having knowledge of the subject matter of Casio's

response to this interrogatory, and locate and identify all documents

pertaining to the subject matter of Casio's response to this interrogatory;

and

(D)     Identify all discussions, communications, events or documents that relate

to or refer to any legal advice received by Casio with respect to:

(i)     the infringement or non-infringement of the Patents-In-Suit; and/or

(ii)    the validity, invalidity, enforceability or unenforceability of the

Patents-In-Suit.


Dated:  April 20, 2007


/s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
 (312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys     for     Defendant/Counter-
Plaintiff, Papst Licensing GmbH & Co.
KG**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF INTERROGATORIES TO CASIO INC.was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as follows:

**<u>VIA U.S. MAIL and E-MAIL</u>**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**<u>VIA U.S. MAIL AND E-MAIL</u>**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

<u>/s/ Joseph E. Cwik</u>
Attorney for Papst Licensing GmbH & Co.
KG

10

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>　　　　　　Defendant.<br>_____<br><br>PAPST LICENSING GMBH & CO. KG,<br>　　　　　　Counter-Plaintiff<br><br>　　v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>　　　　　　Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**PAPST LICENSING GMBH & CO. KG'S**
**FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**
**AND THINGS TO CASIO COMPUTER CO., LTD.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Counter-Defendant Casio Computer Co., Ltd. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, "Casio" shall include, but is not limited to, Casio Computer Co., Ltd., Casio Inc. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2.  As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

3.  If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4.  As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5.  In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

6. As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7. In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8. As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9. As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, versions, and revisions of any and all products, or methods, relating to any part of any Casio Digital Camera capable of transferring picture data to another device.

11. "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12. Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

13. These document requests are continuing in nature. If after making its initial response hereto (and up until the time of any hearing or trial), Casio  or its attorneys,

4

agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

14.    Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

15.    The methods and format of Casio's production shall be as follows:

I.    <u>Format of Production</u>

A.    The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B.    Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files the documents are located. The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

C.    Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document

image other than the Bates Number, confidentiality legend (where applicable), and

redactions addressed above.

        D.      For redacted documents, the metadata for each document will indicate the

basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time

the redacted document is produced.

        II.    <u>Metadata</u>

        To the extent possible and practicable, the parties will provide the following

metadata fields:

      (a)      Electronic document type;
      (b)      Create date;
      (c)      File name;
      (d)      File location;
      (e)      Source location;
      (f)      Starting production number;
      (g)      Ending production number;
      (h)      Custodian;
      (i)      Last date modified;
      (j)      Author;
      (k)      Recipient(s);
      (l)      Document date (if different from create date);
      (m)      cc(s);
      (n)      bcc(s);
      (o)      Subject;
      (p)      Title; and
      (q)      Attachment information (for e-mails).

        If a party determines that it is impossible to produce certain metadata fields for a

type or types of documents, the party shall so inform opposing counsel.  If a party

determines that the production of certain metadata fields for a type or types of documents

would be impracticable, unduly burdensome or unduly expensive, the party shall so

inform opposing counsel, and the parties shall promptly meet and confer on what should

be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1.   One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2.   All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3.   All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4.   All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

5.   All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user

manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

6.  All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

7.  All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

8.  All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

9.  All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) and all events leading up to any such agreements, which concern  any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation

agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease, distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45. All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46. All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47. All documents relating to any attempt to design around the Patents-in-Suit.

48.     All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.     All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.     All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.     All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world.  This request shall have no time limitation.

52.     All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.     All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.     All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

55.     All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56.     All documents which set forth the officers and directors of Casio from 1997 to the present date.

57.     All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58.     All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59.     All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60.     All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61.     All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62.     As to each person Casio expects to call as an expert witness at the trial in this action:

(a).     All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).     All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c).     All documents provided to each such expert and all documents provided by the expert to Casio.

63.     All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.     All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.     All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries, treatises and the like.

66.     All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.     All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).     a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)     an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)      an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)      any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)      the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)      any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)      the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)      Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)      any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.      All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.      All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

70.      All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those

systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.    All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.    Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.    All documents which refer or relate to the Papst Licensing.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

Dated:  April 20, 2007

   _/s/ Joseph E. Cwik
Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza ● 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that a copy of the foregoing PAPST LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO COMPUTER CO., LTD. was served on this the 20th day of April, 2007 upon the attorneys for Casio Computer Co., Ltd. as follows:

**<u>VIA U.S. MAIL and E-MAIL</u>**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc. and Casio Computer Co.,Ltd.

**<u>VIA U.S. MAIL AND E-MAIL</u>**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

     /s/ Joseph E. Cwik
     Attorney for Papst Licensing GmbH & Co. KG

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>        Plaintiff,<br><br>    v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>        Defendant.<br>_____<br><br>PAPST LICENSING GMBH & CO. KG,<br>        Counter-Plaintiff<br><br>    v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>        Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**PAPST LICENSING GMBH & CO. KG'S**
**FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**
**AND THINGS TO CASIO INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG ("Papst") requests that Plaintiff/Counter-Defendant Casio Inc. ("Casio"), produce the following documents and things for inspection and copying in accordance with the Definitions and Instructions set forth herein. If the manner of production is not otherwise agreed upon, production shall be at the offices at Welsh & Katz, Ltd., 120 South Riverside, 22nd Floor, Chicago, Illinois 60606, within thirty (30) days after service hereof, or as the parties may otherwise agree.

## **DEFINITIONS AND INSTRUCTIONS**

1.  As used herein, "Casio" means (a) Casio Inc., Casio Computer Co., Ltd. and all of their predecessor(s) and successor(s) in interest, parent(s), subsidiaries, related and affiliated persons or entities, and any person employed by or for any or all of these entities, and all agents or representatives (including but not limited to their attorneys, accountants, and consultants).

2.  As used herein, the term "document" shall have the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, the original (and every copy of the original which differs in any way from it) of any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, which is or has been in the possession, custody, or control of Casio, or of which Casio has knowledge, including, without limitation: electronic mail; correspondence; memoranda; stenographic or handwritten notes; technical literature; specifications; plans; blueprints; drawings, charts; computer tapes, print-outs, and any other computer or electronic data capable of being produced in document form or displayed electronically; advertising or promotional materials; laboratory notebooks; financial records; contracts; drafts; agreements; instructions; studies; publications; films; prints; voice recordings; reports; surveys; forecasts; minutes; statistical compilations; and every copy of such writing, record, or graphic matter where such copy is a draft or not identical to the original document or where such copy contains any commentary or notation whatsoever, handwritten or otherwise, that does not appear on the other copies or on the original.

3.  If any of the information requested to be produced is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, disks, or core storage), state the form in which it is available and describe the type of computer or other machinery required to access the information. If the information requested is only available in machine-readable form, indicate whether you possess any existing program which will print the records in some form, and identify the person(s) who is/are familiar with the program. If no program exists, state whether you could develop one or whether an existing program could be modified to print records in a readable form.

4.  As used herein, the term "relate" (or variants thereof such as "relating" or "related"), when used in connection with a document or thing, shall mean, without limitation, any document or thing that constitutes, contains, embodies, evidences, concerns, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5.  In the event any information, document, or thing responsive to these requests is not provided by reason of a claim of privilege or work product, or for any other reason, then the following shall be provided with respect to such information, document, or thing: (a) a brief description of the subject matter of the information, document, or thing; (b) the identity of the author or creator of the information, document, or thing; (c) the source of the information, document, or thing; (d) all recipients of the information, document, or thing (including, but not limited to those receiving copies and blind copies); (e) the date the information, document, or thing (or any copy or draft thereof which is not identical to the original) was created; and (f) the basis upon which the information, document, or thing is being withheld.

6.  As used herein, "and" or "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible.

7.  In the event a responsive document has been destroyed: (a) identify the person(s) who destroyed it; (b) the date it was destroyed; (c) the reasons why it was destroyed; and (d) the circumstances under which it was destroyed.

8.  As used herein, the term "day" or "date" shall mean the exact day, month, and year. If the exact date is not ascertainable, the best available approximation should be provided.

9.  As used herein, "person" shall include, but is not limited to, any natural person, business, partnership, corporation, or other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10.  As used herein, "Casio Digital Camera" shall mean any and all designs, implementations, models, and versions of all Casio digital cameras capable of transferring picture information to another device, that have been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

11.  As used herein, "Patents-in-Suit" refers to United States Patent No. 6,895,449 ("the '449 patent") and United States Patent No. 6,470,399 ("the '399 patent").

12.  As used herein, "Lawsuit" means any type of legal action where Casio was a party or participant of any kind including, but not limited to, lawsuits filed in federal or state courts, administrative proceedings, ITC proceedings, USPTO proceedings and any international cases or proceedings filed in any tribunal.

13.    Where appropriate, the singular form of a word should be interpreted in the plural and *vice versa*, and the masculine form of a word shall be interpreted to also include the feminine and *vice versa*, to obtain the broadest possible meaning.

14. These document requests are continuing in nature.  If after making its initial response hereto (and up until the time of any hearing or trial), Casio or its attorneys, agents, or representatives obtain or become aware of any further information or documents responsive to these requests that was unavailable at the time of the initial response hereto, Casio is requested to produce such information and documents.

15.    Unless indicated otherwise, these requests apply to all documents and materials from 1997 to the present date.

16.    The methods and format of Casio's production shall be as follows:

I.    <u>Format of Production</u>

A.    The parties shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying Summation load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

B.    Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.  The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations.  The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files

the documents are located.  The parties shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.

       C.      Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source documents.  No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

       D.      For redacted documents, the metadata for each document will indicate the basis for the redaction (e.g., "other Casio product," "privacy," or "privilege") at the time the redacted document is produced.

       II.    <u>Metadata</u>

To the extent possible and practicable, the parties will provide the following metadata fields:

- (a)    Electronic document type;
- (b)    Create date;
- (c)    File name;
- (d)    File location;
- (e)    Source location;
- (f)    Starting production number;
- (g)    Ending production number;
- (h)    Custodian;
- (i)    Last date modified;
- (j)    Author;
- (k)    Recipient(s);
- (l)    Document date (if different from create date);
- (m)    cc(s);
- (n)    bcc(s);
- (o)    Subject;
- (p)    Title; and
- (q)    Attachment information (for e-mails).

If a party determines that it is impossible to produce certain metadata fields for a type or types of documents, the party shall so inform opposing counsel.  If a party determines that the production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, the party shall so inform opposing counsel, and the parties shall promptly meet and confer on what should be done, without prejudice to that party's right to object to production of such metadata fields or the opposing party's right to move to compel such production.

## REQUESTS FOR DOCUMENTS AND THINGS

1.   One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

2.   All documents referring or relating to the research, development, design, re-design, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

3.   All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

4.   All documents referring or relating to the research, development, design, re-design, prototype production, testing, manufacturing or commercial production of any and all Casio Digital Cameras done by any persons or entities retained or consulted by Casio.

5.   All engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras.

6.   All documents written, created, received, and/ or generated by Casio that refer or relate to any and all Casio Digital Cameras.

7.   All documents concerning communications with Casio's customers for any and all Casio Digital Cameras.

8.   All documents referring or relating to the shipment and receiving of any and all Casio Digital Cameras.

9.   All documents referring or relating to the shipment of any and all Casio Digital Cameras to Casio's customers.

10. All documents which refer or relate, in whole or in part, to the properties, characteristics, advantages and/or disadvantages of any and all Casio Digital Cameras.

11. All documents referring or relating to the construction, manufacture, operation, use, intended use or potential use of any and Casio Digital Cameras.

12. All documents referring or relating to technical descriptions, operating instructions or consumer instructions for any and all Casio Digital Cameras.

13. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to (a.) any agreements between Casio and any other individual(s) and/or entity(ies), and (b.) and all events leading up to any such agreements, which concern  any and all Casio Digital Cameras.

14. All documents, including but not limited to all memoranda, notes and drafts, which comprise or which refer or relate to any indemnity agreements, subrogation agreements or warranties of non-infringement relating to any and all Casio Digital Cameras.

15. All settlement agreements and all other agreements related to any Lawsuit relating to any and all Casio Digital Cameras in the United States between Casio and any third party.

16. All documents relating to any Lawsuit relating to any and all Casio Digital Cameras between Casio (as a party or participant) and any third party in any forum in any country of the world.

17. All pleadings from any Lawsuit relating to any and all Casio Digital Cameras in any country between Casio and any third party.

18. All interrogatory responses from any Lawsuit relating to any and all Casio Digital Cameras between Casio and any third party.

19. Documents that relate to or show Casio's sales (in units and revenues), by year and month,.

20. Documents that relate to or show summaries of Casio's sales for any and all Casio Digital Cameras.

21. Documents that relate to or show summaries of to whom, where, and when any and all Casio Digital Cameras were sold.

22. Documents that relate to or show the percentage of sales in the United States as compared to the rest of world (in terms of units and/or revenues) for any and all Casio Digital Cameras.

23. Documents that relate to or show Casio's licensing revenue (in units and revenues), by year and month, for each Casio Digital Camera.

24. Documents the relate to or show which companies Casio has licensed to sell Casio Digital Cameras, the monthly number of cameras sold under each license, and the monthly amount of revenue under each license.

25. All of Casio's license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

26. All royalty reports provided to Casio for all license agreements related to the purchase, sale, manufacture and distribution of any and all Casio Digital Cameras in the United States and throughout the world.

27. Documents that relate to and show Casio's purchases, including the number of units purchased, monetary amounts paid, and source of the units purchased, of any and all Casio Digital Cameras.

28. All documents and things relating to revenues Casio has received from the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

29. All documents and things relating to Casio's profits (gross, contribution, pretax, after tax, or incremental) associated with the manufacture, sale, offer for sale, importation, lease, distribution, or licensing in the United States or any other country of any and all Casio Digital Cameras.

30. All documents and things relating to Casio's costs (direct, indirect, common, or allocated) associated with the manufacture, sale, offer for sale, importation, lease,

distribution or licensing in the United States or any other country of any and all Casio Digital Cameras.

31. All documents referring or reflecting any transfer of any interest or other rights in the manufacturing, sale or distribution of any and all Casio Digital Cameras.

32. All documents which refer or relate to the impact or expected financial impact that the manufacture, use or sale of any and all Casio Digital Cameras would have or may have on the business of Casio or the business of any other individual or entity.

33. Any and all market studies, marketing plans, business plans, long-range plans, and strategic plans that refer or relate to (1) the Patents in Suit and/or (2) any and all Casio Digital Cameras.

34. All documents and things that describe, illustrate, or depict titles or job responsibilities of Casio employees involved in patent work related to any and all Casio Digital Cameras including, but not limited to, investigation or review of any other entity's patents.

35. All advertisements, brochures, bulletins, and other advertising or promotional materials Casio has prepared or has had others prepare, published or participated in the preparation or publication of, or marketing of any and all Casio Digital Cameras.

36. A sample of each advertisement, brochure, label, or other promotional material used by Casio or intended for use by Casio for the advertising, licensing, or sale of any and all Casio Digital Cameras.

37. All advertisements, bulletins, price lists, circulars, press releases, commercial articles or other materials concerning any and all Casio Digital Cameras.

38. All documents which refer or relate to Casio's knowledge or awareness of the Patents-in-Suit.

39. All documents which refer or relate to the Patents-in-Suit.

40. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's assertion or belief that Casio does not or has not infringed the Patents-in-Suit in any manner, and does not or has not willfully infringed the Patents-in-Suit.

41. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims or defenses alleged in this action.

42. All documents and things that support contradict or otherwise provide the basis, in whole or in part, for each of Casio's claims and defenses to the damages claims in this action.

43. All documents and things that support, contradict or otherwise provide the basis, in whole or in part, for Casio's Complaint, Answer, or Affirmative Defenses in this action.

44. All documents authored or authorized under the direction or control of Casio which refer, relate and/or describe, in whole or in part, the subject matter of the Patents-in-Suit, or the inventions described or claimed therein, whether or not the Patents-in-Suit, are expressly named in any such document.

45.     All documents, including all legal opinions of counsel, recording, evidencing or referring to Casio having ever made a study of the infringement, patentability, validity or claim scope of the Patents-in-Suit.

46.     All documents which establish or tend to establish that Casio has or has not induced others to infringe or contributed to others' infringement of any claim of the Patents-in-Suit.

47.     All documents relating to any attempt to design around the Patents-in-Suit.

48.     All minutes, notes, or other records, in whatever format that it may exist, which relates to, summarizes, or otherwise reflects any board of directors, management, or similar control group meeting at which the Patents-in-Suit or the subject matter of the present lawsuit was discussed.

49.     All documents constituting, recording, evidencing or referring to each United States or foreign patent known to Casio which disclose or claim subject matter falling within the scope of the Patents-in-Suit.

50.     All documents, articles or publications concerning the subject matter of the Patents-in-Suit.

51.     All documents constituting, recording, evidencing or referring to any alleged prior art relevant to the Patents-in-Suit, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world.  This request shall have no time limitation.

52.     All documents and things supporting or refuting any and all alleged secondary considerations relevant to Casio's invalidity contentions.

53.     All documents and things concerning whether Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

54.     All documents and things concerning whether any and all non-Casio digital cameras infringe or do not infringe the Patents-in-Suit.

55. All documents memorializing, summarizing, or otherwise reflecting or relating to communications with any person or entity concerning the Patents-in-Suit or any other patent owned by Papst that relates to digital cameras.

56. All documents which set forth the officers and directors of Casio from 1997 to the present date.

57. All documents identifying Casio's personnel structure, including the names and the titles of Casio's management, sales, licensing, marketing, design and engineering personnel involved with any and all Casio Digital Cameras from 1997 to the present date.

58. All documents showing the corporate structure or organization of Casio, including all past and present individuals or entity(ies) that have (had) a controlling interest in Casio since 1997.

59. All documents of any kind exchanged between Casio and any licensees or product manufacturer relating to any and all Casio Digital Cameras.

60. All documents of any kind exchanged between Casio and any manufacturer relating to the Patents-in-Suit.

61. All documents relating to meetings between Casio employees and employees of any manufacturer relating to any and all Casio Digital Cameras.

62. As to each person Casio expects to call as an expert witness at the trial in this action:

(a). All documents indicating, referring or relating to the subject matter upon which such expert witness is expected to testify, and all documents indicating, referring

to, or relating to the qualifications establishing him or her as an expert in such subject matter.

(b).    All documents describing the substance of the facts and opinions upon which he or she is expected to testify.

(c).    All documents provided to each such expert and all documents provided by the expert to Casio.

63.    All legal opinions, conclusions, and work product concerning whether or not any and all Casio Digital Cameras infringe or do not infringe the Patents-in-Suit.

64.    All legal opinions, conclusions, and work product concerning whether or not the Patents in Suit are valid and/or enforceable.

65.    All documents that Casio, its employees, consultants, or experts have considered, consulted, or relied upon in interpreting or construing the claims of the Patents-in-Suit, including but not limited to excerpts from books, dictionaries,  treatises and the like.

66.    All documents that show any involvement of Casio's parent companies, sister companies or related entities that are or were involved in the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras.

67.    All documents relating to whether Casio has any control over or has the ability to obtain documents from its parent companies, sister companies or related entities that are or were involved with any and all Casio Digital Cameras, including any documents that show:

(a).    a common ownership between Casio and any Casio parent company, sister company, subsidiary or related entity;

(b)    an exchange or intermingling of board of directors between Casio and any Casio parent company, sister company, subsidiary or related entity;

(c)    an exchange of documents in the ordinary course of business between Casio and any Casio parent company, sister company, subsidiary or related entity;

(d)    any involvement in this litigation by any Casio parent company, sister company, subsidiary or related entity;

(g)    the corporate and financial relationship between Casio and any Casio parent company, sister company, subsidiary or related entity;

(h)    any agreements between Casio and any Casio parent company, sister company, subsidiary or related entity;

(i)    the power of Casio to elect any board of directors for any Casio parent company, sister company, subsidiary or related entity;

(j)    Casio's connection to the conception, design, research, development, manufacture, use, sale, offer for sale, importation of any and all Casio Digital Cameras; and

(k)    any and all efforts to sell, market and/or service any and all Casio Digital Cameras by any Casio parent company, sister company, subsidiary or related entity.

68.    All copies of Casio's document management and/or retention policies, including all amendments thereto in effect since 1997.

69.    All documents that relate to or show a violation or potential violation of Casio's document management and/or retention policies since 1997.

70.    All documents that (1) describe the details of Casio's information systems since 1997, (2) describe the types of electronic information stored on those systems, (3) describe the volume of electronic information stored on those system(s), (4) describe the applications that have run and/or displayed each type of electronic information on those systems, (5) identify those individuals possessing electronic information responsive to these requests, and (6) identify those individuals at Casio with specialized knowledge of their respective computer systems.

71.    All documents and things identified in, responsive to, used in responding to, or relating in any way to Papst Licensing's First Set of Interrogatories.

72.    Any and all joint defense agreements that refer or relate to (1) the Patents in Suit, (2) any and all Casio Digital Cameras, or (3) Papst Licensing.

73.    All documents which refer or relate to the Papst Licensing.

74.    Any and all documents that refer or relate to the prosecution of the Patents-In-Suit, and any and all patent applications or patents related to the Patents-In-Suit, including but not limited to, any and all foreign counterpart applications and patents, continuation applications and patents, and divisional applications and patents.

Dated: April 20, 2007                    /s/ Joseph E. Cwik
                                         Jerold B. Schnayer
                                         Joseph E. Cwik
                                         WELSH & KATZ, LTD.
                                         120 South Riverside Plaza • 22nd Floor
                                         Chicago, Illinois 60606
                                         (312) 655-1500

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
**Attorneys     for     Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing PAPST
LICENSING GMBH & CO. KG'S FIRST SET OF FIRST SET OF REQUESTS FOR
THE PRODUCTION OF DOCUMENTS AND THINGS TO CASIO INC.
was served on this the 20th day of April, 2007 upon the attorneys for Casio Inc. as
follows:

**<u>VIA U.S. MAIL and E-MAIL</u>**
J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Counsel for Casio Inc.

**<u>VIA U.S. MAIL AND E-MAIL</u>**
Scott Simpson
Jeffrey Gold
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178

/s/ Joseph E. Cwik
Attorney for Papst Licensing GmbH & Co.
KG

# EXHIBIT E

**Cwik, Joseph**

---

**From:** Cwik, Joseph
**Sent:** Tuesday, June 12, 2007 5:09 PM
**To:** Scott Stimpson; Jeffrey Gold; lkrawczyk@morganlewis.com; Kevin He; jkfee@morganlewis.com
**Cc:** Schnayer, Jerold; Sliwinski, Cynthia; Killefer, Campbell
**Subject:** Insufficient Casio Discovery Responses

Scott,

We are available for a phone conference tomorrow, June 13 at 10:00 a.m. (Chicago time) 11:00 a.m. (NYC time). Also, in another good faith effort to move the discovery ball forward, we propose that Casio's initial round of discovery answers and document productions, to the extent those answers and document productions relate to technical subjects concerning Casio's digital cameras, be focused on the following technical subjects:

1. The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images.
2. The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory.
3. The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list.
4. The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera.
5. The interconnection of a camera to a personal computer.
6. The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera.
7. The process by which a camera communicates with and transfers information to or from a personal computer.
8. The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer.

To the extent that any of the documents in Casio's possession relate in any way to these subjects, even if they also relate to other subjects, we expect Casio to produce those documents to us.

This proposal is not intended in any way to be a withdrawal of any Papst Licensing discovery request. Each of Papst Licensing's requests is proper and remains pending. Should Casio's production of information and documents on these topics still be insufficient, Papst Licensing reserves the right to seek additional information responsive to its requests.

Please confirm that you are available discuss tomorrow, and identify the phone number we should call into. We look forward to your response.

Regards,
Joe

**Joseph E. Cwik**

# EXHIBIT F

**Papst Document Categories and Corresponding Exemplary Claim Language**

| Papst Document Categories | Corresponding Exemplary Claim Language |
|---|---|
| 1. The acquisition and processing of light images by cameras including, for example, the conversion of light images into electrical signals representative of the light images. | See, for example, Patent 6,470,399 Claim 1; "a data transmit/receive device, the data transmit/receive being arranged for providing analog data"   The Casio Infringing Products include a first "data transmit/receive device" formed at least in part by a lens and the diode array formed in a CCD chip that converts light into analog data that is representative of an image. |
| 2. The processing by a camera of electrical signals representative of light images including, for example, the conversion of analog signals representative of light images into digital electrical signals, and the transfer of those digital electrical signals to an electronic memory. | See, for example, Patent 6,470,399 Claim 1 "an analog-to-digital converter for converting data sampled by the sampling circuit into digital data, wherein the interface device is configured by the processor and memory…" |
| 3. The operation of any computer program stored in a memory of a camera as it concerns any of the other subject matters set forth in this list. | See, for example, Patent 6,895,399 Claim 1 "wherein the interface device is configured by the processor and the memory to include a first command interpreter and a second command interpreter…" This claim element reads on, for example, a set of program instructions that is stored in memory of a device in accordance with the other claim elements that are executed by a processor of the device to cause the device to operate in a certain way as described later in the claim. |
| 4. The storage of information in a memory of a camera, including but not limited to external memory cards and other electronic memory intended to be attached to a camera. | See, for example, Patent 6,895,399 Claim 1 "a memory"  The Casio Infringing Products include an on-chip memory that is located on the camera and audio chip and a memory card that can be located in a socket.   "wherein the interface device is configured by the processor and the memory to include a first command interpreter and a second command interpreter…" This claim element reads on, for example, a set of program instructions that is stored in memory of a device in accordance with the other claim elements that are executed by a processor of the device to cause the device to operate in a certain way as described later in the claim. |

| Papst Document Categories | Corresponding Exemplary Claim Language |
|---|---|
| 5. The interconnection of a camera to a personal computer. | See, for example, Patent 6,470,399 Claim 1 at Col. 12 Lines 53-57 "a first connecting device for interfacing the host device with the interface device via the multi-purpose interface of the host device; and a second connecting device for interfacing the interface device with the data transmit/receive device". The Casio Infringing Products include a USB socket that can be connected to a USB port of a personal computer by a USB cable. The Casio Infringing Products also include a USB interface that is located on the camera and audio chip. The "first connecting device" is formed by at least the USB socket, the USB interface on the camera and audio chip, and the electrical connections between the two. |
| 6. The transfer of digital electrical signals representative of light images from a camera to a personal computer including, for example, the process by which the personal computer recognizes how to communicate with and receive data from the camera. | See, for example, Patent 6,470,399 Claim 1 "the first command interpreter is configured in such a way that the command interpreter, when receiving an inquiry from the host device as to a type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device which signals to the host device that it is an input/output device customary in a host device, whereupon the host device communicates with the interface device by means of the driver for the input/output device customary in a host device". "the second command interpreter is configured to interpret a data request command from the host device to the type of input/output device signaled by the first command interpreter as a data transfer command for initiating a transfer of the digital data to the host device." |
| 7. The process by which a camera communicates with and transfers information to or from a personal computer. | See, for example, Patent 6,470,399 Claim 1 a "the first command interpreter is configured in such a way that the command interpreter, when receiving an inquiry from the host device as to a type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device which signals to the host device that it is an |

| Papst Document Categories | Corresponding Exemplary Claim Language |
|---|---|
|  | input/output device customary in a host device, whereupon the host device communicates with the interface device by means of the driver for the input/output device customary in a host device". "the second command interpreter is configured to interpret a data request command from the host device to the type of input/output device signaled by the first command interpreter as a data transfer command for initiating a transfer of the digital data to the host device." |
| 8. The acquisition and processing of sound waves by cameras, how the sound waves are converted to digital electrical signals by the camera, how those digital electrical signals are processed and stored by the camera, and how those digital electrical signals are downloaded from the camera to a personal computer. | See, for example, Patent 6,470,399 Claim 1.  All of the above citations relating to the acquisition, processing, conversion, storage and transfer of light images are repeated herein as they also apply to sound waves. |

# EXHIBIT G

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------x
CASIO INC.                            :
                                      :
            Plaintiff,                :
    v.                                :       Civil Action No. 1:06 CV 01751
                                      :
PAPST LICENSING GMBH & CO. KG         :       Judge: Gladys Kessler
                                      :
            Defendant.                :
                                      :
------------------------------------------
                                      :
PAPST LICENSING GMBH & CO. KG         :
                                      :
            Counter-Plaintiff         :
    v.                                :
                                      :
CASIO INC. and                        :
CASIO COMPUTER CO., LTD.              :
                                      :
            Counter-Defendants.       :
                                      :
------------------------------------------x
```

### CASIO INC.'S OBJECTIONS AND RESPONSES TO PAPST LICENSING GMBH & CO. KG'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF <u>DOCUMENTS AND THINGS TO CASIO INC.</u>

Casio Inc. ("Casio America") objects to the entirety of these document requests, as they were not served in good faith and clearly were prepared in violation of Federal Rule of Civil Procedure 26(g). The only possible purpose for Papst serving discovery requests of this nature is to increase the expense to Casio America in an attempt to force it to settle. Papst is hereby put on notice that Casio America intends to seek sanctions for this discovery abuse, and that these document requests will be used as evidence to support Casio America's vigorous pursuit of attorney fees and costs in this litigation. Casio America will produce some documents to Papst, but in doing so does not in any way agree that any portion of these document requests were

unduly burdensome, and calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

    Metadata:  Casio America objects to this instruction as overly broad, unduly burdensome, calling for irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.  Casio America also objects to the interrogatories buried in this instruction. Casio America will not respond to interrogatories that are couched as document requests, and objects to them as overly broad, unduly burdensome, and as calling for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

All responses below are expressly subject to General and specific objections.

    1.    One sample of each and every Casio Digital Camera that has been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002.

    Objection:  Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence.

    Response:  Subject to the objections, Casio America will produce samples, or provide for inspection, all Casio cameras specifically accused of infringement by Papst, and prior art cameras that Casio America will rely upon in this litigation.   Samples will only be provided upon advance payment of the camera costs.

    2.    All documents referring or relating to the research, development, design, redesign, prototype production, testing, licensing, or commercial production of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this request as calling for documents and information that are only relevant to the damages and willfulness issues, which will be subject to Casio America's motion to bifurcate. Casio America also objects to this request as violating Federal Rule 26(g) as interposed for the improper purpose of harassing Casio America and deliberately driving up the Casio America expenses in order to coerce Casio America to settle.

**Response:** Subject to objections, Casio America will produce documents sufficient to show the designs and operations of the Casio cameras that Papst specifically accuses of infringement, as well as all user and service manuals for those cameras.

3.    All documents identifying all entities or persons involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation of any and all Casio Digital Cameras.

**Objection:** Casio America objects to this request as overly broad, unduly burdensome, and as calling for irrelevant documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Casio America also objects to providing any confidential documents to Welsh & Katz (ever), and prior to entry of a protective order. Casio America also objects to this request as calling for documents that are subject to the attorney-client privilege, work product immunity, or other applicable immunity. Casio America also objects to this

# EXHIBIT H

List of Some of The Issues To Which Each Papst Document Request Pertains

| | No. 1 | No. 2 | No. 3 | No. 4 | No. 5 | No. 6 | No. 7 | No. 8 | No. 9 | No. 10 | No. 11 | No. 12 | No. 13 | No. 14 | No. 15 | No. 16 | No. 17 | No. 18 | No. 19 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | | X | X | X | X | X | | | | | | | | | X | X | X | X | |
| Direct Infringement | X | X | X | X | X | X | X | | | X | X | X | X | X | X | X | X | X | |
| Infringement by Inducement | X | X | X | X | X | X | X | X | X | | X | X | X | X | X | X | X | X | |
| Willful Infringement | X | X | X | X | X | X | X | | | | | | | X | | | | | |
| Operation of Cameras | X | X | X | X | X | X | X | | | X | X | X | | | X | X | X | X | |
| Research and Development of Cameras | | X | X | X | X | X | | | | X | X | X | | | X | X | X | X | |
| Validity | | X | X | X | X | X | X | | | | | | | | X | X | X | X | |
| Commercial Success Factor for Validity | | | | | | X | X | X | X | | | | | | | | | | X |
| Damages | | | | | | X | X | X | X | | | | X | | X | X | X | X | X |
| Reasonable Royalty Factors | | | | | | X | X | X | X | | | | X | | X | X | X | X | X |

1

| | No. 20 | No. 21 | No. 22 | No. 23 | No. 24 | No. 25 | No. 26 | No. 27 | No. 28 | No. 29 | No. 30 | No. 31 | No. 32 | No. 33 | No. 34 | No. 35 | No. 36 | No. 37 | No. 38 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | | | | | | | | | | | | | | | X | | | | |
| Direct Infringement | | X | | | X | X | | | | | | X | | X | | X | X | X | |
| Infringement by Inducement | | X | | | X | X | | | | | | X | | X | | X | X | X | |
| Willful Infringement | | | | | | | | | | | | | | X | X | | | | X |
| Operation of Cameras | | | | | | | | | | | | | | | | X | X | X | |
| Research and Development of Cameras | | | | | | | | | | | | | | | | | | | |
| Validity | | | | | | | | | | | | | | | | | | | |
| Commercial Success Factor for Validity | X | X | X | X | X | X | X | X | X | X | X | | X | X | | | | | |
| Damages | X | X | X | X | X | X | X | X | X | X | X | | X | X | | | | | |
| Reasonable Royalty Factors | X | X | X | X | X | X | X | X | X | X | X | | X | X | | | | | |

| | No. 39 | No. 40 | No. 41 | No. 42 | No. 43 | No. 44 | No. 45 | No. 46 | No. 47 | No. 48 | No. 49 | No. 50 | No. 51 | No. 52 | No. 53 | No. 54 | No. 55 | No. 56 | No. 57 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | X | X | X | | X | | X | | | | X | X | X | | X | X | X | | |
| Direct Infringement | X | X | X | | X | | X | | X | X | | | | | X | X | X | X | X |
| Infringement by Inducement | X | X | X | | X | | X | X | X | X | | | | | X | X | X | X | X |
| Willful Infringement | X | X | X | | X | X | X | X | X | X | | | | | X | X | X | X | |
| Operation of Cameras | | | X | | X | | X | | | | | | | | X | | | X | X |
| Research and Development of Cameras | | | X | | X | | | | | | | | | | | | | | X |
| Validity | X | | X | | X | X | X | | | X | X | X | X | X | X | X | X | | |
| Commercial Success Factor for Validity | | | X | | X | | | | | | | | | | | | | | X |
| Damages | | | X | X | X | | | | | | | | | | | | | | X |
| Reasonable Royalty Factors | | | X | X | X | | | | | | | | | | | | | | X |

| | No. 58 | No. 59 | No. 60 | No. 61 | No. 62 | No. 63 | No. 64 | No. 65 | No. 66 | No. 67 | No. 68 | No. 69 | No. 70 | No. 71 | No. 72 | No. 73 | No. 74 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Construction | | | | | X | X | X | X | | | | | | X | | | X |
| Direct Infringement | X | X | X | X | X | X | | X | X | | | | | X | X | X | X |
| Infringement by Inducement | X | X | X | X | X | X | | X | X | | | | | X | X | X | |
| Willful Infringement | | | X | | X | X | X | X | X | | | | | X | X | X | |
| Operation of Cameras | X | X | | X | X | X | | X | X | | | | | X | | | |
| Research and Development of Cameras | X | | | X | X | | | X | X | | | | | | | | |
| Validity | | | X | | X | | X | X | | | | | | X | | X | X |
| Commercial Success Factor for Validity | X | X | | | X | | | X | X | | | | | | | | |
| Damages | X | X | | | X | | | X | X | | | | | | X | | |
| Reasonable Royalty Factors | **X** | **X** | | | **X** | | | **X** | **X** | | | | | | | | |
| Corporate Control; e-discovery; or spoilation | | | | | | | | | | X | X | X | X | | | | |

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC. | |
| Plaintiff, | |
| v. | Civil Action No. 1:06 CV 01751 |
| PAPST LICENSING GMBH & CO. KG | Judge: Gladys Kessler |
| Defendant. | |
| ─────────────────────────── | |
| PAPST LICENSING GMBH & CO. KG | |
| Counter-Plaintiff | |
| v. | |
| CASIO INC. and CASIO COMPUTER CO., LTD. | |
| Counter-Defendants | |

**DEFENDANT PAPST LICENSING GMBH & CO. KG'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF CASIO INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Papst Licensing GmbH & Co. KG ("Papst Licensing"), supplements its answers Casio Inc.'s First Set of Interrogatories as follows:

## PRELIMINARY STATEMENTS

1. These answers are a supplement to Papst Licensing's Answers to Plaintiff Casio Inc.'s First Set of Interrogatories (Nos. 1-6) served on May 30, 2007.

2. Papst Licensing has not completed its investigation of the facts relating to

<u>Application</u>

The Casio Infringing Products include a gates and registers block that forms a part of a CCD chip and a CCD controller that forms a part of a CCD controller chip. At least the gates and registers block and the CCD controller form at least a portion of a first "sampling circuit."

The Casio Infringing Products include a camera and audio chip that has a sample and hold circuit. The sample and hold circuit samples and holds the analog sound signal provided by the transducer of the microphone, and forms at least a portion of a second "sampling circuit."

<u>**an analog-to-digital converter for converting**</u>
<u>**data sampled by the sampling circuit into digital data,**</u>

<u>Interpretation</u>

This claim element reads on, for example, circuitry that converts an analog signal into a digital signal.

<u>Application</u>

The Casio Infringing Products include an a/d converter that forms a part of the CCD controller chip. The a/d converter converts the analog data supplied to it from the gates and registers block into digital data that is representative of an image.

The Casio Infringing Products include a second a/d converter that forms a part of the camera and audio chip. The second a/d converter converts the analog data supplied to it from the transducer of the microphone into digital data that is representative of a sound signal.

<u>**wherein the interface device is configured by the processor and the memory**</u>

8

**to include a first command interpreter and a second command interpreter,**

<u>Interpretation</u>

This claim element reads on, for example, a set of program instructions that is stored in a memory of a device in accordance with the other claim elements that are executed by a processor of the device to cause the device to operate in a certain way as described later in the claim.

<u>Application</u>

An instruction set is programmed into the on-chip memory of the camera and audio chip of the Casio Infringing Products.  At least a portion of the instruction set forms a "first command interpreter" and a "second command interpreter."

**wherein the first command interpreter is configured in such a way that the command interpreter, when receiving an inquiry from the host device as to a type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device of the interface device, to the host device which signals to the host device that it is an input/output device customary in a host device,**

<u>Interpretation</u>

This claim element reads on, for example, a set of program instructions that is adapted to cause the device under control of the processor, after an inquiry signal from a multi-purpose interface of a personal computer is received and processed, to automatically and without user intervention send a response signal to the personal computer's multi-purpose interface.  The set of program instructions causes the response signal to contain data that, when received and processed by the personal computer, allows the personal computer to automatically and without user intervention understand how to communicate with and receive data from a peripheral device.

<u>Application</u>

9

The USB socket of the Casio Infringing Products is adapted to receive inquiry signals that the PC sends to its USB port to determine when something is operatively coupled thereto.  The "first command interpreter" is adapted to cause the CPU on the camera and audio chip to send, after the USB socket is coupled to the PC's USB port, and after an inquiry signal has been received and processed, a response signal comprising data stored in the on-chip memory defined in the camera and audio chip to the PC's USB port.

When the Casio Infringing Products are in Mass Storage mode, the response signal contains information that, when received and processed by the PC, causes the PC to recognize that it can communicate with the "interface device" by means of a software driver that is formed by disk.sys and PartMgr.sys.

When the Casio Infringing Products are in PTP mode, the response signal contains information that, when received and processed by the PC, causes the PC to recognize that it can communicate with the "interface device" by means of a software driver that is formed by usbscan.sys, ptpusb.dll and ptpusd.dll.

**whereupon the host device communicates with the interface device
by means of the driver for the input/output device customary in a host device, and**

Interpretation

This claim element reads on, for example, the above-referenced interface device that communicates with and transmits data to a personal computer by means of a software driver for an input/output device customary in a host device.

Application

When the Casio Infringing Products are in Mass Storage mode, the instruction set stored in the on-chip memory of the Casio Infringing Products is adapted to utilize a

# EXHIBIT J

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------x
CASIO INC.                            :
                                      :
              Plaintiff,              :
     v.                               :        Civil Action No. 1:06 CV 01751
                                      :
                                      :        Judge: Gladys Kessler
PAPST LICENSING GMBH & CO. KG         :        Magistrate: Deborah A. Robinson
                                      :
              Defendant.              :
                                      :
-----------------------------------   :
                                      :
PAPST LICENSING GMBH & CO. KG         :
                                      :
              Counter-Plaintiff       :
     v.                               :
                                      :
CASIO INC. and                        :
CASIO COMPUTER CO., LTD.              :
                                      :
              Counter-Defendants.  :
                                      :
-------------------------------------------------x
```

### CASIO INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PAPST LICENSING GMBH & CO. KG'S FIRST SET OF INTERROGATORIES TO CASIO INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff /Counter-Defendant, Casio Inc., through counsel, hereby provides a supplemental response to Papst's First Set of Interrogatories.

### GENERAL OBJECTIONS

The General Objections and Objections to Instructions and Definitions provided in Casio's initial response to these interrogatories are incorporated by reference.

Casio's digital cameras have no second connecting device that electrically connects a transmit/receive device to a physically separate interface device. Casio's digital cameras also have no second connecting device that allows direct, two way communication between a transmit/receive device to the separate interface device. With regard to equivalents, Papst has not asserted infringement by equivalents. See also Casio's first response.

**H.    wherein the interface device is configured by the processor and the memory in such a way that the interface device, when receiving an inquiry from the host device as to the type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device of the interface device, to the host device which signals to the host device that it is a storage device customary in a host device,**

**Interpretation:** This term means that the processor and the memory built into the interface device together are responsible for the configuration of the interface device to provide the specific functionality described in the rest of the claim. This configuration must enable the interface device to be able to signal to the host that a storage device customary in the host device is attached to the interface device regardless of the type of transmit/receive device actually attached to the interface device.

The interface device must be configured by the processor and memory, which does not include simply downloading software into the camera from an external source. The requirement that the interface device interpreters be configured by the processor and memory is not only clear from the claim language, but also from the specification. *See, e.g.,* '449 patent, 4:6-10.

<u>No Infringement</u>

The processor in combination with the memory in Casio digital cameras do not configure anything to provide functionality to an interface device allowing a signal to be sent to a host that a storage device customary in the host device is attached to the interface device regardless of the

type of transmit/receive device actually attached to the interface device.    With regard to equivalents, Papst has not asserted infringement by equivalents.    See also Casio's first response.

**I.**    **whereupon the host device communicates with the interface device by means of the driver for the storage device customary in a host device, and**

**Interpretation:**    This phrase means that the host device sends messages to the interface device using a storage device driver that is "customary" in a host device.    The communication, through the "customary" driver must occur regardless of the type of the data transmit/receive device attached to the second connecting device of the interface device

The specific language "customary in a host device" is not capable of interpretation.    See response to Interrogatory No. 2.

No Infringement

Casio's digital cameras can not be interpreted as customary devices, to the extent the term is definable.    Casio's digital cameras are cameras and require drivers associated with cameras, not storage devices.

**J.**    **wherein the interface device is arranged for simulating a virtual file system to the host, the virtual file system including a directory structure.**

**"virtual file system" interpretation**:    A file system that is not real, but instead simulates a hard disk file system.

A virtual file system is described, for example, in the '449 patent at 4:67-5:2: the interface device "simulates a hard disk with a root directory whose entries are 'virtual' files which can be created for the most varied functions." Also, as described in the '449 patent at 11:1-6 and the '399 patent at 11:66-12:4: "Using the ASPI manager the interface device according to the present invention can now obtain active access to an SCSI hard disk of the host device connected to the same SCSI bus which, in contrast to the interface device, cannot be a

# EXHIBIT K

**Cwik, Joseph**

---

**From:** Scott Stimpson [stimpsonlaw@gmail.com]

**Sent:** Thursday, June 21, 2007 5:28 AM

**To:** Cwik, Joseph

**Cc:** Jeffrey Gold; Kevin He; lkrawczyk@morganlewis.com; J. Fee; Schnayer, Jerold

**Subject:** Papst interrogatory responses, protective order, and Papst discovery requests

Joe:

This is further to our discussion regarding discovery issues.

### Papst non-compliance with Judge Robinson's Order

We addressed with you the inadequate responses to Judge Robinson's order for "complete responses" to our interrogatories.   Specifically, we explained that your response on the infringement interrogatory refused to identify the accused products, the asserted claims, claim interpretations, or even a theory of infringement; that you have provided no evidence of secondary considerations, when you obviously have studied and accused the products of many companies to be infringing; your response to interrogatory 4 did not provide any information, including information that was provided orally to the other targets of Papst; you did not provide a contention on the art area and level of ordinary skill; and there is nothing provided in your responses to the interrogatory about the alleged invention.

You advised us that you believed your responses were complete and proper.

### Papst discovery requests

A) <u>Your proposed limitations on technology documents</u>:   You provided a list of technology areas that you want to focus on now in your email of June 12, but continue to refuse to withdraw your requests that currently seek documents on unrelated technology.   We cannot agree to provide you with this set now, and then have you request another set of different documents tomorrow – that is no compromise or narrowing of the issues for the court.

Moreover, your requests continue to be overly broad.  They include every document relating to lens operation, focus, zoom, storage of an image in memory, etc.  The only topic of interest in this litigation is how data is requested by and transferred to a PC.  We would be willing to provide documents related to that topic as a compromise, although we still believe they have no relevance as the only real question is how the cameras work, not how they were designed (especially if willfulness is bifurcated).

You would not agree to further limit the technical subject matters in your email of June 12.

B) <u>Licensing documents</u>:  We believe Papst should now be precluded from obtaining licensing information due to its failure to abide by Judge Robinson's order regarding our interrogatory 4, and as a sanction for the overbroad discovery requests that were served.   Subject to resolution of our motions, including bifurcation, we will agree to produce documents sufficient to show licenses related to the Casio Digital Cameras.

C) <u>Sales, costs, and profits</u>:   Subject to resolution of our motions, we will agree to produce

summary sales, costs, and profit information for cameras sold in the United States, with reasonable backup.   There is no need for every invoice to be produced, etc., but we will produce reasonable backup.

D) <u>Indirect importation of Casio cameras into the United States</u>:   Subject to resolution of our motions, we will provide documents sufficient to show any knowledge we have of cameras that go to the United States.

E) <u>Financial impact of camera sales</u>:   Subject to resolution of our motions, we will agree to provide documents that address any impact on sales of other products from the sales of the Casio cameras.

<u>Protective Order</u>

As we advised you several days ago, we are producing non-technical confidential documents. As for the technical documents, we do not believe a protective order will give sufficient protection against the risk of disclosure to the patent prosecutors.   Moreover, since Welsh & Katz should, in our view, be disqualified for its role in the negotiations relating to the two patents-in-suit, it makes little sense for the Court to hassle with details of the protective order now.

We remain unable to file our motion to disqualify, as there is much relevant information that Papst is still withholding.   For example, we have no real response to our interrogatory 4, despite the multiple orders of the Court.   We also do not have all the Papst document production, nor has Papst provided the formerly privileged and work product information that was ordered produced by Judge Robinson.   Until Papst cooperates in discovery, we cannot properly address this issue.   We have been waiting for months, and through two court orders, and still we do not have this information.

Even if the Court declines our anticipated request to disqualify, the protective order you propose is not nearly sufficient, and would create a logistical nightmare for the Court due to all the qualifiers you have included.   The order should be very simple, stating that no one involved in any way with prosecution will see Casio confidential documents.

Sincerely,

Scott

--
Scott D. Stimpson
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
email: stimpsonlaw@gmail.com
phone:  203-258-8412

Disclaimer:  This email is intended only for the personal use of the recipient(s) named above.  This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy, or distribute this message.  If you have received this communication in error, please notify me immediately by email and delete the original message.

EXHIBIT L





**Annual Report 2006**
For the year ended March 31, 2006

# Toward
# ultimate evolution
# beyond imagination












## Principal Subsidiaries

(As of March 31, 2006)

**Overseas Subsidiaries**

**Europe**

•*Casio Europe GmbH*
   Germany
   Sales of Casio products

•*Casio Electronics Co., Ltd.*
   U.K.
   Sales of Casio products

•*Casio France S.A.*
   France
   Sales of Casio products

**Asia**

•*Casio Computer (Hong Kong) Ltd.*
   Hong Kong
   Production of electronic calculators

•*Casio Korea Co., Ltd.*
   The Republic of Korea
   Production of electronic timepieces

•*Casio Taiwan Ltd.*
   Taiwan
   Production of timepiece cases

•*Casio Singapore Pte., Ltd.*
   Singapore
   Production of electronic components and sales
   of Casio products

•*Casio India Co., Pvt. Ltd.*
   India
   Production and sales of electronic calculators
   and electronic timepieces

•*Casio Electronic Technology (Zhongshan) Co., Ltd.*
   The People's Republic of China
   Production and sales of electronic calculators,
   electronic dictionaries and electronic musical
   instruments

•*Casio Electronics (Shenzhen) Co., Ltd.*
   The People's Republic of China
   Production of electronic timepieces

•*Casio Electronics (Guangzhou) Co., Ltd.*
   The People's Republic of China
   Production and sales of electronic timepieces

•*Casio (Thailand) Co., Ltd.*
   Thailand
   Production of electronic timepieces

•*Casio (Shanghai) Co., Ltd.*
   The People's Republic of China
   Sales of Casio products

•*Taiwan Casio Marketing Co., Ltd.*
   Taiwan
   Sales of Casio products

**North America**

•*Casio, Inc.*
   U.S.A.
   Sales of Casio products

•*Casio Canada Ltd.*
   Canada
   Sales of Casio products

•*Casio Holdings, Inc.*
   U.S.A.
   Holding company

**Domestic Subsidiaries**

•*Yamagata Casio Co., Ltd.*
   Production of digital cameras, electronic time-
   pieces, and cellular phones

•*Casio Micronics Co., Ltd.*
   Production and sales of electronic components

•*Casio Electronic Manufacturing Co., Ltd.*
   Production of page printers

•*Kochi Casio Co., Ltd.*
   Production of LCDs

•*Kofu Casio Co., Ltd.*
   Production of handy terminals, system equip-
   ments, and LCDs

•*Casio Hitachi Mobile Communications Co., Ltd.*
   Development, design, and production of cellular
   phones

•*Casio Techno Co., Ltd.*
   Customer service for Casio products

•*Casio Information Systems Co., Ltd.*
   Sales of system equipment

•*Casio Electronic Devices Co., Ltd.*
   Sales of electronic components

•*CCP Co., Ltd.*
   Production and sales of toys and home
   appliances

(56 consolidated subsidiaries and 4 equity-method affiliates)

* On April 1, 2006, Casio Taiwan Ltd. and Taiwan Casio
Marketing Co., Ltd. merged to form Casio Taiwan Co., Ltd.

## Directors and Corporate Auditors

(As of June 29, 2006)    *Corporate officers

*Chairman and
Representative Director*

Toshio Kashio

*President and CEO*

Kazuo Kashio*

*Executive Vice President
and Representative Director*

Yukio Kashio*

*Managing Directors*

Yozo Suzuki*
Akinori Takagi*
Yoshio Ono*
Fumitsune Murakami*

*Directors*

Tadashi Takasu*
Atsushi Mawatari*
Kouichi Takeichi*
Akira Kashio*
Susumu Takashima*

*Corporate Auditors*

Takeshi Honda
Yoshinobu Yamada
Hironori Daitoku

*Corporate Officers*

Naomitsu Satoh
Tomimoto Umeda
Eiichi Takeuchi
Harunori Fukase
Isamu Shimozato
Ichiro Ohno
Yuichi Masuda
Osamu Ohno
Atsushi Yazawa

## Corporate Data

(As of March 31, 2006)

**Established:** June 1957
**Paid-in Capital:** ¥41,549 million
**Employees:** 12,673
**Home Page Address:** http://world.casio.com/

**Domestic Offices**

**Head Office**

   6-2, Hon-machi 1-chome,
   Shibuya-ku, Tokyo 151-8543

**Accounting Department**

   Tel: (03) 5334-4852

**R&D Centers**

**Hamura Research & Development Center**

   3-2-1, Sakae-cho,
   Hamura City, Tokyo 205-8555
   Tel: (042) 579-7111

**Hachioji Research & Development Center**

   2951-5, Ishikawa-cho,
   Hachioji City, Tokyo 192-8556
   Tel: (042) 639-5111

**Overseas Offices**

**Casio, Inc.**

   570 Mt. Pleasant Avenue,
   Dover, New Jersey 07801,
   United States
   Tel: 973-361-5400

**Casio Europe GmbH**

   Bornbarch 10,
   22848 Norderstedt, Germany
   Tel: 040-528-65-0

# WELSH & KATZ, LTD.

**EXHIBIT M**

*Attorneys at Law*

A. SIDNEY KATZ
RICHARD L. WOOD
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK B. FLOM, Ph.D.
JAMES B RADEN

RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY

OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.

DONALD L. WELSH (1925-1998)

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN ALABAMA

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

June 7, 2007

**VIA E-MAIL & U.S. MAIL**

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601

Re:     Casio Inc. v. Papst Licensing, Case No. 1:06 CV 011751 (GK)

Dear Scott:

This letter will confirm the substance of our Local Rule 7(m) meet and confer concerning Casio's deficient discovery responses on June 5, 2007, and also responds to the various misstatements raised in your June 6, 2007 e-mail.

In our meet and confer, Casio Inc. and Casio Computer Co., Ltd. (hereinafter collectively "Casio") agreed to supplement their responses as follows:

1.     As to Papst Licensing's Interrogatory No. 1 to Casio Inc., Casio agreed to provide a complete answer by June 15, 2007 to the corresponding instruction 8(d) which requests that Casio "provide an identification of all documents and things that support in any way Casio's Complaint, Answer or Affirmative Defenses and a full and complete explanation of how they support Casio's Complaint, Answer or Affirmative Defenses."

2.     As to Papst Licensing's Interrogatory No. 2 directed to Casio Inc., Casio agreed to provide a substantive answer regarding Casio's invalidity contentions. In particular, Casio agreed that by June 15, 2007 Casio will identify all prior that they contend invalidate the at-issue patents and will provide a claim chart demonstrating how each element of the at-issue claims is

Scott Stimpson                                                    June 7, 2007
                                                                 Page 2

found in the prior art.   Although this supplemental disclosure is a step in the right direction, it is still not a complete answer to Interrogatory No. 2 as discussed below.

      3.     As to Papst Licensing's Request to Produce No. 1, Casio agreed to produce by June 15, 2007 all Casio digital cameras capable of transferring picture information to another device, that have been used, manufactured, sold, offered for sale, licensed or imported into the United States since October 22, 2002, as well as all other digital cameras that Casio claims constitute prior art.   When I asked whether Casio would be willing to send the cameras to us to Chicago for an inspection, Casio declined and stated that the cameras would only be produced in New York City.

      Notwithstanding these agreements to supplement, nearly every other Casio discovery response is still insufficient for at least the reasons discussed below:

<u>Interrogatories to Casio Inc.</u>

      1.     <u>Interrogatory No. 1.</u>  As we discussed, Interrogatory No. 1 incorporates Instruction No. 8 which requires Casio to provide various answers which Casio is unwilling to provide.  Pursuant to Instruction No. 8(a), Casio is unwilling to provide its claim interpretations for each element of the at-issue claims.  Casio claims that this type of request is not proper but has requested the same information from Papst Licensing.  See, Casio Inc. Interrogatory No. 1 requesting Papst Licensing to state "how Papst contends that each element of each such claim should be interpreted".  Given that Papst Licensing intends to provide a claim interpretation for each at-issue claim element by June 11, 2007, Casio must do the same.

      Pursuant to Instruction No. 8(b), Papst Licensing has requested that Casio identify each potentially infringing Casio Digital Camera and identify those documents describing the operation and/or construction of those cameras.  Although Casio objects on the basis that the request is too broad, this type of information is specifically permitted by Rule 26(c) stating that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, *including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things.*  Accordingly, Casio must provide this information.  Casio's suggestion that I stated that "what [Papst Licensing] really needs is information sufficient to understand how the cameras work" is false.

      2.     <u>Interrogatory No. 2.</u>  Although Casio has agreed to identify all prior that they contend invalidate the at-issue patents and will provide a claim chart demonstrating how each element of the at-issue claims is found in the prior art, Casio did not agree to produce the remaining information requested in Instruction No. 9.  Specifically, pursuant to Instruction No. 9(a), Casio is unwilling to provide its claim interpretations for each element of the at-issue claims even though it has requested the same information from Papst Licensing.  Pursuant to Instruction 9(b), Casio is unwilling to provide *any* "identification of all documents that concern

Scott Stimpson
June 7, 2007
Page 3

or describe each prior art reference, including all documents that provide written corroboration that any actual product constituting alleged prior art was or was not on sale or sold anywhere in the world," despite the fact that this information is directly related to invalidity issues and expressly permitted under Rule 26(c).  When asked, Casio provided no reason for not providing this relevant information.

Pursuant to Instruction 9(e), Casio is unwilling to provide *any* explanation of how each prior art reference teaches, suggests or otherwise provides a motivation to combine with any other prior art reference for any invalidity assertion under 35 U.S.C. § 103.  Pursuant to Instruction 9(f), Casio is unwilling to provide *any* explanation of why the Patents-In-Suit are invalid for failing to comply with 35 U.S.C. § 112.  When asked, Casio could provide no reason for not providing this relevant information.

3.    Interrogatory No. 3. Here, Casio is refusing to provide *any* opinion of counsel information.  This information is directly related to the issues of willfulness and infringement by inducement.  Although Casio claims that it will seek bifurcation on the issue of willfulness, Casio has already sought that relief twice and has been denied twice by the Court.  First, Judge Kessler declined to adopt Casio's requested bifurcation in the Case Management Plan.  Second, Magistrate Robinson declined to adopt Casio's requested bifurcation at the May 31, 2007 hearing.  Furthermore, Casio could not explain why the requested information was not relevant to inducement issues.  Instead, you stated that inducement is not part of the case even though I referred you to the allegation of our Counterclaim which alleges that "Casio Inc. and Casio Computer Co., Ltd. have or *have caused* to be made, used, sold, or offered for sale to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the '449 and '399 patents and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271."  Specifically, Section 271 of the patent statute includes § 271(b) and (c) relating to infringement by inducement and contributory infringement.

Interrogatories to Casio Computer Co., Ltd.

1.    Interrogatory 1        Here, Casio is unwilling to provide *any* information responsive to this request that seeks Casio to "[i]dentify any entity or person involved in the research, development, design, re-design, prototype production, testing, licensing, manufacturing, commercial production, sale, offer for sale or importation for each Casio Digital Camera used, manufactured, sold, offered for sale, licensed or imported into the United States after October 22, 2002."  This information is expressly allowed under Rule 26(c) which states "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, *including…the identity and location of persons having knowledge of any discoverable matter."*

When I asked why Casio would not provide *any* of the information, Casio claimed that it would not provide home addresses for every truck driver and secretary who may have shipped a Casio camera or processed a Casio invoice.  In response, I explained that Casio was

misinterpreting Papst Licensing's request to suit its overbreadth argument by ignoring the fact that Rule 26(c) limits discovery to those claims and defenses at-issue between the parties, and that Papst Licensing does not request that information. When I asked if there was any other reason the request was too broad, Casio could not provide any further reasons. Instead, Casio simply stated that Casio would file a motion to strike without providing any more specific reasons why the request was too broad. Your suggestion that I "provided no reasonable explanation as why [we] drafted this request so broadly" is false. Instead I explained that interrogatories must be written as they are because only Casio knows which information it possesses. Therefore, Casio no longer has any valid objection to this request and should provide this information now.

     2.    <u>Interrogatory No. 2</u>    See comments above to the same Casio Inc. Interrogatory No. 3.

<u>Document Requests to Casio Inc. and Casio Computer Co., Ltd.</u>

<u>Document Request Nos. 2, 3, 4 and 5</u>

    Here, Papst Licensing is entitled to Casio's documents describing the research, design, development, testing, manufacturing and commercial production of the at-issue products. This information was requested in several of Papst Licensing's Document Requests, including at least Request Nos. 2, 3, 4, and 5. (Ex. B, pp. 5-8). In *Ropak Corp. v. John W. Von Holdt*, 2006 U.S. LEXIS 19912, * 9-10 (N.D. Ill. April 17, 2006), the Court specifically explained the relevance of these documents as follows:

> Documents relating to the concept, design and manufacturing of allegedly infringing products are relevant for the purposes of discovery since making a patented product without authorization is itself, an infringing activity. Furthermore, process documents may lead to the discovery of admissible evidence since product features are defined during the concept, design and manufacturing process. Given the broad scope of discovery allowed by Rule 26 and the likelihood that relevant information will be uncovered, the Court grants [the patentee's] motion to compel this information.

    Casio objects on the basis that this request is overbroad. When I asked why, Casio only complained that research and development information concerning optical zoom and battery life was not relevant. In response, I explained that Casio was misinterpreting Papst Licensing's request and that Papst Licensing does not request that information. When I asked if there was any other reason the request was too broad, Casio could not provide any further reasons. Instead, Casio simply stated that you would file a motion to strike without providing any more specific reasons why the request was too broad. Therefore, Casio has no valid objection to this request and should provide this information now.

Scott Stimpson                                                                                  June 7, 2007
                                                                                                      Page 5

Document Request No. 6      Here, I explained that that this information was relevant to at least
infringement, validity and damages issues.  Casio only complained that the request was too broad
because of the optical zoom and battery life issues discussed above.  Casio had no further
reasons for the objection, and thus all other documents should be produced.

Document Request No. 7      Here, I explained that this information was relevant to at least
infringement, inducement, validity and inducement issues.  Casio was unable to provide me with
any specific reasons why this request was too broad, and thus all the documents should be
produced.

Document Request Nos. 8 and 9   Here, I attempted to compromise by stating that Casio could
hold off on producing its shipping records in its first round of production if Casio could provide
us with all of the financial information requested in the other requests.  Because Casio declined
to agree to produce that financial information, all these documents should be produced as they
relate to at least damages issues.  Casio also complained that the request was too broad because
you interpreted it to call for a shipping record between Casio Singapore and Wal-Mart
Singapore.  In response, I explained that you were misinterpreting Papst Licensing's request and
that Papst Licensing does not request that information.  When I asked if there was any other
reason the request was too broad, you could not provide any further reasons.  Thus, all other
documents should be produced.

Document Request Nos. 10 and 11   Here, I explained that this information was relevant to at
least infringement and doctrine of equivalent issues.  Casio was unable to provide me with any
specific reasons why this request was too broad, and thus all the documents should be produced.

Document Request Nos. 12 and 13   Here, I explained that this information was relevant to at
least infringement issues.  Casio was unable to provide me with any specific reasons why this
request was too broad, and thus all the documents should be produced.

Document Request No. 14      Here, I explained that this information was relevant to at least the
identification of other third-party infringers and the bias of other third-parties who may be
witnesses to this action.  Casio also complained that the request was too broad because Casio
interpreted it to call for indemnification agreements for batteries and warranties of non-
infringement for patents not asserted in this action.  In response, I explained that you were
misinterpreting Papst Licensing's request and that Papst Licensing does not request that
information.  When I asked if there was any other reason the request was too broad, you could
not provide any further reasons.  Thus, all other documents should be produced.

Document Request Nos. 15-18      Here, I explained that this information was relevant to at
least claim interpretation, validity and infringement issues.  Casio was unable to provide me with
any specific reasons why this request was too broad, and thus all the documents should be
produced.

Scott Stimpson                                                    June 7, 2007
                                                                 Page 6

<u>Document Request No. 19</u>    Here, I explained that the request had a typo and request should be limited to responsive documents for "any and all Casio Digital Cameras"

As for all other requests, Casio declined to discuss the requests further. Casio also declined to identify any other categories of information that its could not produce because of Papst Licensing's alleged over breadth. Instead, Casio stated that discussing additional requests further would be unproductive because the issues of dispute between the parties were already well defined. Accordingly, a complete meet and confer on all requests has occurred.

Nonetheless, if Casio would like to identify specific additional categories of documents to which it believes Papst Licensing's requests are too broad (e.g. optical zoom and battery life), Papst Licensing is still willing to make itself available for such a discussion. Hopefully, the parties can further narrow the issues in dispute. However, without any further identification of specific categories of information objected to by Casio, Papst Licensing can only assume that no further specific objections exist. We also consider any proposed Motion to Strike under Rule 26(g) to be premature until Casio explains and identifies the specific reasons why it believes that Papst Licensing's requests are overbroad.

Your further statement that no other Casio documents will be produced until the protective order and bifurcation issues are resolved by the Court is inadequate. There is no reason why Casio cannot now produce the other non-confidential and non-objectionable documents it has already agreed to produce. See, e.g., Casio's offer to produce alleged prior art and advertising material in response to Papst Licensing Request Nos. 35 and 51.

Finally, as we discussed, the document requests and responses for both Casio Inc. and Casio Computer Co., Ltd. are believed to be identical so all arguments apply to both. Furthermore, to the extent that the definition of "Casio Digital Camera" is slightly different in the two requests for production, I stated that the more narrow definition found in the requests to Casio Inc. could be used.

In closing, please reconsider Casio's positions, and call me to let me know if Casio is willing to further supplement its discovery. We look forward to your response.

By: _____
        Joseph E. Cwik

JEC/pm
cc:    Jerold B. Schnayer
       Campbell Killefer

# EXHIBIT N

J. Kevin Fee
**Morgan, Lewis & Bockius LLP**
(A Pennsylvania Limited Liability Company)
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 1018-0060

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CASIO INC.,**<br><br>**Plaintiff**<br><br>v.<br><br>**PAPST LICENSING GMBH & CO. KG**<br><br>**Defendant.** | **Case No. 1:06-CV-01751**<br><br><br>**CASIO INC.'S FIRST SET OF INTERROGATORIES TO PAPST LICENSING GMBH & CO. KG** |

## <u>PLAINTIFF CASIO INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO DEFENDANT PAPST LICENSING GMBH & CO. KG</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Casio, Inc.

("Casio"), hereby requests Defendant Papst Licensing GMBH & Co. KG, ("Papst"), to respond

to the interrogatories set forth herein and to serve these answers on Morgan, Lewis & Bockius

LLP, 1111 Pennsylvania Avenue, NW, Washington, D.C. 20004, in writing and under oath

within thirty (30) days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

A.     As used herein, the term "defendant" or "Papst" refers to the named defendant in this action, and includes any parents, predecessors companies, subsidiaries, divisions and/or associated organizations, and present and former officers, directors, trustees, employees, staff members, agents and/or representatives, including counsel.

B.     As used herein, the term "document" includes any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed or memorialized in any way by any means regardless of form.  Any such document bearing on any sheet (front or back), margin, attachment or enclosure thereof, any marks, such as, without limitation, initials, stamped initials, comments, or notations of any character, which are not part of the original text or reproduction thereof, is to be considered and produced as a separate document.

C.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment and title.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.     When referring to documents, "identify" means to identify the document with particularity, including providing, to the extent known:

    1)     the type of document;

    2)     the general subject matter;

    3)     the date of the document;

    4)     the author(s), addressee(s), and recipient(s); and

    5)     the production number(s) of the document if it is being produced or has been produced in this action.

E.   When referring to proceeding, "identify" means to give, to the extent known:

   1)   the title of each proceeding;

   2)   the identity of the court or tribunal presiding over each proceeding;

   3)   the date on which each proceeding was initiated;

   4)   the identification number assigned to each proceeding;

   5)   the claim(s) alleged to be infringed, unpatentable, invalid or unenforceable in each proceeding;

   6)   the judgment rendered, or the present status of each proceeding;

   7)   the name and address of each and every adverse entity in each proceeding; and

   8)   whether a written record, including trial transcripts, deposition transcripts, minutes of Oral Proceeding or written decisions, exists for each proceeding.

F.   When an interrogatory calls upon a party to explain or otherwise identify the basis of or for a particular claim, assertion, allegation, or contention, the party shall at a minimum:

   1)   identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   2)   identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; and

3)      state separately any other fact which forms the basis of the party's

information regarding the alleged facts or conclusions referred to in the

interrogatory.

G.      Insofar as any of the terms below are used herein, the following definitions apply:

1)      "And" and "or" shall be construed disjunctively or conjunctively as

necessary to bring within the scope of an interrogatory all responses that

might otherwise be construed to be outside of its scope;

2)      "Communication" means the transmittal of information (in the form of

facts, ideas, inquiries or otherwise);

3)      The "'449 patent" shall refer to U.S. Patent No. 6,895,449;

4)      The "'399 patent" shall refer to U.S. Patent No. 6,470,399;

5)      "Patents-in-suit" shall refer to the '449 and '399 patents collectively;

6)      "Person" is defined as any natural person or any business, legal or

governmental entity of association;

7)      Any evaluation, study, analysis, report, opinion or commentary is

collectively referred to as an "opinion";

8)      Any inquiries, searches or investigations are collectively referred to as a

"search";

9)      The use of the singular forum of any form of any form of any word

includes the plural form and vice versa;

10)      A "foreign equivalent" of a U.S. patent or patent application is a foreign

patent or patent application relating to the same subject matter as the U.S.

Patent or patent application.

H.     The following requests are deemed to be continuing so that with respect to any request herein, or part thereof, as to which Papst, after responding, discovers additional information responsive thereto, Casio requests that Papst provide such information and/or documents to Casio within thirty (30) days after acquiring such knowledge or advise Casio in writing as to why such additional information cannot be provided within the specified period.

I.     If defendant contends that any of the following interrogatories is objectionable in whole or in part, defendant shall state with particularity each objection, the basis for it and the categories of information to which the objection is applied, and defendant shall respond to the interrogatory insofar as it is not objectionable.

## **INTERROGATORIES**

INTERROGATORY NO. 1

Separately with respect to each claim of the patents-in-suit asserted by Papst to be infringed (directly or indirectly), and for each accused product, state in full and complete detail the bases for such charge of infringement including, but not limited to, how Papst contends that each element of each such claim should be interpreted and provide a detailed element-by-element comparison for each claim with each such product (identifying where in each accused product each element is allegedly found, or otherwise specifically identifying which feature of each accused product is alleged to meet each claim element). For each element allegedly met under the doctrine of equivalents, specifically state all reasons why Papst contends the element in the accused product is insubstantially different.

INTERROGATORY NO. 2

Identify all prior art, including but not limited to prior art that has been asserted by others relating to one or both patents-in-suit.

INTERROGATORY NO. 3

Identify all alleged secondary considerations or other objective evidence that defendant contends evidence non-obviousness of any one or more of the claims of the '449 and '399 patents, state all supporting facts including all evidence attributing the secondary considerations to the claims, identify all persons having knowledge of such facts, and identify all documents relating to, referring to, describing or constituting any response hereto.

INTERROGATORY NO. 4

Identify all persons with or to whom Papst or any other person, has discussed a license, offered a license, negotiated a license or agreed to a license under the patents-in-suit (or any claim thereof), including, but not limited to, the identity of each person communicated with, the

date of such communication, the financial terms of such discussion, offer, negotiation or license, the identity of all documents and things concerning each such discussion, offer, negotiation or license, and the identity of persons most knowledgeable about each such discussion, offer, negotiation or license.

INTERROGATORY NO. 5

State the art area and level of ordinary skill in the art pertaining to the patents-in-suit and state in detail all bases for each such contention.

INTERROGATORY NO. 6

Separately for each claim of the patents-in-suit that Papst asserts is infringed by Casio, describe in full and complete detail the facts concerning the conception and reduction to practice of the alleged invention. To be complete, your response should state the specific dates of such conception and reduction to practice, identify each person involved in such conception and reduction to practice, describe the location and circumstances of the conception and reduction to practice, and identify all documents and things tending to establish, refute or identify the dates, locations, individuals or circumstances sought in this interrogatory and any alleged corroboration.

Respectfully submitted,

DATED: March 2, 2007

J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000

Scott D. Stimpson, Esq. (*pro hac vice*)
Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP

101 Park Avenue
New York, New York 1018-0060


Attorney for Plaintiff
Casio Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I caused a true and correct copy of the attached document to be served on the following as described below:

**By Hand Delivery**
Campbell Killefer
Venable LLP
575 7th Street, N.W.
Washington, DC 20004

**By First-Class Mail**

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

J. Kevin Fee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

　　　　　　　　Plaintiff,

　　　　v.

PAPST LICENSING GMBH & CO. KG,
　　　　　　　　Defendant.
_____

PAPST LICENSING GMBH & CO. KG,
　　　　　　　　Counter-Plaintiff

　　　　v.

CASIO INC. and
CASIO COMPUTER CO.,  LTD.

　　　　　　　　Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge:  Gladys Kessler

Magistrate Judge: Deborah A
Robinson

**[PROPOSED] ORDER DENYING MOTION OF CASIO INC. AND CASIO
COMPUTER CO., LTD. TO STRIKE PAPST'S DISCOVERY REQUESTS AND
FOR SANCTIONS**

　　　　Upon consideration of the Motion of Casio Inc. and Casio Computer Co., Ltd. To

Strike Papst's Discovery Requests and For Sanctions, it is hereby

　　　　**ORDERED** that Casio's Motion is denied.

DATED: _____　　　　　_____

　　　　　　　　　　　　　　　　　　　　Deborah Robinson
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge