UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,               :
Dover, New Jersey 07801                              :
                                                     : Civil Action No. 1:06 CV 01751
          Plaintiff,                                 : Judge: Gladys Kessler
                                                     : Magistrate: Deborah Robinson
    v.                                               :
                                                     : Next status conference: December 4, 2007
                                                     :
PAPST LICENSING GMBH & CO. KG,                       :
Bahnhofstrasse 33, 78112 Georgen,                    :
Germany                                              :
                                                     :
          Defendant.                                 :
------------------------------------------------------------X
------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,                       :
Bahnhofstrasse 33, 78112 Georgen,                    :
Germany                                              :
                                                     : Civil Action No. 1:06 CV 01751
          Counter-Plaintiff,                         : Judge: Gladys Kessler
                                                     : Magistrate: Deborah Robinson
    v.                                               :
                                                     : Next status conference: December 4, 2007
                                                     :
CASIO INC. and                                       :
CASIO COMPUTER CO., LTD.                             :
                                                     :
          Counter-Defendants                         :
------------------------------------------------------------X

## DECLARATION OF J. KEVIN FEE

I, J. Kevin Fee, hereby declare as follows:

1. I am a partner at the law firm of Morgan, Lewis & Bockius LLP in the Washington D.C. Office located at 1111 Pennsylvania Avenue, NW, Washington, D.C. 20004.

2. I have been admitted to practice law in the District of Columbia since 2005. I am further admitted to practice law in the states of New York and Pennsylvania.

1-NY/2199788.2

    3.    Attached hereto as Exhibit A, is a true and correct copy of Plaintiff and Counter-Defendant Casio Inc. and Counter-Defendant Casio Computer Co., Ltd.'s Proposed Stipulation and Confidentiality Order.

    4.    Attached hereto as Exhibit A, is a true and correct copy of the Petition Under 37 CFR 1.313(C)(2) for Withdrawal from Issue for Consideration of an RCE Request Under 37 CFR 1.114 for Application No. 11/078,778.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 9, 2007        By: _____
                                          J. Kevin Fee



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,
Dover, New Jersey 07801

                         Plaintiff,

   v.

PAPST LICENSING GMBH & CO. KG,
Bahnhofstrasse 33, 78112 Georgen,
Germany

                         Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,
Bahnhofstrasse 33, 78112 Georgen,
Germany

                        Counter-Plaintiff,

   v.

CASIO INC., 570 Mount Pleasant Avenue,
Dover, New Jersey 07801, and
CASIO COMPUTER CO., LTD., 6-2,
Honmachi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan

                        Counter-Defendants.
------------------------------------------------------------X

: Civil Action No. 1:06 CV 01751
: Judge: Gladys Kessler
: Magistrate Judge: Deborah Robinson

: Civil Action No. 1:06 CV 01751
: Judge: Gladys Kessler
: Magistrate Judge: Deborah Robinson

## [PROPOSED] STIPULATION AND CONFIDENTIALITY ORDER

1.    This Stipulation and Order shall govern the handling of all documents (whether in writing, in any electronic form, or otherwise), testimony and other information, or the substance thereof in any form, including but not limited to all copies, excerpts, extracts and summaries thereof produced, given or filed during discovery and other proceedings in the above-captioned action, and designated "Confidential" or "Highly Confidential" as set forth below (collectively, "Material").

      2.      Any party or other person agreeing to be bound hereby (including non-parties) producing or disclosing Material may designate as "Confidential" or "Highly Confidential" any portions of any Material, subject to paragraphs 4, 5 and 6 below.

      3.      Any person obtaining information from any Material designated "Confidential" or "Highly Confidential" shall (a) maintain such information and Material as "Confidential" or "Highly Confidential," as the case may be, in accordance with this Stipulation and Order, (b) shall not disclose such Material or information to any person, entity, organization or agency except as expressly provided below, and (c) shall use such information solely for the purpose of preparing for and conducting the above-captioned action. Neither Material designated "Confidential" or "Highly Confidential," nor the contents thereof, shall be used for any other purpose or disclosed to any persons other than those authorized herein.

      4.      Notwithstanding any other provision of this Protective Order, under no circumstances may any "Confidential" or "Highly Confidential" information of a technical nature be made available or otherwise disclosed to any person who is directly or indirectly involved with prosecution of patent applications that are in any way related to the patents-in-suit or digital camera technology.

      5.      A party may designate as "Confidential" any Material that is not publicly available and kept in confidence by the producing party. Subject to paragraph 4, Material designated "Confidential" shall not, without the consent of the person producing it or further Order of the Court, be disclosed to anyone other than the following:

      (a)      Outside Counsel for a party in the above-captioned action;

      (b)      Persons regularly members of, employed by or associated with the law firms qualified under section 5(a) above that are retained by a party, or lawyers or paralegals engaged in whole or in part to assist such law firms;

      (c)      Expert witnesses and consultants retained in connection with the above-captioned action, to the extent such disclosure is necessary for the preparation for trial or trial of the action, but only after the procedures specified in Section 7;

      (d)      Deponents noticed or subpoenaed by the parties, so long as that deponent (i) is an employee, partner, director, officer or agent of the producing party, or (ii) is an expert retained for the purposes of this litigation, but only after the procedures specified in Section 7;

(e) Up to two regular employees of a party, and up to two members of each parties' in-house legal department, to the extent such disclosure is necessary for the trial or preparation for trial of the above-captioned action, but only after the procedures specified in Section 7;

(f) The Court (including court reporters, stenographic reporters and court personnel). Disclosure of any "Confidential" Material at trial or in any other proceeding herein shall be made in camera unless the Court orders otherwise or the parties otherwise agree. In the event that "Confidential" Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take steps reasonably available to protect its confidentiality during such use;

(g) Any person or persons who have prepared the particular documents produced;

(h) Any person or persons to whom copies of any documents were addressed or delivered; or

(i) Other persons who may be specifically designated by advanced written consent of the producing party or pursuant to Court Order.

6. A party may designate as "Highly Confidential" Materials that counsel in good faith believes contains or constitutes that party's sensitive confidential information or other such proprietary information. Subject to paragraph 4, material designated "Highly Confidential" shall be disclosed only to the people set forth in Section 5 above, with the exception of the those people identified in Section 5(e).

7. Any person who is to be given access to "Confidential" or "Highly Confidential" discovery material pursuant to paragraphs 5 (c)-(e) shall read this order and sign the Confidentiality Agreement attached as <u>Exhibit A</u>, indicating that he/she had read this order and will abide by its terms. A copy of the signed Confidentiality Agreement shall be served on opposing counsel and counsel for any third party that has produced "Confidential" or "Highly Confidential" discovery material, along with a resume or curriculum vitae for the person who is to be given the material, by email and first-class mail at least ten (10) business days prior to the disclosure of the Material. If an objection is made and served by facsimile and first-class mail within the ten (10) day period, disclosure is not permitted until the matter is resolved by the parties or the Court. The objecting party carries the burden to show cause why the material should not be disclosed to such person under the terms of this Order.

8. The designation or lack of designation of Materials by any party as "Confidential" or "Highly Confidential" does not thereby cause such materials to be confidential, proprietary or trade secret information of that party or otherwise diminish, denude, or deprive the confidential, proprietary or trade secret status of the Materials. Such a designation may not be introduced into evidence as an admission by a party and shall not be admissible in evidence for any other purpose.

9. When any party uses "Confidential" or "Highly Confidential" Material at the deposition of any person, the transcript of that deposition (or, where feasible, the "Confidential" or "Highly Confidential" portion thereof) shall be filed, if at all, under seal, and when used in connection with any motion, hearing or trial, shall be treated as "Confidential" or "Highly Confidential" under, respectively, paragraphs 5 and 6, above.

10. "Confidential" and "Highly Confidential" Material shall be designated as follows:

(a) In the case of documents, designation shall be made prior to production by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be, on each page of any such document.

(b) Documents may be produced for inspection prior to their designation as "Confidential" or "Highly Confidential" but shall be designated as "Confidential" or "Highly Confidential," as the case may be, prior to the transmission of a physical copy of the document to the party requesting the document. The contents of such documents shall be treated as "Highly Confidential" during their inspection and in the interim prior to their designation upon production of said physical copy.

(c) In the case of interrogatory answers, designation shall be made by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be, on each page containing such answers, with the relevant portion of any such answer bracketed.

(d) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "Confidential" or "Highly Confidential" Material shall be made either (1) by a statement to such effect on the record during the course of the deposition or (2) within thirty (30) days of receipt of the transcript of the deposition by counsel for the party claiming confidentiality. If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and "Confidential" or "Highly Confidential" Material, and the reporter shall write or stamp the word "Confidential" or "Highly Confidential," as the case may be, on the cover

of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall do so by identifying the page and line numbers corresponding to the portions of testimony the party wishes to designate Confidential or Highly Confidential. Between the date of the deposition and thirty days after the transcript has been received by the parties, the entire transcript is to be treated as if designated Highly Confidential. If no party has designated any portion of a deposition transcript Confidential or Highly Confidential thirty days after receipt of the transcript, the entire transcript may be treated as non-confidential but only after written notice to counsel for the deponent and the passage of five (5) business days from the notice. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or after the deposition and in writing, without further court order.

(e) All briefs, pleadings or other filings with the Court which incorporate or disclose "Confidential" or "Highly Confidential" Material shall be appropriately labeled on the cover page and filed under seal.

11. If any party objects to the designation of any Material as "Confidential" or "Highly Confidential," the party shall so state the objection by letter. Any such written notice shall specifically identify the Material to which the objection is directed. Counsel shall confer in good faith in an attempt to resolve any disputes concerning such designation. If the status of the challenged Materials cannot be resolved, the party objecting to the designation may file an appropriate motion requesting that the Court rule that the challenged Materials should not be subject to the protection invoked. The party claiming confidentiality shall bear the burden of proof that the materials are confidential.

12. The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action. Upon final termination of this case, counsel for the parties shall each be permitted to retain one copy of the pleadings, the transcripts of any hearings or trials, and the exhibits introduced or otherwise used in any such hearings or trials, not under seal. Counsel for the parties shall destroy or assemble and return to each other all other Material and all copies or summaries of the same.

13. Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Order or to present a motion to the court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. Nor do the parties waive any right to seek relief

from the Court from any provision of this Stipulation and Order at any time, by order or by stipulation.

14.     Each person to whom "Confidential" or "Highly Confidential" Material is disclosed after executing pursuant to this Stipulation and Order or Exhibit A hereto thereby submits himself or herself to the jurisdiction of this Court over his or her person, wherever he or she shall be, for the enforcement of this Stipulation and Order.

15.     If a party in possession of Materials designated "Confidential" or "Highly Confidential" receives a subpoena from a non-party to this Stipulation and Order seeking production or other disclosure of any "Confidential" or "Highly Confidential" Material, he or she shall promptly give written and telephonic notice to counsel for the party who designated the Material "Confidential" or "Highly Confidential," stating the "Confidential" or "Highly Confidential" Material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days' notice before production or other disclosure thereof should be given. In no event shall production or disclosure be made before notice is given.

16.     Nothing in this Stipulation and Order shall prevent any party from disclosing its own information which it has designated "Confidential" or "Highly Confidential," as it deems appropriate and any such disclosure shall not be deemed a waiver of any other parties' obligations under this Stipulation and Order, except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

17.     The inadvertent production or disclosure of any documents or other information or materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify the receiving party in writing when inadvertent production or disclosure is discovered. The parties will attempt to amicably resolve the situation before involving the Court.

18.     The failure of a party to designate information as "Confidential" or "Highly Confidential" at the time of its production or disclosure shall not preclude that party from later designating said information as "Confidential" or "Highly Confidential" by promptly notifying all counsel of record of such designation.

19. If material or information designated "Confidential" or "Highly Confidential" is disclosed by a receiving party to any person other than in the manner authorized by this Stipulation and Order, the receiving party responsible for the disclosures must immediately bring all facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of such information or material.

20. The parties hereby stipulate that this Court has jurisdiction over this Stipulation and Order for all purposes including enforcement, and that the Court's jurisdiction shall survive the termination of the underlying cause of action.

Dated this __ day of May, 2007

---

J. Kevin Fee, Esq. (D.C. Bar #494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Jeffrey M. Gold, Esq. (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
Tel.: (212) 309-6000
Fax: (202) 309-6001

Scott D. Stimpson, Esq. (*pro hac vice*)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue, 11th Floor
White Plains, New York 10601
Tel. 203-258-8412

Attorneys for Plaintiff and Counter
Defendant Casio Inc. and Counter Defendant
Casio Computer Co., Ltd

---

Campbell Killefer
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Attorneys for Papst Licensing GmbH & Co. KG

## **ORDER**

IT IS SO ORDERED.

Date: _____                    _____
                                          Deborah Robinson
                                          United States Magistrate Judge

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT
CASIO INC. AND PAPST LICENSING GMBH & CO. KG
NO. 06 C 01751**

      The undersigned has read the annexed Stipulation and Confidentiality Order (the "Stipulation and Order"). The undersigned agrees to be bound by each of the terms thereof, and not to disclose or otherwise use any "Confidential" or "Highly Confidential" Material (as those terms are defined therein) made available or produced in connection with this matter other than as provided for in the Stipulation and Order. The undersigned agrees to submit to the jurisdiction of this Court for the purposes of enforcement of this Agreement. Nothing in this Agreement shall be construed as precluding any other court or judicial body from exercising jurisdiction over the undersigned for purposes of enforcement of this Agreement.

_____
Signature

_____
Name (Please print or type)

Business Address:                                    Residence Address:

_____           _____
_____           _____
_____           _____



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Patent Application of: Michael Tasler | Group No.: 2181 |
| Serial No.: 11/078,778 | Conf. No.: 8978 |
| Filed: 3/11/05 | Examiner: Harold J. Kim |
| For: ANALOG DATA GENERATING AND PROCESSING DEVICE FOR USE WITH A PERSONAL COMPUTER (As Amended) | |
| Attorney Docket No.: 0757/96910 | |

## PETITION UNDER 37 CFR 1.313(C)(2) FOR WITHDRAWAL FROM ISSUE FOR CONSIDERATION OF AN RCE REQUEST UNDER 37 CFR 1.114

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-0001

Dear Sir:

This is a petition under 37 CFR 1.313(c)(2) to withdraw the instant application from issue so that the USPTO can consider the RCE request under 37 CFR 1.114 concurrently filed herewith. The petition fee set forth in 37 CFR 1.17(h) is paid in connection with the electronic filing of this petition. A showing of good and sufficient reasons why this petition should be granted follows.

The issue fee for the above-noted application was paid on October 27, 2006. Subsequent to this date, the undersigned attorney became aware of new prior art relating to the patentability of the claims that are to be issued in connection with this application.

After this application issues as a patent, the patent will be asserted against third parties.

Applicant: Michael Tasler
Application No.: 11/078,778
Filed: 03/11/05
Date: December 19, 2006
Page – 2 –

Even thought the newly cited art is believed to be cumulative of at least one reference already considered by the Examiner, the newly cited prior art should be given to the Examiner for his consideration to eliminate the possibility of third parties raising inequitable conduct issues with regard to the newly cited art in connection with the enforcement of any patent granted on the instant application. For this reason, it is respectfully requested that this petition be granted so that the Examiner can consider the prior art listed in the IDS filed herewith, and allow the instant application to issue over such prior art.

Respectfully submitted,

Jeffrey W. Salmon
Attorney for Applicant
Registration No. 37,435

December 19, 2006
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
Telephone (312) 655-1500
Facsimile (312) 655-1501