Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CASIO INC.,** <br>           **Plaintiff** <br>           v. <br> **PAPST LICENSING GMBH & CO. KG** <br>           **Defendant.** <br><br> **PAPST LICENSING GMBH & CO. KG,** <br>           **Counter-Plaintiff** <br>           v. <br> **CASIO INC. and CASIO COMPUTER CO., LTD.** <br>           **Counter-Defendants** | Case No. 1:06-CV-01751 <br><br> Judge: Gladys Kessler <br> Magistrate Judge: Deborah Robinson <br><br> Next status conference: December 4, 2007 |

**CASIO'S MEMORANDUM IN OPPOSITION TO PAPST'S MOTION**
**TO COMPEL THE PRODUCTION OF DOCUMENTS**

1-WA/2788903.1

I. **THE SCOPE OF THE PAPST MOTION**

Without a deep and detailed review of the Papst proposed order, the Papst exhibits, and even documents Papst did not attach to its motion, the scope of what Papst is asking this Court to do is difficult to fully appreciate. To ensure that the enormity of the Papst motion is clear, Papst seeks an order that all the following documents, and more, be produced by Casio within ten days:

1. Every document from every Casio company all over the world relating in any way to any research, design, development, testing, licensing, commercial production, sale, offer for sale, or importation of every Casio Digital Camera. Requests 2-4 and 6, Papst proposed order ¶6.[1]

2. From every Casio company all over the world, and for every feature of every Casio Digital Camera (regardless of whether it is in issue), all "engineering specifications, assembly drawings, production drawings, parts drawings, schematic drawings, block diagrams, parts lists, bills of material, prototypes, specification sheets, sales manuals, brochures, instruction or operating manuals, user manuals, technical publications, technical documentation, white papers, or technical bulletins relating to any and all Casio Digital Cameras." Request 5, see also, *e.g.,* Request 6, Papst proposed order ¶6.

3. Every document written, created, received, and/or generated by any Casio company all over the world that has any relation to Casio Digital Cameras. Request 6, Papst proposed order ¶6.

4. Every communication with every customer of Casio Digital Cameras all over the world. Request 7, Papst proposed order ¶¶6, 9.

5. Every document from every Casio company worldwide that relates to any property, characteristic, advantage, or disadvantage of any Casio Digital Camera. Request 10, Papst proposed order ¶6.

6. Every document related to Casio sales all over the world. Request 19, Papst proposed order ¶9.

7. Every advertisement, brochure, bulletin, price list, circular, press release, commercial article, or other materials concerning Casio Digital Cameras all over the world. Requests 35-37, Papst proposed order ¶6.

8. Every document exchanged between any Casio company and any licensee or product manufacturer, and every document relating to every meeting with every manufacturer. Requests 59-61, Papst proposed order ¶6.

9. Every document ever exchanged between any Casio companies, not limited to cameras. Request 67(c), Papst proposed order ¶10.

---

[1] Please also see Request 71, and ¶16 of the Papst proposed order. Request 71 sought every document related to the Papst interrogatories. Papst did not provide those interrogatories to the Court, but they are attached hereto as Exhibits A and B.

10. Every document that describes details of the electronic information systems of every Casio company over the last ten years, and every application that has ever been run on those systems. Request 70, Papst proposed order ¶11.

11. Every document, including documents in the files of Casio's litigation counsel, relating to studies of the patents (thus, without any mention in its memorandum, Papst is requesting the Court to order Casio to waive privilege and work product). Requests 38, 39, 44-51, 53-55, 71, 74; Papst proposed order ¶13, 16.

12. Every document setting forth officers and directors, or other people with controlling interests, for every Casio company worldwide for the last ten years. Requests 56, 58, Papst proposed order ¶14.

13. Every document identifying every person worldwide that has been involved with management, sales, licensing, marketing, design, and engineering for every Casio Digital Camera for the last ten years. Request 57, Papst proposed order ¶14.

What would Papst do if, assuming it was even possible, Casio actually produced all these documents? Does it really intend to have teams of translators and lawyers ready to review the millions upon millions of documents and emails in the Japanese, German, French, Indian, Korean, Taiwanese, and Chinese languages?

It is not the discovery Papst seeks by this motion, it is the associated expense to Casio. Papst now seeks to use this Court as an instrumentality to increase expenses so much that it will be able to extract a settlement from Casio.

The Papst motion to compel could not pass Rule 11 muster – no good faith analysis would consider any significant fraction of these requested documents relevant. Casio has refrained from filing that motion. Casio does, however, seek all its costs and fees associated with responding to the frivolous scope of this motion. Fed. R. Civ. P. 37(a)(4)(B). [2]

---

[2]  See the Federal Trade Commission's report "To promote Innovation: The Proper Balance of Competition and Patent Law and Policy" (pertinent pages attached as Exhibit C) at pages 38-43 (referring to numerous observations that non-practicing entities attempt to set licensing fees below the cost of litigation, "so as to make the taking of a license the only economically sensible alternative, regardless of the strength of the patent" and referring to such practices as "hold-ups"). This Report, the pertinent pages of which are attached as Exhibit C, was cited by Supreme Court Justices Souter and Breyer in their concurring opinion in *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1842 (2006).

II.     **THE DOCUMENTS NOT ADDRESSED IN THE PAPST MEMORANDUM**

Papst does not attempt to justify the full scope of documents it seeks. While Papst claims, in footnote 1, that "more detailed explanation as to how each individual Document Request relates to the issues in this lawsuit" is provided in Exhibit G (sic, Exhibit H), that Exhibit has no detail at all – it is just a check list with no reasoning or legal support.[3]

Discovery is only relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Papst has not addressed the relevance issue for the vast majority of its requests. Consistent with precedent of this Court and positions Papst has taken elsewhere, the motion should be denied because Papst has not made a specific and detailed showing of why the full scope of information it seeks is relevant.[4]

The issues in this case are whether the Casio cameras infringe the patents, whether the patents are valid, and damages. Papst's requests seek documents far removed from these issues. For example, Papst pursues Request 6, which seeks every document at every Casio company worldwide that has any relation to digital cameras.[5] There is so much encompassed by this

---

[3]     *Cf. Alexander et. al. v. Federal Bureau of Investigation et. al.,* 186 F.R.D. 185, 187 (D.D.C. 1999) (denying motion to compel because "plaintiffs . . . must show in their initial motion that the information they seek to compel is relevant . . . . Their initial motion is comprised of only two pages and offers little in the way of legal citation or reasoning. . . . .").

[4]     *In re: Papst Licensing, GmbH, Patent Litigation,* No. 99-MD-1298, 2001 U.S. Dist. LEXIS 10012, at *46 (D. La. July 12, 2001) (sustaining Papst's objection because opposing party "has not provided the court with a specific relevance basis for this request."); *see also* *49-50 (two instances of the same) and *54 (on Papst's objections, refusing to compel any production from set of requests that were "broad and burdensome by any standard"); *see also Alexander et. al. v. Federal Bureau of Investigation et. al.*, 194 F.R.D. 316, 325 (D.D.C. 2000) ("once a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable."); *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.,* 174 F.R.D. 609, 631 (M.D. Pa. 1997) (same). Papst should not be allowed to try to plug these holes in its reply memorandum. *Hebert v. National Academy of Sciences,* 974 F.2d 192, 196 (D.C. Cir. 1992) ("To consider an argument discussed for the first time in a reply would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response.").

[5]     Papst proposed order ¶6; Papst Exhibit H; Papst Mem. at 5 (addressing *inter alia* Request 6: "Casio should be ordered to produce all responsive documents concerning **all** Casio Digital Cameras….") (emphasis by Papst).

request that Casio cannot possibly even address it.[6] None of it, beyond the documents Casio has produced or agreed to produce, bears any reasonable relation to the issues in this case.

Even if Papst had somehow established marginal relevance to some of the documents it seeks, that relevance must be balanced against the burden to Casio.[7] It is self-evident that collecting even a fraction of the documents Papst seeks would be an enormous burden and expense to Casio, which is a major international corporation with nearly 13,000 employees, and dozens of worldwide subsidiaries.[8] *See also* Exhibits F (¶5) and G (¶7). The third-party discovery Papst seeks would place similar burdens on Casio subsidiaries all over the world, and require escapades from country-to-country, hiring translators for many different languages, legal review of every document, etc.[9]

## III. CASIO HAS OR WILL PRODUCE THE NECESSARY DOCUMENTS

*Subject to resolution of Casio's pending motions for sanctions and bifurcation*, Casio has already produced or agreed to produce at least the following:

- Infringement: All Casio cameras are available for inspection; all user manuals; all service manuals; documents sufficient for a full understanding of how the Casio cameras function and operate; and R&D documents relating to transfer of data from the cameras to a PC.

- Generally relevant documents: Non-privileged/work product documents related to the patents and Papst; documents supporting or contradicting Casio's claims and defenses; non-privileged/work product documents relating to claim interpretation; document retention policies; and documents providing a general overview of electronic systems.

---

[6] *See* Fed. R. Civ. P. 34(b) (requiring requested documents to be described with "reasonably particularity"). This request, for example, would include a letter from Casio Singapore to a Singapore truck driver changing the time of a delivery of cameras, a French testing report for the battery life of a camera, a complaint from a German customer about an inoperative shutter, a Korean customer's question about flash operation, etc.

[7] *In re: Vitamins Antitrust Litigation*, 198 F.R.D. 296, 301-02 (D.D.C. 2000); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii) (holding that the court should limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit….").

[8] Exhibit D, page 49.

[9] Casio stands behind all its objections (including privilege, work product, relevance, undue burden, etc.), even though space limitations will not allow discussion of each.

1-WA/2788903.1                                                4

- Commercial success: Sales summaries for the United States; and sales summaries from Casio Japan to all countries of the world.
- Validity: Any prior art or other documents relied on by Casio, and other documents supporting or contradicting the validity defenses.
- Damages: United States marketing materials; sales, cost, and profit summaries for the United States, including backup; sales, costs, and profits summaries for Casio Japan for sales made to the United States, with backup; all patent licenses on digital cameras; and documents addressing any impact or possible impact camera sales have on other products.

## IV.   THE DOCUMENTS ADDRESSED BY PAPST

### A.   Technical Documents – Papst Section III(A)

Papst seeks production of all documents, not limited to these "narrowed" technical areas. See Papst proposed order, ¶6 and Papst Exhibit H. In any event, even the narrowed technical areas are far too broad.[10] The cases cited by Papst do not support the Papst position that every technical document needs to be collected and produced, and Papst provides no reasoning as to why it allegedly needs them. Casio will produce documents sufficient for an understanding of how the Casio products operate and function, and it offered, subject to its pending sanctions motion, to provide R&D documents relating to transfer of data from a camera to a PC – that is the technology accused of infringement. Papst needs no more.

### B.   Products Not Accused Of Infringement – Papst Section III(B)

As requested in our pending motion for sanctions (Docket entry #47), Papst should be limited to the six products it has accused, as a sanction for its failure to comply with the Court

---

[10] Narrowed topic 1 seeks, for example all documents related to the cameras taking pictures ("acquisition and processing of light images. . ."). This narrowed topic alone would capture such technical subject areas as optical and digital zooms, shutter release, flash operation, focusing and contrast, night shot options, exposure control and compensation, white balance, image brightness, backlight functioning, color filters, image sharpness, color saturation, and image contrast. None of these technical areas, all evident from the Casio manuals produced to Papst, are relevant. The other topics are equally overbroad, requesting all documents on such things as mega-pixels per acquired photo, types of SD cards, image file formats, movie formats, data compression, audio and recording media, image data amount options, camera set up, camera photo quality options, computer programs for all these irrelevant technical areas, camera video quality options, recording volume options, and built-in memory capacities.

Orders. If that request is denied, Casio will produce documents on other products. There is no justification, however, for Papst's request that Casio be ordered to produce the vast scope of documents it seeks (see Section I), but instead only documents offered by Casio in the last paragraph of Section A above should be required.

C. **Damages and Willfulness Documents -- Papst Section III(C)**

Please see our co-pending motion for bifurcation. Beyond the bifurcation issue, the Papst requests are vastly overbroad, seeking to invade the files of Casio's litigation counsel for privilege and work product, and seeking far more discovery than is needed on either damages or willfulness issues.[11]

D. **Foreign Activities – Papst Section III(D)**

1. **Lack Of Relevance, Undue Burden**

There is no need for documents from foreign Casio companies. Casio Japan designs the cameras, and they are assembled according to the Casio Japan specifications by Yamagata Casio and two unaffiliated companies in China. As Casio Japan designs the cameras, it has the documents on R&D, design, and operation and its costs simply include payments to these three other manufacturing companies. *See* Declaration of Satoshi Katakai, Exhibit F.

Casio Japan sells the cameras to Casio America, and Casio America sells them in the United States. *See* Declaration of Koichi Kaneda, Exhibit G. The only intentional exception was an agreement Casio Japan had with Pentax from 2002-2004. *Id.* at ¶5. If Papst articulates an infringement theory that could possibly cover sales in that period, Casio will produce related documents. *See* footnote 17.

---

[11] For damages, please see Section G(1), below. As for willfulness, Casio should not be required to now choose whether or not to waive privilege, and if it does so later Papst is not entitled to the discovery it seeks. *See Intex Recreation Corp. v. Team Worldwide Corp.,* 439 F. Supp. 2d 46, 52-53 (D.D.C. 2006).

Papst makes the argument at page 6 of its memorandum that Casio is liable by inducement for sales outside the United States if there is an expectation that the products later will be sold in the United States in an infringing manner.[12]  This is a wild fishing expedition, and there is no such expectation.  Exhibit F.

The only other argument made by Papst is that these documents may be relevant to commercial success.  But Papst should be precluded from asserting any commercial success for its refusal to comply with Orders (docket #47, interrogatory 3).  If the Court allows Papst to assert foreign commercial success, Casio will agree to provide sales summaries from Casio Japan to foreign countries.[13]

### 2. The Control Issue

Even if Papst had some plausible theory of relevance of documents from foreign companies, and even if that relevance could somehow overcome the unthinkable burden to Casio to produce what Papst seeks from all Casio companies, Papst has made no showing that either Casio party has control over the documents at foreign Casio companies.  It is Papst's burden to prove control with specific facts, for each of these many companies.[14]

Papst is asking this Court to order a Japanese company to obtain massive amounts of confidential information from many foreign countries, including China, Korea, India, France, Germany, England, and Taiwan.  Yet Papst does not say a word in its brief of the comity issues

---

[12] *DSU Medical v. JMS Co.*, 471 F.3d 1293, 1304-05 (Fed. Cir. 2006).

[13] *See, e.g., Minnesota Mining and Manufacturing Co. v. Smith & Nephew et. al.*, 3-91 CIV 274, 1992 U.S. Dist. LEXIS 22785, at *6-7 (N.D. Ill. July 27, 1992) ("limited discovery of . . . foreign sales information").

[14] *Steele Software Systems, Corp. v. Dataquick Information Systems, Inc.*, 237 F.R.D. 561, 565 (D. Md. 2006). As evidence of control, Papst presents at page 8 of its memorandum only a single page from a 2006 Casio Annual Report.  It provides a list of related Casio companies and nothing more.  It does not "demonstrate that Casio Japan is in control of twenty-seven other Casio entities likely to possess relevant information," as Papst claims.

involved. Whether the documents Papst demands can be produced will depend in significant part on foreign law.[15]

### E.  Confidential Technical Documents – Papst Section III(E)

Please see the co-pending Papst motion for a protective order, and the Casio opposition.

### F.  Date for Production – Papst Section III(F)

Casio will undertake to produce other non-privileged documents relating to the patents-in-suit, if any, within two weeks.

### G.  Other Documents – Papst Section III(G)

1. **Financial Documents**: Papst states that Casio "only offered to eventually produce 'summary records of sales to customers in the United States, for those products specifically accused of infringement.'" This is not correct. Please see Section III, above, and Exhibit E. The problem with the Papst requests is that they go far beyond anything reasonably required for a damages analysis. See Section I, points 1, 3-9, and 13.[16] Moreover, years of the damages discovery Papst wants (no matter what the scope) should be eliminated when Papst complies with this Court's Order for a complete response to the Casio interrogatories.[17]

2. **Documents from all Casio Entities**: Please see Section IV(D), above.

3. **Computer systems**: Papst does not attempt to explain how these requested documents are relevant. How is the full scope of what Papst seeks relevant?[18]

---

[15]  *Cf. In re Ski Train Fire*, MDL No. 1428, 2006 U.S. Dist. LEXIS 29987, at *18 (S.D.N.Y. May 16, 2006) (considering Austrian law in connection with control issue); *Astra Aktiebolag, et. al. v. Andrx Pharmaceuticals, Inc.,* 208 F.R.D. 92, 97-98 (S.D.N.Y. 2002) (considering German law with regard to privilege issues).

[16]  *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

[17]  If Papst is still allowed to assert infringement by inducement, that theory requires Casio's intent to infringe, which obviously is not possible before Casio knew of the patents on March 14, 2006. *DSU Medical,* 471 F.3d at 1304-05. Thus, none of the detailed sales, costs, or profits Papst seeks for prior years would be relevant.

[18]  *See, e.g., India Brewing, Inc. v. Miller Brewing Co*., 237 F.R.D. 190, 194 (E.D. Wis. 2006).

      **4.**      **Other lawsuits**:  Papst requests production of all documents (including privilege and work product) related to every lawsuit worldwide, no matter what the legal or technical issues of the litigation.  Casio will produce its settlement agreements on other camera cases, subject to resolution of the other pending motions, and otherwise objects on grounds of relevance, undue burden, privilege, and work product.  These objections are consistent with objections Papst successfully made in another case on the exact issue.[19]

      **5.**      **Prior Art**:  Contrary to the *Rohm and Haas* case, Papst requests prior art, with no explanation of how it could possibly be relevant or useful if Casio is not relying on it.  This request, as with so many others, is nothing but "make-work" for Casio.

      **6.**      **Communications with customers**:  These documents have no relevance to this litigation, and would be extremely burdensome for Casio to collect and produce.  Papst's cited case does not support this request.

      **7.**      **Identities of people and businesses**:  By demanding every document at every Casio company worldwide that identifies every officer, director, and person or entity involved in any way with the cameras for the last ten years (Requests 56, 57, 58, 66), Papst has chosen the discovery route that will increase Casio expense as much as possible, and Papst has shown no need for it.  Indeed, Papst successfully objected to the same discovery request in another litigation – an objection that carries much more force here as Papst demands the same thing for dozens of companies all over the world.[20]

---

[19] *In re: Papst,* 2001 U.S. Dist. LEXIS 10012 at *34-35 (denying discovery from other litigations and noting both parties' "ironic desire for, and abhorrence of, discovery concerning other litigation."); *see also* *41 (Papst's objection to producing documents in other courts sustained in part, limiting the request to litigations on the patents-in-suit) and *55; *see also Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977) (denying motion due to the lack of specific showing of relevance of other litigations:  "Whether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit is far from clear.  F. R. Evid. 401, 406.  In the Court's view, discovery of this type typically will *not* lead to admissible evidence.  *Id*.") (emphasis in original).

[20] *In re: Papst*, 2001 U.S. Dist. LEXIS 10012 at *46 (sustaining Papst objection to a document request because it "would require Papst Licensing to produce information about every employee, director and shareholder….");

### III. CONCLUSION

For all the foregoing reasons, we respectfully request that the Court deny the Papst motion in its entirety, and grant Casio fees and costs pursuant to Fed. R. Civ. P. 37.

Respectfully submitted,

DATED: July 9, 2007

s/ J. Kevin Fee
Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter- Defendant Casio Inc. and Counter-Defendant Casio Computer Co., Ltd.

---

*see also* *51 (sustaining Papst objection to documents referring or relating to organizational structure as "overly broad").

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------X
CASIO INC., 570 Mount Pleasant Avenue,
Dover, New Jersey 07801

          Plaintiff,

 v.

PAPST LICENSING GMBH & CO. KG,
Bahnhofstrasse 33, 78112 Georgen,
Germany

          Defendant.
------------------------------------------------------------------X
------------------------------------------------------------------X
PAPST LICENSING GMBH & CO. KG,
Bahnhofstrasse 33, 78112 Georgen,
Germany

          Counter-Plaintiff,

 v.

CASIO INC., 570 Mount Pleasant Avenue,
Dover, New Jersey 07801, and CASIO COMPUTER
CO., LTD., 6-2, Honmachi 1-chome, Shibuya-ku, Tokyo
151-8543, Japan

          Counter-Defendants.
------------------------------------------------------------------X

**Civil Action No. 1:06 CV 01751**
: Judge: Gladys Kessler
: Magistrate Judge: Deborah Robinson

: Next status conference: 12/4/07

## [PROPOSED] ORDER

Upon consideration of Defendant and Counter-Plaintiff Papst Licensing GmbH & Co. KG's ("Papst") Motion to Compel the Production of Documents, it is hereby

**ORDERED** that Papst's Motion to Compel the Production of Documents is **denied**.

1-NY/2200028.1

**ORDERED** that Casio is awarded all its costs and fees associated in any way with opposing Papst's motion.

DATED:_____

_____
Deborah Robinson
United States Magistrate Judge

1-NY/2200028.1