UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>             Plaintiff,<br><br>       v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>           Defendant. | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |
| PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | |

**PAPST'S MOTION TO STAY PROCEEDINGS PENDING A CONSOLIDATION DETERMINATION BY THE MDL PANEL AND REQUEST FOR A STATUS CONFERENCE**

Papst Licensing GmbH & Co. KG ("Papst") respectfully seeks a stay of all proceedings in this case pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this case with five other cases for pre-trial purposes.

This case is one of six pending cases that concern whether the respectively accused digital cameras infringe the same two United States patents (the Tasler patents) owned by Papst, and that concern the validity of those two patents. Papst previously notified this Court of its July 9, 2007 motion before the MDL Panel to consolidate five of the six actions for pre-trial proceedings as permitted by 28 U.S.C. §1407(a). [Docket No. 65] After filing the July 9, 2007 motion before the MDL Panel, counsel for Papst learned of the Matsushita action that had been

filed in this Court on July 6, 2007, and Papst will notify the MDL panel of that sixth action.  At this time, Papst expects that its July 9, 2007 motion will be considered and decided by the MDL Panel when the Panel meets in September.

Papst respectfully requests a status conference before Judge Kessler to resolve these case management issues, preferably on July 23, 2007, when counsel for all of the parties already had arranged to come from out of town to appear before Magistrate Judge Robinson on discovery motions.

In accordance with Local Rule 7(m), counsel for Papst conferred with opposing counsel concerning this motion on July 13, 2007.  No agreement was reached.

A memorandum in support of this motion is being filed concurrently.  A proposed order is attached to this motion.

For the foregoing reasons and those stated in the accompanying memorandum, Papst requests that the Court grant this motion to stay all proceedings pending a determination by the MDL Panel whether to consolidate this case with five other cases for pre-trial purposes, and requests a status conference before Judge Kessler.

Date: July 13, 2007

Respectfully submitted,

Campbell Killefer

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
*Attorneys for Papst Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Papst's Motion To Stay Proceedings Pending A Consolidation Determination By The MDL Panel And Request For A Status Conference** was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 13th day of July 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
Counsel for Casio Inc.

_____
Campbell Killefer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC. | |
| Plaintiff, | Civil Action No. 1:06 CV 01751 |
| v. | Judge: Gladys Kessler |
| PAPST LICENSING GMBH & CO. KG, Defendant. | |
| PAPST LICENSING GMBH & CO. KG, Counter-Plaintiff | |
| v. | |
| CASIO INC. and CASIO COMPUTER CO., LTD. | |
| Counter-Defendants | |

**PAPST'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING A CONSOLIDATION DETERMINATION BY THE MDL PANEL AND REQUEST FOR A STATUS CONFERENCE**

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500

*Attorneys for Papst Licensing GmbH & Co. KG*

I.    **PAPST'S REQUESTED STAY WILL PROMOTE JUDICIAL ECONOMY AND ELIMINATE THE POTENTIAL FOR INCONSISTENT RULINGS**

Papst Licensing GmbH & Co. KG ("Papst") seeks a stay of all proceedings in this case pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this case with five other cases for pre-trial purposes.

This case is one of six pending cases that concern whether the respectively accused digital cameras infringe the same two United States patents (the Tasler patents) owned by Papst, and that concern the validity of those two patents. Three of the six cases are pending before this Court:

> ***District of Columbia***
> *Casio Inc. v. Papst Licensing GmbH & Co. KG, Case Action No. 1:06cv1751, Judge Kessler*
>
> ***District of Columbia***
> *Fujifilm Corp., Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co. KG, Case Action No. 1:07cv01118, Judge Kessler*
>
> ***District of Columbia***
> *Matsushita Electric Industrial Co., Ltd., Victor Company of Japan, Ltd. v. Papst Licensing; Civil Action No. 07cv01222, Judge Kessler*

Three of the six cases are pending before other courts:

> ***Northern District of Illinois***
> *Papst Licensing GmbH & Co. KG v. Fujifilm Corp., Fujifilm U.S.A. Inc., Case No. 07cv3401, Judge Holderman*
>
> ***Central District of California, Western Division***
> *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., Samsung Opto-Electronics American, Inc.; Civil Action No. 07cv4249, Judge Anderson Assigned*
>
> ***District of Delaware***
> *Papst Licensing GmbH & Co., KG v. Olympus Corp., Olympus Imaging America Inc., Civil Action No. 07cv0415, Vacant Judgeship*

Papst previously notified this Court of its July 9, 2007 motion before the MDL Panel to consolidate five of the six cases for pre-trial proceedings as permitted by 28 U.S.C. §1407(a)

[Docket No. 65]. After filing the July 9, 2007 motion before the MDL Panel, counsel for Papst learned of the Matsushita case that had been filed in this Court on July 6, 2007, and Papst will notify the MDL panel of that sixth action. At this time, Papst expects that its July 9, 2007 motion will be considered and decided by the MDL Panel when the Panel meets in September 2007.

The purpose of seeking consolidation for pre-trial proceedings is to minimize duplicative litigation and inconsistent rulings. *See e.g. In re Triax Co. Patent Litigation*, 385 F.Supp. 590, 591 (J.P.M.L. 1974). In furtherance of that purpose, Papst timely will be seeking a stay in each of the six cases pending the MDL Panel's decision on Papst's motion to consolidate. At a hearing in the Fujifilm action in the Northern District of Illinois on July 10, 2007, Judge Holderman effectively stayed all proceedings in that action until a status conference on October 2, 2007. He did so specifically because that October date is shortly after the expected time of a decision by the MDL Panel. (**Ex. 1**, transcript of 7/10/07 hearing).

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1362 (C.D.Calif. 1997) (citations omitted) (granting motion to stay pending decision by MDL Panel). The court in *Rivers* stated that the factors to be considered are "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* at 1360 (citation omitted).

In this case, there is no potential prejudice to Casio if this action is stayed for several months. First, Papst's patents are being infringed, not Casio's patents. Second, if this case is not

stayed, either or both parties may face the inequity of rulings by this Court that are inconsistent

with future rulings on similar issues by an MDL court. These issues potentially include

discovery, privilege, protective orders, and bifurcation. Third, the avoidance of duplicative

litigation saves both judicial and private resources. There are six discovery motions currently

pending, including Casio's refusal to produce relevant documents and to answer relevant

interrogatories or to timely seek a protective order. The following motions are pending before

Magistrate Judge Robinson:

1. Casio's Motion for Sanctions under Fed.R.Civ.P. 37 [Docket # 47] (Briefing is complete);

2. Casio's Motion to Strike Papst's Discovery Requests [Docket #48] (Briefing is complete);

3. Papst's Motion for Entry of a Protective Order [Docket # 49] (Briefing will be complete on July 16, 2007);

4. Papst's Motion to Compel the Production of Documents [Docket # 52] (Briefing will be complete on July 16, 2007);

5. Casio's Motion to Bifurcate Damages and Willfulness Issues [Docket # 54] (Briefing will be complete on July 16, 2007); and

6. Papst's Motion to Compel Interrogatory Answers [Docket # 63] (Briefing will be complete on July 30, 2007).

In addition to the above motions, Papst's Objections to and Motion for Reconsideration of the

Magistrate's May 31, 2007 Order [Docket #43] (Briefing is complete) also is pending before this

Court.

If the MDL Panel consolidates the different cases as is likely given the similar claims and

common issues, this Court may have needlessly expended time and energy familiarizing itself

with intricacies of this case, when this case may be assigned elsewhere for pretrial proceedings.

In addition, an MDL court would have to replicate the effort of familiarizing itself with the

details of this case.  Furthermore, an MDL court might revisit and modify some of the very

issues that this Court had decided (i.e., the pending discovery, privilege, protective order, and

bifurcation issues), possibly rendering this Court's efforts for naught.  *See Rivers*, 980 F.Supp. at

1360-61.  As the court stated in *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48

F.Supp.2d 37 (D.D.C. 1999) (granting stay pending resolution by MDL Panel of motion to

consolidate), "a stay would further judicial economy and eliminate the potential for conflicting

pretrial rulings were the case ultimately transferred." *Id.* at 43.

## II.    PAPST REQUESTS A STATUS CONFERENCE

Papst respectfully requests a status conference before Judge Kessler, preferably on July

23, 2007, when counsel for all of the parties already had arranged to come from out of town to

appear before Magistrate Judge Robinson in connection with two of the above motions.

Concurrent with filing this motion to stay, Papst is filing a parallel motion to reset the July 23

hearing on the two motions, so that all of the six pending discovery motions that are intertwined

could be heard at the same time, in the event that this motion to stay all proceedings were denied.

Therefore, a status conference is requested to resolve how to handle the likely transfer of this

case to an MDL court, or otherwise how to proceed efficiently considering the three cases

pending before this Court that have many issues in common .

## CONCLUSION

For the foregoing reasons, Papst respectfully requests that the Court grant this motion to stay all proceedings pending a determination by the MDL Panel whether to consolidate this case with five other cases for pre-trial purposes, and Papst requests a status conference before Judge Kessler.

Date: July 13, 2007                                Respectfully submitted,

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500

*Attorneys for Papst Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Papst's Memorandum In Support Of Its Motion To Stay Proceedings Pending A Consolidation Determination By The MDL Panel And Request For A Status Conference** was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 13th day of July 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
Counsel for Casio Inc.


Campbell Killefer

# EXHIBIT 1

PAPST'S MEMO IN SUPPORT OF
ITS MOTION TO STAY PROCEEDINGS
PENDING CONSOLIDATION
DETERMINATION BY MDL PANEL
AND REQUEST FOR STATUS CONFERENCE

```
1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
2                       EASTERN DIVISION

3

4    PABST LICENSING GmbH & Co.      )
     KG,                             )
5                                    )    Docket No. 07 C 3401
                      Plaintiff,     )
6                                    )
                                     )
7          vs.                       )
                                     )    Chicago, Illinois
8    FUJIFILM Corportion, and        )    July 10, 2007
     FUJIFILM U.S.A., Inc.,          )    10:00 a.m.
9                                    )
                      Defendants.    )

10

11           TRANSCRIPT OF PROCEEDINGS - Motion
         BEFORE THE HONORABLE JAMES F. HOLDERMAN

12

     APPEARANCES:
13

14   For the Plaintiff:      WELSH & KATZ, LTD.
                             BY:  MR. RICHARD W. McLAREN, JR.
15                                MR. JEROLD B. SCHNAYER
                                  MR. JOHN ARON CARNAHAN
16                           120 South Riverside Plaza, 22nd Floor
                             Chicago, Illinois  60606
17

18   For the Defendants:     McDERMOTT, WILL & EMERY, LLP
                             BY:  MR. MATTHEW JOSEPH GRYZLO
19                           227 West Monroe Street, Suite 4400
                             Chicago, Illinois  60606
20

21

22

23   Court Reporter:         FRANCES WARD, CSR, RPR, FCRR
                             Official Court Reporter
24                           219 S. Dearborn Street, Suite 2118
                             Chicago, Illinois  60604
25                           (312) 435-5561
                             frances_ward@ilnd.uscourts.gov
```

```
 1                THE CLERK:  07 C 3401, Papst v. Fujifilm.  Motion
 2       to dismiss.
 3                MR. McLAREN:  Your Honor, Richard McLaren, Jerold
 4       Schmayer, and Aron Carnahan on behalf of Papst Licensing.
 5                THE COURT:  Good morning.
 6                MR. GRYZLO:  Good morning, your Honor.  Matthew
 7       Gryzlo on behalf of defendants Fujifilm Corporation and
 8       Fujifilm U.S.A.
 9                THE COURT:  Good morning.
10                This is up on defendants' motion to dismiss or, in
11       the alternative, to transfer the action to the United States
12       District Court for the District of Columbia.
13                How much time is desired by plaintiff to respond?
14                MR. McLAREN:  Well, your Honor, we would ask that
15       you reset it for a status on October 2nd for exactly the
16       reason that you just discussed with the prior case.
17                Yesterday afternoon we filed a motion with the MDL
18       panel as a result of five pending cases, five around the
19       country -- L.A., Chicago, DC, et cetera -- all involving the
20       same patents, different defendants, including this one, your
21       Honor.  The MDL panel oral schedule is set for July, as you
22       just heard.  There is none in August.  And there will be one
23       in September.  It hasn't been scheduled yet.
24                THE COURT:  So you are hoping to make the September
25       date.
```

1          MR. McLAREN:  Yes.  We would expect we would.

2     Where the MDL panel has been presented with multiple patent

3     cases involving the same patent all over the country, they

4     have very routinely granted multidistrict treatment.

5          I should add, your Honor, that our office had one

6     of these a couple years ago, and the multidistrict panel sent

7     it to New Orleans because their docket was smaller.  There

8     was no case pending in New Orleans.  So I don't think anyone

9     can predict where it will go, in answer to your Honor's

10    question.

11         THE COURT:  Okay.

12         MR. McLAREN:  I have a copy for your Honor's

13    chambers, if you want it, of the MDL filing.

14         THE COURT:  If you do, if you could just -- you

15    need not file it in the record, but I would like to review

16    it.

17         MR. McLAREN:  We overnighted it last night to the

18    Clerk of Courts for the Northern District of Illinois as we

19    did with all the other districts.  So the Clerk of Court has

20    got it downstairs already, but we didn't try to get it to you

21    yesterday at 4:30.

22         THE COURT:  That's all right.

23         What's the other side's position?

24         MR. GRYZLO:  Well, your Honor, obviously it's

25    entirely up to you.  We would like to see this matter

1    resolved, but we know that something is going to happen with

2    the MDL panel.

3            THE COURT:  Why don't we do this then.  I am going

4    to take the motion to dismiss or, in the alternative, to

5    transfer the action to the District of Columbia under

6    advisement, and we will set the case for further status on

7    October 2.  Hopefully we will have a determination by the MDL

8    panel.

9            Where are they sitting in September?  Does anybody

10   know?

11           MR. McLAREN:  I don't know, your Honor.

12           THE COURT:  They always like to pick locations that

13   are --

14           MR. McLAREN:  Do you know?

15           MR. GRYZLO:  I have no idea.

16           THE COURT:  -- that are comfortable.

17           (Laughter.)

18           THE COURT:  All right.  Well, come in on October 2

19   even if we don't get a ruling or haven't gotten a ruling and

20   we can take things from there.  But at least you will be able

21   to apprise me, and I appreciate your keeping me attuned as to

22   what's going on.

23           MR. McLAREN:  We fullly expect it will be

24   consolidated.

25           If it isn't, your Honor, we are going to need

1     preliminary discovery into the jurisdictional issue, but you

2     don't need to do anything now.  We can do that in October.

3           THE COURT:  Okay.

4           MR. McLAREN:  Thank you, your Honor.

5           MR. GRYZLO:  Thank you, your Honor.

6           THE COURT:  Thank you.

7                 *   *   *   *   *   *

8    I certify that the foregoing is a correct transcript from the
      record of proceedings in the above-entitled matter.

9

10   F _____    _July 10_____ , 2007.
     Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>        Plaintiff,<br><br>        v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>        Defendant.<br><hr><br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**[PROPOSED] ORDER GRANTING PAPST MOTION FOR STAY**

Upon consideration of the motion of Defendant and Counter-Plaintiff Papst Licensing Gmbh & Co. Kg for a stay of all proceedings in this action pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this action with several other cases for pre-trial purposes, it is hereby

**ORDERED** that all proceedings are stayed pending a determination by the MDL Panel of Papst's motion for consolidation that is currently pending before the MDL Panel.

Dated:_____

                               _____
                               Gladys Kessler
                               United States District Judge

3