UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>            Plaintiff,<br><br>     v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>          Defendant.<br><br>―――――――――――――――<br><br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler<br><br>Magistrate Judge: Robinson<br><br>Discovery Motion Hearing on July 23, 2007 |

## MOTION OF PAPST LICENSING GMBH & CO. KG TO CONTINUE MAGISTRATE JUDGE ROBINSON'S JULY 23, 2007 MOTION HEARING

Defendant and Counter-Plaintiff, Papst Licensing GmbH & Co. KG ("Papst"), respectfully moves this Magistrate Judge for an Order continuing her July 23, 2007 motion hearing until a later date because (1) this case will likely be stayed given that Papst has recently filed a motion before the Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer five related actions, including this case, to a single district for consolidated pre-trial proceedings and has or will file in a timely fashion motions to stay with Judge Kessler and the other District Courts, and (2) it will be more efficient to hear all pending discovery motions at the same time should a stay not be granted.

I.    **THE JULY 23, 2007 DISCOVERY HEARING SHOULD BE CONTINUED UNTIL PAPST'S MOTION TO STAY THIS CASE IS RULED UPON BY JUDGE KESSLER IN LIGHT OF PAPST'S PENDING MOTION BEFORE THE MDL PANEL TO TRANSFER THIS ACTION**

On July 9, 2007, Papst Licensing filed with the MDL Panel a Motion for Transfer of Actions to Single District For Consolidated and Coordinated Pre-trial Proceedings as permitted by 28 U.S.C. § 1407(a). (Ex. A). The motion seeks to transfer five actions, including this case and one other pending before Judge Kessler, to a single district for consolidated pre-trial proceedings. After Papst's filing on July 9, 2007, Papst learned of another lawsuit that was filed before Judge Kessler that will also be the subject of Papst's Motion. The three cases pending before Judge Kessler that are requested to be transferred are as follows:

*District of Columbia*
*Casio Inc. v. Papst Licensing GmbH & Co. KG, Case Action No. 1:06cv1751, Judge Kessler*

*District of Columbia*
*Fujifilm Corp., Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co. KG, Case Action No. 1:07cv01118, Judge Kessler*

*District of Columbia*
*Matsushita Electric Industrial Co., Ltd., Victor Company of Japan, Ltd. v. Papst Licensing; Civil Action No. 07cv01222, Judge Kessler*

The three additional related cases that are requested to be transferred are as follows:

*Northern District of Illinois*
*Papst Licensing GmbH & Co. KG v. Fujifilm Corp., Fujifilm U.S.A. Inc., Case No. 07cv3401, Judge Holderman*

*Central District of California, Western Division*
*Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., Samsung Opto-Electronics American, Inc.; Civil Action No. 07cv4249, Judge Anderson*

*District of Delaware*
*Papst Licensing GmbH & Co., KG v. Olympus Corp., Olympus Imaging America Inc., Civil Action No. 07cv0415, Vacant Judgeship*

Each of the six actions concerns whether the respectively accused digital cameras infringe the same two United States patents (the Tasler patents) owned by Papst, and concerns the validity of those two patents. The purpose of seeking consolidation for pre-trial purposes is to minimize duplicative litigation and inconsistent rulings. Concurrent with this motion, Papst will be filing a Motion to Stay this action and for an immediate status hearing before Judge Kessler so that she can be given the opportunity to consider how to handle the likely transfer to an MDL action, or how otherwise to efficiently handle the three related cases now pending before her. (Copy attached as Exhibit B). A stay of this action by Judge Kessler is likely given that one other Court has already ruled that a related case should be stayed until such time as the MDL panel renders its decision on the transfer. *See, Papst Licensing GmbH & Co. KG v. Fujifilm Corp., Fujifilm U.S.A. Inc., Case No. 07cv3401, Judge Holderman,* [Docket # 15] (staying discovery and motion to dismiss until at least October 2, 2007). Papst has or will file in a timely fashion similar motions for stay in all six cases.

Staying this case, continuing the current discovery motion hearing, and permitting the transfer of this action to a single MDL action will be the most efficient course given the common issues of fact in each of the six actions such as (1) whether the Tasler patents are valid; and (2) whether digital cameras made, used, sold or offered for sale by Casio, Inc., Casio Computer Co., Ltd., Fujifilm Corp., Fujifilm U.S.A., Inc., Olympus Corp., Olympus Imaging America, Inc., Samsung Techwin Co., Samsung Opto-Electronics America Inc., Matsushita Electric Industrial Co., Ltd., and Victor Company of Japan, Ltd. infringe or do not infringe the Tasler patents. Consolidation of these actions for pretrial discovery proceedings will serve the convenience of the parties and witnesses, and promote the just and efficient conduct and management of the actions. Needless duplication or conflicting adjudication, or both, could result from the

3

continued independent maintenance of the separate actions. Therefore, Magistrate Judge Robinson should continue her July 23 discovery hearing until such time as Judge Kessler has the opportunity to decide whether to stay this action, or how to otherwise coordinate the three related actions on the same patents now pending before her.

**II.    IN THE UNLIKELY EVENT THAT JUDGE KESSLER DOES NOT STAY THIS CASE, IT WILL STILL BE MORE EFFICIENT TO HEAR ALL PENDING DISCOVERY MOTIONS AT A LATER TIME**

Magistrate Judge Robinson previously scheduled oral argument for two Casio motions, Casio's Motion for Sanctions [Docket # 47] and Casio's Motion to Strike Papst's Discovery Requests [Docket # 48]. On July 5, 2007, the parties jointly requested and were granted a request to reset that hearing to July 23, 2007 to accommodate the various schedules of out-of-town trial counsel. Although Papst is still prepared to address Casio's Motions on July 23, 2007 if necessary, Papst respectfully suggests that it would be most efficient for the Court and all out-of-town trial counsel to reset the hearing for a later date so that the briefing of the *four other* pending discovery motions can be completed, and then heard all at the same time.

Accordingly, Papst respectfully requests that, should Judge Kessler choose not to stay this case, that the current July 23, 2007 hearing be reset to August 16th, 17th or someday during the week of August 20, 2007. August 16th is the first date that counsel for Papst will be available for a reset hearing. A list of each of the pending discovery motions with their current briefing status is as follows:

1.    Casio's Motion for Sanctions under Fed.R.Civ.P. 37 [Docket # 47] (Briefing is complete.)

2.    Casio's Motion to Strike Papst's Discovery Requests [Docket #48] (Briefing is complete.)

3.    Papst's Motion for Entry of a Protective Order [Docket # 49] (Briefing will be complete on July 16, 2007)

4

4.    Papst's Motion to Compel the Production of Documents [Docket # 52] (Briefing will be complete on July 16, 2007)

5.    Casio's Motion to Bifurcate Damages and Willfulness Issues [Docket # 54] (Briefing will be complete on July 16, 2007)

6.    Papst's Motion to Compel Interrogatory Answers [Docket # 63] (Briefing will be complete on July 30, 2007)

Papst respectfully suggests that it will be most efficient for the Court to hear oral argument on all of the motions at the same time because nearly all of the discovery motions are interrelated.   For example, Casio's Motion to Strike [Docket # 48] argues that Papst's document requests and interrogatories should be stricken because they supposedly seek irrelevant information, while Papst's Motions to Compel Documents [Docket # 52] and Interrogatories [Docket #63] argue that Casio should produce its documents and information because they are relevant.  Similarly,  Papst's Motion to Compel Documents [Docket # 52] seeks the immediate production of Casio documents on willfulness and damages issues, while Casio's Motion for Bifurcation [Docket # 54] seeks to delay the production of Casio documents on willfulness and damages issues.  Papst's Motion to Compel Documents [Docket # 52] seeks the immediate production Casio's confidential technical information to Papst's trial counsel, Welsh & Katz, Ltd., while Casio's Opposition to Papst's Motion for Entry of a Protective Order argues that Welsh & Katz, Ltd. should never be allowed to review Casio's confidential technical information. [Docket # 58].

In accordance with Local Rule 7(m), on July 13, 2007, Papst's counsel met and conferred on this motion with Casio's counsel, who stated that they would oppose this Motion.

Papst respectfully requests that this Court (1) enter an order continuing the hearing of any discovery motion until such time as Judge Kessler rules upon Papst's Motion to Stay or

otherwise is given the opportunity to consider how to handle her three related actions or (2) enter

an order resetting the current discovery hearing on July 23rd to either August 16th, August 17th or

someday during the week of August 20, 2007.


Date: July 13, 2007                                  Respectfully submitted,

                                                     Campbell Killefer (Bar No. 268433)
                                                     VENABLE LLP
                                                     575 7th Street, N.W.
                                                     Washington, D.C. 20004
                                                     (202) 344-4000

                                                     Jerold B. Schnayer
                                                     Joseph E. Cwik
                                                     WELSH & KATZ, LTD.
                                                     120 South Riverside Plaza,
                                                     22nd Floor
                                                     Chicago, IL 60606
                                                     (312) 655-1500

                                                     *Attorneys for Papst Licensing GmbH & Co. KG*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 13th day of July, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc. and Casio Computer Co., Ltd.**

Campbell Killefer



## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Papst Licensing                )      MDL - _____
Digital Camera Patent Litigation     )

## MOTION FOR TRANSFER OF ACTION TO SINGLE DISTRICT
## FOR CONSOLIDATED AND COORDINATED PRE-TRIAL PROCEEDINGS

1.  *Relief Sought.*  Papst Licensing GmbH & Co. KG ("Papst") seeks to have all of

the following actions transferred for consolidated and coordinated pre-trial proceedings

as permitted by Section 1407(a) of Title 28 of the United States Code.  Papst

respectfully requests <u>Oral</u> <u>Argument</u> on this motion.

2.  *Schedule of Cases Requested to Be Transferred:*

> *District of Columbia*
> *Casio, Inc. v. Papst Licensing GmbH & Co. KG, Case Action No.*
> *1:06cv1751, Judge Kessler.*
>
> *District of Columbia*
> *Fujifilm Corporation, Fujifilm U.S.A., Inc. v. Papst Licensing GmbH &*
> *Co. KG; Case No. 1:07cv01118, Judge Kessler.*
>
> *Northern District of Illinois*
> *Papst Licensing GmbH & Co. KG v. Fujifilm Corporation, Fujifilm*
> *U.S.A., Inc., Case No. 07cv3401, Judge Holderman.*
>
> *Central District of California, Western Division*
> *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., Samsung*
> *Opto-Electronics American, Inc.; Civil Action No. 07cv4249, Judge*
> *Anderson Assigned.*
>
> *District of Delaware*
> *Papst Licensing GmbH & Co. KG v. Olympus Corporation, Olympus*
> *Imaging America, Inc., Civil Action No. 07cv0415, Vacant Judgeship.*

3. *__Existence of Multiple Litigation.__* As more fully set forth in the supporting memorandum filed concurrently with this motion, five separate actions have been filed concerning the infringement of two United States patents owned by Papst (the "Tasler Patents").

4. *__Common Issue of Fact.__* Each of the actions includes at least the following common issues of fact:

   a.  Whether digital cameras made, used, sold or offered for sale by Casio, Inc., Fujifilm Corporation, Fujifilm U.S.A., Inc., Olympus Corporation, Olympus Imaging America, Inc., Samsung Techwin Co., and Samsung Opto-Electronics America Inc., infringe or do not infringe the Tasler Patents; and

   b.  Whether the Tasler Patents are valid.

5. *__Benefits of Consolidation.__* As more fully set forth in the supporting memorandum, consolidation of these actions for pretrial discovery proceedings will serve the convenience of the parties and witnesses, and promote the just and efficient conduct and management of the actions. The questions of fact as to the infringement and validity of the Tasler Patents present numerous common issues of fact and law. Needless duplication or conflicting adjudication, or both, could result from continued independent maintenance of the separate actions.

July 9, 2007                          Respectfully submitted,


Campbell Killefer (D.C. Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000 (phone)
(202) 344-8300 (fax)
ckillefer@venable.com (email)

Jerold B. Schnayer, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500 (phone)
(312) 655-1501 (fax)
jbsdocket@welshkatz.com (e-mail)

Attorneys for Papst Licensing GmbH & Co.
KG

3

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Papst Digital Camera Patent Litigation  )  MDL - _____
                  )

## MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER OF ACTION TO SINGLE DISTRICT FOR CONSOLIDATED AND COORDINATED PRE-TRIAL PROCEEDINGS

   Papst Licensing GmbH & Co. KG ("Papst") respectfully requests that the Judicial Panel on Multidistrict Litigation (the "Panel") transfer the five actions identified below to a single district for consolidated and coordinated pre-trial proceedings for the reasons set forth in this memorandum. All of these five actions concern infringement of the same two United States patents based on the sale of the same type of products, digital cameras. Under these circumstances, the Panel routinely consolidates the actions for pretrial discovery. *E.g.*, *In re Mirtazapine Patent Litig.*, 199 F.Supp. 2d 1380 (J.P.M.L. 2004); *In re Buspirone Patent Litig.*, 185 F.Supp.2d 363 (J.P.M.L. 2001); *In re Metoprolol Succinate Patent Litig.*, 329 F.Supp.2d 1368 (J.P.M.L. 2004); *In re Nabumetone Patent Litig.*, 1998 U.S. Dist. LEXIS 13735 (J.P.M.L. 1998); *In re Gabapentin Patent Litig.*, 2001 U.S. Dist. LEXIS 1726 (J.P.M.L. 2001); *In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019 (J.P.M.L. 1978).

## FACTS

   1.  The following five lawsuits in four different judicial districts all concern the infringement of U.S. Patent No. 6,470,399 and U.S. Patent No. 6,895,449 (the "Tasler Patents") by digital cameras:

     a.   *Casio, Inc. v. Papst Licensing GmbH & Co.*, C.A. No. 1:06-cv-01751 pending in the District of Columbia;

     b.   *Papst Licensing GmbH & Co. KG v. Fuji Corporation and Fujifilm USA, Inc.*, C. A. No. 07 cv 3401 pending in the Northern District of Illinois;

     c.   *Fuji Corporation and FujiFilm USA, Inc. v. Papst Licensing GmbH & Co. KG*, C.A. No. 07 cv 1118, pending in the District of Columbia;

     d.   *Papst Licensing GmbH & Co. KG v. Olympus Corporation and Olympus Imaging America, Inc.*, C. A. No. 07 cv 1751 pending in the District of Delaware; and

     e.   *Papst Licensing GmbH & Co. KB v. Samsung Techwin Co. and Samsung Opto-Electronics America, Inc.*, C. A. No. 07 cv 4249 pending in the Central District of California.

2.     Digital cameras are popular electronic devices used to capture and store photographs electronically in digital format, instead of using photographic film like conventional cameras.

3.     All five actions primarily concern allegations by Papst of infringement of both Tasler Patents based on the manufacture and sale of digital cameras. All five pending actions involve or will involve the same defenses of non-infringement and challenges to the validity of both Tasler Patents.[1]

4.     Michael Tasler is the sole inventor of the Tasler Patents. Mr. Tasler is a German national who resides in Germany.

5.     Papst, the owner of both Tasler Patents, is a company based in Germany. Papst is the one party common to all five actions, either as a plaintiff or as a declaratory judgment defendant.

---

[1] Because the actions filed by Papst were recently filed, the respective defendants in those cases have not yet answered the complaints, but it can be safely assumed that those defendants will respond with defenses of non-infringement and claims that the Camera Patents are invalid.

6.      On October 16, 2006, Casio Inc. filed an action for declaratory judgment in the District Court for the District of Columbia, naming Papst as a declaratory judgment defendant. The lawsuit is captioned *Casio, Inc., v. Papst Licensing GmbH & Co. KG*, Civil Action No. 1:06CV01751 (the "Casio DJ Action"). **Ex. A.** In its complaint, Casio, Inc. seeks a declaration that both Tasler Patents are invalid, and that Casio, Inc.'s digital cameras do not infringe both Tasler Patents. On March 13, 2007, Papst Licensing filed a counterclaim in this action against both Casio, Inc. and Casio Computer Co., Ltd. asserting both companies infringe both Tasler Patents by their manufacture and/or sale of digital cameras. Casio Computer Co., Ltd. is a headquartered in Japan and Casio, Inc. is its related company based in the United States.

7.      The parties in the Casio DJ Action are conducting written discovery. No depositions have been taken in the Casio DJ Action.

8.      On June 15, 2007, Papst filed a lawsuit in the District Court for the Northern District of Illinois against Fujifilm Corporation and Fujifilm U.S.A., Inc. (collectively "Fujifilm") asserting both companies infringe the two Tasler Patents based on their manufacture and/or sale of digital cameras. Fujifilm Corporation is a Japanese company, and Fujifilm U.S.A., Inc. is its related company based in the United States. This lawsuit is captioned *Papst Licensing GmbH & Co. KG v. Fujifilm Corporation, Fujifilm U.S.A., Inc.*, 07CV3401 (the "Fujifilm Action"). **Ex. B.** Neither Fujifilm company has filed an answer.

9.      On June 21, 2007, Fujifilm filed a declaratory judgment action in the United States District for the District of Columbia. That lawsuit is captioned *Fujifilm Corporation and Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co. KG*, C. A. No. 07CV3401 (the "Fujifilm DJ Action"). **Ex. D.** In the Fujifilm DJ Action, Fujifilm seeks a declaration that both Tasler Patents are invalid and that the Fujifilm digital cameras do not infringe the two Tasler Patents. Papst has not yet filed

3

an answer in the Fujifilm DJ Action. The Fujifilm defendants simultaneously moved to dismiss the Fujifilm Action or in the alternative to transfer the case to the District of Columbia where Fujifilm filed the Declaratory Judgment Action. **Ex. C.** In its motion, Fujifilm admits that the Casio Action and the Fujifilm Action "seek[ ] adjudication of the same issues of law and fact." Ex. C, p. 5. Papst opposes dismissal and/or transfer, and a hearing on the motion to dismiss is scheduled for July 10, 2007. No discovery has occurred in this action.

10.     No discovery has occurred in the Fujifilm Action or the Fujifilm DJ Action.

11.     On June 28, 2007, Papst filed a lawsuit in the District Court for the District of Delaware against Olympus Corporation and Olympus Imaging America, Inc. (collectively "Olympus"). Olympus is based in Japan, and Olympus Imaging America, Inc. is the Olympus-related company based in the United States. This lawsuit is captioned *Papst Licensing GmbH & Co. KG v. Olympus Corporation, Olympus Imaging America, Inc.*, C. A. No. 07CV1751 (the "Olympus Action"). **Ex. E.** In the lawsuit Papst asserts both companies infringe the two Tasler Patents by their manufacture and/or sales of digital cameras. Neither Olympus party has filed an answer in the Olympus Action, nor has no discovery occurred.

12.     No discovery has occurred in the Olympus Action.

13.     On June 28, 2007, Papst Licensing filed a lawsuit in the District Court for the Central District of California, Western Division against Samsung Techwin Co. and Samsung Opto-Electronics America, Inc. (collectively "Samsung") for infringement of the Tasler Patents. Samsung Techwin Co. is a South Korean based company, and Samsung Opto-Electronics America, Inc. is its related company based in the United States. This lawsuit is captioned *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., Samsung Opto-Electronics America, Inc.*, C.A. No. 4249 (the "Samsung Action"). **Ex. F.** In the lawsuit Papst asserts both companies infringe the two Tasler

4

Patents by their manufacture and/or sales of digital cameras. Neither Samsung party has filed an answer in the Samsung Action, nor has no discovery occurred.

     14.    No discovery has occurred in the Samsung Action.

     15.    The inventions in the Tasler Patents relate to an interface device for communication between a host device and, for example, a device from which data is to be acquired. ('399 patent, column 1, lines 10-12). The "devices from which data are to be acquired cover the entire electrical engineering spectrum." ('399 patent, column 1, lines 35-46). In accordance with the Tasler Patents, a host device such as a personal computer is able to recognize how to communicate with and receive data from a peripheral device without a user having to load any software at all onto the host device. To do this, an interface device automatically and without user intervention sends a response signal to a personal computer during the process by which the computer initially recognizes how it can communicate with and receive data from the interface device. After this automatic recognition process is completed, digitized analog data may be transferred to the host device at relatively high speed.

     16.    The digital cameras at issue are data acquiring devices that have built into the camera an interface capable of communicating with a host device such as a personal computer, for example, in "USB Mass Storage Mode."[2] In USB Mass Storage Mode, the interfaces of the digital cameras send response signals to the personal computer in a way that makes the computer recognize the digital camera as a disk drive. The personal computer then communicates with the digital camera using protocols created for disk drives. Thus, the interfaces in the digital cameras at issue take advantage of the protocols normally present on personal computers, and do not require the camera

_____

[2] There are also issues of infringement relating to additional modes of operation of the digital cameras and other data acquisition devices.

user to install software specifically designed for digital cameras. This greatly enhances the convenience and ease of use of the digital cameras.

## ARGUMENT

### I.    *CONSOLIDATION SHOULD BE ORDERED BECAUSE THE ISSUES OF FACT CONCERNING INFRINGEMENT AND VALIDITY ARE COMMON TO EACH ACTION.*

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pre-trial proceedings." 28 U.S.C. §1407. This case involves common questions of fact pending in four judicial districts. Consolidation will advance the interests of justice by avoiding duplicative discovery and inconsistent results, by providing greater efficiency to pretrial discovery, and by avoiding the wasteful duplication of judicial efforts.

Papst's Tasler Patents are common to all of the actions now pending in the five different districts. The infringement of the Tasler Patents and the validity of the Tasler Patents are factual issues common to all four actions. Under such circumstances, the Panel routinely orders consolidation. E.g., *In re Mirtazapine Patent Litig.*, 199 F.Supp. 2d 1380 (J.P.M.L. 2004) (involving the consolidation of six patent infringement lawsuits); *In re Buspirone Patent Litig.*, 185 F.Supp.2d 363 (J.P.M.L. 2001) (involving the consolidation of four patent infringement and twenty-two antitrust actions); *In re Metoprolol Succinate Patent Litig.*, 329 F.Supp.2d 1368 (J.P.M.L. 2004) (consolidating four separate actions); *In re Nabumetone Patent Litig.*, 1998 U.S. Dist. LEXIS 13735 (J.P.M.L. 1998) (consolidating four separate actions); *In re Gabapentin Patent Litig.*, 2001 U.S. Dist. LEXIS 1726 (J.P.M.L. 2001) (consolidating four separate actions); *In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019 (J.P.M.L. 1978) (involving the consolidation of five actions pending in four districts).

6

**A.    The Infringement Of The Tasler Patents Presents Common
Issues Of Fact Warranting Consolidation.**

Casio and Fujifilm have alleged that making, using, selling or offering for sale their respective digital cameras do not infringe the Tasler Patents.  It is believed that Olympus and Samsung will also allege that their products do not infringe the Tasler Patents.  As set forth above, the digital cameras at issue are capable of operating in "USB Mass Storage Mode," which makes the camera appear to be a disk drive.  A common issue across all of the cases, therefore, is whether camera operations in USB Mass Storage Mode infringe the patents in each suit.  In this regard, whether a Casio digital camera infringes the Tasler Patents, as raised by Casio in the Casio DJ Action, will present the same issues of fact as whether Fujifilm digital cameras infringe the same patents (in the Fujifilm Action and Fujifilm DJ Action), or Olympus digital cameras (in the Olympus Action) or Samsung digital cameras (in the Samsung Action).  Such commonality of issues warrants transfer and consolidation for pretrial proceedings.  *See In re Western Electric Co. Semiconductor Patent Litig.*, 415 F. Supp. 378, 381 (J.P.M.L. 1976) (common questions of patent infringement would receive same benefit from consolidation as common questions of patent validity).

**B.    The Validity Of The Tasler Patents Presents Common Issues
Of Fact Warranting Consolidation.**

Another reason for consolidating the Camera Patent cases is that they involve common facts regarding the validity of the patents.  In *In re Joseph F. Smith Patent Litig.*, for example, plaintiff Smith instituted six patent infringement actions against six separate defendants in three districts. 407 F. Supp. 1403 (J.P.M.L. 1976).  The Panel granted Smith's motion to transfer all six actions to one district for coordinated or consolidated pretrial proceedings because each action shared common questions of fact with respect to the validity of Smith's patent. *Id.* at 1404.  Similarly, In *In re the Triax Company Patent Litig.*, plaintiff Triax commenced three patent infringement actions against three separate defendants in two districts. 385 F. Supp. 590, 591 (J.P.M.L. 1974).  The Panel granted

7

Triax's motion for an order transferring one action to the district where two others were because of the common pretrial questions regarding validity:

> An examination of the pleadings in this litigation reveals that, despite the unique infringement issues, **significant common factual questions are raised regarding the validity of these patents.** If pretrial proceedings in each action are neither coordinated nor consolidated, inconsistent pretrial rulings and unnecessary duplication of discovery might result.

*Id.* at 591 (emphasis added); *see also, In re Amoxicillin Patent and Antitrust Litigation,* 449 F. Supp. 601, 603 (J.P.M.L. 1978) (Panel granting motion to transfer three patent infringement actions in three districts due to complex factual questions regarding patent validity and misuse and the strong likelihood that discovery concerning these questions would be both complicated and time-consuming); *In re Western Electric Co. Semiconductor Patent Litig.,* 415 F. Supp. 378, 380 (J.P.M.L. 1976) (Panel consolidating five patent actions because "common factual questions on the validity issue alone necessitate centralized pretrial processing in order to ensure that the possibilities of duplicative discovery and inconsistent pretrial rulings are avoided"); *In re Molinaro/Catanzaro Patent Litig.,* 380 F. Supp. 794, 795 (J.P.M.L. 1974) ("the key issue in each of these actions is whether plaintiff's patent can withstand defendants' charges of invalidity. And that issue raises complex questions of fact common to each action . . .").

So far, Casio and Fujifilm have alleged and seek a declaratory judgment that the Tasler Patents are invalid and/or not infringed. Samsung and Olympus are sure to follow, as these are routine defenses to allegations of patent infringement. It is expected that each action will raise common issues such as the scope and content of the prior art, the dates of conception and reduction to practice of the invention, and other facts relating to validity. Thus, there will be considerable overlap of issues and of discovery.

**C.    Discovery Has Not Commenced, Or Is In Early Stages, In
The Currently-Pending Actions.**

The state of discovery in the pending actions is similar to the circumstances of *In re Panty
Hose Seaming Patent Litig.*, 402 F. Supp. 1401, 1402 (J.P.M.L. 1975).  In that case, the trial of the
validity issue was not imminent in any of the actions, that no discovery on the issue of validity had
occurred in three of the actions, and that only minimal discovery had occurred on the validity issue
in the fourth action. *Id.* at 1403.  Under those circumstances, the Panel ruled that four patent actions
shared common questions of fact and transferred three actions to be consolidated with the fourth
action.  The Panel there found that such a transfer would best serve the convenience of the parties
and witnesses and promote the just and efficient conduct of the litigation. *Id.* at 1402.

In these five patent infringement cases, like in *In re Panty Hose Seaming Patent Litig.*, only
the Casio case has proceeded into the initial stages of discovery (documents and interrogatory
answers). No depositions have occurred.  In each of the other lawsuits, the parties have not even
begun discovery.  At this early stage, judicial economy will best be achieved by consolidating the
five actions and transferring them to one district court that will administer and manage these similar
cases most economically and consistently.

**D.    Unnecessary Duplication of Discovery Would Be Particularly
Burdensome Because Witnesses And Parties Are Located Overseas.**

In connection with the common infringement and validity issues, it is assumed that each of
the camera makers in the five actions seek oral testimony from the inventor, Mr. Tasler.  As set forth
above, Mr. Tasler a native of and a resident of Germany.  Whether Mr. Tasler testifies in the U.S. or
in Germany, the taking of the testimony will involve either the witness or counsel to engage in
overseas travel.  Additionally, the camera makers may seek to take the testimony of other witnesses
who reside in Germany.  The German witnesses should not be forced to appear time and time again,
as one party after another notices depositions.

9

Additionally, each of the camera maker parties has substantial operations overseas. Casio Computer Co., Fujifilm Corp., and Olympus Corp. all operate out of Japan, and Samsung Techwin Co. operates out of South Korea. It is very likely that discovery of these companies will require overseas travel.

The best way to ensure that discovery of overseas witnesses is not unnecessarily duplicated is to consolidate the cases for pretrial proceedings. *See In re Molinaro/Catanzaro Patent Litig.*, 380 F. Supp. 794, 795 (J.P.M.L. 1974) ("A Section 1407 transfer of all actions to a single district for coordinated or consolidated pretrial proceedings will insure that that discovery is not duplicated and avoid unnecessary inconvenience to the plaintiffs and their witnesses." ). One court can manage discovery of these overseas witnesses and entities, and ensure that there is no unnecessary duplication of efforts and travel.

In summary, the Panel should order consolidation of these five actions to one common district for pretrial proceedings because of the common issues regarding infringement and validity.

## II. THE MULTIPLE ACTIONS INVOLVING THE TASLER PATENTS SHOULD BE CONSOLIDATED TO CONSERVE JUDICIAL RESOURCES

The five actions identified above involve the same two patents and most likely will involve common pretrial discovery and motion practice. For example, issues of law that would have to be addressed by each of the four district courts in the absence of consolidation includes the extent to which privilege attaches to attorney-client communications involving attorneys and clients in Germany and the scope of protective orders to protect each party's confidential information.

Regarding the issue of attorney-client privilege, the initial priority document for the Tasler Patents is a patent application filed in Germany in March, 1997. There are written communications between the inventor of the Tasler Patents, Mr. Michael Tasler, and his patent attorney in Germany. The issue of the scope of privilege attaching to these attorney-client communications often requires

10

the district court to weigh competing testimony concerning the law and privileges in Germany. E.g., *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 74 (S.D.N.Y. 2006) ("In a patent matter involving clients, attorneys, and patent applications of diverse nations, the law of multiple countries may be involved."); *Astra Akiebolag v. Andrx Pharmaceuticals, Inc.*, 208 F.R.D. 92, 97 (S.D.N.Y. 2002) ("Most, if not all, of the challenged documents are foreign documents; therefore, determination of the applicability of attorney-client privilege or work product protection to many challenged documents implicates issues of foreign law."). It would be best for a single district court to rule on privilege issues so that Papst is not subject to contradictory rulings concerning what it should produce, and what is properly withheld on grounds of privilege.

Another issue of law that is likely to be common amongst the five actions will be the scope and content of protective orders. A designation of "Confidential" by one of the digital camera makers should mean the same thing across all of the litigations, and should not subject Papst to different protective orders having different governing rules and definitions of who may view confidential information. It would be serve the interests of judicial economy for one court, rather than four, to address these issues. Consolidation is appropriate under these circumstances.

## III.    THE NORTHERN DISTRICT OF ILLINOIS IS BEST SUITED FOR THE CONSOLIDATED MDL PROCEEDINGS.

As set forth above, Papst is located in Germany, not Washington DC. Indeed, to Papst's knowledge, no documents or witnesses are located in Washington DC. On the other hand, Fujifilm USA is found in the Northern District of Illinois, and the Fujifilm Action is pending there. Also, the Northern District of Illinois is centrally located between the actions on the East Coast and the Samsung Action in California, and enjoys excellent nationwide and worldwide air service through O'Hare International Airport outside Chicago.

**CONCLUSION**

For the reasons set forth above, the Panel should grant Papst Licensing's motion to have all five actions transferred to the Northern District of Illinois for consolidated and coordinated pretrial proceedings.

July 9, 2007                                        Respectfully submitted,

Campbell Killefer (D.C. Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000 (phone)
(202) 344-8300 (fax)
ckillefer@venable.com (email)

Jerold B. Schnayer, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500 (phone)
(312) 655-1501 (fax)
jbsdocket@welshkatz.com (e-mail)

Attorneys for Papst Licensing GmbH & Co. KG

12

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of Memorandum in Support of Motion For Transfer Of Action To Single District For Consolidated And Coordinated Pre-Trial Proceedings to be served via Overnight Courier, on the following parties pursuant to JPML Rule 5.2(a):

Counsel For Casio, Inc.
Jeffrey M. Gold
Morgan Lewis & Bockius
101 Park Avenue
New York, NY 10178

J. Kevin Fee
Morgan Lewis & Bockius
1111 Pennsylvania Avenue, NW.
Washington, DC 20004

Scott D. Stimpson
The Law Office of Scott D. Stimpson
445 Hamilton Avenue, 11th Floor
White Plains, NY 10601

Counsel For Fujifilm
Steven J. Routh
Sten A. Jensen
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004

William H. Wright
Robert J. Benson
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

John R. Inge
Shinjuku Center Building
46th Floor
25-1 Nishi-Shinjuku 1-Chome
Shinjuku-ku Tokyo, 163-0646
Japan

Counsel For Olympus
Phillippe Y. Riesen
Hogan & Hartson
Gaikokuho Jimu Bengoshi Jimusho
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome, Shinjuku-ku
163-0646 Tokyo, Japan

Counsel For Samsung
Brian C. Rupp
Drinker Biddle
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606

and on the following clerks of each district court in which an action is pending, pursuant
JPML Rule 5.2(b):

Northern District of Illinois
Michael W. Dobbins
Clerk of Court
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604

District of Delaware
Peter T. Dalleo
Clerk of Court
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

District of Columbia
Nancy Mayer-Whittington
Clerk's Office
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
(202) 354 - 3000

Central District of California
Sherri R. Carter
Clerk of Court
312 North Spring Street, Room G-8
Los Angeles, CA 90012

Done this 9th day of June , 2007.

Campbell Killefer

Exhibit 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

                    Plaintiff,

          v.

PAPST LICENSING GMBH & CO. KG,
                    Defendant.

---

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

          v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

---

## PAPST'S MOTION TO STAY PROCEEDINGS PENDING A CONSOLIDATION DETERMINATION BY THE MDL PANEL AND REQUEST FOR A STATUS CONFERENCE

Papst Licensing GmbH & Co. KG ("Papst") respectfully seeks a stay of all proceedings in this case pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this case with five other cases for pre-trial purposes.

This case is one of six pending cases that concern whether the respectively accused digital cameras infringe the same two United States patents (the Tasler patents) owned by Papst, and that concern the validity of those two patents. Papst previously notified this Court of its July 9, 2007 motion before the MDL Panel to consolidate five of the six actions for pre-trial proceedings as permitted by 28 U.S.C. §1407(a). [Docket No. 65] After filing the July 9, 2007 motion before the MDL Panel, counsel for Papst learned of the Matsushita action that had been

filed in this Court on July 6, 2007, and Papst will notify the MDL panel of that sixth action. At this time, Papst expects that its July 9, 2007 motion will be considered and decided by the MDL Panel when the Panel meets in September.

Papst respectfully requests a status conference before Judge Kessler to resolve these case management issues, preferably on July 23, 2007, when counsel for all of the parties already had arranged to come from out of town to appear before Magistrate Judge Robinson on discovery motions.

In accordance with Local Rule 7(m), counsel for Papst conferred with opposing counsel concerning this motion on July 13, 2007. No agreement was reached.

A memorandum in support of this motion is being filed concurrently. A proposed order is attached to this motion.

For the foregoing reasons and those stated in the accompanying memorandum, Papst requests that the Court grant this motion to stay all proceedings pending a determination by the MDL Panel whether to consolidate this case with five other cases for pre-trial purposes, and requests a status conference before Judge Kessler.

Date: July 13, 2007

Respectfully submitted,

*Campbell Killefer*

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
*Attorneys for Papst Licensing GmbH & Co. KG*

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Papst's  Motion To Stay Proceedings Pending A Consolidation Determination By The MDL Panel And Request For A Status Conference** was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 13th day of July 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
Counsel for Casio Inc.


Campbell Killefer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>                  Plaintiff,<br><br>        v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>             Defendant.<br><br>———————————————<br><br>PAPST LICENSING GMBH & CO. KG,<br>Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>Judge: Gladys Kessler |

**PAPST'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING A CONSOLIDATION DETERMINATION BY THE MDL PANEL AND REQUEST FOR A STATUS CONFERENCE**

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500

*Attorneys for Papst Licensing GmbH & Co. KG*

## I.    PAPST'S REQUESTED STAY WILL PROMOTE JUDICIAL ECONOMY AND ELIMINATE THE POTENTIAL FOR INCONSISTENT RULINGS

Papst Licensing GmbH & Co. KG ("Papst") seeks a stay of all proceedings in this case pending a determination by the Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this case with five other cases for pre-trial purposes.

This case is one of six pending cases that concern whether the respectively accused digital cameras infringe the same two United States patents (the Tasler patents) owned by Papst, and that concern the validity of those two patents.  Three of the six cases are pending before this Court:

> *District of Columbia*
> *Casio Inc. v. Papst Licensing GmbH & Co. KG, Case Action No.
> 1:06cv1751, Judge Kessler*
>
> *District of Columbia*
> *Fujifilm Corp., Fujifilm U.S.A., Inc. v. Papst Licensing GmbH & Co. KG, Case Action
> No. 1:07cv01118, Judge Kessler*
>
> *District of Columbia*
> *Matsushita Electric Industrial Co., Ltd., Victor Company of Japan, Ltd. v. Papst
> Licensing; Civil Action No. 07cv01222, Judge Kessler*

Three of the six cases are pending before other courts:

> *Northern District of Illinois*
> *Papst Licensing GmbH & Co. KG v. Fujifilm Corp., Fujifilm U.S.A. Inc., Case No.
> 07cv3401, Judge Holderman*
>
> *Central District of California, Western Division*
> *Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., Samsung Opto-Electronics
> American, Inc.; Civil Action No. 07cv4249, Judge Anderson Assigned*
>
> *District of Delaware*
> *Papst Licensing GmbH & Co., KG v. Olympus Corp., Olympus Imaging America Inc.,
> Civil Action No. 07cv0415, Vacant Judgeship*

Papst previously notified this Court of its July 9, 2007 motion before the MDL Panel to consolidate five of the six cases for pre-trial proceedings as permitted by 28 U.S.C. §1407(a)

[Docket No. 65]. After filing the July 9, 2007 motion before the MDL Panel, counsel for Papst learned of the Matsushita case that had been filed in this Court on July 6, 2007, and Papst will notify the MDL panel of that sixth action. At this time, Papst expects that its July 9, 2007 motion will be considered and decided by the MDL Panel when the Panel meets in September 2007.

The purpose of seeking consolidation for pre-trial proceedings is to minimize duplicative litigation and inconsistent rulings. *See e.g. In re Triax Co. Patent Litigation*, 385 F.Supp. 590, 591 (J.P.M.L. 1974). In furtherance of that purpose, Papst timely will be seeking a stay in each of the six cases pending the MDL Panel's decision on Papst's motion to consolidate. At a hearing in the Fujifilm action in the Northern District of Illinois on July 10, 2007, Judge Holderman effectively stayed all proceedings in that action until a status conference on October 2, 2007. He did so specifically because that October date is shortly after the expected time of a decision by the MDL Panel. (**Ex. 1**, transcript of 7/10/07 hearing).

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1362 (C.D.Calif. 1997) (citations omitted) (granting motion to stay pending decision by MDL Panel). The court in *Rivers* stated that the factors to be considered are "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* at 1360 (citation omitted).

In this case, there is no potential prejudice to Casio if this action is stayed for several months. First, Papst's patents are being infringed, not Casio's patents. Second, if this case is not

2

stayed, either or both parties may face the inequity of rulings by this Court that are inconsistent

with future rulings on similar issues by an MDL court. These issues potentially include

discovery, privilege, protective orders, and bifurcation. Third, the avoidance of duplicative

litigation saves both judicial and private resources. There are six discovery motions currently

pending, including Casio's refusal to produce relevant documents and to answer relevant

interrogatories or to timely seek a protective order. The following motions are pending before

Magistrate Judge Robinson:

1.   Casio's Motion for Sanctions under Fed.R.Civ.P. 37 [Docket # 47] (Briefing is
     complete);

2.   Casio's Motion to Strike Papst's Discovery Requests [Docket #48] (Briefing is
     complete);

3.   Papst's Motion for Entry of a Protective Order [Docket # 49] (Briefing will be
     complete on July 16, 2007);

4.   Papst's Motion to Compel the Production of Documents [Docket # 52] (Briefing
     will be complete on July 16, 2007);

5.   Casio's Motion to Bifurcate Damages and Willfulness Issues [Docket # 54]
     (Briefing will be complete on July 16, 2007); and

6.   Papst's Motion to Compel Interrogatory Answers [Docket # 63] (Briefing will be
     complete on July 30, 2007).

In addition to the above motions, Papst's Objections to and Motion for Reconsideration of the

Magistrate's May 31, 2007 Order [Docket #43] (Briefing is complete) also is pending before this

Court.

If the MDL Panel consolidates the different cases as is likely given the similar claims and

common issues, this Court may have needlessly expended time and energy familiarizing itself

with intricacies of this case, when this case may be assigned elsewhere for pretrial proceedings.

In addition, an MDL court would have to replicate the effort of familiarizing itself with the

details of this case. Furthermore, an MDL court might revisit and modify some of the very issues that this Court had decided (i.e., the pending discovery, privilege, protective order, and bifurcation issues), possibly rendering this Court's efforts for naught. *See Rivers*, 980 F.Supp. at 1360-61. As the court stated in *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37 (D.D.C. 1999) (granting stay pending resolution by MDL Panel of motion to consolidate), "a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred." *Id.* at 43.

## II. PAPST REQUESTS A STATUS CONFERENCE

Papst respectfully requests a status conference before Judge Kessler, preferably on July 23, 2007, when counsel for all of the parties already had arranged to come from out of town to appear before Magistrate Judge Robinson in connection with two of the above motions. Concurrent with filing this motion to stay, Papst is filing a parallel motion to reset the July 23 hearing on the two motions, so that all of the six pending discovery motions that are intertwined could be heard at the same time, in the event that this motion to stay all proceedings were denied. Therefore, a status conference is requested to resolve how to handle the likely transfer of this case to an MDL court, or otherwise how to proceed efficiently considering the three cases pending before this Court that have many issues in common .

**CONCLUSION**

For the foregoing reasons, Papst respectfully requests that the Court grant this motion to stay all proceedings pending a determination by the MDL Panel whether to consolidate this case with five other cases for pre-trial purposes, and Papst requests a status conference before Judge Kessler.

Date: July 13, 2007

Respectfully submitted,

Campbell Killefer (Bar No. 268433)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, IL 60606
(312) 655-1500

*Attorneys for Papst Licensing GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Papst's  Memorandum In Support Of Its Motion To Stay Proceedings Pending A Consolidation Determination By The MDL Panel And Request For A Status Conference** was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and by regular U.S. mail, postage prepaid, this 13th day of July 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Jeffrey M. Gold
Laura Krawczyk
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
Counsel for Casio Inc.

Campbell Killefer

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

Plaintiff,

v.

PAPST LICENSING GMBH & CO. KG,
Defendant.

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

PAPST LICENSING GMBH & CO. KG,
Counter-Plaintiff

v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

Counter-Defendants

## [PROPOSED] ORDER GRANTING PAPST MOTION FOR STAY

Upon consideration of the motion of Defendant and Counter-Plaintiff Papst Licensing

Gmbh & Co. Kg for a stay of all proceedings in this action pending a determination by the

Judicial Panel on Multidistrict Litigation ("MDL Panel") whether to consolidate this action with

several other cases for pre-trial purposes, it is hereby

**ORDERED** that all proceedings are stayed pending a determination by the MDL Panel

of Papst's motion for consolidation that is currently pending before the MDL Panel.

Dated:_____

_____
Gladys Kessler
United States District Judge

3

# EXHIBIT 1

PAPST'S MEMO IN SUPPORT OF
ITS MOTION TO STAY PROCEEDINGS
PENDING CONSOLIDATION
DETERMINATION BY MDL PANEL
AND REQUEST FOR STATUS CONFERENCE

1      IN THE UNITED STATES DISTRICT COURT
       NORTHERN DISTRICT OF ILLINOIS
2              EASTERN DIVISION

3

4   PABST LICENSING GmbH & Co.          )
    KG,                                 )
5                                       )    Docket No. 07 C 3401
                    Plaintiff,          )
6                                       )
                                        )
7           vs.                         )
                                        )    Chicago, Illinois
    FUJIFILM Corportion, and            )    July 10, 2007
8   FUJIFILM U.S.A., Inc.,              )    10:00 a.m.
                                        )
9               Defendants.             )

10

11          TRANSCRIPT OF PROCEEDINGS - Motion
       BEFORE THE HONORABLE JAMES F. HOLDERMAN

12

    APPEARANCES:
13

14  For the Plaintiff:     WELSH & KATZ, LTD.
                           BY:  MR. RICHARD W. McLAREN, JR.
15                              MR. JEROLD B. SCHNAYER
                                MR. JOHN ARON CARNAHAN
16                         120 South Riverside Plaza, 22nd Floor
                           Chicago, Illinois  60606
17

18  For the Defendants:    McDERMOTT, WILL & EMERY, LLP
                           BY:  MR. MATTHEW JOSEPH GRYZLO
19                         227 West Monroe Street, Suite 4400
                           Chicago, Illinois  60606
20

21

22

23  Court Reporter:        FRANCES WARD, CSR, RPR, FCRR
                           Official Court Reporter
24                         219 S. Dearborn Street, Suite 2118
                           Chicago, Illinois  60604
25                         (312) 435-5561
                           frances_ward@ilnd.uscourts.gov

1          THE CLERK:  07 C 3401, Papst v. Fujifilm.  Motion

2     to dismiss.

3          MR. McLAREN:  Your Honor, Richard McLaren, Jerold

4     Schmayer, and Aron Carnahan on behalf of Papst Licensing.

5          THE COURT:  Good morning.

6          MR. GRYZLO:  Good morning, your Honor.  Matthew

7     Gryzlo on behalf of defendants Fujifilm Corporation and

8     Fujifilm U.S.A.

9          THE COURT:  Good morning.

10          This is up on defendants' motion to dismiss or, in

11     the alternative, to transfer the action to the United States

12     District Court for the District of Columbia.

13          How much time is desired by plaintiff to respond?

14          MR. McLAREN:  Well, your Honor, we would ask that

15     you reset it for a status on October 2nd for exactly the

16     reason that you just discussed with the prior case.

17          Yesterday afternoon we filed a motion with the MDL

18     panel as a result of five pending cases, five around the

19     country -- L.A., Chicago, DC, et cetera -- all involving the

20     same patents, different defendants, including this one, your

21     Honor.  The MDL panel oral schedule is set for July, as you

22     just heard.  There is none in August.  And there will be one

23     in September.  It hasn't been scheduled yet.

24          THE COURT:  So you are hoping to make the September

25     date.

1    MR. McLAREN:  Yes.  We would expect we would.

2    Where the MDL panel has been presented with multiple patent

3    cases involving the same patent all over the country, they

4    have very routinely granted multidistrict treatment.

5        I should add, your Honor, that our office had one

6    of these a couple years ago, and the multidistrict panel sent

7    it to New Orleans because their docket was smaller.  There

8    was no case pending in New Orleans.  So I don't think anyone

9    can predict where it will go, in answer to your Honor's

10   question.

11       THE COURT:  Okay.

12       MR. McLAREN:  I have a copy for your Honor's

13   chambers, if you want it, of the MDL filing.

14       THE COURT:  If you do, if you could just -- you

15   need not file it in the record, but I would like to review

16   it.

17       MR. McLAREN:  We overnighted it last night to the

18   Clerk of Courts for the Northern District of Illinois as we

19   did with all the other districts.  So the Clerk of Court has

20   got it downstairs already, but we didn't try to get it to you

21   yesterday at 4:30.

22       THE COURT:  That's all right.

23       What's the other side's position?

24       MR. GRYZLO:  Well, your Honor, obviously it's

25   entirely up to you.  We would like to see this matter

4

1  resolved, but we know that something is going to happen with

2  the MDL panel.

3            THE COURT:  Why don't we do this then.  I am going

4  to take the motion to dismiss or, in the alternative, to

5  transfer the action to the District of Columbia under

6  advisement, and we will set the case for further status on

7  October 2.  Hopefully we will have a determination by the MDL

8  panel.

9            Where are they sitting in September?  Does anybody

10 know?

11           MR. McLAREN:  I don't know, your Honor.

12           THE COURT:  They always like to pick locations that

13 are --

14           MR. McLAREN:  Do you know?

15           MR. GRYZLO:  I have no idea.

16           THE COURT:  -- that are comfortable.

17           (Laughter.)

18           THE COURT:  All right.  Well, come in on October 2

19 even if we don't get a ruling or haven't gotten a ruling and

20 we can take things from there.  But at least you will be able

21 to apprise me, and I appreciate your keeping me attuned as to

22 what's going on.

23           MR. McLAREN:  We fullly expect it will be

24 consolidated.

25           If it isn't, your Honor, we are going to need

5

1    preliminary discovery into the jurisdictional issue, but you

2    don't need to do anything now.  We can do that in October.

3                   THE COURT:  Okay.

4                   MR. McLAREN:  Thank you, your Honor.

5                   MR. GRYZLO:  Thank you, your Honor.

6                   THE COURT:  Thank you.

7                        *    *    *    *    *

8    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

9

10   F _____  _July 10_____, 2007.
     Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASIO INC.

            Plaintiff,

      v.

PAPST LICENSING GMBH & CO. KG,
            Defendant.

_____

PAPST LICENSING GMBH & CO. KG,
            Counter-Plaintiff

      v.

CASIO INC. and
CASIO COMPUTER CO., LTD.

            Counter-Defendants

Civil Action No. 1:06 CV 01751

Judge: Gladys Kessler

Magistrate Judge: Deborah A Robinson

**[PROPOSED] ORDER GRANTING THE MOTION OF PAPST LICENSING GMBH & CO. KG TO CONTINUE MAGISTRATE JUDGE ROBINSON'S JULY 23, 2007 MOTION HEARING**

Upon consideration of the motion of Defendant and Counter-Plaintiff Papst Licensing GMBH & Co, KG to continue Magistrate Judge Robinson's July 23, 2007 motion hearing, it is hereby

**ORDERED** that Papst's Motion is **granted**. In particular, it is ordered that either (1) the motion hearing of the July 23, 2007 is continued until such time as Judge Kessler rules upon Papst's Motion to Stay or otherwise is given the opportunity to consider how to handle her three related actions; or

(2) the July 23, 2007 motion hearing is reset to _____ at _____ a.m./p.m. so

that all pending discovery motions can be heard at that time.

.

DATED: _____          _____
                                             Deborah Robinson
                                             United States Magistrate Judge