Jeffrey M. Gold, Esq. (pro hac vice)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001

J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

Scott D. Stimpson, Esq. (pro hac vice)
The Law Office of Scott D. Stimpson
445 Hamilton Avenue -- Suite 1102
White Plains, New York 10601
Tel: (203) 258-8412

Attorneys for Plaintiff and Counter-Defendant Casio
Inc. and Counter-Defendant Casio Computer Co., Ltd.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CASIO INC.,** <br>         **Plaintiff** <br>         v. <br> **PAPST LICENSING GMBH & CO. KG** <br>         **Defendant.** | Case No. 1:06-CV-01751 <br><br> **Judge: Gladys Kessler** <br> **Magistrate Judge: Deborah A. Robinson** |
| **PAPST LICENSING GMBH & CO. KG,** <br> **Counter-Plaintiff** <br>         v. <br> **CASIO INC. and CASIO COMPUTER CO., LTD.** <br> **Counter-Defendants** | **Next hearing date: July 23, 2007** <br>         **before Judge Robinson** |

**CASIO'S OPPOSITION TO PAPST'S MOTION TO**
**CONTINUE THE JULY 23, 2007 HEARING**

1-NY/2202644.2

This is the second time Papst has sought to change the date of this hearing. On July 5, Papst specifically requested a change in the hearing date to July 23. Casio's counsel had some scheduling issues but arranged other matters to accommodate Papst, and the Court rescheduled the hearing as Papst requested. Now Papst has changed its mind, and does not want to have a hearing on July 23.

Papst's requests for a stay and for this continuance could have, and should have, been made weeks ago when it started its campaign for MDL treatment. Indeed, Papst clearly knew of its MDL plan as early as June 28, by which time it had sued three different companies in three different courts.

There is no justification for postponing the hearing on these two sanctions motions. Papst is only trying to further delay proper responses to Casio's interrogatories, and avoid the consequences of its violations of Rule 26(g).

I.   **THE HEARING DATE SHOULD NOT BE POSTPONED**

Casio expects to oppose Papst's Motion to Stay. But even if this case is stayed, these sanctions motions should be heard on July 23. Papst points to nothing that could possibly happen before the MDL Panel, or before Judge Kessler, that could impact on these sanctions motions. This Court has an interest in promptly taking corrective action when parties fail to abide by express Court orders and otherwise abuse the litigation procedures.[1]

II.  **PAPST'S REQUEST TO HEAR SIX MOTIONS TOGETHER**

Casio submits that hearing only the two sanctions motions together on July 23 is the simplest and most efficient way to proceed. If the motion to strike is granted, that will eliminate

---

[1] Changing the schedule now will also be a problem for Casio in other respects. Casio's New York counsel, Scott Stimpson, scheduled around the Papst-requested July 23 date, including travel arrangements from Washington to California the morning after the hearing.

1

two of the other four pending motions (Papst's two motions to compel). And as stated in Casio's opposition to Papst's motion for a protective order, Casio cannot properly address that motion until Papst complies with the Court's Order for complete responses to Casio's interrogatories, which is also subject to the sanctions motions scheduled to be heard. Thus, addressing the two sanctions motions first will potentially eliminate two of the other four motions, and it will shed critical light on a third. Moreover, it would be unwieldy and confusing for the Court and the parties to try to handle six motions at the same hearing.

If the Court is interested in hearing all six motions together, however, Casio will have no objection, as long as they are all heard on July 23. The only motion that is not scheduled to be fully briefed by that day is Papst's motion to compel responses to interrogatories. Casio's opposition is not due until July 23, but Casio will file that opposition six days early, on July 17, so that the option of hearing all six motions on July 23 will be open to the Court. We assume Papst will file its reply by July 20, and thus all the motions will be ready for hearing by July 23.

## IV.   CONCLUSION

For the foregoing reasons, Casio respectfully requests that the July 23 hearing proceed as scheduled for only Casio's two pending sanctions motions. In the event the Court would like to hear six motions together, Casio requests they be heard on July 23.

Respectfully submitted,

DATED: July 16, 2007

/s/ J. Kevin Fee
J. Kevin Fee, Esq. (D.C. Bar No. 494016)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

        Jeffrey M. Gold, Esq. (pro hac vice)
        Morgan, Lewis & Bockius LLP
        101 Park Avenue
        New York, New York 10178-0060
        Tel: (212) 309-6000
        Fax: (212) 309-6001

        Scott D. Stimpson, Esq. (pro hac vice)
        The Law Office of Scott D. Stimpson
        Suite 1102
        445 Hamilton Avenue
        White Plains, New York 10601
        Tel: (203) 258-8412

        Attorneys for Plaintiff and Counter-Defendant
        Casio Inc. and Counter-Defendant Casio
        Computer Co., Ltd.