UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CASIO INC.<br><br>    Plaintiff,<br><br>v.<br><br>PAPST LICENSING GMBH & CO. KG,<br>    Defendant.<br>─────────────────────────────<br>PAPST LICENSING GMBH & CO. KG,<br>    Counter-Plaintiff<br><br>v.<br><br>CASIO INC. and<br>CASIO COMPUTER CO., LTD.<br><br>    Counter-Defendants | Civil Action No. 1:06 CV 01751<br><br>*Next Scheduled Court Deadline:*<br>*Plaintiff's Rule 26(a)(2) Statement due by*<br>*February 15, 2008*<br><br>Judge:  Gladys Kessler<br><br>Magistrate Judge: Deborah A. Robinson |

## PAPST LICENSING'S NOTICE OF RULING FROM THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

Robert F. Muse (Bar No. 166868)
Joshua A. Levy (Bar. No. 475108)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Ave., NW
Washington, D.C. 20036
(202) 737-7777

Jerold B. Schnayer
Joseph E. Cwik
WELSH & KATZ, LTD.
120 South Riverside Plaza • 22nd Floor
Chicago, Illinois 60606
(312) 655-1500
**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG**

On July 17, 2007, this Court granted a stay of this action because the Judicial Panel on Multidistrict Litigation had been requested to consolidate this patent action with several other patent action concerning the same two patents. This Court also requested that the parties notify it once a final decision was made by the Judicial Panel on Multidistrict Litigation. Accordingly, please be advised that, on November 6, 2007, Papst Licensing first received notice that its requested consolidation of the related actions has been granted, and that the related actions are to be transferred to U.S. District Court Judge Rosemary M. Collyer of the United States District Court for the District of Columbia for coordinated and consolidated pretrial proceedings. A copy of the Judicial Panel's Order is attached hereto as Exhibit A. In addition to this action, the transfer order also applies to at least one other action pending before U.S. District Court Judge Kessler, *Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG*, 07-cv-1118 (Judge Kessler), and appears to apply to another, *Matsushita Electrical Indust. Co., Ltd. v. Papst Licensing GmbH & Co., KG,* 07-cv-0122 (Judge Kessler).[1]

| | |
|---|---|
| Dated: November 8, 2007 | /s/ Joseph E. Cwik<br>Jerold B. Schnayer<br>Joseph E. Cwik<br>WELSH & KATZ, LTD.<br>120 South Riverside Plaza • 22nd Floor<br>Chicago, Illinois 60606<br>(312) 655-1500<br><br>Robert F. Muse (Bar No. 166868)<br>Joshua A. Levy (Bar. No. 475108)<br>STEIN, MITCHELL & MEZINES LLP<br>1100 Connecticut Ave., NW<br>Washington, D.C. 20036<br>(202) 737-7777<br>**Attorneys for Defendant/Counter-Plaintiff Papst Licensing GmbH & Co. KG** |

---

[1] Although the Court Order states that only five actions are to be transferred, it appears that the Court inadvertently did not include the sixth action pending that was also requested to be transferred, *Matsushita v. Electrical Indust. Co., Ltd. v. Papst Licensing GmbH & Co. KG*, 07-cv-0122. Papst Licensing notes that the Court did recognize that Matsushita Electric Industrial Co., Ltd. was a respondent to the requested transfer. Accordingly, it would appear that the transfer order applies to the *Matsushita* case as well.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served upon the following counsel for Plaintiff and Counterclaim Defendant Casio Inc. and Counterclaim Defendant Casio Computer Co., Ltd. through the Court's ECF electronic service and U.S. First Class mail, postage prepaid, this 8th day of November, 2007:

J. Kevin Fee
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Laura Krawczyk
MORGAN LEWIS & BROCKIUS LLP
101 Park Avenue
New York, New York 10178

Scott D. Stimpson
The Law Office of Scott Stimpson
Suite 1102
445 Hamilton Avenue
White Plains, NY 10601
**Counsel for Casio Inc. and Casio Computer Co., Ltd.**

                                        /s/ Joseph E. Cwik
                                        Joseph E. Cwik

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

10:43 am, Nov 05, 2007

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION

MDL No. 1880

TRANSFER ORDER

    **Before the entire Panel:** Common party Papst Licensing GmbH & Co. KG (Papst) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. This litigation currently consists of five actions listed on Schedule A, two actions in the District of District of Columbia and an action each in the District of Delaware, the Northern District of Illinois, and District of New Jersey.[1] No responding party[2] opposes centralization; however, all responding parties suggest centralization in the District of District of Columbia.

    On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual allegations regarding digital cameras made by certain manufacturers, which Papst claims infringe two of its patents; the validity and enforceability of these patents is at issue in all five actions. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

    We conclude that the District of District of Columbia is an appropriate transferee forum in this docket. The first-filed action (*Casio*) has been pending in the District of District of Columbia for about a year, and discovery has progressed further in *Casio* than in any other action. In addition, a transferee forum on the east coast such as the District of District of Columbia provides a geographically convenient forum, inasmuch as several of the alleged infringers operate their businesses from this region.

---

[1] This action was originally filed in the Central District of California but was transferred, pursuant to 28 U.S.C. § 1404, to the District of New Jersey after the Panel's hearing of this matter.

[2] Casio, Inc.; Casio Computer Co., Ltd.; Fujifilm Corp.; Fujifilm USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Olympus Corp.; Olympus Imaging America, Inc.; Samsung Opto-Electronics America, Inc.; Samsung Techwin Co.; and Victor Co. of Japan, Ltd.



EXHIBIT A

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Rosemary M. Collyer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.    Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION                            MDL No. 1880

## SCHEDULE A

### District of District of Columbia

Casio, Inc. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:06-1751
Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:07-1118

### District of Delaware

Papst Licensing GmbH & Co. KG v. Olympus Corp., et al., C.A. No. 1:07-415

### Northern District of Illinois

Papst Licensing GmbH & Co. KG v. Fujifilm Corp., et al., C.A. No. 1:07-3401

### District of New Jersey

Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., et al., C.A. No. 2:07-4940