CLERK'S OFFICE COPY

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 877

IN RE PAPST LICENSING GMBH & CO. KG,

Petitioner.

On Writ of Mandamus from the United States District Court for the District of Columbia in case no. 06-CV-01751, Judge Rosemary M. Collyer.

ON PETITION FOR WRIT OF MANDAMUS

Before BRYSON, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

BRYSON, Circuit Judge.

ORDER

Papst Licensing GmbH & Co. KG petitions for a writ of mandamus directing the United States District Court for the District of Columbia to (1) vacate the portion of its June 9, 2008 order requiring Papst to produce all materials, whether or not privileged, subject to Casio America's discovery requests and in existence on or before May 6, 2008, and (2) limit Papst's production of privileged materials to those in existence on or before May 31, 2007 and further limit Papst's production to documents relating to Casio's products. Casio opposes.

This petition for a writ of mandamus stems from a declaratory judgment action brought by Casio against Papst in October 2006. Casio sought a declaration of noninfringement and invalidity of two of Papst's patents relating to digital cameras. In

January 2007, Papst counterclaimed, alleging patent infringement by Casio and Casio Computer Company, Ltd. Papst attempted to serve Casio Computer Company, a Japanese corporation, through the Hague Convention.

On March 2, 2007, pursuant to a district court order, Casio and Papst participated in a conference by phone. Casio Computer Company did not participate. After the conference, Casio served Papst with discovery requests but Papst refused to answer. Papst informed Casio of its belief that any discovery request would be premature until Casio Computer Company had been served and could participate in a proper initial status conference within the meaning of Federal Rule of Civil Procedure 26(f).

On March 6, 2007, Papst moved the district court to continue the initial status conference for two months to allow Casio Computer Company to be served. On March 13, 2007, the court granted Papst's motion but ruled that "discovery between Plaintiff and Defendant is to proceed." Understanding the court's order to begin the time for discovery, Casio again served Papst with discovery requests. Papst refused to answer those requests, informing Casio that it believed that any discovery request would remain premature until an initial status conference was arranged between Papst, Casio and Casio Computer Company.

Casio moved the district court to compel Papst to answer its discovery requests and also moved for sanctions. The district court referred the motion to a magistrate judge. On May 31, 2007, the magistrate judge granted Casio's motions and ordered Papst to completely respond to Casio's requests "without objections, which have been waived by the failure to respond in a timely fashion." Papst objected. The district court

affirmed the magistrate judge's order on May 6, 2008, determining that the waiver of the attorney client and work product privileges was appropriate because Papst's delay was "entirely unjustified and inexcusable and smacks of bad faith."

Papst moved for clarification, requesting that the district court limit the scope of the waiver of privilege to materials in existence as of May 31, 2007, the date of the magistrate judge's initial sanctions order. Papst also requested that privileged materials produced be received only by Casio and not any other party and that the production be limited to materials involving Casio's products. On June 9, 2008, the court ruled on Papst's motion for clarification, granting Papst's request to limit disclosure of privileged materials only to Casio but refusing to limit the scope of waiver to materials in existence as of May 31, 2007 and refusing to limit the scope of production to materials involving Casio's products. The court held that Papst had to produce all materials without objection in existence as of May 6, 2008, the date the court affirmed the magistrate judge's order. Papst was ordered to produce the materials no later than July 9, 2008. Papst filed this petition for a writ of mandamus and we temporarily stayed the district court's order directing production. We now address Papst's petition.

Papst's petition seeks to limit the scope of the district court's orders directing production and imposing sanctions in two respects. Papst argues that production of materials should relate only to Casio's products and that the waiver of privilege should only apply to materials in existence as of May 31, 2007, the date of the magistrate judge's order.

The remedy of mandamus is available only in extraordinary situations to correct a clear legal error or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464

(Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, <u>Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa</u>, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980). In appropriate cases, a writ of mandamus may issue "to prevent the wrongful exposure of privileged communications." <u>In re Regents of the Univ. of Cal.</u>, 101 F.3d 1386, 1387 (Fed. Cir. 1996).

Papst has not shown clear error in the district court's denial of its request to limit production of materials to those that relate to Casio's products. Further, Papst has not shown that the district court clearly abused its discretion by refusing to limit the scope of waiver to materials in existence as of May 31, 2007. Papst does not dispute that it was subject to sanctions due to its conduct and does not dispute that waiver of privilege may be one of the sanctions imposed by a district court. In light of Papst's failure to cite any relevant cases supporting its argument that any sanction for its misconduct should be limited to documents generated prior to the magistrate judge's ruling, rather than the district court's ruling on the objections that Papst submitted, we determine that Papst has not met its high burden of establishing a clear abuse of discretion in this regard.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

AUG 0 5 2008
_____
Date

*[signature]*
_____
William C. Bryson
Circuit Judge

cc:   A. Sidney Katz, Esq.
      Scott D. Stimpson, Esq.
      United States District Court, D.C.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 0 5 2008

JAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: *[signature]* Date: 8/5/08

Misc. 877